A CERTIFIED TRUE COPY

ATTEST

By Darion Payne on Apr 09, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

CLERK, U.S. DISTRICT COURT

FILED

APR 12, 2010

CENTRAL DISTRICT OF CALIFORNIA
BY: ___RRP___ DEPUTY

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Apr 09, 2010**

FILED
CLERK'S OFFICE

**IN RE: TOYOTA MOTOR CORP. UNINTENDED**
**ACCELERATION MARKETING, SALES PRACTICES,**
**AND PRODUCTS LIABILITY LITIGATION**          MDL No. 2151

8:10-ML-02151 JVS (FMOx)

**TRANSFER ORDER**

      **Before the entire Panel**[*]: Before the Panel are two motions that collectively encompass eleven actions: five actions in the Central District of California, three actions in the Eastern District of Louisiana, and one action each in the Middle District of Florida, the Southern District of Florida, and the Southern District of West Virginia, as listed on Schedule A.[1] Though these cases have attracted an unusual amount of publicity to the Panel's work, in all relevant aspects, the issues here are neither dramatically different nor more complex than those we regularly resolve.

      Plaintiff in the Central District of California *Lane* action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Similarly, plaintiffs in the Eastern District of Louisiana *Weimer* action have moved, pursuant to Section 1407, for coordinated or consolidated pretrial proceedings of the actions in the Eastern District of Louisiana.

      Responding defendants, including parent company Toyota Motor Corp. and several of its subsidiaries (Toyota), and plaintiffs in four Central District of California actions and eight potentially related actions pending in various districts support the motion for centralization in the Central District of California. Plaintiffs in five potentially related actions support the motion for centralization in the Eastern District of Louisiana in the first instance or in the alternative. Other responding plaintiffs in three constituent actions and more than 30 potentially related actions support centralization, but suggest centralization in various districts, including the Middle District of Florida, the Northern District of Florida, the Southern District of Florida, the Eastern District of Kentucky, the Western District of Kentucky, the District of Minnesota, the Southern District of Mississippi, the District of New Jersey, the Eastern District of New York, the Southern District of New York, the Southern District of Ohio, the Eastern District of Pennsylvania, the District of South Carolina, the Southern District of West Virginia, or the District of Wyoming. Some of these plaintiffs support centralization in any district or note that the most appropriate transferee district is not yet readily apparent, with new actions filed daily. Plaintiffs in the Central District of California *Beard* action

---

[*]    Judge Miller and Judge Trager did not participate in the disposition of this matter.

[1]    The parties have notified the Panel of more than 100 potentially related actions pending in multiple federal districts. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

request that the Panel change the caption of this litigation to encompass claims in addition to those for products liability.  Plaintiffs in several potentially related personal injury and wrongful death actions seek inclusion of such actions in centralized proceedings together with the economic actions already before the Panel.

The oral arguments were quite helpful to the Panel and seemed to focus on several important issues.  Some attorneys questioned whether one judge or a particular judge would have the necessary time and resources to handle such a complex, multi-faceted MDL.  Others argued that the individual personal injury cases might become sidetracked by larger, more complex class action economic loss cases.  These are absolutely legitimate concerns.  The Panel's decision addresses these concerns and expresses our confidence that the federal judiciary is well equipped to handle this litigation under Section 1407.

Each of the actions currently before the Panel asserts economic damages on behalf of certain classes and/or individuals stemming from an alleged defect in certain Toyota vehicles that causes sudden, unintended acceleration.[2]  The cases involve common questions of fact.  No doubt, centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.  Consequently, centralization will create convenience for the parties and witnesses and will promote the more just and efficient conduct of this litigation.

