## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   **8:10ML2151 JVS (FMOx)**                    Date    April 22, 2010
              8:10CV00458-JVS (FMOx)
              2:10CV01927-JVS (FMOx)
              2:10CV02528-JVS (FMOx)
              2:10CV02600-JVS (FMOx)

Title     **IN RE: TOYOTA MOTOR CORP. UNINTENDED
          ACCELERATION MARKETING, SALES PRACTICES,
          AND PRODUCTS LIABILITY LITIGATION**

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers)**

       The above referenced individual cases were transferred to this Court as related to
8: 10ML2151 JVS (FMOx), In Re Toyota Motor Corp. Unintended Acceleration
Marketing, Sales Practices and Product Liability Litigation.     Attached hereto are copies
of the April 14, 2010 Order No. 1: Initial Conference and April 19, 2010 Order re
Clarifying the Scope of Applications for Lead and Liaison Counsel with a revised
Exhibit A that was issued in this MDL action.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | kjt | |

1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>ALL CASES (See Exhibit A) | CASE NO: **8: 10ML2151 JVS(FMOx)**<br><br>ORDER NO. 1:  INITIAL CONFERENCE<br><br>Date:    May 14, 2010<br><br>Time:    9:00 a.m.<br><br>Place:   411 W. Fourth Street,<br>            Santa Ana, CA 92701<br>            Court Room 10C |

        By order of the Judicial Panel on Multidistrict Litigation (J.P.M.L.), the actions listed in Exhibit A were transferred and assigned to this Court for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. Additional tag-along actions may be transferred.

        Because these cases merit special attention as complex litigation, the Court ORDERS:

April 14, 2010                                        1

1    1. *Conference.*  Counsel for all parties shall appear for a conference on
2    May 13, 2010 at 9:00 a.m. in Courtroom 10C of the Ronald Reagan Federal
3    Building and U.S. Courthouse at 411 W. Fourth Street, Santa Ana, CA, 92701.
4    The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a),
5    16(b), 16(c), 16(f), and 26(f).  Counsel are requested to check in with the
6    Courtroom Deputy at least 15 minutes in advance.

7
8    2. *Preliminary Thoughts.*  The Court provides the following preliminary
9    thoughts in order to assist counsel in focusing on the immediate issues presented
10   by these cases.  These thoughts are of course subject to revision upon
11   submission of the views of the parties and counsel, which the Court invites.

12
13   2.1. *Structure.*  Because this docket involves both personal injury actions
14   and actions for economic loss, the Court believes a somewhat unique structure is
15   required.

16        • The Court envisions appointment of  a liaison counsel or liaison
17   counsel committee to manage the core discovery requirements for the personal
18   injury actions.  By core discovery, the Court means discovery of the
19   development, marketing, sales, manufacture, and administration of the Toyota
20   products and product programs at issue in this case.  Because each personal
21   injury action will undoubtedly entail discovery unique to that action, the Court
22   believes that each plaintiff's counsel will have a role in addressing those needs.
23   To the extent possible, individual case needs will be combined and coordinated
24   with core discovery.

25
26        • The Court envisions appointment of one or more counsel to act as
27   lead counsel for the economic loss cases.  Lead counsel would also act as liaison
28   April 14, 2010                                2

1   to counsel for the economic loss cases. Lead counsel would have the
2   responsibility of preparing a consolidated complaint covering the issues in all
3   the economic loss cases.

