BRANSTETTER, STRANCH
  & JENNINGS, PLLC
J. Gerard Stranch (#23045)
gstranch@branstetterlaw.com
Joe P. Leniski, Jr. (#22891)
joeyl@branstetterlaw.com
Michael G. Stewart (#16920)
mstewart@branstetterlaw.com
Steven J. Simerlein (CA #156979)
ssimerlein@branstetterlaw.com
227 Second Avenue North, Fourth Floor
Nashville, Tennessee 37201-1631
Phone:  (615) 254-8801
Fax:    (615) 250-3937

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>ALL CASES | CASE NO: **8:10ML2151 JVS (FMOx)**<br><br>APPLICATION FOR APPOINTMENT TO LEAD COUNSEL COMMITTEE AND CORE DISCOVERY COMMITTEE<br><br>Date:  May 13, 2010<br>Time:  9:00 a.m.<br>Place: Court Room 10C<br>       411 W. 4th St.<br>       Santa Ana, CA 92701 |

## I.   INTRODUCTION

Branstetter, Stranch & Jennings, PLLC ("the Branstetter Firm" or "the Firm"), counsel for plaintiffs in separately filed economic-loss actions in this Multi-District Litigation[1], hereby moves pursuant to the Court's Order of April 14,

---

[1] The Firm is counsel for plaintiffs in the filed-actions *Kallenbach et al. v. Toyota Motor Sales U.S.A, Inc. et al.*, CV10-1604-CAS (PLAx) and *Brown v. Toyota Motor Sales USA Inc., et al*, 2:10-cv-02284-PA-JEM.

2010 to appoint the Firm to serve on the Lead Counsel Committee for the Economic Loss Plaintiffs and Core Discovery Committee on behalf of all Plaintiffs.

Pending before the Court is a large-scale MDL proceeding involving both personal injury and economic loss claims arising from allegations of a common, wrongful course of action by the Defendants (the "Actions"). In its Order of April 14, 2010, the Court announced that it would accept applications from individual plaintiffs' counsel to lead the Actions on behalf of all plaintiffs, to identify and conduct core discovery, and to ensure the effective management of the case as a whole.

As demonstrated below and in the attached Firm Resume, the Branstetter Firm has an extensive record in complex litigation exhibiting its knowledge, expertise, willingness to work side-by-side with co-counsel, and ability to achieve successful outcomes in cases of this scale, as thus believes it would be an invaluable member of the Lead Counsel Committee and Core Discovery Committee.  Importantly, the Firm has attorneys with extensive trial experience, including personal injury actions, pure economic loss actions, and class actions, and has served in leadership positions in complex litigation cases against foreign defendants. The Branstetter Firm submits this application on its own behalf pursuant to the Court's Order, understanding that other panels or committees of plaintiffs' counsel to the Actions have submitted group applications, and without taking a position on the merits or permissibility of such group applications.

## II.   THE BRANSTETTER FIRM MEETS ALL OF THE NAMED CRITERIA FOR APPOINTMENT

The Court has identified the following major factors influencing the appointment to the Lead Counsel Committee: (1) knowledge and experience in prosecuting complex litigation and class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others;

and (4) access to sufficient resources to prosecute the litigation in a timely manner. All of these factors weigh in favor of appointing the Branstetter Firm to serve on the Lead Counsel Committee for the Economic Loss Plaintiffs. The Firm possesses the skill, experience, and resources to efficiently coordinate all of the Economic Loss Plaintiffs' common interests in prosecuting the Actions, while streamlining the discovery process and avoiding duplicative and unproductive effort.

### A. Knowledge and Experience in Prosecuting Complex Litigation and Class Actions

The Branstetter Firm has extensive experience in the class actions legal arena and specifically in consumer protection and fair trade practices cases, all of which involve economic loss claims similar to those at bar.

