**Daniel E. Becnel, Jr.**
**Becnel Law Firm**
**106 W. 7th Street**
**P. O. Drawer H**
**Reserve, LA 70084**
**(985) 536- 1186**

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>ALL CASES | Case No. 08:10ML2151 JVS (FMOx)<br><br>The Honorable James V. Selna<br><br>**MEMORANDUM IN RESPONSE TO COURT ORDER RE POSSIBLE CONFLICTS OF INTEREST WITH REGARD TO LEADERSHIP APPLICATIONS**<br><br>**Hearing Date: May 13, 2010**<br>**Hearing Time: 9:00 a.m.** |

The undersigned respectfully submits this memorandum in response to the Court's invitation to address potential conflicts of interest between counsel who represent both personal injury plaintiffs and economic loss plaintiffs, or who represent both consumer and non-consumer economic loss plaintiffs.

In addition, I am submitting what I consider to be an excellent time-line put together by the Beasley Allen Law Firm on the Toyota related problems and recalls (see attached marked Exhibit "A").

In Pretrial Order No. 1 (doc. no. 3), the Court has already proposed a leadership structure that will ensure that the interests of personal injury plaintiffs and plaintiffs who claim only economic losses will be sufficiently represented via the appointment of lead and/or liaison counsel specifically assigned to represent the interests of those groups. *See id.* at p.2 ("Because this docket involves both personal injury actions and actions for economic loss, the Court believes a somewhat unique structure is required . . .").

Really, however, the interests of the personal injury and economic loss plaintiffs are more aligned than they are different. All plaintiffs ultimately seek to recover from Toyota, and there is no evidence here, as there was in *Sullivan v. Chase Inv. Servs. of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D. Cal. 1978), that Toyota's assets and insurance would be insufficient to satisfy a potential judgment, thereby creating antagonistic interests between plaintiffs who suffered different kinds of damages. *See also Moreno v. AutoZone, Inc.*, 251 F.R.D. 417, 424-25 (N.D. Cal. 2008) (rejecting the argument that a law firm could not represent prospective class members in a federal court action because the firm represented the named plaintiffs in a parallel state court class action against the same defendant since there was no suggestion that

the defendant would not be able to satisfy judgments in both cases) (citing *Sullivan,* 79 F.R.D. at 258).

Indeed, in other mass tort litigation, courts frequently appoint the same counsel to represent plaintiffs who suffered personal injuries and those whose losses were strictly economic.  *See, e.g., In re Medtronic, Inc.*, Nos. 05-MDL-1726(JMR/AJB), 07-CV-1546 (JMR/AJB), 2008 WL 3895933, at *1, 3 (D. Minn. Aug. 15, 2008) (discussing appointment of two attorneys as co-lead counsel and a plaintiffs' steering committee in a case involving individual personal injury claims, as well as third party payor claims); *In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 228, 238 (S.D.W.Va. 2005) (class counsel represented both persons who alleged personal injuries from ingestion of the prescription drug at issue and persons who merely purchased the drug and claimed only economic losses).

As to possible conflicts of interest between consumer and non-consumer plaintiff groups, the interests of these plaintiffs are likewise largely aligned. For example, individual plaintiffs who purchased Toyota vehicles and assert unjust enrichment or diminution in value are situated similarly to rental agencies that likewise purchased Toyota vehicles and seek monetary damages for their losses.  Both seek damages from Toyota and there is no conflict between them.

To the extent that conflicts may exist because some individual economic loss plaintiffs may have asserted claims against dealership plaintiffs, the Court could consider appointing liaison counsel (or a committee member) for each of the two groups, similar to the structure that the Court has proposed for personal injury and economic loss plaintiffs generally.

Again, however, even these two groups may not ultimately be at odds. Both seek monetary damages for their losses, with Toyota ultimately to bear responsibility; even if individual consumers were to collect from dealerships, the dealerships would in turn seek indemnification or other reimbursement for their losses from Toyota.

In short, the Court's proposed leadership structure already anticipates procedures to properly ensure that each plaintiff group is adequately represented, and because there is no evidence that Toyota would be unable to satisfy judgments that may be awarded to each plaintiff group, the types of conflicts that may arise in a limited fund situation do not exist in the present case.

DATED: May 5, 2010          /s/ Daniel E. Becnel, Jr.
**Daniel E. Becnel, Jr.**
**Becnel Law Firm**
**P. O. Drawer H**
**Reserve, LA  70084**
**(985) 536- 1186**