UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>ALL CASES | CASE NO: 8:10ML02151 JVS(FMOx)<br><br>ORDER NO. 2:  ADOPTION OF ORGANIZATION PLAN AND APPOINTMENT OF COUNSEL |

At the outset, the Court thanks the authors of the Joint Preliminary Report (Docket No. 8) and all counsel for their thoughtful and extensive submissions on the structure of this litigation.  The filings represent a thorough consideration of the complexity which these pretrial proceedings face.

I.    Adoption of Structure.

The Court finds that plaintiffs' counsel should be structured as follows:

1

- A liaison committee for personal injury/wrongful death cases, consisting of two co-lead counsel and a total of nine members, including the co-leads. The committee will have the duties outlined in the Manual for Complex Litigation (Fourth) § 22.62, but tailored to reflect retention by individual counsel of the unique aspects of each personal injury/wrongful death case.

- A lead counsel committee for the economic loss cases, consisting of two co-leads who represent consumer plaintiffs and one co-lead who represents non-consumer plaintiffs, and six additional members consisting of five counsel who represent consumer plaintiffs and one counsel who represents non-consumer plaintiffs. The committee will have the duties outlined in the Manual for Complex Litigation (Fourth) § 22.62.

- A core discovery committee consisting of the co-lead liaison counsel for the personal injury/wrongful death cases and the co-lead counsel for the economic loss plaintiffs. There shall be two co-leads of the core discovery committee, one designated by the liaison committee and one designated by the lead counsel committee. The co-leads may add by agreement a total of four additional members from the liaison committee and/or the lead committee. Thus, the core discovery committee shall be no larger than nine.

- Three liaison counsel to the state cases and other types of federal cases to coordinate between the core discovery committee and the state and federal litigation. The duties of plaintiffs' state and federal liaison counsel shall be limited to liaison.

      • One or more counsel who shall have specific duties limited to a particular factual or legal area.

This structure is somewhat larger than the Court initially envisioned. However, the Court became convinced at the initial hearing that a larger group of counsel is needed to meet the needs of this case.

      The Court declines to appoint a series of specialized committees. (<u>See</u> Joint Preliminary Report, pp. 3-4.) The Court believes these tasks can best be addressed by the committees which the Court has appointed in a centralized framework. In this regard, the Court notes the depth of the firms of many of the appointees.

II.    <u>Core Discovery.</u>

      In its April 13, 2010 Order, the Court suggested a definition of core discovery: "By core discovery, the Court means discovery of the development, marketing, sales, manufacture, and administration of the Toyota products and product programs at issue in this case." (Docket No. 3, p. 2.) The scope likely includes all the issues outlined in the Joint Preliminary Report (pp. 9-20), but the Court agrees with the Toyota parties that it would be more productive to allow the parties to negotiate a joint definition, which the Court believes should occur as part of adopting a discovery program. (<u>See</u> Section IV.B, <u>infra</u>.) It is premature for the Court to attempt to define the scope of discovery at this time.

III.    <u>Appointments.</u>

      The Court makes the appointments listed below, but first deals with

3

the issue of conflicts of interests.

### A. Conflicts of Interest.

On May 3, 2010, the Court invited comments on whether a conflict exists if counsel represent both personal injury/wrongful death plaintiffs and economic loss plaintiffs and whether a conflict exists if counsel represent both consumer economic loss plaintiffs and non-consumer economic loss plaintiffs. (Docket No. 92.)  The Court has concluded that neither combination of representations constitutes a disqualifying conflict which bars the appointment of counsel to a leadership position.

First, the supposed conflict between personal injury/wrongful death plaintiffs and economic loss plaintiffs is premised on the theory that these categories of plaintiffs are competing for a limited pool of resources to fund any judgment.[1]  (E.g., Docket No. 53, pp. 5-6; Docket No. 149, p. 1.)  However, such concerns appear speculative at this time in view of the representations that Toyota had revenues of more than $200 billion in 2009.  See Blackie v. Barrack, 524 F.2d 891, 909 (9th Cir. 1975); In re First American Corp. Erisa Litigation, 258 F.R.D. 610, 619 (C.D. Cal. 2009).  Moreover, the Court notes that Toyota announced on May 11, 2010 an annual profit of approximately $2.2 billion for the fiscal year ending March 31, 2010.[2]

---

[1] Arguably, the same contention could be made with respect to representation of consumer and non-consumer economic loss plaintiffs, but it would suffer from the same flaw.

