STEVE W. BERMAN
(WA SBN 12536)
Email: steve@hbsslaw.com
**HAGENS BERMAN SOBOL
  SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594

MARC M. SELTZER
(CA. SBN 054534)
Email: mseltzer@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3102
Facsimile: (310) 789-3006

FRANK M. PITRE (CA SBN 100077)
Email: fpitre@cpmlegal.com
**COTCHETT, PITRE
  & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Co-Lead Plaintiffs' Counsel for
Economic Loss Cases*

ELIZABETH J. CABRASER
(CA SBN 083151)
Email: ecabraser@lchb.com
**LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP**
275 Battery Street, Suite 3000
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MARK P. ROBINSON, JR.
(CA. SBN 54426)
Email: mrobinson@rcrlaw.net
**ROBINSON, CALCAGNIE
  & ROBINSON INC.**
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

*Co-Lead Plaintiffs' Counsel for
Personal Injury/Wrongful Death Cases*

CARI K. DAWSON (GA SBN 213490)
Email: cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7766
Facsimile: (404) 253-8567

LISA GILFORD (CA SBN 171641)
Email: lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

*Lead Defense Counsel for Economic Loss
Cases*

VINCENT GALVIN, JR.
(CA SBN 104448)
Email:
  vincent.galvin@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845

JOEL SMITH (SC SBN 5266)
Email: joel.smith@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1441 Main Street, Suite 1000
Columbia, SC 29201
Telephone: (803) 726-0020
Facsimile: (803) 726-0021

*Lead Defense Counsel for Personal
Injury/Wrongful Death Cases*

LEGAL02/31935663v5

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORIA

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.:  8:10ML2151 JVS (FMOx) |
| | **JOINT STATEMENT RE PROPOSED SCHEDULING ORDER** |
| This document relates to: | Date:       May 28, 2010 |
| ALL CASES | Time:       9:00 a.m. |
| | Location:  Court Room 10C |
| | Judicial |
| | Officer:    Hon. James V. Selna |

## I.  SCHEDULING FOR PLEADINGS

### A.  Economic Loss Cases

#### 1.  Plaintiffs' Proposals

##### a.  Consolidated Complaint For Economic Loss Class Actions

Following the entry of Order No. 2, Plaintiffs' Co-Lead Counsel have been consulting with members of the Lead Counsel Committee for Economic Loss Class Actions and other plaintiffs' counsel regarding the facts and legal theories to be asserted in a consolidated complaint.  There are several hundred such complaints on file with a multitude of different theories, ranging from RICO to claims brought by citizens of foreign countries.

For the reasons set forth in the accompanying memorandum plaintiffs propose that the consolidated complaint be filed 60 days after Toyota has turned over documents already produced to government agencies and other litigants.

The law is well-settled that plaintiffs are the masters of their complaint. Plaintiffs do not agree to defendants' suggestion that they file four separate complaints and believe it is inappropriate to require them to do so at the behest of the defendants.

In addition plaintiffs oppose all of the suggested "specific requirements" defendants seek to impose.  If, upon their review of an actual consolidated complaint,

2

defendants conclude in good faith that it is deficient under the Federal Rules, they may file an appropriate Rule 12 motion to address any claimed pleading deficiencies.

### b.   Briefing Schedule

Plaintiffs respectfully propose that any motion to dismiss plaintiffs' consolidated complaint should be filed 30 days after the consolidated complaint is filed.  Plaintiffs' opposition should be filed 30 days thereafter and replies 14 days thereafter.

### c.   Hearing On Motion To Dismiss

Plaintiffs believe it is premature to set a hearing date until it is determined the date the Master Consolidated Complaint is to be filed.

### d.   Individual Economic Loss Cases

Plaintiffs propose that proceeding on individual economic loss cases should await the filing of the Master Consolidated Class Complaint.  Defendants should not be required to answer these complaints at this time.

