1  Elizabeth J. Cabraser, Bar No. 083151
   *ecabraser@lchb.com*
2  LIEFF CABRASER HEIMANN &
     BERNSTEIN, LLP
3  275 Battery Street, 29th Floor
4  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
5  Facsimile:   (415) 956-1008

6  Mark P. Robinson, Jr., Bar No. 054426        Marc M. Seltzer, Bar No. 054534
   *mrobinson@rcrlaw.net*                       *mseltzer@susmangodfrey.com*
7  ROBINSON, CALCAGNIE &                        SUSMAN GODFREY L.L.P.
8    ROBINSON                                   1901 Avenue of the Stars, Suite 950
   620 Newport Center Drive, 7th Floor          Los Angeles, CA  90067-6029
9  Newport Beach, CA  92660                     Telephone:  (310) 789-3102
   Telephone:  (949) 720-1288                   Facsimile:   (310) 789-3006
10 Facsimile:  (949) 720-1292

11
   Steve W. Berman (*pro hac vice*)             Frank M. Pitre, Bar No. 100077
12 *steve@hbsslaw.com*                          *fpitre@cpmlegal.com*
   HAGENS BERMAN SOBOL                          COTCHETT, PITRE &
13   SHAPIRO LLP                                  MCCARTHY
14 1918 Eighth Avenue, Suite 3300               840 Malcolm Road, Suite 200
   Seattle, WA  98101                           Burlingame, CA  94010
15 Telephone:  (206) 268-9320                   Telephone:  (650) 697-6000
   Facsimile:  (206) 623-0594                   Facsimile:   (650) 697-0577
16
17 *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:10ML2151 JVS (FMOx)<br><br>BRIEF IN SUPPORT OF PLAINTIFFS' PROPOSED SCHEDULING ORDER REGARDING THE CONSOLIDATED COMPLAINT |
| This Document Relates To:<br><br>ALL CASES | Date of Hearing:  May 28, 2010<br>Time:  9:00 a.m.<br>Place: Courtroom of the Hon. James V. Selna |

010172-25 372618 V1

Pursuant to Order No. 2 (Dkt. No. 169), filed on May 14, 2010, Plaintiffs respectfully submit this memorandum addressing the timing of the filing of complaints and a briefing schedule for motions to dismiss.

**A.     The Court Should set the Consolidated Amended Complaint Filing Deadline for 60 days After Plaintiffs Receive Toyota Documents That Were Previously Produced in Related Investigations**

The purpose the Federal Rules of Civil Procedure pleading rules is to "facilitate a proper decision on the merits," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)); *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462 (9th Cir. 1990); *Winn Inc. v. Eaton Corp.*, 272 F. Supp. 2d 968, 973 (C.D. Cal. 2003), while "secur[ing] the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1.  To these ends, Plaintiffs ask the Court to set the filing deadline for Plaintiffs' Consolidated Amended Complaint for 60 days after they receive Toyota documents already collected and previously produced in related investigations.

**1.     Plaintiffs request early production of previously produced documents**

Co-Lead Counsel ("Co-Leads") recently asked Toyota to produce copies of documents that it has already collected and produced in connection with governmental and other investigations relating to unintended-acceleration complaints.  *See* Letter of Marc M. Seltzer, *et al.*, to Vincent Galvin, Jr. *et al.*, dated May 19, 2010, attached as Ex. 1 to the Declaration of Steve W. Berman ("Berman Decl.").  The requested documents include:

- Internal company documents Toyota provided to the House Committee on Energy and Commerce or the Subcommittee on

      Oversight and Investigations relating to sudden unintended acceleration of any Toyota vehicle;

- All documents that Toyota provided to the National Highway Traffic Safety Administration ("NHTSA") responsive to its requests for documents relating to unintended acceleration;
- All complaints that NHTSA has provided to Toyota from Toyota owners relating to unintended acceleration of any Toyota vehicle;
- All documents Toyota has provided to any state attorney general relating to unintended acceleration of any Toyota vehicle;
- All documents Toyota has produced to any party or obtained from any party in any litigation relating to unintended acceleration; and
- All deposition notices served in any litigation involving sudden unintended acceleration of any Toyota vehicle.

