# Exhibit 4

24

Jonathan M. Jacobson
Stephen A. Mansfield
Robert B. Humphreys
John W. Berry
*Akin Gump Strauss Hauer & Feld LLP*
590 Madison Avenue
New York, NY 10022
(212) 872-1020 (*telephone*)
(212) 407-3220 (*facsimile*)

Gary L. Halling, Cal. Bar No. 66087
James McGinnis, Cal. Bar No. 95788
*Sheppard, Mullin, Richter & Hampton LLP*
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100 (*telephone*)
(415) 434-3947 (*telecopier*)

*Attorneys for Defendant Samsung Semiconductor, Inc.*

[Other Parties and their counsel appear at end]

**ORIGINAL FILED**

APR 1 6 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# United States District Court
## Northern District Of California
## San Francisco Division

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | No. M-02-1486-PJH<br>MDL No. 1486 |
| This Documents Relates To:<br>ALL ACTIONS | **STIPULATION AND ORDER LIMITING THE SCOPE OF DISCOVERY**<br><br>Date: None<br>Time: N/A<br>Judge: The Honorable Phyllis J. Hamilton |

-1-

No. M-02-1486-PJH
MDL No. 1486
378377

STIPULATION AND ORDER LIMITING
THE SCOPE OF DISCOVERY

25

Certain Defendants in this case having moved for an Order staying all discovery pending completion of the pending grand jury proceedings; and the United States, through the Department of Justice, Antitrust Division, San Francisco Office, having moved to intervene and for a stay of all non-documentary discovery pending completion of the grand jury proceedings and any resulting criminal trial; and Plaintiffs having opposed these motions; and the Parties and proposed intervenor having resolved their differences by agreeing to the terms of this Stipulation and Order; IT IS HEREBY STIPULATED AND AGREED as follows:

1. The motion of the United States to intervene for the limited purpose of opposing certain discovery is GRANTED.

2. The limitations on discovery set forth in this Order may be lifted or modified on motion of any party at any time for good cause shown. The Court shall conduct a Discovery Status Conference within nine months of the date of entry of this Order to address the course of discovery and the continuing need, if any, for the limitations on discovery set forth in this Order. Similar conferences will be scheduled thereafter at six month intervals or on such other basis as the Court may deem appropriate. If there is no showing that the conditions motivating the limitations on discovery set forth in this Order have changed, it shall be presumed that the provisions of this Order shall remain in effect.

3. As soon as practicable, Plaintiffs and Defendants shall meet and confer regarding an appropriate Protective Order to govern proceedings in this case; and, if unable to agree, the Court will entertain a motion concerning such order. If a motion and hearing are necessary, the Plaintiffs and Defendants will use their best efforts to place the motion on the Court's calendar for a hearing no later than May 15, 2003.

4. The parties recognize that a federal grand jury, located in the Northern District of California, is currently conducting an investigation into competitive conditions in the

1   DRAM industry. Within 30 days of the date of entry of a Protective Order, each Defendant
2   shall produce to the other Parties for inspection and copying all documents theretofore
3   produced by such Defendant to that grand jury in compliance with the subpoenas issued by the
4   grand jury in June 2002 or any subsequent subpoenas issued; *provided, however,* that with
5   respect to documents responsive to subsequent grand jury subpoenas, nothing in this
6   Stipulation and Order shall prevent any Defendant from objecting to production on appropriate
7   grounds under the Federal Rules of Civil Procedure. Every 90 days thereafter, each Defendant
8   shall produce to the other Parties for inspection and copying, on a rolling basis, all documents
9   produced to the grand jury in compliance with such subpoenas during the preceding 90 days.
10  Reasonable costs for copying shall be borne by the Party receiving the copy.

11  5.  Within 30 days of entry of a Protective Order, each Plaintiff shall produce (a) all
12  documents referred to in the Plaintiff's Complaint, and (b) for each DRAM product purchased
13  during the "class period" as defined in the Complaint, documents sufficient to show the the
14  identity of the seller, the particular product (or "part") purchased, the quantities purchased, and
15  the prices paid by the Plaintiff.

16  6.  No interrogatories or requests to admit shall be propounded, except that any
17  Party may propound interrogatories seeking from any Plaintiff or Defendant (a) statistical data
18  concerning aggregate sales or purchases of DRAM products by the respective Plaintiff or
19  Defendant within the "class period(s)" as defined in the Complaints, (b) identification of the
20  types of products purchased or sold by the respective Plaintiff or Defendant during such time
21  period, and (c) identification of distribution channels used by the respective Plaintiff or
22  Defendant during such time period. These interrogatories may not call for narrative responses,
23  but shall be limited to statistical or identifying data only; *provided, however,* that the
24  interrogatory contemplated by subsection (c) above may require the responding party to name

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

No. M-02-1486-PJH
MDL No. 1486
378377

-3-

STIPULATION AND ORDER LIMITING
THE SCOPE OF DISCOVERY

27

the various distribution channels it used during the relevant time period. With respect to interrogatories directed to any Plaintiff, the information sought in these interrogatories is not intended to be different from the information mentioned in paragraph 5 above.

