# Exhibit 5

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

**HYDROGEN PEROXIDE ANTITRUST
LITIGATION**

**This Document Relates To:**

**ALL ACTIONS**

**CIVIL ACTION NO. 05-666**

**CLASS ACTION**

## STIPULATION AND [PROPOSED] ORDER RE: PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ALL DEFENDANTS 

WHEREAS, the Direct Purchaser Plaintiffs served upon all defendants their First Request for Production of Documents ("Document Requests"); and

WHEREAS, defendants Arkema, Inc., FMC Corporation, Solvay Chemicals, Inc., Solvay America, Inc., Degussa Corporation, Eka Chemicals Inc., Akzo Nobel Inc. and Kemira Chemicals, Inc. ("Domestic Defendants") served objections and responses to the Document Requests;

WHEREAS, the parties are continuing to meet and confer in an effort to reach an agreement concerning the protection of the confidential information in the discovery produced in this litigation;

WHEREAS, the parties have met and conferred in an effort to reach agreement concerning the appropriate scope of an initial document production by the Domestic Defendants

**34**

and to resolve the parties dispute with respect to the Domestic Defendants' objections to the Document Requests; and

WHEREAS, certain foreign defendants seek to resolve at this point any disputes they may have with respect to the Document Requests.

NOW THEREFORE, it is hereby STIPULATED and AGREED, by and among the Direct Purchaser Plaintiffs and the defendants identified below by their undersigned counsel, as follows:

1.    Beginning not later than twenty-one days following the execution of this stipulation and continuing through not later than December 16, 2005 (except in the event of a supplemental document production as provided in paragraph 1(a) below), the undersigned defendants shall, in a good faith effort to produce documents regularly throughout this period as they become available, produce the following documents:

(a)    All documents produced to the Grand Jury and/or to the United States Department of Justice ("D.O.J.") relating to the investigation into allegedly anti-competitive conduct relating to hydrogen peroxide, and/or its downstream products sodium perborate and sodium percarbonate (collectively, "hydrogen peroxide) ("Investigation"). If the undersigned defendants produce additional documents to the Grand Jury and/or the D.O.J in the Investigation to supplement the existing production, they shall likewise produce such documents to the Direct Purchaser plaintiffs, within thirty (30) days after the production of such documents to the government. Nothing herein shall entitle the Direct Purchaser Plaintiffs to any documents protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, that were produced to the Grand Jury or D.O.J. in this Investigation by any

2

undersigned defendant pursuant to an agreement by which such privilege was not otherwise waived. Any defendant withholding any document produced to the Grand Jury or D.O.J. on a claim of any such privilege shall produce a privilege log as provided for in the Federal Rules of Civil Procedure. The Direct Purchaser Plaintiffs reserve all rights to challenge the applicability of any such claimed privilege;

(b)     As set forth more particularly in Request No. 5 of the Document Requests, which is incorporated herein, to the extent such documents were not produced as part of an undersigned defendants' Grand Jury production or to the D.O.J. in the Investigation, all transactional data relating to that defendant's sales of hydrogen peroxide in the United States to unrelated entities, in the native format such data is kept in the usual course of business (if such data is not available in electronic form, documents sufficient to show transactional information in summary form shall be produced in hard copy);

(c)     To the extent such documents were not produced as part of an undersigned defendant's Grand Jury production or to the D.O.J. in the Investigation, documents sufficient to identify, in relation to that defendant's sale of hydrogen peroxide in the United States to unrelated entities, all raw materials and intermediates used to produce the hydrogen peroxide that defendant manufactured, and the source and cost of those raw materials and intermediates;

(d)     Direct Purchaser Plaintiffs expressly reserve their right to obtain discovery on jurisdictional issues raised by any defendant in a motion to dismiss from that defendant and that defendant's related counterpart defendant(s), and without any restriction provided for in paragraph (e) below. No defendant, by signing this Stipulation or producing documents or data pursuant to it, will be deemed to have waived its right to move to dismiss or otherwise challenge plaintiffs' claims on the grounds of lack of personal jurisdiction;

