1  WYLIE A. AITKEN (CA SBN 37770)
   wylie@aitkenlaw.com
2  DARREN AITKEN (CA SBN 145251)
   darren@aitkenlaw.com
3  **AITKEN ✦ AITKEN ✦ COHN**
   3 MacArthur Place, Suite 800
4  Santa Ana, CA 92707
   Ph: (714) 434-1424
5  Fax: (714) 434-3600

   VINCENT GALVIN, JR.
   (CA SBN 104448)
   vincent.galvin@bowmanandbrooke.com
   ANNE O. HANNA (CA SBN 120947)
   anne.hanna@bowmanandbrooke.com
   **BOWMAN AND BROOKE LLP**
   1741 Technology Drive, Suite 200
   San Jose, CA  95110
   Ph: (408) 961-4501
   Fax: (408) 279-5845

7  DAWN M. BARRIOS (LA SBN 2821)
   *barrios@bkc-law.com*
   ZACHARY WOOL (LA SBN 32778)
8  zwool@bkc-law.com
   **BARRIOS KINGSDORF & CASTEIX**
9  701 Poydras Street, Suite 3650
   New Orleans, LA 70139
10 Ph: (504) 524-3300
   Fax: (504) 524-3313

   LISA GILFORD (CA SBN 171641)
   lisa.gilford@alston.com
   **ALSTON & BIRD**
   333 South Hope Street, 16th Floor
   Los Angeles, CA 90071
   Ph: (213) 576-1114
   Fax: (213) 576-1100

   *Defendants' Liaison Counsel*

12 Gretchen M. Nelson (CA SBN 112566)
   *gnelson@kreindler.com*
13 **KREINDLER & KREINDLER**
   707 Wilshire Boulevard, Suite 4100
14 Los Angeles, CA 90017
   Ph: (213) 622-6469
15 Fax: (213) 622-6019

16 *Plaintiffs' Liaison Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL CASES** | Case No. 8:10-ML-02151-JVS-FMO<br><br>**JOINT REPORT NO. 1 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL TO STATE AND OTHER TYPES OF CASES**<br><br>Ronald Reagan Federal Building and United States Courthouse<br>411 West Fourth Street<br>Santa Ana, California 92701<br><br>Courtroom 10-C<br>Hon. James V. Selna |

Plaintiffs' and Defendants' Liaison Counsel to State and Other Types of Federal Cases (hereafter "Liaison Committees") submit this Joint Report No. 1 pursuant to the Court's Order No. 2, dated May 14, 2010. The Liaison Committees have worked in consultation with and cooperatively with the Co-Lead Counsel for the Economic Loss cases and the Personal Injury/Wrongful Death cases in preparing this report and will continue to do so during the pendency of this MDL.

In outlining the activities undertaken to date, and in providing the information and report requested by this Court, the Liaison Committees are mindful of the important need to:

1. Promote judicial efficiency and economy "so as to reduce costs, delays and duplication of effort that often stem from such disbursed litigation" while minimizing "conflicts that distract from the primary goal of resolving parties' disputes"[1];

2. Accurately and expeditiously communicate this Court's and the MDL's proceedings and actions to the most relevant audience;

3. Provide regular communication to the judges and counsel involved in Toyota Unintended Acceleration litigation in other courts, and to gain those participants' confidence and trust by providing needed transparency[2]; and

4. Communicate to this Court any actions or proceedings occurring at the state court level and in other federal courts that may be of relevance to this MDL.

To these ends, the Liaison Committees hereby submit the following report:

---

[1] Annotated Manual For Complex Litigation, Fourth, Section 20.31 (2010).

[2] "Reciprocity and cooperation create trust and mutual respect so that attempts to coordinate are not perceived as attempts to dominate." Annotated Manual For Complex Litigation, Fourth, Section 20.312 (2010).

