1   STEVE W. BERMAN
    (WA SBN 12536)
2   Email: steve@hbsslaw.com
    **HAGENS BERMAN SOBOL**
3       **SHAPIRO LLP**
    1918 Eighth Avenue, Suite 3300
4   Seattle, WA 98101
    Telephone: (206) 268-9320
5   Facsimile: (206) 623-0594

6   MARC M. SELTZER
    (CA SBN 054534)
7   Email: mseltzer@susmangodfrey.com
    **SUSMAN GODFREY L.L.P.**
8   1901 Avenue of the Stars, Suite 950
    Los Angeles, CA 90067
9   Telephone: (310) 789-3100
    Facsimile: (310) 789-3150
10

11  FRANK M. PITRE (CA SBN 100077)
    Email: fpitre@cpmlegal.com
12  **COTCHETT, PITRE**
        **& McCARTHY**
13  840 Malcolm Road, Suite 200
    Burlingame, CA 94010
14  Telephone: (650) 697-6000
    Facsimile: (650) 697-0577

15  ***Co-Lead Plaintiffs' Counsel for***
    ***Economic Loss Cases***
16

17  ELIZABETH J. CABRASER
    (CA SBN 083151)
18  Email: ecabraser@lchb.com
    **LIEFF CABRASER HEIMANN**
19      **& BERNSTEIN, LLP**
    275 Battery Street, Suite 3000
20  San Francisco, CA 94111
    Telephone: (415) 956-1000
21  Facsimile: (415) 956-1008

22  MARK P. ROBINSON, JR.
    (CA SBN 54426)
23  Email: mrobinson@rcrlaw.net
    **ROBINSON, CALCAGNIE**
24      **& ROBINSON INC.**
    620 Newport Center Drive, 7th Floor
25  Newport Beach, CA 92660
    Telephone: (949) 720-1288
26  Facsimile: (949) 720-1292

27  ***Co-Lead Plaintiffs' Counsel for***
    ***Personal Injury/Wrongful Death Cases***

28

CARI K. DAWSON (GA SBN 213490)
Email: cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7766
Facsimile: (404) 253-8567

LISA GILFORD (CA SBN 171641)
Email: lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

***Lead Defense Counsel for Economic Loss***
***Cases***

VINCENT GALVIN, JR.
(CA SBN 104448)
Email:
    vincent.galvin@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845

JOEL SMITH (SC SBN 5266)
Email: joel.smith@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1441 Main Street, Suite 1000
Columbia, SC 29201
Telephone: (803) 726-0020
Facsimile: (803) 726-0021

***Lead Defense Counsel for Personal***
***Injury/Wrongful Death Cases***

LEGAL02/32019903v1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORIA

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.:  8:10ML2151 JVS (FMOx) |
| This document relates to: | **JOINT STATEMENT SUBMITTING (PROPOSED) PHASE I DISCOVERY PLAN** |
| ALL CASES | Date:              July 20, 2010<br>Time:              9:00 a.m.<br>Location:         Court Room 10C<br>Judicial Officer:   Hon. James V. Selna |

Since the June 23, 2010 hearing before the Court, lead counsel for Plaintiffs and the Toyota Defendants have agreed on a plan for Phase I Discovery.  Accordingly, the parties submit for the Court's consideration the (Proposed) Joint Phase I Discovery Plan, attached as Exhibit A.


Dated:  July 16, 2010                              Respectfully submitted,

LEGAL02/32019903v1

By:   /s/ Steve W. Berman

STEVE W. BERMAN (WA SBN 12536)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 268-9320
Facsimile:   (206) 623-0594
Email:  steve@hbsslaw.com


By:   /s/ Marc M. Seltzer

MARC M. SELTZER (CA SBN 054534)
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone:  (310) 789-3100
Facsimile:   (310) 789-3150
Email:  mseltzer@susmangodfrey.com


By:   /s/ Frank M. Pitre

FRANK M. PITRE (CA SBN 100077)
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577
Email:  fpitre@cpmlegal.com

***Co-Lead Plaintiffs' Counsel for Economic
Loss Cases***

By:   /s/ Elizabeth J. Cabraser

ELIZABETH J. CABRASER (CA SBN 083151)
**LIEFF CABRASER HEIMANN**
    **& BERNSTEIN, LLP**
275 Battery Street, Suite 3000
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: ecabraser@lchb.com


