Steve W. Berman
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594

Marc M. Seltzer, Bar No. 054534
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3102
Facsimile: (310) 789-3006

Co-Lead Counsel for Consumer Economic Loss Plaintiffs

Frank M. Pitre, Bar No. 100077
fpitre@cpmlegal.com
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Lead Counsel for Non-Consumer Economic Loss Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This documents relates to:<br><br>ALL ACTIONS | Case No.: 8:10ML2151 JVS (FMOx)<br><br>**STATEMENT OF CO-LEAD COUNSEL FOR ECONOMIC LOSS PLAINTIFFS REGARDING THE EFFECT OF THE ECONOMIC LOSS MASTER COMPLAINT AND THE FIRST AMENDED CONSOLIDATED COMPLAINT**<br><br>Date: Sept. 13, 2010<br>Time: 3:00 p.m.<br>Location: Courtroom 10C |

1268726v1/011847

Co-Lead Counsel for Economic Loss Plaintiffs respectfully submit this statement regarding the effect of the Economic Loss Master Consolidated Complaint ("MCC") (Doc. 263) and the First Amended Consolidated Complaint ("Amended California Complaint") (Doc. 264).

As we explain below, the MCC and Amended California Complaint perform distinct but complementary functions. The MCC is to govern motions directed at the pleadings and the merits, and the scope of discovery. The Amended California Complaint is to serve as the vehicle for class certification and trial because it relates to constituent actions over which this Court has both pretrial and trial jurisdiction.

1. **Purpose and Effect of the MCC**

   A. **The MCC should be the sole operative pleading for purposes of motions to dismiss, summary judgment motions, and discovery.**

The MCC asserts claims that, in our judgment, should be pursued on behalf of the economic loss claimants because we believe they are meritorious and amenable to nationwide class action treatment. As the Court has observed, testing those claims "will be a critical milestone in terms of shaping this litigation." Tr., May 28, 2010, at 9:10–12. In that regard, subject to Court approval, plaintiffs intend for the MCC to be the only complaint defendants must respond to on September 13, and that all motions under F. R. Civ. P. 12 and 56 will be directed at the MCC. Rulings on such motions will apply to all underlying complaints in constituent actions to the extent they assert the same claims as the MCC.

The MCC will also be the sole pleading for determining the relevance of discovery in the economic loss class actions, thereby facilitating the management of the core discovery that is a primary objective of this MDL.

   B. **The MCC should not merge all underlying class actions into a single consolidated action.**

Consolidation "'does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'"

1

1268726v1/011847

*Geddes v. United Fin. Grp.*, 559 F.2d 557, 561 (9th Cir. 1977) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1932)). Those long-recognized limitations on consolidation are especially important in the MDL context because an MDL transferee court lacks authority to assign a transferred case to itself for trial. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998). As Judge Fallon has recognized, treating a consolidated complaint as if it fuses all constituent actions together implicates the rule of *Lexecon*:

> If the master complaint in the present case were to be treated as a traditional complaint . . . it would complicate the matter of the subsequent remand of the individual MDL actions back to the transferor court by introducing confusion as to which court is the transferor court in light of the fact that two substantive complaints – one in [the transferee venue] and one in [transferor venue] – have been filed. Indeed, taking this to the extreme, a master complaint, if given the status of a traditional complaint, could be used to circumvent the remand requirement of 28 U.S.C. § 1407 by substituting itself for all individual actions filed in the MDL and thereby frustrate the intended effect of that statute as recognized in the Supreme Court's decision in [*Lexecon*].

*In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 141 (E.D. La. 2002).

Accordingly, constituent actions in this MDL must retain their individual identities, notwithstanding the MCC.

**C.    The filing of the MCC should not result in the dismissal of claims or defendants not asserted or named in the MCC.**

Toyota's position appears to be that the MCC must, once and for all, define the universe of claims and defendants in the economic loss class actions. As a practical matter, the MCC probably <u>will</u> have that effect – even if it does not, by itself, operate to dismiss claims or defendants not asserted or named in the MCC –

because all class members' claims likely will proceed to judgment in this MDL, whether by settlement or litigation, based on the Amended California Complaint, which tracks the MCC.

In the unlikely event the Court dismisses the claims asserted in the MCC (all of which, except for claims under the Magnuson–Moss Warranty Act, are state-law claims arising under California law) and any efforts to re-plead those claims fail, then plaintiffs will seek leave to amend the MCC to assert claims under other states' laws.[1] We believe plaintiffs' claims will survive motions to dismiss.

The next phase of motion practice will be class certification. If the Court certifies a nationwide class, then the claims of all class members who do not opt out will be merged and barred by the final judgment. The only potential claims, if any, that will remain are claims of individual plaintiffs who either opt out or fall outside the class definition. Such loose ends are inevitable, regardless of whether the MCC is deemed to dismiss claims and defendants as Toyota has proposed.

