# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Cari K. Dawson
Direct Dial: 404-881-7766
E-mail: cari.dawson@alston.com

August 31, 2010

**DISCOVERY MATTER**

Hon. John K. Trotter
JAMS
500 North State College Boulevard
14th Floor
Orange, California 92868

Hon. Steven Stone
JAMS
500 North State College Boulevard
14th Floor
Orange, California 92868

Re:   *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*
United States District Court, Central District of California
Case No. 8:10-ML-02151 JVS (FMO)

Dear Special Masters Trotter and Stone:

I.   Introduction

The Court ordered Plaintiffs to serve their Rule 26 initial disclosures ("Initial Disclosures") by July 2, 2010. (Dkt. No. 180.) Almost 8 weeks later and despite numerous letters identifying the deficiencies in the disclosures and requesting supplementation, the Toyota Defendants have not received Initial Disclosures compliant with Fed. R. Civ. P. 26(a)(1)(A). More than three months ago, at a May 28, 2010 hearing, lead counsel for the Economic Loss Plaintiffs represented that they were ready to provide their Initial Disclosures to the Toyota Defendants within 30 days. Despite that representation and the fact that some of the earliest class actions were filed against the Toyota Defendants in November 2009, Plaintiffs have failed to meet their obligations under the Federal Rules of Civil Procedure and Order No. 3.

The Toyota Defendants corresponded with Plaintiffs and followed the requisite meet and confer process to avoid referring this matter to the Special Masters and the Court. A detailed matrix of the deficiencies in the Initial Disclosures specific to each individual Plaintiff was provided, and Plaintiffs have had numerous opportunities to cure the deficient disclosures. Despite having ample time to collect the information necessary to provide compliant disclosures with respect to each Plaintiff, and counsel's representations that they could and would do so, each of the Plaintiff's Initial Disclosures

Special Masters Trotter and Stone
August 31, 2010
Page 2

remain glaringly deficient. The only response received from Plaintiffs has been excuses, which ring hollow, and which do not excuse Plaintiffs' non-compliance.

There is prejudice and harm to the Toyota Defendants by Plaintiffs' non-compliance. The Toyota Defendants are entitled to receive Initial Disclosures that contain all of the information available to Plaintiffs, in order to meaningfully prepare the defense of this litigation. The fact that Fact Sheets may provide similar information at some point later in this litigation or that Plaintiffs filed a Consolidated Class Action Complaint and First Amended Consolidated Class Action Complaint on August 2, 2010, do not excuse Plaintiffs' non-compliance. The Court ordered initial disclosures for all complaints in the MDL to be served on July 2, 2010, and that order was neither conditional nor contingent upon the August 2 filings or fact sheets. The Federal Rules of Civil Procedure apply to all litigants, including the Plaintiffs in this MDL, and their disregard for those rules should not be condoned. For the reasons described below, Plaintiffs should be ordered to follow the rules – and serve disclosures that fully comply with the requirements of Rule 26(a) for not only the plaintiffs identified in the August 2, 2010 pleadings, but also for the economic loss plaintiffs in the MDL, as contemplated in the Court's Order No. 3.

II.     Legal Standard

Rule 37(a)(2)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. Proc. 37(a)(3).

The purpose of the initial disclosures is to "accelerate the exchange of basic information that is needed in most cases to prepare for trial or make an informed decision about settlement," and "assist the parties in focusing and prioritizing their organization of discovery." *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (citing 1993 advisory committee notes, *Monroig v. RMM Records & Video Corp.*, 194 F.R.D. 388, 392 (D. Puerto Rico 2000)) (internal quotations omitted). Thus, Rule 26(a)(1) contemplates that a party's initial disclosures will be based on information available at the time of disclosure. *Delaney v. Ashcraft*, 2006 WL 2080023 at *3 (W.D. Ark. July 25, 2006). Blanket responses such as "any persons identified during discovery" and "all relevant admissible documents furnished during discovery" are insufficient. *Id.* Rule 26(a) requires that the attorney or party signing the disclosures certify that they are based upon information then available, and are complete and correct after a reasonable inquiry. *See White Cap Constr. Supply, Inc. v. Tighton Fastener and Supply*, 2010 WL 148430 at *1 (D. Neb. Jan. 12, 2010).

