CARI K. DAWSON (GA SBN 213490)
Email: cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7766
Facsimile: (404) 253-8567

LISA GILFORD (CA SBN 171641)
Email: lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

*Lead Defense Counsel for Economic Loss Cases*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORIA

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This documents relates to:<br><br>ALL ECONOMIC LOSS CASES | Case No.: 8:10ML2151 JVS (FMOx)<br><br>**DEFENDANTS' BRIEF CONCERNING THE EFFECT OF PLAINTIFFS' MASTER CONSOLIDATED COMPLAINT**<br><br>[FILED CONCURRENTLY WITH DECL. OF LISA GILFORD; AND [PROPOSED] ORDER]<br><br>Date:          September 13, 2010<br>Time:          3:00 p.m.<br>Location:    Courtroom 10C<br>Judicial Officer:    Hon. James V. Selna |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION. ................................................................................ 1

II.   DEFENDANTS' PROPOSED ORDER IS NECESSARY FOR THE
      EFFICIENT, TIMELY AND JUST RESOLUTION OF THIS MDL. ............... 3

      A.    It Is Proper and Appropriate for a Consolidated Complaint to
            Supersede Underlying Complaints. ............................................ 3

      B.    The Claims Not Asserted In the MCC Should Be Deemed
            Dismissed. .................................................................................. 5

      C.    Defendants' Proposed Order Will Create Efficiencies While
            Simultaneously Ensuring That Prejudice Does Not Result. .......... 7

      D.    Plaintiffs' Proposal Would Result in Delay and Wasted Resources,
            Rather Than Efficiencies in this Litigation. ............................... 11

      E.    Plaintiffs' Proposal Would Result in Significant Prejudice to
            Defendants. ................................................................................ 13

III.  CONCLUSION .................................................................................. 15

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Acri v. Int'l Assoc. of Machinists & Aerospace Workers,*
781 F2d 1393 (9th Cir. 1986)................................................................. 13

*Adams v. California Dept. of Health Services,*
487 F.3d 684 (9th Cir. 2007)..................................................................... 7

*Anderson v. Air West, Inc.,*
542 F.2d 522 (9th Cir. 1976)................................................................... 15

*Clements v. Airport Auth. of Washoe County,*
69 F.3d 321 (9th Cir. 1995)....................................................................... 9

*Garber v. Randell,*
477 F.2d 711 (2nd Cir. 1973)................................................................. 13

*In re African-Am. Slave Descendants Litig.,*
471 F.3d 754 (7th Cir. 2006)..................................................................... 5

*In re Bridgestone/Firestone, Inc. ATX, ATX II, and Wilderness Tires Prods.*
*Liab. Litig.,*
129 F. Supp. 2d 1207 (S.D. Ind. 2001).................................................. 6

*In re Educ. Testing Serv. Praxis Principles of Learning and Teaching: Grades*
*7-12 Litig.,*
517 F. Supp. 2d 832 (E.D. La. 2007)................................................. 6, 10

*In re Eisen,*
31 F.3d 1447 (9th Cir. 1994)................................................................. 14

*In re Equity Funding Corp. of Am. Sec. Litig.,*
416 F. Supp. 161 (C.D. Cal. 1976) .......................................................... 3

*In re Fed. Nat'l Mortgage Assoc. Sec. Derivative "ERISA" Litig.,*
MDL No. 1668, Civil No. 07-1173(RJL), 2010 WL 2940860 (D.D.C. Jul.
27, 2010)................................................................................................ 6, 10

*In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.,*
592 F. Supp. 2d 1147 (D. Minn. 2009)................................................... 5

*In re Mercedes-Benz Tele Aid Contract Litig.,*
257 F.R.D. 46 (D.N.J. 2009)..................................................................... 4

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,*
    460 F.3d 1217 (9th Cir. 2006)..........................................................5, 15

*In re Silicone Gel Breast Implants Prods. Liab. Litig.,*
    996 F. Supp. 1110 (N.D. Ala. 1997)......................................................5

*In re Storage Technology Corp. Sec. Litig.,*
    630 F. Supp. 1072 (D. Colo. 1986)...................................................4, 10

*In re Ticketmaster Corp. Antitrust Litig.,*
    929 F. Supp. 1272 (E.D. Mo. 1996).......................................................4

*In re Union Carbide Corp. Gas Plant Disaster at Bhopal India in December,*
    *1984,*
    634 F. Supp. 842 (S.D.N.Y. 1986).....................................................4, 6

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*
    523 U.S. 26, 28 (1998)........................................................................5

