CARI K. DAWSON (GA SBN 213490)
Email: cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7766
Facsimile: (404) 253-8567

LISA GILFORD (CA SBN 171641)
Email: lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

*Lead Defense Counsel for Economic Loss Cases*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORIA

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Dale Baldisseri v. Toyota Motor Sales, U.S.A., Inc., et al.*, 2:09-cv-09386<br><br>*Ebony Brown v. Toyota Motor Sales, U.S.A., Inc.*, 2:10-cv-02080<br><br>*Gary Davis v. Toyota Motor Sales, U.S.A., Inc.*, 2:10-cv-02078<br><br>*John Flook v. Toyota Motor Sales, U.S.A., Inc.*, 2:10-cv-02023<br><br>*Lacey Laudicina, et al. v. Toyota Motor Corporation, et al.*, 2:10-cv-01030 | Case No.: 8:10ML2151 JVS (FMOx)<br><br>**MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT**<br><br>[FILED CONCURRENTLY WITH THE TOYOTA DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT; AND [PROPOSED] ORDER]<br><br>Date: November 19, 2010<br>Time: 9:00 a.m.<br>Courtroom: 10C |

1

*Joseph Hauter, et al. v. Toyota Motor Sales, U.S.A., Inc., et al.*, 8:10-cv-00105

*Rodney Josephson v. Toyota Motor Sales, U.S.A., Inc.*, 2:10-cv-02077

*Robert Navarro v. Toyota Motor Sales, U.S.A., Inc., et al.*, 2:10-cv-02276

*Seong Bae Choi, et al. v. Toyota Motor Corporation, et al.*, 2:09-cv-08143

*Elizabeth Van Zyl v. Toyota Motor Sales, U.S.A., Inc.*, 2:10-cv-02147

*Green Spot Motors Co., et al. v. Toyota Motor Corp., et al.*, 8:10-cv-00312

*Deluxe Holdings, Inc. v. Toyota Motor Sales*, U.S.A., Inc., et al., 2:10-cv-02147

## I. INTRODUCTION.

Plaintiffs' First Amended Consolidated Complaint ("FACC") [Dkt. 264] is the latest instance of gamesmanship on the part of the Plaintiffs in this MDL, who have repeatedly attempted to forum shop, avoid long-standing rules promoting efficiency and finality, and obviate the due process rights of parties to MDL cases filed in jurisdictions outside of California. On August 2, 2010, Plaintiffs filed two consolidated complaints back-to-back. Plaintiffs' counsel first filed the Economic Loss Master Consolidated Complaint (the "MCC") [Dkt. 263] on behalf of 52 named Plaintiffs seeking to represent a nationwide class. Immediately thereafter, Plaintiffs' counsel filed the FACC on behalf of 12 Plaintiffs who were named in the MCC and also sought to represent a nationwide class of Toyota customers. Aside from the differences in named plaintiffs, the MCC and the FACC are identical in every respect.

2

LEGAL02/32163266v2

Despite numerous requests for an explanation, Defendants were left to guess the purpose of the dual complaints for more than a month.

Plaintiffs finally set forth their rationale for filing two virtually identical complaints in their Statement of Co-Lead Counsel for the Economic Loss Cases [Dkt. 306] ("Plaintiffs' Statement"). In short, Plaintiffs were trying to "have their cake and eat it too." Plaintiffs' counsel included as many named Plaintiffs as possible in the MCC to better respond to a motion to dismiss. However, recognizing that they would have difficulty certifying a nationwide class under the MCC, Plaintiffs also filed the FACC to be used solely for class certification purposes, seeking to convince the Court to ignore the established principle that where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied.[1] In other words, Plaintiffs want to use one complaint to allege their purported nationwide claims, albeit under only one state's law, and another complaint to urge class certification based upon an artificially narrowed set of underlying complaints.

In response, Defendants filed a Response to Plaintiffs' Statement ("Defendants' Response") [Dkt. 310], explaining that Plaintiffs' attempts at avoiding well-established choice of law rules were improper and not supported by precedent, and requesting that this Court strike the FACC in its entirety. Based on the telephonic hearing held on August 24, 2010, Defendants were under the impression that there would be clarity prior to the September 13, 2010 filing deadline for Rule 12 motions, as to whether the FACC required a response. Because a ruling as to the effect and legitimacy of the FACC has not yet issued, Defendants now formally move this Court for an order striking the FACC in its entirety.

