Wylie A. Aitken (CA SB 37770)
wylie@aitkenlaw.com
Darren O. Aitken (CA SB 145251)
darren@aitkenlaw.com
**AITKEN ♦ AITKEN ♦ COHN**
3 MacArthur Place, Suite 800
Santa Ana, CA 92707
Ph: (866) 434-1424
Fax: (714) 434-3600

Dawn M. Barrios (LA BAR NO. 2821)
barrios@bkc-law.com
Zachary L. Wool (LA BAR NO. 32778)
zwool@bkc-law.com
**BARRIOS, KINGSDORF & CASTEIX, L.L.P.**
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Ph: (504) 524-3300
Fax: (504) 524-3313

Gretchen M. Nelson (CA SBN 112566)
gnelson@kreindler.com
**KREINDLER & KREINDLER LLP**
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017
Ph: (213) 622-6469
Fax: (213) 622-6019

*Plaintiffs' Liaison Counsel*

Vincent Galvin,Jr. (CA SB 104448)
vincent.galvin@bowmanandbrooke.com
Anne O. Hanna (CA SB 120947)
anne.hanna@bowmanandbrooke.com
**BOWMAN AND BROOKE** LLP
1741 Technology Drive, Suite 200
San Jose, CA 95110
Ph: (408) 961-4501
Fax: (408) 279-5845

Lisa Gilford (CA SB 171641)
lisa.gilford@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Ph: (213) 576-1114
Fax: (213) 576-1100

*Defendants' Liaison Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Case No.: 8:10-ML02151 JVS (FMOx)<br><br>**JOINT REPORT NO. 3 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL TO STATE AND OTHER TYPES OF CASES**<br><br>Date:  September 20, 2010<br>Time:  3:00 p.m.<br>Place:  Courtroom 10C |

1
JOINT REPORT NO. 3 OF PLAINTIFFS' AND DEFENDANTS'
LIAISON COUNSEL TO STATE AND OTHER TYPES OF CASES

Plaintiffs' and Defendants' Liaison Counsel to State and Other Types of Federal Cases (hereafter "Liaison Committees") submit this Joint Report No. 3. The Liaison Committees have worked in consultation with and cooperatively with the Co-Lead Counsel for the Economic Loss cases and the Personal Injury/Wrongful Death cases in preparing this report and will continue to do so during the pendency of this MDL.

I. **COLLECTION OF DATA ON STATE AND OTHER TYPES OF FEDERAL CASES THAT INVOLVE UA CLAIMS**

The Liaison Committees continue to accumulate a master list of state court cases and other federal cases that involve claims of unintended acceleration ("UA"). These cases are catalogued on an Excel database chart and are being provided to the Court. The database contains the case name, case number, state and court in which it is pending, the presiding jurist, the presiding jurist's contact information, the type of case,[1] the plaintiffs' names, the defendants' names, and the status of each case.[2] In order to obtain complete and accurate information regarding the identities and contact information of the jurists handling state UA cases, Plaintiffs' Liaison Counsel routinely contacts the clerks' offices of the various state courts to gather this information where it has not been available from an online source or from the questionnaire responses. An updated electronic copy of the database will be provided to the Court at the upcoming Status Conference on September 20, 2010.

In response to Plaintiffs' Liaison Counsel's electronic newsletter discussed in Liaison Counsel's Joint Report No.1, many non MDL counsel completed the litigation

---

[1]  The cases will be identified by the following descriptions: Economic Loss Class Action; Personal Injury/Wrongful Death; Lemon Law Individual Claim; Lemon Law Class Action; Securities Class Action; Shareholder Derivative; and Small Claims.

[2]  The small claims court cases are currently included in the database. In certain jurisdictions discovery is not permitted in small claims cases and there will likely be limited benefit to coordinating issues as regards the proceedings in this Court. However, this may not be true in all jurisdictions and for those reasons we will continue to provide information on the cases that are identified.

2
JOINT REPORT NO. 3 OF PLAINTIFFS' AND DEFENDANTS'
LIAISON COUNSEL TO STATE AND OTHER TYPES OF CASES

questionnaire as requested. Plaintiffs' Liaison Counsel incorporates the information provided into the database that is maintained by the Liaison Committees. Plaintiffs' Liaison Counsel will send a reminder email to counsel who have not yet completed the questionnaire and will ensure that all new non MDL counsel added to the database will be updated with prior emails and newsletters.

In addition, the Liaison Committees intend to network with the Core Discovery Committee and Lead Counsel of the MDL, as well as leading Plaintiffs' attorneys nationally, to maintain timely and accurate data for the Court through any appropriate method.

## II. STATUS OF STATE COURT COORDINATION PROCEEDINGS

As previously reported the Liaison Committees are currently aware of efforts to coordinate UA related matters in three states: California, New York and Texas. Both California and Texas granted petitions for coordination, and the coordination proceeding in New York is currently pending. New developments in each of these state court proceedings are discussed below.

