CARI K. DAWSON (GA SBN 213490)
Email: cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7766
Facsimile: (404) 253-8567

LISA GILFORD (CA SBN 171641)
Email: lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

*Lead Defense Counsel for Economic Loss Cases*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | Case No. 8:10ML02151 JVS (FMOx)<br><br>**TOYOTA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' ECONOMIC LOSS MASTER CONSOLIDATED COMPLAINT**<br><br>**Fed. R. Civ. P. 12(b)(6)**<br><br>[Filed concurrently with Memorandum of Points and Authorities; Motion to Strike; Declaration of Lisa Gilford; Request for Judicial Notice; Appendix of Non-Federal and Out-of-State Authorities; and [Proposed] Orders]<br><br>Date: November 19, 2010<br>Time: 9:00 a.m.<br>Courtroom: 10C<br><br><u>Economic Loss Master Consolidated Complaint filed August 2, 2010</u> |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 19, 2010 at 9:00 a.m. or as soon as counsel may be heard in Courtroom 10C of the above-referenced Court, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively, "Toyota"), will and hereby do move, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing Plaintiffs' Economic Loss Master Consolidated Complaint ("MCC") filed in this MDL proceeding.

This Motion is made on the grounds that, as set forth more fully in the accompanying Memorandum of Points and Authorities, the MCC, in its entirety, fails to state valid claims for relief against Toyota, as a matter of law.

The MCC pleads 10 causes of action: (Count I) Violations of the Consumer Legal Remedies Act (CLRA); (Count II) Violation of the California Unfair Competition Law (UCL); (Count III) Violation of the California False Advertising Law (FAL); (Count IV) Breach of Express Warranty; (Count V) Breach of the Implied Warranty of Merchantability; (Count VI) Revocation of Acceptance; (Count VII) Violation of Magnuson-Moss Warranty Act; (Count VIII) Breach of Contract/Common Law Warranty; (Count IX) Fraud by Concealment; and (Count X) Unjust Enrichment.

Plaintiffs' claims warrant 12(b)(6) dismissal for the following reasons:

1. <u>Lack of Standing</u>. As a threshold matter, Plaintiffs fail to satisfy the Article III and California statutory standing requirements to assert claims against Toyota. As explained in Toyota's Memorandum of Points and Authorities, 22 of the Consumer Plaintiffs and all 4 of the Non-Consumer Plaintiffs named in the MCC do not allege experiencing any unintended acceleration and therefore, have not suffered actual injury-in-fact necessary to satisfy Article III. Additionally, *none* of the 52 named Plaintiffs have standing to bring the CLRA, UCL, and FAL statutory claims (Counts I-III), because they fail to plead reliance and actual causation in accordance

with the standing requirements.

2. <u>CLRA Claim (Count I)</u>:  Plaintiffs' CLRA claim should be dismissed, because:  (a) Plaintiffs lack standing under California state law and Article III; (b) Plaintiffs fail to sufficiently plead a duty to disclose material facts under the CLRA; and (c) Plaintiffs fail to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b).  In addition, Plaintiffs' request for damages should be dismissed or stricken, because they failed to provide the requisite notice within 30 days prior to the commencement of action as required under Cal. Civ. Code § 1782(a)

3. <u>UCL Claim (Count II)</u>.  Plaintiffs' UCL claim should be dismissed, because Plaintiffs lack standing under Proposition 64 and Article III.

4. <u>FAL Claim (Count III)</u>:  Plaintiffs' FAL claim should be dismissed, because:  (a) Plaintiffs lack standing under Proposition 64 and Article III; (b) Plaintiffs fail to sufficiently allege any representations or omissions that are likely to deceive as a matter of law; (c) Plaintiffs fail to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b).

5. <u>Breach of Express Warranty Claim (Count IV)</u>:  Plaintiffs' breach of express warranty claim should be dismissed, because:  (a) Plaintiffs fail to plead the express terms of valid warranties that Plaintiffs relied upon; (b) Plaintiffs fail to plead a valid claim based on failure to "repair or adjust"; (c) Plaintiffs' alleged design defect does not fall within the scope of the express warranty in Toyota's Warranty Manual; (d) numerous Plaintiffs fail to meet other requirements for a valid express warranty claim.  In addition, Plaintiffs' request for damages is improper, because repair and adjustment are the exclusive remedies available under Toyota's Warranty Manual and therefore, should be dismissed or stricken.

