1  Steve W. Berman
   *steve@hbsslaw.com*
2  HAGENS BERMAN SOBOL SHAPIRO LLP
   1918 Eighth Avenue, Suite 3300
3  Seattle, WA 98101
   Telephone: (206) 268-9320
4  Facsimile: (206) 623-0594

5  Marc M. Seltzer, Bar No. 054534
   *mseltzer@susmangodfrey.com*
6  SUSMAN GODFREY L.L.P.
   1901 Avenue of the Stars, Suite 950
7  Los Angeles, CA 90067-6029
   Telephone: (310) 789-3102
8  Facsimile: (310) 789-3006

9  Co-Lead Counsel for Consumer Economic Loss Plaintiffs

10 Frank M. Pitre, Bar No. 100077
   *fpitre@cpmlegal.com*
11 COTCHETT, PITRE & MCCARTHY
   840 Malcolm Road, Suite 200
12 Burlingame, CA 94010
   Telephone: (650) 697-6000
13 Facsimile: (650) 697-0577

14 Lead Counsel for Non-Consumer Economic Loss Plaintiffs

15

16                    UNITED STATES DISTRICT COURT

17                   CENTRAL DISTRICT OF CALIFORIA

18                          SOUTHERN DIVISION

19 | IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 8:10ML2151 JVS (FMOx) |
|---|---|
| This documents relates to: ALL ACTIONS | **CO-LEAD COUNSEL FOR ECONOMIC LOSS PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PROPOSED ORDER REGARDING THE EFFECT OF THE ECONOMIC LOSS MASTER COMPLAINT AND THE FIRST AMENDED CONSOLIDATED COMPLAINT** |
| | Date: Sept. 20, 2010<br>Time: 3:00 p.m.<br>Location: Courtroom 10C |

1283619v1/011847

Pursuant to the Court's September 10, 2010 Order (Doc. 322), Co-Lead Counsel for the Economic Loss Plaintiffs respectfully submit this supplemental brief to address (1) the due process concerns raised by the Court at the hearing held on September 13, and (2) arguments Toyota made in its September 9 brief.

**1.     The application of due process if the MCC is deemed to dismiss claims and defendants not asserted or named in the MCC.**

On September 13, the Court expressed the view that it might violate due process if the filing of the Economic Loss Master Consolidated Complaint ("MCC") (Doc. 263) were deemed to dismiss claims and defendants not asserted or named therein, and invited the parties to address the procedures that may be followed to satisfy due process in that event.

As explained in our previous filings, the Court need not determine that claims or defendants shall be deemed to be dismissed because they are not asserted or named in the MCC.[1]  Co-Lead Counsel respectfully submit that (1) the MCC should serve, together with the personal injury and wrongful death complaints, to define the scope of MDL discovery; (2) the underlying economic loss complaints should be deemed to be stayed (not dismissed) pending the outcome of the class certification process; and (3) further action, as appropriate, should be taken by the Court when the outcome of the class certification process is known.  At that point, if a class is certified, the class notice would describe the scope of the class (and the claims certified for class treatment), and advise all plaintiffs and class members that the underlying complaints of named plaintiffs who do not opt out would be dismissed, and that the claims of those who elect to opt out may be pursued on an individual basis.  As a practical matter, at that point, most if not all of the underlying complaints and the claims asserted therein would disappear as a consequence of the class membership choices made pursuant to class notice.  We

---

[1] Much less should any such dismissal be deemed to be with prejudice, as Toyota proposes.

1

respectfully submit that procedure would satisfy any due process concerns arising out of the dismissal of defendants and claims.[2]

If, however, the Court disagrees, and <u>if</u> due process does not require more, then we respectfully submit that the MCC should operate to amend all underlying complaints to assert the same factual allegations and legal claims as the MCC, provided that (1) it does not eliminate the individual identities of constituent actions, and (2) it does not preclude the economic loss plaintiffs from later seeking leave to amend the MCC (and, by extension, the underlying complaints) to assert other claims against Toyota Motor Corporation ("TMC") and Toyota Motor Sales, U.S.A., Inc. ("TMS") or otherwise.

