MARK P. ROBINSON, JR. (SBN: 054426)
DANIEL S. ROBINSON (SBN: 244245)
SHANNON LUKEI (SBN: 202868)
KARREN SCHAEFFER (SBN: 116189)
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, Suite 700
Newport Beach, California  92660
Telephone: (949) 720-1288
Facsimile:  (949) 720-1292
mrobinson@rcrlaw.net
drobinson@rcrlaw.net
slukei@rcrlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, And Products Liability Litigation<br><br>This document relates to:<br><br>DWAYNE RHOOMS, et. al. vs. TOYOTA MOTOR SALES U.S.A., Inc., et. al.<br><br>Case No. CV10-2944-JHN (AJWx) | CASE NO. 8:10-ML-2151 JVS (FMOx)<br><br>**AMENDED NOTICE OF APPLICATION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFFS DWAYNE RHOOMS, DENESE RHOOMS, AND KENNE RHOOMS** |

The law firm of Robinson, Calcagnie & Robinson (hereinafter "the firm"), through

Shannon Lukei, Esq., respectfully moves for leave to withdraw as counsel of record for Plaintiffs

Dwayne Rhooms, Denese Rhooms, and Kenne Rhooms (hereinafter "Plaintiffs").  This motion is

made on the following grounds:

1.  A personality conflict has arisen between Plaintiffs and Counsel, making it unreasonably

difficult for the firm to continue to represent Plaintiffs in this action;

2.  Granting the herein motion will not delay trial in the case and would not otherwise be inequitable;

3.  Plaintiffs were notified of the herein motion for leave to withdraw via federal express and certified mail at their last known residential address, which is 104 Palm Beach Place, Suite 1,Virginia Beach, VA 23452;

4.  The notice to Plaintiffs also advised that they should retain other counsel; and

5.  The notice to Plaintiffs also advised upon the entry of the order of withdrawal, the party or new counsel shall file with the Clerk of the Court a supplementary appearance that provides the address at which the party and/or new counsel may receive service of documents related to the case.

This Application is based on this Notice, the attached Memorandum of Points and Authorities in Support of this Application, the accompanying Declaration of Shannon Lukei, Esq., and upon such additional evidence, documentary or otherwise, as may be presented at any hearing that may be conducted on this matter.

/ / /

/ / /

/ / /

Case No. 8:10-ML-2151 JVS (FMOx)

AMENDED NOTICE OF APPLICATION TO WITHDRAW AS COUNSEL

1

**RELIEF REQUESTED**

2

      Counsel for Plaintiffs requests that the court grant leave to withdraw as counsel of record

3

for Plaintiffs Dwayne Rhooms, Denese Rhooms, and Kenne Rhooms.

4

5

6

Dated:   October 12, 2010

Respectfully Submitted,
Robinson, Calcagnie & Robinson

7

8

*Mark P. Robinson, Jr.*

MARK P. ROBINSON, JR. (SBN: 054426)

9

DANIEL S. ROBINSON (SBN: 244245)
SHANNON LUKEI (SBN: 202868)

10

KARREN SCHAEFFER (SBN: 116189)
ROBINSON, CALCAGNIE & ROBINSON

11

620 Newport Center Drive, Suite 700
Newport Beach, California   92660

12

Telephone: (949) 720-1288
Facsimile:  (949) 720-1292

13

mrobinson@rcrlaw.net
drobinson@rcrlaw.net

14

slukei@rcrlaw.net

15

Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 8:10-ML-2151 JVS (FMOx)

AMENDED NOTICE OF APPLICATION TO WITHDRAW AS COUNSEL

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Plaintiffs DWAYNE RHOOMS, DENESE RHOOMS AND KENNE RHOOMS have been provided with a copy of this **NOTICE AND MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFFS DWAYNE RHOOMS, DENESE RHOOMS, AND KENNE RHOOMS** and notified of all deadlines and pending court appearances by certified mail and federal express at Plaintiff's last known address, which is 104 Palm Beach Place, Suite 1, Virginia Beach, VA 23452.

