Elizabeth J. Cabraser, Bar No. 083151
ecabraser@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Mark P. Robinson, Jr., Bar No. 054426
mrobinson@rcrlaw.net
ROBINSON, CALCAGNIE &
  ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Telephone:  (949) 720-1288
Facsimile:  (949) 720-1292

*Plaintiffs' Co-Lead Counsel for
Personal Injury/Wrongful Death Cases*

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL
  SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 268-9320
Facsimile:  (206) 623-0594

Marc M. Seltzer, Bar No. 054534
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3102
Facsimile:  (310) 789-3006

Frank M. Pitre, Bar No. 100077
fpitre@cpmlegal.com
COTCHETT, PITRE &
  MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

*Plaintiffs' Co-Lead Counsel for
Economic Loss Cases*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:10ML02151 JVS (FMOx) **PLAINTIFFS' OPPOSITION TO TOYOTA'S MOTION TO QUASH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES** **DISCOVERY MATTER** **[*Filed Concurrently With Declaration of Mark P. Robinson, Jr.*]** |
| This Document Relates to: Personal Injury/Wrongful Death Cases and Economic Loss Cases | Date:          October 25, 2010 Time:          8:00 a.m. Location:     JAMS – Los Angeles Special Master:  Hon. Steven J. Stone |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................1

II.  BACKGROUND ................................................................3

III.  LEGAL STANDARD ..........................................................4

    A.  Pursuant To Fed. R. Civ. P. 26(b)(1), The Scope Of Discovery Is Broad And Liberally Construed In Favor Of Disclosure ........................................................4

    B.  Under Fed. R. Civ. P. 45, Non-Parties Are Subject To The Same Discovery Standards As Parties ...................4

    C.  Fed. R. Civ. P. 45(c)(3)(A) Sets Forth The Grounds To Modify Or Quash A Third-Party Subpoena With The Burden Resting With The Moving Party........................5

IV.  TOYOTA'S MOTION TO QUASH SHOULD BE DENIED FOR SEVERAL REASONS ................................................6

    A.  Toyota Lacks Standing To Seek To Quash Subpoenas Issued To The Third-Party Dealerships...............................6

    B.  Contrary To Toyota's Assertion, The Court's Order No. 5: Phase I Discovery Plan Authorizes The Subpoenas Served By Plaintiffs ........................................7

        1.  Order No. 5 Specifically Allows For The Very Third-Party Subpoenas That Plaintiffs Served ........................................................7

        2.  The Subpoenas Seek Documents That Are Within The Permissible Scope Of Discovery Under Order No. 5 ................................................8

OPPOSITION TO TOYOTA'S MOTION TO QUASH
CASE NO. 8:10ML02151 JVS (FMOX)

C.   **Toyota's Attempt To Identify Various Technical Violations Does Not Warrant Quashing All Or Any Of The Subpoenas** ....................................................9

    1.   **Toyota's Argument That Plaintiffs Did Not Comply With Fed. R. Civ. P. 45(b)(1)'s Notice Requirement Fails** ..................................................10

    2.   **Toyota's Argument That Plaintiffs Failed To Comply With The 100 Mile Limit In Connection With These Documents Only Subpoenas Is Meritless** ........................................12

        a.   **There Is No Need For A Non-Party Responding To A Records Only Subpoena To Travel Anywhere** ................................12

        b.   **Numerous Courts Have Rejected The Identical Argument, Finding It To Be "Meritless"** .....................................13

    3.   **All Of The Subpoenas Set Forth The Place, Date And Time For Compliance And Substantially Comply With Rule 45** ..................................15

D.   **Toyota's Argument That Plaintiffs' Subpoenas Subject The Dealerships To Undue Burden Fails** ..........................16

    1.   **Toyota Lacks Standing To Protest Any Burden Associated With Discovery Directed At The Non-Party Dealerships** .....................16

    2.   **Neither Toyota Nor Any Of The Dealerships Have Presented Evidence And Carried Their Burden In Showing Any – Let Alone An *Undue* – Burden** ..........................................16

- ii -

3.    Even If There Was Some Undue Burden, The More Reasonable Compromise Would Be To Order The Discovery On Specified Conditions; Not To Quash The Subpoenas...................................................19

E.    **The Motion Should Also Be Denied Because Both Toyota And The Non-Party Dealerships Have Not Complied With Local Rules 45-1, 37-1, And 7-3**............................20

V.    CONCLUSION ..........................................................................21

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Appleton Papers, Inc. v. George A. Whiting Paper Co.*
2009 WL 2408898 (E.D. Wisc. July 31, 2009) ...................................................14

*Blaser v. Mt. Carmel Regional Med. Ctr.*
2007 WL 852641 (D. Kan. Mar. 21, 2007) ................................................. 10, 11

*Brown v. Braddick,*
595 F.2d 961, 967 (5th Cir. 1979) ......................................................................7

*Davis v. J.P. Morgan Chase & Co.*
2007 WL 142110 (W.D.N.Y. Jan. 16, 2007)......................................................11

*Del Campo v. Kennedy*
236 F.R.D. 454 (N.D. Cal. 2006)........................................................................4

*Finley v. Pulcrano*
2008 WL 4500862 (N.D. Cal. Oct. 6, 2008) ....................................................16

*Fox Indus., Inc. v. Gurovich*
2006 WL 2882580 (E.D.N.Y. Oct. 6, 2006)......................................................11

*Green v. Baca*
226 F.R.D. 624 (C.D. Cal. 2005)........................................................................5

*Ice Corp. v. Hamilton Sundstrand Corp.*
2007 WL 134984 (D. Kan. 2007) .....................................................................13

*In re Asbestos Prods. Liab. Litig.*
256 F.R.D. 151 (E.D. Pa. 2009)...................................................................11, 12

*In re REMIC, Inc. Sec. Litig.*
2008 WL 2282647 (S.D. Cal. May 30, 2008).......................................................6

*Jett v. Penner*
2007 WL 127790 (E.D. Cal. 2007)...................................................................13

*Kingsway Fin. Servs., Inc. v. PriceWaterhouseCoopers LLP*
2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008).......................................................11

*Leader Tech., Inc. v. Facebook, Inc.*
    2010 WL 761296 (N.D. Cal. Mar. 2, 2010) ........................................................4

*Malmberg, v. United States,*
    2010 WL 1186573 (N.D.N.Y. Mar. 24, 2010) ..................................................11

*Mattel Inc. v. Walking Mountain Prods.*
    353 F.3d 792 (9th Cir. 2003) ...........................................................................19

