Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594

Marc M. Seltzer, Bar No. 054534
*mseltzer@susmangodfrey.com*
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3102
Facsimile: (310) 789-3006

Co-Lead Counsel for Consumer Economic Loss Plaintiffs

Frank M. Pitre, Bar No. 100077
*fpitre@cpmlegal.com*
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Lead Counsel for Non-Consumer Economic Loss Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This documents relates to:<br><br>ECONOMIC LOSS ACTIONS | Case No.: 8:10ML2151 JVS (FMOx)<br><br>**MEMORANDUM IN SUPPORT OF ECONOMIC LOSS PLAINTIFFS' PROPOSED ORDER RE CHOICE-OF-LAW PROCEEDINGS**<br><br>Date: Nov. 9, 2010<br>Time: 9:00 a.m.<br>Location: Courtroom 10C |

1333832v1/011847

The Economic Loss Plaintiffs respectfully submit this memorandum in support of their Proposed Order Re Choice-of-Law Proceedings, which has been lodged with the Court concurrently herewith.

**I.     Introduction**

The Economic Loss Plaintiffs believe California law governs state-law claims that named plaintiffs who filed suit in California – and the nationwide class they represent – have asserted against Toyota Motor Corporation ("TMC") and Toyota Motor Sales, U.S.A., Inc. ("TMS") (together, "Toyota"). Toyota disagrees. The Court certainly will have to decide choice of law at some point in this MDL. The pending question is: When?

The Court explored this question at the hearing on September 20, 2010. At that time, we explained that deciding choice of law sooner rather than later would simplify the MDL in at least two ways: First, if the Court decides to apply California law nationwide, it will be unnecessary to litigate claims asserted under the laws of other jurisdictions.[1] (For that reason, we respectfully submit that the Court should defer motions to dismiss non-California claims until after a decision on choice of law.) Second, resolving the issue early will narrow and simplify the issues at class certification.

Toyota generally agreed. Counsel emphasized that "the Manual for Complex Litigation talks about narrowing the issues as soon as possible because otherwise this becomes an unmanageable MDL." Tr., Sept. 20, 2010, at 28:7–10 (Exhibit A). Counsel argued that Toyota's own interests and judicial economy would best be served if the claims are "narrowed down consistent with the Manual for Complex Litigation." *Id.* at 33:8–9. Counsel acknowledged that it would be appropriate to

---

[1] Pursuant to Order No. 8 (Doc. 367), the Economic Loss Plaintiffs filed an Amended Economic Loss Master Consolidated Complaint ("Amended MCC") (Doc. 429) on October 27, 2010. The Amended MCC asserts, in the alternative to California claims, claims under the laws of the remaining 49 States and the District of Columbia. In all, the Amended MCC asserts 304 non-California claims.

1

decide choice of law sooner rather than later as long as the record is developed through discovery. *Id.* at 35:12–36:17. Counsel agreed that the parties' interests would be served by prompt resolution of the issue. *Id.* at 36:18–22.[2] Finally, counsel proclaimed: "We're not running from [choice of law]." *Id.* at 49:8–9.

Thereafter, the Court entered Order No. 8: Re Further Procedures for Simplification and Advancement of These Cases (Doc. 367), which recognized that

> the parties agreed that the choice of law question, particularly the Plaintiffs' theory that California law can be applied to a nation-wide class action, should be dealt with sooner rather than later. Resolution of this issue has the potential for simplification of the proceeding, but at a minimum would identify the outside parameters.

Order No. 8 at 2 (Doc. 367).

To set the stage for an early decision on choice of law, the Court ordered the parties to submit an agreed proposal or separate proposals for choice-of-law discovery and briefing, including:

- A plan for the identification and conduct of discovery relevant to the choice of law question, including a timetable for completion of such discovery. It is essential that the focus be only on the discovery necessary for the choice of law issue.
- A briefing schedule leading to a hearing on the issue.

*Id.* at 4.

---

[2] Counsel agreed with the caveat that resolving choice of law would not resolve whether certain legal theories – specifically, so-called "recall claims" – are in or out of the case. Tr., Sept. 20, 2010, at 36:22–37:7. The Amended MCC makes clear that the Economic Loss Plaintiffs seek to recover damages based on the floor mat and "sticky pedal" recalls.

Consistent with Order No. 8, the Economic Loss Plaintiffs have submitted a proposed order for the prompt identification and conduct of discovery relevant to choice of law and a briefing schedule that leads to a hearing in April 2011. Our plan provides for discovery that is focused but sufficient to develop a full factual record on choice of law.

