CARI K. DAWSON (GA SBN 213490)
Email:  cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 881-7766
Facsimile:  (404) 253-8567

VINCENT GALVIN, JR. (CA SBN 104448)
Email:
  vincent.galvinjr@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:  (408) 279-5393
Facsimile:  (408) 279-5845

LISA GILFORD (CA SBN 171641)
Email:  lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100

JOEL SMITH (SC SBN 5266)
Email:  joel.smith@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1441 Main Street, Suite 1000
Columbia, SC 29201
Telephone:  (803) 726-0020
Facsimile:  (803) 726-0021

*Lead Defense Counsel for Economic
Loss Cases*

*Lead Defense Counsel for Personal
Injury/Wrongful Death Cases*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORIA**

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ECONOMIC LOSS CASES | Case No.:  8:10ML2151 JVS (FMOx)<br><br>**REQUEST FOR LEAVE TO FILE OPPOSITION TO PLAINTIFFS' MEMORANDUM REGARDING CHOICE OF LAW PROCEEDINGS**<br><br>**[FILED CONCLURRENTLY WITH [PROPOSED] ORDER]**<br><br>Date:          November 9, 2010<br>Time:          9:00 a.m.<br>Location:      Court Room 10C<br>Judicial Officer:  Hon. James V. Selna |

1   Toyota requests leave of the Court to file the attached brief in response to
2   Plaintiffs' choice of law brief dated October 29, 2010 (Docket no. 435), which was
3   filed in violation of this Court's Orders.

4   This Court's Order No. 8 "order[ed] the parties to meet and confer and to
5   submit within . . . thirty days either an agreed or separate proposals" for discovery and
6   briefing of choice of law issues. (Docket no. 367, p.4.)  The order did not include a
7   provision allowing the parties to submit briefs in support of their separate proposals.
8   In addition, while the court's Order of October 28 (Docket no. 432) stated that the
9   parties should provide separate briefing in support of their Phase II discovery
10  proposals, it did not provide for choice of law briefing.

11  Order No. 8 provided that the parties must meet and confer and show proposals
12  to each other.   The parties met and conferred and exchanged draft proposals in
13  compliance with this order.

14  However, Plaintiffs advised Toyota for the first time, the very afternoon that the
15  proposals were due, that they would be filing a full brief in support of their choice of
16  law proposal.  (*See* Exhibit A, attached hereto.)  Their brief was then filed as the
17  Courts' ECF system was shutting down for the evening, without providing Toyota any
18  advance opportunity whatsoever to look at and respond to it.

19  It is clear from the contents of Plaintiffs' brief that it was written with the
20  benefit of knowing all of Toyota's arguments – which were supplied to Plaintiffs in
21  good faith as part of the meet and confer process ordered by this court, and as a direct
22  response to those arguments.   Unfortunately, Plaintiffs' deliberate sandbagging in
23  violation of the Court's orders deprived Toyota of the opportunity to respond to
24  Plaintiffs' arguments in turn.

25  ///
26  ///
27  ///
28  ///

1      Toyota therefore requests leave to file the attached response to Plaintiffs'

2 unauthorized brief (Exhibit B).   Alternatively, Toyota requests that Plaintiffs'

3 unauthorized brief be disregarded as filed in violation of this Court's orders.

