UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:10ML02151 JVS(FMOx) | Date | November 5, 2010 |
| Title | In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation | | |

Present: The Honorable    James V. Selna

| Nancy Boehme | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Minute Order re November 9, 2010 Hearing

The Court has reviewed the parties' proposals for a Phase II Discovery Plan, and provides the following comments to facilitate discussion at the November 9, 2010 hearing.

1. General Scope of Phase II (Section I.B). The Court had anticipated that the parties would present a plan for the completion of all discovery, not simply an interim plan. However, the parties are in agreement that there should be a relatively brief Phase II, and the Court will defer. Phase III will be the final phase of discovery.

2. Length of Phase II (Section I.C). Given the holidays and the discovery requirements in connection with the choice of law hearing, the Court believes that the plaintiffs' 100-day estimate is not practical. The Court believes that the phase should last 120 days.

3. Phase III Plan (Section I.D). The plan should be submitted within thirty days after the completion of the Phase II Plan, and should cover all remaining discovery, including expert discovery.

3. General Provisions re Discovery (Section I.F). The proposal should be presented to the Court.

5. Databases (Sections II.A.2, II.B.1.) The Court has great difficulty understanding why the Phase I 30(b)(6) deposition process and/or informal technical exchanges have not provided plaintiffs sufficient knowledge to identify which databases

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:10ML02151 JVS(FMOx)                               Date   November 5, 2010

Title   In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation

should be searched and which terms should be used.  The parties should be prepared to discuss steps to accomplish this within the next fifteen days.  The Court agrees with Toyota that plaintiffs are not entitled to direct access to Toyota's databases.  The Court believes that the process of searching on agreed databases with agreed terms should commence within thirty days.  The Court believes that the filing of a joint proposed e-discovery order within thirty days is reasonable.  (Section II.B.2.)

      6.   Rule 30(b)(6) Depositions (Section II.C).  The Court does not believe that blanket repetition of the Phase I Rule 30(b)(6) depositions is warranted.  If there are holes in the information developed in Phase I, they should be identified and discovery focused accordingly.

      7.   Black Box Production (Section II.E).  Notwithstanding the confidential nature of Toyota's EDR readout tool, plaintiffs ought to have access to the tool/software, provided appropriate protections are in place concerning the persons who have access to the tool/software and what use may be made.  The Court does not believe that plaintiffs are required to merely accept whatever the tool/software extracts from the ETSC.  The Court leaves to the parties whether downloads on a given vehicle should be jointly undertaken.

      6.   Production of Core Documents (Section II.F).  The Court believes that the production of core documents should commence now in accordance with Rule 34 of the Federal Rules of Civil Procedure.  Thirty days is sufficient to respond to a request for production substantially similar to what plaintiffs have outlined.

      7.   Third-Party Discovery (Section III).  The Court sees no basis to restrict third-party discovery as proposed by the Toyota defendants.

      8.   Case Specific Discovery (Section IV.A.).  The Court believes that some form of bellwether approach is appropriate for the personal injury/wrongful death cases.  It appears that Toyota has not had a full opportunity to explore this with the plaintiffs.  (Joint Proposed Phase II Discovery Plan, pp. 27-28.)  Such an approach would need to take into account the need to preserve evidence in certain cases because of the age or health of witnesses, or for other reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:10ML02151 JVS(FMOx)   Date   November 5, 2010

Title   In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation

     9. <u>Toyota Fact Sheets (IV.B).</u>  In general, the Court agrees that for each vehicle involved, Toyota should be required to submit a fact sheet.  This is a means to streamline and accelerate obviously relevant discovery.[1]  However, the bellwether process has a bearing on whether Toyota ought to prepare fact sheets for all vehicles at this time.

     10. <u>Written Discovery (Section IV.D).</u>  The Court believes that contention discovery should be deferred until Phase III.

     11. <u>Medical Exams (Section IV.E.)</u>  Good cause unquestionably exists for the conduct of medical examinations of the personal injury plaintiffs.  Absent circumstances which compel an immediate examination, the timing of examinations ought to informed by the bellwether process.

     12. <u>Technical Tutorial (Section V.)</u>  The Court believes that a technical tutorial ought to be deferred until production of core documents has been made.  That said, the Court believes the parties should plan for a tutorial early in the second quarter of 2011.  The Court would anticipate extending invitations to any judge with a consolidated or coordinated state proceeding and potentially to any interested judge with a single case.[2]

     13. <u>Other Defendants in Underlying Action (Section VI.)</u>  This topic is due further discussion.  There is a certain unfairness in holding other defendants in the underlying actions yet freezing their ability to defend actively, even potentially securing a favorable disposition.

     14. <u>Further Hearing.</u>  It is clear that the parties have had substantial discussions, and the Court thanks the parties for their efforts.  However, even after the hearing, the Court anticipates that further discussions among the parties will be warranted.  The Court is likely to set a further hearing in early December.  The Court will adopt a Phase II Discovery Plan before mid-December.

---

[1] For reasons unclear to the Court, a program for Toyota fact sheets was not included in the Phase I Plan.

[2] One potential alternative is to video tape the tutorial and then make the tape available for interested judges.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:10ML02151 JVS(FMOx)                                    Date  November 5, 2010

Title  In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation

                                                                              :    00

                                              Initials of Preparer    nkb