## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 10-2151 JVS (FMOx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | | |

| Present: The Honorable | JAMES V. SELNA | |
|---|---|---|
| Nancy Boehme | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)  Order re Choice of Law Issues

The Court has reviewed the parties' briefs and proposed orders with regard to the choice of law issue and discovery necessary for a fair resolution of the issue.  The Court finds that the plaintiffs' proposal best achieves a fair and early resolution of the issue.

A hearing in April 2011 is a reasonable target, and the proposed briefing schedule allows both the parties and the Court the opportunity to give full attention to this important issue.

The Toyota defendants have failed to provide a concrete time table for resolving the choice of law issue.  Their reasons for deferral are not convincing.

First, the Court does not agree that resolution of the viability of every non-California claim is a predicate to determining the choice of law.  As plaintiffs correctly point out (Docket No. 435, p. 8.), whether other state claims were asserted or not would not affect the analysis of the appropriateness of California law vis-à-vis the law of other states.  If there is a due process violation in selecting California law, it is no more and no less a violation depending on the presence of non-California claims in the case.[1]  The fact

_____

[1] In Bio Engineered Supplements & Nutrition, 2008 WL 4906433 (C.D. Cal. Nov. 13, 2010), only California law was asserted.  Yet the Court had to consider the law of other states potentially applicable.  (Id. at *2-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 10-2151 JVS (FMOx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | | |

that the choice of law ruling in Ir re Onstar Contract Litigation, 2010 WL 3516691 at *1-2 (E.D. Mich. Aug. 25, 2010), came after motions practice, is more descriptive of the circumstances there and is not normative.  Moreover, with regard to the California claims, which are substantially identical in both the Master Consolidated Complaint and the Amended Master Consolidated Complaint, the Court will resolve the pending motions to dismiss well before the end of the year.

Second, the Court does not need to wait for a final determination of parties.  Plaintiffs have chosen to name only Toyota Motor Corporaton and Toyota Motor Sales, U.S.A., Inc., and represent that the addition of other defendants is unlikely.  (Docket No. 435, p. 9.)  As each day passes, plaintiffs' burden in convincing the Court that other defendants should be added steepens.[2]  If the Toyota defendants believe that other Toyota parties or third parties are indispensable parties or should be joined on some other basis, they should tender that issue promptly by way of motion.  Such a motion could be resolved in time for any results to be folded into the program for resolving the choice of law issue.[3]

With regard to discovery, both sides should be allowed discovery commensurate with the inquiry; namely, the choice of law.  The parties appear to be in general agreement with regard to the discovery which may be sought of Toyota.  They

---

[2]In Foman v. Davis, 371 U.S. 178, 182 (1962) the Supreme Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be freely given.

(Emphasis supplied; internal quotation marks deleted.)

[3]To the extent of that the non-named defendants have ties to other states which would be relevant in a choice of law analysis, see Vulcan Golf, LLC v. Google Inc., 254 F.R.D. 521, 532 (N.D. Ill. 2008), the Court will deal with that possibility if and when it arises.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 10-2151 JVS (FMOx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | | |

differ on the scope of discovery from the plaintiffs.  The Court believes that much if not all of the discovery required of plaintiffs could be satisfied through the individual data sheets, stipulated facts, interrogatories, and requests for production.  However, the Court would allow a limited number of depositions of individual plaintiffs.  The Court sees no need at this time for a full canvas of every plaintiff.

The parties are directed to meet and confer for the purpose of refining the scope of discovery and the timetable leading to an April 2011 hearing on the choice of law issue.  Not later than December 3, 2010, the parties shall submit a single joint proposed order with alternative provisions where there is disagreement.  As discussed at the November 9, 2010 hearing, plaintiffs shall be the moving party on the choice of law issue.  Any party may accompany the proposed order with a brief of not more than seven pages.[4]

|  | : | 00 |
|---|---|---|
| Initials of Preparer | nkb | |

[4]The parties' factual showings on the choice of law issue should be based on admissible evidence.  The Court declines to rule in the abstract whether certain material is admissible.  (See [Proposed] Order Approving Toyota's Proposal Regarding Conflict of Law Discovery and Briefing, ¶ 5.)  Some publically available material may meet the test; some may be irretrievably flawed with hearsay or other evidentiary defects.