UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>ALL CASES | CASE NO: 8:10ML2151 JVS (FMOx)<br><br><u>ORDER NO. 10: EFFECT OF AMENDED MASTER CONSOLIDATED COMPLAINT</u> |

   The Court and the parties have given considerable attention to the effect that should be given to the Economic Loss Class Action Master Consolidated Complaints,[1] and the matter has been addressed at length at hearings in September and November, 2010.  This Order deals with the effect of the Amended Master Consolidated Complaint ("AMCC").  (Docket No. 429.)

   At the November 9, 2010 hearing, there was agreement that the AMCC ought to supersede and stand as an amendment to all underlying separate

---

[1] Docket Nos. 306, 310, 319, 320, 473, 474.

1

economic loss actions. (See Docket No. 473, pp. 2-3; Docket No. 474, p. 2.) The dispute is over the next step: Should the Court dismiss all theories not asserted and all parties not named in the AMCC with prejudice, as the Toyota defendants urge, or should the Court take the same action without prejudice, as the plaintiffs urge? The Court has concluded that the latter course is the correct one on the facts of these cases.[2]

The Court has previously acknowledged that there is case law to support an order dismissing with prejudice all unnamed parties and all unasserted claims. (Docket No. 367, Order No. 8, p. 1 & n.1.) But the Court finds that the complexity of the present dispute does not mesh well with this approach. Here, there is no single overriding theory such that a preclusion order would only modestly affect the individual economic loss actions, and then only at the margins.[3] At the same time, the Court acknowledges the need for simplification that defines the focus of the case.

While the Court's view may be somewhat counter-intuitive, the Court finds that the best way to address the issue is through the tools which already exist under the Federal Rules of Civil Procedure: namely, the provisions for amendment

---

[2] The Ninth Circuit's recent decision in The New York City Employees Retirement System v. Jobs, 593 F.3d 1018. 1024-25 (9th Cir. 2010), makes clear that plaintiffs have not waived claims not brought forward in the AMCC.

[3] See, e.g., In re Fed. Nat'l Mortg. Ass'n Sec., Derivative, & "ERISA" Litig., ___ F. Supp. 2d ___, MDL No. 1668, Civil No. 07-1173(RJL), 2010 WL 2940860 at * 8(D.D.C. July 27, 2010) (consolidating shareholder derivative action into one action, notwithstanding two alternative theories of liability, because the distinction between "demand made" and "demand futile" classes "'is insufficient to necessitate separate actions at this point in the litigation.'").

under Rule 15(a) and the provisions under Rule 16 which control consideration of a motion to amend after the last date for amendments under the Rule 16(b) scheduling conference order.

Notwithstanding the liberality with which leave to amend should be granted, Rule 15 is not a plaintiff's *carte blanche* without expiration date. There are meaningful teeth in the rule if a plaintiff has delayed unduly or amendment would prejudice another party. (Docket No. 482, p. 2 & n.2; C.F. v Capistrano Unified School Dist., 656 F. Supp. 2d 1190, 1192 (C.D. Cal. 2009).) Moreover, the Ninth Circuit case law imposes a formidable challenge for plaintiffs who seek to amend after the scheduling order's deadline for amendment has passed: A scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992).

In the typical civil case, discovery will not infrequently lead to the addition of a party or the addition of a new theory. The plaintiffs ought to have the same benefit of discovery. Phase I has for the most part concluded, and the parties will shortly be submitting a plan for further discovery. A date for the last to amend should be set substantially before all discovery is concluded.

Any motion to amend tendered in the future would obviously turn on particularized facts. But at least the following would be relevant: Has a "new" theory been previously asserted in the existing economic loss actions, or does it spring from newly-discovered facts; has a "new" defendant in fact been previously named in an existing class action; and most importantly, whether under Rule 15(a) or 16(b), what is the basis for the delay? Moreover, the fact that the AMCC, filed after careful deliberation by counsel for the economic loss plaintiffs, substantially

3

expanded the operative consolidated pleading would be a factor.

In view of the above, the Court orders:

1. The AMCC amends and supersedes all economic loss actions in this docket.

2. All parties not named and all theories not asserted in the AMCC are dismissed without prejudice from the economic loss actions.

3. As part of their joint submission with regard to the next stage of discovery, the parties shall submit a proposed joint order setting a date for the last day to amend under Rule 15 of the Federal Rules of Civil Procedure, or separate proposals if they cannot agree.  The parties' proposal(s) and any supporting brief of not more than five pages shall be submitted not later than December 3, 2010.  The Court will set a cut-off date at the December 9, 2010 hearing, either as part of an overall case management order or as a separate order.

IT IS SO ORDERED.

Dated:  November 17, 2010

_____
James V. Selna
United States District Judge