CARI K. DAWSON (GA SBN 213490)
Email: cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7766
Facsimile: (404) 253-8567

LISA GILFORD (CA SBN 171641)
Email: lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

*Lead Defense Counsel for Economic Loss Cases*

VINCENT GALVIN, JR. (CA SBN 104448)
Email: vgalvinjr@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845

JOEL SMITH (SC SBN 5266)
Email: joel.smith@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1441 Main Street, Suite 1000
Columbia, SC 29201
Telephone: (803) 726-0020
Facsimile: (803) 726-0021

*Lead Defense Counsel for Personal Injury/Wrongful Death Cases*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORIA

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This documents relates to:<br><br>ALL CASES | Case No.: 8:10ML2151 JVS (FMOx)<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF JOINT PROPOSED ORDER ON PHASE II DISCOVERY**<br><br>[FILED CONCURRENTLY WITH JOINT PROPOSED ORDER ON PHASE II DISCOVERY] |

1

DEFENDANTS' BRIEF IN SUP. OF JOINT PROP. ODR. ON PHASE II DISC.

LEGAL02/32333705v1

With the Court's guidance during the December 9, 2010 hearing, the parties have reached substantial agreement in the Proposed Order on Phase II Discovery [Docket 553] ("Proposed Order") being submitted today.  There are, however, a few key areas of disagreement.

## I. DEFENDANTS SHOULD BE PERMITTED TO CONDUCT CASE-SPECIFIC DISCOVERY IN THE PERSONAL INJURY/WRONGFUL DEATH CASES DURING PHASE II.

During the hearing, the Court clearly indicated that Toyota should be permitted to commence written discovery and depositions during Phase II.  *See, e.g.,* 12/9/10 Hrg. Tr. at 98:8-9 ("[B]oth sides ought to be free to go forward with discovery at this point.").  With respect to case-specific discovery in the personal injury cases, the Court concluded that "Preservation of evidence is probably too narrow a limitation on discovery in the non-bellwether cases, but I think it ought to be somewhat limited. It's just a matter of practicality." *Id.* at 100:7-10; *see also id.* at 10:14-20 (Galvin: "[T]here has been resistance to any kind of written discovery [directed toward the personal injury plaintiffs] going forward . . ." Court: "Well, that's going to stop.").

Taking these comments into account, Toyota proposes that the defendants be permitted to serve up to twenty case-specific interrogatories and requests for production in each personal injury case and that the parties be allowed to depose up to five witnesses (three selected by Toyota and two selected by plaintiffs) in each personal injury case.  Mindful of the need to prioritize and limit discovery, Toyota further proposes that plaintiffs identify five bellwether cases by March 4, 2011 and that, once the bellwether cases have been identified, the parties prioritize case-specific discovery in the bellwether cases.  This proposal is consistent with the Court's instructions and ensures that the personal injury cases are allowed to move forward concurrently with the class actions.

Plaintiffs, in contrast, essentially ask the Court to delay <u>all</u> case-specific discovery in the personal injury cases until Phase III.  Specifically, they propose that

2

DEFENDANTS' BRIEF IN SUP. OF JOINT PROP. ODR. ON PHASE II DISC.

LEGAL02/32333705v1

in the personal injury/wrongful death cases, unless a party believes witness testimony may be lost due to the failing health of the witness, case-specific discovery should be limited to the five bellwether cases to be selected by the plaintiffs. *See* Proposed Order § 12. However, plaintiffs propose that identification of these bellwether cases be post-posed until the very end of Phase II. *Id.* at § 11. Plaintiffs' proposal stands in direct contradiction to the Court's instructions during the December 9, 2010 hearing, and should be rejected.

## II.   DEFENDANTS SHOULD BE PERMITTED TO CONDUCT DEPOSITIONS OF PLAINTIFFS UPON THE PRODUCTION OF TMS's PLAINTIFF-SPECIFIC DOCUMENTS.

Section 5(d) of the Proposed Order addresses the production of plaintiff-specific documents requested by plaintiffs. Toyota has agreed to produce, prior to each plaintiff deposition, the plaintiff-specific documents in the possession of Toyota Motor Sales, U.S.A., Inc. ("TMS"). Plaintiffs, however, contend that no deposition should be permitted until Toyota has produced <u>all</u> documents responsive to Plaintiffs' Fifth Set of Requests for Production, which contain overly broad and overarching requests that go well beyond what would be needed prior to conducting the deposition of a named-plaintiff and well beyond what plaintiffs are entitled to under the federal rules.[1] In short, plaintiffs are attempting to forestall the taking of depositions by crafting burdensome requests. The Court should not sanction these tactics.

