Vincent Galvin (CA SBN 104448)
vincent.galvin@bowmanandbrooke.com
Anne O. Hanna (CA SBN 120947)
anne.hanna@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA  95110
Telephone No.: (408) 279-5393
Fax No.:  (408) 279-5845

Joel H. Smith (SC SBN 5266)
joel.smith@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1441 Main Street, Suite 1000
Columbia, SC  29201
Telephone No.:  (803) 726-0020
Fax No.:  (803) 726-0021

Lead Defense Counsel for Personal Injury/Wrongful Death Cases

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION - SANTA ANA)

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>ALL CASES<br>(JCCP 4621 AND San Diego County Superior Court; Case No. 37-2010-00086718-CU-PL-CTL) | Case No.  8:10ML02151 JVS (FMOx)<br><br>APPLICATION OF TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. AND TOYOTA MOTOR CORPORATION FOR INJUNCTIVE RELIEF AGAINST EL CAJON LUXURY CARS, INC. DBA BOB BAKER LEXUS AND THEIR COUNSEL; DECLARATION OF ANNE O. HANNA; [PROPOSED] ORDER |

On July 16, 2010 this Court entered the Stipulated Protective Order and on August 12, 2010 this Court entered the Stipulated Interim Protective Order re Personally Identifiable Information in <u>In Re:  Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation</u>.  Thereafter, Larry Willis, counsel for El Cajon Luxury Cars, Inc., dba Bob Baker Lexus ("Bob Baker"), signed the Stipulated Protective Order Exhibit A agreeing to the terms thereof.  See Declaration of Anne Hanna, Exhibit A.

On December 16, 2010 Larry Willis and others in his firm of Willis/DePasquale, LLP, counsel of record for defendant El Cajon Luxury Cars, Inc., dba Bob Baker Lexus ("Bob Baker") in In Re Toyota Motor Cases, Case No. JCCP 4621, and John Saylor, et al. v. Toyota Motor Corporation, et al., San Diego County Superior Court Case No. 37-2010-00086718-CU-PL-CTL, filed, lodged and/or served in state court certain documents produced pursuant to the MDL Stipulated Protective Order and certain documents protected by the MDL Stipulated Interim Protective Order re Personally Identifiable Information.  See Hanna Decl. Ex. B.  On December 17, 2010 counsel for the Toyota Defendants immediately notified counsel for Bob Baker Lexus that they had violated the terms of the Orders entered by this United States District Judge James V. Selna and requested that they immediately take all actions necessary to correct these violations.  See Hanna Decl. Ex. C.  Counsel for Bob Baker refused, stating the matter should be resolved by Judge Mohr in the California JCCP proceeding and in the individual state court Saylor case.  See Hanna Decl. Ex. D.

As this Court is aware, Bob Baker's position is not correct.  Pursuant to paragraph 33 of the Stipulated Protective Order all parties and persons who sign the Protective Order agree to be bound by its terms and subject to this Court's jurisdiction.  The ruling on this matter is within the sole discretion of this Court.

Pursuant to paragraph 19 of the Stipulated Protective Order to which Bob Baker agreed to be bound, Bob Baker is required to obtain written permission from the producing party or an order from this Court before filing any confidential matter in the public record.  Bob Baker did neither.  Additionally, Bob Baker must comply with Local Rule 79-5.5 with respect to the treatment of personal identifier information, which it also did not do.  Bob Baker cannot ignore the terms of the Stipulated Protective Order, lodge, file and serve such protected documents in a state court action and then assert unilaterally that such documents will be filed in the public

record within 10 days unless defendants file an application or motion to seal in that state court and then that state court also grants the motion pursuant to California Rule of Court 2.551.

The Stipulated Protective Order and the Stipulated Interim Protective Order re Personally Identifiable Information were negotiated by lead counsel in the MDL proceeding. Counsel in the state court cases can have access to the discovery produced pursuant thereto if they agree to the Order's terms. They cannot agree to the Order to obtain its benefits and then blatantly ignore its restrictions and procedural requirements. Not only did Bob Baker and its counsel do that here, but they have refused to correct their violations when notified of same.

Bob Baker should not have been provided any personally identifiable information included in the produced documents as they were not included as recipients under the Stipulated Interim Protective Order re Personally Identifiable Information.[1] Their statement that they have this information and served unredacted copies on counsel not included in the Stipulated Interim Protective Order re Personally Identifiable Information and not signatories to the Stipulated Protective Order flies in the face of this Court's Orders and authority. This is precisely the type of actions that the Toyota Defendants and all lead counsel must be vigilant against when permitting state court counsel to become involved in the discovery process. Defendants are confident that this Court will ensure that this unauthorized and violative activity is immediately stopped and corrected by Bob Baker.

After office hours on Friday December 17, 2010, counsel for Bob Baker sent a letter to plaintiffs' counsel in the individual Saylor matter requesting that they not open the unredacted copies served on them and return them (see Hanna Decl. Ex. E), and sent a letter to this Court

---

[1] Bob Baker should not even have possession of documents with personally identifiable information. The Stipulated Interim Protective Order re Personally Identifiable Information was negotiated by all lead counsel and the information was to be provided only to a very few individuals. Apparently and unfortunately, one or more of those individuals have now released that information to unauthorized persons, including to Bob Baker.

stating that the Toyota Defendants' "interpretation of this Court's orders [is] specious and motivated by improper purpose," and Bob Baker "raised" this issue to Judge Mohr and "will attempt to discuss the same with [Judge Mohr]" at the hearing on another matter.  See Hanna Decl. Ex. F.  By these statements, it is clear that Bob Baker and its counsel do not intend to adhere to the Stipulated Protective Order, and have taken the remarkable position that they can flagrantly violate this Court's Orders, despite the fact that they agreed to abide by the terms of the Stipulated Protective Order and agreed that this Court has jurisdiction over them for the purpose of enforcing the Protective Order.

For all the foregoing reasons, the Toyota Defendants request that this Court permanently enjoin Bob Baker and its counsel from violating this Court's Orders and order them immediately to take all steps necessary to correct their violations and to ensure that all such documents are retrieved and that they will not violate these Orders in the future, and for all such other relief as this Court finds appropriate.

Dated:  December 20, 2010

Respectfully submitted,

By:  /s/ Vincent Galvin

VINCENT GALVIN (Cal. SBN 104448)
E-mail: vincent.galvin@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA   95110
Telephone:  (408) 279-5393
Facsimile:  (408) 279-5845

JOEL SMITH (SC SBN 5266)
E-mail: joel.smith@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1441 Main Street, Suite 1000
Columbia, SC 29201
Telephone:  (803) 726-0020
Facsimile:  (803) 726-0021

Lead Defense Counsel for Personal Injury/Wrongful Death Cases