UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>ALL CASES | CASE NO: 8:10ML02151 JVS(FMOx)<br><br>ORDER NO. 11: SCHEDULING |

This Order memorializes the actions which the Court took at the January 14, 2011 Status Conference.

I. Overview.

The Court announced its intent to hold the first trial in this proceeding in the first quarter of 2013 and the second trial in the second quarter of 2013.[1] The

---

[1] The Court relies on the parties' stated desires at the December 9, 2011 status conference to have this Court try the initial cases, and the Court assumes that any issue concerning trial of a case not filed in the Central District of California would be resolved by agreement.

1

Court leaves for further discussion whether one of those trials will be a trial of economic-loss class claims. Consistent with this schedule, the Court orders the parties:

- To submit a list of three to five bellwether cases from which the initial trials will be drawn no later than April 21, 2011. Within 30 days, the parties shall submit a proposal for selecting the bellwether cases. The selection of the bellwether cases assumes that the Toyota defendants timely produce fact sheets for the individual plaintiffs, and counsel for the Toyota defendants assured the Court that this would be done.

- To submit a Phase III Discovery Plan no later than April 21, 2011. The Plan will cover all remaining pretrial matters leading to the 2013 trials. Each side may submit a supporting memorandum of no more than ten pages. Phase III will commence May 1, 2011.

The Court will hold a status conference on April 29, 2011, 3:00 p.m. to discuss the Phase III Plan and related matters leading to the 2013 trials.

II. <u>Specific Pretrial Issues.</u>

      To assist the parties in finalizing outstanding proposed orders concerning the Phase II Discovery Plan and other matters, the Court addressed a number of discrete issues during the hearing.

      A. <u>Phase II Discovery.</u>

Individual case discovery in Phases II and III shall be limited to the bellwether cases with two exceptions. The Toyota defendants may conduct an independent medical examination ("IME") (Fed. R. Civ. P. 35) of any personal injury claimant.[2] The Toyota defendants may conduct discovery in individual cases where there is a particularized urgency to take the discovery now. To the extent the parties are unable to agree on such discovery, disputes shall be submitted to the Special Masters.

The Toyota defendants shall not be required to cause production by third parties, such as Toyota dealers and Toyota vendors.

Before an individual plaintiff is deposed, the Toyota defendants shall make document production relevant to that plaintiff's case. The parties shall meet and confer concerning specific procedures. Such procedures should include a "safety valve" for use of a small number of documents belatedly but in good faith identified. The Court also invites the parties to discuss advance production for all depositions.

Domestic depositions shall be noticed thirty days in advance, and foreign depositions shall be noticed forty-five days in advance.

The depositions of English speakers shall be limited to 7 1/2 hours with one hour allocated to counsel in the state cases, and depositions of non-English speakers shall be limited to 12 hours with 1 1/2 hours allocated to counsel in state cases. Each non-English speaking deponent shall reserve an additional

---

[2]Assuming agreement on the particulars of an IME, no further application to the Court is required to proceed.

3

succeeding day beyond the estimated length of the deposition.  The parties shall meet and confer, preferably in advance, where one party believes that additional time should be allowed.  Any dispute concerning the length of a deposition shall be submitted to the Special Masters.

As part of document production, the Toyota defendants shall produce any English translations of Japanese documents made in the normal course of business.  The Toyota defendants are not required to produce documents translated at the request of counsel.  The parties shall meet and confer concerning procedures for using documents translated at the request of counsel in depositions and at trial.

The Toyota defendants shall respond to the plaintiffs' Requests for Production Nos. 3, 4, and 5 as part of the Phase III Plan.  Timing for these productions shall be addressed in the Phase III Plan.

Production of sales and marketing material shall commence on a rolling basis in Phase II and shall be completed in Phase III.

Production of documents concerning the approximately 37,000 reported incidents shall commence on a rolling basis in Phase II and shall be completed in Phase III.[3]  As the Court has previously ordered with regard to the production of documents produced to various Congressional and Government entities, the production shall be subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

---

[3] At the hearing, the Toyota defendants indicated that the number of documents actually containing relevant information is less than 37,000.

4

B. <u>Data Base Search and ESI Issues.</u>

Production shall be made in native format; where documents have previously been produced in other formats, they shall be produced again in native format.

The Court believes that the Toyota defendants should disclose the fields for each data base or reach agreement with the plaintiffs concerning the fields to search. The Court has directed the parties to conduct further discussions and to involve the Special Masters and their electronic discovery consultants in those discussions.

The Court believes that for the most part, production should be made via searches. However, the Court also believes that full production of the files for specific individuals or key functions may also be appropriate. Any dispute as to what files should be produced in full shall be submitted to the Special Masters.

Disputes over what fields to produce shall be resolved by the Special Masters. Disputes over what search terms to use shall be resolved by the Special Masters. The Court understands that the parties have agreed to 260 terms. Searches and production pursuant to those terms should commence now.

      C. <u>Protective Order.</u>

      The Court will be issuing a protective order based on the parties' submissions.

      IT IS SO ORDERED.

Dated: January 18, 2011

                                                        _____
                                                        James V. Selna
                                                        United States District Judge