SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
    Including Professional Corporations
ANNA S. McLEAN, Cal. Bar No. 142233
amclean@sheppardmullin.com
PETER S. HECKER, Cal. Bar No. 66159
phecker@sheppardmullin.com
LAI L. YIP, Cal. Bar No. 258029
lyip@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:  415-434-9100
Facsimile:   415-434-3947

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
    Including Professional Corporations
ASHLEY E. MERLO, Cal. Bar No. 247997
amerlo@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:  714-513-5100
Facsimile:   714-513-5130

Attorneys for Defendant
Toyota Motor Credit Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, <br><br> This document relates to: <br><br> AMENDED FOREIGN ECONOMIC LOSS MASTER CONSOLIDATED COMPLAINT | Case No. 8:10ML2151 JVS (FMOx) <br><br> **TMCC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED FOREIGN ECONOMIC LOSS MASTER CONSOLIDATED COMPLAINT (F.R.C.P. 12(B)(6))** <br><br> *[Notice of Motion and Motion, Request for Judicial Notice and [Proposed] Order filed concurrently herewith]* <br><br> Date:        April 4, 2011 <br> Time:       1:30 p.m. <br> Judge:      Hon. James V. Selna <br> Courtroom: 10C |

## I. INTRODUCTION

The Amended Foreign Economic Loss Master Consolidated Complaint (the "Amended Foreign MCC") (Dkt. No. 449) alleges thirteen claims against five Toyota entities, including defendant Toyota Motor Credit Corporation ("TMCC"). As demonstrated below, the allegations, as they relate to TMCC, are insufficient to state a cause of action, and TMCC should therefore be dismissed from this lawsuit.[1]

Foreign plaintiffs seek to represent Toyota consumers in the following countries: Mexico, China, Germany, Turkey, Jamaica, Peru, South Africa, Egypt, Indonesia, Malaysia, Philippines, Guatemala, Russia and Australia. (Amended Foreign MCC, ¶¶ 36-79.) Plaintiffs assert several claims, all arising out of their purchase of an allegedly defective Toyota vehicle. (Amended Foreign MCC, ¶ 299.) The only relationship alleged by each of the named foreign plaintiffs with Toyota is the purchase of a Toyota vehicle in one of the aforementioned countries and foreign plaintiffs' exposure to Toyota advertising. *Id.*

Although TMCC is lumped into plaintiffs' broad definition of "Toyota," it merely offers vehicle financing, insurance and other financial products to motor vehicle buyers and dealers. (*See* Foreign Economic Loss Plaintiffs' RICO Statement ("RICO Statement") at 3:24-27 (Dkt. No. 615).) More fundamentally, ***it is undisputed that TMCC conducts business only in the United States and Puerto Rico.*** Request for Judicial Notice ("RJN"), Exhibit A at 4.[2]

Absent from the pleadings are allegations demonstrating any relationship whatsoever between any of the foreign plaintiffs, on the one hand, and TMCC, on the other. ***Indeed, not a single foreign plaintiff alleges he or she financed the vehicle through TMCC or that the alleged claims relate in any way to TMCC***

---

[1] TMCC also joins in and incorporates by reference the separate motion to dismiss filed by the other Toyota entities foreign plaintiffs have sued.

[2] In ruling on 12(b)(6) motions, a court may taken into consideration matters of which it may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

1 *financing.* This is no mistake; as noted above, TMCC does no business in any of
2 the countries included in the Amended Foreign MCC, and thus none of the plaintiffs
3 or absent putative class members *could have* financed their vehicles through TMCC.
4 Foreign plaintiffs therefore have not—and cannot—allege facts suggesting a
5 plausible basis for relief against TMCC, and the Amended Foreign MCC should be
6 dismissed as to TMCC. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

7 Rather than recognize this reality and properly exclude TMCC as a defendant,
8 the Amended Foreign MCC attempts to sweep in TMCC through its group
9 definition of "Defendants," such that nearly every allegation applies to each of the
10 defendants. This tactic fails. The law is clear that such group pleading does not
11 meet applicable pleading standards under *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50
12 (2009) and its progeny.

13 In summary, no contractual or other relationship between foreign plaintiffs
14 and TMCC is alleged (nor could it exist) that would subject TMCC to any duty to
15 foreign plaintiffs. For this reason, foreign plaintiffs' claims against TMCC fail and
16 must be dismissed.

17 **II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST TMCC**

18
19 **A.    The Amended Foreign MCC Fails To Allege Facts Demonstrating A Plausible Claim For Relief Against TMCC**

20 Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal
21 theory or the absence of sufficient facts alleged under a cognizable legal theory."
22 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "While a
23 complaint . . . does not need detailed factual allegations, a plaintiff's obligation to
24 provide the 'grounds' of his 'entitlement to relief' requires more than labels and
25 conclusions, and a formulaic recitation of the elements of cause of action will not
26 do." *Twombly*, 550 U.S. at 555.

