UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:10ML2151 JVS (FMOx) | Date | February 24, 2011 |
| Title | IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers)  **Order re Selection of Bellwether Plaintiffs**

The selection of bellwether cases was discussed at the December 9, 2010 hearing. The discussion plainly resulted in an agreement to a very simple process. As the Court summarized, "[Plaintiffs] pick the five [cases]. You pick them, and they will just take anything you put on the table." (Tr. 12-9-10, p. 11.) Toyota's counsel nodded in concurrence with the Court's summary. (Id., pp. 10-11.)

The Court has reviewed the parties' submissions on procedures for selecting bellwether cases. (Docket Nos. 767, 768.) The Court is troubled that Toyota now presents a different approach, and makes no reference to the colloquy that occurred on December 9, 2010.

That said, and not said lightly, the purpose of selecting bellwether cases is to produce trial results which will give the parties the greatest insight into the overall disposition of these cases. Thus, the parties must have collective confidence in the selection of bellwethers cases.

The Court will take this subject up at the February 25, 2011 hearing on source code matters, but wishes to share these thoughts in advance.

1. Specific cases should be selected. Discovery should proceed on the basis of the vehicles in those cases, not on the basis of open-ended discovery of a model. The vehicle models in the cases identified, as suggested below, will provide the initial metes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **8:10ML2151 JVS (FMOx)** | Date | February 24, 2011 |
| Title | **IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | | |

and bounds for discovery.

      2.  The Camry figures in the greatest number of cases in this MDL, and resulted in the highest number of responses in the NHTSA Vehicle Owners Questionnaire collection. (Defendants' Brief, p. 4 & Ex. A.)  One of the bellwethers should be a Camry case.  Publicity issues can be dealt with, and that concern will affect any case tried.  The Court doubts that the public will parse the NHTSA/NASA work so finely to conclude that it relates only to one model.

      3.  Plaintiffs are in the best position to identify cases which they believe will produce the greatest results.  As is Toyota with respect to its views.

      4.  The Court proposes that plaintiffs and Toyota each identify three cases in order of preference.  No party may identify more than two cases involving a given model.  The first two cases tried will be the parties' first choices, with selection of the first case to be made later.[1]  The Court would allow for challenge of identification of any particular case as a sport which should be rejected.  Any challenge to a case would have to be supported by an obvious and overwhelming basis for rejection.

      The Court invites further discussion on February 25, 2011.

| | | | |
|---|---|---|---|
| | | 00 : 00 | |
| | Initials of Preparer | kjt | |

---

[1] This puts aside for the present whether some form of economic class action should be among the first two cases tried.