MONICA R. KELLY (IL SBN 6225920)
Email: monicakelly@ribbecklaw.com
**RIBBECK LAW CHARTERED**
505 North Lake Shore Drive
Suite 102
Chicago, IL 60611
Telephone: (312) 822-9999

***Lead Counsel for Foreign Economic Loss Plaintiffs***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL FOREIGN ECONOMIC LOSS CASES | Case No.: 8:10ML2151 JVS (FMOx)<br><br>FOREIGN ECONOMIC LOSS PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY LIFT STAY ORDER<br><br>[FILED CONCURRENTLY WITH [POPOSED] ORDER]<br><br>Date: April 4, 2011<br>Time: 3:00 p.m.<br>Location: Courtroom 10C<br>Judicial Officer: Hon. James V. Selna |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 4, 2011, at 3:00 p.m. or as soon as counsel maybe heard in Courtroom 10C of the abovementioned Court, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, Foreign Economic Loss Plaintiffs ("Foreign Plaintiffs") will and hereby do move for an order partially lifting the stay of discovery in their action for the purpose of conducting limited discovery related to the declarations filed with, and relied upon by, the Toyota Defendants' Motion to Dismiss Foreign Plaintiffs' Amended Complaint for Forum

Non Conveniens ("Motion").

On February 23, 2011, Toyota Defendants[1] filed their Motion (Docket No. 776) pursuant to this Court's Order dated December 3, 2010 ("December 3rd Order") (Docket No. 523). In support of their Motion, Toyota Defendants filed concurrently with it, among other papers, twenty (20) declarations executed by the following persons:

1) Lisa Gilford (Docket No. 776-4 and 776-5);

2) Jerry Koyanagi, Director of Automotive Accounting at TMS (Docket No. 776-6);

3) Kevin S. Ro, National Manager, Technical and Regulatory Affairs at TMANAI (Docket No. 776-7);

4) Kojiro Tanaka, General Manager, Product Law Department, Legal Division of TMC (Docket No. 776-8);

5) Patrick A. Nepute, Vice-President and General Counsel at TMEMNAI (Docket No. 776-9);

6) Dino Triantafyllos, Vice-President of Quality at TMEMNAI (Docket No. 776-10);

7) David Pelliccioni, Senior Vice-President, Chief Administrative Officer and Secretary of TMCC (Docket No. 776-11);

8) Francisco Chavez Bosque, foreign law expert on Guatemalan law (Docket No. 777);

9) Christopher John Blanden, foreign law expert on Australian law (Docket No. 778);

10) William Elliott Butler, foreign law expert on Russian law ; (Docket No.

---

[1] As set forth in the Amended Foreign Economic Loss Master Consolidated Complaint, "Toyota Defendants" in this context includes Toyota Motor Corporation ("TMC"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), Toyota Motor North America, Inc. ("TMNAI"), Toyota Motor Engineering & Manufacturing North America, Inc. ("TMEMNAI"), and Toyota Motor Credit Corporation ("TMCC").

779);

11) Yeow Choy Choong, foreign law expert on Malaysian law (Docket No. 780);

12) Jose M. Serna Dela Garza, foreign law expert on Mexican law (Docket No. 781);

13) Jeremy John Gauntlet, foreign law expert on South African law (Docket No. 782);

14) Osama Ahmed Shawki El Meligy, foreign law expert on Egyptian law (Docket No. 783);

15) Randall Peerenboom, foreign law expert on Chinese law (Docket No. 784);

16) Stefan Rutzel, foreign law expert on German law (Docket No. 785);

17) Muhammad Husseyn Umar, foreign law expert on Indonesian law (Docket No. 786);

18) Sandra Minott-Phillips, foreign law expert on Jamaican law (Docket No. 787);

19) Murat R. Ozsunay, foreign law expert on Turkish law (Docket No. 788); and

20) Lorna Patajo-Kapunan, foreign law expert on Philippine law (Docket No. 789).