The Panel has given considerable thought to the suitability of centralizing the personal injury and wrongful death cases with the economic damage cases that are currently before the Panel.[3]  Without prejudging the merits of any later-filed motion to vacate a conditional transfer order in this docket, and based upon the hearing record made, we are initially persuaded that the centralized proceedings should eventually include the related personal injury and wrongful death actions.  The liability discovery in all the cases will certainly overlap.  By their very nature, the personal injury and wrongful death claims will require considerable individual discovery in addition to the common discovery in each case.  We are confident that the transferee judge can design the kind of distinct discovery tracks often employed to address these concerns.  In our experience, these are recurring

---

[2]  Plaintiffs in one of the actions before the Panel, who have not themselves alleged personal injury, have indicated that they may assert an alternative subclass of personal injury plaintiffs.  However, this action as now pleaded appears to be one for only economic damages.

[3]  Although the Section 1407 motions before the Panel do not include any personal injury or wrongful death actions, such claims are asserted in a number of the potential tag-along actions.  Any objections to their inclusion in centralized proceedings would come before the Panel should any involved party oppose their conditional transfer.  See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. at 435-36.  Regardless, during the Panel's hearing session, many counsel did address the Panel's concern about whether such actions should be included in this MDL.  Some parties, including Toyota, agreed that their inclusion would be appropriate.  However, because not all parties to these actions are before the Panel, any decision on specific cases must wait for a later time.  The disposition could always turn on the individual characteristics of the case.

-3-

issues that transferee judges regularly and successfully coordinate.

The parties have suggested a number of very acceptable transferee districts and judges. However, for the following reasons, we have settled upon the Central District of California as the most appropriate choice. Toyota maintains its United States corporate headquarters within this district, and relevant documents and witnesses are likely located there. Far more actions are pending there than in any other district. Among the cases pending there are potential tag-along cases that assert personal injury or wrongful death claims.[4] After consulting with Chief Judge Audrey B. Collins, we have selected Judge James V. Selna as the transferee judge. He is a well regarded and skilled jurist. Moreover, Judge Selna's 28 years of private law practice at the very highest levels and in some of the most complex cases leaves him well prepared for a case of this magnitude.

Some counsel did express concern about the docket conditions in this district. The ability and willingness of even the most experienced judges to devote the necessary time to a complex MDL is always a factor in our assignments. In this particular instance, our consultations with Judge Selna and Chief Judge Collins convince us that Judge Selna is positioned to devote all the time necessary to manage and decide the important issues these cases raise.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable James V. Selna for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that this litigation is renamed "In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation."

---

[4] Potential tag-along cases filed in the transferee district require no action by the Panel. Instead, requests for assignment of these cases to the transferee judge should comply with that district's local court rules. *See* Rule 7.5(a), R.P.J.P.M.L., *id.* at 436.

-4-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr.* | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager* |

**IN RE: TOYOTA MOTOR CORP. UNINTENDED
ACCELERATION MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION**                MDL No. 2151

### SCHEDULE A

#### Central District of California

Seong Bae Choi, et al. v. Toyota Motor Corp., et al., C.A. No. 2:09-8143
Eric Kmetz, et al. v. Toyota Motor Sales U.S.A., Inc., et al., C.A. No. 2:09-8478
Heather A. Lane v. Toyota Motor Sales U.S.A., Inc., C.A. No. 2:09-9158
Dale Baldisseri v. Toyota Motor Sales U.S.A., Inc., et al., C.A. No. 2:09-9386
Joseph Hauter, et al. v. Toyota Motor Sales U.S.A., Inc., et al., C.A. No. 8:10-105

#### Middle District of Florida

Michelle Lynch v. Toyota Motor Corp., et al., C.A. No. 8:10-326

#### Southern District of Florida

Jonathan Gellman v. Toyota Motor Sales U.S.A., Inc., C.A. No. 1:10-20006

#### Eastern District of Louisiana

Daniel Weimer, Jr., et al. v. Toyota Motor North America, Inc., et al., C.A. No. 2:10-219
Amanda R. Maillho v. Toyota Motor North America, Inc., et al., C.A. No. 2:10-279
Gary T. Brock v. Toyota Motor North America, Inc., et al., C.A. No. 2:10-281

#### Southern District of West Virginia

Michael Graves, et al. v. Toyota Motor Manufacturing, West Virginia, Inc., et al.,
     C.A. No. 2:09-1247

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

April 9, 2010

Honorable James V. Selna
U.S. District Judge
10030 Ronald Reagan Federal Building
 & U.S. Courthouse
411 West Fourth Street
Santa Ana, CA 92701

Re: MDL No. 2151 -- IN RE: Toyota Motor Corp.Unintended Acceleration Marketing, Sales Practices, and
        Products Liability Litigation

Dear Judge Selna:

Attached are: (i) a letter directed to the Clerk of your district advising that the above-referenced litigation has been transferred to you under 28 U.S.C. § 1407 and (ii) a copy of the related transfer order.