4

5        • The Court envisions appointment of a core discovery committee,
6   comprised of counsel with liaison responsibility for the personal injury cases and
7   counsel having lead counsel responsibility for the economic loss cases. The
8   committee would be responsible for identifying and conducting core discovery.
9   Along with counsel for the Toyota parties, the core discovery committee would
10  have the responsibility of drafting and presenting to the Court an overall
11  scheduling plan, which would include a discovery plan. The Court envisions
12  that the scheduling plan would address at least the issues set forth in Exhibit B
    hereto.
13

14       2.2. *Immediate Goals.* The goals of the Scheduling Conference are three-
15  fold: adoption of a structure for organizing the docket, appointment of counsel to
16  fill out the structure, and adoption of a working definition of core discovery.
17

18       2.3. *Next Step.* With the goals of the initial Scheduling Conference in
19  place, the Court will set a further conference in approximately 30 days to
20  consider the adoption of an overall scheduling plan, including a discovery plan.
21

22       2.4. *Role of Counsel.* The management of this docket holds unique
23  challenges. The Court looks forward to benefitting from the knowledge and
24  experience of seasoned counsel to arrive at solutions which will ensure the
25  orderly preparation of these cases. Counsel, the parties and the Court will all
26  need to work collaboratively.

27

28  April 14, 2010                                    3

3. *Particulars of the Scheduling Conference.*

3.1. *Representation.* Parties with similar interests may (but are not required to) agree on a single attorney, or a limited number of attorneys, to act on their joint behalf at the conference. A party will not, by designating an attorney to represent his or her interests at the conference, be precluded from other representation during the litigation. Attendance at the conference will not waive objections to jurisdiction, service, or like matters. Telephonic appearances will not be permitted.

3.2. *Other Counsel.* This Order is being mailed to the persons shown on Exhibit A, which has been prepared from the list of counsel making appearances with the J.P.M.L. Counsel on this list are requested to forward a copy of this Order to other attorneys who should be notified of the conference. An updated service list will be prepared after the conference.

3.3. *Other Parties.* Persons who are not named as parties in this litigation but may later be joined as parties, and persons who are parties in related litigation pending in other federal and state courts, are invited to attend in person or by counsel.

4. *Preparations for the Scheduling Conference.*

4.1. *Rules.* Counsel are expected to be familiar with the Manual for Complex Litigation, Fourth. Counsel are also required to review the Local Rules for the Central District of California, General Orders 08-02 (electronic filing) and 08-11(electronic filing), and this Court's general procedures, all of which may be found on the Central District of California website at www.cacd.uscourts.gov.

April 14, 2010                                            4

1       4. 2. *Initial Conference of Counsel.*  Before the conference, counsel shall

2 confer and seek consensus to the extent possible concerning the immediate

3 issues and any other matters they wish to bring to the Court at this time.  The

4 Court designates:

5

6                             Steve W. Berman, Esq.

7                             Hagens Berman Sobol Shapiro LLP

8                             1918 Eighth Avenue, Suite 3300

9                             Seattle, WA 98101

10

11                             Elizabeth J. Cabraser, Esq.

12                             Lieff Cabraser Heimann & Bernstein, LLP

13                             275 Battery Street, Suite 3000

14                             San Francisco, CA 94111

15

16                             Cari K. Dawson, Esq.

17                             Alston & Byrd LLP

18                             1201 West Peachtree Street

19                             Atlanta, GA 30309

20

21                             Marc M. Seltzer, Esq.

22                             Susman Godfrey LLP

23                             1901 Avenue of the Stars, Suite 950

24                             Los Angeles, CA 90067

25 These temporary designations are not a precursor of future appointments, but

26 simply a means to initiate the process.  The Court expects that all counsel

27 desiring to do so will have a full opportunity to participate in the discussion and

28 April 14, 2010                         5

1  the report which the Court requests.

2

3     4.3. *Preliminary Report.* Counsel will submit to the Court by Friday,

4  April 30, 2010, a report including the following:

5

6     • Proposed structure of counsel.

7

8     • Definition of core discovery.

9

10     • A brief statement of counsel's understanding of the facts and the

11  critical legal issues.  Any potentially dispositive issues should be separately

12  identified.  These statements will not be binding, will not waive claims or

13  defenses, and may not be offered into evidence against a party in later

14  proceedings.

15     • A list of all pending motions.

16

17     • A list of all outstanding discovery.

18

19     • A list of all known related cases pending in state or federal court and

20  their current status.