#### 1. Extensive Experience and Resources to Coordinate Complex Litigation Cases, Particularly Those Involving Voluminous Discovery of a Foreign Entity

Significantly, the Branstetter Firm is accustomed to dealing with the unique challenges of litigating against foreign corporations, and understands both the domestic and international legal issues that frequently arise when conducting pre-trial discovery in such matters.  The Firm currently serves as Co-Lead Counsel of the third-party-payor class action and serves on the Plaintiffs' Executive Committee of the pharmaceutical litigation *In re Trasylol Products Liability Litigation*, MDL No. 1928, Case No. 9:08-cv-80873 (S.D. Fla.), which is very similar to the case at bar in that it involves both product liability/personal injury claims and class action allegations. One of the defendants in *Trasylol* is Bayer Healthcare, A.G., a corporation headquartered in Germany.  Not only did the Firm play a significant role in the overall discovery process, but it took the primary role in developing the process for reviewing German-language document production, and coordinated and conducted German-language depositions in Europe that required the use of interpreters.  The Firm undertook similar responsibilities as

1  counsel in the *In Re: Dynamic Random Access Memory (DRAM) Antitrust Litigation,* Case No. M-02-1486 PJH (N.D. Cal.), which involved several foreign defendants.  Such experience with discovery of a foreign defendant will be invaluable to class counsel litigating against Toyota Motor Corporation, a Japanese corporation, and affiliated entities.

The Branstetter Firm enjoys a long and distinguished litigation record, both in Tennessee and federal courts, in consumer protection, products liability and other class actions. The Branstetter Firm as a Tennessee-based firm has successfully litigated cases in Tennessee Courts for over 50 years, and has handled complex litigation matters successfully for over three decades.  The Branstetter Firm's senior partner, Cecil Branstetter, has been a licensed attorney in the state of Tennessee for over 55 years and is universally recognized as a lion of the Nashville bar.  Each of the Firm's senior partners has tried numerous cases, and most of the senior partners retain a litigation-heavy case load.  In particular, the Firm has extensive experience in a wide-range of class action litigations, including antitrust, ERISA, and corporate merger-related breach of fiduciary duty claims.

The Branstetter Firm's experience in class action litigation began over thirty years ago in *Ewing et al. v. Neuhoff, et al.*, (Frosty Morn, Inc. Litigation) (Law and Equity Court, Montgomery County), in which the firm obtained a successful jury verdict on behalf of a class of employees at Frosty Morn, Inc., who were able to recover 100% of the losses inflicted upon their trust funds resulting from various unlawful activities by company's directors. More recently, the firm represented a class of Tennessee consumers in a Tennessee consumer protection action styled *Sherwoood et. al. v. Microsoft Corporation*, Case No. 99C-3562 (Cir. Ct. Davidson Cty., Tenn.), which resulted in a potential recovery by individual consumers valued at $64 million and a ground-breaking *cy pres* award to Tennessee schools worth in excess of $30 million dollars. Additionally, the firm served as lead counsel in *In re: Qwest Communications, Inc. ERISA Litigation*, Civil Case No. 02-cv-00464-

1  REB-PAC (D. Colo.), in which the firm recovered more than $37.5 million on
2  behalf of 81,000 Qwest employees participating in the Qwest 401(k) benefits plan,
3  and as Co-Lead Counsel in *In re Alfa Corp. Shareholder Litigation*, Case No. 03-
4  CV-2007-900485.00 (Cir. Ct., Montgomery, Alabama), which resulted in $161
5  million increased consideration going to the shareholder class in a private sale of
6  the company.  These class actions, brought on behalf of tens of thousands of
7  plaintiffs, demonstrate that the Branstetter Firm possesses both the expertise and
8  resources to administer complex litigation cases from start through finish.  In
9  addition to the above, the Branstetter Firm has served as Lead or Co-Lead Counsel
10 prosecuting a variety of complex litigation matters, including antitrust, securities,
11 and shareholder derivative matters involving large corporate defendants throughout
12 the United States and the world.

13      More relevantly for the case at bar, the Branstetter Firm has coordinated
14 numerous times in providing effective leadership as either Lead Counsel or
15 Executive Committee member in class action litigation on behalf of consumer
16 plaintiffs alleging purely economic losses, including:

- *Davidson v. Bridgestone/Firestone, Inc and Ford Motor Co.* No. 00-C2298 (Davidson Circuit, Tennessee) (Soloman/Brothers). Lead counsel in a consumer action filed on behalf of a nationwide class of consumers against Bridgestone/Firestone, Inc., and Ford Motor Co. that was certified as a nationwide class action concerning defective tires. Settlement was reached in conjunction with a companion case in Texas, valued at $34.4 million.