[2] See, e.g., Hiroko Tabuchi, Toyota Posts $2.2 Billion Annual Profit, N.Y. Times, May 11, 2010, http://www.nytimes.com/2010/05/12/business/global/12toyota.html.

Second, the differences between consumer and non-consumer economic loss plaintiffs may require representation of both types of plaintiffs in the leadership, but dual representation does not create a conflict. Courts have regularly permitted counsel to represent different types of claimants within a class or subclasses. See, e.g., In re Medtronic, Inc., 2008 WL 3895933 at *3 (D. Minn. Aug. 15, 2008) (MDL 1726); Moreno v. Autozone, Inc., 251 F.R.D. 417, 425 (N.D. Cal. 2008); In re Serzone Products Liability Litigation, 231 F.R.D. 221, 238 (S.D. W.Va. 2005) (MDL 1477). There is no basis for reaching a different conclusion here.

Part of the concern regarding potential conflicts is addressed by the Court's determination not to appoint the same counsel to a leadership position involving more than one type of claimant. Each group of claimants will have adequate representation in the leadership.

At best, the issue of whether such dual representations require disqualification is premature. There will be other, more appropriate opportunities to revisit the issue, such as the Court's consideration of the adequacy of counsel on motions for class certification. Fed. R. Civ. P. 23(a)(4).

B. Appointments.

The Court makes the appointments listed below. The appointments are personal in nature, and although the Court anticipates that appointees will draw on the resources of their firms or their existing co-counsel, the appointee is the member of the committee and responsible for the duties which he or she assumes. At a coming hearing, the Court will discuss a process for evaluating appointees' performance and commitment to the tasks assigned.

Plaintiffs' Liaison Committee for Personal Injury/Wrongful Death Cases:

>  *Co-Lead Counsel:* Elizabeth J. Cabraser, Mark P. Robinson, Jr.

>  *Members:* Lewis S. Eidson, W. Mark Lanier, Richard D. McCune, W. Daniel "Dee" Miles, Brian Panish, Hunter J. Shkolnik, Donald H. Slavik

Plaintiffs' Lead Counsel Committee for Economic Loss Class Actions:

>  *Co-Lead Counsel:* Steven W. Berman (consumer), Frank M. Pitre (non-consumer), Marc M. Seltzer (consumer)

>  *Members:* Richard J. Arsenault (non-consumer), Benjamin L. Bailey (consumer), Stanley M. Chesley (consumer), Jayne Conroy (consumer), Michael Louis Kelly (consumer), Jerome L. Ringler (non-consumer)

Core Discovery Committee: To be staffed as discussed in Section I.

Plaintiffs' Liaison Counsel to State and Other Types of Federal Cases: Wylie A. Aitken, Dawn M. Barrios, Gretchen M. Nelson

Specialized Appointment: Monica R. Kelly, consultant to the Liaison Committee for Personal Injury/Wrongful Death Cases and the Lead

Counsel Committee for Economic Loss Class Actions on foreign law issues, including motions practice involving foreign law issues.

The Court defers to the Toyota parties' suggestion for organizing their defense, and adopts their proposal below. (See Joint Preliminary Report, pp. 8-9.) Accordingly, the Court appoints:

Lead Defense Counsel for Personal Injury/Wrongful Death Cases: Vince Galvin, Joel Smith. Counsel will have the duties outlined in the Manual for Complex Litigation (Fourth) § 22.62. They shall also serve as liaison counsel for technical issues.

Lead Defense Counsel for Economic Loss Cases: Cari K. Dawson, Lisa Gilford. Counsel will have the duties outlined in the Manual for Complex Litigation (Fourth) § 22.62.