### 2.   Defendants' Proposal

#### a.   Master Complaints In Economic Loss Class Actions

##### i.   Organization Of Complaints

Defendants have represented to the Court that the class action and individual economic loss complaints consolidated into this MDL fall into the following categories: floor mat, pedal, ETCS, and non-consumer claims.  These categories of cases involve distinct theories of liability and defect and factual issues, all of which warrant separate consolidated complaints.  The Court finds that the filing of separate consolidated complaints for the various case types will assist the Court in defining the scope of the issues in the litigation and create efficiencies in Rule 12 motions practice, discovery scheduling, *Daubert* motions, summary judgment motions, and potential resolution through settlement or litigation.  Accordingly, no later than July 2, 2010, Plaintiffs shall file and serve the following amended consolidated master complaints:

(1)   "Master Consolidated Floor Mat Recall Class Action Complaint"

3

(2)  "Master Consolidated Pedal Recall Class Action Complaint"

(3)  "Master Consolidated ETCS Class Action Complaint"

(4)  "Master Consolidated Non-Consumer Class Action Complaint"

The caption of each Master Consolidated Complaint shall specify those constituent cases to which it applies and the Master Consolidated Complaint will be deemed to amend the complaints in each of the identified constituent actions to reflect the content of the Master Consolidated Complaint, including all claims and theories contained therein. The use of consolidated Master Consolidated Complaints, however, is without prejudice to the right of any party to argue for or against consolidation for purposes of trial, and shall not make any entity a party to any action in which the entity has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

## ii.  <u>Specific Requirements Of Complaints</u>

The caption of each Master Consolidated Complaint shall specify those constituent cases to which it applies by listing their Central District of California docket numbers.

Each Master Consolidated Class Action Complaint shall identify the class representative(s) and specify the definition(s) of the putative class(es) and any subclasses.

Each Master Consolidated Complaint shall also identify all Defendants against whom relief is sought, specify which claims are asserted against each Defendant, and include allegations setting forth the basis for each Defendant's alleged liability. Claims against any Defendant not specifically identified in a Master Consolidated Complaint(s) shall be deemed dismissed as to that Defendant.

To the extent that any Master Consolidated Complaint asserts claims for violations of state or federal RICO laws, it shall include the facts relied upon to initiate this RICO complaint as a result of the reasonable inquiry required by Rule 11 of the Federal Rules of Civil Procedure. It shall use the subheading numbers and

4

letters set forth below, and shall state in detail and with specificity the following information:

(1)   <u>RICO Provision.</u>   State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b) (c), and/or (d).

(2)   <u>Defendants.</u> List each RICO defendant and state the alleged misconduct and basis of liability of each defendant.

(3)   <u>Other RICO Violators.</u> List all alleged RICO violators, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

(4)   <u>Victims.</u>   List the alleged victims and state how each victim was allegedly injured.

(5)   <u>Pattern of Racketeering Activity.</u>   Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

(a)   List the alleged predicate acts and the specific statutes which were allegedly violated;

(b)   Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

(c)   If the RICO claim is based on the predicate offenses of mail fraud, wire fraud or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged failures to disclose and/or misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations and/or failures to disclose were made;

(d)   State whether there has been a criminal conviction for violation of the predicate acts and if so, provide particulars;

(e)   State whether civil litigation has resulted in a judgment with respect to the predicate acts and if so, provide particulars;

(f)   Describe how the predicate acts are both "related" and

1   "continuous" within the meaning of *H.J. Inc. v. Northwestern Bell Telephone*
2   *Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900 (1989) and its progeny, including
3   *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995).

4       (6)    <u>Enterprise.</u>  Describe in detail the alleged enterprise for each RICO claim
5   and specify just what structure it had. A description of the enterprise shall include the
6   following information:

7       (a)    The names of the individuals, partnerships, corporations,
8   associations or other legal entities that allegedly constitute the enterprise;

9       (b)    The purpose, function and course of conduct of the enterprise, and
10   whether its usual and daily activities were part of or separate from the pattern of
11   racketeering activity. *See Chang v. Chen*, 80 F.3d 1293, 1298 (9th Cir. 1996).

12       (c)    Whether any named defendants are or were employees, officers or
13   directors of the alleged enterprise;

14       (d)    Whether you are alleging that the defendants are or were separate
15   from the alleged enterprise, collectively constitute the enterprise itself, or are or
16   were members of the enterprise; and

17       (e)    Whether (and if so how) the enterprise was affected by or
18   benefitted from the pattern of racketeering activity.

19       (7)    <u>Interstate or Foreign Commerce.</u>  Describe the effect of the activities of
20   the enterprise on interstate or foreign commerce.

21       (8)    <u>Section 1962(a).</u>  If the complaint alleges a violation of 18 U.S.C.
22   § 1962(a), provide the following information:

23       (a)    State who received the income derived from the pattern of
24   racketeering activity or through the collection of an unlawful debt; and

25       (b)    Describe the use or investment of such income.