*Id*. at 1-2. The letter explained that Toyota has already collected and produced or obtained the requested documents and that prompt production "therefore should not involve any significant burden …." *Id.* at 2.

      Co-Leads were also clear why they were requesting these documents at this particular point of the litigation: "We believe that prompt production of the documents described above will likely be of assistance to plaintiffs in preparing their consolidated complaint …." Co-Leads seek these documents now in order to avoid missteps in the consolidated complaint that could waste the Court and parties' time and resources.[1]

      Early production of Toyota's previously produced documents will further that goal. The hundreds of initial complaints filed in this consolidated action essentially

---

[1] They also advised Toyota that they would raise the timing of the production at the May 28 hearing. *Id*. Toyota rejected Co-Leads' proposal. Letter of Cari K. Dawson to Marc Seltzer, dated May 21, 2010, attached as Ex. 2 to Berman Decl.

assert three different causes of unintended acceleration that afflict Toyota vehicles: stiff floor mats, sticky throttle pedals, and Toyota's unique fully electronic throttle. Co-Leads are not obligated to reassert in the consolidated amended complaint by rote every cause alleged in these complaints. Co-Leads' responsibilities in drafting the consolidated complaint thus include evaluating these three alleged causes to determine which merit reasserting and whether there may be additional causes. The consolidated complaint hence may narrow or augment the number of alleged causes of unintended acceleration. Early production will make Co-Leads' evaluation more robust.

### 2. Courts permit early discovery of previously produced documents

Courts permit early discovery of previously produced documents. The importance of documents previously produced in connection with official investigations, coupled with the sharply reduced burden of producing them a second time, lead courts to authorize their production early in a litigation. For example, in *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, at 1 (D. Mass. Oct. 28, 2002) ("*AWP*") (Ex. 3 to Berman Decl.), less than two months after scores of related complaints were consolidated, the court ordered defendants to produce copies of all documents previously produced "to any federal or state executive or legislative agency or entity in connection with any investigation …" and in "any other legal proceeding …." The complaints alleged industry-wide misconduct to artificially inflate Medicare reimbursements.

The court in *In re Dynamic Random Access (DRAM) Antitrust Litig.*, No. M-0201486-PJH (N.D. Cal. Apr. 16, 2003) (Ex. 4 to Berman Decl.), similarly entered a stipulated order requiring defendants to produce to plaintiffs "all docu-

BRIFF IN SUPPORT OF PLAINTIFFS' PROPOSED
SCHEDULING ORDER RE THE CONSOLIDATED COMPLAINT
010172-25  372618 V1

- 3 -

ments theretofore produced by such Defendant to that grand jury in compliance with the subpoenas …." This order was issued just six months after the Judicial Panel for Multi-District Litigation transferred the matter to the court, and just two and a half months after they were consolidated. *See* Ex. 7 to Berman Decl., at 117-25. *See also In re Hydrogen Peroxide Antitrust Litig.*, No. 05-666, at 2-3 (E.D. Pa. Oct. 24, 2005) (Ex. 5 to Berman Decl.) (same); *In re Rubber Chemicals Antitrust Litig.*, 03-CV-1496 (N.D. Cal. Jan. 26, 2004) (Ex. 6 to Berman Decl.) (documents produced to grand jury or DOJ subpoenas in related criminal investigation included within Rule 26 initial disclosures).

### 3. Early production facilitates testing the sufficiency of the complaint

Such expedited discovery can conserve judicial resources by speeding the evolution of the complaint and reducing the burden and expense of resolving motions to dismiss. Judicial economy is furthered where a complaint subject to a dismissal motion incorporates all pertinent facts known to the plaintiff. Anything less can generate wasted effort and higher costs when a court dismisses a complaint, only to have plaintiffs seek to amend a complaint based on facts known to them while the dismissal motion was pending. In *In re Stone & Webster, Inc. Sec. Litig.*, 217 F.R.D. 96 (D. Mass. 2003), the court, after granting a motion to dismiss, denied leave to amend to allege facts learned during the pendency of the dismissal motion. Piqued, the court complained that plaintiffs did not heed its effort on the dismissal motion:

> Considerable effort of the parties and the court was expended in the disposition of the motion to dismiss: the papers of the parties in support of and in opposition to the motion, the relevant documents at issue, and the pertinent cases created a veritable mountain of documents – a

mountain that I laboriously climbed more than once. [*Id*. at 98-99.]