7. No depositions may be taken, except that depositions may be taken of Defendants' customers or Defendants' suppliers, or their employees, provided in any case that the deponent is not a former employee of any Defendant. No questions may be asked at any deposition about the grand jury proceedings or the witness' testimony, if any, before the grand jury or communications with the United States relating to the grand jury proceedings. If any such question is asked, counsel may direct the witness not to answer.

8. No deposition may be taken on less than three weeks notice absent agreement of all Parties and the United States, or as the Court may order for good cause shown. All interrogatories and notices of deposition shall be served upon the United States at the same time as served on any Party. Absent further order of the Court for good cause shown, no responses to any interrogatories, nor transcripts of depositions, shall be provided to any non-party (except the United States as set forth below); nor shall any party provide to any non-party (except (a) personnel working on this case on behalf of a party, or (b) the United States as set forth below), any information concerning the contents of any interrogatory response or deposition. For purposes of ensuring that the terms of this Stipulation and Order are enforced, the United States will be permitted to review (but not copy) all discovery produced by any Party, including deposition transcripts and responses to interrogatories and requests for admissions.

9. Plaintiffs have indicated their intention to file a single Consolidated Complaint. Notwithstanding any provision of this Order, to the extent that any Defendant denies in its Answer this Court's personal jurisdiction over such Defendant, or moves to dismiss on that

-5-

1  basis, this Order Limiting Discovery shall not apply to discovery by Plaintiffs limited to
2  evidence relating to the issue of personal jurisdiction over such Defendant(s); *provided,*
3  *however,* that no jurisdictional discovery may be taken of Nanya Technology Corporation,
4  Nanya Technology Corporation USA, Inc., Winbond Electronics Corporation, or Winbond
5  Electronics Corporation America, that is not otherwise permitted by paragraphs 1-8 and 10 of
6  this Order.
7       10.   During the pendency of the grand jury proceedings, except as provided herein or
8  by further Order of this Court, no discovery shall be conducted in these cases, including,
9  without limitation, any initial disclosure obligations under Fed. R. Civ. P. 26 or the local rules
10 of this Court, document requests, interrogatories, nonparty subpoenas, requests to admit, or
11 depositions. If the grand jury proceedings result in a criminal trial or trials, any Defendant or
12 the Department of Justice shall be free, for cause shown, to seek an order continuing the
13 provisions of this Stipulation and Order. If any such motion is made, the provisions of this
14 Order shall continue in effect pending the disposition of the motion.
15      11.   A Case Management Conference shall be scheduled for May 15, 2003, at 2:30
16 P.M., in the United States District Court, 450 Golden Gate Avenue, San Francisco, California,
17 17th Floor, Courtroom 3.

Dated: April 15, 2003

GUIDO SAVERI                              FRED T. ISQUITH
Saveri & Saveri, Inc.                     Wolf, Haldenstein, Adler Freeman & Herz
111 Pine Street, Suite 1700               270 Madison Avenue
San Francisco, CA 94111                   New York, NY 10016
(415) 217-6810 (telephone)                (212) 545-4600 (telephone)
(415) 217-6813 (facsimile)                (212) 545-4653 (facsimile)

_____                   _____
Guido Saveri                              Fred T. Isquith

*Plaintiff's Co-Lead Counsel*             *Plaintiff's Co-Lead Counsel*

No. M-02-1486-PJH
MDL No. 1486
378377

STIPULATION AND ORDER LIMITING
THE SCOPE OF DISCOVERY

29

| | |
|---|---|
| STEVEN W. BERMAN<br>Hagens Berman LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101<br>(206) 623-7292 (telephone)<br>(206) 623-0594 (facsimile)<br><br>*/s/ Steven W. Berman* /ss<br>Steven W. Berman<br><br>*Plaintiffs' Co-Lead Counsel* | JOSEPH J. TABACCO, JR.<br>Berman DeValerio Pease Tabacco Burt & Pucillo<br>425 California Street, Suite 2025<br>San Francisco, CA 94104<br>(415) 433-3200 (telephone)<br>(415) 433-6382 (facsimile)<br><br>*/s/ Joseph J. Tabacco, Jr.* /ss<br>Joseph J. Tabacco, Jr.<br><br>*Plaintiffs' Liaison Counsel* |
| RONALD C. REDCAY<br>Arnold & Porter<br>777 South Figueroa Street<br>Los Angeles, CA 90017-2513<br>(213) 243-4000 (telephone)<br>(213) 243-4199 (facsimile)<br><br>JOEL S. SANDERS<br>Gibson, Dunn & Crutcher LLP<br>One Montgomery Street<br>San Francisco, CA 94104<br>(415) 393-8200 (telephone)<br>(415) 986-5309 (facsimile)<br><br>By: */s/ Joel S. Sanders*<br>Joel S. Sanders<br><br>*Attorneys for Defendants Micron Technology, Inc. and Micron Semiconductor Products, Inc.* | JEFFREY S. DAVIDSON<br>JAN L. HANDZLIK<br>MARTIN R. BOLES<br>CHRISTOPHER J. HECK<br>Kirkland & Ellis<br>777 South Figueroa Street<br>Los Angeles, CA 90017-2513<br>(213) 680-8400 (telephone)<br>(213) 680-8500 (facsimile)<br><br>By: */s/ Christopher J. Heck*<br>Christopher J. Heck<br><br>*Attorneys for Defendant Infineon Technologies North America Corp.* |