3

**36**

(e)     Except as provided above, the undersigned defendants shall have no further obligation to produce documents in response to the Document Requests or respond to other written discovery (including additional document requests or interrogatories) prior to the Court's resolution of the Direct Purchaser Plaintiffs' motion for class certification, provided that, plaintiffs shall have the right to make further follow-up requests for documents and information if there is good cause for such requests and the requested documents and information are necessary for litigating class certification issues.  In that regard, the Direct Purchaser Plaintiffs shall not be required to re-serve their initial requests for production of documents, but need only advise the defendants in writing of the particular document requests as to which they request further production than provided in the grand jury production.  The undersigned defendants reserve all applicable objections to such requests for documents and information.  The limitation on discovery provided for herein shall not apply with respect to any defendant that is not a party to this stipulation.

2.      The documents produced pursuant to paragraphs 1(b) and 1(c) above shall be documents generated during, or relating to, the period from January 1, 1992 through June 30, 2005. However, no defendant will be obligated by this agreement to manufacture documentation or data described in paragraphs 1(b) and 1(c) above that does not already exist (whether in electronic or hardcopy form) for any part of this stated period.  The express understanding by all signed parties below is that by producing documents and data pursuant to paragraphs 1(b) and 1(c) above, the undersigned defendants are released from any further obligation to produce such data in relation to any additional time period, for this entire case, including, but not limited to, discovery on the merits, unless:

4

37

(a) Direct Purchaser Plaintiffs show good cause to request additional such data beyond the period from January 1, 1992 through June 30, 2005; and/or

(b) Undersigned defendants produce such data beyond the period from January 1, 1992 through June 30, 2005 to any other party bringing claims related to the Investigation, in which case the undersigned defendants agree to produce the same data to Direct Purchaser Plaintiffs within thirty (30) days of the production to the other party.

3.      The documents and data produced pursuant to this stipulation are to be treated as "Attorneys Eyes Only" by Direct Purchaser Plaintiffs, regardless of any designation of confidentiality, or lack thereof, on the documents, until the entry of an order, or the execution of an agreement, governing the confidential treatment of the documents and data produced pursuant to this stipulation. The parties further agree that they will make best efforts to effect such a confidentiality order or agreement at the earliest possible date, and that the terms and provisions of such an order or agreement will supplant this "Attorneys Eyes Only" agreement. If the parties are unable, within 30 days after this stipulation is executed, to reach agreement on the terms of a joint proposed confidentiality order or private confidentiality agreement, then the parties agree to jointly move the court for a confidentiality order with a submission that specifies for the Court the areas of agreement and disagreement between the parties. The parties agree that the documents and data will be treated under such conditions as the Court may direct upon such a motion, or upon any subsequent motion by a party to this stipulation. "Attorneys Eyes Only" means that documents and their content can only be viewed and/or disclosed to counsel for Direct Purchaser Plaintiffs and their staff. Direct Purchaser Plaintiffs agree to submit any issues related to the enforcement of this "Attorneys Eyes Only" agreement to this Court.

5

**38**

Dated: October *18*, 2005          BOLOGNESE & ASSOCIATES LLC

                                   By: _____
                                       Anthony J. Bolognese (AJB3936)
                                       Joshua H. Grabar (JHG1707)
                                       One Penn Center
                                       1617 JFK Blvd., Suite 650
                                       Philadelphia, PA 19103
                                       Telephone: (215) 814-6750
                                       Facsimile: (215) 814-6764

                                   Michael D. Hausfeld
                                   Agnieszka Fryszman
                                   Reena Gambhir
                                   COHEN MILSTEIN HAUSFELD
                                     & TOLL, PLLC
                                   1100 New York Avenue, N.W.
                                   West Tower, Suite 500
                                   Washington, DC 20005
                                   Telephone: (202) 408-4600
                                   Facsimile: (202) 408-4699

                                   Robert N. Kaplan
                                   Gregory Arenson
                                   Jason Zweig
                                   KAPLAN FOX & KILSHEIMER LLP
                                   805 Third Avenue, 22nd Floor
                                   New York, NY 10022
                                   (212) 687-1980
                                   (212) 687-7114 (fax)