JOINT REPORT NO. 1 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL TO STATE AND OTHER TYPES OF FEDERAL CASES

I.  **COLLECTION OF DATA ON STATE AND OTHER TYPES OF FEDERAL CASES THAT INVOLVE UA CLAIMS**

In correspondence dated May 24, 2010 and June 2, 2010, the Liaison Committees exchanged letters aimed at accumulating a master list of state court cases and other federal cases that involve claims of unintended acceleration ("UA"). These cases are being catalogued on an Excel database chart, noting the identity of the plaintiff, docket number, state, description of court, jurist and jurist's contact information, the nature of the claims asserted in each case,[3] plaintiffs' counsel and contact information, identity of all defendants named in the litigation and defendants' counsel and contact information, status of the case, in addition to other pertinent information.  At each conference, the Liaison Committees will present the Court with an updated electronic copy of information from this database.  The Liaison Committees will defer to the Court's preferences regarding format, file type and information to be included in the chart.

It is anticipated that this Court will desire to communicate directly with other judges, particularly state court judges, presiding over parallel cases in the interests of avoiding conflicts and conserving judicial resources.[4]  Thus, the Liaison Committees will provide the contact information for judges presiding over the state court and other non-MDL federal actions in the electronic copy of the database that will be presented at the status conference.

To further assist the Court in that regard we propose additional methods of communication and the development of streaming information between the state

---

[3] The cases will be identified by the following descriptions: Economic Loss Class Action; Personal Injury/Wrongful Death; Lemon Law Individual Claim; Lemon Law Class Action; Securities Class Action; Shareholder Derivative.

[4] Annotated Manual For Complex Litigation, Fourth, Section 20.312 (2010).

AITKEN ✦ AITKEN ✦ COHN
3 MACARTHUR PLACE, SUITE 800
SANTA ANA, CA 92707
714-434-1424
714-434-3600 FACSIMILE

⊕ PRINTED ON RECYCLED PAPER

courts and the MDL as set forth below.

The sources of information from which the Liaison Committees are compiling the master list of cases include, but are not limited to, the following: Joint Preliminary Report dated April 30, 2010, Exhibit B; Defendants' June 2, 2010 correspondence; the Supreme Court of Texas website, www.supreme.courts.state.tx.us/opinions/case, Judge Carl J. West's ruling on the Petition for Coordination, dated May 25, 2010, Los Angeles Superior Court, California; the Judicial Council of California's ruling on the California Petition For Coordination, dated June 8, 2010; conversations with the Coordination Clerk of the New York Litigation Coordinating Panel; and documents filed in the states of New York and Texas requesting the coordination of Toyota Unintended Acceleration cases filed in those jurisdictions.

Additional supplemental information provided by Toyota on individual cases has been independently identified and has been incorporated as well. To facilitate the regular reporting of updated information to the Court, counsel for Toyota shall provide the Plaintiffs' Liaison Committee, through Aitken*Aitken*Cohn with updates on the status of any UA related state court actions or relevant federal actions served on the Toyota defendants in advance of each MDL hearing or upon reasonable request and notice by Plaintiffs' Liaison Committee. Plaintiffs' Liaison Committee shall provide Defendants' Liaison Committee with a copy of the database in advance of each MDL hearing and the parties shall meet and confer to ensure the accuracy of the data reported. Plaintiffs' Liaison Committee further intends to enroll in all available state court electronic systems, such as those provided by Lexis/Nexis, that provide electronic notice of relevant state court filings.

In addition, Plaintiffs' Liaison Committee will use an electronic newsletter (a sample of which is attached hereto as Exhibit A) to communicate information related to the MDL as set forth in Section I, and a litigation questionnaire (a sample of which is attached hereto as Exhibit B) to quickly and to uniformly gather important

JOINT REPORT NO. 1 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL TO STATE AND OTHER TYPES OF FEDERAL CASES

information regarding UA cases pending in courts outside of the MDL. Plaintiffs' Liaison Committee will share with Toyota relevant portions of the database, as updated.

In addition, Plaintiffs' Liaison Committee intend to network with the Core Discovery Committee and Lead Counsel of the MDL, as well as leading Plaintiffs' attorneys nationally, to maintain timely and accurate data for the Court through any appropriate method.