By:   /s/ Mark P. Robison

MARK P. ROBINSON, JR. (CA SBN 54426)
**ROBINSON, CALCAGNIE & ROBINSON INC.**
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292
Email: mrobinson@rcrlaw.net

*Co-Lead Plaintiffs' Counsel for Personal
Injury/Wrongful Death Cases*


By:   /s/ Cari K. Dawson

CARI K. DAWSON (GA SBN 213490)
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7766
Facsimile: (404) 253-8567
Email: cari.dawson@alston.com


By:   /s/ Lisa Gilford

LISA GILFORD (CA SBN 171641)
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: lisa.gilford@alston.com

*Lead Defense Counsel for Economic Loss Cases*

LEGAL02/32019903v1

1

2

By:   /s/ Vincent Galvin, Jr.

3

VINCENT GALVIN, JR. (CA SBN 104448)
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
E-mail: vincent.galvin@bowmanandbrooke.com

4

5

6

By:   /s/ Joel Smith

7

JOEL SMITH (SC SBN 5266)
**BOWMAN AND BROOKE**
1441 Main Street, Suite 1000
Columbia, SC 29201
E-mail: joel.smith@bowmanandbrooke.com

8

9

10

***Lead Defense Counsel for Personal Injury/Wrongful Death Cases***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL02/32019903v1

# EXHIBIT A

STEVE W. BERMAN
(WA SBN 12536)
Email: steve@hbsslaw.com
**HAGENS BERMAN SOBOL**
  **SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594

MARC M. SELTZER
(CA SBN 054534)
Email: mseltzer@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

FRANK M. PITRE (CA SBN 100077)
Email: fpitre@cpmlegal.com
**COTCHETT, PITRE**
  **& MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Co-Lead Plaintiffs' Counsel for*
*Economic Loss Cases*

ELIZABETH J. CABRASER
(CA SBN 083151)
Email: ecabraser@lchb.com
**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
275 Battery Street, Suite 3000
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MARK P. ROBINSON, JR.
(CA SBN 54426)
Email: mrobinson@rcrlaw.net
**ROBINSON, CALCAGNIE**
  **& ROBINSON INC.**
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

*Co-Lead Plaintiffs' Counsel for*
*Personal Injury/Wrongful Death Cases*

CARI K. DAWSON (GA SBN 213490)
Email: cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7766
Facsimile: (404) 253-8567

LISA GILFORD (CA SBN 171641)
Email: lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

*Lead Defense Counsel for Economic Loss*
*Cases*

VINCENT GALVIN, JR.
(CA SBN 104448)
Email:
  vincent.galvin@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845

JOEL SMITH (SC SBN 5266)
Email: joel.smith@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1441 Main Street, Suite 1000
Columbia, SC 29201
Telephone: (803) 726-0020
Facsimile: (803) 726-0021

*Lead Defense Counsel for Personal*
*Injury/Wrongful Death Cases*

1

7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.:  8:10ML2151 JVS (FMOx) |
| | **(PROPOSED) PHASE I DISCOVERY PLAN** |
| This document relates to: | |
| ALL CASES | |

LEGAL02/32003939v6

I.    OVERVIEW OF PHASE I DISCOVERY ................................................. 5

    A.    Purpose ................................................................................................. 5

    B.    General Description Of Discovery To Be Conducted During Phase I ............................................................................................................. 5

    C.    Time Period For Phase I Discovery ..................................................... 6

    D.    State/MDL Coordination ...................................................................... 6

    E.    Proposal For Phase II Discovery ......................................................... 7

    F.    Modification Of Discovery Plan And Limitations On Phase I Discovery .............................................................................................. 7

II.    PHASE I DISCOVERY PROVIDED BY THE TOYOTA DEFENDANTS ........................................................................................ 7

    A.    30(b)(6) Depositions On Foundational Issues ..................................... 7

        1.    Scope of Depositions ................................................................. 7

        2.    Production of Documents at Depositions ................................. 10

        3.    Noticing Depositions ............................................................... 10

        4.    Application of Rule 30 ............................................................. 11

        5.    Additional Principles Governing Phase I 30(b)(6) Depositions ............................................................................... 11

    B.    Documents Toyota Will Produce In Phase I ...................................... 11

III.    DISCOVERY TO BE PROVIDED BY PLAINTIFFS AND THIRD PARTIES IN PHASE I ............................................................................ 13