However, it is not a foregone conclusion that all class members' claims will proceed to judgment in the MDL. It is theoretically possible that at the conclusion of pretrial proceedings, the Court will remand underlying actions to their originating districts. Upon remand, plaintiffs in those actions might wish to prosecute claims they originally asserted before transfer but which were not litigated in the MDL because we chose not to assert them in the MCC. If such claims are deemed dismissed simply because they were not included in the MCC – even if such dismissal is "without prejudice" – then plaintiffs who wish to assert those claims post-remand will face obstacles that could prejudice their rights. Such plaintiffs arguably would not be entitled to amend their complaints as a matter of

---

[1] We believe all named plaintiffs and class members can recover under California law. Unless and until the Court finds otherwise, it would be inefficient for the MCC to assert claims under other states' laws. In the MCC, plaintiffs specifically reserved the right to seek to re-plead under other states' laws to the extent deemed necessary based on the rulings of the Court. *See* MCC at 116 n.54 (Doc. 263).

right, and defendants almost certainly would oppose leave to amend. If they succeed in amending their pleadings, then plaintiffs would next face defenses of limitations, abandonment, waiver, and the like. Such plaintiffs potentially would suffer prejudice, and post-remand motion practice would burden transferor courts.

The scenario described above is, however, remote. The far more likely outcome is that all class members' claims will proceed to judgment in the MDL based on the Amended California Complaint, which tracks the MCC. If so, Toyota's concerns will be obviated because all claims will merge into and be barred by the final judgment, even if they were not asserted in the MCC. But we must anticipate contingencies that could prejudice the rights of plaintiffs if there is a §1407 remand, and are duty-bound to advocate an approach that protects plaintiffs without compromising judicial economy. Our proposal does exactly that.

## 2. **Purpose and Effect of the Amended California Complaint**

The Amended California Complaint amends the complaints in the underlying actions to which it relates (all of which originated in California) to mirror the factual allegations and legal claims asserted in the MCC. Plaintiffs intend for the Amended California Complaint to be the operative pleading at class certification in order to simplify the choice-of-law analysis.

If plaintiffs were to move for class certification based on the MCC, Toyota likely would urge the Court to treat all transferor fora as the multiple venues of this MDL litigation and apply the choice-of-law rules of all transferor fora.[2] *See In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 48 n.1, 49, 53–56 (D.N.J. 2009) (plaintiffs moved for class certification based on the consolidated complaint;

---

[2] In diversity cases, federal courts must apply the same choice-of-law rules that state courts in the same forum would apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). When an action has been transferred from one forum to another, the transferor forum's choice-of-law rules continue to govern. *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Ferens v. John Deere Co.*, 494 U.S. 516 (1990). This rule applies to MDL transfers under §1407. *See, e.g., In re Plumbing Fixtures Litig.*, 342 F. Supp. 756, 758 (J.P.M.L. 1972).

court applied the choice-of-law rules of all transferor fora). Such a complex choice-of-law analysis would burden the Court and potentially complicate class certification for no good reason.

As Judge Fallon recognized in *Propulsid* and later in *Vioxx*, there is a perfectly sensible alternative approach that simplifies the choice-of-law analysis such that California's choice-of-law rules (and only those rules) apply to the claims asserted on behalf of the class: If plaintiffs move for class certification in actions originally filed in California, then the Court only needs to apply California's choice-of-law rules at class certification. *See In re Propulsid*, 208 F.R.D. at 142 ("[T]he Court looks to the specific action brought before the Court for class certification, namely the Indiana complaint, to determine which state's choice-of-law rules apply."); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006) ("[T]he Court will once again look to the specific action brought before it for class certification – the New Jersey complaint – and will apply New Jersey's choice-of-law rules . . . .").[3]

Plaintiffs intend to move for class certification and proceed to trial in this District based on the Amended California Complaint, which amends and is the operative complaint for class actions originally filed in this District. If the MCC truly "supersedes" all underlying complaints, plaintiffs' ability to take the approach endorsed by Judge Fallon will be unnecessarily compromised.

**3.     Conclusion**

It is respectfully submitted that the Court should enter Plaintiffs' Proposed Order Regarding the Effect of the MCC and Amended California Complaint, which is being lodged with the Court concurrently herewith.

---

[3] *See also In re Rezulin Prods. Liab. Litig.*, 390 F. Supp. 2d 319, 329 n.62 (S.D.N.Y. 2005) (Kaplan, J.) ("Choice of law is a substantive issue touching the rights of the parties. Just as transfers pursuant to Sections 1404 and 1407 do not affect the applicable choice of law rules, so too the next step in the streamlining process – namely consolidation . . . – does not affect them.").

| | | |
|---|---|---|
| 1 | Dated: August 31, 2010 | Respectfully submitted, |

By:  /s/ Steve W. Berman

STEVE W. BERMAN (WA SBN 12536)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

By:  /s/ Marc M. Seltzer

MARC M. SELTZER (CA SBN 054534)
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3102
Facsimile: (310) 789-3006
Email: mseltzer@susmangodfrey.com

By:  /s/ Frank M. Pitre

FRANK M. PITRE (CA SBN 100077)
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: fpitre@cpmlegal.com

*Co-Lead Counsel for*
*Economic Loss Plaintiffs*