Special Masters Trotter and Stone
August 31, 2010
Page 3

III. Procedural Background

Of the 11 cases originally ordered to be consolidated in this MDL on April 9, 2010, the earliest filed case was in November 2009. (*See* Declaration of Cari K. Dawson ("Dawson Decl."), ¶ 2, Exh. A.) Without qualification or condition, lead counsel for the economic loss plaintiffs represented at the May 28, 2010 Status Conference that Plaintiffs would be able to serve their Initial Disclosures within 30 days. (*Id.* ¶ 3, Exh. B.) Based upon this representation, the Court ordered Plaintiffs to serve their Initial Disclosures by July 2, 2010. (Dkt. No. 180)

The Toyota Defendants received many, though not all, of the economic loss plaintiffs' Initial Disclosures on July 2, and determined that none of them complied with the requirements of Rule 26. On July 15, 2010, the Toyota Defendants sent Plaintiffs a letter in an effort to meet and confer regarding their noncompliance, and included with the letter a spreadsheet detailing the deficiencies with respect to each individual Plaintiff. (*Id.* ¶ 4, Exh. C.) Plaintiffs failed to respond.

After receiving the Economic Loss Master Consolidated Complaint ("Master Complaint"), the Toyota Defendants sent a second letter to Plaintiffs, again requesting that they correct the deficiencies in their Initial Disclosures. (*Id.* ¶ 5, Exh. D.) Plaintiffs responded by refusing to supplement the Initial Disclosures served on July 2. They further stated that they were still in the process of gathering information, and that "topics covered by the Rule 26(a) disclosures will undoubtedly also relate to topics covered by the plaintiff fact statements." (*Id.* ¶ 6, Exh. E.)

The Toyota Defendants sent a third letter to plaintiffs, reminding them that their obligation to provide compliant Initial Disclosures is separate from their obligation to respond to the fact sheets that the Toyota Defendants will propound. (*Id.* ¶ 7, Exh. F.) The letter also identified specific instances where the Initial Disclosures appear to be deficient, given the allegations of the Master Complaint and statements that lead counsel made to the press. (*Id.*) The Toyota Defendants gave Plaintiffs one final chance to supplement their Initial Disclosures by August 27, 2010. (*Id.*) Plaintiffs did not respond at all.

IV. Plaintiffs Should Be Compelled To Provide Initial Disclosures That Fully Comply With The Requirements of Rule 26(a)

A. Computation of Damages

Under Rule 26, a party is required to provide a "computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered..." Fed. R. Civ. P. 26(a)(1)(A)(iii).

Special Masters Trotter and Stone
August 31, 2010
Page 4

Plaintiffs are required to provide their assessment of damages in their initial disclosures in light of the information currently available to them, in sufficient detail so as to enable the defendant to understand the contours of its potential exposure and make informed decisions as to the settlement and discovery. *Frontline Medical Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009); *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). To make the initial disclosures obligation meaningful, a party must provide a more detailed specification of damages than just a lump sum, or a list of broad categories of damages – and thus, must set forth a computation of damages separately with respect to each claim asserted. *Tutor-Saliba*, 218 F.R.D. at 221 (citing Rutter Group, Fed. Civ. Proc. Before Trial § 11:166 (2001)). Providing this information, even if tentative, advances the litigation without imposing a significant burden on the plaintiffs. *Id.* at 222.

Here, all of the Plaintiffs use the same boilerplate language in each disclosure: that they have not compiled "all of the information necessary" to compute their damages and that damages will be the subject of expert opinion. Such is their excuse for failing to provide any computation of damages whatsoever. (*See, e.g.*, Dawson Decl., ¶¶ 8 and 9, Exhs. G and H.) The Toyota Defendants requested that Plaintiffs confirm if it is their position that experts are necessary to establish each Plaintiff's damages and there are no documents, witness or information currently available to support any damage claim. (*Id.* ¶ 7, Exh. F.) Plaintiffs ignored the Toyota Defendants' request. Further, while some Plaintiffs disclose the existence of certain documents that would support their claims for damages – such as purchase and sales agreements – none have been made available for copy and inspection these documents as required by the plain language of Rule 26(a)(1)(A)(iii).

Even at this early stage in the litigation, it is evident from the allegations of the Master Complaint that some of Plaintiffs' alleged damages are ascertainable now, without the assistance of any expert opinion. For example, some plaintiffs have alleged that they sustained out-of-pocket costs associated with renting replacement cars or storing cars not in use. (*See, e.g.*, Dkt. No. 263, ¶¶ 33, 52.) Others have alleged that they received less compensation for trading in their allegedly defective cars than they otherwise would have, or that they have seen the trade-in value of their cars decline by a specific amount. (*See, e.g., id.*, ¶¶ 32, 35, 36, 52, 54, 59, 65, 74.) These damages should be reflected on receipts, sales records, and other such documents. Plaintiffs have had more than sufficient time to collect this basic documentation, and there is no excuse for their failure to provide it. Plaintiffs should therefore be ordered to compute these damages and provide their supporting documentation immediately.