*Mohanty v. BigBand Networks, Inc.,*
    No. C 07-5101, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008) ...................7

*New York City Employees' Retirement System v. Jobs,*
    593 F.3d 1018 (9th Cir. 2010).............................................................14

*Stein v. United Artists Corp.,*
    691 F.2d 885 (9th Cir. 1982)..............................................................13

**FEDERAL STATUTES**

28 U.S.C. § 1407 ...........................................................................3, 5, 12

**RULES**

Federal Rule of Civil Procedure Rule 12 ................................................11

Federal Rule of Civil Procedure Rule 15 .............................................2-3

Federal Rule of Civil Procedure 42(a) .................................................3-4

Federal Rule of Civil Procedure Rule 56 ................................................11

LEGAL02/32125754v8

OTHER AUTHORITIES

*In re Bausch & Lomb Contact Lens Solution Prods. Liab. Litig.*
    MDL 1785, Case Management Order No. 3, at 4 (D.S.C. Dec. 21, 2006)................4

*In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.,*
    MDL 1718, Case Management Order No. 1, at 9 (E.D. Mich. June 15, 2006).........4

*In re Heartland Pmt. Sys., Inc. Data Sec. Breach Litig.*
    MDL 2046, Case Management Order No. 1 (S.D. Tex. Aug. 28, 2009)...................4

*In re Rezulin Prods. Liab. Litig.,*
    MDL No. 1348, Minute Order (S.D.N.Y. Dec. 20, 2000).........................................9

*In re Rezulin Prods. Liab. Litig.,*
    MDL No. 1348, Pretrial Order No. 11 (S.D.N.Y. Feb. 7, 2001) .........................9, 10

*In re Toshiba Am. HD DVD Mktg. and Sales Prac. Litig.*
    MDL 1956, Order, at 5 (D.N.J.  Nov. 19, 2008) ......................................................4

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*
    28 U.S.C. Section 1407, 523 U.S. 26, 28 (1998) ......................................................5

*Manual for Complex Litigation (Fourth)* § 11.32.......................................................13

LEGAL02/32125754v8

# I.    INTRODUCTION.

The Judicial Panel on Multidistrict Litigation's consolidation of these cases and this Court's orders to date have sought to ensure an efficient, cost-effective, and timely adjudication of the substantial number of claims pending against Toyota in this MDL.    To this end, this Court ordered that "Lead counsel would have the responsibility of preparing a consolidated complaint covering the issues in _all_ the economic loss cases." *See* Order No. 1 [Dkt.3], at 3 (emphasis added).    Lead Counsel did not do that.    Rather than comply, they formulated a tactical strategy to exclude many of the claims, theories, causes of action, and parties that were included in the underlying complaints in the Master Consolidated Complaint [Dkt. 263] ("MCC"),[1] but refuse to acknowledge that the omitted claims are no longer at issue.    The MCC asserts claims on behalf of an extraordinarily broad purported class (all persons who purchased Toyota vehicles with ETCS), but significantly narrows the legal claims asserted (only California law; elimination of certain claims altogether)—likely because Plaintiffs wish to pursue a strategy that they believe increases their chances of obtaining class certification and the available damages.

Undoubtedly understanding the risks inherent in their strategy, Plaintiffs make the novel proposal that they should get a second chance at all the underlying claims if this "trial-run" is unsuccessful. Specifically, Plaintiffs propose that the FACC should supersede and amend the claims of a handful of cases filed in California, but that, with respect to the *hundreds* of other economic loss cases, the MCC should be viewed as solely an "administrative device" that does not affect the omitted claims and theories. *See* Plaintiffs' Proposed Order [Dkt. 306-1].    In other words, these omitted claims are essentially in limbo for an indefinite amount of time until the claims in the FACC and

---

[1]    On the same day that the MCC was filed, Plaintiffs also filed the First Amended consolidated complaint [Dkt. 264] ("FACC").    As explained in Toyota's Response to Statement of Plaintiffs' Counsel [Dkt. 310], the FACC should be stricken in its entirety.    Accordingly, the FACC should have no impact on the underlying cases and this brief therefore focuses on the effect of the MCC.

1

MCC play out.[2]   Plaintiffs ask this Court to eviscerate the efficiencies created by a consolidated complaint—and this entire MDL structure—and to permit significant prejudice to Defendants by ordering the MCC to only selectively supersede the underlying complaints.