---

[1] Contrary to Plaintiffs' suggestions, Defendants do not urge this Court to impose non-California choice of law rules on citizens of California. Rather, Defendants believe this Court should engage in the type of analysis routinely engaged in by other MDL courts and required by established precedent: the choice of law rules applicable to each plaintiff must be applied to the claims of that plaintiff.

3

LEGAL02/32163266v2

As Plaintiffs acknowledge in their Memorandum in Support of Proposed Order Regarding the Effect of the Economic Loss Master Complaint and First Amended Consolidated Complaint ("Plaintiffs' Memo") [Dkt 320], it is premature at this stage to engage in a choice of law analysis. *See* Plaintiffs' Memo at 12 n.3. Thus, although Plaintiffs' attempts to have only California choice of law rules applied is improper (*see* Defendants' Response at 1-4), the Court need not resolve these choice of law issues at this stage.[2] Put simply, choice of law analysis is not controlling and is unnecessary for this Court to address in ruling on Toyota's motion to strike the FACC.

Setting aside Plaintiffs' strategic and improper use of the FACC to avoid well-established choice of law rules, the FACC must nevertheless be stricken in its entirety. First, the FACC is improper because it violates the doctrine of claim-splitting by allowing the twelve FACC Plaintiffs to file two identical actions against Defendants in this Court. Second, the FACC violates Fed. R. Civ. P. 12 because its claims are redundant of those in the MCC. Third, the FACC is a legal nullity, because Plaintiffs failed to obtain leave of Court prior to filing it. Plaintiffs' claims must stand or fall via a single consolidated complaint, in this case, the MCC. Accordingly, the FACC should be stricken in its entirety.

## II.  THE FACC SHOULD BE DISMISSED UNDER THE DOCTRINE OF CLAIM-SPLITTING.

"A main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995) (quoting *Restatement (Second) Judgments*, § 26 comment a). Accordingly, "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v.*

---

[2] However, when called to engage in a choice of law analysis, likely at the class certification stage, this Court should note that MDL courts routinely apply the choice of law rules of the transferor districts because failure to do so is contrary to controlling law. *See, e.g., The Manual for Complex Litigation (Fourth)* § 21.222 n. 829.

4

1  *California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting
2  *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir.1977) (en banc)) (other citations
3  omitted). That is precisely what the Plaintiffs are attempting to do in this case.
4      "In the claim-splitting context, the appropriate inquiry is whether, assuming that
5  the first suit were already final, the second suit could be precluded pursuant to claim
6  preclusion." *Adams*, 487 F.3d at 689 (9th Cir. 2006) (quoting *Hartsel Springs Ranch*
7  *of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002)). In
8  making this determination, the Court should first apply the transaction test by asking
9  "[w]hether [the two events] are related to the same set of facts and whether they could
10 conveniently be tried together." *Id.* (quoting *Western Sys. Inc. v. Ulloa*, 958 F.2d 864,
11 871 (9th Cir. 1992)). Second, the Court should address whether the same parties or
12 their privies are involved in the two suits. *Id.* Here, because the allegations in both
13 complaints are identical with the exception of which plaintiffs have been named, the
14 first part of the test is satisfied. Moreover, because the defendants are the same in
15 both complaints and because the FACC is brought by a subset of the named plaintiffs
16 in the MCC, the second part of the test is also satisfied.
17     Plaintiffs' statement that "'separate actions involving the same subject matter at
18 the same time in the same court and against the same defendant' is an inherent feature
19 of every MDL" misses Defendants' point entirely. (Pl. Memo [Dkt. 320] at 14).
20 Clearly, Defendants and the Court expected Plaintiffs to file a consolidated complaint
21 that included claims that mirrored and were identical to the claims asserted in various
22 underlying actions. However, in filing the FACC, Plaintiffs seek to proceed under
23 two almost identical, carefully-crafted consolidated complaints, neither of which
24 mirrors the underlying actions, but yet each seek a nationwide class action against
25 Defendants. Accordingly, the FACC is barred under the doctrine of claim splitting
26 and should be dismissed or stricken. *Adams* at 692-93 ("Dismissal of the duplicative
27 lawsuit, more so than the issuance of a stay or the enjoinment of proceedings,
28 promotes judicial economy and the 'comprehensive disposition of litigation.'")

(quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)); *see also Barclay v. Lowe*, 131 Fed. Appx. 778, 778-79 (2d Cir. 2005) (holding that a court may "dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket," because "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.") (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.2000)).

### III. THE FACC IS REDUNDANT OF THE MCC AND THEREFORE SHOULD BE STRICKEN.

Federal Rule of Civil Procedure 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). The allegations contained in the FACC are redundant of the allegations contained in the MCC and, therefore, the FACC should be stricken.

*Williams v. Morgan Stanley & Co.*, No. 08-12435, 2009 WL 799162 (E.D. Mich. March 24, 2009) is instructive in this regard. In that case, the court ordered plaintiffs to file a consolidated complaint. *Id.* at *2. Plaintiffs filed a consolidated complaint, but attached one of the underlying complaints as an exhibit. *Id.* The claims in the attached complaint largely mirrored the claims asserted in the consolidated complaint. *Id.* On motion by the defendant, the court struck the exhibit from the consolidated complaint, ruling that, because many of the allegations contained in the exhibit were repeated in the consolidated complaint, the allegations contained in the exhibit were redundant. *Id.* Moreover, the court also noted that "Plaintiff is essentially presenting two complaints against [Defendant]. The Court believes that this creates unnecessary confusion as to what claims Plaintiff specifically is alleging against [Defendant] in the pending action." Here, as in *Williams*, the allegations contained in the FACC are redundant of the claims contained in the MCC

6

and should be dismissed on that ground alone. Additionally, having multiple operative complaints that address the same claims and allegations will create unnecessary confusion and, ultimately, may result in the inefficiencies that the use of a consolidated complaint was meant to avoid. Accordingly, the FACC should be stricken.

Plaintiffs contend that, under this reasoning, all of the underlying complaints should also be stricken. (Pl. Memo [Dkt. 320] at 14). Plaintiffs, however, ignore two significant distinctions. First, the MCC, not any of the underlying complaints, is the operative pleading in this case that will govern pleadings motions, discovery, and summary judgment. Second, the MCC is not identical to the underlying complaints. In fact, the majority of claims asserted in the underlying complaints are completely absent from the MCC. This is not true with respect to the FACC since the claims in both the MCC and FACC are identical and, according to Plaintiffs, <u>both</u> the MCC and the FACC are operative pleadings in this MDL. In this situation, this Court should follow the approach of the *Williams* court and strike the FACC in its entirety. *See RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) (holding that under Rule 12(f) a district court "has considerable discretion in striking any redundant, immaterial, impertinent, or scandalous matter.").

### IV. <u>THE FACC SHOULD BE STRICKEN BECAUSE PLAINTIFFS FAILED TO SEEK LEAVE OF THE COURT OR AGREEMENT OF THE PARTIES PRIOR TO AMENDING THE UNDERLYING CALIFORNIA COMPLAINTS.</u>

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* The allegations and claims contained in the MCC were materially different from the underlying complaints. It omitted hundreds of named plaintiffs. It added theories and claims for relief that were not present in many of the constituent complaints. It

omitted theories and claims for relief that were present in the underlying cases. It omitted numerous defendants named in the underlying complaints. These changes constitute material amendments for purposes of determining whether Rule 15 should be invoked. *See In re Wells Fargo Loan Processor Overtime Pay Litig.*, No. C-07-01841 MHP, 2008 WL 2397424, at *3 (N.D. Cal. Jun. 10, 2008) (holding that similar changes constituted material amendments sufficient to invoke Rule 15's requirements).