### A. California

The California Coordinated proceedings have been assigned to Judge Anthony J. Mohr of the Los Angeles Superior Court. It is our understanding that Judge Mohr has expressed a willingness to closely coordinate the California actions with this MDL, has conferred with this Court regarding coordination issues, has adopted several of this Court's prior orders, and has an initial status conference on the California coordinated proceedings scheduled on September 20, 2010, at this Court's courtroom in the Ronald Reagan Courthouse.

### B. Texas

On June 25, 2010, the Texas Judicial Panel on Multi-District Litigation consolidated the fifteen (15) actions filed in Texas state court before Judge Robert Schaffer of the 152nd District Court of Harris County. There are currently approximately nineteen (19) cases pending there.

On September 3, 2010 Judge Schaffer had a status conference to discuss preliminary issues associated with the Texas state wide MDL, such as a discovery plan and a Plaintiffs Steering Committee. Pursuant to the Court's suggestion, plaintiff's counsel met and agreed that Jeff Wigington and Robert Hilliard act as Co-Liaison Counsel. The plaintiffs will present an agreed order listing the members of the PSC.

Judge Schaffer ordered the plaintiffs to meet with Toyota to discuss discovery issues prior to the next status conference which is set for October 15, 2010. Texas Co-Liaison Counsel advises that it is Texas' MDL's desire to avoid duplicative discovery, a goal of this MDL. Plaintiffs' Liaison Counsel have indicated that they intend to appear at the major hearings were feasible, particularly at the initial stages to implement the MDL's goals.

### C. New York

On June 12, 2010, the Honorable Justice Helen E. Freeman set a briefing schedule on the consolidation motion concerning 16 cases and also denied a motion to stay pending potential consolidation. Judge Freeman is on the appellate panel which will determine whether a coordination proceeding should go forward, and if so, who the jurist will be. The last deadline in the scheduling order passed July 9, 2010. All submissions have been received and are under review, and the Litigation Coordinating Panel hopes to rule on the question of consolidation shortly.

Plaintiffs Liaison Counsel has provided copies of relevant MDL Orders to the Clerk of the Litigation Coordinating Panel for the benefit of the Justices on the Panel and the jurist they select to oversee the NY coordinated proceeding, if any.

### III. STATUS OF OTHER FEDERAL NON-MDL ACTIONS

On June 6, 2010, U.S. District Judge Dale S. Fischer granted a motion to consolidate the federal securities actions concerning allegations of unintended acceleration in the Central District of California under the docket number CV 10-922 DSF (AJWx) (the "Securities Actions"). On August 2, 2010 the court appointed Maryland State Retirement and Pension System as Lead Plaintiff to re present the purported plaintiff class, renamed the Securities Action "In re Toyota Motor Corporation securities Litigation", and set an October 4, 2010 deadline for Lead Plaintiff to file a consolidated amended complaint. The Court has also appointed Lead and Liaison Counsel, with whom Mr. Seltzer and Mr. Robinson have conferred about potential discovery coordination issues. Defendants' deadline to answer, move, or otherwise respond to the consolidated amended complaint is December 6, 2010. On August 30, 2010 Judge Fischer denied a motion by Lead Plaintiff to lift the discovery stay imposed by the Private Securities Litigation Reform Act, so there can be no coordination of discovery at this time.

The Liaison Committees will continue to monitor any federal non-MDL actions and report any relevant information to the Court, and endeavor to coordinate any areas of overlapping discovery, if any, as those litigations proceed.

Plaintiffs' Co-Lead Counsel and Plaintiffs' Liaison Committee have also made contact with Joel Rochon, who Plaintiffs' Co-Lead Counsel believes is acting as lead counsel, at least informally, with respect to the UA class action litigation filed in Ontario, Canada, and related Canadian litigation. To inform Mr. Rochon of the status of this MDL, Plaintiffs' Co-Lead Counsel sent the Case Management Orders issued by this Court to date. Mr. Rochon reports the following information (information that Toyota has not yet confirmed, and reserves the right to supplement):

1) Approximately a dozen proposed class actions have been filed in Canada relating to allegations of sudden unintended acceleration in Toyota vehicles. The majority of these

name Toyota Canada Inc., Toyota Motor Corporation and Toyota Motor North America Inc., as well as other defendants.

2.) In these class proceedings, the class members are those who purchased, leased, used, or were passengers, as well as those who have a legal right to a related subrogated claim, and include claims for personal injury and economic loss.

3.) Formal court proceedings against Toyota have been scarce. However, in Quebec Toyota is attempting to intervene in a Pontiac Vibe case which named only General Motors defendants.

4.) In all likelihood, there will be a consolidation of the proceedings into a single national putative class proceeding (either by Court order or consent) with the merits being stayed pending the outcome of certification proceedings in the main national action. Although no pleadings have been filed in this regard, it is anticipated that papers will be filed this year.