6. <u>Breach of Implied Warranty of Merchantability Claim (Count V)</u>:  Plaintiffs' breach of implied warranty of merchantability claim should be dismissed, because Plaintiffs cannot establish that the requisite privity exists between Plaintiffs and Toyota.  In addition, the 22 Consumer Plaintiffs and 4 Non-Consumer Plaintiffs

2

lack standing for failure to allege an actual injury-in-fact under Article III.

7. <u>Revocation of Acceptance Claim (Count VI)</u>: Plaintiffs' revocation of acceptance claim should be dismissed, because: (a) Plaintiffs cannot establish that the requisite privity exists between Plaintiffs and Toyota; (b) Plaintiffs fail to plead a valid revocation of acceptance claim; (c) Toyota's Warranty Manual expressly limits Plaintiffs' remedy to repair or adjustment.

8. <u>Magnuson-Moss Warranty Claim (Count VII)</u>: Plaintiffs' Magnuson-Moss warranty claim should be dismissed, because Plaintiffs fail to plead a valid state law warranty claim in accordance with 15 U.S.C. §§ 2301, *et seq*.

9. <u>Breach of Contract/Common Law Warranty Claim (Count VIII)</u>: Plaintiffs' breach of contract/common law warranty claim is duplicative of Plaintiffs' breach of express and implied warranty claims (Counts IV, V) and therefore, should be dismissed or stricken.

10. <u>Fraud by Concealment Claim (Count IX)</u>: Plaintiffs' fraud by concealment claim should be dismissed, because: (a) Plaintiffs fail to sufficiently plead concealment or suppression of a material fact; (b) Plaintiffs fail to sufficiently plead a duty to disclose material facts under the CLRA; (c) Plaintiffs fail to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b).

11. <u>Unjust Enrichment Claim (Count X)</u>: Plaintiffs' unjust enrichment claim fails, because California does not recognize a cause of action for unjust enrichment.

12. <u>Preemption and Improper Requests for Relief</u>:

a. Plaintiffs' request for injunctive relief requiring Toyota to implement fail safe mechanisms amounts to a court-ordered recall and is preempted by the National Traffic and Motor Vehicle Safety Act of 1966, 49 U.S.C. §§ 30101 *et seq*. For similar reasons, this Court should defer to the National Highway Traffic Safety Administration under the doctrine of primary jurisdiction and dismiss or strike Plaintiffs' request for injunctive relief.

b. Plaintiffs' request for restitution and/or restitutionary disgorgement

1  should be dismissed or stricken with respect to the UCL and FAL Claims (Counts II,
2  III), because the remedies available to Plaintiffs under the UCL and FAL are limited
3  to restitution or injunctive relief.
4      This Motion is based on this Notice, the accompanying Memorandum of Points
5  and Authorities, the [Proposed] Order, the Declaration of Lisa Gilford in Support of
6  Toyota's Motion to Dismiss and Motion to Strike Plaintiffs' Economic Loss Master
7  Consolidated Complaint, the Request for Judicial Notice, the Appendix of Non-
8  Federal and Out-of-State Authorities, the Motion to Strike, all accompanying papers,
9  pleadings and records on file in this action, and any further evidence or argument that
10 may be presented before or at the hearing on this Motion.
11     This Motion is made following the conference of counsel pursuant to Local
12 Rule 7-3, which took place beginning on August 9, 2010, and pursuant to MDL Order
13 No. 3. (Dkt. 180).

15 Dated: September 13, 2010          Respectfully submitted,

                                     By:  /s/  Lisa Gilford
                                              Lisa Gilford

                                     CARI K. DAWSON (GA SBN 213490)
                                     **ALSTON + BIRD LLP**
                                     1201 West Peachtree Street
                                     Atlanta, GA 30309
                                     Telephone: (404) 881-7766
                                     Facsimile: (404) 253-8567
                                     Email: cari.dawson@alston.com

                                     LISA GILFORD (CA SBN 171641)
                                     **ALSTON + BIRD LLP**
                                     333 South Hope Street, 16th Floor
                                     Los Angeles, CA 90071
                                     Telephone: (213) 576-1000
                                     Facsimile: (213) 576-1100
                                     Email: lisa.gilford@alston.com

                                     ***Lead Defense Counsel for Economic Loss Cases***