If the Court finds that claims and defendants not asserted and named in the MCC should be dismissed, but concludes that due process <u>does</u> require notice and an opportunity to seek relief from dismissal, then we respectfully submit that the Court should defer procedures for dismissing claims not presently asserted against TMC and TMS until later in the litigation. As to defendants that are named in constituent actions but not the MCC, we propose that Co-Lead Counsel notify plaintiffs' counsel in such constituent actions that all claims asserted against defendants other than TMC and TMS will be dismissed without prejudice unless counsel move to segregate those claims within 30 days of such notice. We elaborate our approach below, but emphasize that we only recommend these procedures if the Court decides that claims not asserted or named in the MCC should be dismissed <u>and</u> concludes that due process requires special procedures for such dismissals.

---

[2] As previously noted, we plan to move for class certification based on the first amended consolidated complaint that amended the California-filed class actions. Toyota's proposed order that would deem underlying complaints amended by the MCC except for allegations pertaining to venue, is a transparent effort to make class certification more complicated than it need be.

2

### A. Claims against TMC and TMS that are not asserted in the MCC should not be dismissed until later in the litigation.

Because TMC and TMS are actively involved in the litigation, they are well positioned to take discovery and preserve evidence they believe might be relevant to any claim asserted against them, including claims that are not asserted in the MCC but are asserted in underlying complaints in the constituent actions. Because there is no compelling reason to require the dismissal of any claims against TMC and TMS at this juncture, we respectfully submit that the Court should refrain from initiating procedures for dismissing state-law claims against TMC and TMS not asserted in the MCC until after the Court makes a decision on the nationwide application of California law. We further submit that the Court should refrain from dismissing RICO claims asserted against TMC and TMS at this time.

#### i. State-Law claims against TMC and TMS should not be dismissed until after the Court decides whether to apply California law nationwide.

All state-law claims in the MCC are asserted under California law because we believe all named plaintiffs and class members can recover under California law.[3] It would be inefficient to require litigation of every conceivable claim that might be asserted under other states' laws unless and until the Court declines to apply California law to the claims of named plaintiffs and class members who reside outside California.

If the Court concludes that state-law claims against TMC and TMS that are not asserted in the MCC should be dismissed, and if the Court concludes that due

---

[3] The theories of relief asserted in the MCC are not as narrow as Toyota suggests. Contrary to Toyota's suggestion, the MCC does assert so-called "recall" claims. To date, Toyota has issued two recalls in the United States that relate to sudden unintended acceleration ("SUA"): the floor mat recall and the "sticky pedal" recall. MCC ¶¶196–218, at 77–87 (Doc. 263). The MCC specifically alleges that recalled floor mats (and related pedal entrapment) and sticky pedals are mechanical defects that, among other defects, cause SUA. *See id.* ¶¶145(2)(a)–(d), at 101–02. The MCC also alleges that news of the recalls, along with the discovery of other defects, caused the value of Toyota vehicles to diminish. *See, e.g., id.* ¶¶256–60, at 109–10.

process requires special procedures for such dismissal, then we respectfully submit that such dismissal should not occur until after the Court decides whether to apply California law nationwide.

If, on the other hand, the Court declines to apply California law to all plaintiffs and class members nationwide, then the economic loss plaintiffs would seek leave to amend the MCC to assert claims under the laws of other jurisdictions.

If the Court finds it appropriate to apply California law nationwide, then, concurrently with that decision, the Court could issue an order providing that all state-law claims for economic loss asserted against TMC and TMS in any constituent action, but not in the amended MCC, will be dismissed without prejudice if plaintiffs' counsel in those actions do not move to segregate those claims within 30 days. *See In re Educ. Testing Serv. Praxis Principles of Learning & Teaching: Grades 7–12 Litig.*, 517 F. Supp. 2d 832, 837–38 (E.D. La. 2007) (earlier case management order provided "all causes of action that were filed in or transferred to this Court before January 20, 2005 that were not included in the master complaint would be dismissed with prejudice if counsel in those cases did not move to segregate those causes of action with[in] 30 days").