ALSO, I HEREBY CERTIFY that October 12, 2010, I electronically filed the Notice and Motion for Leave to Withdraw as Attorney of Record for Plaintiffs DWAYNE RHOOMS, DENESE RHOOMS AND KENNE RHOOMS with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Dated:   October 12, 2010                    Robinson, Calcagnie & Robinson

                                             Mark P. Robinson, Jr.

                                             Mark P. Robinson, Jr., Esq.
                                             620 Newport Center Drive, 7th Floor
                                             Newport Beach, CA 92660
                                             (949) 720-1288 (Tel.)
                                             (949) 720-1292 (Fax)
                                             *mrobinson@rcrlaw.net*
                                             *Attorneys for Plaintiff*

MARK P. ROBINSON, JR. (SBN: 054426)
DANIEL S. ROBINSON (SBN: 244245)
SHANNON LUKEI (SBN: 202868)
KARREN SCHAEFFER (SBN: 116189)
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, Suite 700
Newport Beach, California  92660
Telephone: (949) 720-1288
Facsimile:  (949) 720-1292
mrobinson@rcrlaw.net
drobinson@rcrlaw.net
slukei@rcrlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, And Products Liability Litigation<br><br>This document relates to:<br><br>DWAYNE RHOOMS, et. al. vs. TOYOTA MOTOR SALES U.S.A., Inc., et. al.<br><br>Case No. CV10-2944-JHN (AJWx) | CASE NO. 8:10-ML-2151 JVS (FMOx)<br><br>**APPLICATION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFFS DWAYNE RHOOMS, DENESE RHOOMS, AND KENNE RHOOMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## I.    INTRODUCTION

The firm of Robinson, Calcagnie & Robinson represents Plaintiffs Dwayne

Rhooms, Denese Rhooms, and Kenne Rhooms ("Plaintiffs"), in this auto products

liability action presently pending before this Court.  The action, which was filed on

April 20, 2010, alleges products liability, negligence, breach of warranty, fraudulent

concealment and survival claims in connection with the accident that occurred on

September 20, 2008, in which Plaintiffs' father, Roney Rhooms ("Decedent")

suffered fatal injuries.  The named Defendants are the manufacturers of the vehicle Decedent was driving when the accident occurred.

Good cause exists for permitting withdrawal of Robinson, Calcagnie & Robinson as counsel for Plaintiffs, in that a personality conflict has arisen, making it unreasonably difficult for the firm to continue to represent these clients in this action.  Minimal discovery has been completed in this case and no trial date has been set, therefore Plaintiffs will not be prejudiced by the proposed withdrawal.

## II.   **BACKGROUND**

The basic facts and procedural history of this case are not in dispute. This action was filed in this MDL on or about April 20, 2010.  Defendants filed an omnibus Motion to Dismiss this and other individual personal injury and wrongful death cases on September 14, 2010.  The motion will be heard on November 19, 2010.   Phase 1 discovery is ongoing; however, only minimal discovery specific to these Plaintiffs has been conducted.

## III.   **POINTS AND AUTHORITIES**

Civil Local Rule 83-2.9.2.1 provides:

Motion for Withdrawal. An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action.

The American Bar Association Model Rules of Professional Conduct offers additional guidance for consideration of applications for leave to withdraw as

attorney of record.   Specifically, ABA-AMRPC Rule 1.16(b), provides that a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client.  Hence, the legal standards applicable to the herein motion lend support for the relief requested herein.

The ABA-AMRPC Rule 1.16(b) states, in pertinent part, the following with respect to the termination of representation:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

>> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

> ***** or

>> (7) other good cause for withdrawal exists.

According to Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2010):

> [12:192]  Grounds:  The moving papers must disclose adequate grounds for excusing counsel from further representation in the particular case. Federal courts generally look to applicable state rules of professional conduct.