*Mona Vie, Inc. v. Amway Corp.*
    2009 WL 524938 (D. Colo. Mar. 2, 2009) .........................................................6

*Moon v. SCP Pool Corp.*
    232 F.R.D. 633 (C.D. Cal. 2005) ...................................................................4, 5

*Pagan-Colon v. Walgreens of San Patricio, Inc.*
    265 F.R.D. 25 (D. P.R. 2010) ..........................................................................11

*Phillips v. City of Fairfield*
    2006 WL 2868966 (E.D. Cal. Oct. 6, 2006)........................................................5

*Potluri v. Yalamanchili*
    2008 WL 623943 (E.D. Mich. Mar. 5, 2008) ......................................... 10, 11, 12

*Premier Election Solutions, Inc. v. Systet Labs, Inc.*
    2009 WL 3075597 (D. Colo. Sept. 22, 2009).....................................................12

*Ragusa v. United Parcel Serv.*
    2008 WL 4200288 (S.D.N.Y. Sept. 12, 2008).............................................. 10, 11

*Richards v. Convergys Corp.*
    2007 WL 474012 (D. Utah Feb. 7, 2007)...........................................................11

*Sterling Merch., Inc. v. Nestle, S.A.*
    470 F.Supp.2d 77 (D.P.R. 2006).........................................................................6

*Televisa, S.A. de C.V. v. Univision Comm., Inc.*
    2008 WL 4951213 (C.D. Cal. Nov. 17, 2008) ...................................................17

*Tierno v. Rite Aid Corp.*
    2008 WL 3287035 (N.D. Cal. July 31, 2008) ....................................................18

*Tubar v. Clift*
    2007 WL 214260 (W.D. Wash. 2007)................................................................13

*U.S. Bank Nat'l Ass'n v. James*
    264 F.R.D. 17 (D. Me. 2010) ........................................................................ 13, 14

*United States v. CBS, Inc.*
    666 F.2d 364-368-69 (9th Cir. 1982) ................................................................ 20

*Walker v. Ctr. for Food Safety*
    667 F.Supp.2d 133 (D.D.C. 2009) ..................................................................... 13

*Xcentric Ventures, LLC v. Arden*
    2010 WL 424444 (N.D. Cal. Jan. 27, 2010) ......................................................... 5

*Zinter Handling, Inc. v. General Elec. Co.*
    2006 WL 3359317 (N.D.N.Y. Nov. 16, 2006) ................................................. 10, 11

## CALIFORNIA CASES

*Crab Addison, Inc. v. Superior Court*
    169 Cal.App.4th 958 (2008) ............................................................................ 18

*Lee v. Dynamex, Inc.*
    166 Cal.App.4th 1325 (2008) .......................................................................... 18

*Mead Reinsurance Co. v. Superior Court*
    188 Cal.App.3d 313 (1986) ............................................................................. 17

*Puerto v. Superior Court*
    158 Cal.App.4th 1242 (2008) .......................................................................... 18

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 5(b) ........................................................................................ 10

Fed. R. Civ. P. 5(b) ........................................................................................ 10

Fed. R. Civ. P. 26(b)(1) ..................................................................................... 4

Fed. R. Civ. P. 45(b)(1) .................................................................................... 10

Fed. R. Civ. P. 45(c)(2)(A) ................................................................................ 12

Fed. R. Civ. P. 45(c)(2)(B) ................................................................................ 20

Fed. R. Civ. P. 45(c)(3)(A)(i) .............................................................................. 5

Fed. R. Civ. P. 45(c)(3)(A)(ii) ......................................................................... 5, 12

Fed. R. Civ. P. 45(c)(3)(A)(iii) ............................................................5, 15

Fed. R. Civ. P. 45(c)(3)(A)(iv)................................................................5

Fed. R. Civ. P. 45(c)(3)(C).....................................................................20

Fed. R. Civ. P. 45(d)(1)(D) ....................................................................20

## <u>C.D. CAL. LOCAL RULES</u>

C.D. Cal. L.R. 37-2 ................................................................................21

C.D. Cal. L.R. 37-4 ................................................................................21

C.D. Cal. L.R. 45-1 ................................................................................20

## <u>OTHER AUTHORITIES</u>

9A Charles Wright & Arthur Miller, Fed. Prac. & Proc. (3d ed. 2008)....... 6, 10, 16

## I.   INTRODUCTION

The motion by the Toyota Defendants ("Toyota"), on behalf of Toyota and certain Toyota dealerships (*who Toyota's counsel does not represent*), to quash certain subpoenas served by Plaintiffs on the non-party dealerships should be denied.  This motion is simply yet another tactical maneuver by Toyota as part of its campaign to prevent the disclosure of basic discovery, hide documents from Plaintiffs, and otherwise conceal the truth and evidence regarding the defects in their vehicles.   To be clear, this motion has no procedural or substantive basis.  Toyota's motion should be denied for at least five (5) reasons.

*First* and as a preliminary matter, Toyota does not have standing to seek to quash subpoenas that have been issued to the third-party dealerships.  A party only has standing to move to quash a third-party subpoena where it seeks documents which are privileged or protected by a personal right.  Neither situation exists here.

*Second*, contrary to Toyota's characterization, the Court's Order No. 5: Phase I Discovery Plan specifically authorizes the issuance of the subpoenas served by Plaintiffs and the production of the documents requested.

*Third*, Toyota's three (3) attempt to invalidate certain unidentified subpoenas as "procedurally defective" due to various technical violations similarly fails and does not warrant quashing all or any of the subpoenas:

- Toyota's argument that Plaintiffs did not comply with the Fed. R. Civ. P. 45(b)(1) notice requirement fails because Toyota has not been prejudiced in any way by any claimed lack of notice. Furthermore, Toyota conveniently ignores disclosure of the fact that it too has not provided prior notice to Plaintiffs' counsel in connection with the service of its subpoenas.

- Likewise, Toyota's contention that some of Plaintiffs' subpoenas should be quashed because they do not comport with Rule 45's 100-mile limitation is, as other courts have found, "meritless" because there is no need for a non-party to travel anywhere to respond to a "record only" subpoena.

OPPOSITION TO TOYOTA'S MOTION TO QUASH
CASE NO. 8:10ML02151 JVS (FMOX)

- •   Finally, looking beyond Toyota's conclusory characterizations and instead examining the actual subpoenas, it is clear that all of them substantially, if not fully, comply with the Rule 45(a)(1)(A)(iii) provisions, setting forth the place, date and time for production.