Toyota's proposal, on the other hand, contradicts its statements in open court and flouts the letter and spirit of Order No. 8. Rather than simplifying and advancing these cases, Toyota's proposal would needlessly proliferate litigation of hundreds of claims that might – and, in our view, will – be mooted by the Court's decision on choice of law.

It is therefore respectfully submitted that the Court should enter the Economic Loss Plaintiffs' Proposed Order Re Choice-of-Law Proceedings.

## II. Plaintiffs' Proposed Order Will Simplify and Advance These Cases by Facilitating a Prompt, Fully Informed Decision on Choice of Law.

We believe choice-of-law discovery and briefing should be guided by two principles. First, stipulations should be used in lieu of formal discovery to the extent practicable. Second, briefing should proceed on an informed basis without surprises about the facts the parties will rely on to support their arguments. Also, choice-of-law discovery and briefing should be structured to account for the fact that each party will bear some burden of proof/persuasion.[3]

With those principles in mind, Plaintiffs' proposed order provides as follows:

---

[3] As proponents of the application of California law to a nationwide class, Plaintiffs bear the initial burden of showing that "California has a significant contact or aggregation of contacts to the claims of the class members to ensure that California law is not being applied arbitrarily." *Parkinson v. Hyundai Motor America*, 258 F.R.D. 580, 589 (C.D. Cal. 2008). After Plaintiffs make that showing, the burden shifts to Toyota to demonstrate "that foreign law, rather than California law, should apply to class claims" under California's governmental interest analysis. *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 921, 103 Cal. Rptr. 2d 320 (2001).

3

- All parties may pursue discovery from third parties with respect to (1) such third parties' contacts with California, other States, and foreign jurisdictions and (2) the location of such parties' activities as they relate to TMC or TMS.
- Plaintiffs may serve written discovery, including document requests, designed to identify Toyota's contacts with California, other States, and foreign jurisdictions. If Toyota believes it needs discovery from Plaintiffs, the parties shall utilize stipulations to the extent possible. Where stipulations cannot be reached, Toyota may serve written discovery.
- After the initial round of written discovery and document production, Plaintiffs may conduct depositions. The parties will supplement their responses to written discovery after depositions are completed.
- Plaintiffs (or any subset of Plaintiffs) will move for the application of California law and submit an opening brief not to exceed 40 pages on or before February 11, 2011. Toyota's response brief, not to exceed 60 pages, is due on March 4, 2011. Plaintiffs will file their reply brief, not to exceed 40 pages, on March 28, 2011.[4]

### A. Discovery From Plaintiffs

In Phase I discovery, Plaintiffs disclosed information to Toyota pursuant to Fed.R.Civ.P. 26 and served responses to Fact Sheets propounded by Toyota. Plaintiffs also are in the process of producing their documents to Toyota. Plaintiffs' allegations, disclosures, Fact Sheet responses, and documents provide Toyota with information about where Plaintiffs are domiciled, the dealerships where Plaintiffs

---

[4] In Order No. 8, the Court expressed the view that "concurrent opening briefs with concurrent replies represents the most efficient way to address the issue, but solicits the parties' view." Doc. 367 at 4. The parties agree that briefing should proceed with Plaintiffs opening, Toyota responding, and Plaintiffs replying.

purchased their vehicles, where Plaintiffs had their vehicles serviced, the geographic areas where Plaintiffs have operated their vehicles, and, for Plaintiffs who have traded in/resold their vehicles, the locus of the trade-in/resale transaction.

In our view, Toyota already has all the discovery it could possibly need from Plaintiffs for choice of law. If Toyota believes it needs additional information from Plaintiffs, that can be accomplished through stipulations or, if necessary, written discovery. We see no need for Toyota to depose Plaintiffs for choice of law, and Toyota has not attempted to justify such depositions.

None of the Plaintiff-specific topics in Toyota's proposed order justifies deposition discovery from Plaintiffs. Toyota's proposed order identifies the following Plaintiff-specific topics for choice-of-law discovery:

(f) States in which all Class Representatives:
  i. Reside;
  ii. Purchased their vehicles; and
  iii. Drove their vehicles;
(g) Class Representatives' locations when they heard or read advertisements regarding their vehicles;
(h) Details regarding any sales conversations that Class Representatives allege they had with any Toyota agent, including the location of the conversation, and whether the conversation was in person or telephonic.
(i) Details regarding any warranty, service, or repair conversations that Class Representatives allege they had with any Toyota agent, including the location of the conversation, and whether the conversation was in person or telephonic.