4      Respectfully submitted,

5 DATED:  November 5, 2010

                           /s/

6 By: _____
                      Lisa Gilford

7 CARI K. DAWSON (GA SBN 213490)

8 **ALSTON + BIRD LLP**
1201 West Peachtree Street

9 Atlanta, GA 30309
Telephone:  (404) 881-7766

10 Facsimile:  (404) 253-8567
Email:  cari.dawson@alston.com

11 LISA GILFORD (CA SBN 171641)

12 **ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor

13 Los Angeles, CA 90071
Telephone:  (213) 576-1000

14 Facsimile:  (213) 576-1100
Email:  lisa.gilford@alston.com

15 ***Lead Defense Counsel for Economic Loss Cases***

16                            /s/

17 By: _____
                    Vincent Galvin, Jr.

18 VINCENT GALVIN, JR. (CA SBN 104448)

19 **BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200

20 San Jose, CA 95110
Telephone:  (408) 279-5393

21 Facsimile:  (408) 279-5845
E-mail:  vincent.galvinjr@bowmanandbrooke.com

22 JOEL SMITH (SC SBN 5266)

23 **BOWMAN AND BROOKE**
1441 Main Street, Suite 1000

24 Columbia, SC 29201
Telephone:  (803) 726-0020

25 Facsimile:  (803) 726-0021
E-mail:  joel.smith@bowmanandbrooke.com

26 ***Lead Defense Counsel for Personal***

27 ***Injury/Wrongful Death Cases***

28

LEGAL02/32257039v1

3

# EXHIBIT A

4

# REDACTED

**From:** Robert S. Safi [mailto:rsafi@susmangodfrey.com]
**Sent:** Friday, October 29, 2010 5:09 PM
**To:** Dawson, Cari; Gilford, Lisa; Kennedy, Kara
**Cc:** Elizabeth J. Cabraser; Frank M. Pitre; Marc Seltzer; Mark P. Robinson, Jr.; Mark P. Robinson, Jr.; Steven W. Berman;
vincent.galvin@bowmanandbrooke.com; joel.smith@bowmanandbrooke.com
**Subject:** RE: Toyota - Plaintiffs' Proposed Order Re Choice-of-Law Proceedings

Please be advised that we will be filing a brief in support of our Proposed Order Re
Choice-of-Law Proceedings.

**From:** Robert S. Safi
**Sent:** Friday, October 29, 2010 11:26 AM
**To:** 'Dawson, Cari'; 'Lisa. Gilford'; 'Kennedy, Kara'
**Cc:** 'Elizabeth J. Cabraser'; 'Frank M. Pitre'; Marc Seltzer; 'Mark P. Robinson, Jr.'; 'Mark P. Robinson, Jr.'; 'Steven W.
Berman'; 'vincent.galvin@bowmanandbrooke.com'; 'joel.smith@bowmanandbrooke.com'
**Subject:** RE: Toyota - Plaintiffs' Proposed Order Re Choice-of-Law Proceedings

Cari & Lisa & Kara:

Please see our revised proposed order re COL, which provides that TMC and TMS may
conduct third-party discovery for COL purposes.

Thanks.

**From:** Robert S. Safi
**Sent:** Thursday, October 28, 2010 3:13 PM
**To:** Dawson, Cari; Lisa. Gilford; 'Kennedy, Kara'
**Cc:** 'Elizabeth J. Cabraser'; 'Frank M. Pitre'; Marc Seltzer; 'Mark P. Robinson, Jr.'; 'Mark P. Robinson, Jr.'; 'Steven W.
Berman'; 'vincent.galvin@bowmanandbrooke.com'; 'joel.smith@bowmanandbrooke.com'
**Subject:** Toyota - Plaintiffs' Proposed Order Re Choice-of-Law Proceedings

Cari & Lisa & Kara:

Attached is the proposed order re COL that we plan to submit tomorrow.

Thanks.

Robert S. Safi
Susman Godfrey LLP
713 653 7850

5

# EXHIBIT B

6

CARI K. DAWSON (GA SBN 213490)
Email:  cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 881-7766
Facsimile:   (404) 253-8567

LISA GILFORD (CA SBN 171641)
Email:  lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100

*Lead Defense Counsel for Economic*
*Loss Cases*

VINCENT GALVIN, JR. (CA SBN 104448)
Email:
    vincent.galvinjr@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:  (408) 279-5393
Facsimile:   (408) 279-5845

JOEL SMITH (SC SBN 5266)
Email:  joel.smith@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1441 Main Street, Suite 1000
Columbia, SC 29201
Telephone:  (803) 726-0020
Facsimile:   (803) 726-0021

*Lead Defense Counsel for Personal*
*Injury/Wrongful Death Cases*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORIA

| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.:  8:10ML2151 JVS (FMOx) |
|---|---|
| This document relates to: | **[PROPOSED] OPPOSITION TO PLAINTIFFS' MEMORANDUM REGARDING CHOICE OF LAW PROCEEDINGS** |
| ALL ECONOMIC LOSS CASES | |

Date:            November 9, 2010
Time:            9:00 a.m.
Location:        Court Room 10C
Judicial Officer:  Hon. James V. Selna

Toyota provides the following short statement in response to points raised in Plaintiffs unauthorized brief:

## I.   PLAINTIFFS' ATTEMPTS TO RUSH THE CONFLICTS OF LAW ANALYSIS

Plaintiffs cannot cite any law to support their novel position that conflicts of law ("COL") must be teed up before the size and shape of this litigation is even defined.   This is because the COL issues are typically resolved at the class certification stage after 1) the pleadings are settled and 2) targeted, but intensive, discovery.   Plaintiffs know that they have little chance of supporting their COL analysis under a properly substantiated analysis, so they are trying procedural gimmicks to improperly change the playing field by rushing the analysis and limiting the facts necessary to perform it.