As an initial matter, production of many of the documents sought by plaintiffs is simply not necessary in order to move forward with plaintiff depositions. During the depositions, Toyota will seek the personal knowledge of each witness. *See Damaj v. Farmers Ins. Co.*, 164 F.R.D. 559, 560 (N.D. Okla. 1995) ("[T]he purpose of a

---

[1]   For example, many requests seek documents that are not in the possession, custody, or control of Toyota. Moreover, even requests for documents that are in Toyota's possession are extraordinarily broad, for example, requests seeking every documents related to print advertisements, television campaigns, public relations statements or other media that concern plaintiffs' vehicle models.

3

LEGAL02/32333705v1

deposition is to find out what the witness saw, heard and knows, or what the witness thinks, through a question and answer conversation between the deposing lawyer and the witness."); *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Penn. 1993) ("The underlying purpose of a deposition is to find out what a witness saw, heard or did – what the witness thinks."). Accordingly, these witnesses should be able to testify as to their personal knowledge without the benefit of documents in Toyota's possession. *See, e.g., Pilates, Inc. v. Georgetown Bodyworks Deep Muscle Massage Centers, Inc.*, 201 F.R.D. 261, 262 (D.D.C. 2000) ("[A] deponent [being deposed in their personal capacity] may not evade responding to deposition questions by indicating a need to check their files.").

Second, there is no support in the federal rules for making these depositions contingent upon Toyota's production of documents. Indeed, the only limitation the federal rules impose on the timing of depositions is that parties must obtain leave of Court to depose a witness prior to the 26(f) conference. Fed. R. Civ. P. 30(a)(2). Clearly, the rationale underlying this restriction is not present in the instant case. *See Gibson v. Bagas Restaurants, Inc.*, 87 F.R.D. 60, 61 (W.D. Mo. 1980) (explaining that the "primary purpose of this requirement" is to protect defendants who may not yet have had an opportunity to retain counsel and inform themselves about the nature of the suit). Additionally, there is no provision under the federal rules that allows the party being deposed to demand production of documents from the deposing party prior to a deposition. In fact, the rules provide exactly the opposite, allowing the deposing party to insist upon the production of documents at a deposition. *See* Fed. R. Civ. P. 30(b)(2); *see also* Wright & Miller, 6 *Federal Practice & Procedure* § 2114. That the Rules do not include a similar right for the party being deposed recognizes the fact that it is the deposing party that might be disadvantaged by unfair surprise if the deponent were allowed to hide documents that formed the basis of the deponent's knowledge.

DEFENDANTS' BRIEF IN SUP. OF JOINT PROP. ODR. ON PHASE II DISC.

LEGAL02/32333705v1

1    Notwithstanding the fact that plaintiffs are not entitled to the production of

2    documents prior to their depositions, Toyota has nonetheless agreed to produce

3    documents in the possession of TMS that relate specifically to each plaintiff, such as

4    the vehicle service history and warranty information.  Toyota submits that its plan is

5    reasonable, fair, and consistent with the federal rules, and asks that the Court reject

6    plaintiffs' overreaching proposal.

7    **III.   THE PARTIES SHOULD UTILIZE THE SERVICES OF THE SPECIAL**

8    **MASTERS TO RESOLVE ROUTINE DISCOVERY DISPUTES.**

9    During the December 9, 2010 hearing, the Court indicated that there are certain

10   discovery issues that it believed should be brought before the Court rather than before

11   the Special Masters.  In particular, the Court asked the parties to submit to the Court

12   proposed orders governing protection of PII, protection of source code, format of

13   production of ESI, and discovery procedures.  *See* 12/9/10 Hrg. Tr. at 96:7-13.[2]

14   Accordingly, Sections 1 through 4 of the parties' Proposed Order require the parties to

15   submit to the Court proposed plans and briefing on each of these issues by January 10,

16   2011, to be taken up by the Court at the hearing set for January 14, 2011.