27 A complaint must therefore state a plausible claim to survive a motion to
28 dismiss. *Twombly*, 550 U.S. 557 ("The need at the pleading stage for allegations

plausibly suggesting (not merely consistent with) [a cause of action] reflects the threshold requirement of Rule 8(a)(2) . . . ."). In other words, the facts, assumed as true, must demonstrate that plaintiffs' claims are not merely conceivable, but actually plausible. *Id.* The claim must make sense.

In *Twombly*, at issue was the sufficiency of plaintiffs' allegations for their claim under § 1 of the Sherman Act. The Court held: "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement . . . simply calls for enough fact [sic] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556. Because plaintiffs "rest[ed] their § 1 claim on descriptions of parallel conduct and not on any independent allegation of actual agreement among [defendants]," their claim failed. *Id.* at 564.

Foreign plaintiffs' claims against TMCC similarly come up short, as they have failed to allege (nor can they allege) any facts suggesting that their claims against TMCC are plausible. TMCC provides retail leasing, retail and wholesale financing, and other financial services to motor vehicle dealers and their customers for the purchase of new or used cars and trucks. (*See* RICO Statement at 3:24-27 (Dkt. No. 615); RJN, Ex. A at 6.) TMCC conducts business only in the United States and Puerto Rico. (RJN, Ex. A at 4.)

The allegations related to each of the representative foreign plaintiffs fail to demonstrate any nexus between TMCC and their product defect-based claims. The representative foreign plaintiffs allege purchase of a Toyota vehicle in a foreign country, exposure to Toyota advertisements allegedly touting the safety and reliability of Toyota vehicles, and the absence of any disclosure of the alleged risk

of unintended acceleration.³ (Amended Foreign MCC, ¶¶ 36-79.) For example, the Amended Foreign MCC alleges the following as to plaintiff Eliza Esquivel Lozano, citizen of Mexico:

> "Ms. Lozano owns a 2009 Toyota Corolla . . . which she purchased as a new vehicle from an authorized Toyota dealership located in . . . Mexico. Ms. Lozano experienced three SUA incidents which occurred in May, September and October 2010. . . . Ms. Lozano saw advertisements for Toyota vehicles on television, in magazines, on billboards, in brochures at the dealership, and on the Internet during the several years before she purchased her Toyota Corolla on July 25, 2008. Although she does not recall the specifics of the many Toyota advertisements she saw before she purchased her Corolla, she does recall that safety and reliability were a very frequent theme across the advertisements she saw. Those advertisements about safety and reliability influenced her decision to purchase her Corolla. Had those advertisements or any other materials disclosed that Toyota vehicles could accelerate suddenly and dangerously out of the driver's control, and lacked a fail-safe mechanism to overcome this, should would not have purchased her Corolla. She certainly would not have paid as much for it, but regardless of that, she wouldn't have purchased it."

(Amended Foreign MCC, ¶ 37). The allegations of the other 43 representative foreign plaintiffs are not materially different—none of them having anything to do with TMCC.

Most important, ***not a single foreign plaintiff alleges that he financed the purchase or lease of an allegedly defective Toyota vehicle through TMCC.*** *Id.* However, in their RICO statement foreign plaintiffs assert as the factual basis for their claims against TMCC that "TMCC helped finance the purchase of Toyota vehicles that it was aware were defective . . . ." (*See* RICO Statement at 4:1-2.) Yet no such allegation is included in the Amended Foreign MCC—undoubtedly because

---

³ As noted in Toyota Defendants' Motion to Dismiss Foreign Plaintiffs' Amended Complaint ("Toyota Defs.' Mot. to Dismiss"), footnote 3, the sole exception is the Jamaican putative class representative, who alleges he purchased his Toyota vehicle in Riversdale, Georgia. But even he does not allege any financial or other relationship with TMCC.

foreign plaintiffs cannot make the allegation consistent with Rule 11. And the RICO statement still fails to set forth any nexus with TMCC; foreign plaintiffs pointedly avoid representing that the "Toyota vehicles" about whose defects TMCC was purportedly aware were purchased or leased by any of the foreign named plaintiffs, or, indeed, by anyone in the putative class countries. Nor could they, as TMCC does no business in the countries represented by foreign plaintiffs and thus has provided no financing to foreign plaintiffs themselves, or any member of the putative class. (RJN, Ex. A at 4, 6.) Accordingly, TMCC could not, knowingly or otherwise, have engaged in the conduct alleged in the Amended Foreign MCC or the RICO statement.

While foreign plaintiffs might have financed their vehicles through foreign Toyota financial entities (**not** TMCC) doing business in some of the putative class countries, foreign plaintiffs have not pled any such allegations; nor would such entities be subject to this Court's jurisdiction. (*See* Toyota Defs.' Mot. to Dismiss, § V.) Instead, foreign plaintiffs name the U.S. entity—TMCC—without regard to the absence of any connection to their worldwide claims.