Pursuant to the December 3rd Order, counsel for Toyota Defendants and Foreign Plaintiffs met and conferred on March 7, 2011 wherein undersigned counsel informed counsel for Toyota Defendants that it intends to take the depositions of its *forum non conveniens* declarants, to which the latter responded that "discovery regarding the foreign plaintiffs' litigation was stayed by the Court" pursuant to its Order dated September 13, 2010 (Docket No. 341). *See* letter of Karl Geercken of Alston + Bird LLP dated March 7, 2011 which is attached herein as Exhibit A.

On March 16, 2011, undersigned counsel, with the intention of filing the instant motion and in order for this Court to have before it the discovery requests that Foreign Plaintiffs intend to take, served upon Toyota Defendants *via* e-mail the notices of deposition for eighteen of the twenty *forum non conveniens* declarants. *See* Exhibit B.

Pursuant to the December 3rd Order, Foreign Plaintiffs need to file their opposition to the Motion on or before May 9, 2011. In order to properly prepare their opposition and adequately defend their amended complaint against Toyota's Motion, Foreign Plaintiffs consider it important and necessary to take the limited discovery of Toyota Defendants' *forum non conveniens* declarants.

Foreign Plaintiffs respectfully disagree with Toyota Defendants' contention that discovery pertaining to the *forum non conveniens* declarants is not permissible. Toyota Defendants should not be permitted to just file the abovementioned declarations and argue that the *forum non conveniens* declarants, whose opinions Foreign Plaintiffs dispute, are not subject to being deposed by the Foreign Plaintiffs. Foreign Plaintiffs sought after relief is akin to jurisdictional discovery authorized by federal courts before deciding on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for want of personal jurisdiction. "Federal courts have generally authorized jurisdictional discovery antecedent to resolving Rule 12(b)(2) motions to dismiss for want of personal jurisdiction." *Matthews v. Brookestone Stores, Inc.* 431 F. Supp. 2d 1219 (S.D. Ala. 2006). *See, e.g., In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2nd Cir.2003) (reversing dismissal of claims against defendant for lack of personal jurisdiction where lower court denied plaintiffs' request to engage in jurisdictional discovery prior to dismissal); Posner, 178 F.3d at 1214 n. 7 (recognizing qualified right to conduct jurisdictional discovery). [2]

---

[2] *See also In re Nazi Era Cases Against German Defendants Litigation*, 320 F.Supp.2d 204, 214 (D.N.J.2004) (where defendant asserted defense of lack of personal jurisdiction, recognizing plaintiffs' right to jurisdictional discovery if their allegations suggest that facts may exist to support exercise of personal jurisdiction); *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F.Supp.2d 27, 29 (D.D.C.2004) (explaining that "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a

1  Therefore, Foreign Plaintiffs respectfully pray that this Court partially lift the
2  stay of discovery in their action for the limited purpose of taking the depositions of
3  Toyota Defendants' *forum non conveniens* declarants.

Respectfully submitted,

Dated: March 18, 2010            By: _____/s/ Monica R. Kelly_____

MONICA R. KELLY (IL SBN 6225920)
Email: monicakelly@ribbecklaw.com
**RIBBECK LAW CHARTERED**
505 North Lake Shore Drive
Suite 102
Chicago, IL 60611
Telephone: (312) 822-9999

*Lead Counsel for Foreign Economic Loss Plaintiffs*

---

federal court by withholding information on its contacts with the forum") (citation omitted); *Orchid Biosciences, Inc. v. St. Louis University,* 198 F.R.D. 670, 672 (S.D.Cal.2001) (explaining that where pertinent facts bearing on jurisdictional question are in dispute, discovery should be permitted during pendency of motion to dismiss, irrespective of whether plaintiff establishes prima facie case of personal jurisdiction prior to such discovery); *see also Eaton v. Dorchester Development, Inc.,* 692 F.2d 727, 731 (11th Cir.1982) (holding that district court erred by dismissing action for lack of subject matter jurisdiction without affording plaintiff opportunity to elicit discovery sufficient to support a determination on jurisdiction issue).

## PROOF OF SERVICE

I hereby certify that a true copy of the above motion, together with its exhibits and corresponding proposed order, was served upon the attorney of record for each other party through the Court's electronic filing service on March 18, 2011.

/s/ Monica R. Kelly

Monica R. Kelly