As you may know, this office maintains all multidistrict litigation statistics and submits them to the Administrative Office for inclusion in the <u>Annual Report of the Director</u>. Consequently, once yearly we will verify the actual number and status of the actions assigned to you, including actions added to the docket either by transfer of tag-along actions or additional related actions originally filed in your district. You will receive a copy of our annual inquiry to your Clerk.

You may use our Citrix remote access server to access our database for information regarding assigned multidistrict litigation. Our database contains transferor and transferee information for your multidistrict litigation. It identifies counsel who made appearances in the transferor districts, counsel who filed appearances before the Panel and counsel assigned by you as liaison counsel. It tracks each individual action from the date of transfer to termination either by dismissal, remand to transferor district, remand to state court, etc. You may access the server on a Windows based personal computer with DCN access. To use the server, please feel free to contact our Systems Administrator, Al Ghiorzi, to establish a password and receive instructional information.

Your attention is directed to Rule 7.6 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 436-38 (2001), dealing with termination and remand of actions transferred by the Panel. Specifically, the rule states, in part, the following:

- 2 -

(a) Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court....

(b) Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial....

(c) The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on...suggestion of the transferee district court....

We will promptly act upon any written notices from you that remand of actions or separable claims transferred under Section 1407 is appropriate.

If you appoint liaison counsel, in your pretrial order outlining liaison counsel's responsibilities, please consider reinforcing Panel Rule 5.2(e), which provides:

If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule [Panel Rule 5.2, Service of Papers Filed Before the Panel] shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

Thanks for your help. Feel free to contact this office if we may be of assistance to you.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel


By Darion Payne
Darion Payne
Deputy Clerk


Attachments (Separate Documents)

cc:   Clerk, United States District Court
      for the Central District of California

JPML Form 23

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C.  20002

Telephone:  [202] 502-2800
Fax:             [202] 502-2888
http://www.jpml.uscourts.gov

April 9, 2010

Terry Nafisi, Clerk
Ronald Reagan Federal Bldg. & U.S. Courthouse
411 West Fourth Street
Santa Ana, CA 92701-4516

Re: MDL No. 2151 -- IN RE: Toyota Motor Corp.Unintended Acceleration Marketing, Sales Practices, and
    Products Liability Litigation

Dear Ms. Nafisi:

Attached as a separate document is a certified copy of a transfer order that the Judicial Panel on Multidistrict Litigation issued today in the above-captioned matter.  The order is directed to you for filing. Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), states "A transfer or remand pursuant to 28 U.S. C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk  of the district court of the transferee district."

Today we are also serving an information copy of the order on the transferor court(s).  The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

Rule 1.6(a), pertaining to transfer of files, states "the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action." **With the advent of electronic filing, many transferee courts have found that it is not necessary to request the original file.  Some transferee courts will send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER.  Others may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court).  You should be specific as to the files you would like to receive from the transferor courts and if no files will be necessary, you should make that clear.  Therefore, Rule 1.6(a) will be satisfied once a transferor court has complied with your request.**

You may find Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts helpful in managing the MDL docket.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. Therefore, we would appreciate your cooperation in keeping the Panel advised of the progress of this litigation. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge suggesting to the Panel that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

Attached to this letter, for your information, is a copy of the Panel Service List and a listing of the transferor court clerks with respect to this order.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Darion Payne
Deputy Clerk

Attachments (Transfer Order is a Separate Document)

cc:     Transferee Judge: Judge James V. Selna
        Chief Judge Transferee District: Judge Audrey B. Collins