21

22     • A list of all parents, subsidiaries, and companies affiliated with the

23  corporate parties and of all counsel associated in the litigation to help the Court

24  identify any problems of recusal or disqualification.

25

26  Where possible, the Court urges counsel to set forth their views in a single report

27  which notes both consensus views and divergent views where that is the case.

28  April 14, 2010                                    6

Any party may supplement the report with a filing of no more than ten pages.

5. *Interim Measures.*

5.1. *Admission of Counsel.*  All attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice.* Association of local counsel is not required.  If not already registered, counsel will need to register for electronic filing (CM/ECF) in the Central District of California.  (More information can be found on the Court's website and in General Orders 08-02 and 08-11).

5.2. *Preservation of Records.*  Until the parties reach agreement on a plan for preservation of records, all parties and their counsel must preserve all evidence that may be relevant to these actions.

5.3. *Stay of Motions Practice.*  Except for motions for emergency relief, no motion shall be filed until and in accordance with the Scheduling Order.

5.4 *Motions.*  No motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action.

5.5 *Orders of Transferor Courts.*   All orders by transferor courts imposing dates for pleading or discovery are vacated.

5.6. *Chambers Mail Box.*  The Court maintains an electronic mail box for communications with the Courtroom Deputy and for receipt of proposed orders

April 14, 2010                                     7

1  in electronic format (either Word or WordPerfect).  The electronic mail box for
2  this docket is: JVS_ToyotaMDL@cacd.uscouts.gov.

3

4      5.7. *Website.*  The Court has established a web page accessible from the
5  first page of the Court's website (click on "IN RE: TOYOTA MOTOR
6  CORP.").  The Court will regularly post copies of orders, notices and other items
7  of interest to the page.

8

9      6. *Later Filed Cases.* This Order shall also apply to related cases later filed
10  in, removed to, or transferred to this Court.

11

12      7. *Applications for Lead and Liaison Counsel Appointments.*  As noted
13  above, the Court presently intends to appoint plaintiffs' lead counsel and liaison
14  counsel.  Applications for these positions  must be filed with the clerk's office
15  on or before April 30, 2010.  The Court will only consider attorneys who have
16  filed an action in this litigation. The main criteria for these appointments are (1)
17  knowledge and experience in prosecuting complex litigation, including class
18  actions; (2) willingness and ability to commit to a time-consuming process; (3)
19  ability to work cooperatively with others; and (4) access to sufficient resources
   to prosecute  the

20

21

22

23

24

25

26

27

28  April 14, 2010                                     8

1   litigation in a timely manner.  Where appropriate, applications should also set

2   forth attorney fee proposals, rates, and percentages that applicants expect to seek

3   if the litigation succeeds in creating a common fund.

4

5        IT IS SO ORDERED.

6

7   Dated: April 14, 2010

8                                                    _____
                                                     James V. Selna
9                                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        9

1

<u>Exhibit A</u>

2

3

<u>Individual Cases</u>

4

5   **IN RE: TOYOTA MOTOR CORP. UNINTENDED**

6   **ACCELERATION MARKETING, SALES PRACTICES,**

7   **AND PRODUCTS LIABILITY LITIGATION MDL No. 2151**

8

9   <u>Central District of California</u>

10   2:09CV08143 JVS(FMOx) Seong Bae Choi et al v. Toyota Motor Corporation
     et al

11   2:09CV08478 JVS(FMOx) Eric Kmetz et al v. Toyota Motor Sales, U.S.A., Inc.
     et al

12

13   2:09CV09158 JVS(FMOx) Heather A. Lane v. Toyota Motor Sales, U.S.A., Inc.

14   2:09CV09386 JVS(FMOx) Dale Baldisseri v. Toyota Motor Sales U.S.A., Inc.,
     et al.

15

16   2:10CV00706 JVS(FMOx) Adilia Aviles v. Toyota Motor Sales, U.S.A., Inc.

17   2:10CV00710 JVS(FMOx) Roz Schwartz v. Toyota Motor Sales, U.S.A., Inc.