- *Heilman et al. v. Perfection Corporation, et al.*, Civ. No. 99-0679-CD-W-6 (W.D. Missouri). The Firm served on executive committee in a nation-wide consumer class action composed of all persons throughout the United States who owned or purchased a hot water heater manufactured by defendants with a defective dip tube. Settlement reached involved 100 percent recovery of damages for a possible 14.2 million hot water heaters and any other

property damages caused by a defective hot water heater.

- *Cox v. Shell Oil et al.*, Civ. No. 18844 (Weakley Chancery, Tennessee) (Judge Malon). Intervened in consumer class action composed of all persons throughout the United States who owned or purchased polybutylene piping systems used in residential constructions or mobile homes that were defective. A global settlement was reached that resolved two competing lawsuits that was valued at $1 billion.

- *Plumbers & Pipefitters Local 572 Health & Welfare Fund et al. v. Bristol-Myers Squibb Co.*, Case No. 00-C-2524, (Davidson Circuit, Tennessee) (Judge Shipley). Lead counsel in action against Bristol-Myers alleging violations of the Tennessee Consumer Protection Act and the Tennessee Trades Practice Act and other theories as a result of anti-competitive, unfair and deceptive acts and practices regarding Bristol-Myers' marketing and selling of the drug Taxol. A global settlement was reached in conjunction with a multi-state indirect companion case in the District of Columbia.

- *In re: Columbia/HCA Healthcare Corporation Billing Practices Litigation*, No. 3-98-MDL-1227 (M. D. Tenn.) (Higgins). The firm served as liaison counsel in a multi-district litigation brought on behalf of all third-party payers against Columbia Health Care Corporation/HCA Healthcare Corporation alleging over billing for services. Settlement was reached on a cash payment, modifications in billing documents and admission practices.

- *Lankford v. Dow Chemical et al.* No. 04-1517 (Davidson Circuit, Tennessee) (Judge Shipley). Lead counsel in a consumer and indirect purchaser class action filed on behalf of Tennessee purchasers of products containing neoprene against Dow Chemical Company, E.I. du Pont de Nemours and DuPont Dow Elastomers, LLC, alleging violation of the Tennessee Consumer Protection Act and the Tennessee Trades Act. A multi-state settlement was reached that was valued at $4.2 million.

1    As its participation in other large class actions indicates, the Firm has adequate resources to vigorously prosecute the claims of the Economic Loss Plaintiffs.  The Firm is well-capitalized and has a depth of talent to commit to the case.  It consists of fifteen attorneys, including twelve members, two associates, and one of counsel.  Most of the attorneys concentrate their practice on litigation in both federal and state courts.  Half of the members devote a majority of their practice to complex litigation.  One of these, Steven J. Simerlein, is licensed is California and practiced there for seventeen years before joining the Firm in 2008.  In addition, to help the Firm manage the often voluminous written discovery in its complex litigation cases, it retains a number of full-time contract attorneys for document review.  From discovery in other complex cases, the Firm has also gained familiarity with a variety of litigation management software and online document depositories.  Lastly, the Branstetter Firm has had substantial experience in working with experts in complex litigation cases to determine issues of economic losses.  *See, e.g.*, *In re Montana Power ERISA Litigation*, No. 4:02-0099 (D. Mont.) (Haddon) (expert retained to determine losses inflicted to employee retirement accounts as a result of defendant's conduct); *In re: King Pharmaceuticals, Inc. Derivative Litigation*, Civil. No. B0019077 (M) (Sullivan Chancery, Tennessee) (Judge McLellan) (expert retained to determine consequential money damages suffered by company as a result of defendants' actions), and numerous securities and merger-related litigation referenced on the Firm's resume.

The Branstetter Firm is clearly adequate to serve on the Lead Counsel Committee on behalf of all Economic Loss Plaintiffs, as well as on the Core Discovery Committee for all plaintiffs.  As demonstrated above and in these attachments, these attorneys have a proven record of providing skilled and efficient case management in complex actions of this nature.  Therefore, the Firm is more than sufficiently qualified and responsible to lead the prosecution of this large-

1  scale action and will fairly and adequately represent all the plaintiffs. To this end,
2  the Court should appoint Branstetter Firm to serve on the Lead Counsel
3  Committee.