Defendants' Liaison Counsel to State Cases and Other Types of Federal Cases: Vince Galvin, Lisa Gilford

IV.  Further Hearings.

    A.  May 28, 2010, 9:00 a.m.

This hearing will address the following issues:

• Entry of a scheduling order for pleadings, including:

    • Date for filing a consolidated class action complaint(s) for

7

economic loss.

• A briefing schedule for Rule 12 or other pleadings motions directed to the consolidated complaint(s) for economic loss.

• A briefing schedule for Rule 12 or other pleadings motions directed to the personal injury/complaints.  The number of such motions shall be limited to two motions raising any common issues affecting all or a substantial number of personal injury/wrongful death complaints.  The Court intends for such motions to serve as bellwethers which will provide the parties guidance with respect to the same issues in other cases before further motions practice proceeds.  Pleadings motions raising issues unique to a particular plaintiff may be tendered without limitation.

The parties shall submit a proposed order no later than May 26, 2010.  The proposed order shall reflect alternative provisions where there is a dispute.   The Liaison and Lead Counsel Committees may each supplement the proposed order with a brief of no more than ten pages.  The Toyota parties may supplement the proposed order with a brief of no more than fifteen pages.

• Entry of an evidence preservation order.  The parties shall submit a proposed order no later than May 26, 2010.  The proposed order shall reflect alternative provisions where there is a dispute.  The Liaison and Lead Counsel Committees may each supplement the proposed order with a brief of no more than ten pages.  The Toyota parties may

supplement the proposed order with a brief of no more than fifteen pages.

• The timing and scope of Rule 26 initial disclosures.

• Such other matters as the parties jointly request the Court to take up by filing a joint request no later than May 24, 2010.

B.  <u>June 25, 2010, 9:00 a.m.</u>

The hearing will address the following issues:

• Entry of an order establishing a comprehensive plan for all forms of discovery and the entry of a protective order.  The parties shall submit proposed orders no later than June 21, 2010.  The proposed orders shall reflect alternative provisions where there is a dispute.  The Liaison and Lead Counsel Committees may each supplement the proposed orders with one brief of no more than ten pages.  The Toyota parties may supplement the proposed orders with one brief of no more than fifteen pages.

• To the extent not covered in the comprehensive plan, discussion of the establishment of an electronic document depository and the establishment of databases.

• Appointment of one or more discovery masters, including special masters for attendance at foreign depositions.  No later than June 23, 2010, the parties shall submit a proposed joint list of discovery

masters, which at a minimum shall include a resume and indication that the candidate will accept appointment. Where there is no agreement, plaintiffs collectively may propose up to five candidates, and the Toyota parties may propose up to five candidates.

• Coordination with state cases and other types of federal cases. No later than June 23, 2010, Plaintiffs' Liaison Counsel for State and other Types of Federal Cases and Defendants' Liaison Counsel for State and other Types of Federal Cases shall submit a joint report with suggested procedures for coordination. The report shall also address the status of the state cases, similar to Exhibit B to the Joint Preliminary Report, and shall also address the status of any state coordination proceedings.

• Discussion of the timing, content and format of a technical tutorial for the Court.

• Such other matters as the parties jointly request the Court to take up by filing a joint request no later than June 18, 2010.

C. <u>Regular Hearings.</u>

The Court believes that it would helpful to set aside one day each month for a status conference, with the possible exception for the summer vacation period and year-end holidays. The Court would invite a joint status report a week in advance.

V. <u>Attorney's Fees and Time Records.</u>

There appears to be a consensus that plaintiffs' counsel should maintain time records. (<u>E.g.</u>, Joint Preliminary Report, pp. 6-7; Docket No. 42, p. 11.) Accordingly, the Court orders any counsel who intend to apply for fees in a class action to maintain records sufficient to make and support a lodestar showing. <u>Perdue v. Kenny A.</u>, __ U.S. __, Slip Op. at pp. 7-8 (Apr. 21, 2010); <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1029 (9th Cir. 1998). Similarly, the Court orders all counsel in the personal injury/wrongful death cases whose fees are subject to Court approval for any reason to maintain records sufficient to make and support a lodestar showing.

IT IS SO ORDERED.

Dated: May 14, 2010

                                                 _____
                                                 James V. Selna
                                                 United States District Judge