26       (9)    <u>Section 1962(b).</u>  If the complaint alleges a violation of 18 U.S.C.
27   § 1962(b), describe in detail the acquisition or maintenance of any interest in or
28   control of the alleged enterprise.

LEGAL02/31935663v5

(10) <u>Section 1962(c).</u>  If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    (a)    State who is employed by or associated with the enterprise; and

    (b)    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

(11) <u>Section 1962(d).</u>  If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

(12) <u>Injury to Business or Property.</u>

    (a)    Describe the alleged injury to business or property;

    (b)    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

(13) <u>Damages.</u>  List the damages sustained for which each defendant is allegedly liable.

(14) <u>State Claims.</u>  List all supplemental state claims, if any.

### iii.    Application To Constituent Cases

The Master Consolidated Complaint(s) will be deemed to amend the complaints in each of the constituent actions identified in the case caption to reflect the content of the Master Consolidated Complaint(s), including all claims and theories contained therein.  The use of consolidated Master Consolidated Complaints, however, is without prejudice to the right of any party to argue for or against consolidation for purposes of trial.  Additionally, use of Master Consolidated Complaints and the identification of specific defendants in the Master Consolidated Complaints shall not make any entity a party to any constituent action in which the entity has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

### iv.    Subsequently Filed Or Transferred Cases

Within twenty (20) days of the receipt of this Order from Co-Lead or Liaison Counsel, parties in any subsequently filed or transferred action shall identify the Master Consolidated Complaint that shall apply to their case.  The Master

7

Consolidated Complaint so identified will then be deemed to amend the complaint in the subsequently filed or transferred action to reflect the content of the Master Consolidated Complaint identified, including all claims and theories contained therein.

<b>v.   <u>Service Of Master Complaints</u></b>

Service of the Master Consolidated Complaints shall be made on all defendants <u>no later than July 2, 2010</u> in the manner discussed below in Section III.C.2.a.

<b>b.   <u>Briefing Schedule For Rule 12 Motions In Economic<br>Loss Class Actions</u></b>

<b>i.   <u>Rule 12 Motions</u></b>

Should any or all Defendants wish to file motions to dismiss under Fed. R. Civ. P. 12(b) in response to any or all claims asserted in any of the Master Consolidated Complaints and/or a motion concerning issues specific to claims brought by foreign plaintiffs (e.g., forum non conveniens), such motions shall be filed and served <u>no later than September 3, 2010</u>.

With respect to arguments common to all Defendants, it is expected that the Defendants shall collectively submit a single motion for each Master Consolidated Complaint.  However, to the extent that there are any overlapping issues between motions, Defendants shall address such issues in only one brief and incorporate such arguments by reference in briefing for other motions.  Each brief in support shall not exceed fifty (50) pages.

Defendants that wish to present defendant-specific Rule 12 arguments may submit a separate motion and brief.  Briefs in support of defendant-specific motions shall not exceed fifteen (15) pages each.

In addition, Defendants may also submit one motion and brief addressing the claims brought by foreign plaintiffs.  The brief in support of such motion shall not exceed thirty-five (35) pages.

LEGAL02/31935663v5

### ii.   **Response Briefs**

Plaintiffs' responses to any Rule 12(b) motions or motions concerning claims brought by foreign plaintiffs shall be filed and served <u>no later than October 15, 2010</u>. Plaintiffs shall collectively file one response brief for each motion.

With respect to Rule 12 motions addressing common arguments, Plaintiffs' response briefs shall not exceed fifty (50) pages each.

With respect to any defendant-specific Rule 12 motions, Plaintiffs' response briefs shall not exceed fifteen (15) pages each.

With respect to any motion filed concerning the claims brought by foreign plaintiffs, Plaintiffs' response brief shall not exceed thirty-five (35) pages.

### iii.   **Reply Briefs**

Should Defendants elect to file reply briefs, such reply briefs shall be filed and served <u>no later than November 12, 2010</u>.  Defendants may file one reply brief for each motion.

Reply briefs concerning common issues shall not exceed twenty-five (25) pages.

Reply briefs concerning defendant-specific issues shall not exceed ten (10) pages.

Reply briefs concerning claims brought by foreign plaintiffs shall not exceed fifteen (15) pages.

### iv.   **Hearing Date And Ruling On Motions**

The Court shall conduct a hearing on motions to dismiss on <u>December 17, 2010 at 9:00 a.m.</u>  The Court will endeavor to issue a decision on motions to dismiss by <u>February 4, 2011</u>.