It is this pitfall that Co-Leads seek to avoid. With the Court's permission, Co-Leads anticipate obtaining Toyota's previously produced documents very early in this litigation. Co-Leads then wish to file a consolidated amended complaint informed by those documents. The procedure for testing the sufficiency of the complaint, which procedure can be long and laborious in a complex action such as this, would otherwise waste the Court and parties' resources. If Plaintiffs are required to file their consolidated complaint before obtaining Toyota's previously produced materials, and defendants move to dismiss that complaint while Plaintiffs are reviewing those materials, Plaintiffs would seek to avoid the *Stone* plaintiffs' error by amending their consolidated complaint during the pendency of the dismissal motion, thereby mooting any pending motion to dismiss. In *Excimer Assocs. v. LCA Vision, Inc.*, 292 F.3d 134, 137 (2d Cir. 2002), for example, the Second Circuit noted that "the district court granted the motion to amend and denied the motion to dismiss as moot." In *Lim v. Central DuPage Hosp.*, 972 F.2d 758, 762 (7th Cir. 1992), the Seventh Circuit likewise noted that "[t]he district judge granted the plaintiff's motion to file an amended complaint … and ordered that the defendants' motions to dismiss were moot." A New Hampshire district court reasoned that "because the amended complaint is the operative complaint in this case, the two motions to dismiss the original complaint … are moot and relevant only to the extent that they have been incorporated, by reference, into the motions to dismiss the amended complaint." *Nagy v. Town of Andover*, 2001 U.S. Dist. LEXIS 17417, at *8 (D.N.H. Oct. 19, 2001). A California district court stated that, "[a]fter giving Plaintiffs leave to file a

second amended complaint, the Court continued the hearing on the motion to dismiss so that GTE could amend the motion to address new claims that Plaintiffs were adding to their complaint." *Beale v. GTE Cal.*, 999 F. Supp. 1312, 1317 (C.D. Cal. 1996).[2]

Alternatively, if the Court does not deem the pending motions moot, it would instead invite supplemental briefing regarding the amended complaint's new allegations. The Court would thus be faced with sequential, piece-meal dismissal briefing that each address only parts of the factual sufficiency of Plaintiffs' claims, an approach that would complicate this Court's final determination on the sufficiency of Plaintiffs' allegations. In either case the result is a complaint that is a moving target for Toyota, which would needlessly extend the time, expense and burden of testing its sufficiency, contrary to the goals of Fed. R. Civ. P. 1.

There is a better procedure. Co-Leads submit that the Court should order immediate production of Toyota's previously produced documents identified in Co-Leads' May 19 letter and schedule the filing of the consolidated amended complaint for 60 days after Co-Leads obtain those documents. This procedure will avoid the complications that certainly will follow if Plaintiffs must file the consolidated complaint first.

---

[2] *See also Colombo v. E. Irondequoit Cent. Sch.*, 2008 U.S. Dist. LEXIS 77295, at *10 (W.D.N.Y. Sept. 30, 2008); *Armstead v. Best Buy Stores, L.P.*, 2006 U.S. Dist. LEXIS 32374, at *4-5 (E.D. Wash. May 22, 2006); *Team Enters., LLC v. Western Inv. Real Estate Trust*, 2008 U.S. Dist. LEXIS 71003, at *4-5 (E.D. Cal. Aug. 7, 2008).

**B.     The Timing of Briefing on the Motion to Dismiss**

Plaintiffs believe that the motion to dismiss should be briefed on a 30/30/15 schedule commencing on the day the consolidated complaint is filed.