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

| | |
|---|---|
| TERRENCE A. CALLAN<br>CECIL S. H. CHUNG<br>PAUL R. GRIFFIN<br>ALBERT J. BORO, JR.<br>PETER M. BRANSTEN<br>Pillsbury Winthrop LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>(415) 983-1000 (telephone)<br>(415) 983-1200 (facsimile)<br><br>By: *Cecil S. H. Chung*<br>    Cecil S. H. Chung<br><br>*Attorneys for Defendant Hynix Semiconductor America, Inc.* | JONATHAN M. JACOBSON<br>STEPHEN A. MANSFIELD<br>ROBERT B. HUMPHREYS<br>JOHN W. BERRY<br>Akin Gump Strauss Hauer & Feld LLP<br>590 Madison Avenue<br>New York, NY 10022<br>(212) 872-1020 (telephone)<br>(212) 407-3220 (facsimile)<br><br>GARY L. HALLING<br>JAMES L. McGINNIS<br>Sheppard, Mullin, Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>(415) 434-9100 (telephone)<br>(415) 434-3947 (facsimile)<br><br>By: *Jonathan M. Jacobson*<br>    Jonathan M. Jacobson<br><br>*Attorneys for Defendant Samsung Semiconductor, Inc.* |
| J. MARK GIDLEY<br>GEORGE L. PAUL<br>FRANK VASQUEZ, JR.<br>White & Case<br>601 Thirteenth Street, N.W.<br>Washington, DC 20005-3807<br>(202) 626-3600 (telephone)<br>(202) 639-9355 (facsimile)<br><br>By: *Frank Vasquez, Jr.*<br>    Frank Vasquez, Jr.<br><br>*Attorneys for Defendant Nanya Technology Corporation USA* | WILLIAM S. FARMER, JR.<br>Collette & Erickson LLP<br>555 California Street, 43rd Fl.<br>San Francisco, CA 94104-1791<br>(415) 788-4646 (telephone)<br><br>STEVEN H. MORRISSETT<br>Finnegan, Henderson, Farabow, Garrett & Dunner LLP<br>700 Hansen Way<br>Palo Alto, CA 94304<br>(650) 849-6624 (telephone)<br><br>By: *Steven H. Morrissett*<br>    Steven H. Morrissett<br><br>*Attorneys for Defendant Winbond Electronics Corporation America* |

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

No. M-02-1486-PJH
MDL No. 1486
378377

-7-

STIPULATION AND ORDER LIMITING
THE SCOPE OF DISCOVERY

31

| | |
|---|---|
| ROBERT B. PRINGLE<br>Thelen Reid & Priest LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105-3601<br>(415) 369-7307 (telephone)<br>(415) 371-1211 (facsimile)<br><br>By: /s/ Robert B. Pringle<br>    Robert B. Pringle<br><br>*Attorneys for Defendant Elpida Memory (USA), Inc.* | WILLIAM M. GOODMAN<br>K.C. MAXWELL<br>Topel & Goodman<br>832 Sansome Street, 4th Floor<br>San Francisco, CA 94111<br>(415) 421-6140 (telephone)<br>(415) 398-5030 (facsimile)<br><br>By: /s/ William M. Goodman<br>    William M. Goodman<br><br>*Attorneys for Defendant Mosel Vitelic Corporation* |

NIALL E. LYNCH
RICHARD B. COHEN
DINA WONG
EUGENE S. LITVINOFF
Antitrust Division
U.S. Department of Justice
405 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
(415) 436-6660 (telephone)

By: /s/ Niall E. Lynch
    Niall E. Lynch

*Attorneys for Intervenor United States*

Based on the stipulation of the parties, and for good cause shown, the foregoing is hereby SO ORDERED:

_____
Phyllis J. Hamilton
United States District Judge

Dated: April 16, 2003

No. M-02-1486-PJH
MDL No. 1486
378377

-8-

STIPULATION AND ORDER LIMITING
THE SCOPE OF DISCOVERY

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

32