                                   Steven A. Kanner
                                   William H. London
                                   Douglas A. Millen
                                   MUCH SHELIST FREED DENENBERG
                                     AMENT & RUBENSTEIN, P.C.
                                   191 North Wacker Drive, Suite 1800
                                   Chicago, IL 60606
                                   Telephone: (312) 521-2000
                                   Facsimile: (312) 521-2100

                                   **Interim Co-Lead Counsel for the Direct
                                   Purchaser Plaintiffs**

6

**39**

Nancy J. Gellman
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA  19102
Telephone:  (215) 864-8065
Facsimile:  (215) 864-9620

Daniel G. Swanson
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-6430

Stephen C. McKenna
Monica Loseman
Gibson, Dunn & Crutcher LLP
1801 California St., Suite 4200
Denver, CO  80202-2641
Telephone:  (303) 298-5700
Facsimile:  (303) 296-5310

Counsel for Defendants EKA Chemicals
Inc., Akzo Nobel Inc. and Akzo Nobel
Chemicals International B.V.

Howard D. Scher
Steven E. Bizar
Donald W. Myers
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103
Telephone:  (215) 772-8700
Facsimile:  (215) 772-8760

Counsel for Defendants Arkema Inc.,
Atofina Chemicals, Inc. and Arkema S.A.

40

Nancy J. Gellman
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA  19102
Telephone:  (215) 864-8065
Facsimile:  (215) 864-9620

Daniel G. Swanson
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-6430

Stephen C. McKenna
Monica Loseman
Gibson, Dunn & Crutcher LLP
1801 California St., Suite 4200
Denver, CO  80202-2641
Telephone:  (303) 298-5700
Facsimile:  (303) 296-5310

**Counsel for Defendants EKA Chemicals
Inc., Akzo Nobel Inc. and Akzo Nobel
Chemicals International B.V.**

Howard D. Scher
Steven E. Bizar
Donald W. Myers
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103
Telephone:  (215) 772-8700
Facsimile:  (215) 772-8760

**Counsel for Defendants Arkema Inc.,
Atofina Chemicals, Inc. and Arkema S.A.**

10238102.1.LITIGATION                     7

**41**

Jeffrey S. Cashdan
Stephen P. Cummings
King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303-1763
Telephone: (404) 572-4600
Facsimile: (404) 572-5141

Barbara W. Mather
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

**Counsel for Defendant Kemira
Chemicals, Inc.**

Steven W. Thomas
Adam S. Paris
Amanda C. Denaro
Sullivan & Cromwell
1888 Century Park East
Los Angeles, CA 90067-1725
Telephone: (310) 712-6600
Fascimile: (310) 712-8800

Alan J. Davis
Burt M. Rubin
Ballard Spahr Andres & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

**Counsel for Defendants Solvay America,
Inc. Solvay Chemicals, Inc. and Solvay
S.A.**

Jeffrey S. Cashdan
Stephen P. Cummings
King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303-1763
Telephone: (404) 572-4600
Facsimile: (404) 572-5141

Barbara W. Mather
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

**Counsel for Defendant Kemira
Chemicals, Inc.**

_____

Steven W. Thomas
Adam S. Paris
Amanda C. Denaro
Sullivan & Cromwell
1888 Century Park East
Los Angeles, CA 90067-1725
Telephone: (310) 712-6600
Fascimile: (310) 712-8800

Alan J. Davis
Burt M. Rubin
Ballard Spahr Andres & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

**Counsel for Defendants Solvay America,
Inc. Solvay Chemicals, Inc. and Solvay
S.A.**

Joseph A. Tate
Christine C. Levin
George G. Gordon
Michael I. Frankel
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103-2793
Telephone:  (215) 994-4000
Facsimile:  (215) 994-2222

**Counsel for Defendant FMC Corporation**

SO ORDERED THIS 24th DAY OF _____October_____ , 2005.

BY THE COURT:

STEWART DALZELL
UNITED STATES DISTRICT JUDGE

9

**44**