## II.   STATUS OF STATE COURT COORDINATION PROCEEDINGS

The Liaison Committees are currently aware of efforts to coordinate UA related matters in three states: California, New York and Texas. As of the date of this report, only California has granted a petition for coordination. The coordination proceedings in New York and Texas are currently pending. Each of these state court proceedings is discussed at further length below.

### A.   CALIFORNIA

On June 8, 2010, the Judicial Council ordered that forty (40) pending cases alleging unintended acceleration of Toyota vehicles be coordinated before a coordination trial judge to be selected within the Superior Court of California, County of Los Angeles. The actions coordinated by this Order are four (4) class action lawsuits; one (1) action filed by the Orange County District Attorney's Office; twenty (20) individual actions alleging products liability; and fifteen (15) actions invoking California's "Lemon Law" statute. The Judicial Council designated the Fourth District Court of Appeal as the reviewing court having appellate and writ jurisdiction. On June 10, 2010, the Honorable Charles W. McCoy, Jr. appointed the Honorable Ann I. Jones of the Los Angeles Superior Court as the coordination trial judge.

On May 25, 2010, Plaintiffs' Liaison Committee, through Aitken*Aitken*Cohn, attended the petition hearing before Judge Carl J. West of the Superior Court of California, County of Los Angeles, and advised that court of its

willingness to answer any questions which may arise regarding the status of the MDL. The Plaintiffs' Liaison Committee recommends that a representative of the Plaintiffs' Liaison Committee continue to track all coordinated proceedings and other major activity at the state level, and appear at all major hearings where feasible, particularly at the initial stages to implement the MDL's goals.

### B. TEXAS

The Texas Judicial Panel on Multi-District litigation is comprised of five (5) judges, with Judge David Peeples, as Chair. On May 12, 2010, Toyota moved to consolidate the fifteen (15) actions filed in Texas state court, along with moving for a stay of those actions. On May 27, 2010, Plaintiffs filed a joint objection and response. Toyota has not yet filed a reply. Judging from past Texas MDLs, it usually takes the panel one to three months to issue an order from when briefing is completed.

Toyota has not requested a particular county or judge for the coordinated action.

### C. NEW YORK

On May 19, 2010, Toyota moved to have sixteen (16) unrelated cases consolidated in New York County, along with moving for a stay of those actions.

On June 17, 2010, the Liaison Committees received notification that the NYLCP issued a briefing schedule on the motion to coordinate, which will be fully briefed on July 9, 2010. The motion to stay the state court cases was denied.

### III. STATE COURT DEPOSITIONS PREVIOUSLY SET

The Co-Leads, Liaison Committees, and all Leadership Committees worked cooperatively with state court counsel to postpone the deposition of Toyota witness Chris Tinto which was previously scheduled for May 20, 2010 in Michigan state court. Mr. Tinto is a former NHTSA official who is now Toyota's vice president for regulatory affairs in Washington. As a result of those discussions, counsel in positions of leadership within this MDL agreed to work together for the coordination

of depositions with a commitment to work on a protocol for future depositions. To avoid unnecessary duplication of effort, a letter was sent to Defendants' Liaison Committee requesting that direct inquiries regarding state liaison issues be directed to Wylie Aitken and Aitken*Aitken*Cohn, who will then forward the inquiry to all members of the Plaintiffs' Liaison Committee.

## IV. STATUS OF OTHER FEDERAL NON-MDL ACTIONS

The Liaison Committees are currently aware of efforts to consolidate the federal securities actions that have been filed concerning allegations of unintended acceleration (the "Securities Actions"). On June 6, 2010, U.S. District Judge Dale S. Fischer granted a motion to consolidate these proceedings in the Central District of California under the docket number CV 10-922 DSF (AJWx). The Securities Actions, along with plaintiffs' motions for appointment of lead counsel, were stayed until the U.S. Supreme Court decides *Morrison v. National Bank of Australia*, a case that is expected to clarify the standing of foreign investor claimants.

The Liaison Committees shall continue to monitor any federal non-MDL actions and report any relevant information to the Court, and shall endeavor to coordinate any areas of overlapping discovery, if any, as those litigations proceed.