    A.    Fact Sheets ......................................................................................... 13

        1.    Timing and Form of Fact Sheets ............................................. 13

            a.    Personal Injury/Wrongful Death Cases ....................... 13

                (1)    Form of Fact Sheets ......................................... 13

                (2)    Timing of Fact Sheet Responses ...................... 13

          b.     Consolidated Class Action Complaint ........................................14

    2.     Responses to Fact Sheets.............................................................14

    3.     Document Production Pursuant to Fact Sheets .............................15

    4.     Dispute Resolution Concerning Fact Sheets ................................15

    5.     Supplementation ..........................................................................16

B.     Vehicle Inspections..............................................................................16

C.     Third-Party Subpoenas ........................................................................16

D.     Depositions Generally Not Permitted..................................................17

IV.    PHASE I DEPOSITION PROCEDURES ....................................................17

A.     Attendance ...........................................................................................17

    1.     Access to Confidential Information and Documents ....................17

    2.     Unnecessary Attendance ..............................................................17

B.     Conduct Of Depositions ......................................................................17

C.     Duration Of Examinations ...................................................................18

D.     Deposition Disputes.............................................................................18

E.     Additional Order..................................................................................19

LEGAL02/32003939v6

I.   **OVERVIEW OF PHASE I DISCOVERY**

A.   **Purpose**

The Phase I Discovery Plan is intended solely to educate the parties about foundational issues involved in this litigation, including the identification of the proper parties to this litigation, the identity of relevant third-parties, organizational structure, the identify of relevant witnesses, and identity, nature, and location of relevant documents. It is also intended to allow the parties to obtain certain threshold information and documents in order to evaluate their claims and defenses on the pleadings, inspect the subject vehicles, and obtain information, especially in connection with vehicle accidents, at the earliest possible time after such accident has occurred. Phase I discovery should be conducted in such a way as to ensure that Plaintiffs and the Toyota defendants ("Toyota Defendants") are both afforded the opportunity to obtain information on foundational, threshold issues, and such discovery should proceed concurrently and in a manner that is fair and equitable to both parties.

It is expected that discovery on foundational issues during Phase I will enable the parties to develop a more narrowly tailored discovery plan for subsequent phases of this litigation and to be more focused, economical and efficient in subsequent phases of discovery. In addition to the foundational information to be provided to Plaintiffs by Toyota, Phase I will also provide Toyota the opportunity to obtain foundational, threshold information from Plaintiffs, the class representatives, and relevant third-parties.

B.   **General Description Of Discovery To Be Conducted During Phase I**

During Phase I, the Toyota Defendants will produce witnesses pursuant to Rule 30(b)(6) to testify concerning the twenty-one issues outlined below (the "limited 30(b)(6) depositions" or "preliminary 30(b)(6) depositions"). In keeping with the purpose of Phase I, these depositions are primarily educational and foundational as defined above. In addition, the Toyota Defendants will commence production of

relevant ETCS documents produced in certain state court actions and will supplement its governmental production as specifically set forth below in Section II.B. Toyota has also agreed that it will provide plaintiffs with exemplar documents in connection with depositions, where appropriate, and in those cases where documents will assist in educating counsel on the subject matter of the deposition. Because the limited 30(b)(6) depositions and these initial document productions are designed to assist plaintiffs in crafting more targeted discovery requests in subsequent phases of this litigation, no written discovery requests (whether in the form of interrogatories, requests for production, requests for admissions, or other deposition notices) shall be propounded on Toyota Defendants during Phase I.

During Phase I, Plaintiffs shall provide completed Plaintiff Fact Sheets and Class Representative Fact Sheets, including the production of any documents responsive to the fact sheets. Additionally, Toyota Defendants shall be permitted to conduct inspections of the subject vehicles.

Both parties shall be permitted to subpoena materials from third parties in the individual and class cases as appropriate (including, but not limited to, medical records, insurance records, accident reports and reports of responding personnel and vehicle history and service records).

## C.    <u>Time Period For Phase I Discovery</u>

Phase I Discovery, as outlined below, shall commence upon the entry of this Order and shall extend for one-hundred (100) days thereafter. The parties shall use good faith reasonable efforts to complete the discovery outlined in this Phase I discovery plan; however, either side may move the Special Masters or the Court for an extension of Phase I discovery.

## D.    <u>State/MDL Coordination</u>

The parties agree the Phase I discovery plan needs to be coordinated to the extent feasible with UA cases pending in state courts. The scheduling of limited 30(b)(6) depositions during Phase I shall be coordinated with the state court actions to

LEGAL02/32003939v6

12

the extent possible. The parties are currently working to develop a more detailed plan concerning the protocol for state court coordination and will submit a supplemental order addressing coordination.