B.     Witnesses

A party's initial disclosures are to set forth "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support

its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A) (i).

Nearly all consumer Plaintiffs listed only themselves – and no one else – as potential witnesses who may have knowledge to support their claims. However, many of these Plaintiffs have alleged facts that, on their face, indicate that they intend to present witnesses in addition to themselves to support their claims. For example, some Plaintiffs have alleged that they experienced instances of unintended acceleration that resulted in collisions with other cars, but have not listed the name or contact information for the owners or drivers of the other cars. (*Compare, e.g.*, Dkt. No. 263, ¶¶ 40, 42, 55 *with* Dawson Decl., ¶ 8, Exh. G.) Nor do these Plaintiffs list names or contact information for the service facilities or personnel who repaired the cars or determined that they were "totaled." (*Id.*)

Other Plaintiffs alleged that they have had contact with dealers (i.e. some who sold Plaintiffs the cars but failed to disclose certain facts relating to the safety of the cars and the recalls, some who made representations to Plaintiffs in connection with incident reporting, and some who refused to take back the cars). But these Plaintiffs have not listed the name or contact information for the dealerships or identified individuals with whom these Plaintiffs spoke or had dealings. (*Compare, e.g.*, Dkt. No. 263, ¶¶ 32, 34, 48 *with* Dawson Decl., ¶ 10, Exh. I.) Likewise, some Plaintiffs who allege that they sold their cars at a loss do not provide names or contact information for the entities or individuals to whom the cars were sold. (*Compare, e.g.*, Dkt. No. 263, ¶¶ 36, 59, 65 *with* Dawson Decl., ¶ 11, Exh. J.)

Plaintiffs have had more than sufficient time to determine who, in addition to themselves, may have discoverable information that may support their claims. Accordingly, Plaintiffs should be ordered to immediately disclose all such individuals, including but not limited to the "categories" of individuals identified above by way of example.

    C.    Documents And Things

Rule 26 requires that a party provide as part of its initial disclosures "a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).

While the Toyota Defendants do not expect Plaintiffs to provide copies of all documents and tangible things in their possession, custody or control right now, Plaintiffs have failed to even provide a description of the documents and tangible things that is sufficient to comply with their disclosure obligations. First, Plaintiffs have provided generic descriptions of their vehicles (e.g. "2007 Toyota Camry") without vehicle identification numbers ("VINs"). The Court has required Plaintiffs to provide VINs for

the subject vehicles right now (*see* Dkt. No. 249, p. 16). Plaintiffs have no excuse for failing to disclose this information – especially in light of the Toyota Defendants' repeated requests for same.

Second, lead counsel has recently admitted to possessing 300,000 documents purportedly relevant to the claims asserted in the Master Complaint. (*See* Dawson Decl., ¶ 12, Exh. K.) Documents in the possession, custody or control of a party include documents in their counsel's possession. (*See* Fed. R. Civ. Proc. 34, *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006)). The Toyota Defendants have requested that, to the extent that any of these documents, or any other documents in Plaintiffs' counsel's possession, have not been identified in the Initial Disclosures, that Plaintiffs supplement their Initial Disclosures accordingly. Plaintiffs ignored the Toyota Defendants' request.

These are but two examples of Plaintiffs' failure to comply with Fed. R. Civ. P. 26(a)(1)(A)(ii), which are detailed in the correspondence attached to the Dawson Declaration. Plaintiffs should be ordered to immediately disclose the subject vehicles' VINs, and to supplement Initial Disclosures so that all documents in lead counsel's possession are disclosed.

V. Further Briefing

The Toyota Defendants requested that Plaintiffs consent to an informal letter brief process, instead of following the formal stipulation procedure set forth in Central District Local Rule 37. (Dawson Decl., ¶ 13, Exh. L.) Plaintiffs did not object to this procedure. (*Id.* ¶ 14, Exh. M) Accordingly, the Toyota Defendants respectfully request that the Special Masters set a date for hearing on this discrete issue no later than September 20, 2010, and set a date by which Plaintiffs' response to this brief will be due, in advance of that hearing.

Respectfully Submitted,

*Cari K. Dawson*
Cari K. Dawson

CKD:tmf

cc: Counsel of Record (*via* ECF)

LEGAL02/32149731v1