Plaintiffs' intent is obvious: to make a run at the largest class possible (and thus the largest recovery they can fashion), while risking nothing.   If Plaintiffs are successful, there would be issue preclusion in Plaintiffs' favor.  If Plaintiffs' claims are unsuccessful, there would be no issue preclusion with respect to the omitted claims from the underlying complaints, which Plaintiffs would be free to revive without satisfying Rule 15's requirements for leave to amend. The prejudice to Toyota is just as obvious: Toyota will be forced to defend against an extraordinarily broad theory of defect and, if Defendants are successful against these claims (whether at the motion to dismiss, summary judgment, or any other pretrial phase), Defendants would then be forced to defend against a second (and perhaps third and fourth) round of claims that Plaintiffs could have, and should have, included in the MCC.

Defendants instead propose—consistent with this Court's apparent intent and traditional practice—that each underlying complaint should be deemed amended to comport with the MCC; that all claims asserted in underlying complaints, but not asserted in the MCC, should be deemed dismissed with prejudice in each underlying case; and that all defendants named in underlying complaints, but not named in the MCC, should be deemed dismissed with prejudice from the underlying complaints. Accordingly, Defendants urge the Court to enter the Proposed Order submitted concurrently herewith.  Toyota respectfully submits that its proposed Order should be entered because:  (1) it will create efficiencies in this litigation by ensuring that all legal issues move forward simultaneously rather than piecemeal; (2) it will avoid prejudice to Defendants not named in the MCC by clarifying whether claims continue

---

[2]     In fact, in an earlier proposal by Plaintiffs, they specifically stated that such claims should be stayed.  *See* July 28, 2010 Email from Sandra Thomas (Ex. 3 to Gilford Dec.).

LEGAL02/32125754v8

to exist against them; (3) it will avoid the prejudice that would result to all Defendants if claims not asserted in the MCC are indefinitely stayed such that they can be re-asserted at some indefinite point in the future; and (4) it will ensure that motions practice and discovery are directed to all viable claims so that, at the conclusion of these pretrial proceedings, no additional pretrial motions or discovery will be needed.

Plaintiffs' proposed Order [Dkt. 306-1] should be rejected out of hand because: (1) it would permit Plaintiffs to re-assert claims that were included in the underlying complaints but that were purposefully omitted from the MCC for tactical reasons without requiring them to satisfy Rule 15's requirements, leading to delay, wasted resources, excess cost, and prejudice to Defendants; (2) it would create significant inefficiencies by allowing claims to be litigated in a piecemeal fashion; and (3) it would cause significant prejudice and hardship to Defendants who risk either waiving defenses or being forced to wait months or years before presenting such defenses. The practical effect of the Order proposed by Plaintiffs is highly prejudicial, the antithesis of the purpose of multi-district litigation, and will undermine this Court's desire for a timely adjudication. Plaintiffs' proposed Order is gamesmanship at its worst, in which "heads" Plaintiffs win, and "tails" Toyota loses. For all of the reasons set forth herein, Toyota respectfully requests that this Court enter Defendants' proposed Order, so that we may move forward with the swift resolution of this litigation.

## II. DEFENDANTS' PROPOSED ORDER IS NECESSARY FOR THE EFFICIENT, TIMELY AND JUST RESOLUTION OF THIS MDL.

### A. It Is Proper and Appropriate for a Consolidated Complaint to Supersede Underlying Complaints.

The Court's authority to utilize consolidated complaints stems from Federal Rule of Civil Procedure 42(a) and 28 U.S.C. § 1407 and is generally permitted when it will result in judicial economies and efficiencies. *See, e.g., In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175-76 (C.D. Cal. 1976) (explaining that Rule 42(a) 'limits the court's power to order consolidation of pleadings to instances

3

where such an order 'may tend to avoid unnecessary costs or delay.'"). In addition, consolidated pleadings must not result in "serious prejudice to the right of a party to litigate its claims or defenses." *Id.*

In order to ensure that judicial efficiencies are realized, numerous courts have held that a consolidated complaint supersedes the claims asserted in the underlying complaints. *See, e.g., In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 55 (D.N.J. 2009) ("[T]he amended complaint would supersede the complaints filed in each of the individual Actions."); *In re Ticketmaster Corp. Antitrust Litig.*, 929 F. Supp. 1272, 1274 (E.D. Mo. 1996) ("By the end of August, the parties had filed a Consolidated Complaint that superseded the variety of complaints that had been filed by different lawyers around the country."), *aff'd in part, vacated in part, rev'd in part on other grounds by, Campos v. Ticketmaster Corp.*, 140 F.3d 1166 (8th Cir. 1998); *In re Storage Technology Corp. Sec. Litig.*, 630 F. Supp. 1072, 1074 (D. Colo. 1986) ("Pre-Trial Order No. 1 . . . provided for . . . the filing of a consolidated class action complaint to supersede all existing complaints in the actions being consolidated."); *In re Union Carbide Corp. Gas Plant Disaster at Bhopal India in December, 1984*, 634 F. Supp. 842, 844 (S.D.N.Y. 1986) ("The individual federal court complaints have been superseded by a consolidated complaint filed on June 28, 1985.").[3] This Court has likewise commented on the propriety of having a superseding consolidated complaint. *See* Aug. 24, 2010 Tr. At 24, 25 ("[T]he purpose of the consolidated complaint is to supersede all the other complaints and make that the operative pleading, a consolidated class action complaint.") ("Well, I am taking that position [that the master consolidated complaint supersedes]. I can assure you that's what a consolidated complaint is about."). This is precisely what Defendants propose in the instant case.