Plaintiffs' filing of the MCC, however, was proper because this Court's orders and rulings made clear that Plaintiffs were permitted to exercise editorial discretion in crafting the MCC. *See, e.g.*, Transcript of May 28, 2010 Status Conference at 8 ("With regard to the form of the complaint, the Plaintiffs are the masters of their case, and I am going to allow the Plaintiffs – the Economic Loss Plaintiffs to craft their pleading the way they desire."). *Cf. In re The Vantive Corp. Sec. Litig.*, 110 F. Supp. 2d 1209, 1213 n.7 (N.D. Cal. 2000) ("[T]he Court gave permission to file a consolidated complaint, but did not grant leave to amend the complaint. The reality, however, is that plaintiffs did amend the complaint in the process of consolidating it."). The further amendment through the FACC, however, was not permitted by this Court.

The FACC further amends the MCC as to the actions in which the FACC applies, because it omits twenty-eight of the plaintiffs named in the MCC. *See In re Wells Fargo*, 2008 WL 2397424, at *3, *5 (holding that Plaintiffs' omission of five out of six named plaintiffs was a material amendment and denying Plaintiffs' request to amend). "Nowhere does the court's order permit plaintiffs to amend [the MCC] without leave of court. The order permits *filing* of a complaint that consolidates the allegations of the extant complaints, no more and no less." *Id.* Plaintiffs contend, however, that the FACC does not amend the MCC, but instead was intended to "amend[] the complaints in the underlying actions to which it relates . . . to mirror the factual allegations and legal claims asserted in the MCC." (Pl. Statement at 4). However, each of the actions to which the FACC relates had already been amended by

the MCC, which applied to <u>all</u> economic loss actions. The FACC was therefore a further amendment not sanctioned by this court, thereby requiring compliance with Rule 15's requirements.

Moreover, even if this Court rules that the MCC is a purely administrative device that does not amend the underlying complaints and that the FACC therefore constitutes a first amendment, for some of the underlying actions to which the FACC relates, the FACC is still not a first amended complaint. Because some of the underlying action were amended prior to the filing of the MCC, as to these complaints, the FACC was a second amendment made without leave of court. Specifically, a First Amended Complaint had already been filed in *Baldisseri v. Toyota Motor Sales, U.S.A., Inc., et al.*, 2:09-cv-09386 on December 22, 2009, and in *Seong Bae Choi, et al. v. Toyota Motor Corporation, et al.*, 2:09-cv-08143 on December 5, 2009. For these cases, the FACC was a Second Amended Complaint.[3] Accordingly, Plaintiffs were not permitted to file the FACC as of right, and, because Plaintiffs have not obtained consent from Defendants to amend these complaints nor have they obtained consent from the Court, the FACC has no legal effect and should be stricken. *See Fraher v. Surydevara*, No. 1:06-CV-01120, 2008 WL 2756969 (E.D. Cal. July 14, 2008) ("[A]n amendment that has been filed or served without leave of court or consent of the defendants is without legal effect.") (citing *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir.1998)).

The fact that the FACC was filed in the context of a multidistrict litigation proceeding does not change this result. *See In re Wells Fargo*, 2008 WL 2397424, at *5 ("Neither the court's case management order nor MDL procedures generally exempt plaintiffs from seeking leave of court to file a consolidated complaint that makes material amendments to the existing complaints."). Plaintiffs have not sought written consent from Defendants or leave of this Court to amend the MCC or to

---

[3] Alternatively, to the extent that the MCC amended these cases, the FACC was a Third Amended Complaint.

LEGAL02/32163266v2

amend the cases to which the FACC applies. Accordingly, the FACC was filed in contradiction of Rule 15(a) and should be stricken.

## V. CONCLUSION.

For all of the reasons stated above, Defendants respectfully request that the Court strike the FACC in its entirety and enter the Proposed Order attached hereto.

DATED: September 13, 2010

By: /s/ _____
Lisa Gilford

CARI K. DAWSON (GA SBN 213490)
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7766
Facsimile:  (404) 253-8567
Email: cari.dawson@alston.com

LISA GILFORD (CA SBN 171641)
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile:  (213) 576-1100
Email: lisa.gilford@alston.com

*Lead Defense Counsel for Economic Loss Cases*

LEGAL02/32163266v2