## IV. NOTIFICATION OF MDL ACTIVITIES AND ORDERS TO STATE COURT JURISTS AND NON-MDL FEDERAL JURISTS

The Court has indicated that it will send formal notification to each jurist presiding over UA related Toyota cases outside of the MDL to advise of the existence of the MDL, the Liaison Committees and all necessary contact information.

The Liaison Committees believe that communication with the jurists and counsel in non- MDL cases at this juncture would maximize efficiency and coordination between the MDL and other jurisdictions in light of the Order For Preservation of Documents And Tangible Things, the Stipulated Protective Order, (Order No. 5 and Order No. 5 as amended), and Order No. 7, Coordination of State And Federal Discovery Regarding Phase I F.R.CIV.P. 30(b)(6) Depositions. The Liaison Committees envision that the communications would provide the Court's website, as well as copies of all important

Orders. To assist the Court with this task the Liaison Committees will submit to the Court a spreadsheet with the jurists' contact information in a format conducive to large mailing and stand willing to assist the Court in any way it deems useful or necessary to undertake such a project.

Additionally, the non-MDL attorneys, jurists and other interested parties can obtain, through this Court's website and/or through communications from the Liaison Committees, information on the MDL proceedings and copies of the Court's orders and hearing transcripts that may be relevant to UA related cases that are not in the MDL.

The Liaison Committees will endeavor, to the extent possible, to coordinate as to the substance of any written communication with the non-MDL courts regarding coordination efforts with the MDL.

## V.  COMMUNICATIONS WITH NON-MDL COUNSEL

Plaintiffs' Liaison Counsel tracks individual non- MDL plaintiff attorney contact information and uses it to disseminate information, such as the Newsletter and Questionnaire annexed to Joint Report 1. See Section I. Plaintiffs' Liaison Counsel have and will continue to electronically inform plaintiffs' counsel in any non-MDL UA actions whenever the Court issues important orders in the MDL that may be relevant to related actions, such as Order Nos. 5, 5 (as amended) and 7. Defendants' Liaison Counsel will forward such information to the various firms that are representing Toyota and its affiliated entities in any UA action.

## VI.  COORDINATING DISCOVERY

Under the mandate of Order No. 7 the Plaintiffs' Liaison Counsel has timely electronically forwarded every Notice of Deposition received from Co-Lead Counsel. To date depositions noticed for September 9, 10, and 17, 2010 have been sent to non-MDL plaintiffs' counsel. In order to foster cooperation and coordination, and subject to the Court's approval, undersigned counsel will consult with Co-Lead Counsel regarding the formulation of a Coordinated Discovery Order which would provide rules for obtaining

access to the discovery produced by Toyota in the MDL, as well as for obtaining copies of MDL depositions. A clear protocol should be established in conjunction with the Core Discovery Committee regarding the coordination of discovery -- that is, how the Sharing Attorneys may be given a meaningful opportunity to participate in MDL discovery-- and liaison with any non-UA action to promote the overall goal of judicial efficiency and economy.

Plaintiffs' Liaison Counsel, as stated by the Court at the August 24, 2010 conference, anticipate participating in meaningful dialogue with the non-MDL plaintiffs' counsel and the Co-Leads and Core Discovery Committee in the MDL to establish a deposition protocol for Phase II to give non-MDL counsel meaningful participation in the Phase II depositions. This Court has recognized the importance of involvement of non-MDL counsel in Phase I discovery on the record and in its Orders,

Additionally, the Plaintiffs' Liaison Committee has provided in writing to Toyota the names of 73 Sharing Attorneys that have signed Exhibit A to the Stipulated Protective Order. This notice triggers the 20 day period for objection, if any, and resolution of same, to Sharing Attorneys receiving confidential and highly confidential material. To date, Toyota has not objected to any attorney.

## VII. CONCLUSION

All of the above steps will promote the important goals of mutual trust and cooperation, as well as illustrate efficiency, so that the concerns of non-MDL litigants, counsel and judges regarding the effect of this MDL on pending litigation can be minimized.

/ / /

/ / /

/ / /

Dated:  September 13, 2010

                      Respectfully submitted,

WYLIE A. AITKEN
DARREN AITKEN
**AITKEN ♦ AITKEN ♦ COHN**

DAWN M. BARRIOS
ZACHARY L. WOOL
**BARRIOS KINGSDORF & CASTEIX, L.L.P.**

GRETCHEN M. NELSON
**KREINDLER & KREINDLER LLP**


By:_____//s//_____
       Gretchen M. Nelson
*Plaintiffs' Liaison Counsel*


VINCENT GALVIN, JR.
ANNE O. HANNA
**BOWMAN AND BROOKE LLP**

LISA GILFORD
**ALSTON & BIRD**


By:_____//s//_____

*Defendants' Liaison Counsel*