If, on the other hand (and contrary to what we advocate), the Court declines to apply California law nationwide, then we would request that, concurrently with that decision, the Court issue an order permitting Co-Lead Counsel to file an amended MCC within 30 days. Simultaneously, the Court could issue an order stating that all state-law claims for economic loss asserted against TMC and TMS in any constituent action, but not in the amended MCC, will be dismissed without prejudice if plaintiffs' counsel in those actions do not move to segregate those claims within 30 days of the filing of the amended MCC.

---

(… cont'd)
The ETCS is not the only alleged defect for which the MCC claims damages.

4

There is no compelling reason for any state-law claims against TMC and TMS to be dismissed before the Court makes a decision on the nationwide application of California law. We respectfully submit that adopting a procedure that may result in the prosecution of additional claims at this time would not serve the interests of efficient case management.

### ii. RICO claims against TMC and TMS should not be dismissed until after Phase II discovery.

The only federal claims Toyota identifies as having been asserted in underlying economic loss complaints but not in the MCC are RICO claims. We respectfully submit that it would be premature for the Court to dismiss the RICO claims until after the economic loss plaintiffs have had an opportunity to conduct discovery to make a fully informed judgment on whether to assert a RICO claim.

Accordingly, we respectfully submit that the Court should refrain from initiating procedures to dismiss the RICO claims until the conclusion of the Phase II discovery period. Instead, we propose that the Court set a deadline 30 days after the end of the Phase II discovery period for Co-Lead Counsel to seek leave to file either (a) an amended MCC that asserts claims under RICO or (b) a statement indicating that they do not plan to assert a RICO claim on behalf of the economic loss plaintiffs. If the Lead Counsel Committee chooses not to assert a RICO claim, then the Court could issue an order stating that all RICO claims asserted in any constituent action will be dismissed without prejudice if plaintiffs' counsel in those actions do not move to segregate those claims within 30 days.

### B. If due process so requires, the Court should give plaintiffs in constituent actions that assert claims against defendants other than TMC and TMS an opportunity to segregate such claims.

Again, we do not believe it is necessary to dismiss defendants simply because they are not named in the MCC. And although Toyota purports to represent the interests of defendants with which it has no corporate affiliation (such

as component part manufacturers and dealerships), none of those defendants have come forward and stated that they would not be content for their claims to be held in abeyance pending the outcome of litigation against the two primary defendants in this litigation: TMC and TMS.

If, however, the Court decides that claims against defendants other than TMC and TMS should be dismissed, and if the Court concludes that due process requires special procedures for such dismissals, then we respectfully submit that the Co-Lead Counsel should provide notice to plaintiffs' counsel in constituent actions that assert claims against defendants other than TMC and TMS that such claims will be dismissed without prejudice if plaintiffs' counsel do not move to segregate such claims within 30 days of such notice.

**2.      The MCC should not merge all constituent actions together.**

As explained in our September 9 brief, substantial circuit-level authority holds it is improper for courts to order the filing of a consolidated complaint that will "supersede" underlying complaints in the sense of merging all constituent actions into a single consolidated action, especially in light of § 1407's remand requirement. *See* Doc. 320 at 2–3. Toyota now acknowledges and concedes those long-recognized limits on consolidation. *See* Doc. 319 at 5 (quoting *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976)).

**3.      The MCC should not operate to dismiss claims or defendants not named or asserted therein.**

Contrary to Toyota's suggestion, there is no "rule" that a consolidated complaint must "supersede" underlying complaints in the sense of operating to dismiss claims and defendants. In previous submissions, we cited several examples (most notably, Judge Fallon's decision in *Propulsid*) of district courts treating consolidated complaints simply as procedural tools that do not disturb the substance of underlying complaints in constituent actions. In addition, we refer the Court to *In re Stone Energy Corp. Securities Litig.*, 2009 WL 3232786, at *4–5 (W.D. La.