The applicable state rules of professional conduct are discussed in the ethics treatise Vapnek, Tuft, Peck & Wiener, CAL. PRAC. GUIDE: PROFESSIONAL RESPONSIBILITY (The Rutter Group 2010):

> [10:24.5] Confidentiality/privilege limitations on attorney's

ability to disclose basis for withdrawal: Attorneys are bound to preserve client confidences even when seeking to be relieved as counsel. [See CRC 3.1362 (c)—attorney's declaration in support of withdrawal motion cannot compromise attorney-client confidentiality (discussed at ¶ 10:100 ff.); CRPC 3–700(A)—attorney withdrawal must not prejudice client (discussed at ¶ 10:20 ff.); San Diego Bar Ass'n Form.Opn. 1990–2—duty of confidentiality applies to both mandatory and permissive withdrawal]

...

e. [10:45]  Unreasonably difficult representation:  Withdrawal is permitted where "by other conduct" the client makes it "unreasonably difficult for the attorney to carry out the employment effectively." [Ca Professional Conduct Rule 3-700(C)(1)(d)]

(1)  Application

(a) [10:46]  Personality clash:  A withdrawal motion may properly be based simply on a personality clash with the client. The breakdown in the attorney-client relationship is ground for allowing the attorney to withdraw. [ Estate of Falco v. Decker (1987) 188 Cal.App.3d 1004, 1014, 233 Cal.Rptr. 807, 813]...

2) [10:100]  Supporting declaration:  A declaration showing why a substitution of attorneys by consent could not be obtained must accompany the notice. The declaration must be stated "in general terms and without compromising the confidentiality of the attorney-client relationship." [Ca Rules of Court Rule 376(b) (emphasis added); see also ¶7:1 ff. (attorney's duty of confidentiality)]

...

b) [10:101]  Permitted statements:  It is permissible to state:

-- the client has not paid agreed fees;

-- a personality conflict has arisen, making it unreasonably difficult to represent the client.

But it is not permissible to state:

-- the client has refused advice to settle the case;

-- the client wants the attorney to act unethically, etc.

- 4 -

c) [10:101.1]  Compare--court may require demonstration of good faith basis for motion:  Although an attorney is not obligated to disclose confidential information in connection with a withdrawal motion, the motion must be brought in "good faith."

For example, the court is not required to accept a blanket claim of conflict and "rubber stamp" a withdrawal motion where it appears the motion is being used as a delay tactic. Demonstrating "good faith" may require counsel to describe, in general terms, the nature of the conflict. [ Manfredi & Levine v. Sup.Ct. (Barels) (1998) 66 Cal.App.4th 1128, 1133-1134, 78 Cal.Rptr.2d 494, 498; and see discussion at ¶7:32.1a ff.]

1/ [10:101.2]  In camera hearing to protect confidential information:  If the court demands disclosure of confidential information in connection with a withdrawal motion, counsel can request an in camera hearing to provide the court with additional details. (The court is not required to offer such a hearing sua sponte.) [See  Manfredi & Levine v. Sup.Ct. (Barels), supra, 66 Cal.App.4th at 1136, 78 Cal.Rptr.2d at 500]"

As evidenced by the attached Declaration of Shannon Lukei, Esq., good cause for withdrawal exists, as a personality conflict has arisen, making it unreasonably difficult for the firm to continue to represent the client.  In addition, withdrawal can be accomplished without material adverse effect on the interests of the clients.  Minimal discovery has been completed in this case and no trial is set in the present action.  Therefore the firm of Robinson, Calcagnie & Robinson respectfully seeks leave of the Court to withdraw from this action now, before discovery has been completed and a trial date has been set.  Plaintiffs have adequate time to find substitute counsel if they so desire, and withdrawal at this stage will not cause any delay or prejudice to Plaintiffs.

- 5 -

1    Should the Court require specificity regarding the nature of the conflict that

2

3    is the subject of this motion, Counsel for Plaintiffs request that the Court permit an

4    in camera hearing to provide the Court with such additional information as the

5    Court may deem necessary.  If required by the Court, counsel for Plaintiffs shall

6

7    also provide the Court with an affidavit, filed under seal, addressing the details of

8    the aforementioned conflict.

9                          **IV.   CONCLUSION**

10         WHEREFORE, based upon the foregoing, the law firm of Robinson

11

12   Calcagnie & Robinson respectfully requests that the Court issue an Order granting

13   the firm's request to withdraw as attorneys of record for Plaintiffs in this action.