**Fourth**, Toyota's assertion that Plaintiffs' document subpoenas subject the dealerships to an undue burden fails. Again, Toyota lacks standing to protest any burden associated with discovery directed at the non-party dealerships. Yet, even if Toyota did have standing, neither Toyota nor any of the non-party dealerships have carried their burden of coming forward with any evidence showing that they would suffer any burden – let alone an "undue burden" – by having to respond to Plaintiffs' subpoenas.   Plaintiffs are merely seeking the production of a very narrowly tailored and highly relevant set of documents.

But, even if there was some burden associated with this critical discovery (which there is not and which certainly has not been shown), the remedy would not be to quash the subpoenas.  Instead, the more reasonable compromise would be to order the discovery on specified conditions or with reasonable compensation to the third-parties who the subpoenas are directed to corresponding with the time and expenses incurred by having to respond.

**Fifth** and finally, the motion should also be denied because Toyota and the non-party dealerships have not complied with Local Rules 45-1, 37-1, 37-2, and 7-3 in connection with this motion.

This litigation involves matters of public importance and safety.  Hundreds of people have been injured, dozens have been killed, and millions of vehicles are still being operated everyday with the defects that Toyota is desperately trying to conceal and correct with its belated brake override system reflashing.  There is no basis to shield the critical evidence sought in Plaintiffs' subpoenas from discovery. Toyota has not come close to carrying its burden of showing that the subpoenas challenged in its motion should be quashed.  Thus, the motion should be denied.

## II.   BACKGROUND

The Toyota Defendants are represented by Bowman and Brooke LLP and Alston + Bird LLP. *See, e.g.*, Hanna Decl., ¶ 1. Throughout this litigation, Toyota's counsel has steadfastly maintained that it has no control over third-party Toyota dealerships, which it maintains are entirely separate and independent entities. *See, e.g.*, Exh. 2 to Robinson Decl.   Yet, notwithstanding the facts that it neither represents nor supposedly controls these non-party dealerships, Toyota – a *party* to this litigation – asks the Court to take the extraordinary step of quashing each of the subpoenas referenced in Toyota's motion to quash which were served by Plaintiffs and directed to *non-party* dealerships.

Since the entry of the Court's Order No. 5: Phase I Discovery Plan ("Order No. 5") on July 20, 2010, both Plaintiffs and the Toyota Defendants have served subpoenas on third-parties as part of the Phase I discovery process.   Order No. 5 specifically authorizes such third-party discovery.   All of the subpoenas challenged by Toyota in this motion to quash are "records only" subpoenas which merely call for the third-party dealerships to produce documents responsive to a very narrowly tailored set of categories.

To date, while Plaintiffs have yet to try to stop any Phase I discovery from proceeding and not stood in the way of any of Toyota's subpoenas, Toyota's Counsel has objected and aimed to quash every subpoena that Plaintiffs have served on the non-party dealerships.   Instead, contrary to its "Moving Forward" mantra, the instant motion to quash represents the latest tactic by Toyota to delay discovery, shield evidence, hide the defects regarding its vehicles, conceal its fraud, and cover-up of such defects from Plaintiffs and the public.

/ / /

/ / /

/ / /

/ / /

## III.   LEGAL STANDARD

### A.   Pursuant To Fed. R. Civ. P. 26(b)(1), The Scope Of Discovery Is Broad And Liberally Construed In Favor Of Disclosure

The scope of discovery is very broad and includes "any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b)(1). "As emphasized in the Advisory Committee Notes, the language of Rule 26(b) 'make[s] clear the broad scope of [discovery includes evidence which may] lead to the discovery of admissible evidence.'" *Del Campo v. Kennedy*, 236 F.R.D. 454, 457 (N.D. Cal. 2006). The purpose of discovery is to remove surprise from trial preparation and enable the parties to obtain evidence necessary to evaluate and resolve their dispute. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at trial." *Id.* "All discovery, and federal litigation generally, is subject to Rule 1, which directs that the rules 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* (quoting Fed. R. Civ. P. 1).

### B.   Under Fed. R. Civ. P. 45, Non-Parties Are Subject To The Same Discovery Standards As Parties

Fed. R. Civ. P. 45 authorizes the issuance of a subpoena commanding a non-party to produce designated documents, electronically stored information, or other tangible things, and, if requested, to attend and testify at deposition or trial. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). "One of the purposes of Rule 45 is 'to facilitate access outside of the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties.'" *Moon*, 232 F.R.D. at 636 (quoting Adv. Comm. Notes to 1991 Amendment). Under Rule 45, "the non-party witness is subject to the same scope of discovery . . . as that person would be as a party . . . pursuant to Rule 34." *Id.*; *accord Leader Tech., Inc. v. Facebook, Inc.*, 2010 WL 761296, *1 (N.D. Cal. Mar. 2, 2010).

C.     **Fed. R. Civ. P. 45(c)(3)(A) Sets Forth The Grounds To Modify Or Quash A Third-Party Subpoena With The Burden Resting With The Moving Party**

Under Rule 45, the nonparty served with the subpoena may object to move to quash it within 14 days after service or before the time for compliance, if less than 14 days. *Moon*, 232 F.R.D. at 636 (citing Fed. R. Civ. P. 45(c)(2)(B)). "On timely motion, the court may quash or modify the subpoena." *Id.* "Rule 45(c)(3)(A) sets forth the bases for a court to quash or modify a subpoena." *Id.* at 637. Specifically, Rule 45(c)(3)(A)(i) provides that a subpoena may be quashed or modified if it:

(i)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party . . . to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business. . . .

(iii)   requires the disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). "'The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Xcentric Ventures, LLC v. Arden*, 2010 WL 424444, *1 (N.D. Cal. Jan. 27, 2010) (quotations omitted). However, the party moving to quash a subpoena has the burden to show that the subpoena is objectionable and violates Fed. R. Civ. P. 45(c)(3)(A). *See Moon*, 232 F.R.D. at 637; *see also Xcentric Ventures, LLC*, 2010 WL 424444, at *1; *Phillips v. City of Fairfield*, 2006 WL 2868966, *1 (E.D. Cal. Oct. 6, 2006) (quoting *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966) ("The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed."); *Green v. Baca*, 226 F.R.D. 624, 653-54 (C.D. Cal. 2005) (same).