The locations where class representatives reside, purchased their vehicles, drove their vehicles, heard or read advertisements, and conversed with Toyota agents can easily be discovered through stipulations and written discovery. Indeed,

5

1333832v1/011847

Toyota already discovered most of those facts through Phase I discovery. Moreover, those facts do not need to be tested in deposition; they are cut and dried and, in many instances, confirmed by documents that Plaintiffs will produce.

The rest of the unspecified "details" Toyota seeks to discover are not relevant to choice of law, and therefore do not justify depositions. For the proposition that such "details" are relevant, Toyota cites *In re OnStar Contract Litig.*, 2010 WL 3516691 (E.D. Mich. Aug. 25, 2010). That case is distinguishable because the plaintiffs' alleged injuries related to misrepresentations and omissions that occurred "at the time of purchase or lease" – *i.e.*, misrepresentations and omissions by <u>dealers</u>. *See id.* at *2–3. For purposes of the nationwide class claims that will be the subject of the Court's choice-of-law analysis, the Economic Loss Plaintiffs are not relying on dealer-specific misrepresentations or omissions. Moreover, the *OnStar* court's analysis was, for the most part, based on allegations in the operative complaint, not deposition testimony. *See id.* at *9–19.

### B. Discovery from Toyota

Plaintiffs' proposed order identifies specific topics for discovery from Toyota. All of the topics relate to Toyota's contacts with California, which indisputably are relevant to the choice-of-law analysis. *See Parkinson v. Hyundai Motor America*, 258 F.R.D. 580, 598 (C.D. Cal. 2008) (holding that nationwide consumer class could pursue CLRA and UCL claims given that (1) the defendant's marketing department, warranty department, customer affairs department all were located in California; (2) the defendant conducted substantial business in California through 50 dealerships; (3) more class members resided in California than in any other state given the number of California dealerships and the volume of California sales); *Mazza v. American Honda Motor Co.*, 254 F.R.D. 610, 620–24 (C.D. Cal. 2008) (holding that nationwide consumer class could pursue CLRA, UCL, and unjust enrichment claims under California law where defendant's principal place of business was located in Torrance, California, including its headquarters for sales,

6

1333832v1/011847

marketing, research and development). The topics also relate to Toyota's contacts with other States and foreign countries, which we expect Toyota will argue are relevant to choice of law.

### C. Briefing Schedule and Hearing

Under Plaintiffs' proposed order, choice-of-law briefing will close on March 28, 2011, which will allow the Court to hear argument in April 2011. We believe that timing is perfect. By then, the parties and the Court likely will know which California claims will move forward based on the Court's ruling on Toyota's motion to dismiss the MCC. If the Court decides not to apply California law nationwide, motions to dismiss non-California claims asserted in the Amended MCC can proceed apace without any undue delay.

## III. Toyota's Proposed Order Is Inconsistent with Order No. 8, Would Needlessly Delay Resolution of a Crucial Issue, and Would Complicate Rather than Simplify the MDL.

Toyota has failed to comply with the Court's Order to provide a specific timetable for completing choice-of-law discovery and a briefing schedule. Instead, Toyota seeks to postpone choice-of-law proceedings until some unspecified future time after the Court has finally worked its way through a smoke screen of so-called "Predicate Issues" that have nothing to do with choice of law.

### A. The Court should defer motions to dismiss non-California claims until after choice of law.

Under Toyota's proposal, the Court could not reach choice of law until every motion to dismiss every claim has been resolved. Toyota almost certainly will move to dismiss most or all of the 304 non-California claims asserted in the Amended MCC. Thus, Toyota's proposal would require the parties to litigate, and the Court to adjudicate, motions to dismiss hundreds of claims before reaching choice of law. Those claims will become nugatory if the Court decides to apply California law to a nationwide class. The massive burden on the parties and the

7

Court associated with motions to dismiss those claims will have been for naught. Rather than simplify the MDL as envisioned by Order No. 8, Toyota's proposal would eradicate the efficiencies that could be realized by an early decision on choice of law. *See Southern Union Co. v. Southwest Gas Corp.*, 165 F. Supp. 2d 1010, 1044 (D. Ariz. 2001) (addressing, at pleadings stage, "complex choice of law issues which must be resolved in order for this consolidated action to proceed in an efficient manner").

Toyota cites *OnStar*, 2010 WL 3516691, at *1–2, but that decision does not stand for the proposition that courts <u>must</u> perfect the pleadings before deciding choice of law. Moreover, there is no indication from any of the reported decisions in the *OnStar* litigation, *see also* 600 F. Supp. 2d 861 (E.D. Mich. 2009), that deciding choice of law before the pleadings were fully litigated would have produced efficiencies comparable in magnitude to those that could be realized in this litigation.