Plaintiffs also tried to bait Toyota into addressing COL prematurely in the motion to dismiss, by casting all of the common law claims as subject to CA law and including a dozen paragraphs of cherry-picked COL allegations.   *See* Sept. 20 transcript, p. 24:   "The MCC alleges that California law applies. We expected that Toyota would say, no, it doesn't. It would move to dismiss, and we would tee up the choice of law."[1]   Instead, Toyota properly noted that in a case as complex as this one, COL discovery was necessary, and Plaintiffs were forced to concede the issue. In fact, Plaintiffs *admitted* that:   "Only two choice-of-law issues will arise in the economic loss litigation . . . . *Neither issue must be resolved until class certification.*" (*See* Docket no. 320, p. 3).   It is Plaintiffs who are trying to now trying to change their positions with new tactics and gamesmanship.

Plaintiffs' counsel also cherry-picked their defendants and omitted federal causes of action – first in the Master Consolidated Complaint and now in the

---

[1]   As this Court will recall, Plaintiffs also filed an entirely separate amended complaint with only California plaintiffs in a futile attempt to bypass black-letter law requiring courts to apply the COL framework applicable to all transferor states. (See docket nos 264, 306.)

8

Amended Master Consolidated Complaint again – to try to increase their chances of winning the application of California law, although they are unwilling to abandon those claims entirely and have tried to say that those might be added at a later point after some discovery, presumably once COL is decided. *See* Sept. 20 transcript, Docket 435-1, at p. 26. ("We're sending third party subpoenas out, and we're learning a lot. It could be that we amend to add third parties, or maybe we don't . . .")

Plaintiffs *cannot cite to a single case* in which a court has performed an independent COL analysis while (a) a motion to dismiss is pending, and (b) Plaintiffs' counsel are still "learning a lot" and can't decide whether to add more parties. The only case they cite is *Southern Union Co. v. Southwest Gas Corp.*, 165 F. Supp. 2d 1010 (D. Ariz. 2001), which deals with COL in a more simple litigation at the motion to dismiss state, and Plaintiffs have already admitted that COL cannot be resolved here at the motion to dismiss stage.

One of the very few cases that does address COL issues before class certification briefing is *In re OnStar Contract Litig.*, No. 07-MDL-01867, 2010 WL 3516691 (Aug. 25, 2010). In fact, not only did the *OnStar* court address the contents of the pleadings before deciding COL, but it also ordered that full class certification discovery must be completed before COL briefing could occur. *See Exhibit A hereto.* Plaintiffs' lamely respond that *OnStar* doesn't say that the "courts must perfect the pleadings" before COL briefing, but they are unable to provide a single decision showing a viable alternative.

Plaintiffs' "efficiency" argument is illusive for two reasons. First, it assumes that the Court will be able to apply California law and to certify a national class action, notwithstanding that the chances of this happening are slim, to say the least. Second, Plaintiffs have tried to create inefficiency by pleading all states' claims at this point in an attempt to frighten the Court into accelerating COL analyses. A truly efficient resolution of these conflicts of law issues would be to resolve them at class certification, as plaintiffs suggested less than two months ago.

## II.    PLAINTIFFS MISCAST THE NECESSARY CONFLICTS OF LAW ANALYSES

Plaintiffs' arguments rely on only two inapposite and unpersuasive COL cases in support of their persistent fundamental misunderstanding of what is necessary for this court to perform a choice of law analysis. *Parkinson v. Hyundai Motor America*, 258 F.R.D. 580, 586 (C.D. Cal. 2008) arises out of a California state court case that was removed to the Central District of California and consolidated only with other California federal cases, so it necessarily does not take into account the necessary transferor states' choice of law analyses. *Mazza v. American Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008) is also solely a California-based case, and furthermore, that court's holding regarding the California COL issues is currently *sub judice* before the Ninth Circuit Court of Appeals.