17   With respect to "typical discovery dispute[s]," the Court encouraged the parties

18   to make use of the services of the special masters. *See id.* at 57:11; *see also id.* at

19   40:10-11 ("That's why we have special masters."); *id.* at 46:14-15 ("Have you

20   attempted to take any of these shortcomings to the special masters?").  For this reason,

21   and consistent with Order No. 6 Appointing Special Masters [Dkt. 278], Toyota

22   proposes that discovery disputes concerning (1) the search terms to be used for

23   custodial searches, (2) the proper scope of database searches, and (3) the form of

24   defendant fact sheets, be taken up with the Special Masters in the first instance. *See*

25   Proposed Order at §§ 5(a), 5(c), & 9.

26   _____

27   [2]   The Court also instructed the parties that motions seeking additional choice of law depositions should be submitted directly to the Court since such requests would

28   not be considered "a typical discovery dispute." *Id.* at 57:8-15.  The parties Proposed Choice of Law Plan complies with the Court's instruction.

5

DEFENDANTS' BRIEF IN SUP. OF JOINT PROP. ODR. ON PHASE II DISC.

LEGAL02/32333705v1

## IV.   THE PARTIES SHOULD SELECT BELLWETHER CASES AND SUBMIT A PROPOSED SCHEDULING ORDER TO GOVERN THE REMAINDER OF THIS CASE BEFORE THE COMPLETION OF PHASE II.

During the December 9, 2010 hearing, the Court indicated that it was willing to postpone the setting of specific dates for an overall case management plan and the selection of bellwether cases for 90 to 120 days in order allow the parties to engage in additional discovery. *See* 12/9/10 Hrg. Tr. at 96:14-21.  With this timeline in mind, Toyota proposes that no later than March 4, 2010, the parties should meet and confer to discuss a schedule for key dates and milestone and plaintiffs' identification of five potential bellwether cases, and on or before March 18, 2011, the parties should submit a proposed scheduling order to govern the remainder of the litigation.  This timing will ensure that a comprehensive scheduling order can be entered by the Court no more than 120 days from today.

Plaintiffs, however, ask that the parties put off having an initial conference to discuss dates for a scheduling order until May 1, 2011, 135 days after last week's hearing.  The proposed scheduling order would not be submitted to the Court until some unspecified time after this initial conference.  Waiting an additional five months to set a firm schedule in this case is inconsistent with Ninth Circuit precedent, the Federal Rules, and the Manual for Complex Litigation.  *See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial.") (emphasis added); Fed. R. Civ. Pro. 16(b) ("The judge must issue the scheduling order as soon as practicable."); *Manual for Complex Litigation* § 10.13 (4th ed. 2004) ("[E]ach plan must include an appropriate schedule for bringing the case to resolution.").  Moreover, it is inconsistent with the express wishes of this Court. *See* 12/9/10 Hrg. Tr. at 96:14-21. As this Court explained, "in no case

DEFENDANTS' BRIEF IN SUP. OF JOINT PROP. ODR. ON PHASE II DISC.

LEGAL02/32333705v1

1  no matter how simple it is do the parties really know at the time a schedule is laid in

2  the precise timing for each event.  They make a reasonable judgment.  A schedule is

3  adopted." *Id.* at 65:10-13.   Toyota submits that an additional 90 to 120 days of

4  discovery, on top of the documents and deposition testimony already provided to

5  plaintiffs during Phase I, is ample time to make a reasonable judgment and adopt a

6  scheduling order.

7  **V.   CONCLUSION.**

8         For all of the reasons discussed above, Defendants request that, where the

9  parties have submitted alternative provisions in their Joint Proposed Order on Phase II

10  Discovery, the Court adopt Defendants' proposed provisions.

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

DEFENDANTS' BRIEF IN SUP. OF JOINT PROP. ODR. ON PHASE II DISC.

LEGAL02/32333705v1

Dated:  December 17, 2010          Respectfully submitted,


By: _____ */s/ Lisa Gilford*_____

CARI K. DAWSON (GA SBN 213490)
Email:  cari.dawson@alston.com
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 881-7766
Facsimile:   (404) 253-8567

LISA GILFORD (CA SBN 171641)
Email:  lisa.gilford@alston.com
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100

***Co-Lead Defense Counsel for Economic Loss Cases***


VINCENT GALVIN, JR. (CA SBN 104448)
E-mail:  vincent.galvinjr@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:  (408) 279-5393
Facsimile:   (408) 279-5845

JOEL SMITH (SC SBN 5266)
E-mail:  joel.smith@bowmanandbrooke.com
**BOWMAN AND BROOKE**
1441 Main Street, Suite 1000
Columbia, SC 29201
Telephone:  (803) 726-0020
Facsimile:   (803) 726-0021

***Lead Defense Counsel for Personal Injury/Wrongful Death Cases***

DEFENDANTS' BRIEF IN SUP. OF JOINT PROP. ODR. ON PHASE II DISC.

LEGAL02/32333705v1