No contractual privity—or any nexus whatsoever—is alleged between foreign plaintiffs and TMCC. Thus, as in *Twombly*, plaintiffs have failed to plead allegations making any of the claims factually plausible *against TMCC*.

### B. Foreign Plaintiffs' Attempt To Sweep TMCC Into Their Claims Through Group Pleading Also Fails

The Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) establishes that group pleading without any specific facts alleging acts of wrongdoing by each defendant is insufficient to state a cause of action.

In *Iqbal*, the complaint set forth claims against various defendants related to mistreatment while confined in a prison facility. 129 S.Ct. at 1944. While allegations related to some of the defendants could, if proved, demonstrate unconstitutional misconduct, those allegations were irrelevant as to the particular

1 defendants seeking dismissal of the complaint. *Id.* at 1942-1943.  The only factual
2 allegations against the defendants seeking dismissal of the complaint did "not show,
3 or even intimate that [moving defendants] purposefully housed detainees in the
4 [prison] due to their race, religion, or national origin." *Id.* at 1952.

5      The Ninth Circuit has applied the *Iqbal* rule to dismiss defendants, like
6 TMCC here, against which no specific allegations of wrongdoing were made.  In
7 *Moss v. U.S. Secret Service*, 572 F.3d 962, 971 (9th Cir. 2009) a complaint against
8 two United States Secret Service Agents was dismissed due to plaintiffs' failure to
9 allege facts demonstrating that the agents, as opposed to the local police, violated
10 plaintiffs' constitutional rights. The court noted that the complaint failed to allege, or
11 even imply, that the agents had anything to do with how the local police reacted and
12 further explained: "[w]ithout any allegation tying the Agents to the actions of the
13 local police, we may not assume that either did anything beyond ordering Plaintiffs
14 moved to the east side of Fourth Street." *Id.*  The court concluded that plaintiffs
15 failed to plead facts setting forth a plausible claim against the Secret Service
16 defendants. *Id.  See also Harris v. Amgen, Inc.*, 573 F.3d 728, 736, n.6 (9th Cir.
17 2009) (affirming district court's dismissal of plaintiff's claim that individual
18 defendants breached their fiduciary duties; plaintiff's complaint made insufficient
19 factual allegations against the individual defendants).

20      Like the plaintiffs in *Iqbal*, *Moss* and *Harris*, foreign plaintiffs have failed to
21 allege *any* facts tying TMCC to any wrongful conduct, such that it could be subject
22 to liability for their product defect-based claims.

23      Apparently recognizing they cannot allege facts specific to TMCC due to the
24 absence of any relationship with TMCC (addressed above), foreign plaintiffs
25 attempt to sweep TMCC into their claims by alleging in conclusory fashion that:
26 "Defendants are and were responsible for the manufacture, design, distribution, sale
27 and lease of vehicles, having the same [sudden unintended acceleration] defect as
28 those Toyota vehicles sold worldwide." (Amended Foreign MCC, ¶ 28.)

-6-

But foreign plaintiffs have failed to assert any factual allegations tying TMCC's finance business to the alleged product defects at issue, or even to their decision to purchase a Toyota vehicle. Indeed, a word search of the Amended Foreign MCC demonstrates that, but for allegations in three paragraphs as to TMCC's California residency, the Amended Foreign MCC is devoid of any allegations whatsoever specific to TMCC. (Amended Foreign MCC, ¶¶ 1, 28, 85.) The Amended Foreign MCC therefore fails to allege facts supporting their claims of wrongdoing by TMCC as required by *Iqbal*.

Thus, under *Iqbal* and its progeny, the Amended Foreign MCC should be dismissed as to TMCC.[4]

### III. CONCLUSION

For the foregoing reasons, the Amended Foreign MCC should be dismissed as to TMCC, with prejudice.[5]

---

[4] *See also* Toyota Defs.' Mot. to Dismiss §§ I.C., II.B. (foreign plaintiffs' use of improper group pleading fails to state any claim sufficient to meet the standards of *Iqbal* and *Twombly*).

[5] Foreign plaintiffs have already amended their complaint once as of right. And despite being advised that TMCC does no business in any of the relevant countries, foreign plaintiffs persisted in including TMCC in their amended complaint. Given this knowledge and the futility of any further amendment, foreign plaintiffs should not be permitted leave to amend again. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (amendment viewed unfavorably when facts have been known); *Moore v. Kayport Package Expres, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989 (leave to amend need not be given if it would be futile); *Ascon Properties, Inc. v. Mobil Oil Co*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

Dated: January 25, 2011

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Anna S. McLean
      ANNA S. McLEAN

Attorneys for Defendant
TOYOTA MOTOR CREDIT CORPORATION

W02-WEST:3AAE1\403214061.4

MEMO IN SUPPORT OF TMCC'S MOTION TO DISMISS FOREIGN PLAINTIFFS' AMENDED COMPLAINT