JPML Form 33

**Judicial Panel on Multidistrict Litigation - Panel Service List**
**for**
**MDL 2151 - IN RE: Toyota Motor Corp. Unintended Acceleration Products Liability**

**\*\*\* Report Key and Title Page \*\*\***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
   \* Signifies that an appearance was made on behalf of the party by the representing attorney.
   # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
   All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
   Docket: 2151 - Toyota Motor Corp. Unintended Acceleration PL
   For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Service List**

Page 1

Docket: 2151 - IN RE: Toyota Motor Corp. Unintended Acceleration Products Liability Litigation

Status: Transferred on 04/09/2010

Transferee District: CAC    Judge: Selna, James V.

Printed on 04/09/2010

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Alonso, Andres F.<br>PARKER WAICHMAN ALONSO LLP<br>111 Great Neck Road<br>1st Floor<br>Great Neck, NY 11021-5402 | =>Phone: (516) 466-6500  Fax: (516) 466-6665  Email: aalonso@yourlawyer.com<br>Rivas-Vigil, Humberto* |
| Babcock, Keith M.<br>LEWIS & BABCOCK LLP<br>P.O. Box 11208<br>Columbia, SC 29211 | =>Phone: (803) 771-8000  Fax: (803) 733-3534  Email: kmb@lewisbabcock.com<br>Wooten, Linda Alford* |
| Bailey, Benjamin L.<br>BAILEY & GLASSER<br>209 Capitol Street<br>Charleston, WV 25301 | =>Phone: (304) 345-6555  Fax: (304) 342-1110  Email: bbailey@baileyglasser.com<br>Graves, Michael*; Graves, Michael C.*; Mullins, Jeff* |
| Barnow, Ben<br>BARNOW & ASSOCIATES PC<br>One North LaSalle Street<br>Suite 4600<br>Chicago, IL 60602 | =>Phone: (312) 621-2000  Fax: (312) 641-5504  Email: b.barnow@barnowlaw.com<br>Lane, Heather A. |
| Basser, Stephen R.<br>BARRACK RODOS & BACINE<br>One American Plaza<br>600 West Broadway<br>Suite 900<br>San Diego, CA 92101 | =>Phone: (619) 230-0800  Fax: (619) 230-1874  Email: sbasser@barrack.com<br>Lieberman, Max L.*; Lieberman, Phyllis C.* |
| Baumkel, Mark S.<br>30200 Telegraph Road<br>Suite 200<br>Bingham Farms, MI 48025 | =>Phone: (248) 642-0444  Fax: (248) 642-6661  Email: baumkelm@aol.com<br>Baumkel, Deborah* |
| Becnel, Jr, Daniel E.<br>BECNEL LAW FIRM LLC<br>P.O. Drawer H<br>Reserve, LA 70084 | =>Phone: (985) 536-1186  Fax: (985) 536-6445  Email: dbecnel@becnellaw.com<br>Brock, Gary T.*; Cavalier, Ann*; Maillho, Amanda R.*; Talbot, Rhonda*; Weimer, Jr., Daniel*;<br>Wenck, Colby* |
| Breit, Mitchell M.<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES<br><br>112 Madison Avenue<br>7th Floor<br>New York, NY 10016-7416 | =>Phone: (212) 784-6400  Fax: (212) 213-5949  Email: mbreit@hanlyconroy.com<br>Choi, Seong Bae*; Choi, Un Jin*; Park, Chris Chan*; Parker, Mary Ann*; Pritchett, Donald*;<br>Reech, Sandra* |
| Cabraser, Elizabeth J.<br>LIEFF CABRASER HEIMANN & BERNSTEIN LLP<br>275 Battery Street | =>Phone: (415) 956-1000  Fax: (415) 956-1008  Email: ecabraser@lchb.com<br>Donoghue (Ind./Behalf-Est.John), Jacquelyn*; Myers (Ind./Behalf-Est.-Steffan David), Teresa B.*;<br>Myers, William C.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 29th Floor<br>San Francisco, CA 94111-3339 | |
| Cecchi, James E.<br>CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO<br><br>5 Becker Farm Road<br>Roseland, NJ 07068 | =>Phone: (973) 994-1700  Fax: (973) 994-1744  Email: jcecchi@carellabyrne.com<br>Colaberdino, Maureen* |
| Chesley, Stanley M.<br>WAITE SCHNEIDER BAYLESS & CHESLEY CO LPA<br>1513 Fourth & Vine Tower<br>One West Fourth Street<br>Cincinnati, OH 45202 | =>Phone: (513) 621-0267  Fax: (513) 621-0262  Email: stanchesley@wsbclaw.com<br>Boyd, Holly*; Briggs, Kyle*; Gibbens, Charles*; Gibbens, Karen*; Ignatenkov, Shalini*;<br>Kamphaus, Connie*; Kamphaus, Thomas*; Shonfield, Brenda*; Shonfield, Lee*; Thomas, Erica*;<br>Trahan, Lori S.*; Trahan, Thomas A.*; Turner, Paul*; Vivianao, Jo Anna*; Viviano, Al*; Weller,<br>Allan L.* |