18   2:10CV00799 JVS(FMOx) Matthew Marr, et al v. Toyota Motor Sales, U.S.A.,
     Inc.

19

20   2:10CV00849 JVS(FMOx) Ani Gazaryan et al v. Toyota Motor Sales U.S.A.,

21   Inc. et al

22   2:10CV00942 JVS(FMOx) Peter Wisner v. Toyota Motor Corporation et al

23   2:10CV00946 JVS(FMOx) Lisa Creighton, et al v. Toyota Motor Sales U.S.A.,

24   Inc. et al

25   2:10CV00947 JVS(FMOx) Elaine Byrnes v. Toyota Motor Sales U.S.A., Inc. et

26   al

27   2:10CV01030 JVS(FMOx) Lacey Ludicina, et al v. Toyota Motor Sales U.S.A.,

28                                          10

1 | Inc. et al

2 | 2:10CV01039 JVS(FMOx) Rhonda Talbot v. Toyota Motor Sales U.S.A., Inc. et

3 | al

4 | 2:10CV01057 JVS(FMOx) Jacqueline Donoghue v. Toyota Motor Sales,

5 | U.S.A., Inc.

6 | 2:10CV01073 JVS(FMOx) Max L. Lieberman et al v. Toyota Motor

7 | Corporation et al

8 | 2:10CV01078 JVS(FMOx) Teresa B. Myers et al v. Toyota Motor Corporation

9 | et al

10 | 2:10CV01094 JVS(FMOx) Kerri Madden v. Toyota Motor Corporation et al

11 | 2:10CV01153 JVS(FMOx) Katy Boyask v. Toyota Motor Corporation et al

12 | 2:10CV01154 JVS(FMOx) Jessica M. Kramer v. Toyota Motor North America,
Inc. et al

13 | 2:10CV01234 JVS(FMOx) Joseph Hauter v. Toyota Motor Sales, U.S.A., Inc.

14 | 2:10CV01247 JVS(FMOx) Sam Goldberger v. Toyota Motor Sales, U.S.A., Inc.

15 | 2:10CV01248 JVS(FMOx) Lu Li v. Toyota Motor North America, Inc. et al

16 | 2:10CV01264 JVS(FMOx) Gloria Park v. Toyota Motor Sales, U.S.A., Inc.

17 | 2:10CV01290 JVS(FMOx) Sandra Livingston v. Toyota Motor North America,

18 | Inc. et al

19 | 2:10CV01349 JVS(FMOx) Ernest Cornell v. Toyota Motor Corporation et al

20 | 2:10CV01364 JVS(FMOx) Robert Booher v. Toyota Motor North America, Inc.

21 | et al

22 | 2:10CV01366 JVS(FMOx) Harry Williams v. Toyota Motor North America,

23 | Inc. et al

24 | 2:10CV01429 JVS(FMOx) Tom Mustric v. Toyota Motor Corporation et al "

25 | 2:10CV01452 JVS(FMOx) Kathryn A. Squires v. Toyota Motor Corporation et

26 | al

27 | 2:10CV01584 JVS(FMOx) Andrew Flury et al v. Toyota Motor North America,

28 | 11

1 | Inc. et al

2 | 2:10CV01650 JVS(FMOx) Judy Warren, DDS v. Toyota Motor North America,

3 | Inc. et al

4 | 2:10CV01753 JVS(FMOx) Lorrie Krieger v. Toyota Motor North America, Inc.

5 | et al

6 | 2:10CV01756 JVS(FMOx) David Hanna v. Toyota Motor North America, Inc.