### 2. Working Knowledge of Corporations And How They Operate

The Branstetter Firm's experience in numerous securities class action, antitrust, and shareholder derivative lawsuits has given it a working knowledge of corporations, their organization and their leadership hierarchy which will prove invaluable in resolving discovery and liability issues relating to the numerous individuals and entities acting under the Toyota corporate umbrella. *See, e.g., Solomon-Schrawder, et al., v. Cardionet, Inc., et al.*, No. 2:09-cv-3894-SD (E.D. Pa.) (Firm currently serving as co-lead counsel in securities case under PSLRA); *In re Apple Computer, Inc. Derivative Litigation*, Lead Case No. 1:06CV066692 (Cali Sup. Ct.) (Firm Co-Lead in shareholder derivative suit); *In re: King Pharmaceuticals, Inc. Derivative Litigation*, No. BOO1907(M) (Tenn. Ch. Ct.) (Firm served as lead counsel in shareholder derivative case); *In re: Caremark RX, Inc. Stock Option Litigation*, No. 06 C 1329 (Tenn. Cir. Ct.) (Firm served as co-lead counsel in this class action); *Dixon, et al., v. Turner, et al.* (Dollar General Derivative Litigation), No. 01C-1322 (Tenn. Cir. Ct.) (Firm served as Lead Counsel in shareholder derivative action); *Denver Area Meat Cutters and Employers Pension Plan v. James L. Clayton et al.*, Case No. E-19723 (Cir. Ct. Blount Cty., Tenn.) (the Firm served as Co-Lead Counsel in fraud-in-the merger claims involving the purchase of Clayton Homes, Inc. by Warren Buffet's Berkshire Hathaway, Inc., which ultimately led to $5 million recovery on behalf of the class of shareholders); *Elk Brand Mfg. Co. v. Coode, et al.*, No. 04CI01726 (Ky. Cir. Ct.) (corporate valuation and appraisal case).

Additionally, while the Branstetter Firm has largely represented plaintiffs in complex litigation, it has also represented officers, directors, and other fiduciaries

in smaller scale cases involving D&O and other liability insurance. This experience has given the Firm a unique understanding of the panoply of issues that may affect insurance coverage, which is sure to be subject of critical importance in this matter.

### B.  Willingness and Ability to Commit to Time-Consuming Process

Class actions and other aggregate litigation save time and resources on a macro level but place far greater demands on the counsel involved. Attorneys at the Branstetter Firm are well-aware that such litigation can take substantial time to resolve. Despite best efforts to avoid delay, the Firm has had to litigate some large cases for several years. This has happened for a variety of reasons, including the bankruptcy of parties, corporate mergers and acquisitions, procedural complications in the particular case or related ones, and appeals. The Firm has diligently pursued its clients' interests through all such obstacles. As described above, *see supra* at II.A.1., it has committed a large part of its capital and human resources to complex litigation precisely so that it is prepared to see the cases through.[2] One cannot predict with confidence how long the instant litigation or any of its components will last. However, the Branstetter Firm is willing and capable of aggressively representing the Economic Loss Plaintiffs, regardless of the duration.

---

[2] For example, in the course of the *Sherwoood et. al. v. Microsoft Corporation* litigation, Microsoft, which was first filed on behalf of the class of Tennessee Consumers in December, 1999, and resolved over four years later in 2004, the Branstetter Firm fought removal to federal court, a motion to dismiss which was finally resolved at the Tennessee Appellate Court level, sought and received from a Maryland Federal Court a temporary stay prohibiting Microsoft from settling the Tennessee consumer claims in a parallel MDL proceeding, fully briefed and obtained class certification, and engaged in full motion practice on a second motion to dismiss which was overcome, all before the parties commenced with preliminary settlement discussions. Additionally, as Lead Counsel in the *In re: King Pharmaceuticals Derivative Litigation*, as part of a comprehensive discovery plan, the Firm reviewed millions of pages of documents concerning the company's government reimbursement programs, conducted over forty depositions of board members, executive officers, and management employees, and retained and prepared five separate experts for trial. The case was only resolved through settlement after a fully-briefed cross-motions for summary judgment just a few weeks before the scheduled trial date and just under six years after it was first filed.

### C. Ability to Work Cooperatively with Others

The Branstetter Firm has a demonstrated capacity for working cooperatively alongside other class counsel, often as co-lead counsel, liaison counsel, or an executive committee member. In fact, the Firm has partnered in several cases with counsel designated by the Court for the initial conference, Steve W. Berman and Elizabeth J. Cabraser, *see* April 14, 2010, Order at 5.