### c.   **Answers To Master Consolidated Complaints**

Within thirty (30) days after the Court issues the last of its orders resolving all Rule 12(b) motions addressed to the Master Consolidated Complaints, Plaintiffs shall file amended consolidated complaint(s) consistent with the Court's rulings on the

9

Rule 12 motions. Within thirty (30) days of the filing of the amended consolidated complaint(s), each Defendant shall file a Master Consolidated Answer to each Master Consolidated Complaint (to the extent not dismissed) in which that Defendant was identified. The Master Consolidated Answer(s) shall constitute an answer in each of the class actions now pending or subsequently added to this proceeding. Defendants otherwise need not file answers in any class action (to the extent that they have not already done so).

### d.  Individual Economic Loss Cases

Given plaintiffs' proposal to defer handling of the individual economic loss cases until after the filing of the Master Consolidated Class Action Complaint(s), defendants agree that the response to the individual economic loss complaints shall not be due at this time and should be governed under future scheduling orders.

### B.  Personal Injury/Wrongful Death Cases

#### 1.  Plaintiffs' Proposal

##### a.  Complaint And Service Issues

Pursuant to the Court's Order No. 2, Defendants will be limited to two motions to dismiss to address any common issues that affect all or a substantial number of personal injury/wrongful death complaints. These motions are intended to serve as "bellwethers" to provide the parties guidance regarding the same issues in other cases before further motions practice proceeds. Per Court Order No. 2, any motions to dismiss which address matters outside the scope of the bellwether motions and which are unique to claims by a particular plaintiff may be filed by Defendants anytime without limitation.

The Toyota Defendants have suggested a proposed structure for the filing of personal injury/wrongful death complaints that Co-Lead counsel considers to be generally acceptable (subject to the proposed briefing schedule below), but incomplete in a few respects. First, while Co-Leads accept the Toyota Defendants' offer to have the Toyota Defendants, including Toyota Motor Corporation, submit to the

10

jurisdiction of this court for all purposes upon service via CM/ECF, there should be a similar arrangement reached with other defendants currently or subsequently named in any personal injury/wrongful death complaints. The relevant parties should be required to meet and confer regarding these issues as they arise in this MDL as to any particular defendants who intend to challenge the jurisdiction of the Court.

Second, Plaintiffs maintain that any Plaintiffs asserting personal injury/wrongful death complaints should retain their right to amend their pleadings to conform to proof anytime without limitation. In addition, Plaintiffs believe it is desirable to establish a process that facilitates the prompt and ready amendment of pleadings through trial. Accordingly, every personal injury/wrongful death claimant should retain the right to make any other amendments to their pleadings, such as adding or omitting causes of action or defendants, upon a minimal showing of the need for, and efficiencies to be gained by, said amendment. In that vein, the parties have agreed to meet and confer regarding the applicable standard for subsequent amendments to pleadings, as well as any particular alleged pleading defects such as statute of limitations issues in individual cases, by June 25, 2010.

<b>b.    <u>Briefing Schedule</u></b>

Plaintiffs respectfully propose that any motion to dismiss Plaintiffs personal injury/wrongful death complaints should be filed 30 days after the complaint is filed. Plaintiffs' opposition should be filed 30 days thereafter and replies 14 days thereafter.

<b>2.    <u>Defendants' Proposal</u></b>

<b>a.    <u>Complaints</u></b>

As indicated in the Court's previous orders, Individual Personal Injury/Wrongful Death Cases shall continue to operate under their constituent pleadings. To the extent they have not done so, Plaintiffs shall affect service of these complaints <u>no later than July 2, 2010</u>. Service shall be affected as described in Section III.C.2.a. *infra*.

LEGAL02/31935663v5

**b.** **Briefing Schedule For Rule 12 Motions**

**i.** **Motions**

Pursuant to the Court's Order No. 2, Defendants shall be permitted to file collectively two Rule 12 motions raising common issues affecting all or a substantial number of personal injury/wrongful death complaints, which shall serve as bellwethers with respect to the same issues in other cases.  In order to avoid duplication of briefing, to the extent that there are any overlapping issues between these Rule 12 motions and the Rule 12 motions to be filed in economic loss cases, it is expected that Defendants will address such issues in only one brief and incorporate such arguments by reference in other briefing.