**C.     The Personal-Injury Complaints**

Pursuant to the Court's Order No. 2 (Dkt. No. 169), Toyota will be limited to two motions to dismiss to address any common issues that affect all or a substantial number of personal-injury/wrongful-death complaints.  These motions are intended to serve as "bellwethers" to provide the parties guidance regarding the same issues in other cases before further motions practice proceeds.  Per Court Order No. 2, any motions to dismiss that address matters outside the scope of the bellwether motions and are unique to claims by a particular plaintiff may be filed by defendants anytime without limitation.

The Toyota Defendants have suggested a proposed schedule for the filing of personal-injury/wrongful-death complaints that Co-Leads consider to be generally acceptable, but is incomplete in several respects.  First, while Co-Leads accept the Toyota Defendants' offer to have the Toyota Defendants, including Toyota Motor Corporation, submit to the jurisdiction of this Court for all purposes upon service via CM/ECF, there should be a similar arrangement reached with other defendants currently or subsequently named in any personal-injury/wrongful-death complaints. The relevant parties should be required to meet and confer regarding these issues as they arise in this MDL as to any particular defendants who intend to challenge the Court's jurisdiction.

Second, the Co-Leads maintain that any Plaintiffs asserting personal-injury/ wrongful-death complaints should retain their right to amend their pleadings to con-

form to proof anytime without limitation.  In addition, the Co-Leads believe it is desirable to establish a process that facilitates the prompt and ready amendment of pleadings through trial.  Accordingly, every personal-injury/wrongful-death claimant should retain the right to make any other amendments to their pleadings, such as adding or omitting causes of action or defendants, upon a minimal showing of the need for, and efficiencies to be gained by, such amendment.  In that vein, the Toyota Defendants and Co-Leads have agreed to meet and confer regarding the applicable standard for subsequent amendments to pleadings, as well as any particular alleged pleading defects such as statute of limitations issues in individual cases, by June 25, 2010.

DATED:  May 26, 2010.

HAGENS BERMAN SOBOL SHAPIRO LLP


By:      s/ Steve W. Berman
   Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 268-9320
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com

|   |   |
|---|---|
| 1 | By: _____ s/ Marc M. Seltzer _____ |
| 2 | Marc M. Seltzer (State Bar No. 054534) <br> SUSMAN GODFREY LLP |
| 3 | 1901 Avenue of the Stars, Suite 950 <br> Los Angeles, CA  90067-6029 |
| 4 | Telephone:  (310) 789-3102 |
| 5 | Facsimile:  (310) 789-3006 <br> Email:  mseltzer@susmangodfrey.com |

By: _____ s/ Marc M. Seltzer _____
Marc M. Seltzer (State Bar No. 054534)
SUSMAN GODFREY LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3102
Facsimile:  (310) 789-3006
Email:  mseltzer@susmangodfrey.com

By: _____ s/ Frank M. Pitre _____
Frank M. Pitre (Cal. SBN 100077)
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
Email:  fpitre@cpmlegal.com

*Co-Lead Plaintiffs' Counsel for Economic Loss Cases*

By: _____ s/ Elizabeth J. Cabraser _____
Elizabeth J. Cabraser (CA 083151)
LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP
275 Battery Street, Suite 3000
San Francisco, CA  94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email:  ecabraser@lchb.com

| | |
|---|---|
| 1 | |
| 2 | By:_____s/ Mark P. Robinson, Jr._____ |
|   | Mark P. Robinson, Jr. (Cal. SBN 54426) |
| 3 | ROBINSON, CALCAGNIE & ROBINSON, INC. |
|   | 620 Newport Center Drive, 7th Floor |
| 4 | Newport Beach, CA  92660 |
| 5 | Telephone:  (949) 720-1288 |
|   | Facsimile:  (949) 720-1292 |
| 6 | Email:  mrobinson@rcrlaw.net |

*Co-Lead Plaintiffs' Counsel for Personal Injury/Wrongful Death Cases*

BRIEF IN SUPPORT OF PLAINTIFFS' PROPOSED
SCHEDULING ORDER RE THE CONSOLIDATED COMPLAINT
010172-25  372618 V1

- 10 -

**PROOF OF SERVICE**

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on May 26, 2010.

                                                   /s/ Steve W. Berman
                                                   Steve W. Berman