## V. NOTIFICATION OF MDL ACTIVITIES AND ORDERS TO STATE COURT JURIST AND NON-MDL FEDERAL JURIST

Subject to the Court's approval, the Liaison committees suggest that a formal notification be sent to each jurist presiding over UA related Toyota cases outside of the MDL, and counsel to the parties in those proceedings, to advise of the existence of the Liaison Committees and our contact information. Additionally, the non-MDL attorneys, jurists and other interested parties can obtain, through this Court's website and/or through communications from the Liaison Committees, information on the MDL proceedings and copies of the Court's orders and hearing transcripts that may be relevant to UA related cases that are not in the MDL. Plaintiffs' Liaison

Committee further suggest that the non-MDL attorneys, jurists and other interested parties be advised through this Court's website and/or through communications from the Liaison Committees as to the date, time and call-in number for each MDL conference or important hearing, should the Court believe the subject of the conference will be of interest to other jurists and parties. Allowing the non-MDL jurists and attorneys to listen to MDL status conferences and critical hearings will greatly assist in further cooperation and coordination as MDL information and activities will be discussed.

The Liaison Committees will monitor major developments in related non-MDL matters.

Should the Court deem it necessary, Plaintiffs' Liaison Committee will gather, organize by issue, and track all motions for remand that may be filed in this MDL. Should any issue arise with regard to conflicts between MDL and non-MDL cases, the Liaison Committees should identify such conflicts and make best efforts to resolve them expeditiously.

## VI. NEWSLETTER TO STATE COUNSEL

In the case tracking database, Plaintiffs' Liaison Committee will record information identifying state court counsel and non MDL federal court counsel and their contact information. As a means of increasing transparency and facilitating cooperation among state court counsel, Plaintiffs' Liaison Committee will electronically inform plaintiffs' counsel in any UA actions whenever the Court issues important orders in the MDL that may be relevant to related actions. Defendants' Liaison Committee will forward such information to the various firms that are representing Toyota and its affiliated entities in any UA action.

It is further anticipated that the electronic newsletter will be supplemented by the communications and notification procedures outlined herein, and that coordination communications be facilitated by Special Master(s) appointed by the

Court.

## VII. COORDINATED DISCOVERY ORDER

In order to foster cooperation and coordination, and subject to the Court's approval, undersigned counsel seek to participate in the formulation of a Coordinated Discovery Order which would provide rules for cross-noticing depositions in various venues, which attorneys would take the lead in the deposition, length of time for deposition, etc. A protocol of contact between the Liaison Committees and Special Master(s) appointed by this Court, and a system providing timely notification of the actions these referees subsequently take, should be considered. We perceive the need for a clear protocol to be established in conjunction with the Core Discovery Committee regarding the coordination of discovery and liaison with any UA action to promote the overall goal of judicial efficiency and economy.

## VIII. TUTORIAL

The Liaison Committees respectfully suggest that if any tutorial is scheduled each non-MDL judge be invited and encouraged to attend any tutorial planned in the MDL.

## IX. CONCLUSION

All of the above steps will promote the important goals of mutual trust and cooperation, as well as illustrate efficiency, so that the concerns of non-MDL litigants, counsel and judges regarding the effect of this MDL on pending litigation can be minimized.

JOINT REPORT NO. 1 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL TO STATE AND OTHER TYPES OF FEDERAL CASES

Dated: June 21, 2010

Respectfully submitted,

WYLIE A. AITKEN
DARREN AITKEN
**AITKEN ✦ AITKEN ✦ COHN**

DAWN M. BARRIOS
ZACHARY WOOL
**BARRIOS KINGSDORF & CASTEIX, L.L.P.**

GRETCHEN M. NELSON
**KREINDLER & KREINDLER**

By: _____
WYLIE A. AITKEN

*Plaintiffs' Liaison Counsel*

VINCENT GALVIN, JR.
ANNE O. HANNA
**BOWMAN AND BROOKE LLP**

LISA GILFORD
**ALSTON & BIRD LLP**

By: _____
LISA GILFORD

*Defendants' Liaison Counsel*