### E.   Proposal For Phase II Discovery

Twenty (20) days prior to the completion of Phase I Discovery, the parties shall submit to the Court a Joint Proposed Order Governing Phase II Discovery. The proposed order shall reflect alternative provisions where there is dispute. The Liaison and Lead Counsel Committees may each supplement the proposed order with one brief of no more than ten (10) pages. The Toyota Defendants may supplement the proposed order with one brief of no more than fifteen (15) pages.

### F.   Modification Of Discovery Plan And Limitations On Phase I Discovery

Modification of this Discovery Plan may be necessary based on experience operating under it and the parties and claims ultimately included in the consolidated complaint. Any party is therefore free to seek modification of this Phase I Discovery Plan for good cause shown.

No party to this litigation shall engage in discovery that is not explicitly set forth in this Phase I Discovery Plan without leave of the Court or Special Masters.

## II.   PHASE I DISCOVERY PROVIDED BY THE TOYOTA DEFENDANTS

### A.   30(b)(6) Depositions On Foundational Issues

#### 1.   Scope of Depositions

The parties have conducted meet and confer sessions and have reached agreement concerning topics to be covered in the limited 30(b)(6) depositions. During Phase I of discovery, the Toyota Defendants shall produce a witness (or witnesses) for deposition pursuant to Fed. R. Civ. P. 30(b)(6) to address the following threshold topics:

1.    The Toyota Defendants' organization structure.

LEGAL02/32003939v6

13

2.   The roles and responsibilities of each of the various Toyota companies with respect to the design, manufacture and sale of Toyota vehicles.

3.   The relationships among the various Toyota entities, between Toyota entities and Toyota and Lexus dealers, and between Toyota entities and their suppliers.

4.   The identity, nature, location and retention of documents related to the design, evaluation, and testing of the ETCS system and any modifications or adaptations of the ETCS system for Toyota vehicles.

5.   The identity, nature, location and retention of documents related to the manufacture of the ETCS system and components, including specifically drawings, specifications, testing standards, test reports, FMEA (including FTA and DRBFM) and quality control documents.

6.   The identity of the persons and departments involved in the design, evaluation, testing and manufacture of the ETCS and its components.

7.   The identity, nature, location and retention of documents related to information Toyotas has received about speed control, surge, and SUA events in Toyota and Lexus vehicles, including specifically warranty records, customer complaints, claims and lawsuits ("Field Performance Documents").

8.   The identities of the persons and departments involved in the intake and evaluation of Field Performance Departments.

9.   The identity, nature, location and retention of documents related to electronic data recorders, electronic data readers, and stored electronic data (collectively, "EDRS", including but not limited to, documents containing any EDRS data regarding any SUA events).

10.  The identity of the persons and departments knowledgeable about EDRs [sic] and stored data in Toyota and Lexus vehicles.

14

11. The general process for the conception, creation, production and use of advertising relating to Toyota, Lexus and Scion vehicles.

12. A general description of the testing done to confirm the performance of the ETC system, including the evolution of ETCS design, development, and testing.

13. The location and retention of exemplars of any and all sales brochures, user manuals, instructions of any kind and any other documentation that may have accompanied Toyota vehicles.

14. The procedures employed for investigating and responding to complaints of unintended acceleration by owners or operations of any Toyota vehicles.

15. The identity, nature, location and retention of any and all reports or studies regarding SUA events in any Toyota vehicles, including but not limited to summaries describing which Toyota vehicles, models and years have been the subject of any reported SUA events and any and all studies or analyses relating to any suspected causes of SUA events in any Toyota vehicles.

16. A general description of the internal decision-making process by the Toyota Defendants about what and when to inform Toyota customers, governmental agencies and the public about SUA events and the identities of the persons and departments involved in that decision-making process and the identity of the persons and departments involved in that process.

17. The identity, nature, location and retention of any and all documents that refer or relate to any  vehicle warranty materials and advertising of the Toyota Defendants regarding the quality, reliability or safety of any Toyota vehicles manufactured and sold from 1998 to the present.

LEGAL02/32003939v6

15

18.    The identity, nature, location and retention of any documents concerning any agreements or communications between any of the Toyota Defendants and any outside public relations firms or marketing consultants that refer or relate to claims of SUA in any Toyota vehicles.