---

[3]      *See also In re Heartland Pmt. Sys., Inc. Data Sec. Breach Litig.*, CMO 1, at 10 (Ex. 6 to Gilford Dec.); *In re Toshiba Am. HD DVD Mktg. and Sales Prac. Litig.*, Order, at 5 (Ex. 7 to Gilford Dec.); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.* CMO 1, at 9 (Ex. 8 to Gilford Dec.); *In re Bausch & Lomb Contact Lens Solution Prods. Liab. Litig.*, CMO 3, at 4 (Ex. 9 to Gilford Dec.).

4

*Lexecon* does not change this result. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach* held that pursuant to 28 U.S.C. § 1407, an MDL transferee court is prohibited from assigning transferred cases to itself for trial. 523 U.S. 26, 28 (1998). However, even after *Lexecon*, MDL transferee courts are still permitted to rule on all pretrial matters, even those that may be dispositive. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (explaining that the power of a § 1407 transferee court includes the "authority to decide all pretrial motions, including dispositive motions"). Moreover, post-*Lexecon*, MDL courts are also permitted to order consolidated pleadings. *See, e.g., In re African-Am. Slave Descendants Litig.*, 471 F.3d 754, 756-57 (7th Cir. 2006) (approving district court's decision to order a consolidated complaint notwithstanding *Lexecon*). Accordingly, "[a]lthough the effect of such pretrial consolidation is not and cannot be to 'merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another,' the consolidation of pleadings for pretrial purposes is within the discretionary power of the district court, particularly in the context of complex pretrial proceedings pursuant to 28 U.S.C. s 1407(a)." *Equity Funding*, 416 F. Supp. at 176 (citations omitted).

## B.   The Claims Not Asserted In the MCC Should Be Deemed Dismissed.

In order to realize the efficiencies that consolidated pleadings can provide, dispositive rulings with respect to the consolidated complaint should apply to and be binding on all of the underlying complaints. *See, e.g., In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 592 F. Supp. 2d 1147, 1154, 1165 (D. Minn. 2009) (explaining that each claim asserted in the Consolidated Complaint "is deemed incorporated into the Complaints in the individual actions") (holding that dismissal of the consolidated complaint results in dismissal of all underlying actions because "[t]he [Consolidated] Complaint is, in essence, an amended Complaint filed in each and every one of the cases in this multidistrict litigation."); *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 996 F. Supp. 1110 (N.D. Ala. 1997) (granting summary

1   judgment for defendant in all breast implant cases currently pending in, or later filed
2   in, removed to, or transferred, to the MDL court.); *Union Carbide*, 634 F. Supp. at
3   844 (affirming dismissal of all of "[t]he individual federal court complaints [which
4   had] been superseded by a consolidated complaint."). This is so, even where the
5   consolidated complaint omits claims asserted in some of the underlying actions. *See,*
6   *e.g., In re Fed. Nat'l Mortgage Assoc. Sec. Derivative "ERISA" Litig.*, MDL No.
7   1668, Civil No. 07-1173(RJL), 2010 WL 2940860, at *9 (D.D.C. Jul. 27, 2010) ("In
8   prosecuting the consolidated action, the co-lead plaintiffs opted to forego Kellmer's
9   demand-made theory and instead relied on a demand-futility theory to establish their
10  standing to bring the derivative claims . . . That Kellmer disagrees with that decision
11  does not entitle him to relief from the judgment. All the shareholders must live with
12  the strategic choices of the representative shareholders ultimately charged with
13  prosecuting the derivative action on behalf of the corporation and its shareholders.").