Sept. 30, 2009) ("consolidated" class action complaint does not necessarily amend earlier filed complaints); *In re Motor Fuel Temperature Sales Practices Litig.*, 2008 WL 7708967, *3 (D. Kan. Nov. 18, 2008) (treating the consolidated complaint as an "administrative and procedural tool" that "would not supersede any pleading in the constituent cases"); *In re Nuvaring Prods. Liab. Liltig.*, 2009 WL 2425391, *1–2 (E.D. Mo. Aug. 6, 2009) (denying defendants' motion to dismiss the consolidated complaint because it "was simply meant to be an administrative tool" and was not meant to replace the original complaints); *In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2008 WL 2397427, *4 (N.D. Cal. June 10, 2008) (ordering that "the filing of a consolidated complaint is done for the purpose of facilitating ease of the docket administration and management," not "superseding or rendering moot the pending separate actions").

Nevertheless, if the Court finds that claims and defendants not asserted or named in the MCC should be dismissed, then, subject to the requirements of due process, we respectfully submit that the Court should enter an order that the MCC amends all underlying complaints to assert the same factual allegations and legal claims asserted in the MCC, such that all claims and defendants not named or asserted in the MCC are dismissed <u>without</u> prejudice. That order also should clarify that each constituent action retains its identity and that the economic loss plaintiffs may use any underlying complaint as their vehicle for class certification.

**4.    Conclusion**

It is respectfully submitted that the Court should enter Plaintiffs' Proposed Order Regarding the Effect of the MCC and Amended California Complaint, which was lodged with the Court on August 31, 2010. *See* Doc. 306-1.

Dated: September 14, 2010            Respectfully submitted,

|     |                                                           |
| --- | --------------------------------------------------------- |
| 2   |                                                           |
| 3   | By:   /s/ Steve W. Berman                                 |
|     | STEVE W. BERMAN (WA SBN 12536)                            |
| 4   | **HAGENS BERMAN SOBOL SHAPIRO LLP**                       |
| 5   | 1918 Eighth Avenue, Suite 3300                            |
|     | Seattle, WA 98101                                         |
| 6   | Telephone:  (206) 268-9320                                |
|     | Facsimile:   (206) 623-0594                               |
| 7   | Email:  steve@hbsslaw.com                                 |
| 8   |                                                           |
| 9   | By:   /s/ Marc M. Seltzer                                 |
|     | MARC M. SELTZER (CA SBN 054534)                           |
| 10  | **SUSMAN GODFREY L.L.P.**                                 |
|     | 1901 Avenue of the Stars, Suite 950                       |
| 11  | Los Angeles, CA 90067                                     |
|     | Telephone:  (310) 789-3102                                |
| 12  | Facsimile:   (310) 789-3006                               |
|     | Email:  mseltzer@susmangodfrey.com                        |
| 13  |                                                           |
| 14  | By:   /s/ Frank M. Pitre                                  |
| 15  | FRANK M. PITRE (CA SBN 100077)                            |
|     | **COTCHETT, PITRE & MCCARTHY**                            |
| 16  | 840 Malcolm Road, Suite 200                               |
|     | Burlingame, CA 94010                                      |
| 17  | Telephone:  (650) 697-6000                                |
|     | Facsimile:   (650) 697-0577                               |
| 18  | Email:  fpitre@cpmlegal.com                               |
| 19  | *Co-Lead Counsel for Economic Loss Plaintiffs*            |
| 20  |                                                           |
| 21  |                                                           |
| 22  |                                                           |
| 23  |                                                           |
| 24  |                                                           |
| 25  |                                                           |
| 26  |                                                           |
| 27  |                                                           |
| 28  |                                                           |