14

15

16                              Respectfully Submitted,

17   Dated:  October 12, 2010          Robinson, Calcagnie & Robinson

18

19                              *Mark P. Robinson, Jr.*

20                              MARK P. ROBINSON, JR. (SBN 054426)
                               DANIEL S. ROBINSON (SBN: 244245)
21                              SHANNON LUKEI (SBN: 202868)
                               KARREN SCHAEFFER (SBN: 116189)
22                              ROBINSON, CALCAGNIE & ROBINSON
                               620 Newport Center Drive, Suite 700
23                              Newport Beach, California   92660
                               Telephone: (949) 720-1288
24                              Facsimile:  (949) 720-1292
                               mrobinson@rcrlaw.net
25                              drobinson@rcrlaw.net
                               slukei@rcrlaw.net
26
                               Attorneys for Plaintif
27

28
                              - 6 -                    Case No. CV10-2944-JHN (AJWx)

MARK P. ROBINSON, JR. (SBN: 054426)
DANIEL S. ROBINSON (SBN: 244245)
SHANNON LUKEI (SBN: 202868)
KARREN SCHAEFFER (SBN: 116189)
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, Suite 700
Newport Beach, California  92660
Telephone: (949) 720-1288
Facsimile:  (949) 720-1292
mrobinson@rcrlaw.net
drobinson@rcrlaw.net
slukei@rcrlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, And Products Liability Litigation<br><br>This document relates to:<br><br>DWAYNE RHOOMS, et. al. vs. TOYOTA MOTOR SALES U.S.A., Inc., et. al.<br><br>Case No. CV10-2944-JHN (AJWx) | CASE NO. 8:10-ML-2151 JVS (FMOx)<br><br>**AMENDED DECLARATION OF SHANNON LUKEI, ESQ. IN SUPPORT OF APPLICATION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFFS DWAYNE RHOOMS, DENESE RHOOMS, AND KENNE RHOOMS** |

I, Shannon Lukei, declare and state as follows:

1.      I am an attorney duly licensed to practice law in the State of California

and admitted to practice before this Court, and an attorney in the law firm of

Robinson, Calcagnie & Robinson, counsel of record for Plaintiffs in this action.

1    2.    The facts contained herein are within my personal knowledge, and if
2
3    called upon as a witness I could and would competently testify to the following
4    under oath.
5    3.    Since the complaint was filed in this action on or about April 20, 2010,
6
7    a personality conflict has arisen between Plaintiffs and Counsel, making it
8    unreasonably difficult for the firm to continue to represent Plaintiffs in this action.
9    4.    Granting the herein motion will not delay trial in the case and would
10
11   not otherwise be inequitable.
12   5.    Plaintiffs were given notice of this application on October 12, 2010,
13   through correspondence and a copy of this application, sent via federal express and
14
15   certified mail to their last known residential address.
16   6.    The notice to Plaintiffs also advised them that they should retain other
17   counsel.
18
19   7.    The notice to Plaintiffs also advised that upon the entry of the order of
20   withdrawal, the party or new counsel shall file with the Clerk of the Court a
21   supplementary appearance that provides the address at which the party and/or new
22
23   counsel may receive service of documents related to the case.
24   8.    Minimal discovery has been completed in this case and no trial date
25   has been set.  Therefore, withdrawal will not cause any delay in trial, will not
26
27   adversely affect the clients' interests and will not otherwise be inequitable.
28

- 2 -

Case No. CV10-2944-JHN (AJWx)

9.     Should the Court require specificity regarding the nature of the conflict which underlies this motion, I respectfully request that the Court permit an in camera hearing so that I may provide the Court with such additional information as the Court may deem necessary.  I will also provide this Court with an affidavit, filed under seal, which provides additional detail with respect to the aforementioned conflict.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this Declaration was executed on this 12th day of October, 2010 at Newport Beach, California.

Shannon Lukei, Esq.

Case No.  CV10-2944-JHN (AJWx)

AMENDED DECL. IN SUPPORT OF APPLICATION TO WITHDRAW AS COUNSEL