## IV. TOYOTA'S MOTION TO QUASH SHOULD BE DENIED FOR SEVERAL REASONS

Toyota argues that Plaintiffs' third-party subpoenas for documents should be quashed for three (3) reasons. *First*, Toyota contends that Plaintiffs' subpoenas violate the Court's Order No. 5 regarding the Phase I Discovery Plan. *Second*, Toyota asserts that Plaintiffs' subpoenas are "procedurally defective" and should be quashed entirely because they were served without prior notice to Toyota's counsel, some call for production of documents at location farther than 100 miles from the third-party's place of business, and some have missing or conflicting information regarding the date, time and place for compliance. *Third* and finally, Toyota objects that Plaintiffs' subpoenas subject the third-party dealerships to an undue burden. As demonstrated below, each of Toyota's arguments fails.

### A. Toyota Lacks Standing To Seek To Quash Subpoenas Issued To The Third-Party Dealerships

As a threshold procedural matter, ***Toyota does not have standing to bring this motion to quash***. Toyota is a party to this litigation. Furthermore, Toyota has consistently maintained that it does not have any control over dealerships. Exh. 2 to Robinson Decl. "Ordinarily, a person other than that against whom the subpoena is issued, lacks standing to move to quash the subpoena." *Sterling Merch., Inc. v. Nestle, S.A.*, 470 F.Supp.2d 77, 81 (D.P.R. 2006). *See also Mona Vie, Inc. v. Amway Corp.*, 2009 WL 524938, *3 (D. Colo. Mar. 2, 2009) ("As a general rule, a party has no standing to quash a subpoena served on a third party, expect as to claims of privilege or upon a showing that a privacy interest is implicated.").

"[A] party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Wright & Arthur Miller, Fed. Prac. & Proc., § 2459 (3d ed. 2008); *accord In re REMIC, Inc. Sec. Litig.*, 2008 WL 2282647, *1 (S.D. Cal. May 30, 2008) ("As a general

proposition, a party lacks standing under Federal Rules of Civil Procedure Rule 45(c)(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena."). *See also  Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

Toyota does not argue that any of the documents sought in connection with Plaintiffs' third-party subpoenas are privileged or that it has some personal right regarding the documents, and there is nothing in the record to support any such position.   Furthermore, as referenced above, throughout this litigation – at least until the instant motion when they now seem to be acting in concert with them – ***Toyota has strenuously maintained that it has absolutely no control over Toyota dealerships*** and that such dealerships are wholly separate and independent entities. *See, e.g.*, Exh. 2 to Robinson Decl.  Toyota cannot have it both ways.  It would be unfair to allow Toyota to take one litigation position when it is advantageous to do so, and then advance the opposite position at a later time when the old story is no longer convenient.  Because Toyota lacks standing to quash the subpoenas directed to the third-party dealerships, Toyota's motion to quash should be denied.

**B.      Contrary To Toyota's Assertion, The Court's Order No. 5: Phase I Discovery Plan Authorizes The Subpoenas Served By Plaintiffs**

Even assuming *arguendo* that Toyota did not lack standing to bring the instant motion, each of the arguments in the motion lacks merit and fails to justify quashing the subject third-party "records only" subpoenas.

**1.      Order No. 5 Specifically Allows For The Very Third-Party Subpoenas That Plaintiffs Served**

Contrary to Toyota's first and main argument, Order No. 5 clearly allows Plaintiffs to subpoena Toyota dealerships.  Order No. 5 states:

Document subpoenas for case-specific documents may be issued as of the date this Order is entered by the Court. During Phase I, any party may subpoena third party records in the individual and class cases as

1  appropriate, including, but not limited to, medical records, insurance
2  records, accident reports and reports of responding personnel and vehicle history and service records.

3  Exh. 1 to Robinson Decl. (Order No. 5, at 16:20-24, 6:15-18).

4  Order No. 5 also contemplated "obtain[ing] foundational, threshold
5  information from . . . relevant third-parties." Exh. 1 to Robinson Decl. (Order No.
6  5, at 5:3-22. In light of this invitation and specific authorization to serve third-party
7  subpoenas, it is not surprising that both Plaintiffs and Toyota have subpoenaed
8  materials from various third parties.   Regarding Toyota's argument that the
9  subpoenas are not "case specific," Plaintiffs have subpoenaed the third-party
10  dealerships who the named plaintiffs dealt with.

### 2.   The Subpoenas Seek Documents That Are Within The Permissible Scope Of Discovery Under Order No. 5

13  Even a cursory review of the documents sought in connection with the
14  subpoenas identified by Toyota in its motion reveals that the documents are
15  discoverable under Order No. 5.   All of the categories of documents sought by
16  Plaintiffs in the subpoenas are within the scope of permissible discovery under Rule
17  26 and Order No. 5.   Plaintiffs are seeking documents applicable to their specific
18  cases.   Just because documents may be case-specific and generally applicable to all
19  instances and issues relating to SUA, does not render such documents off limits.

20  Furthermore, Toyota has not carried its burden of pointing to even a single
21  subpoena that it contends seeks documents that are beyond the scope of what is
22  permitted as part of Phase I Discovery.   Rather, it is readily apparent that Toyota's
23  real problem does not relate to any particular subpoena seeking the production of
24  documents that exceed the permissible scope of what is authorized under Order No.
25  5, but rather with Toyota's belief that Plaintiffs should not be permitted to conduct
26  any third-party discovery at this time and while Toyota is concurrently producing
27  documents to Plaintiffs.   The transparency of Toyota's position is exposed by its
28  own argument:

PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
CASE NO. 8:10ML02151 JVS (FMOX)

> [Before permitting third-party discovery], plaintiffs should first be required to proceed accordingly and to avail themselves of the information and documents within the possession of the named defendants before they are permitted to consider the use of subpoenas issued to numerous individual non-parties in such a broad and burdensome manner.

Toyota Mot., at 4:15-19.

But, contrary to Toyota's belated stated *preference* (i.e., requiring Plaintiffs to exhaust all written discovery under Rule 34 from the Toyota Defendants before directing any subpoenas to dealerships and other third-parties under Rule 45), the Court has already *ordered* otherwise.  To be clear, the Court has specifically ordered that such third-party discovery is proper now as part of Phase I Discovery. Thus, Toyota's argument that Plaintiffs' subpoenas violate Order No. 5 is patently false and should be rejected.  Further, Toyota's "case specific" argument is wrong. In order to prove a defect, a plaintiff will want to prove that there were thousands of instance of unintended acceleration.  Thus, a plaintiff is entitled to and must have access to documents that go beyond his or her vehicle.  Documents showing complaints received by dealers and how those complaints were handled and perhaps concealed, are relevant to any plaintiff's specific case.