**B.     The Court does not need to know which non-California claims are "in" or "out" to decide whether the nationwide class can assert claims under California law.**

Toyota contends that the Court must know which non-California claims are in the case before deciding choice of law. Not so. To decide whether California law can govern the claims of plaintiffs and class members nationwide, the Court only needs to know which California claims are in play. To be sure, Toyota bears the burden of showing that California law materially conflicts with other States' laws. But the analysis in no way depends upon knowing exactly which non-California claims have been asserted or whether those claims will survive motions to dismiss. Even if Plaintiffs had not asserted any non-California claims, the analysis would be the same.

Toyota relies on this Court's decision in *Rivera v. Bio Engineered Supplements & Nutrition, Inc.*, 2008 WL 4906433 (C.D. Cal. Nov. 13, 2008).

8

1333832v1/011847

There is no indication from the opinion that the plaintiff in that case asserted any non-California claims. If Toyota were correct, the fact that the *Rivera* plaintiff had not asserted non-California claims would have prevented the Court from deciding whether to apply California law to a nationwide class. It did not.

In any event, Toyota's argument is moot because the Amended MCC asserts claims under the laws of the remaining 49 States and the District of Columbia.[5]

### C. The Court does not need to know which defendants named in underlying complaints are "in" or "out" to decide whether California law applies to TMC and TMS.

Toyota also contends that the Court must know, finally and forever, which parties are in the case before it can decide choice of law for TMC and TMS. TMC and TMS are the only defendants named in the Amended MCC, and the Economic Loss Plaintiffs do not plan to add additional defendants in the future. In any event, the Court can proceed with choice of law for TMC and TMS because the addition of defendants later in the litigation – in the unlikely event that occurs – will not affect the choice-of-law analysis for TMC and TMS.

Apparently, Toyota plans to argue that the contacts of certain third-party entities are relevant to the choice-of-law analysis for TMC and TMS. Under Plaintiffs' proposed order, Toyota is free to obtain discovery from those entities and make that argument whether or not any of those entities are parties to the litigation. Either those entities' contacts are relevant or they are not. Party status has nothing to do with it.

Toyota cites *Vulcan Golf, LLC v. Google, Inc.*, 254 F.R.D. 521 (N.D. Ill. 2008), but that decision does not support Toyota's position at all. Toyota incorrectly suggests that the *Vulcan Golf* court found that one defendant's contacts

---

[5] As Toyota observes, the Amended MCC does not assert a RICO claim – a <u>federal</u> claim that is not subject to choice-of-law analysis.

9

were relevant to the choice-of-law analysis for a different defendant. It did not. The *Vulcan Golf* court evaluated, under Illinois choice-of-law rules, whether to apply California law to all of the putative class plaintiffs' unjust enrichment claims. *Id*. at 531. The court noted that because several of the defendants were headquartered outside of California, it might be inappropriate to apply California law to claims against those defendants. *Id*. at 532. The court found, for example, that it would not be appropriate to apply California law to the unjust enrichment claims brought by a Washington class member against the Washington-based defendant. *Id*. ("[I]t is highly unlikely that it would be appropriate to conclude that California has the most significant contacts to an unjust enrichment claim brought by a Washington trademark owner against Washington-based Dotster."). But that Washington-based defendants' contacts did not factor into the court's choice-of-law analysis with respect to California-based defendants.

Because the choice-of-law analysis for TMC and TMS would not change in the unlikely event that other defendants are later added, there would be no need to reopen discovery or relitigate the issue. We cannot envision one reasonably likely scenario that would require any duplication of effort if choice of law is decided before the Court resolves the "Predicate Issues" Toyota has concocted. Certainly, there are none that could even begin to offset the considerable efficiencies to be achieved from an early decision on choice of law.

**IV.   Conclusion**

It is respectfully submitted that the Court should enter the Economic Loss Plaintiffs' Proposed Order Re Choice-of-Law Proceedings, which has been lodged with the Court concurrently herewith.

| | |
|---|---|
| Dated: October 29, 2010 | Respectfully submitted, |

By:   /s/ Steve W. Berman

STEVE W. BERMAN (WA SBN 12536)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 268-9320
Facsimile:   (206) 623-0594
Email:  steve@hbsslaw.com


By:   /s/ Marc M. Seltzer

MARC M. SELTZER (CA SBN 054534)
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone:  (310) 789-3102
Facsimile:   (310) 789-3006
Email:  mseltzer@susmangodfrey.com


By:   /s/ Frank M. Pitre

FRANK M. PITRE (CA SBN 100077)
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577
Email:  fpitre@cpmlegal.com

*Co-Lead Counsel for*
*Economic Loss Plaintiffs*

1333832v1/011847