Even assuming for the sake of argument that plaintiffs' strained characterization of these decisions were correct, this MDL Court *must* apply each transferor court's COL framework to analyze to plaintiffs' claims arising out of that forum, and it must apply the different choice of law factors that the transferor states determines are relevant to each cause of action. For instance:

- Where Pennsylvania residents such as putative class representative Reech assert contract-based breach of warranty claims against Toyota, this Court must apply Pennsylvania's Restatement Second analysis to those contract claims and analyze whether "(1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties" show that the law of Pennsylvania must apply. *Powers v. Lycoming Engines*, 328 Fed. Appx. 121 (3d Cir. 2009) (overturning class certification for failure to perform proper choice of law analysis).

- Where Illinois residents such as putative class representative Aleszczyk assert unjust enrichment claims against Toyota, this Court must apply Illinois's "most significant contacts" torts analysis, which holds that "the law of the place of injury controls unless Illinois has a more significant

relationship with the occurrence and the parties," examining "(1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered." *Vulcan Golf, LLC v. Google, Inc.*, 254 F.R.D. 521, 532 (N.D. Ill. 2008) (holding that California law was not the state with the most significant contacts, even though two defendants were allegedly headquartered in California).[2]

- Where Indiana residents such as putative class representative Allen or Gibbens bring products liability claims arising out of defects, this Court must apply Indiana's *lex loci delicti* analysis and determine where the plaintiffs suffered the losses at issue. *In re Bridgestone/Firestone Inc.*, 288 F.3d 1012, 1016 (7th Cir. 2002) (overturning the lower court's determination that the law of the state where defendants were headquartered should apply)

## III.   PLAINTIFFS' ATTEMPTS TO SUPPRESS DISCOVERY OF THESE CRITICAL CONFLICTS OF LAW FACTORS

The latest step in Plaintiffs' campaign to artificially skew the COL analysis is that they are trying to game even the discovery process to suppress discovery of the facts that are necessary to adequately perform the COL analysis.

Ultimately, Plaintiffs' counsel argue — with no supporting case law whatsoever — that there cannot be depositions of class representatives because the wide variety of COL facts that Toyota has the right to discover, i.e., negotiations between Plaintiffs and Toyota representatives and facts demonstrating where the relationships between Plaintiffs and Toyota are centered "are not relevant to choice of law." These facts are not only relevant, but they are in most cases *determinative* to automobile defect COL analyses. *See, e.g., OnStar*, 2010 WL 3516691 at 9 ("they received and read written information about OnStar in their home states and had local representatives at the dealerships where they purchased their vehicles make oral representations to them . . . he verbally received information about the system from a sales manager at his local

---

[2]   Plaintiffs misleadingly imply, in their futile attempt to distinguish Vulcan, that the Illinois court was willing to apply California law to the California defendants. In fact, the court declined to apply California law to *all* of plaintiffs' claims against *all* defendants.

LEGAL02/32259840v2

1   dealer"); *In re Ford Motor Co. Bronco II Product Liab. Litig.*, 177 F.R.D. 360, 370

2   (E.D. La. 1997) (holding that plaintiffs were unable to explain how the law of

3   Michigan, Ford's headquarters, could be more significant to COL than states where,

4   e.g., "plaintiffs purchased their vehicles, where plaintiffs entered the complained-of

5   transactions, and/or where the allegedly fraudulent conduct occurred").[3]

6       In fact, Plaintiffs' counsel are so leery of a full-blown COL analysis conducted

7   after targeted but complete discovery that they have even tried to re-cast the class

8   representatives' claims to remove allegations about contacts between Plaintiffs and

9   dealerships regarding the purchasing and servicing of their vehicles.  For example,

10  class representative Maureen Fitzgerald asserted in MCC ¶45 that a salesman told her

11  that "she was used to driving an 18-year-old vehicle and would eventually adjust to

12  controlling the gas pedal," and this allegation has been removed from AMCC ¶48.