| Dawson, Cari K.<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309 | =>Phone: (404) 881-7766  Fax: (404) 253-8567  Email: cari.dawson@alston.com<br>Toyota Motor Corp.*; Toyota Motor Engineering & Manufacturing North America, Inc.*; Toyota<br>Motor Engineering & Manufacturing North America, Inc. fka Toyota Technical Center, U.S.<br>A.,Inc.*; Toyota Motor Manufacturing Kentucky, Inc.*; Toyota Motor Manufacturing Texas, Inc.*;<br>Toyota Motor Manufacturing, California, Inc.*; Toyota Motor Manufacturing, West Virginia, Inc.*;<br>Toyota Motor North America, Inc.*; Toyota Motor Sales U.S.A., Inc.*; Toytota Motor North<br>America, Inc.* |
| Harke, Lance A.<br>HARKE & CLASBY LLP<br>155 South Miami Avenue<br>Suite 600<br>Miami, FL 33130 | =>Phone: (305) 536-8220  Fax: (305) 536-8229  Email: lharke@harkeclasby.com<br>Gellman, Jonathan* |
| Lester, Jr, Charles T.<br>ERIC C DETERS & ASSOCIATES PSC<br>5247 Madison Pike<br>Independence, KY 41051 | =>Phone: (859) 363-1900  Fax: (859) 363-1444  Email: clester@ericdeters.com<br>Boles, Angela*; Chambers, Laurie*; Davidson, Lucero*; Davidson, Mark*; Eggerding, Krystal*;<br>Poynter, Debra*; Poynter, Ron*; Preedom, Fran*; Preedom, Tina*; Roth, Amy Smith* |
| London, Michael A.<br>DOUGLAS & LONDON<br>111 John Street<br>Suite 1400<br>New York, NY 10038 | =>Phone: (212) 566-7500  Fax: (212) 566-7501  Email: mlondon@douglasandlondon.com<br>Gonzalez, Margaret*; Phaneuf, Peter* |
| McLean, Anna S.<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>Four Embarcadero Center<br>17th Floor<br>San Francisco, CA 94111-4109 | =>Phone: (415) 774-3154  Fax: (415) 403-6223  Email: amclean@sheppardmullin.com<br>Toyota Lease Trust*; Toyota Motor Credit Corp.* |
| Meyer, J. Andrew<br>MORGAN & MORGAN PA<br>One Tampa City Center<br>201 North Franklin Street<br>7th Floor<br>Tampa, FL 33602 | =>Phone: (813) 223-5505  Fax: (813) 223-5402  Email: ameyer@forthepeople.com<br>Lynch, Michelle* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Murray, John T.<br>MURRAY & MURRAY CO LPA<br>111 East Shoreline Drive<br>Sandusky, OH 44870 | =>**Phone: (419) 624-3125  Fax: (419) 624-0707  Email: jotm@murrayandmurray.com**<br>Lee, Daniel D.* |
| Parekh, Behram V.<br>KIRTLAND & PACKARD LLP<br>2361 Rosecrans Avenue<br>4th Floor<br>El Segundo, CA 90245 | =>**Phone: (310) 536-1000  Fax: (310) 536-1001  Email: bvp@kirtlandpackard.com**<br>Hauter, Joseph*; Kmetz, Eric*; Morris, Joe*; Palomares, Frank* |
| Savett, Sherrie R.<br>BERGER & MONTAGUE PC<br>1622 Locust Street<br>Philadelphia, PA 19103 | =>**Phone: (215) 875-3071  Fax: (215) 875-4604  Email: ssavett@bm.net**<br>Schwartz, Roz* |
| Seltzer, Marc M.<br>SUSMAN GODFREY LLP<br>1901 Avenue of the Stars<br>Suite 950<br>Los Angeles, CA 90067-6029 | =>**Phone: (310) 789-3100  Fax: (310) 789-3150  Email: mseltzer@susmangodfrey.com**<br>Boyask, Kathy* |
| Snyder, Eric B.<br>BAILEY & GLASSER LLP<br>209 Capitol Street<br>Charleston, WV 25301 | =>**Phone: (304) 345-6555  Fax: (304) 342-1110  Email: esnyder@baileyglasser.com**<br>Byrnes, Elaine*; Farrugia, Alex*; Fogarty, Kevin P.*; Jackson, Barbara* |
| Spiro, Ira<br>SPIRO MOSS LLP<br>11377 West Olympic Boulevard<br>5th Floor<br>Los Angeles, CA 90064 | =>**Phone: (310) 235-2468  Fax: (310) 235-2456  Email: ira@spiromoss.com**<br>Baldiseeri, Dale* |
| Strange, Brian R.<br>STRANGE & CARPENTER<br>12100 Wilshire Boulevard<br>Suite 1900<br>Los Angeles, CA 90025 | =>**Phone: (310) 207-5055  Fax: (310) 826-3210  Email: lacounsel@earthlink.net**<br>Madden, Kerri* |
| Taschner, Dana B.<br>LANIER LAW FIRM<br>2029 Century Park, East<br>Suite 1450<br>Los Angeles, CA 90067 | =>**Phone: (310) 277-5100  Email: dbt@lanierlawfirm.com**<br>Beard, T. Leigh*; Nguyen, Catherine*; Salvador, Malina* |
| Trammell, Fletcher V.<br>BAILEY PERRIN BAILEY<br>440 Louisiana Street<br>Suite 2100<br>Houston, TX 77002 | =>**Phone: (713) 425-5277  Fax: (713) 425-7101  Email: ftrammell@bpblaw.com**<br>Roberts, Dale* |