7 | et al

8 | 2:10CV01806 JVS(FMOx) Joseph Christian v. Toyota Motor North America,

9 | Inc. et al

10 | 2:10CV01821 JVS(FMOx) Mary Jo Crank, et al v. Toyota Motor North

America, Inc. et al

11 | 2:10CV01822 JVS(FMOx) Nellie Yazitchyan, et al v. Toyota Motor North

12 | America, Inc. et al

13 | 2:10CV01825 JVS(FMOx) Walter McKinney, et al v. Toyota Motor North America, Inc. et

14 | al

15 | 2:10CV01939 JVS(FMOx) Linda Tang v. Toyota Motor Sales, U.S.A., Inc. et al

16 | 2:10CV01979 JVS(FMOx) Meredith Heller v. Toyota Motor Corporation. et al

17 | 2:10CV01997 JVS(FMOx) Jerome Cangelosi v. Toyota Motor North America. et al

18 | 2:10CV02021 JVS(FMOx) Thomas E. Gudmundson v. Toyota Motor Corporation. et al

19 | 2:10CV02022 JVS(FMOx) Donald Graham v. Toyota Motor Corporation. et al

20 | 2:10CV02023 JVS(FMOx) John Flook v. Toyota Motor Corporation. et al

21 | 2:10CV02077 JVS(FMOx) Rodney Josephson v. Toyota Motor Corporation. et al

22 | 2:10CV02078 JVS(FMOx) Gary Davis v. Toyota Motor Corporation. et al

23 | 2:10CV02080 JVS(FMOx) Ebony Brown v. Toyota Motor Corporation. et al

24 | 2:10CV02147 JVS(FMOx) Elizabeth Van Zyl v. Toyota Motor Corporation. et al

25 | 2:10CV02179 JVS(FMOx) Grace Shigematsu, et al v. Toyota Motor Corporation. et al

26 | 2:10CV02228 JVS(FMOx) Ellyn J. Broden v. Toyota Motor Corporation. et al

27 | 2:10CV02262 JVS(FMOx) Karen Bickel v. Toyota Motor Corporation. et al

28 |

1  2:10CV02264 JVS(FMOx) Sam Goldberger v. Toyota Motor Corporation. et al

2  2:10CV02271 JVS(FMOx) Christine Hotaling v. Toyota Motor Corporation. et al

3  2:10CV02272 JVS(FMOx) Henry Troup, et al v. Toyota Motor Corporation. et al

4  2:10CV02274 JVS(FMOx) Linda Summerville v. Toyota Motor Corporation. et al

5  2:10CV02276 JVS(FMOx) Robert Navarro v. Toyota Motor Corporation. et al

6  2:10CV02284 JVS(FMOx) Gary Brown v. Toyota Motor Corporation. et al

7  8:10CV00105 JVS(FMOx) Joseph Hauter v. Toyota Motor Sales, U.S.A., Inc.

8  8:10CV00154 JVS(FMOx) Michael Choi, et. al. v. Toyota Motor Sales, U.S.A., Inc.

9  8:10CV00173 JVS(FMOx) Alexsandra Del Real v. Toyota Motor Sales, U.S.A., Inc.

10  8:10CV00183 JVS(FMOx) T. Leigh Beard, et. al. v. Toyota Motor Sales, U.S.A., Inc.

11  8:10CV00312 JVS(FMOx) Green Spot Motors v. Toyota Motor Corporation et al

12  8:10CV00328 JVS(FMOx) Dawn De Vincenzi v. Toyota Motor Corporation. et al

13  8:10CV00380 JVS(FMOx) Jean Dominquez v. Toyota Motor Corporation. et al

14  8:10CV00385 JVS(FMOx) Meetesh Shah v. Toyota Motor Corporation. et al

15  Middle District of Florida

16

17  Michelle Lynch v. Toyota Motor Corp., et al., C.A. No. 8:10-326

18

19  Southern District of Florida

20

21  Jonathan Gellman v. Toyota Motor Sales U.S.A., Inc., C.A. No. 1:10-20006

22

23  Eastern District of Louisiana

24

25  Daniel Weimer, Jr., et al. v. Toyota Motor North America, Inc., et al., C.A. No. 2:10-219

26  Amanda R. Maillho v. Toyota Motor North America, Inc., et al., C.A. No. 2:10-279

27  Gary T. Brock v. Toyota Motor North America, Inc., et al., C.A. No. 2:10-281

28                                          13

1   Southern District of West Virginia

2

3   Michael Graves, et al. v. Toyota Motor Manufacturing, West Virginia, Inc., et al.,

4   C.A. No. 2:09-1247

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          14

## Exhibit B

## Issues for Scheduling Conference Order

**General Matters**, including:

- Overview of the case: the key factual and legal issues, including any unusual substantive, procedural, or evidentiary issues