Cases in which the Firm worked with Mr. Berman and/or his firm include: *In re: Epogen and Aranesp Off-Label Marketing and Sales Practices Litigation*, Case No. 08-ML-01934 PSG (C.D. Cal.); *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civ. No. 01-CV-12257-PBS (D. Mass.); *In re: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices*, MDL No. 1907, Case No. 4:08-MD-01907-ERW (E.D. Mo.) (Firm served on executive committee); *In re: Touch America Holdings, Inc. ERISA Litigation*, No. CV-02-106-BU-SHE (D. Mont.) (Firm served as co-lead counsel).

Cases in which the Firm worked with Ms. Cabraser and/or her firm include: *Sherwood, et al. v. Microsoft Corp.*, Case No. 99C-3562 (Tenn. Cir. Ct., 20th Dist.); *In re: Columbia/HCA Healthcare Corporation Billing Practices Litigation* (M.D. Tenn.) (Firm served as liaison counsel); *In re: Flonase Antitrust Litigation*, Case No. 2:08-cv-3301 (E.D. Pa.); *In re: Vytorin/Zeta Marketing Sales Practices and Products Liability Litigation*, MDL No. 1938, Master Docket No. 08-285 (DMC) (D.N.J.).

The Firm also has a commitment to maintaining collegial relations with defense counsel in the midst of zealous advocacy. In cases of this proportion, courts rely on counsel to avoid unnecessary disputes over discovery and other matters, which delay the outcome and consume judicial resources. As member of the Lead Counsel Committee, the Firm would insist on protecting the interests of the Economic Loss Plaintiffs while striving to reach practical agreements with defense counsel when disputes arise.

## III. EXPECTATIONS WITH REGARD TO ATTORNEY'S FEES

The Branstetter Firm believes that the amount of attorneys' fees recovered in this matter should both adhere to precedent "common fund" recovery standards and provide incentive to maximize the recovery to the plaintiffs and the class. In the Ninth Circuit district courts have discretion to award fees in common fund cases based on either the lodestar/multiplier method or the percentage-of-the-fund method. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295-96 (9th Cir. 1994). Since *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) and its progeny, district courts have almost uniformly shifted to the percentage-of-the-fund method. Where class counsel succeeds in creating a common fund, the Ninth Circuit recognizes 25% of the fund as an initial benchmark for attorney's fees, with 20-30% as the usual range. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). However, "[s]election of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Id*. at 1048 (identifying size of the fund, exceptional results, risk, incidental or nonmonetary benefits conferred by the litigation, private retainer agreements, and financial burden on counsel as relevant circumstances).

In the event of a common fund recovery, the Firm intends to seek fees consistent with the foregoing authorities. It cannot foresee all of the circumstances bearing on a fee award at the outset of the litigation. The Firm is mindful of courts' desire to preserve a recovery for the benefit of the affected class members, and it would strive to fairly balance the compensation of the class with the compensation of counsel who enabled a recovery.

## IV. CONCLUSION

Litigation of this size and complexity requires effective and efficient leadership by plaintiffs' counsel. As detailed herein, the Branstetter Firm has demonstrated that it possesses the requisite knowledge, resources, and respect of

courts and legal counsel nationwide to efficiently manage this complex action on behalf of the Economic Loss Plaintiffs.  The Court should, therefore, appoint the Firm to the Lead Counsel Committee and to the Core Discovery Committee.

DATED: April 30, 2010          By:    /s/ J. Gerard Stranch, IV
                                       J. Gerard Stranch, IV (#023045)
                                       gstranch@branstetterlaw.com

                                       BRANSTETTER, STRANCH
                                         & JENNINGS, PLLC
                                       J. Gerard Stranch (#23045)
                                       gstranch@branstetterlaw.com
                                       Joe P. Leniski, Jr. (#22891)
                                       joeyl@branstetterlaw.com
                                       Michael G. Stewart (#16920)
                                       mstewart@branstetterlaw.com
                                       Steven J. Simerlein (CA #156979)
                                       ssimerlein@branstetterlaw.com
                                       227 Second Avenue North, Fourth Floor
                                       Nashville, Tennessee 37201-1631
                                       Phone:  (615) 254-8801
                                       Fax:    (615) 250-3937