Defendants may file without limitation Rule 12 motions raising issues unique to a particular plaintiff.

Should any or all Defendants wish to file motions to dismiss under Fed. R. Civ. P. 12(b) in response to any or all claims asserted in the individual personal injury/wrongful death complaints, whether on the basis of common or unique issues, such motions shall be filed and served no later than September 3, 2010.

Bellwether briefs concerning common issues shall not exceed fifty (50) pages each.

Briefs concerning issues unique to a particular plaintiff shall not exceed twenty (20) pages.

**ii.** **Response Briefs**

Plaintiffs' responses to any Rule 12(b) motions shall be filed and served no later than October 15, 2010.

With respect to bellwether Rule 12 motions, Plaintiffs shall collectively file one response brief for each.  Bellwether response briefs shall not exceed fifty (50) pages each.

Unique response briefs shall not exceed twenty (20) pages each.

LEGAL02/31935663v5

### iii.  <u>Reply Briefs</u>

Should Defendants elect to file reply briefs, such reply briefs shall be filed and served <u>no later than November 12, 2010</u>.

With respect to bellwether Rule 12 motions, Defendants may collectively file one reply brief for each.  Bellwether reply briefs shall not exceed twenty-five (25) pages each.

Unique reply briefs shall not exceed ten (10) pages each.

### iv.  <u>Hearing Date And Ruling On Motions</u>

The Court shall conduct a hearing on motions to dismiss on <u>December 17, 2010 at 9:00 a.m.</u>  The Court will endeavor to issue a decision on motions to dismiss by <u>February 4, 2011</u>.

### c.  <u>Answers To Complaints</u>

To the extent that they have not done so before entry of this Order, Defendants shall answer any complaints in the Individual Personal Injury/Wrongful Death Cases for which they do not intend to file Rule 12 motions <u>no later than October 15, 2010</u>.

For all other cases, Plaintiffs shall file amended complaint(s) consistent with the Court's rulings on the Rule 12 motions within thirty (30) days after the Court issues the last of its orders resolving all Rule 12(b) motions addressed to the personal injury wrongful death complaints.  Defendants shall answer within thirty (30) days of the filing of the amended complaint(s).

## II.  <u>RULE 26 INITIAL DISCLOSURES</u>

### A.  <u>Plaintiffs' Proposal</u>

Plaintiffs are ready to make initial disclosures within thirty days from May 28, 2010.  Plaintiffs believe that defendants' production of documents produced to the government and produced in other cases would constitute defendants' initial disclosures until a further discovery order is entered following the scheduling conference to be held on June 25, 2010.

**B.    Defendants' Proposal**

In light of the comprehensive discovery plan that the Parties will submit on June 21, 2010, the as-yet undefined Core Discovery, and the anticipated role of the Special Master in facilitating the cost-effective and efficient discovery in the various categories of cases, all parties to this proceeding are relieved of their obligation to comply with (i) any applicable initial disclosure requirements of Fed. R. Civ. P. 26(a)(1), (ii) any applicable specifications on timing and sequencing of discovery set forth in Fed. R. Civ. P. 26(d), and (iii) any applicable obligation of any party to this proceeding to comply with the conference and planning requirements in Fed. R. Civ. P. 26(f).

**III.    OTHER MATTERS**

**A.    PRETRIAL CONSOLIDATION AND COORDINATION**

**1.    Joint Proposal**

The civil actions listed on Schedule A are consolidated for pretrial purposes. Any related or "tag-along" actions that become a part of this proceeding by virtue of being instituted in, removed to, or transferred to this Court (including, without limitation, cases transferred pursuant to Local Rules, 28 U.S.C. § 1404(a), or 28 U.S.C. § 1407), will automatically be consolidated with this action without the necessity of future motions or orders.

This Order is without prejudice to the right of any party to argue for or against consolidation for purposes of trial, and shall not make any entity a party to any action in which the entity has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

The terms of this Order shall apply automatically to all consolidated cases, including those on Schedule A and all other cases that later become a part of this proceeding. Should parties in any subsequently filed or transferred action wish to object to the terms of this Order, they must do so within twenty (20) days of the receipt of this Order from Co-Lead or Liaison Counsel.