19.    The identity, nature, location and retention of any documents prepared by or on behalf of any of the Toyota Defendants or published in any newspaper, journal, magazine, blog, webpage or newsletter wherein Toyota publically responded to UA complaints (for example, the Gilbert Press Briefing).

20.    The identity, nature, location and retention of any documents reflecting or relating to communications with Toyota dealers regarding SUA events in any Toyota vehicles.

21.    The identity, nature, location and retention of any documents regarding the design, development and testing of the ETCS systems installed in any Toyotas vehicles during the period from 2002 to 2008.

### 2.    Production of Documents at Depositions

Deponents shall not be required to produce documents or other tangible evidence in connection with the preliminary 30(b)(6) depositions. However, Toyota will provide exemplar documents in connection with the preliminary 30(b)(6) depositions in those instances where Toyota believes such materials will aid counsel in understanding the subject matter of the deposition.

### 3.    Noticing Depositions

Because the parties have reached agreement concerning the scope of the limited 30(b)(6) deposition(s), Plaintiffs shall not be required to serve formal notice of depositions. However, given the number of witnesses, the tight timing, and the fact that many witnesses will be traveling from Japan, scheduling of particular depositions shall be agreed upon in advance.

LEGAL02/32003939v6

16

1    Although no notice shall be required, the limited 30(b)(6) deposition(s) shall be
2    strictly limited to the twenty-one topics set forth above.

3    The need for cross-notices for related state court actions will be addressed in a
4    supplemental order that the parties will submit to the Court.

### 4. Application of Rule 30

6    These limited 30(b)(6) depositions are being taken pursuant FRCP 30 and may
7    be used for all purposes permitted under the Federal Rules.  Pursuant to Rule 32(d)(3),
8    all objections are preserved except as to form of the question and responsiveness of
9    the answer.

### 5. Additional Principles Governing Phase I 30(b)(6) Depositions

11   As discussed in Section II.B., *infra*, Toyota will produce certain documents on a
12   rolling basis during Phase I.  The parties agree, however, that the preliminary 30(b)(6)
13   depositions are independent of these document productions and no 30(b)(6) deposition
14   shall be continued or postponed based on these Phase I document productions.

15   Additionally, during this litigation the parties shall endeavor to avoid
16   duplicative depositions or repetitive questions and to avoid deposing any witness more
17   than once on the same subject matter.  To the extent that substantive questioning
18   concerning the merits of Plaintiffs' claims is pursued during the limited 30(b)(6)
19   deposition(s), it is Toyota's position that no Toyota witness deposed during Phase I
20   shall be deposed again in subsequent phases of this litigation on the same subject
21   matter, except by agreement of the parties.  Plaintiffs do not agree with Toyota's
22   position.

### B. <u>Documents Toyota Will Produce In Phase I</u>

24   The parties have agreed that limited document production may occur during
25   Phase I, but only as specified herein.

26   During Phase I, the Toyota defendants will commence a rolling production of
27   relevant ETCS documents produced in *Alberto, et al. v. Toyota North America, Inc.,*
28   *et al.*, Genessee County, Michigan, Case No. 09-91973NP, and *Ezal, et al. v. Martin*

1  *Resorts, Inc., et al.*, San Luis Obispo County Superior Court, California, Case No.
2  CV090425.

3       Additionally, the Toyota Defendants will produce on a rolling basis relevant,
4  non-privileged documents that Toyota has produced to NHTSA, the United States
5  Congress, and State Attorneys General since the Court entered Order No. 3 (the
6  "Supplemental Government Production").   Within thirty (30) days of producing
7  documents to NHTSA, the United States Congress, or State Attorneys General,
8  Toyota will produce a Supplemental Governmental Production to Plaintiffs, subject to
9  withholding or redaction for privilege, relevance, and/or confidentiality.   Toyota
10  reserves the right to seek leave to extend the time permitted to make Supplemental
11  Governmental Productions.   The parties agree that the Supplemental Government
12  Production will be limited to Phase I and that any additional documents produced to
13  governmental agencies after Phase I will be addressed in subsequent phases of
14  discovery.   In addition, Plaintiffs have agreed that neither they, nor anyone acting on
15  their behalf, will seek to circumvent the prohibition on document requests during
16  Phase I by directly or indirectly requesting legislators or other governmental officials
17  or employees to request documents from Toyota.   Lead Counsel for Plaintiffs will
18  communicate to other plaintiffs' counsel in the MDL and plaintiffs' counsel in related
19  state court cases that they should not thwart the purpose and agreement reached in this
20  Phase I discovery plan.