14          Accordingly, in order to ensure clarity, this Court should enter an order
15  specifying that claims not asserted in the consolidated complaint are dismissed with
16  prejudice. *See In re Educ. Testing Serv. Praxis Principles of Learning and Teaching:*
17  *Grades 7-12 Litig.*, 517 F. Supp. 2d 832, 837-38 (E.D. La. 2007) (issuing order that
18  "all causes of action in consolidated cases that were filed in or transferred to this
19  Court before January 20, 2005 that were not included in the master complaint would
20  be dismissed with prejudice if counsel in those cases did not move to segregate those
21  causes of action with 30 days."); *see also In re Bridgestone/Firestone, Inc. ATX,*
22  *ATX II, and Wilderness Tires Prods. Liab. Litig.*, 129 F. Supp. 2d 1207, 1210-11
23  (S.D. Ind. 2001) (holding that the Master Complaint "shall apply to all pending Class
24  Action Cases and to those subsequently filed, removed, or transferred to this Court as
25  part of this proceeding. The Master Complaint shall be deemed to amend the
26  complaints in the Class Action Cases to reflect the content of the Master Complaint,
27  including all claims and theories contained therein.").

28

6

## C.   Defendants' Proposed Order Will Create Efficiencies While Simultaneously Ensuring That Prejudice Does Not Result.

Defendants' proposal ensures that the two-fold requirements of efficiency and fairness are satisfied. First, following the line of precedent discussed above, under Defendants' proposal, all underlying complaints would be deemed amended to conform to the MCC. This would allow for increased efficiencies since all motions practice could be directed to a single complaint and all discovery could be governed by a single complaint. *See Mohanty v. BigBand Networks, Inc.*, No. C 07-5101, 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008) ("Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately.") (citations omitted) *Equity Funding*, 416 F. Supp. at 176 (finding that a consolidated pleading realizes efficiencies in motions practice, class action issues, and discovery management).

Additionally, because claims not asserted in the MCC would be deemed dismissed with prejudice, Defendants' proposal would ensure that there are no orphan claims waiting to be asserted at some later point in this litigation. *See Adams v. California Dept. of Health Services*, 487 F.3d 684, 692-93 (9th Cir. 2007) (explaining that in the context of claims-splitting, "[d]ismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation'") (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). This, in turn, would ensure judicial efficiencies and economies because all claims would be litigated during these combined pretrial proceedings and rulings on dispositive motions would have finality.

The importance of ensuring that all of the claims in the underlying cases are addressed from the outset of this case, whether through motions practice and litigation or through dismissal, cannot be overstated. This is so, because Plaintiffs have completely ignored the theories and claims asserted in the vast majority of the underlying cases. First, although the MCC discusses the floor mat and pedal recalls

7

implemented by Toyota, the MCC seeks damages based on an alleged defect in Toyota's ETCS. By contrast, 121 out of 186 of the underlying class action complaints assert "recall claims," separate and apart from any damages allegedly caused by Toyota's ETCS. *See* Matrix of Defect Theories Asserted in Underlying Class Action Complaints (Ex. 1 to Gilford Dec.). In fact, 62 of the underlying class actions complaints contain no allegations whatsoever related to a defect in Toyota's ETCS and instead base their theories of recovery exclusively on injuries arising out of the recalls. *See id.; see also, e.g., Lacey Laudicina, et al. v. Toyota Motor Corp., et al.,* 2:10-cv-01030. Second, despite purporting to represent a national class, the MCC fails to include any state law claims asserted in the underlying complaints except for claims arising under California law. *See* MCC at 116 n.54. Third, the MCC fails to include any RICO, negligence, or Lemon Law claims despite the fact that many of the underlying class action complaints focus extensively on RICO and negligence claims and most of the individual economic loss cases assert claims for violations of Lemon Laws. Fourth, the MCC is a purported class action seeking damages solely for economic loss, notwithstanding the fact that a number of the underlying class actions also asserted putative personal injury classes. *See, e.g., McKinney, et al. v. Toyota Motor North America, Inc.,* No. 8:10-cv-744. And, fifth, the MCC only names Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc. as defendants, whereas the underlying complaints bring claims against many additional Toyota entities and a number of non-Toyota entities, including component part suppliers and dealerships. *See* List of Defendants Named in Underlying Economic Loss Actions (Ex. 2 to Gilford Dec.).