**C.  <u>Toyota's Attempt To Identify Various Technical Violations Does Not Warrant Quashing All Or Any Of The Subpoenas</u>**

Toyota's second argument that *all* of the subpoenas referenced the exhibits to the Hanna declaration should be quashed because *some unidentified* subpoenas are "procedurally defective" is without substantial justification.   As previously referenced, Toyota contends that the subpoenas should be quashed because they were served without prior notice to Toyota's counsel, *some* unidentified subpoenas call for production of documents at location farther than 100 miles from the third-party's place of business, and some other unspecified subpoenas have missing or conflicting information regarding the date, time and place for compliance (without explaining what was missing or conflicting).  Each of these positions are misplaced.

1.     **Toyota's Argument That Plaintiffs Did Not Comply With Fed. R. Civ. P. 45(b)(1)'s Notice Requirement Fails**

Federal Rule of Civil Procedure 45(b)(1) provides that "[p]rior notice of any commanded production of documents and things . . . shall be served on each party in the manner prescribed by Rule 5(b)." Fed. R. Civ. P. 45(b)(1).   Rule 5(b) provides that a party can make service either by delivery or mail to the opposing party's counsel. Fed. R. Civ. P. 5(b).  Additionally, when service is by mail, it is complete upon mailing. *Id.*  While not entirely clear, Toyota appears to complain that Plaintiffs' third-party subpoenas fail to comply with Rule 45(b)(1)'s notice requirements because Toyota claims that it was not always provided a copy of each subpoena before they were served.

"The purpose of requiring notice prior to service is to allow opposing parties to object. . . ." 9A Charles Wright & Arthur Miller, Fed. Prac. & Proc. § 2454 (3d ed. 2008).  *See also Zinter Handling, Inc. v. General Elec. Co.*, 2006 WL 3359317, *2 (N.D.N.Y. Nov. 16, 2006).  "Importantly, ***violations of Rule 45(b)(1) do not necessarily warrant quashing the subpoena[s]." Blaser v. Mt. Carmel Regional Med. Ctr.***, 2007 WL 852641, *2 (D. Kan. Mar. 21, 2007) (emphasis added).  To the contrary, ***a violation of Rule 45(b)(1)'s notice requirement only provides a basis to quash or modify a subpoena where the opposing party has been prejudiced by the lack of notice***.  *See Potluri v. Yalamanchili*, 2008 WL 623943, *2 (E.D. Mich. Mar. 5, 2008); *see also Ragusa v. United Parcel Serv.*, 2008 WL 4200288, *1 (S.D.N.Y. Sept. 12, 2008) (observing that "untimely notice under Rule 45(b)(1) does not automatically trigger quashing a subpoena without a consideration of prejudice to the aggrieved party").

As here, ***"when opposing counsel has notice and sufficient time to object, they are not prejudiced by the violation." Blaser v. Mt. Carmel Regional Med. Ctr.***, 2007 WL 852641, *2 (D. Kan. Mar. 21, 2007) (citing *Seewald v. IIS Intelligent Info. Sys., Ltd.*, 1996 WL 612497, *5 (E.D.N.Y. Oct. 16, 1996)).

- 10 -

Even for those subpoenas that it claims it never was served, Toyota "has not shown it was prejudiced by this violation, as [they] still had sufficient time to object." *Id.* ("As a result, the court shall overrule defendant's motion on these grounds."). *See also Potluri*, 2008 WL 623943, at *2 ("[T]here is no showing that Defendants were prejudiced by Plaintiff's failure to properly serve notice of these subpoenas. Under the circumstances, the Court declines to quash the subpoenas or grant a protective order on this basis."); *Richards v. Convergys Corp.*, 2007 WL 474012 (D. Utah Feb. 7, 2007) (denying motion to quash subpoena for failure to give notice under Rule 45(b)(1) because party had sufficient opportunity to object); *Davis v. J.P. Morgan Chase & Co.*, 2007 WL 142110 (W.D.N.Y. Jan. 16, 2007) (violation of Rule 45(b)(1) did not warrant quashing subpoena); *Malmberg*, 2010 WL 1186573, at *2 (refusing to quash subpoena because moving party "suffered no prejudice from this technical violation of Rule 45(b)(1)"); *Pagan-Colon v. Walgreens of San Patricio, Inc.*, 265 F.R.D. 25, 28 (D. P.R. 2010) (same); *Fox Indus., Inc. v. Gurovich*, 2006 WL 2882580, *11 (E.D.N.Y. Oct. 6, 2006) (denying motion to quash because defendants were not prejudiced by plaintiffs' failure to provide notice); *Zinter*, 2006 WL 3359317, at *2 (same); *Kingsway Fin. Servs., Inc. v. PriceWaterhouseCoopers LLP*, 2008 WL 4452134, *3-4 (S.D.N.Y. Oct. 2, 2008) (same).

Where a party is able to assert objections, it has not suffered any prejudice as a matter of law. *In re Asbestos Prods. Liab. Litig.*, 256 F.R.D. 151, 158 (E.D. Pa. 2009). *See also Ragusa*, 2008 WL 4200288, at *1 ("There is no prejudice to [the moving party]; he was able to move to quash the subpoena in a timely manner."). Thus, Toyota's motion to quash on notice grounds should be denied.

Finally, Toyota has conveniently neglected to point out that it has not provided Plaintiffs with Fed. R. Civ. P. 45(b)(1) notice prior to serving any of its subpoenas. Under the circumstances, it would be unfair to punish Plaintiffs for following the same practice and procedure that Toyota has employed.

PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
CASE NO. 8:10ML02151 JVS (FMOX)

At this juncture and absent any prejudice to Toyota, even if notice was not provided prior to service (which is unclear), the lack of any such notice is not grounds for granting Toyota's motion to quash.  However, going forward, if prior notice is to be required, then both parties should follow the same procedure and be subject to the same consequences. [1]

### 2. Toyota's Argument That Plaintiffs Failed To Comply With The 100 Mile Limit In Connection With These Documents Only Subpoenas Is Meritless

Toyota also contends that Plaintiffs' subpoenas should be quashed or modified because some of them "require[] a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(3)(A)(ii).  However, "Rule 45(c)(3)(A)(ii)'s 100-mile range limitation [is] inapplicable to the case at bar." *Premier Election Solutions, Inc. v. Systet Labs, Inc.*, 2009 WL 3075597, *3 (D. Colo. Sept. 22, 2009).

### a. There Is No Need For A Non-Party Responding To A Records Only Subpoena To Travel Anywhere

Rule 45(c)(2)(A) plainly provides that "[a] person commanded to produce documents . . . need not appear in person at the place of production . . . unless also commanded to appear for a deposition, hearing, or trial." *Id.* (quoting Fed. R. Civ. P. 45(c)(2)(A).  None of the third-parties subpoenaed by Plaintiffs have been commanded to appear for a deposition, hearing or trial in this matter.