13  Similarly, class representatives John and Mary Laidlaw asserted in MCC ¶56 that their

14  car dealer "would take no responsibility," and this allegation has been removed from

15  AMCC ¶58.[4]

16      Plaintiffs then, incredibly, try to distinguish their manipulated complaint from

17  *OnStar* by arguing in their unauthorized October 29 brief, for the first time, that "for

18  purposes of the nationwide class claims that will be the subject of the Court's choice-

19  of-law analysis, the Economic Loss Plaintiffs are not relying on dealer-specific

20  misrepresentations or omissions." (Docket no. 435, p.7.)  Class Plaintiffs' interactions

21  with dealers during the purchasing of their vehicles, during the servicing of their

22  vehicles, and with respect to resolving their complaints, are directly relevant to the

---

[3]  It is also worth noting that this COL analysis was performed in conjunction with class certification, and that the court highlighted in its opinion the discrepancies between named plaintiffs' written discovery responses and their deposition testimony. 177 F.R.D. at 368, n.13.

[4]  In place of these specific allegations, plaintiffs' counsel have inserted a set of rote allegations that plaintiffs viewed unspecified ads, for unspecified vehicles, from a variety of vague sources, which then "influenced" them to purchase their particular automobile.  Toyota must be able to test these formulaic allegations, which are relevant to COL analyses regarding false advertising and misrepresentation.

LEGAL02/32259840v2

1   putative class's claims against Toyota in the litigation in general, including to the

2   COL analysis under the conflicts frameworks of most, if not all, transferor states.

3   These are precisely the facts that Toyota has a right to take depositions to discover

4   during this litigation, and that Plaintiffs' counsel are trying to hide by accelerating and

5   limiting COL discovery.   These facts are also relevant to the class certification

6   analysis and will eventually be discoverable; Plaintiffs have no justification to try to

7   temporarily hide them for now.

8   ///

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

13

1   Because Plaintiffs' counsel do not want to argue against these facts in their

2   COL briefing, they unacceptably seek to suppress the discovery of these facts.

3       Respectfully submitted,

4

5   DATED:  November 5, 2010

6   By: _____
          /s/
          Lisa Gilford

7   CARI K. DAWSON (GA SBN 213490)

8   **ALSTON + BIRD LLP**
    1201 West Peachtree Street

9   Atlanta, GA 30309
    Telephone:  (404) 881-7766
    Facsimile:  (404) 253-8567

10   Email:  cari.dawson@alston.com

11   LISA GILFORD (CA SBN 171641)

12   **ALSTON + BIRD LLP**
    333 South Hope Street, 16th Floor

13   Los Angeles, CA 90071
    Telephone:  (213) 576-1000
    Facsimile:  (213) 576-1100

14   Email:  lisa.gilford@alston.com

15   ***Lead Defense Counsel for Economic Loss Cases***

16   By: _____
          /s/

17             Vincent Galvin, Jr.

18   VINCENT GALVIN, JR. (CA SBN 104448)

19   **BOWMAN AND BROOKE**
    1741 Technology Drive, Suite 200

20   San Jose, CA 95110
    Telephone:  (408) 279-5393
    Facsimile:  (408) 279-5845

21   E-mail:  vincent.galvinjr@bowmanandbrooke.com

22   JOEL SMITH (SC SBN 5266)

23   **BOWMAN AND BROOKE**
    1441 Main Street, Suite 1000

24   Columbia, SC 29201
    Telephone:  (803) 726-0020
    Facsimile:  (803) 726-0021

25   E-mail:  joel.smith@bowmanandbrooke.com

26   ***Lead Defense Counsel for Personal***
    ***Injury/Wrongful Death Cases***

27

28

LEGAL02/32259840v2

# EXHIBIT A

Case 8:10-mr-02151-JVS-FMO Document 401 Filed 11/09/10 Page 10 of 5 Page ID
Case 2:07-md-01867-SFC-PJK Document 127 Filed 06/12/09 Page 1 of 5
#:17211

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

IN RE ONSTAR CONTRACT                :
LITIGATION                           :
                                     :        Master File No. 07-1867
                                     :
THIS DOCUMENT RELATES TO:  All Actions :
                                     :
                                     :

## STIPULATED SCHEDULING ORDER

Following a Status Conference on June 1, 2009 the parties have agreed, with the Court's

approval, to the following modification of the current class certification discovery and briefing

schedule and other dates:

      1.    Fact discovery regarding Class Certification will be completed on August 28,

2009;