Note: Please refer to the report title page for complete report scope and key.

| **ATTORNEY - FIRM** | **REPRESENTED PARTY(S)** |
|---|---|
| Wexler, Kenneth A.<br>WEXLER WALLACE LLP<br>55 West Monroe Street<br>Suite 3300<br>Chicago, IL 60603 | =>**Phone: (312) 346-2222  Fax: (312) 346-0022  Email: kaw@wexlerwallace.com**<br>Wisner, Peter* |

**IN RE: TOYOTA MOTOR CORP. UNINTENDED
ACCELERATION MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION**                    MDL No. 2151

## INVOLVED CLERKS LIST

Loretta G. Whyte, Clerk
U.S. District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130
**LAEDdb_LAEDMDL/LAED/05/USCOURTS**

Sheryl L. Loesch, Clerk
218 Sam M. Gibbons U.S.
Courthouse
801 North Florida Avenue
Tampa, FL 33602-3800
**Flmd-MDL Litigition/FLMD/11/USCOURTS**

Steven Larimore, Clerk
Federal Courthouse Square
301 North Miami Avenue
Miami, FL 33128-7788
**CMECF CaseTransfers FLSD/FLSD/11/USCOURTS**

Teresa Deppner, Clerk
Post Office Box 2546
Charleston, WV 25329-2546
**WVSDml_MDLClerk**