- Proposals for accomplishing the goals described in Rule 16(a) of the Federal Rules of Civil Procedure

- Positions concerning the applicable topics described in Rule 16(c)

- Possible need for a consolidated pleading

- Requirements and expectations concerning compliance with the Federal Rules, the Local Rules for the Central District, and this Court's orders, rules, and procedures

- Jurisdictional issues, including whether any actions should be remanded to state courts

- Possible need for coordination with actions pending in state courts or with other categories of potentially related cases in federal court (e.g., securities cases).

- The service list

**Motion Practice**, including:

- Description and status of pending motions

- Description of presently anticipated motions

- Motion cut-off and briefing schedules

- Procedures for class certification motions

- Compliance with the Local Rules and this Court's orders re motions

**Discovery and Disclosures**, including:

- Dates and procedures for disclosures

- Subjects where discovery may be needed

- Sequencing of discovery

- Discovery cut-off dates(s) and whether discovery should be conducted in phases, or limited, or focused on particular issues

- Existence of trade secrets or other privileged materials, and possible need for a protective order

- Possible need for orders for the preservation of documents

- Possible need for a document depository

16

- Document numbering system

- Changes to the limitations on discovery imposed by the Federal Rules

- Provisions for disclosure or discovery of electronically stored information

- Expert discovery

- Procedures for resolving discovery disputes, including appointment of a special master

- **Settlement**, including:

  - The nature and extent of discovery that must be completed before meaningful settlement discussions

  - Appropriate dispute resolution mechanism

**Timetable**, including:

- Overall timetable for completing the docket

- Interim benchmarks and targets for tasks

17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **8:10ML2151 JVS (FMOx)** | Date | April 19, 2010 |
|---|---|---|---|
| | ALL ACTIONS | | |

| Title | **IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** |
|---|---|

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers)**   Order Re Clarifying the Scope of Applications

The Court has been asked to clarify the scope of applications sought under paragraph 7 of the Court's April 14, 2010 order, Applications for Lead and Liaison Counsel Appointments.

Because the final leadership structure has not been determined, and indeed will be one of the matters resolved at the May 13, 2010 hearing, it is somewhat difficult to be more precise. The Court believes that applications should be submitted for any leadership position under the structure which a party advocates. By way of example, under the structure outlined in paragraph 2.1 of the April 14, 2010 order, applications would include applications for the following positions:

- One or more lead liaison counsel for the personal injury actions

- Membership on a committee for liaison counsel for the personal injury actions

- One or more lead counsel for the economic loss cases

- Membership on a committee for lead counsel for the economic loss cases

As outlined in the April 14, 2010 order, members of the core discovery committee would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **8:10ML2151 JVS (FMOx)** | Date | April 19, 2010 |
|---|---|---|---|
| | ALL ACTIONS | | |

| Title | **IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** |
|---|---|

be drawn from members of the liaison counsel committee and the lead counsel committee.

The Court's goal is to establish the structure and to fill the leadership positions in that structure promptly at or shortly after the May 13, 2010 hearing.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |

<u>Exhibit A</u>

(Revised 4-22-20)

<u>Individual Cases</u>

**IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION MDL No. 2151**

**<u>Central District of California</u>**

2:09CV08143 JVS(FMOx) Seong Bae Choi et al v. Toyota Motor Corporation et al

2:09CV08478 JVS(FMOx) Eric Kmetz et al v. Toyota Motor Sales, U.S.A., Inc. et al

2:09CV09158 JVS(FMOx) Heather A. Lane v. Toyota Motor Sales, U.S.A., Inc.