LEGAL02/31935663v5

B.   **CASE FILINGS**

    1.   **Joint Proposal**

In addition to the procedures outlined in the Court's Order No. 1, the parties recommend the following:

    a.   **Master Docket And Record**

For the convenience of the parties and the Court, the Clerk of this Court will maintain a master docket with a single docket number and master record under the style: "*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation,*" Master Case No. 8:10ML2151 JVS (FMOx). When an order, pleading or other document is filed and docketed in the master docket, it shall be deemed filed and docketed in each individual case to the extent applicable and will not ordinarily be separately docketed or physically filed in any individual cases. However, the caption shall also contain a notation indicating whether the document relates to all cases or only to specified cases, as described below.

    b.   **Captions**

All orders, pleadings, motions, and other documents filed in this proceeding shall bear the caption contained on this Order.

If a document that is filed in this proceeding is generally applicable to all consolidated actions, the caption shall include the notation that it relates to "ALL ACTIONS."  Likewise, if a document that is filed in this proceeding is generally applicable to a category of cases the caption shall so indicate.  If a document is intended to apply only to a particular case or cases, the caption shall indicate the Central District of California docket number of the case(s) to which it applies.

    c.   **Filing**

All documents which are required to be filed in an electronic format pursuant to General Order No. 08-02 must be filed electronically no later than midnight on the date due, unless otherwise ordered by the Court.  Documents filed late may be stricken by the Court.  The Court will not accept documents which were filed electronically,

1 | but which otherwise fail to comply with filing requirements.

2 | **d.** **Courtesy Paper Copies**

3 | Unless otherwise ordered, courtesy paper copies of all electronically filed
4 | documents must be delivered to the courtesy box outside chambers no later than 12:00
5 | noon the following business day. The courtesy paper copies must comply with Local
6 | Rule 11-3. The courtesy paper copy must be prominently labeled COURTESY COPY
7 | on the face page. The courtesy paper copy must include the Notice of Electronic
8 | Filing, which should be the last page of the document. The court's CM/ECF website
9 | contains additional instructions for delivery of courtesy copies. Counsel seeking any
10 | kind of expedited relief, such as by an Ex Parte Application or an application for a
11 | Temporary Restraining Order, shall deliver the courtesy paper copies to chambers
12 | immediately after the applicable filed document(s) have been filed.

13 | **e.** **Local Rules**

14 | Except as otherwise specified, the Local Rules shall apply. For convenience the
15 | Local Rules are posted on the Court's website, http://www.cacd.uscourts.gov.

16 | **C.** **Service**

17 | **1.** **Plaintiffs' Proposal**

18 | Plaintiffs believe service shall occur sixty days after the document turnover
19 | described above in Section I.A.1.a.

20 | **2.** **Defendants' Proposal**

21 | **a.** **Service Of Complaint**

22 | The Toyota Defendants,[1] CTS Corporation, Hino Motors, Ltd., Hino Motors
23 | Manufacturing U.S.A., Inc., and Hino Motors Sales U.S.A., Inc. have agreed to waive
24 | formal service of process and can be served with these complaints via CM/ECF.
25 | Defendant Toyota Motor Corporation ("TMC"), a Japanese entity, has further agreed
26 | to waive formal service of process as required under the Hague Convention and will

27 |

28 | _____

[1] The Toyota Defendants include Toyota entities named as defendants in constituent cases that are also named in the Consolidated Complaint(s).

16

1  also accept service via CM/ECF without translation of the documents into Japanese.
2  All other Defendants shall be served pursuant to Federal Rule of Civil Procedure 4.

3  **b.    Electronically Filed Documents**

4        All orders and any pleading, motion, or other document filed by any party
5  electronically through CM/ECF will be electronically served on all counsel of record.
6  Plaintiffs' Co-Lead Counsel for Class Actions and for Personal Injury/Wrongful
7  Death Cases and Defendants' Co-Lead Counsel for Class Actions and for Personal
8  Injury/Wrongful Death Cases shall distribute such filings as appropriate to other
9  counsel and parties on their respective sides of this proceeding who have not signed
10  up for notification of electronic filings.

11        Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be
12  filed with the Court, except when specifically ordered by the Court or to the extent
13  they are necessary in connection with a motion.

14  **c.    Non-Electronically Filed Documents**

15        Any discovery, correspondence, or other document that is not filed
16  electronically through CM/ECF shall be served through Lexis File and Serve, which
17  would send notice of the filing and service of the document via electronic means to all
18  parties on the service list.