21       The parties agree that limited Phase I 30(b)(6) depositions are independent of
22  any documents produced by Toyota during Phase I and that the Phase I depositions
23  will not be continued or postponed on the basis of documents produced during Phase I
24  or the schedule of production of documents during Phase I.

25
26
27
28

LEGAL02/32003939v6

18

III.   **DISCOVERY TO BE PROVIDED BY PLAINTIFFS AND THIRD PARTIES IN PHASE I**

A.   **Fact Sheets**

1.   **Timing and Form of Fact Sheets**

a.   **Personal Injury/Wrongful Death Cases**

(1)   **Form of Fact Sheets**

The form of the fact sheet shall be the subject of meet and confer between counsel. There shall be separate Plaintiff/Class Representative Fact Sheets for (1) individual personal injury/wrongful death cases and (2) economic loss class actions. While the information and form of Fact Sheets between these two categories are expected to be similar, the Facts Sheets will be tailored to the case type (i.e., personal injury or class economic loss, consumer or non-consumer, etc.). Class Representative Fact Sheets are discussed below in Section III.A.1.b.

No later than August 30, 2010, the Parties shall submit a proposed form for the Personal Injury/Wrongful Death Plaintiff Fact Sheets for approval by the Court or Special Masters.

(2)   **Timing of Fact Sheet Responses**

For all personal injury/wrongful death cases currently in the MDL, Plaintiffs' case-specific fact sheet responses shall be due thirty (30) days from the approval of the Fact Sheet by the Court or the Special Masters.

For future personal injury/wrongful death cases transferred to the MDL, Plaintiffs' case-specific fact sheet responses shall be due thirty (30) days from when the Conditional Transfer Order is filed with the MDL Court or from when Toyota is served with the summons and complaint, whichever is later.

Should any future UA personal injury/wrongful death cases be filed directly in the Central District of California, Plaintiffs' case-specific fact sheet responses shall be due thirty (30) days from when Toyota is served with the summons and complaint, regardless of the status or form of Toyota's response or answer to the complaint.

LEGAL02/32003939v6

### b.      Consolidated Class Action Complaint

It is expected that Class Representatives will submit fact sheets similar to the fact sheets to be submitted in the personal injury/wrongful death cases.  While there may be some differences in the content and timing of the Class Fact Sheets as compared to the Individual Plaintiff Fact Sheets, it is expected that the general procedures set forth above concerning the fact sheets shall also be applied in the class actions.  However, because the number of class representatives and the types of claims that are ultimately included in the consolidated complaint(s) will impact the time needed to complete Class Representative Fact Sheets and the information that that should be encompassed by Class Representative Fact Sheets, specific timing deadlines and the content of Class Representative Fact Sheets shall be the subject of meet and confers between the parties.  Specifically, within twenty (20) days after the filing of the consolidated complaint(s), the parties are directed to meet and confer regarding the timing and content of Class Representative Fact Sheets.  The parties shall submit a joint proposal to the Court or the Special Masters concerning Class Representative Fact Sheets, including a stipulated form Fact Sheets, no later than thirty (30) days after the filing of the consolidated complaint(s).  The proposal shall include alternative provisions where there is dispute.

### 2.     *Responses to Fact Sheets*

Fact Sheet Responses to information requests shall be deemed interrogatory responses pursuant to FRCP 33 and may be treated as such at time of trial.  Responses shall set forth all information known or reasonably ascertainable to the party and/or their counsel.  The parties are obligated to make a reasonable search and diligent inquiry for information or documents responsive to the request.

Fact Sheet Responses to document requests and the production of documents are deemed responses and production under FRCP 34.  If no documents are being produced in response to the particular question, the party must affirm that it has made a reasonable search and diligent inquiry and has been unable to locate the documents

14

20

because they never existed, were destroyed, have been lost, misplaced, or stolen, or have never been, or are no longer, in the possession, custody, or control of the party. The statement shall set forth the name and address of any person or organization known or believed by the party to have possession, custody, or control of that item or category of item.

All Fact Sheets Responses may be subject to motions to compel under FRCP 37.

### 3.    Document Production Pursuant to Fact Sheets

Documents produced in response to fact sheets shall comport with the following requirements:

(1)    In personal injury cases, case-specific materials shall be produced to local counsel on the particular case, copying without enclosures Lead/Liaison Counsel.   For the consolidated class action, documents shall be produced to lead counsel.