Defendants recognize that reconciling the various underlying complaints necessarily entailed editorial discretion as to which claims and theories to assert. However, Plaintiffs elected to omit a ***majority*** of the claims for tactical reasons, while asking this Court not to extinguish the omitted claims. They want piecemeal, inefficient, costly and protracted litigation. Plaintiffs' "wait and see" approach to

8

litigating the claims in this MDL should not be tolerated by this Court. *See In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, Minute Order (S.D.N.Y. Dec. 20, 2000) (Ex. 4 to Gilford Dec.) (rejecting plaintiffs' suggestion that the master complaint did not "extinguish[] the claims and allegations of the previously filed class action complaints" such that claims not covered by the master complaint would require a separate response from defendants: "The Court directed the filing of a single consolidated class complaint. This necessarily requires extinguishment of the prior complaints. Plaintiffs shall comply forthwith."). Unlike the proposal suggested by Plaintiffs, Defendants' proposal will clarify which claims need to be defended and which parties should continue to defend this case. This will create efficiencies by moving this litigation forward in a coordinated, rather than piecemeal, fashion, and will avoid prejudice to Defendants by ensuring that defenses are not inadvertently waived and that all Defendants are permitted to assert relevant defenses promptly. *See, e.g., Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995) ("A main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'") (quoting *Restatement (Second) Judgments*, § 26 comment a).

Plaintiffs contend that they will be prejudiced if underlying claims are deemed dismissed, because "even if such dismissal is 'without prejudice'" plaintiffs wishing to re-assert abandoned claims may have difficulty seeking leave to amend at that late stage and, even if leave to amend is granted, may "face defenses of limitations, abandonment, waiver, and the like." Pl. Statement [Dkt. 306], at 3-4. It bears noting that this predicament is one of Plaintiffs' own making, since they were supposed to have filed a "consolidated complaint covering the issues in all the economic loss cases," as this Court directed, and had they simply complied instead of engaging in blatant gamesmanship, there would be no "abandoned" claims left to assert. Order no. 1 [Dkt. 3], at 3. Moreover, to the extent that the Court is concerned that prejudice to Plaintiffs might result, there are mechanisms available to avoid even the possibility

9

1   of prejudice caused by dismissing underlying claims. *In re Educ. Testing Serv. Praxis*

2   *Principles of Learning and Teaching: Grades 7-12 Litig.*, 517 F. Supp. 2d 832, 837-

3   38 (E.D. La. 2007) ("[A]ll causes of action in consolidated cases that were filed in or

4   transferred to this Court before January 20, 2005 that were not included in the master

5   complaint would be dismissed with prejudice if counsel in those cases did not move to

6   segregate those causes of action with 30 days."); *In re Rezulin Prods. Liab. Litig.*,

7   MDL No. 1348, Pretrial Order No. 11 (S.D.N.Y. Feb. 7, 2001) (Ex. 5 to Gilford Dec.)

8   (allowing "any party seeking to certify claims or classes that differ from the class

9   defined, and/or the claims for which class treatment have been sought" to file separate

10  motions and holding that "[f]ailure of any party to file such a motion on or before that

11  date shall result in the striking of all class allegations from such party's complaint

12  without further order of the Court."); *In re Storage Tech. Corp. Sec. Litig.*, 630 F.

13  Supp. 1072, 1074 (D. Colo. 1986) (ordering that "counsel for all plaintiffs in all of the

14  civil actions consolidated had until September 20, 1985 to disavow the inclusion of

15  their clients' claims within the amended consolidated complaint."). As the foreign

16  Plaintiffs have demonstrated, plaintiffs that wish to protect their rights to assert claims

17  from the underlying complaints are fully aware of how such rights can be protected.

18  *See, e.g.,* Motions for Leave [Dkts. 265 & 270].

19       As substantial authority makes clear, any potential prejudice to Plaintiffs is

20  vastly outweighed by the potential prejudice to Defendants and the interest in

21  protecting the finality of the judgments that will be entered in this case. *Fed. Nat'l*

22  *Mortgage Assoc.*, 2010 WL 2940860, at *6-7, 9 (holding that defendants would be

23  prejudiced if claims in underlying suits were dismissed without prejudice rather than

24  dismissed with prejudice and further holding that the finality of judgment outweighs

25  potential prejudice to a plaintiff wishing to assert claims not incorporated into the

26  consolidated complaint). Lead Counsel was charged with consolidating the

27  underlying claims into a master complaint. They have chosen to assert in the MCC

28  what they undoubtedly feel are the claims that should be prosecuted in this action.

10

They should not be heard to complain that their own actions prejudice Plaintiffs' rights.

### D.   Plaintiffs' Proposal Would Result in Delay and Wasted Resources, Rather Than Efficiencies in this Litigation.

In Order No. 4 [Dkt 181], the Court indicated its "intent that lead counsel act as gatekeepers." Presumably, part of this role included deciding what claims should be included in the MCC and which claims should not. *See* Tr. of Aug. 24, 2010 Conference, at 24 (The economic loss committee "is entitled to make its judgments as to what claims should and should not be pursued."). Having a consolidated complaint that reflects lead counsel's reconciliation of the differences in the various overlapping complaints should result in judicial economies and efficiencies—the primary prerequisite to ordering consolidated pleadings. *See, e.g., Equity Funding*, 416 F. Supp. at 176. However, as envisioned by Plaintiffs, the effect of the MCC would be to try Plaintiffs' claims and theories in a piecemeal fashion and to protract this litigation for an undetermined amount of time.