---

[1] *See Potluri*, 2008 WL 623943, *2 (refusing to quash subpoena for lack of Rule 45(b)(1) notice, but "caution[ing] counsel for both parties that . . . the prior notice provision [was] to be complied with [going forward], and failure to do so may result in the quashing of subpoenas."").  In *In re Asbestos Products Liability Litigation* MDL, Judge Robreno refused to quash subpoenas on the basis for any Rule 45(b)(1) prior notice violation, but pointed out to all counsel that the court's standing order specified that parties issuing subpoenas to third-parties were to send notice to all parties before doing so going forward. *See* 256 F.R.D. at 158 (denying motions to quash subpoenas, but advising all counsel of the consequences associated with the failure to provide Rule 45(b)(1) notice for future subpoenas).

Rather, they have merely been asked to produce documents. *See id.* Furthermore, there is no indication that any third-party would need to travel anywhere in order to respond to Plaintiffs' subpoenas. Instead, it is anticipated that documents could be and likely will be produced by mail or electronically.

"Since the subpoena[s] do not require any representative of [any third-party] to travel anywhere, much less beyond Rule 45's 100-mile limit, [the third-parties are] not excused from obeying the subpoena on this basis." *Id.* *See also Ice Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 134984, *3 (D. Kan. 2007) (refusing to quash subpoena because they did not require any of the entities served to travel in violation of Rule 45's 100-mile limit); *Tubar v. Clift*, 2007 WL 214260, *5-6 (W.D. Wash. 2007) (enforcing subpoena served in New Jersey for production of documents in Washington because no person was required to escort the requested documents personally); *Jett v. Penner*, 2007 WL 127790, *1-2 (E.D. Cal. 2007) (denying effort to quash records only subpoena because there was no required nonparty travel in order to provide the requested documents); *Walker v. Ctr. for Food Safety*, 667 F.Supp.2d 133, 137-38 (D.D.C. 2009) (same).

> **b.   Numerous Courts Have Rejected The Identical Argument, Finding It To Be "Meritless"**

In addition to the cases referenced above, numerous other courts have denied motions to quash and summarily dismissed the very same argument advanced by Toyota. For example, in *U.S. Bank Nat'l Ass'n v. James*, 264 F.R.D. 17 (D. Me. 2010), the district court succinctly rejected the exact same argument:

> [T]he defendant invokes Fed. R. Civ. P. 45(b)(2)(B) as the basis for quashing the subpoena directed to [a non-party] which is more than 100 miles outside the district. . . . But, that subsection of the rule only provides that a subpoena may be served 'outside that district but within 100 miles of the place specified for the . . . production.' The subsection of the rule applicable to a motion to quash provides that a subpoena may be quashed if it requires a person to travel more than 100 miles from where he or she resides, or regularly transactions business in

PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
CASE NO. 8:10ML02151 JVS (FMOX)

1
2
3
4

> person.  Fed. R. Civ. P. 45(c)(3)(A)(ii).  By contrast, the subpoenas at issue only require the production of documents, and those documents can be 'produced' at the specified address . . . by mail.  Indeed, Rule 45(c)(2)(A) specifically provides that a person commanded to produce documents 'need not appear in person at the place of the production.'

*Id.* at *19 (internal citations omitted) (denying motion to quash).

5
6
7
8
9

In fact, it is so clear that Rule 45's 100-mile limitation is inapplicable where the subpoenaed documents can simply be mailed or transmitted without any travel that, in *Appleton Papers, Inc. v. George A. Whiting Paper Co.*, 2009 WL 2408898 (E.D. Wisc. July 31, 2009), the district court characterized the exact same argument that Toyota is making as "meritless." *Id.* at *1.

10
11
12
13
14
15
16
17

Like this case, in *Appleton Papers, Inc.*, the moving party argued that the subpoenaing party had "failed to comply with Rule 45 because the subpoena would require a nonparty to travel more than 100 miles." *Id.* (citing Fed. R. Civ. 45(c)(3)(A)(ii)). Yet, identical to the present case, "the subpoena s[ought] only documents, and a 'person commanded to produce documents . . . need not appear in person at the place of production.'" *Id.* (quoting Fed. R. Civ. P. 45(c)(2)(A)). Thus, the moving party's argument would found to be "meritless." *Id.*

18
19
20
21
22
23
24

Toyota has not pointed to a single third-party witness that would be required to travel anywhere – let alone 100 miles – in order to respond to Plaintiffs' records only subpoenas.   Toyota's failure to carry its burden in this regard is easily explained: there is no such need to travel anywhere.  This is likely why Toyota too has subpoenaed numerous third-parties for non-case specific documents beyond the 100-mile limit.   The responding third-parties can simply mail or electronically transmit (i.e., via email, CD, etc.) the responsive documents.   Thus, this too provides no basis for quashing any of the subpoenas.

25    / / /

26    / / /

27    / / /

28

### 3. All Of The Subpoenas Set Forth The Place, Date And Time For Compliance And Substantially Comply With Rule 45

Finally, without identifying the particular subpoenas or what information is supposedly missing, Toyota argues that eleven (11) of the subpoenas "do not set forth a place, date and time" for compliance in violation of Fed. R. Civ. P. 45(a)(1)(A)(iii). Plaintiffs have reviewed the subpoenas and exhibits attached to the Hanna Declaration and are unable to determine what Toyota is complaining about. Toyota concludes that at least three (3) of the subpoenas have some inconsistent information, e.g., calling for the production of documents at different locations or different dates. Again, however, absent some identification by Toyota of the specific subpoenas and particular information that it claims is inconsistent, it is unclear what Toyota is referring to with respect to this argument.

To the extent any information was inconsistent or contradictory in any of the subpoenas (which Toyota has not shown), Plaintiffs would have expected that the responding third-party would raise such questions and attempt to arrive at an informal resolution or modification of the subpoena that would obviate any claimed confusion. That, however, never happened. Last, Toyota complains to the extent some of the subpoenas call for the production of documents in Seattle, Washington as violative of the Rule 45 100-mile limitation previously discussed.

None of these grounds warrant quashing any – let alone all – of the subpoenas as requested by Toyota. Instead, to the extent the Court is able to cull through the thousands of pages of exhibits submitted by Toyota and figure out what Toyota is actually complaining about (something that Toyota has not carried its burden of doing), and if something needs to be clarified or corrected, the subpoenas can be modified. But, quashing them and denying Plaintiffs the right to conduct this key discovery – discovery that Judge Selna has specifically ordered that Plaintiffs are allowed to take as part of Phase I Discovery – is without justification.