      2.    The parties will exchange expert disclosures regarding Class Certification on

September 21, 2009,

      3.    The parties will exchange rebuttal expert disclosures regarding Class Certification

on October 9, 2009;

      4.    The parties will complete expert depositions by November 13, 2009;

      5.    The parties will file briefs regarding the choice of law issue on October 1, 2009;

      6.    The parties will file response briefs regarding choice of law on November 22,

2009;

      7.    The parties will file reply briefs regarding choice of law on December 7, 2009;

      8.    The Court will hold a hearing on choice of law issues on **February 23, 2010 at**

**2:00 P.M.;**

16

Case 2:07-md-01867-SFC-PJK   Document 127   Filed 06/12/09   Page 2 of 5
Case 8:10-mr-02151-JVS-FMOC   Document 401   Filed 11/09/10   Page 17 of 20   Page ID
#:17212

9.      Plaintiffs will file their motion for Class Certification 30 days after the Court rules on choice of law;

10.     Plaintiffs shall respond to OnStar's Motion to Compel Arbitration by June 29, 2009;

11.     OnStar shall file any reply in support of its motion by July 20, 2009;

12.     The Court will hold a hearing on the Motion to Compel Arbitration **on September 24, 2009 at 2:00 P.M.;**

13.     If the parties cannot complete discovery within any of the periods designated above despite good faith efforts to do so, they may seek the Court's permission for an extension of the Class Certification Discovery Period or any of the interim dates set forth above.

14.     The three outstanding Motions to Compel Discovery are referred to U.S.M.J. Komives for disposition.

<strong>SO ORDERED</strong>

Dated:  June 12, 2009                        s/ Sean F. Cox
                                             Sean F. Cox
                                             U. S. District Court Judge

<strong>SO STIPULATED</strong>

By:/s/Timothy A. Daniels (w/consent)

        Timothy A. Daniels
        A. Erin Dwyer
        Don Colleluori

**Figari & Davenport, LLP**
901 Main Stree
Suite 3400

17

Case 8:10-mc-02151-JVS-FMO Document 40 Filed 11/09/10 Page 20 of 20 Page ID
Case 2:07-md-01867-SFC-PJK Document 127 Filed 06/12/09 Page 20 of 5
#:17213

Dallas, TX 75202
(214) 939-2000
(214) 939-2090 (Facsimile)


Michael P. Cooney
**Dykema Gossett PLLC**
400 Renaissance Center
Detroit, MI 48243
(313) 568-6955

ATTORNEYS FOR GENERAL MOTORS
CORPORATION AND ONSTAR
CORPORATION


By: /s/ David H. Fink
     David H. Fink (P28235)
     E. Powell Miller (P39487)
     Darryl G. Bressack (P67820)

**The Miller Law Firm, P.C.**
Interim Lead Counsel for Plaintiffs
950 W. University Dr, Suite 300
Rochester, MI 48307
(248) 841-2200


By: /s/ Neal Walters (w/consent)
     Neal Walters

**Ballard Spahr Andrews and Ingersoll, LLP**
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ 08043-4636
(856) 761-3400

ATTORNEYS FOR DEFENDANTS SUBARU OF
AMERICA, INC.

18

By:/s/ John F. Birmingham(w/consent)
     John F. Birmingham (P47150)
     Scott T. Seabolt (P55890)


**Foley & Lardner LLP**
One Detroit Center
550 Woodward Avenue
Suite 2700
Detroit, MI  48226-3489
(313) 234-7100

**Of Counsel:**

Michael D. Leffel
**Foley & Lardner LLP**
150 E. Gilman Street
Suite 1497
Madison, WI  53701
(608) 258-4216

ATTORNEYS FOR DEFENDANT AMERICAN
HONDA MOTOR CO., INC.


By:/s/ Patrick G. Seyferth (w/consent)
     Patrick G. Seyferth

**Bush, Seyferth, & Paige, PLLC**
3001 W. Big Beaver Road
Suite 600
Troy, MI  48084
(248) 822-7800


By:/s/ Daniel V. Gsovski (w/consent)

     Daniel V. Gsovski


**Herzfield & Rubin, P.C.**
40 Wall Street

19

New York, NY 10005
(212) 471-8512

ATTORNEYS FOR DEFENDANT
VOLKSWAGEN GROUP OF AMERICA, INC.

20