2:09CV09386 JVS(FMOx) Dale Baldisseri v. Toyota Motor Sales U.S.A., Inc., et al.

2:10CV00706 JVS(FMOx) Adilia Aviles v. Toyota Motor Sales, U.S.A., Inc.

2:10CV00710 JVS(FMOx) Roz Schwartz v. Toyota Motor Sales, U.S.A., Inc.

2:10CV00799 JVS(FMOx) Matthew Marr, et al v. Toyota Motor Sales, U.S.A., Inc.

2:10CV00849 JVS(FMOx) Ani Gazaryan et al v. Toyota Motor Sales U.S.A., Inc.

et al

2:10CV00942 JVS(FMOx) Peter Wisner v. Toyota Motor Corporation et al

2:10CV00946 JVS(FMOx) Lisa Creighton, et al v. Toyota Motor Sales U.S.A., Inc. et al

2:10CV00947 JVS(FMOx) Elaine Byrnes v. Toyota Motor Sales U.S.A., Inc. et al

2:10CV01030 JVS(FMOx) Lacey Ludicina, et al v. Toyota Motor Sales U.S.A., Inc. et al

2:10CV01039 JVS(FMOx) Rhonda Talbot v. Toyota Motor Sales U.S.A., Inc. et al

2:10CV01057 JVS(FMOx) Jacqueline Donoghue v. Toyota Motor Sales, U.S.A., Inc.

2:10CV01073 JVS(FMOx) Max L. Lieberman et al v. Toyota Motor Corporation et al

2:10CV01078 JVS(FMOx) Teresa B. Myers et al v. Toyota Motor Corporation et al

2:10CV01094 JVS(FMOx) Kerri Madden v. Toyota Motor Corporation et al

2:10CV01153 JVS(FMOx) Katy Boyask v. Toyota Motor Corporation et al

2:10CV01154 JVS(FMOx) Jessica M. Kramer v. Toyota Motor North America, Inc. et al

2:10CV01248 JVS(FMOx) Lu Li v. Toyota Motor North America, Inc. et al

2:10CV01264 JVS(FMOx) Gloria Park v. Toyota Motor Sales, U.S.A., Inc.

2:10CV01290 JVS(FMOx) Sandra Livingston v. Toyota Motor North America, Inc. et al

1  2:10CV01349 JVS(FMOx) Ernest Cornell v. Toyota Motor Corporation et al

2  2:10CV01364 JVS(FMOx) Robert Booher v. Toyota Motor North America, Inc. et

3  al

4

5  2:10CV01366 JVS(FMOx) Harry Williams v. Toyota Motor North America, Inc.

6  et al

7  2:10CV01584 JVS(FMOx) Andrew Flury et al v. Toyota Motor North America,

8  Inc. et al

9  2:10CV01650 JVS(FMOx) Judy Warren, DDS v. Toyota Motor North America,

10  Inc. et al

11

12  2:10CV01753 JVS(FMOx) Lorrie Krieger v. Toyota Motor North America, Inc. et

13  al

14  2:10CV01756 JVS(FMOx) David Hanna v. Toyota Motor North America, Inc. et

15  al

16

17  2:10CV01806 JVS(FMOx) Joseph Christian v. Toyota Motor North America, Inc.

18  et al

19  2:10CV01821 JVS(FMOx) Mary Jo Crank, et al v. Toyota Motor North America,

20  Inc. et al

21  2:10CV01822 JVS(FMOx) Nellie Yazitchyan, et al v. Toyota Motor North

22  America, Inc. et al

23

24  2:10CV01825 JVS(FMOx) Walter McKinney, et al v. Toyota Motor North America, Inc. et