19  **D.    Pending Motions And Outstanding Discovery**

20      **1.    Joint Proposal**

21        **a.    Pending Motions**

22        The parties have informed the Court that there are motions to dismiss, motions
23  for class certification, and motions for preliminary injunctive relief currently pending
24  in certain constituent class action cases.  Because the Court will require Plaintiffs to
25  file a Master Consolidated Class Action Complaint(s), and to conserve judicial
26  resources, the Court will not rule on any of these pending motions, which are hereby
27  deemed withdrawn without prejudice to re-file after the filing of the master
28  Complaint(s).

            **b.**    **Outstanding Discovery**

All outstanding discovery requests in any of the constituent actions to this MDL proceeding are deemed withdrawn without prejudice to being re-served once a comprehensive discovery plan is put in place following the June 25, 2010 hearing.

**E.**    **Modification**

        **1.**    **Joint Proposal**

The parties and Court acknowledge that modification of this Order may be necessary based on experience operating under it and the parties and claims ultimately included in the Master Consolidated Complaints. Any party is therefore free to seek modification of this Order for good cause shown.

LEGAL02/31935663v5

1

2    Dated:  May 26, 2010                Respectfully submitted,

3

4                                        By:   /s/ Steve W. Berman
                                         _____
5                                        STEVE W. BERMAN (WA SBN 12536)
                                         **HAGENS BERMAN SOBOL SHAPIRO LLP**
6                                        1918 Eighth Avenue, Suite 3300
                                         Seattle, WA 98101
7                                        Telephone:  (206) 268-9320
                                         Facsimile:  (206) 623-0594
8                                        Email:  steve@hbsslaw.com

9

10                                       By:   /s/ Marc M. Seltzer
                                         _____
11                                       MARC M. SELTZER (CA SBN 054534)
                                         **SUSMAN GODFREY L.L.P.**
12                                       1901 Avenue of the Stars, Suite 950
                                         Los Angeles, CA 90067
13                                       Telephone:  (310) 789-3102
                                         Facsimile:  (310) 789-3006
14                                       Email:  mseltzer@susmangodfrey.com

15                                       By:   /s/ Frank M. Pitre
                                         _____
16                                       FRANK M. PITRE (CA SBN 100077)
                                         **COTCHETT, PITRE & MCCARTHY**
17                                       840 Malcolm Road, Suite 200
                                         Burlingame, CA 94010
18                                       Telephone:  (650) 697-6000
                                         Facsimile:   (650) 697-0577
19                                       Email:  fpitre@cpmlegal.com

20                                       *Co-Lead Plaintiffs' Counsel for Economic*
                                         *Loss Cases*
21

22

23

24

25

26

27

28

1

2

By:   /s/ Elizabeth J. Cabraser

3

ELIZABETH J. CABRASER (CA SBN 083151)
**LIEFF CABRASER HEIMANN**
**  & BERNSTEIN, LLP**
275 Battery Street, Suite 3000
San Francisco, CA 94111
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
Email:  ecabraser@lchb.com

4

5

6

7

8

By:   /s/ Mark P. Robison

9

MARK P. ROBINSON, JR. (CA SBN 54426)
**ROBINSON, CALCAGNIE & ROBINSON INC.**
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Telephone:  (949) 720-1288
Facsimile:   (949) 720-1292
Email:  mrobinson@rcrlaw.net

10

11

12

*Co-Lead Plaintiffs' Counsel for Personal*
*Injury/Wrongful Death Cases*

13

14

15

By:   /s/ Cari K. Dawson

16

CARI K. DAWSON (GA SBN 213490)
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 881-7766
Facsimile:   (404) 253-8567
Email:  cari.dawson@alston.com

17

18

19

20

By:   /s/ Lisa Gilford

21

LISA GILFORD (CA SBN 171641)
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100
Email:  lisa.gilford@alston.com

22

23

24

25

*Lead Defense Counsel for Economic Loss Cases*

26

27

28

1

2
By:   /s/ Vincent Galvin, Jr.

3
VINCENT GALVIN, JR. (CA SBN 104448)
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200

4
San Jose, CA 95110
E-mail:  vincent.galvin@bowmanandbrooke.com

5

6
By:   /s/ Joel Smith

7
JOEL SMITH (SC SBN 5266)
**BOWMAN AND BROOKE**

8
1441 Main Street, Suite 1000
Columbia, SC 29201

9
E-mail:  joel.smith@bowmanandbrooke.com

10
***Lead Defense Counsel for Personal Injury/Wrongful
Death Cases***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL02/31935663v5