(2)    Document production shall be due thirty (30) days after service of fact sheet responses.

(3)    The production shall identify the request(s) the production is in response to by labeling or an index.

(4)    Plaintiffs' production shall include signed record release authorizations as negotiated by the parties through a meet and confer process.

(5)    The documents shall be produced in electronic format or as agreed to by the parties through a meet and confer process.

(6)    Bates labeling: The producing party shall give each page of any document it produces a unique number, using a consistent numbering system that identifies the producing party (using a letter or series of letters as a prefix).

### 4.    Dispute Resolution Concerning Fact Sheets

Defendants have the right to compel further responses to the Plaintiff Fact Sheets in appropriate situations, such as where they deem the responses to be

15

21

incomplete, inadequate, or evasive.  Prior to filing any motion to compel, the parties agree to engage in a meet and confer, either telephonically or in writing, and to make best efforts to resolve the dispute without intervention by the Special Masters or the Court.

Pursuant to the Court's Order Regarding Appointment of Special Masters [Dkt. No. 238], the parties shall submit a proposed order addressing the process to be used to present discovery disputes to the Special Masters for resolution.

### 5.    Supplementation

Plaintiffs shall supplement prior Fact Sheet Responses consistent with Fed. R. Civ. P. 26(e).

### B.    <u>Vehicle Inspections</u>

Plaintiffs and class representatives shall identify, in each case, whether the subject vehicle exists, and if so, its current location, general condition, and vehicle identification number, if known.

The parties agree that vehicle inspections will be permitted commencing in Phase I.  The protocol for vehicle inspections will be determined on a case-by-case basis and agreed upon by the parties.  If there is no agreement, the issue will be resolved with the help of the Special Master(s).

### C.    <u>Third-Party Subpoenas</u>

Document subpoenas for case-specific documents may be issued as of the date this Order is entered by the Court.  During Phase I, any party may subpoena third party records in the individual and class cases as appropriate, including, but not limited to, medical records, insurance records, accident reports and reports of responding personnel and vehicle history and service records.

The parties must notify each other of any subpoenas issued and the parties may join in each other's subpoenas.

In the event that documents produced by persons or entities who are not parties to this action are not, when produced, identified by a unique numbering system, the

LEGAL02/32003939v6

22

party at whose request production was made shall be responsible for numbering each page with a unique number, using a consistent numbering system that identifies the producing party (using a letter or series of letters as a prefix).

### D.   Depositions Generally Not Permitted

At Plaintiffs' request, the Toyota Defendants have agreed to forego taking depositions of plaintiffs, class representatives, and other fact witnesses during Phase I. Defendants, however, reserve the right to seek leave of the Court or Special Masters to depose persons or parties where such depositions are necessary for (1) the preservation of testimony for trial or (2) to determine jurisdiction or present specific defenses in connection with foreign plaintiffs.

## IV.   PHASE I DEPOSITION PROCEDURES

### A.   Attendance

#### 1.   Access to Confidential Information and Documents

If a deponent is being examined about any document designated confidential pursuant to a confidentiality agreement or order or the confidential information contained therein, persons to whom disclosure is not authorized under the confidentiality order shall be excluded while such examination occurs.

#### 2.   Unnecessary Attendance

Unnecessary attendance by counsel is discouraged, and the Court may not compensate such attendance in any fee application to the Court.

### B.   Conduct Of Depositions

Reasonably in advance of the date scheduled for a deposition, any attorney designated as a questioner for that deposition shall coordinate with the other counsel whose interests they represent regarding the areas of examination and specific questions to be asked. The purpose of this coordination is to ensure that a thorough deposition is conducted. Counsel who will not be serving as questioners are encouraged to submit proposed questions or lines of questioning to the attorney designated to conduct the deposition on their behalf. Attorneys will be responsible for

17

23

tracking the dates of depositions and suggesting their proposed lines of questioning on a timely basis.  New or supplemental depositions of witnesses will not be scheduled without prior leave of the Special Masters or the Court.

### C.   Duration Of Examinations

Consistent with Fed. R. Civ. Pro. 30(d)(1), the deposition of each native English-speaking deponent shall be limited to seven (7) total hours, excluding time taken for breaks, meals, and other reasons, not extend beyond one (1) day except by agreement of the Parties or with leave of Court.