Plaintiffs propose that rulings on Rule 12 and Rule 56 motions "will apply to all underlying complaints in constituent actions to the extent they assert the *same* claims as the MCC." Pl. Statement at 1; Pl. Proposed Order at 2. "Similarly, rulings on motions that challenge the standing of any plaintiff named in the MCC shall apply equally to any underlying complaint in which that person is a named plaintiff." *Id.* However, all claims asserted in an underlying complaint but not the MCC and all parties named in an underlying complaint, but not the MCC, would not be affected by the MCC. *See id.* ("The filing of the MCC does not, by itself, result in dismissal of claims not asserted therein or of parties not named therein."). Those claims and parties would continue to exist such that Plaintiffs would be permitted to resurrect omitted claims or parties whenever they see fit.

For example, the MCC only asserts claims under California law. So, the parties and the Court could spend a significant amount of time briefing and litigating these

11

claims and, if they are ultimately dismissed, Plaintiffs could simply fall back on statutory claims from other states, forcing the parties to start over with briefing and litigating similar, but different issues.[4]   The parties and this Court could invest significant time and resources litigating the ETCS defect asserted in the MCC, only to later commence litigation of the pure recall claims contained in the majority of the underlying complaints.   Likewise, if Plaintiffs are unsuccessful in obtaining class certification with the plaintiffs named in the MCC, they could move for certification of any of the hundreds of named plaintiffs from the underlying suits. Even a "win" by Plaintiffs does not necessarily resolve the issue, as there is still a possibility that when separate suits are remanded for trial, the underlying actions will be tried on a host of differing theories and claims that were not addressed in this MDL.

Under Plaintiffs' proposal, the parties and claims in this litigation would be a moving target and this litigation would never be complete until every underlying claim has been separately resolved.   This not only defeats the efficiency requirement for permitting consolidated complaints, it is also in conflict with the purposes of multidistrict litigation, the law of this circuit and the clear directives of this Court. Cases are only transferred pursuant to 28 U.S.C. § 1407 if they share "one or more common questions of fact" and transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."   In fact, the JPML's order establishing this MDL noted that centralization was proper precisely because it would "conserve the resources of the parties, their counsel, and the judiciary . . . create convenience for the parties and witnesses and will promote the more just and efficient conduct of this litigation."   *See* Transfer Order [Dkt. 1] at 2. There would be no efficiencies if the claims and parties asserted in the underlying actions are essentially stayed while Plaintiffs move forward with their theory du jour. Indeed, after several months, or even years, the parties could discover at the

---

[4]   *See* Pl. Statement at 3 ("In the unlikely event the Court dismisses the claims asserted in the MCC . . . then plaintiffs will seek leave to amend the MCC to assert claims under other states' laws.").

12

conclusion of this litigation that additional pretrial briefing and discovery are needed. In short, Plaintiffs' proposal represents the antithesis of expediency and efficiency.

The clear policy directives of this Circuit disfavor the assertion of claims late in litigation "when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Assoc. of Machinists & Aerospace Workers*, 781 F2d 1393, 1398-99 (9th Cir. 1986) (denying leave to amend where "Plaintiffs' attorney admitted that plaintiffs' delay in bringing the section 101 cause of action was a tactical choice because he felt that the causes of action already stated were sufficient."); *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982) (denying leave to amend where plaintiff "provided no satisfactory explanation for his failure to fully develop his contentions originally, and the amended complaint was brought only to assert new theories, if anything, and was not premised upon new facts."). MDL courts should endeavor to "avoid[] later enlargement of issues and expansion or duplication of discovery," *Manual for Complex Litigation (Fourth)* § 11.32, but that is precisely what Plaintiffs' proposal will accomplish: unending and inefficient litigation that can be expanded at anytime Plaintiffs so desire.

## E.   Plaintiffs' Proposal Would Result in Significant Prejudice to Defendants.

It is improper to use a consolidated complaint where it results in prejudice to a party. *See, e.g., Garber v. Randell*, 477 F.2d 711, 717 (2nd Cir. 1973) (reversing consolidation order insofar as it directed that a consolidated complaint be filed against a defendant who showed fundamental unfairness and prejudice); *Equity Funding*, 416 F. Supp. at 176 (C.D. Cal. 1976) (explaining that a court's authority to order consolidated pleadings is limited where it "causes serious prejudice to the right of a party to litigate its claims or defenses."). Plaintiffs' proposal would result in significant prejudice to Defendants and therefore should be rejected by the Court.