**D.**   **Toyota's Argument That Plaintiffs' Subpoenas Subject The Dealerships To Undue Burden Fails**

**1.**   **Toyota Lacks Standing To Protest Any Burden Associated With Discovery Directed At The Non-Party Dealerships**

The Toyota Defendants are parties and have previously distanced themselves from the dealerships, emphasizing that Toyota has no control over them and that they are separate, independent entities.   Although Toyota's notice of motion is unclear, Toyota's counsel does not represent the dealerships and has never claimed to represent them in any way.   *See, e.g.*, Hanna Decl., ¶ 1 (identifying "the law firm of Bowman and Brooke LLP" as only the "attorneys for defendant in this matter."). As such, Toyota lacks standing to argue that Plaintiffs' subpoenas should be quashed because of any undue burden imposed on the third-party dealerships.

The law is clear: ***"a party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object."*** *Finley v. Pulcrano*, 2008 WL 4500862, *1 (N.D. Cal. Oct. 6, 2008) (emphasis added).   *See also* 9A Charles Wright & Arthur Miller, Fed. Prac. & Proc., § 2035 (3d ed. 2008);   ("A party may not ask for an order to protect the rights of another party or witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person."). Therefore, Toyota's motion to quash must be denied.

**2.**   **Neither Toyota Nor Any Of The Dealerships Have Presented Evidence And Carried Their Burden In Showing Any – Let Alone An *Undue* – Burden**

Even if Toyota did have standing to assert objections on behalf of the non-party dealerships, both Toyota and the dealerships have failed to carry their burden of coming forward with any evidence that any of the dealerships would be subject to any burden – let alone an undue burden – by having to respond to Plaintiffs'

records only subpoenas.  Significantly, *neither Toyota nor even a single third-party dealership has submitted any evidence – not one declaration – regarding the claimed burden (e.g., time, cost, expense, etc.) associated with responding to the subpoenas.*  Toyota has supplied nothing but conclusory *arguments* by its counsel without any evidentiary support from any of the third-party dealerships.

It is Toyota's burden and the burden of the responding third-party dealerships to come forward with facts demonstrating the hardship or burden imposed.  *See, e.g., Televisa, S.A. de C.V. v. Univision Comm., Inc.*, 2008 WL 4951213, *2 (C.D. Cal. Nov. 17, 2008).   But, Toyota and the dealerships have presented no such evidence; just arguments by Toyota's counsel.   To engage in any balancing of the benefits and burdens of the discovery, which Toyota argues is the test, there must be evidence regarding what the burden supposedly consists of, as well as the relevance of the evidence requested.  It is obvious from a review of the documents requested in the subject subpoenas against the backdrop of the claims and defenses in this MDL that the requested evidence is highly relevant.   However, there has been no showing that responding to any of the subpoenas would be burdensome in any way.[2] In lieu of coming forward with any evidence regarding any undue burden that would be suffered by any of the dealership in responding to Plaintiffs' subpoenas, Toyota instead attempts to direct the Court's attention to an isolated set of requests (e.g., source code, customer contact information, etc.).

---

[2]  In this regard, the standard under the Federal Rules of Civil Procedure and California Code of Civil Procedure mirror each other: "[T]he burden is on the objecting party to sustain the objection by detailed evidence showing precisely how much work is required to answer; conclusory statements are not sufficient." Weil & Brown, Cal. Prac. Guide: Civ. Proc. Before Trial (The Rutter Group 2010), ¶ 8:1096 (citing *West Pico Furniture Co. v. Superior Court*, 56 Cal.2d 407 (1961)__ (declaration by manager that search of 78 branch offices would be required was insufficient because it failed to show the amount of time and expense that would be necessary).  *See also Mead Reinsurance Co. v. Superior Court*, 188 Cal.App.3d 313, 318 (1986) (discovery request found to be unduly oppressive where declarations demonstrated that response would require review of over 13,000 insurance files, requiring at least 5 employees to work full-time for 6 weeks to respond).  By contrast, Toyota has made no evidentiary showing regarding any burden associated with responding to Plaintiffs' records only subpoenas.

1       All of these arguments are capable of being readily addressed and resolved.

2   With respect to the source code, Toyota is correct that the protective order does not

3   apply to Toyota computer source code.   But, that does not mean that Plaintiffs

4   cannot obtain such information from third-parties other than Toyota.   Moreover, to

5   the extent the dealership have responsive documents, excluding the source code,

6   they must provide such documents.

7       Regarding Toyota's position that Plaintiffs cannot seek the names of Toyota

8   customers from dealers because such personal identification information is

9   protected from disclosure, Toyota is similarly mistaken.   To begin with,

10  information as simple as customer contact information, i.e., name, address and

11  telephone number, is not private, personal identification information that is

12  insulated from discovery. *See generally Puerto v. Superior Court*, 158 Cal.App.4th

13  1242 (2008); *Lee v. Dynamex, Inc.*, 166 Cal.App.4th 1325 (2008); *Crab Addison,*

14  *Inc. v. Superior Court*, 169 Cal.App.4th 958 (2008); *Tierno v. Rite Aid Corp.*, 2008

15  WL 3287035, at *3 (N.D. Cal. July 31, 2008) ("Rite Aid argues that "[d]isclosure

16  of an individual's personal identifying information is only appropriate where the

17  court 'impose[s] important limitations, requiring written notice of the proposed

18  disclosure to all [individuals], giving them the opportunity to object to the release

19  of their own personal identifying information.' This is an overreading of *Pioneer*.").

20  Regardless, even if this was a legitimate hurdle, it could be easily overcome by

21  simply requiring that the disclosure of any such information by the non-parties be

22  subject to the same Stipulated Protective Order in place between the parties.

23      Finally, as for Toyota's argument that the definition of "subject vehicles" or

24  "technical service bulletins" or "dealer advisories" in certain subpoenas is overly

25  broad, again Toyota lacks standing to make this argument on behalf of the non-

26  party dealerships who it has no control over, who its counsel does not represent,

27  and who have presented no evidence regarding the supposed burden of simply

28  responding with all responsive documents.

1    Even more importantly, none of the dealerships have come forward with any

2    evidence that any of these categories are overly broad or would subject them to any

3    undue burden if they were required to respond to the subpoena language as phrased.

4    *Compare Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003).