25  al

26  2:10CV01927 JVS(FMOx) Beverly Yip v. Toyota Motor Corporation, et al

27

28

1  2:10CV01939 JVS(FMOx) Linda Tang v. Toyota Motor Sales, U.S.A., Inc. et al

2  2:10CV01979 JVS(FMOx) Meredith Heller v. Toyota Motor Corporation, et al

3
4  2:10CV01997 JVS(FMOx) Jerome Cangelosi v. Toyota Motor North America, et al

5  2:10CV02021 JVS(FMOx) Thomas E. Gudmundson v. Toyota Motor Corporation, et al

6  2:10CV02022 JVS(FMOx) Donald Graham v. Toyota Motor Corporation, et al

7  2:10CV02023 JVS(FMOx) John Flook v. Toyota Motor Corporation, et al

8  2:10CV02077 JVS(FMOx) Rodney Josephson v. Toyota Motor Corporation, et al

9
10 2:10CV02078 JVS(FMOx) Gary Davis v. Toyota Motor Corporation, et al

11 2:10CV02080 JVS(FMOx) Ebony Brown v. Toyota Motor Corporation, et al

12 2:10CV02147 JVS(FMOx) Elizabeth Van Zyl v. Toyota Motor Corporation. et al

13 2:10CV02179 JVS(FMOx) Grace Shigematsu, et al v. Toyota Motor Corporation. et al

14 2:10CV02228 JVS(FMOx) Ellyn J. Broden v. Toyota Motor Corporation. et al

15 2:10CV02262 JVS(FMOx) Karen Bickel v. Toyota Motor Corporation. et al

16
17 2:10CV02264 JVS(FMOx) Sam Goldberger v. Toyota Motor Corporation. et al

18 2:10CV02271 JVS(FMOx) Christine Hotaling v. Toyota Motor Corporation. et al

19 2:10CV02272 JVS(FMOx) Henry Troup, et al v. Toyota Motor Corporation. et al

20 2:10CV02274 JVS(FMOx) Linda Summerville v. Toyota Motor Corporation. et al

21 2:10CV02276 JVS(FMOx) Robert Navarro v. Toyota Motor Corporation. et al

22
23 2:10CV02284 JVS(FMOx) Gary Brown v. Toyota Motor Corporation. et al

24 2:10CV02528 JVS(FMOx) SPP Inc. v. Toyota Motor Sales U.S.A. Inc., et al

25 8:10CV00105 JVS(FMOx) Joseph Hauter v. Toyota Motor Sales, U.S.A., Inc.

26 8:10CV00154 JVS(FMOx) Michael Choi v. Toyota Motor Sales, U.S.A., Inc.

27

28

8:10CV00173 JVS(FMOx) Alexsandra Del Real v. Toyota Motor Sales, U.S.A., Inc.

8:10CV00183 JVS(FMOx) T. Leigh Beard, et. al. v. Toyota Motor Sales, U.S.A., Inc.

8:10CV00312 JVS(FMOx) Green Spot Motors v. Toyota Motor Corporation et al

8:10CV00328 JVS(FMOx) Dawn De Vincenzi v. Toyota Motor Corporation. et al

8:10CV00380 JVS(FMOx) Jean Dominquez v. Toyota Motor Corporation. et al

8:10CV00385 JVS(FMOx) Meetesh Shah v. Toyota Motor Corporation. et al

8:10CV00458 JVS(FMOx) Brian Deis v. Toyota Motor Corporation, et al.

**Middle District of Florida**

8:10CV00464 JVS(FMOx) Michelle Lynch v. Toyota Motor Corp., et al.,

**Southern District of Florida**

8:10CV00465 JVS(FMOx) Jonathan Gellman v. Toyota Motor Sales U.S.A., Inc.,

**Eastern District of Louisiana**

8:10CV00466 JVS(FMOx) Daniel Weimer, Jr., et al. v. Toyota Motor North America, Inc., et al.,

8:10CV00467 JVS(FMOx) Amanda R. Maillho v. Toyota Motor North America, Inc., et al.

8:10CV00468 JVS(FMOx) Gary T. Brock v. Toyota Motor North America, Inc., et al.

**Southern District of West Virginia**

8:10CV00469 JVS(FMOx) Michael Graves, et al. v. Toyota Motor Manufacturing, West

1  Virginia, Inc., et al.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28