The deposition of each non-native English speaking deponent shall be limited to ten (10) total hours, excluding time taken for breaks, meals, and other reasons, not extend beyond one (1) day except by agreement of the Parties or with leave of the Special Masters or the Court.

The Parties recognize the need for flexibility in determining the duration of examinations and shall meet and confer in good faith to attempt to resolve any disputes over appropriate exceptions to this durational limitation.  Should the Parties be unable to reach agreement, deviation from these time limitations will be permitted only with leave of Court. Any request to extend the time limit on a deposition must be accompanied by a certification that compelling reasons preclude completion of the deposition during the allotted time period and that the particular information being sought cannot be elicited from a witness that is (or could be) scheduled to appear at another time.

### D.   Deposition Disputes

During depositions, disputes that arise that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, may be presented to the Special Masters by telephone.  The presentation of the issue and the Special Master's ruling will be recorded as part of the deposition.

LEGAL02/32003939v6

24

E.    **Additional Order**

The Parties shall meet and confer to develop a protocol concerning attendance of depositions in the MDL by counsel in the state court actions. This protocol will also address the number of attorneys permitted to question each witness, the method for selecting questioners, and any other issues related to the conduct of Phase I depositions that the parties jointly wish to address. The parties shall submit this supplemental proposed order concerning the conduct of depositions and coordination with state court cases to the Court or Special Master(s) for approval. No Phase I limited 30(b)(6) depositions shall be conducted until this proposal has been approved by the Court or Special Master(s).

Dated _____, 2010

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

LEGAL02/32003939v6

25

Dated:  July 16, 2010

Respectfully submitted,


By:  /s/ Steve W. Berman

STEVE W. BERMAN (WA SBN 12536)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 268-9320
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com


By:  /s/ Marc M. Seltzer

MARC M. SELTZER (CA SBN 054534)
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
Email:  mseltzer@susmangodfrey.com


By:  /s/ Frank M. Pitre

FRANK M. PITRE (CA SBN 100077)
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
Email:  fpitre@cpmlegal.com

***Co-Lead Plaintiffs' Counsel for Economic Loss Cases***

LEGAL02/32003939v6

26

1

2

By:   /s/ Elizabeth J. Cabraser

3   ELIZABETH J. CABRASER (CA SBN 083151)
**LIEFF CABRASER HEIMANN**
4   **& BERNSTEIN, LLP**
275 Battery Street, Suite 3000
5   San Francisco, CA 94111
Telephone:  (415) 956-1000
6   Facsimile:  (415) 956-1008
Email:  ecabraser@lchb.com

7

8   By:   /s/ Mark P. Robison

9   MARK P. ROBINSON, JR. (CA SBN 54426)
**ROBINSON, CALCAGNIE & ROBINSON INC.**
10  620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
11  Telephone:  (949) 720-1288
Facsimile:  (949) 720-1292
12  Email:  mrobinson@rcrlaw.net

13  *Co-Lead Plaintiffs' Counsel for Personal*
*Injury/Wrongful Death Cases*

14

15  By:   /s/ Cari K. Dawson

16  CARI K. DAWSON (GA SBN 213490)
**ALSTON + BIRD LLP**
17  1201 West Peachtree Street
Atlanta, GA 30309
18  Telephone:  (404) 881-7766
Facsimile:  (404) 253-8567
19  Email:  cari.dawson@alston.com

20

21  By:   /s/ Lisa Gilford

22  LISA GILFORD (CA SBN 171641)
**ALSTON + BIRD LLP**
23  333 South Hope Street, 16th Floor
Los Angeles, CA 90071
24  Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
25  Email:  lisa.gilford@alston.com

26  *Lead Defense Counsel for Economic Loss Cases*

27

28

27

LEGAL02/32003939v6

1

2    By:   /s/ Vincent Galvin, Jr.

3    VINCENT GALVIN, JR. (CA SBN 104448)
     **BOWMAN AND BROOKE**
     1741 Technology Drive, Suite 200
4    San Jose, CA 95110
     E-mail:  vincent.galvin@bowmanandbrooke.com

5

6    By:   /s/ Joel Smith

7    JOEL SMITH (SC SBN 5266)
     **BOWMAN AND BROOKE**
8    1441 Main Street, Suite 1000
     Columbia, SC 29201
9    E-mail:  joel.smith@bowmanandbrooke.com

10   ***Lead Defense Counsel for Personal Injury/Wrongful
     Death Cases***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL02/32003939v6

28