As an initial matter, Plaintiffs explicitly acknowledge that the situation feared by Defendants may occur under Plaintiffs' proposal:

13

> [I]t if not a foregone conclusion that all class members' claims will proceed to judgment in the MDL. It is theoretically possible that at the conclusion of pretrial proceedings, the Court will remand underlying actions to their originating districts. Upon remand, plaintiffs in those actions might wish to prosecute claims they originally asserted before transfer but which were not litigated in the MDL because we chose not to assert them in the MCC.

Pl. Statement, at 3. Although Plaintiffs attempt to minimize the likelihood of this occurring, the risk is not as "remote" as plaintiffs contend. In fact, the chance that such claims will be asserted by Plaintiffs in the future is increased given that (1) Plaintiffs have ignored the claims asserted in a majority of the underlying actions and (2) Plaintiffs' failure to include such claims in the MCC will not be deemed a waiver of those claims under their proposal. *See New York City Employees' Retirement System v. Jobs*, 593 F.3d 1018, 1024 (9th Cir. 2010) (holding that failure to include a claim in a consolidated complaint does not waive plaintiffs' right to later assert that claim). Moreover, regardless of the likelihood of the risk, the prejudice that Defendants face is significant.

First, under Plaintiffs' proposal, because all of the underlying claims and theories continue to exist, Defendants suffer the risk of evidence becoming stale and lost memories of witnesses that may be crucial to their defense. *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994) (explaining that prejudice results from loss of evidence and loss of memory). Many of the underlying complaints assert claims for diminished value of their vehicles as a result of the recalls and do not bring any claim based on any alleged defect in ETCS. The MCC, however, has abandoned these theories in favor of an alleged defect in ETCS as the basis for damages. The recall claims involve unique legal issues not present in ETCS claims, including unique preemption and primary jurisdiction arguments and unique issues related to standing, mootness, and injury. Likewise, because the MCC only asserts claims under California law, a wide variety of state statutory and common law provisions asserted in the underlying complaints are absent from the MCC. Again, many of these claims are subject to

14

differing defenses requiring different evidence and factual development.[5]   Defendants would be prejudiced merely by the fact of Plaintiffs' delay in asserting these claims. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227-28 (9th Cir. 2006) ("The law also presumes prejudice from unreasonable delay") (citing *Eisen*, 31 F.3d at 1453; *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). "The fact that this is an involved, complex case increases the prejudice from the delay.   Early preparation and participation are essential under such circumstances." *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976).

Second, the MCC did not include as defendants numerous entities named in the underlying suits.   These include both Toyota entities and non-Toyota entities, including component part suppliers and dealerships.   *See* List of Defendants Named in Underlying Actions (Ex. 2 to Gilford Dec.).   Under Plaintiffs' proposal, these defendants must either begin preparing a defense while not having the discovery advantages available to a party or risk delay causing prejudice to their defense.   For example, if the claims of these omitted defendants are not addressed in this MDL, they could find that their claims will need to be litigated after remand, including briefing on pretrial motions specific to these defendants and conducting additional discovery. Not only would this result in significant inefficiencies and defeat the entire purpose of multidistrict proceedings, but such a delay would also cause significant prejudice to these defendants, some of which should have been dismissed months or years earlier, but who were denied the opportunity to present a defense. *See, e.g., Anderson*, 542 F.2d at 525.

## III.   CONCLUSION

For all of the reasons stated above, Defendants respectfully request that the Court enter the Proposed Order attached hereto.

---

[5]    From the absence of lemon law and RICO allegations to the lack of a personal-injury class, a comparison of the MCC to the underlying cases is replete with similar examples.

15

1   Dated:  September 9, 2010          Respectfully submitted,

2

3                                      By: _____ /s/ _____

4                                      CARI K. DAWSON
                                       **ALSTON + BIRD LLP**
5                                      1201 West Peachtree Street
                                       Atlanta, GA 30309
6                                      Email:  cari.dawson@alston.com

7                                      LISA GILFORD
                                       **ALSTON + BIRD LLP**
8                                      333 South Hope Street, 16th Floor
                                       Los Angeles, CA 90071
9                                      Email:  lisa.gilford@alston.com

10                                     *Lead Defense Counsel for Economic Loss Cases*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL02/32125754v8