5    In *Mattel Inc.*, the Ninth Circuit concluded that there was grounds to quash a

6    third-party subpoena where the language of the subpoena was "way too broad" and

7    there was evidence that it was drafted without any attempt "to try to tailor the

8    information request[ed] to the immediate needs of the case." *Id.* at 813.   Another

9    important reason by the Ninth Circuit determined that there was grounds to quash

10   the subpoena in *Mattel Inc.* was because it was clear that the subpoena was "served

11   for the purpose of annoying and harassment and not really for the purpose of

12   getting information." *Id.* at 814 (referring to strategy to pressure third-party

13   employees not to testify).

14   The situation here bears no resemblance to *Mattel Inc.*   Unlike *Mattel Inc.*,

15   Plaintiffs' subpoenas are narrowly drawn to gather key third-party documents that

16   are relevant to the core claims and defenses in this litigation.    Further

17   distinguishable from *Mattel Inc.*, Plaintiffs' subpoenas are not motivated by any

18   agenda to harass or annoy the third-party dealerships.   By contrast to *Mattel Inc.*,

19   Plaintiffs are attempting to obtain evidence – not to insulate it from discovery.

20   Toyota is simply attempting to limit and delay discovery because it does not

21   want certain evidence to emerge. Thus, the motion to quash should be denied.

22            **3.   Even If There Was Some Undue Burden, The More**

23            **Reasonable Compromise Would Be To Order The Discovery**

24            **On Specified Conditions; Not To Quash The Subpoenas**

25   A third-party challenging a subpoena on the basis that it imposes an undue

26   burden most demonstrate that documents, including electronically stored

27   information is "not reasonably accessible" and that it subjects the responding third-

28   party to an "undue burden or cost." Fed. R. Civ. P. 45(d)(1)(D).

But, "[e]ven when such showing is made," and it clearly has not been made here, "if the requesting party shows the need for the information outweighs the burden and cost of production, the court may order discovery on specified conditions." Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. P. Before Trial (The Rutter Group 2010), ¶ 11:2282.10.

Here, even if there was some burden – an undue burden – associated with this critical discovery, the proper remedy would not be to quash the subpoenas. Rather, the more reasonable compromise – and solution outlined by Rule 45 and numerous cases – would be to order the discovery on specified conditions or with reasonable compensation to the third-parties who the subpoenas are directed to corresponding with the time and expenses incurred by having to respond. *See* Fed. R. Civ. P. 45(d)(1)(D); *see also* Fed. R. Civ. P. 45(c)(3)(C); *United States v. CBS, Inc.*, 666 F.2d 364-368-69 (9th Cir. 1982).

This could include reimbursement for copying costs and reasonable hourly rate for the persons' time spent gathering, copying and transmitting the requested documents. *See* Fed. R. Civ. P. 45(c)(2)(B)(ii) (providing that courts may order the subpoenaing party to pay all or some of the expenses reasonably incurred in complying with a subpoena to produce documents or other materials).

**E.**     **The Motion Should Also Be Denied Because Both Toyota And The Non-Party Dealerships Have Not Complied With Local Rules 45-1, 37-1, And 7-3**

Finally, Toyota's motion should also be denied because Toyota and the dealerships have again disobeyed the Local Rules. C.D. Cal. Local Rule ("L.R.") 45-1, which applies to motions relating to discovery subpoenas, states that "L.R. 37 applies to motions relating to discovery subpoenas served on (a) parties and (b) non-parties represented by counsel." L.R. 45-1. C.D. Cal. L.R. 7-3 and 37-1 both require a substantive discussion of the issues and pre-filing conference before proceeding with a motion.

PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
CASE NO. 8:10ML02151 JVS (FMOX)

1    There was never any such conference between counsel in connection with the

2    motion.   *See* Robinson Decl., ¶ 3. With carefully worded correspondence and

3    arguments, Toyota's counsel has cleverly tried to avoid taking a position regarding

4    whether they represent the subpoenaed dealerships or not.   *See, e.g.*, Exh. D to

5    Hanna Decl.  If Toyota's counsel does represent the dealerships as well as Toyota,

6    both have arguably complied with L.R. 7-3 and 37-1's pre-filing meet and confer

7    requirements.  If not, then the dealerships have not complied with these rules.  But,

8    if Toyota's counsel does also represent the dealerships, then both have violated L.R.

9    37-2 which sets forth a joint stipulation procedure for all discovery motions, *see*

10   C.D. Cal. L.R. 37-2, including motions to quash.  Without question, neither Toyota

11   nor the dealerships have followed this required procedure here.  In other words,

12   either way, the Local Rules have not been followed.   Thus, Toyota and the

13   dealerships failure' to comply with the Local Rules is another reason why this

14   motion to quash should be denied.

15   It should be noted that "[t]he failure of any counsel to comply with . . . the

16   foregoing procedures may result in the imposition of sanctions." C.D. Cal. L.R. 37-

17   4.   Plaintiffs, however, do not seek sanctions for Toyota and the dealerships'

18   undeniable failure to follow these Local Rules.  Plaintiffs merely seek the discovery

19   that they are entitled to: the discovery that they have sought via the subject

20   subpoenas, the discovery which the Court has ordered they be allowed to take, and

21   discovery which the Federal Rules of Civil Procedure make clear is available.

22   There is no basis to prevent this important – yet basic – discovery from moving

23   forward.

24   **V.    CONCLUSION**

25   Based on the foregoing, the motion to quash should be denied.

26

27

28

Dated:  October 18, 2010

Respectfully submitted,

By: _/s/ Mark P. Robinson, Jr._
            Mark P. Robinson, Jr.

Mark P. Robinson, Jr., Bar No. 054426
*mrobinson@rcrlaw.net*
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Telephone:  (949) 720-1288
Facsimile:  (949) 720-1292

Dated:  October 18, 2010

By: _/s/ Elizabeth J. Cabraser_
            Elizabeth J. Cabraser

Elizabeth J. Cabraser, Bar No. 083151
*ecabraser@lchb.com*
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Dated:  October 18, 2010

By: _/s/ Steve W. Berman_
            Steve W. Berman

Steve W. Berman (*pro hac vice*)
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 268-9320
Facsimile:  (206) 623-0594

Dated:  October 18, 2010

By: _/s/ Frank M. Pitre_
            Frank M. Pitre

Frank M. Pitre, Bar No. 100077
*fpitre@cpmlegal.com*
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

1

Dated:  October 18, 2010

By:    /s/ Marc M. Seltzer
Marc M. Seltzer

2

3

Marc M. Seltzer, Bar No. 054534
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3102
Facsimile:   (310) 789-3006

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
CASE NO. 8:10ML02151 JVS (FMOX)