# EXHIBIT F

## Variations in Express Warranty Law in the Fifty States, the District of Columbia, and Puerto Rico

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| Alabama | No.<br><br>See ALA. CODE § 7-2-313 (adopting UCC language and providing that affirmation or promise must "become[ ] part of the basis of the bargain" in order to create an express warranty); cmt. 3 to ALA. CODE § 7-2-313 ("hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement").<br><br>See also Winston Indus., Inc. v. Stuyvesant Ins. Co., 55 Ala.App. 525, 317 So.2d 493, 496-97 (1975) (where the bill of sale for a mobile home stated that "[n]ew trailers bear usual factory guarantee," the manufacturer's express warranty was the basis of the bargain, and, thus, the mobile home purchaser's insurer, who was subrogated to the purchaser, was not barred from recovering for breach of such warranty, even though the purchaser failed to receive a copy | Yes.<br><br>See Parker v. Bell Ford, Inc., 425 So.2d 1101, 1102 (Ala. 1983) ("The Alabama Supreme Court has recognized that pre-litigation notice, as required by Alabama Code § 7-2-607(3)(a), is a "condition precedent to recovery" for a breach of warranty action."); Hobbs v. Gen. Motors Corp., 134 F. Supp. 2d 1277, 1285 (M.D. Al. 2001) (stating that the Alabama Supreme Court's decision in Parker stands for the proposition that "in the context of economic harm rather than personal injury, the filing of a lawsuit is not considered to be sufficient notice under Alabama law").<br><br>Additionally, Hobbs v. Gen. Motors Corp, 134 F. Supp. 2d 1277, 1285 (M.D. Al. 2001), provides that "for remote manufacturers to be held liable for an unintentionally created express warranty, as | Yes.<br><br>Under ALA. CODE § 7-2-316(1) "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." See Winchester v. McCulloch Bros. Garage, Inc., 388 So.2d 927, 928 (Ala. 1980) (observing that § 7-2-316(4) "provides that a seller may "contractually limit his buyer's remedies for breach of warranty").<br><br>ALA. CODE § 7-2-719(3) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. | 4 Years<br><br>See ALA. CODE § 7-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

[1] This court should note that, because most states have adopted the U.C.C., in whole or in part, a cause of action based on a breach of express warranty claim accrues at tender of delivery regardless of the plaintiff's knowledge of the claim. See U.C.C. § 2-725.

LEGAL02/32547190w1

000175

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | of the warranty and was assertedly unaware of the warranty), *see also Massey-Ferguson, Inc. v. Laird*, 432 So. 2d 1259, 1261 (1983) (warranty part of "basis of the bargain" even though it was not delivered until after sale was made). | are sellers under the UCC, remote manufacturers should be afforded the same protections as sellers, either by way of notice provided directly to them, or through notice provided to them by the direct seller from the buyer. Therefore, the notice requirement applies to suits against car manufacturers, like Defendant Ford in the instant matter, as it does to sellers. Notably, the court recognized that the Alabama Supreme Court's decision in *Parker* stands for the proposition that "in the context of economic harm rather than personal injury, the filing of a lawsuit is not considered to be sufficient notice under Alabama law." | | |
| Alaska | Yes. *See* ALASKA STAT. § 45.02.313(a)(1) (affirmation or promise must "become[]" part of the basis of the bargain" in order to create an express warranty); *but see Shooshanian v. Wagner*, 672 P.2d 455, 462-63 (Alaska 1983) (allegation that plaintiff relied on representation stated claim for breach of express warranty). | No. *See Shooshanian v. Wagner*, 672 P.2d 455, 462-63 (Alaska 1983) (stating that the filing of a complaint can constitute notice). | Yes. Under ALASKA STAT. § 45.02.316(a), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed where reasonable as consistent with each other...." *See Hayes v. Bering Sea Reindeer Products*, 983 P.2d 1280, 1286 | 4 Years *See* ALASKA STAT. § 45.02.275 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

-2-

000176

| Jurisdiction | Is *Reliance* Required? | Is *Pre-Litigation Notice* Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | (Alaska 1999) (finding sellers made a "clean, forceful, specific disclaimer" of express warranty and that no express warranty was made).<br><br>ALASKA STAT. § 45.02.719(c) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. | |
| Arizona | Unclear; Reliance required pre-UCC.<br><br>*See* ARIZ. REV. STAT. ANN. § 47-2313 (representation must become part of "basis of the bargain"); *see also* cmt. 3 to ARIZ. REV. STAT. ANN. § 47-2313 ("no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement"); *see also Flory v. Silvercrest Industries, Inc.*, 633 P.2d 383, 390 (Ariz. 1981) (statements made to owner of mobile home were not made to plaintiff-buyers, and thus did not form part of basis of their bargain); *but see Murphy v. Nat'l Iron & Metal Co.*, 227 P.2d 219 (Ariz. 1951) (stating that reliance upon a warranty is a | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* ARIZ. REV. STAT. ANN. § 47-2607; *see also Mountain-Aire Refrig. & Air Cond. Co. v. Gen. Elec. Co.*, 703 P.2d 577, 579 (Ariz. 1995) (noting that the UCC requires the buyer, within a reasonable time, to notify the seller of the breach of be barred from any remedy). | Yes.<br><br>Under ARIZ. REV. STAT. ANN. § 47-2316(A), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed where reasonable as consistent with each other...."<br><br>ARIZ. REV. STAT. ANN. § 47-2719(C) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. | 4 Years<br><br>*See* ARIZ. REV. STAT. ANN. § 47-2725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |

- 3 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | prerequisite to recover for a breach of warranty). | | | |
| Arkansas | Yes. | Yes. | Yes. | 4 Years |
| | ARK. CODE ANN. § 4-2-313 (representation must be part of "basis of the bargain"); *see also* ARK. CODE ANN. § 4-2-313 ("hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement"); *see also Ciba-Geigy Corp. v. Alter*, 834 S.W.2d 136, 147 (Ark. 1992) (stating that "when a buyer is not influenced by statement in making his or her purchase, statement is not basis of bargain and thus not express warranty."). | *See Williams v. Mozark Fire Extinguisher Co.*, 888 S.W.2d 303, 306 (Ark. 1994) (providing that "[n]otice must be more than a complaint."); *see also Jackson v. Swift-Eckrich*, 830 F. Supp. 486, 491 (W.D. Ark. 1993) (recognizing that although "notice need not be in writing," it nevertheless "must be more than a complaint"). | Under ARK. CODE ANN. § 4-2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." *See Caterpillar Tractor Co. v. Waterson*, 13 Ark. App. 77, 679 S.W.2d 814 (1984) (observing that "a seller of goods may limit his contractual liability in two ways. He may disclaim or limit his warranties...or he may limit the buyer's remedies for a breach of warranty").<br><br>ARK. CODE ANN. § 4-2-719(3) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. | *See* ARK. CODE ANN. § 4-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

-4-

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| California | Unclear.<br><br>*See* CAL. COM. CODE § 2313 (must form part of "basis of the bargain"); cmt. 3 to § 2313 ("no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement"); General Comments ("In former Civil Code § 1732 reliance by the buyer was an essential requirement for the creation of an express warranty… Under Subdivision (1) of this section 'no particular reliance on [affirmations of fact] need be shown in order to weave them into the fabric of agreement.'").<br><br>*See Weinstat v. Dentsply Intern., Inc.*  180 Cal.App.4th 1213, 1227 (Cal. Ct. App. 2010) (A breach of express warranty claim under the California Uniform Commercial Code does not require proof of reliance on specific promises made by the seller);<br><br>*But see Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986) (In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable | No.<br><br>*See In re Toyota Motor Corp. Unintended Acceleration Mktg, Sales Practices, and Prod. Liab. Litig.* 2010 WL 4867562, 25 (C.D. Cal. 2010) (Notice may be given consistent with *Hampton v. Gebhard's Chili Powder Co.*, 294 F.2d 172, 174 (9th Cir. 1961), which permits post-filing notice if notice is otherwise within a reasonable time, and Plaintiffs are granted leave to amend to allege such notice). | Yes.<br><br>Under CAL. COM. CODE § 2316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other…." *See Hauter v. Zogarts*, 534 P.2d 377, 386, 14 Cal.3d 104 (1975) (interpreting this provision to mean "section 2316 allows limitation of warranties only by means of words that clearly communicate that a particular risk falls on the buyer").<br><br>CAL. COM. CODE § 2719(3) explicitly states that "limitation of consequential damages where the loss is commercial is valid unless it is proved that the limitation is unconscionable." | 4 Years.<br><br>*See* CAL. COM. CODE § 2725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |

LEGAL02\32547190v1

000179

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | reliance thereon, and a breach of that warranty which proximately causes plaintiff injury); *Sanders v. Apple Inc.*, 672 F.Supp.2d 978 (N.D. Cal. 2009) (reliance is a necessary element of a claim under California law for breach of express warranty). | | | |
| Colorado | Unclear. COLO. REV. STAT. ANN. § 4-2-313(1)(a) (statement must form the "basis of the bargain"); *Anderson v. Heron Engineering Co., Inc.*, 604 P.2d 674, 676 (Colo. 1979) (plaintiff required to prove that he saw or otherwise relied on sales brochure); *but see Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 645 (10th Cir. 1991) (applying Colorado law) (noting that "as a general rule no evidence of reliance by the buyer is necessary other than the seller's statements were of a kind which naturally would induce the buyer to purchase..."). | Probably. *See Fiberglass Component. Prod. Inc. v. Reichhold Chem., Inc.*, 983 F. Supp. 948 (D. Colo. 1997) (stating that "determination of what is reasonable time for a buyer to give seller notice of breach of express warranty depends on circumstances of each case; purposes of notice requirement are to allow seller to: 1) correct any defect; 2) *prepare for negotiation and litigation;* and 3) protect itself against stale claims asserted after it is too late for seller to investigate them.") (emphasis added). | Yes. Under COLO. REV. STAT. ANN. § 4-2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." COLO. REV. STAT. ANN. § 4-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 3 Years *See* COLO. REV. STAT. ANN. § 4-2-725 (providing that an action for breach of any contract for sale must be commenced within the time period prescribed in section 13-80-101, C.R.S. This period of limitation may not be varied by agreement of the parties.). |
| Connecticut | Yes. | Notice required; unclear as to whether pre-litigation notice required. | Yes. | 4 Years |

- 6 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | *See Criteria II v. Co-Op. Precision Wood Prods.*, 2001 WL 1178333, at *1 (Conn. Sup. Ct. Aug. 31, 2001) ("Although reliance is not a factor in the determination of whether an express warranty has been made … it is a necessary element of a cause of action to recover on a breach of express warranty."). | *See* CONN. GEN. STAT. ANN. § 42a-2-607; *see also Zeigler v. Sony Corp. of Am.*, 849 A.2d 19, 24 (Conn. Sup. Ct. 2004) (noting that plaintiffs must give notice in economic injury cases). | Under CONN. GEN. STAT. ANN. § 42a-2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other…." <br><br> CONN. GEN. STAT. ANN. § 42a-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | *See* CONN. GEN. STAT. ANN. § 42a-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Delaware | Yes. <br><br> *See DiIenno v. Libbey Glass Div.*, 668 F. Supp. 373, 376 (D. Del. 1987) (applying Delaware law) (dismissing claim where no proof that plaintiff ever saw catalog, explaining "[i]t is clear that a successful action for breach of an expressed warranty may not be maintained in Delaware absent some reliance by the buyer on the warranty."); *Yarusso v. International Sport Marketing, Inc.*, 1999 WL 463531, at *6 | Notice required; unclear as to whether pre-litigation notice required. <br><br> *See* DEL. CODE ANN. tit. 6 § 2-607; *see also Gunzl v. CJ Pony Parts*, 2008 WL 755272, at *2 (Del. Sup. Ct. March 20, 2008) ("Gunzl can only recover damages for a breach of implied or express warranty where there is privity between the parties, notice is established, and the applicable statute of limitations has not run."). | Yes. <br><br> Under DEL. CODE ANN. tit. 6 § 2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other…." | 4 Years <br><br> *See* DEL. CODE ANN. tit. 6 § 2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 7 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | (Del. Sup. Ct. 1999) ("The affirmations and descriptions in the manual prepared by the manufacturer are part of what the seller has agreed to sell and became part of the basis of the bargain; in addition, plaintiff testified that he had read them, and jury could therefore find reliance"). | | Under DEL. CODE ANN. tit. 6 § 2-719(3), "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not." | |
| District of Columbia | No. <br><br> *See Rock Creek Ginger Ale Co. v. Thermice Corp.*, 352 F.Supp. 522, 526-27 (D. D.C. 1971) (a representation made by a reputable brewer of beer to a distributor of carbon dioxide that the surplus carbon dioxide the brewer was willing to sell to the distributor was from time to time used by the brewer in the manufacture of its own beer was a representation on which the distributor was entitled to rely as a matter of fact, regardless of actual reliance). | Notice required; unclear as to whether pre-litigation notice required. <br><br> *See* D.C. CODE ANN. § 28:2-607; *see also Witherspoon v. Phillip Morris Inc.*, 964 F. Supp. 455, 464-65 (D.D.C. 1997) (notice required, but constructive notice may occur when seller receives "numerous inquiries"; additionally, notice cannot be raised as a defense where seller "willfully fails to disclose a defect"). | Yes, express warranty can be modified in cases alleging economic losses. <br><br> Maybe consequential damages for breach of an express warranty for economic losses can be modified for sales of consumer goods—it depends on the capacity of the manufacturer to perform the warranty obligations. <br><br> Under D.C. CODE ANN. § 28:2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct | 4 Years <br><br> *See* D.C. CODE ANN. § 28:2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 8 -

LEGAL02/32547190v1

000182

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." | |
| | | | However, D.C. CODE ANN. § 28-2-316.01(4) provides that "any oral or written language used by a manufacturer of consumer goods, which attempts to limit or modify a consumer's remedies for breach of the manufacturer's express warranties is unenforceable, unless the manufacturer provided reasonable and expeditious means of performing those warranty obligations." | |
| Florida | Yes.<br><br>*See Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1101 (11th Cir. 1983) (applying Florida law) ("The requirement that a statement be part of the basis of the bargain 'is essentially a reliance requirement and is inextricably intertwined with the initial determination as to whether | Probably.<br><br>*See Dunham-Bush, Inc. v. Thermo-Air Service, Inc.* 351 So.2d 351 (Fla. Dist Ct. App. 4th 1977) (stating that to properly plead a cause of action for breach of warranty under Uniform Commercial Code, complaint should at least contain allegations in regard to the facts in respect to sale of the | Yes.<br><br>Under FLA. STAT. ANN. § 672.316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each | 5 Years<br><br>*See* FLA. STAT. ANN. § 95.011 (stating that a legal or equitable action on a contract, obligation, or liability founded on a written instrument must be commenced within 5 |

- 9 -

LEGAL02/32549190v1

000183

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | given language may constitute an express warranty…."); *Thursby v. Reynolds Metals Co.*, 466 So.2d 245, 250 (Fla. Dist. Ct. App. 1984) (manufacturer not liable where there was no reliance by buyer on any affirmations of particular facts on the part of manufacturer regarding safety features). | goods, identification of the types of warranties created, facts in respect to creation of the particular warranty, facts in respect to breach of the warranty, *notice to seller of breach*, and the injuries sustained by buyer as a result of the breach of warranty.) (emphasis added). | other…." FLA. STAT. ANN. § 672.719(3) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. *See Lennar homes, Inc. v. Masonite Corp.*, 32 F. Supp. 2d 396, 401 (E.D. La. 1998) (applying Florida law) (noting that the "damages available under the express written warranty are expressly limited to twice the amount of the owner's original purchase price" and that limitation of damages is expressly permitted by statute unless unconscionable; also observing Florida law imposes no requirement of "conspicuousness" on limitation of damages in an express written warranty); *see also Action Orthopedics, Inc. v. Techmedica, Inc.*, 759 F. Supp. 1566, 1569 (M.D. Fla. 1991) (explaining that under "applicable case law and the Florida Uniform Commercial Code, contracts may limit damages recoverable for | years). |

- 10 -

LEGAL02/32547190v1

000184

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | breach of contract, and if such provisions are made, greater compensatory damages may not be awarded"). | |
| Georgia | Yes. *See Servais v. Philbrick*, 380 S.E.2d 496, 497 (Ga. App. 1989) ("To recover for an express warranty it is necessary to show that the statement was intended to be an express warranty and that it was relied upon as such."); *Moore v. Berry*, 458 S.E.2d 879, 881 (Ga. Ct. App. 1995) (representation that stand "probably the safest one on the market" and "there is no way you can fall" from it, upon which plaintiff relied, was sufficient to raise a jury question as to whether an express warranty was created). | No. *See Hudson v. Gaines*, 403 S.E.2d 852, 854 (Ga. Ct. App. 1991) (holding that service of a suit was reasonable notice). | Yes. Under GA. CODE ANN. § 11-2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." GA. CODE ANN. § 11-2-719(3) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. *See Lee v. Mercedes-Benz USA, LLC*, 622 S.E.2d 361, 362, 276 Ga. App. 28 (2005) (finding limitation on consequential damages valid and not unconscionable). | 4 Years *See* GA. CODE ANN. § 11-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |

- 11 -

LEGAL02/32547190v1

000185

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| Hawaii | No.<br><br>*See Torres v. Northwest Eng'g Co* 949 P.2d 1004, 1013 (1997) ("[R]eliance is not an essential element of a breach of express warranty claim under the UCC."). | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* HAW. REV. STAT. § 490:2-607(3)(a). | Yes.<br><br>Under HAW. REV. STAT. § 490:2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...."<br><br>HAW. REV. STAT. § 490:2-719(3), provides "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 4 Years<br><br>*See* HAW. REV. STAT. § 490:2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Idaho | No.<br><br>*See Jensen v. Seigel Mobile Homes Group,* 668 P.2d 65, 71 (Idaho 1983) ("the buyer of goods need not *rely* on an 'affirmation of fact or promise' or 'description' for the same to become 'part of the basis of the bargain' and hence an express warranty."). | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* ID. CODE ANN. § 28-2-607; *see also Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.,* 544 P.2d 306, 313 (Idaho 1975) ("Cessna was a remote manufacturer rather than the seller to Salmon Rivers, and consequently the notice requirement of I.C. s 64-309 was | Yes.<br><br>Under ID. CODE § 28-2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." | 4 Years<br><br>*See* ID. CODE § 28-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 12 -

LEGAL02/32547190v1

000186

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | inapplicable to Salmon Rivers in its action against Cesna."). | ID. CODE § 28-2-719 provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | |
| Illinois | No. *See Felley v. Singleton*, 705 N.E.2d 930, 934 (1999) (recognizing that Illinois courts have not always been consistent on the issue, but holding that representations that form part of "basis of the bargain" create express warranties even in the absence of reliance); *Wang v. Allison*, 678 N.E.2d 1254, 1256 (1997) ("It is not necessary...for the buyer to show reasonable reliance upon the seller's affirmations in order to make the affirmations part of the basis of the bargain"). | Yes. *See Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584 (Ill. 1996) (under Illinois' version of Uniform Commercial Code (UCC), buyers must in general notify seller of troublesome nature of transaction or be barred from recovery for breach of warranty). | Yes. Under 810 ILCS 5/2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." 810 ILCS 5/2-719(3) provides that consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 4 Years *See* 810 ILCS § 5/2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Indiana | Yes. *See Royal Business Machines, Inc. v. Lorraine Corp.*, 633 F.2d 34, 44 (Ind. App. 1980) (the "basis of the bargain" | Probably. *See Thompson Farms, Inc. v. Corno Feed Products, Division of Nat. Oats Co., Inc.* 366 N.E.2d 3 (Ind. Ct. App. 1977) (holding | Yes. Under IND. CODE ANN. § 26-1-2-316(1), "words or conduct relevant to the creation of an express | 4 Years *See* IND. CODE ANN. § 26-1-2-725 (However, by the original |

LEGAL02/32547190v1

000187

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | requirement "is essentially a reliance requirement and is inextricably intertwined with the initial determination as to whether given language may constitute an express warranty...It was the intention of the drafters of the U.C.C. not to require a strong showing of reliance. In fact, they envisioned that all statements of the seller become part of the basis of the bargain unless clear affirmative proof is shown to the contrary."). | that notice of breach of warranties, as required under Uniform Commercial Code provision, is a substantive condition precedent to recovery and party claiming breach of warranty must allege that notice was given in accordance with such provision). | warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." IND. CODE ANN. § 26-1-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." See Hahn v. Ford Motor Co., Inc., 434 N.E.2d 943, 948 (Ind. App. 1982) (observing that "modifications of warranties and limitations of remedy are not per se unconscionable"). | agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Iowa | Yes. See Moore v. Vanderloo, 386 N.W.2d 108, 112 (Iowa 1986) (no express warranty where no evidence that plaintiff read or relied on informational materials; thus, no basis of the bargain); Sharp v. Tamko Roofing Products, Inc., 2004 WL 2579638, at * 2 (Iowa App. 2004) (dismissing claim where no evidence that plaintiff relied on warranty). | Yes. See Wright v. Brooke Group Ltd., 114 F. Supp. 2d 797, 828 (N.D. Iowa 2000) (noting that notice is a condition precedent to recovery, and under Iowa law, the notice ordinarily must be more than "a mere complaint"). | Yes. Under IOWA CODE § 554.2316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." See Bruce v. ICI Americas, Inc., 933 F. Supp. 781, | 10 years See IOWA CODE § 614.1; see also IOWA CODE § 554.2725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 14 -

LEGAL02/32549196v1

000188

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | 790 (S.D. Iowa 1996) (explaining that "implied or express warranties may be modified or excluded pursuant to Iowa Code § 554.2316"). IOWA CODE § 554.2719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Bruce v. ICI Americas, Inc.*, 933 F. Supp. 781, 790 (S.D. Iowa 1996) (finding that "parties to a contract can agree to exclude consequential damages from one party's possible recovery upon a breach of that contract" pursuant to Iowa Code § 554.2719 and *Boone Valley Coop. Proc. Ass'n v. French Mill Mach. Co.*, 383 F. Supp. 606, 612 (N.D. Iowa 1974)). | |
| Kansas | No. *See Unified School Dist. No. 500 v. U.S. Gypsum Co.*, 788 F.Supp. 1173, 1177 (D. Kan. 1992) (reliance is not an element of an | Probably. *See Smith v. Stewart* 667 P.2d 358 (Kan.,1983) (Generally, giving notice of defect within reasonable time is | No, express warranty cannot be modified in cases alleging economic losses. | 4 Years *See* KAN. STAT. ANN. § 84-2-725 (However, by the original agreement |

- 15 -

LEGAL02/32547190v1

000189

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | action for breach of express warranty under the Kansas UCC); *Young & Cooper, Inc. v. Vestring*, 521 P.2d 281, 291 (Kan. 1974) ("An express warranty by definition in 84-2-313(1)(a), supra, makes it contractual and particular reliance upon the express warranty need not be shown."). | condition precedent to filing action by buyer against seller based on breach of express or implied warranty).<br><br>*See also Carson v. Chevron Chem. Co.*, 635 P.2d 1248, 1256 (Kan. 1981) (Finding that in the ordinary buyer-seller relationship, notice is only required to the immediate seller, but where "other parties to the manufacture, distribution and sale of the product are closely related, or where the other parties actively participate in the consummation of the actual sale of the product, the reason for the exclusion of such other parties from the … notice provision cease to exist [and they must be provided notice as well]"). | Yes, consequential damages for breach of express warranty for economic losses may be modified.<br><br>KAN. STAT. ANN. § 84-2-316(1) states that "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other…." *But see Young & Cooper, Inc. v. Vestring*, 521 P.2d 281 (1974) (stating "express warranties are not subject to exclusion or modification in the same manner as implied warranties. Further authority for this proposition is found in K.S.A. § 84-2-316 on exclusion or modification of warranties, which speaks only in terms of implied warranties as being subject to exclusion or modification").<br><br>KAN. STAT. ANN. § 84-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is | the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 16 -

LEGAL02/32547190v1

000190

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action?" | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | unconscionable." | |
| Kentucky | Yes.<br><br>*See Overstreet v. Norden Laboratories, Inc.*, 669 F.2d 1286, 1289 (6th Cir. 1982) ("reliance is an element of a breach of an expressed warranty action under Kentucky law). | No.<br><br>*See Mullins v. Wyatt*, 887 S.W.2d 356, 358 (Ky. 1994) (noting that failure to give pre-litigation notice is not fatal to a civil action for breach of warranty); *Overstreet v. Norden Labs., Inc.*, 669 F.2d 1286, 1288 (6th Cir. 1982) (noting that failure to give pre-litigation notice is not fatal to a civil action for breach of warranty). | Yes.<br><br>Under KY. REF. STAT. ANN. § 355.2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...."<br><br>KY. REF. STAT. ANN. § 355.2-719 provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Moore v. Mack Trucks, Inc.*, 40 S.W.3d 888, 891 (Ky. App. 2001) (finding limitation on remedy to repair and replacement was valid limitation on consequential damages). | 4 Years<br><br>*See* KY. REF. STAT. ANN. § 355.2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Louisiana | Yes.<br><br>*See Evans v. Ford Motor Co.*, 484 F.3d 329, | Notice required; unclear as to whether pre-litigation notice required. | Unclear.<br><br>*See Fields v. Walpole Tire Service,* | 10 years<br><br>*See* LA. CIV. CODE ANN. |

- 17 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | 336 (5th Cir. 2007) ("To prevail on an express warranty claim under Louisiana law, someone injured by a product must adduce evidence that he or she had read or was aware of the express warranty and was induced to use the product because of it."); *Brown v. Hudson*, 700 So.2d 932, 940 (La.App. 1997) (rejecting an express warranty claim because there was "no evidence that Mrs. Brown read the owner's manual or, more importantly, that provisions in question induced her to use the restraint system."); *Clay v. Int'l Harvester Co.*, 674 So.2d 398, 412 (La.App. 1996) ("No testimony or proof was adduced concerning whether Clay, his employer, or any co-employees had ever been made aware of any express warranty prior to using the tractor. For this reason, we find that Clay failed to prove that the model 3294 tractor was unreasonably dangerous for noncompliance with an express warranty."). | See *David v. Thibodeaux*, 916 So. 2d 214, 219 (La. App. 2005) (noting that under Louisiana law, the buyer must give the seller notice of the existence of a redhibitory defect within sufficient time to allow the seller the opportunity to make the required repairs, but notice not required if the seller has knowledge of the defect). | *L.L.C.*, 37 So.3d 549 (La. App. 2010) (observing that an "express warranty is a guarantee which the manufacturer or seller of a good voluntarily undertakes and extends to its customer"). | Art. 3499 (stating that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."). |
| Maine | Probably.  See *Maine Farmers Exchange v. McGillicuddy*, 697 A.2d 1266, 1268 (Maine | Notice required; unclear as to whether pre-litigation notice required.  See ME. REV. STAT. ANN. tit. 11 § 2-607; | Yes.  Under 11 ME. REV. STAT. ANN. § 2-316(1), "words or conduct relevant | 4 Years  See ME. REV. STAT. ANN. tit. 11 § 2-725 |

- 18 -

LEGAL02/32547190w1

000192

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | 1997) (noting that comments to the code suggest that the requirement that the affirmation become part of the "basis of the bargain" is meant to continue the "reliance" requirement); ME. REV. STAT. ANN. tit. 1 § 2-313 (representation must form part of "basis of the bargain); cmt. 3 to ME. REV. STAT. ANN. tit. 1 § 2-313 ("hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement"); "Maine Code Comments": ("The requirement that affirmation, etc., become a 'part of the basis of the bargain' in order to create a warranty is apparently the same as the 'reliance' requirement of Section 12 of the Uniform Sales Act, R.S.1954, c. 185, § 12."). | see also *Sullivan v. Young Bros. & Co.*, 893 F. Supp. 1148 (D. Me. 1995) (interpreting Maine law as not requiring notice to remote sellers) (reversed on alternate grounds). | to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." 11 ME. REV. STAT. ANN. § 2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Maryland | No. *Rite Aid Corp. v. Levy-Gray*, 391 Md. 608, 625 (Md. 2006) (holding that buyer need not be aware of an affirmation for it to become a "basis of the bargain"). | Notice required; unclear as to whether pre-litigation notice required. *See* MD. CODE ANN. COMM. LAW. § 2-607(3)(a). | Yes, express warranty can be modified in cases alleging economic losses. Maybe consequential damages for breach of an express warranty for economic losses can be modified for sales of consumer goods—it depends on the age of the vehicle. | 4 Years *See* MD. CODE ANN. COMM. LAW § 2-725 (however, by the original agreement the parties may reduce the period of limitation to not less than one year |

- 19 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | Under MD. CODE ANN. COMM. LAW § 2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." <br><br> Under MD. CODE ANN. COMM. LAW § 2-316.1(3), "any oral or written language used by a manufacturer of consumer goods, which attempts to limit or modify a consumer's remedies for breach of the manufacturer's express warranties, is unenforceable, unless the manufacturer provides reasonable and expeditious means of performing the warranty obligations." <br><br> However, the above sections do not apply to sales of motor vehicles that are over 6 model years old and that have been driven more than 60,000 miles if at the time of the sale, "the | but may not extend it). |

LEGAL02/32547190v1

000194

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | seller gives the purchaser notice of the inapplicability of this section on the form prescribed under § 13-119 of the Transportation Article." | |
| Massachusetts | Yes.<br><br>*Hiller v. Daimler Chrysler Corp.*, 2007 WL 3260199, (Mass. Sup. Ct. 2007) (Noting that courts have indicated that the plaintiff must show at least some reliance on defendant's representations to successfully state a claim for breach of express warranty). | Notice required; however, failure to give notice will not bar recovery unless defendant proves prejudice.<br><br>*See* MASS. GEN. LAWS ANN. ch. 106 § 2-318; MASS. GEN. LAWS ANN. ch. 106 § 2-607; *see also Sacramona v. Bridgestone/Firestone, Inc.*, 106 F.3d 444, 448-49 (1st Cir. 1997) (acknowledging that notice is required under Massachusetts law). | Yes, express warranty can be modified in cases alleging economic losses.<br><br>Maybe consequential damages for breach of an express warranty for economic losses can be modified for sales of consumer goods—it depends on the facilities of the manufacturer within the Commonwealth.<br><br>Under MASS. GEN. LAWS ANN. ch. 106, § 2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." | 3 Years<br><br>*See* MASS. GEN. LAWS ANN. ch. 106, § 2-318. |

LEGAL02/32547190v1

000195

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | Under MASS. GEN. LAWS ANN. ch. 106, § 2-316A(3), "any language, oral or written, used by a manufacturer of consumer goods, which attempts to limit or modify a consumer's remedies for breach of such manufacturer's express warranties, shall be unenforceable, unless such manufacturer maintains facilities within the commonwealth sufficient to provide reasonable and expeditious performance of the warranty obligations." | |
| Michigan | No. *See Five Ins. Exchange v. Electrolux Home Prods.*, 2006 WL 2925286, at *6 (E.D. Mich. 2006) ("the Court finds that the Michigan statute does not expressly require reliance," thus, plaintiff's failure to read manual did not bar claim). | Notice required; unclear as to whether pre-litigation notice required. *See* MICH. COMP. LAWS ANN. § 440.2607(3)(a); *see also American Bumper & Mfg. Co. v. Transtechnology Corp.*, 652 N.W.2d 252 (Mich. Ct. App. 2002) (The purposes of the Uniform Commercial Code's (UCC) notice requirement are: (1) to prevent surprise and allow the seller the opportunity to make recommendations how to cure the nonconformance; (2) to allow the seller the fair opportunity to investigate | Yes. Under MICH. COMP. LAWS § 440.2316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." *See DeValerio v. Vic Tanny Intern.*, 363 N.W.2d 447, 449 (1984) (observing that "because liability for breach of warranty is | 4 Years. *See* MICH. COMP. LAWS § 440.2725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.) |

- 22 -

LEGAL02/32547190v1

000196

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | and prepare for litigation; (3) to open the way for settlement of claims through negotiation; and (4) to protect the seller from stale claims and provide certainty in contractual arrangements). | liability without fault, we see nothing unconscionable about such a disclaimer [of implied or express warranties]"). MICH. COMP. LAWS § 440.2719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | |
| Minnesota | No. *See In re Zurn Pex Plumbing Prods. Liab. Litig.*, 267 F.R.D. 549, 564 (D. Minn. 2010) (noting that under Minnesota law, reliance is not required). | Notice required; unclear as to whether pre-litigation notice required. *See* MINN. STAT. § 336.2-607; *see also Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 401 F.3d 901, 906 (8th Cir. 2005) (determining there was sufficient evidence from which a jury could have found compliance with the notice requirement). | Yes. Under MINN. STAT. § 336.2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." Under MINN. STAT. § 336.2-719(3), "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 4 Years *See* MINN. STAT. § 336.2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 23 -

LEGAL02/32547190v1

000197

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| Mississippi | Yes.<br><br>*See Global Truck & Equip. Co. Inc. v. Palmer Machine Works, Inc.*, 628 F. Supp. 641, 652 (N.D. Miss. 1986) (concluding that the buyer must be knowledgeable of and rely on the affirmation of fact before an express warranty is created). | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* MISS. CODE ANN. § 75-2-607; *see also Miss. Chem. Corp. v. Dressler-Rand Co.*, 287 F.3d 359, 368 (5th Cir. 2002) (noting that the MS statute requires that the buyer provide the seller notice, but that it need not be a specific claim for damages or an assertion of legal rights). | No.<br><br>MISS. CODE ANN. § 75-2-315.1(2) provides "[a]ny oral or written language used by a manufacturer of consumer goods, which attempts to limit or modify a consumer's remedies for breach of the manufacturer's express warranties, is unenforceable."<br><br>However, MISS. CODE ANN. § 75-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 6 Years<br><br>*See* MISS. CODE ANN. § 75-2-725. |
| Missouri | No.<br><br>*Walker v. Woolbright Motors, Inc.*, 620 S.W.2d 451, 453 (Mo. Ct. App. 1981) (noting that since Missouri's adoption of the UCC, "no particular reliance on an express warranty is required."). | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* MO. REV. STAT. § 400.2-607; *see also General Motors Corp.*, 763 S.W.2d 357, 361 (Ct. App. Miss. 1989) (notice generally only required to immediate seller). | Yes.<br><br>Under MO. REV. STAT. § 400.2-316(1) "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other…." | 4 Years<br><br>*See* MO. REV. STAT. § 400.2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |

- 24 -

LEGAL02/32547190v1

000198

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | MO. REV. STAT. § 400.2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | |
| Montana | Yes. *See Woodahl v. Matthews*, 639 P.2d 1165 (Mont. 1982) ("There can be no express warranty without reliance."). | Notice required; unclear as to whether pre-litigation notice required. *See* MONT. CODE ANN. § 30-2-607; *see also Fire Supply & Service, Inc. v. Chico Hot Springs*, 639 P.2d 1160 (Mont. 1982) ("To recover damages for breach of warranty, the buyer must plead and prove that he gave the seller notice of the breach within a reasonable time after it was discovered or be barred from any remedy."). | Yes. Under MONT. CODE ANN. § 30-2-316(1) "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." MONT. CODE ANN. § 30-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 4 Years *See* MONT. CODE ANN. § 30-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Nebraska | Yes. *Hillcrest Country Club v. N.D. Judds Co.*, 461 N.W.2d 55, 61 (1990) ("[S]ince an express warranty must have been 'made part | Notice required; unclear as to whether pre-litigation notice required. *See* NEB. REV. STAT. U.C.C. § 2-607; *see also Fitl v. Strek*, 690 N.W.2d 605, 608 | Yes. Under NEB. REV. STAT. U.C.C. § 2-316(1) "words or conduct relevant to the creation of an express warranty | 4 Years *See* NEB. REV. STAT. U.C.C. § 2-725 (However, by the |

LEGAL02/32547190v1

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | of the basis of the bargain,' it is essential that the plaintiffs prove reliance upon the warranty.'"). | (Neb. 2005) (noting that the buyer must give the seller notice); *Moore v. Puget Sound Plywood, Inc.*, 332 N.W.2d 212 (Neb. 1983) ("A purchaser must plead and prove that he gave timely notice of a breach of warranty."). | and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." NEB. REV. STAT. U.C.C. § 2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Koperski v. Husker Dodge, Inc.*, 302 N.W.2d 655 (Neb., 1981) (stating that language of a warranty limiting buyer's remedies to repair and replacement of defective parts is not, on its face, unconscionable). | original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |
| Nevada | No. *Allied Fidelity Ins. Co. v. Pico*, 656 P.2d 849, 850 (Nev. 1983) (noting that "actual reliance" not required, as long as the express warranty involved became a part of the bargain; if resulting bargain does not rest at all on representations of seller, they were not part of basis of the bargain). | Notice required; unclear as to whether pre-litigation notice required. *See* NEV. REV. STAT. § 104.2607 | Yes. Under NEV. REV. STAT. § 104.2316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." | 4 Years *See* NEV. REV. STAT. § 104.2725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |

LEGAL02/32254719v1

000200

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | Nev. Rev. Stat. § 104.2719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | |
| New Hampshire | Yes.<br><br>*See Kelleher v. Marvin Lumber & Cedar Co.,* 891 A.2d 477 (N.H. 2005) ("For an affirmation of fact or promise to become part of the basis of the bargain for purposes of breach of express warranty claim, the buyer must have been aware of the affirmation of fact or promise at some point in the bargaining process."). | Yes.<br><br>*See ACE Am. Ins. Co. v. Fountain Powerboats, Inc.,* 2007 WL 2438338, at *3 (D.N.H. 2007) ("If that notice requirement is to have any meaning at all, a civil complaint cannot serve the dual purpose of providing the defendant(s) with notice of potential warranty claims and actually initiating legal action based on those warranty claims"). | Yes.<br><br>Under N.H. Rev. Stat. Ann. § 382-A:2-316(1) "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other…."<br><br>N.H. Rev. Stat. Ann. § 382-A:2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 4 Years<br><br>*See* N.H. Rev. Stat. Ann. § 382-A:2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| New Jersey | No. | No. | Yes. | 4 Years |

- 27 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
|  | *See Gladden v. Cadillac Motor Car Div., General Motor Corp.*, 416 A.2d 394 (N.J. 1980) ("Particular reliance on such statements of description or quality need not be shown and the warranty issue will normally be a factual one."). | *See Taylor v. JFC Americas Corp.*, 2008 WL 2242451, at *6 (D.N.J. May 30, 2008) (noting that under New Jersey law, a plaintiff does not need to provide pre-litigation notice and that the filing of a complaint can satisfy the notice requirement). | Under N.J. STAT. ANN. § 12A:2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." <br><br> N.J. STAT. ANN. § 12A:2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | *See* N.J. STAT. ANN. § 12A:2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |
| New Mexico | Unclear. <br><br> *C.R. Anthony Co. v. Loretto Mall Partners*, 817 P.2d 238, 246 (N.M. 1991) ("reliance is not an element of a breach of an express warranty reduced to writing"); *but see Porcell v. Lincoln Wood Products, Inc.*, 713 F.Supp.2d 1305, 1319 (D. N.M. 2010) (citing *Perfetti v. McGhan Medical*, 662 P.2d 646 (Ct. App.) 1983) ("New Mexico law does not impose 'an independent 'reliance' requirement,' but it does require evidence | Notice required; unclear as to whether pre-litigation notice required. <br><br> *See* N.M. STAT. ANN. § 55-2-607; *see also State ex rel. Concrete Sales & Equip. Rental Co., Inc. v. Kent Nowlin Constr., Inc.*, 746 P.2d 645, 649 (N.M. 1987) ("For a buyer to recover for breach of warranty, he must prove the existence of a defect caused by the seller, that the buyer notified the seller and sought repairs, and that the seller failed or refused to make repairs.") (citing | Yes. <br><br> Under N.M. STAT. ANN. § 55-2-316(1) "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." <br><br> N.M. STAT. ANN. § 55-2-719(3) provides that "consequential | 4 Years <br><br> *See* N.M. STAT. ANN. § 55-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |

- 28 -

LEGAL02/32547190v1

000202

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | that the representation entered into the buyer's decision to purchase the defendant's product," and evidence that the representation did not enter into the buyer's decision will defeat a claim that a representation gave rise to an express warranty). | | damages may be limited or excluded unless the limitation or exclusion is unconscionable." | |
| New York | Yes.

*See CBS Inc. v. Ziff-Davis Publ'g Co.,* 553 N.E.2d 997, 1002 (1990) ("Once the express warranty is shown to have been relied on as part of the contract, the right to be indemnified in damages for its breach does not depend on proof that the buyer thereafter believed that the assurances of fact made in the warranty would be fulfilled. The right to indemnification depends only on establishing that the warranty was breached."); *Meyer v. Alex Lyon & Son Sales Managers & Auctioneers, Inc.,* 67 A.D.3d 547, 548, (N.Y.A.D. 1 Dept.,2009). | Notice required; unclear as to whether pre-litigation notice required.

*See* N.Y. LAW U.C.C. § 2-607; *see also Cliffstar Corp. v. Elmar Indus. Inc.,* 678 N.Y.S.2d 222, 223 (Sup. Ct. NY 1998) ("The right of plaintiff to recover damages is preserved as long as it notified defendant 'within a reasonable time after [it] discover[ed] or should have discovered any breach'"). | Yes.

Under N.Y. U.C.C. § 2-316(1) "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other…."

Also, N.Y. U.C.C. § 2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 4 Years (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.)

*See* N.Y. U.C.C. § 2-725 |
| North Carolina | Yes. | Notice required; unclear as to whether pre-litigation notice required. | Yes. | 4 Years |

- 29 -

LEGAL02/32547190v1

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | *See Harbor Point Homeowners' Ass'n, Inc. ex rel. Bd. of Directors v. DJF Enterprises, Inc.*, 697 S.E.2d 439, 447 (N.C.App. 2010) (stating that "a claim for breach of express warranty requires proof of ... a fact or promise relating to the goods ... which was relied upon by the plaintiff in making his decision to purchase..."); *see also Bernick v. Jurden*, 293 S.E.2d 405 (N.C. 1982) (stating that the "[e]lement of reliance on express warranty can often be inferred from the allegations of mere purchase or use if the natural tendency of representations made is such to induce such purchase or use."). | *See Maybank v. S.S. Kresge Co.*, 273 S.E.2d 681 (1981) ("When the plaintiff is a lay consumer and the notification is given to the defendant by the filing of an action within the period of the statute of limitations, and where the applicable policies behind the notice have been fulfilled, we hold that the plaintiff is entitled to go to the jury on the issue of seasonable notice."). | Under N.C. GEN. STAT. § 25-2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...."   Also, Under N.C. GEN. STAT. § 25-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | *See* N.C. GEN. STAT. § 25-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| North Dakota | Unclear; Reliance required pre-UCC.   *See* N.D. CENT. CODE § 41-02-30 (adopting UCC provision but not comment 3, stating that no particular reliance required); *Bakke v. Nelson*, 276 N.W. 914, 916 (N.D. 1937) (plaintiff's burden to prove reliance). | Probably.   *See Stamper Black Hills Gold Jewelry, Inc. v. Souther*, 414 N.W.2d 601, 604 (N.D. 1987) ("Failure to provide notice of a breach under this section is not an affirmative defense which must be raised by the seller. Rather, notice is a condition precedent to the buyer's cause of action which must be pleaded and proved by the buyer in order to recover."). | Yes.   Under N.D. CENT. CODE § 41-02-33(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." | 4 Years   *See* N.D. CENT. CODE § 41-02-104 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 30 -

000204

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | N.D. CENT. CODE § 41-02-98(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | |
| Ohio | No.<br><br>*See Norcold, Inc. v. Gateway Supply Co.,* 798 N.E.2d 618, 623-24 (Ohio Ct. App. 2003) (claims for breach of express warranty against a manufacturer and distributor of refrigerator parts were not barred by the fact that a plaintiff allegedly did not rely on the warranties at issue: "[R]eliance is not an element in a claim for breach of an express written warranty."). | Yes.<br><br>*See Lincoln Elec. Co. v. Technitrol, Inc.* 718 F.Supp.2d 876, 883 (N.D. Ohio 2010) (stating that "Ohio courts and federal courts applying Ohio law have continued to hold that a plaintiff must notify a defendant of the alleged breach prior to the complaint."). | Yes.<br><br>Under OHIO REV. CODE ANN. § 1302.29(A), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...."<br><br>Also, OHIO REV. CODE ANN. § 1302.93 provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Zaremba v. Marvin Lumber and Cedar Co.,* 458 F.Supp.2d 545 (N.D. Ohio 2006) (Under Ohio law, where there is no great disparity of bargaining power | 4 Years<br><br>*See* OHIO REV. CODE ANN. § 1302.98 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 31 -

000205

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | between the parties, a contractual provision which excludes seller's liability for consequential damages and limits the buyer's remedy to repair or replacement of the defective product is not unconscionable.) | |
| Oklahoma | Yes.<br><br>*See Scovil v. Chilcoat*, 424 P.2d 87, 91 (Okl. 1967) (to constitute express warranty, no particular form of words is necessary, and any affirmation of quality or condition of article sold, not uttered as matter of opinion or belief, made by seller at time of sale for purpose of assuring buyer of truth of fact and inducing buyer to make purchase, if so received and relied on by buyer, is an express warranty). | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* OKLA. STAT. ANN. tit. 12A § 2-607; *see also Am. Fertilizer Specialists, Inc. v. Wood*, 635 P.2d 592, 596 (Okla. 1981) ("In order for the buyer to avoid liability for the payment of goods accepted, he must notify the seller within a reasonable time after he discovers or should have discovered the breach of warranty."). | Yes.<br><br>Under OKLA. STAT. ANN. tit. 12A, § 2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." *See Murray v. D & J Motor Co., Inc.*, 958 P.2d 823 (Okla. Ct. App. 1998) (a warranty may be express or implied, and either type of warranty may be modified or excluded).<br><br>OKLA. STAT. ANN. tit. 12A, § 2-719(3) provides that "consequential damages may be limited or excluded | 5 Years<br><br>*See* OKLA. STAT. ANN. tit. 12A, § 2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 32 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | unless the limitation or exclusion is unconscionable." *See Collins Radio Co. of Dallas, Tex. v. Bell*, 623 P.2d 1039 (Okl. Ct. App. 1980) (providing that the section of Uniform Commercial Code governing exclusion or modification of warranties allows contracting parties to limit their remedies and that it is prima facie unconscionable to limit damages for injury to person in the case of consumer goods, but where loss is commercial it is not prima facie unconscionable to limit damages). | |
| Oregon | Yes. *Newman v. Tualatin Dev. Co.*, 597 P.2d 800, 803-04 (Or. 1979) (holding that the trial court did not err in denying class certification because "reliance upon the express warranty is not proved merely by evidence that the warranty was contained in a sales brochure given to all class members"). | Yes *See Allen v. G.D. Searle & Co.*, 708 F. Supp. 1142, 1160 (D. Or. 1989) ("in the absence of any evidence that Allen gave notice of her express or implied warranty claims, this court must rule that Allen has not established an essential element of her warranty claims"). | Yes. Under ORE. REV. STAT. § 72.3160(1) "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." | 4 Years *See* ORE. REV. STAT. § 72.7250 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 33 -

000207

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | ORE. REV. STAT. § 72.3190(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Starr v. Dow Agrosciences LLC*, 339 F.Supp.2d 1097 (D.Or. 2004) (as a general matter, the Uniform Commercial Code (UCC), as adopted by the Oregon legislature, allows sellers to disclaim liability for consequential damages, as long as any disclaimer is limited to economic losses). | |
| Pennsylvania | Yes.<br><br>*Sessa v. Riegle*, 427 F.Supp. 760, 766-67 (E.D. Pa. 1977) (even if a seller's statement to a buyer that a horse was "sound" was an express warranty, evidence that the buyer was relying primarily on his representative to advise him in connection with the sale and that the representative had talked with the buyer about the horse on several occasions and expressed the opinion that he was convinced "beyond the shadow of a doubt" | No.<br><br>*See Bednarski v. Hideout Homes & Realty, Inc.*, 709 F. Supp. 90, 94 (M.D. Pa. 1988) ("this court concludes that the filing of a civil complaint satisfies the requirement of providing breach of warranty notice under section 2607"). | Yes.<br><br>Under PA. STAT. ANN. tit. 13 § 2316(a), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." | 4 Years<br><br>*See* PA. STAT. ANN. tit. 13 § 2725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |

- 34 -

LEGAL02/32544190w1

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | that it was a good buy demonstrated that the seller's statement was not the basis of the bargain; "basis of the bargain" language essentially a reliance requirement). | | PA. STAT. ANN. tit. 13 § 2719(c) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Jim Dan, Inc. v. O.M. Scott & Sons Co.* 785 F.Supp. 1196 (W.D Pa. 1992) (exclusive remedy clause which restricted buyer's remedy to purchase price of herbicide was not unconscionable under Pennsylvania law where buyer, operator of a golf course, was experienced in making contracts, and had purchased pesticides, herbicides, fungicides, fertilizers, and seeds in the past). | |
| Puerto Rico | Probably not. *See* P.R. LAWS ANN. tit. 31 § 3801 (stating that "[a] vendor is bound to deliver and warrant the thing which is the object of the sale.); *see also* P.R. LAWS ANN. tit. 31 § 3831 (stating that "[b]y virtue of the warranty referred to in § 3801 of this title the vendor shall warrant to the vendee: (1) | Notice required; unclear as to whether pre-litigation notice required. *See* P.R. LAWS ANN. tit. 31 § 3838. | Unclear. *See* P.R. LAWS ANN. tit. 31 § 3831 (stating that "[b]y virtue of the warranty referred to in § 3801 of this title the vendor shall warrant to the vendee. (1) The legal and peaceful possession of the thing sold; (2) That there are no hidden faults or defects | 6 months. *See* P.R. LAWS ANN. tit. 31 § 3847; *See also In re Bird Copying Machines,* 618 F.2d 883 (1st Cir. 1980) (applying Puerto Rico law) (stating that "[u]nder Puerto |

- 35 -

LEGAL02/32549190v1

000209

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | the legal and peaceful possession of the thing sold; (2) that there are no hidden faults or defects therein.")<br><br>*See also In re Bird Copying Machines*, 618 F.2d 883 (1st Cir. 1980) (applying Puerto Rico law) (stating that "[u]nder Puerto Rico law, four requirements for application of warranty against hidden defects are: (1) the hidden defect should be unknown to vendee; (2) the defects should be serious or very important for it to render the thing unfit for use to which it was destined or which diminishes said use in such manner that had vendee had knowledge thereof he would not have acquired it or would have given lower price for it; (3) the defect is preexistent to sale; and (4) the action be brought in legal period, which is six months counted from delivery of the thing sold.") | | therein."). | Rico law, four requirements for application of warranty against hidden defects are: (1) the hidden defect should be unknown to vendee; (2) the defects should be serious or very important for it to render the thing unfit for use to which it was destined or which diminishes said use in such manner that had vendee had knowledge thereof he would not have acquired it or would have given lower price for it; (3) the defect is preexistent to sale; and (4) the action be brought in legal period, which is six months counted from delivery of the thing sold."). |

- 36 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies In Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| Rhode Island | Yes.<br><br>*See Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1999) ("The plaintiff who claims breach of express warranty has the burden of proving that the statements or representations made by the seller induced her to purchase that product and that she relied upon such statements or representations."). | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* R.I. GEN. LAWS § 6A-2-607; *see also Lariviere v. Dayton Safety Ladder Co.*, 525 A.2d 892, 898 (R.I. 1987) ("the questions of sufficiency and reasonableness of time of plaintiff's notice ordinarily are questions of fact for the jury") | Yes.<br><br>Under R.I. GEN. LAWS § 6A-2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other. ..."<br><br>R.I. GEN. LAWS § 6A-2-719(3) "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 4 Years<br><br>*See* R.I. GEN. LAWS § 6A-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| South Carolina | Unclear; Reliance Required pre-UCC.<br><br>*See Halsey v. Minnesota-South Carolina Land & Timber Co.*, 28 F.2d 720, 724 (4th Cir. 1928) (applying SC law); *see also Triple E, Inc. v. Hendrix and Dail, Inc.*, 543 S.E.2d 245, 247 (S.C. App. 2001) ("There are cases where recovery has been allowed on the theory of express warranty ... where the purchaser of an article relied on | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* S.C. CODE ANN. § 36-2-607; *see also Cox House Moving, Inc. v. Ford Motor Co.*, 2006 WL 2303982 (D. S.C. Aug. 8, 2006) ("any good faith communication that reasonably notifies the seller that the buyer is troubled by the transaction should suffice to preserve the buyer's right to pursue UCC | No.<br><br>Under S.C. CODE ANN. § 36-2-316(1), "if an agreement creates an express warranty, words disclaiming it are inoperative."<br><br>However, S.C. CODE ANN. § 36-2-719(3) provides that "consequential damages may be limited or excluded | 6 Years<br><br>*See* S.C. CODE ANN. § 36-2-725 |

- 37 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | representations made by the manufacturer in advertising material.").S.C. Code 1976 § 36-2-313 (adopting UCC provision and comment). | remedies in the event it suffers damages from the defect"). | unless the limitation or exclusion is unconscionable." *See Laidlaw Environmental Services, (TOC), Inc. v. Honeywell, Inc.* 966 F.Supp. 1401 (D.S.C. 1996) (under South Carolina law, contractual provision excluding incidental and consequential damages in contract between computer system installer and operator of hazardous waste incineration facility was not unconscionable; operator's injuries were commercial in nature, operator was a substantial business concern that negotiated at arm's length with installer, both parties were represented by counsel, installer had sought to disclaim warranties and limit remedies since inception of negotiations, and exclusion was conspicuous, being printed in large, capital letters). | |
| South Dakota | Yes.<br><br>*See Virchow v. University Homes, Inc.*, 699 N.W.2d 499, 505 (S.D. 2005) (stating that to | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* S.D. CODIFIED LAWS § 57A-2-607; *see* | Yes.<br><br>Under S.D. CODIFIED LAWS § 57A-2-316(1) "words or conduct relevant | 4 Years<br><br>*See* S.D. CODIFIED LAWS § 57A-2-725 |

- 38 -

LEGAL02/32547190v1

000212

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | recover money damages for breach of express warranty a party must show reliance on the representations, affirmations of fact or promises). | *also Hepper v. Triple U Entertainment Inc.*, 388 N.W.2d 525, 527 (S.D. 1986) ("Notice is an element that must be specifically proven; it is not an affirmative defense."). | to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...."<br><br>Also, S.D. CODIFIED LAWS § 57A-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Johnson v. John Deere Co.*, 306 N.W.2d 231 (S.D. 1981) (although repair and replacement warranty on tractor may have subsequently failed of its essential purpose, entitling buyer to general damages for breach of contract, the limitation on remedies was not unconscionable at the time that the contract was made and buyer could not recover consequential damages). | |
| Tennessee | Probably. | No. | Yes. | 4 Years |

LEGAL\02\23254719\v1

000213

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | *See Masters v. Rishton*, 863 S.W.2d 702, 706 (Tenn. Ct. App. 1992) (breach of express warranty was not available to a plaintiff who had never seen any advertisements for or heard any representations about the safety of a product). | *See Smith v. Pfizer Inc.* 688 F.Supp.2d 735, 750 (M.D. Tenn. 2010) (although a personal injury case, the district court provided that "section 47-2-607(3)(a) simply requires that a plaintiff 'notify the seller of breach within a reasonable time.' Nothing in the plain text of the statute indicates that a lawsuit cannot serve as this notification."). | Under TENN. CODE ANN. § 47-2-316(1) "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...."  TENN. CODE ANN. § 47-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Ford Motor Co. v. Moulton*, 511 S.W.2d 690 (Tenn. 1974) (one-year or twelve thousand-mile limitation on new car express warranty was not prima facie unconscionable under provision of the Uniform Commercial Code permitting consequential damages to be limited or excluded unless the limitation or exclusion is unconscionable). | *See* TENN. CODE ANN. § 47-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Texas | Probably. | Yes. | Yes. | 4 Years |

- 40 -

LEGAL02/32254719v1

000214

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | *See PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 99 (Tex. 2004) ("Before any extra-contractual statement becomes a warranty, it must become 'part of the basis of the bargain.' Thus, for example, a statement cannot be a basis of the bargain if one of the parties does not know about it."; "While 'particular' reliance may not be necessary, we have held several times that something rather like it is."). | *See Ibarra v. Nat'l Constr. Rentals, Inc.*, 199 S.W.3d 32, 37 (Tex. Ct. App. 2006) (Plaintiff was required to prove that she provided presuit notice to fencing rental company about breach of warranty and implied warranty claims). | Under TEX. BUS. & C. CODE ANN. § 2.316(a), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." *See John Deere Co. of Kansas City v. Tenberg*, 445 S.W.2d 40 (Tex. Ct. App. 1969) (if seller and buyer agree upon limitations to warranties, seller is not bound beyond terms of his warranty as fixed by written agreement).

TEX. BUS. & COM. CODE ANN. § 2.719(c) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | *See* TEX. BUS. & COM. CODE ANN. § 2.725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Utah | Yes.

*See Management Committee of Graystone Pines Homeowners Ass'n on Behalf of Owners of Condominiums v. Graystone* | Notice required; unclear as to whether pre-litigation notice required.

*See* UTAH CODE ANN. 70A-2-607; *see also Salt Lake City Corp. v. Kasler Corp.*, 855 F. | Yes.

Under UTAH CODE § 70A-2-316(1) "words or conduct relevant to the creation of an express warranty and | 4 Years

*See* UTAH CODE § 70A-2-725 (However, by the original agreement the |

LEGAL02/32547190v1

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | *Pines, Inc.*, 652 P.2d 896, 900 (Utah 1982) ("It is generally true that reliance is necessary to establish a cause of action for express warranty."). | Supp. 1560, 1567 (D. Utah 1994) (granting motion to dismiss because notice of breach of express warranty six years after acceptance was, as a matter of law, unreasonable). | words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other…." <br><br>Also, UTAH CODE § 70A-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Shurtz v. BMW of North Am.*, 814 P.2d 1108 (Utah 1991) (requiring trial court to determine whether facts of automobile buyer's suit warranted finding that limitation of incidental and consequential damages was unconscionable under Utah Uniform Commercial Code and, if so, to make findings of fact to support that result). | parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Vermont | Yes. <br><br>*See Mainline Tractor & Equipment Co., Inc. v. Nutrite Corp.*, 937 F.Supp. 1095 (D. Vt. 1996) (fact issue as to whether farmer who used herbicides had relied on express | Notice required; unclear as to whether pre-litigation notice required. <br><br>*See* VT. STAT. ANN. tit. 9A § 2-607; *see also Agway, Inc. Teitscheid*, 472 A.2d 1250, 1252 (Vt. 1984) (affirming trial court's | Yes. <br><br>Under VT. STAT. ANN. tit. 9A § 2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct | 4 Years <br><br>*See* VT. STAT. ANN. tit. 9A § 2-725 (However, by the original agreement the parties |

- 42 -

LEGAL02/32547190v1

000216

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | warranties created by label and label booklets provided with herbicide precluded summary judgment in breach of warranty action brought under Vermont version of Uniform Commercial Code (UCC)). | dismissal of breach of warranty claims where buyer failed to provide seller timely notice of breach). | tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." VT. STAT. ANN. tit. 9A § 2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | may reduce the period of limitation to not less than one year but may not extend it.). |
| Virginia | No. *See Daughtrey v. Ashe*, 413 S.E.2d 336, 338-39 (1992) (a buyer's reliance on express warranties by a seller relating to goods was not a necessary element of the buyer's breach of express warranty claim). | Probably. *See Aqualon Co. v. Mac Equipment, Inc.* 149 F.3d 262, 269 (4th Cir.1998) (applying Virginia law) (stating that "the notice requirement is intended to give the seller a fair chance to prepare for litigation ..."). | Yes. Under VA. CODE ANN. § 8.2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." VA. CODE ANN. § 8.2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Envirotech Corp. v. Halco Engineering, Inc,* | 4 Years *See* VA. CODE ANN. § 8.2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it). |

- 43 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | | | 364 S.E.2d 215 (Va. 1988) (clause excluding consequential damages in contract for sale of sludge filtration equipment and related services was valid and enforceable; thus, buyer could not recover costs for office overhead, field supervision, tools and equipment, labor, and financing allegedly incurred because of seller's delays). | |
| Washington | Probably. *Thongchoom v. Graco Children's Prods., Inc.*, 71 P. 3d 214, 219 (Wash. App. Div. 2003) ("Recovery for breach of an express warranty is contingent on a plaintiff's knowledge of the representation."); *Casper v. E.I. Du Pont De Nemours and Co.*, 806 F.Supp. 903, 909 (E.D. Wash. 1992) ("Although no Washington appellate court has held that buyer reliance is necessary to establish an express warranty, some commentators have suggested as much....There is some indication, however, that the Washington Supreme Court will | Notice required; unclear as to whether pre-litigation notice required. *See* WASH. REV. CODE § 62A.2-607. | Yes. Under WASH. REV. CODE § 62A.2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." However, under WASH. REV. CODE § 62A.2-719(3), "[l]imitation of consequential damages for injury to the person in the case of goods | 4 Years *See* WASH. REV. CODE § 62A.2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

LEGAL02/32547190v1

000218

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | follow the commentators' approach to the question of reliance.") | | purchased primarily for personal, family or household use or of any services related thereto is invalid unless it is proved that the limitation is not unconscionable. Limitation of remedy to repair or replacement of defective parts or non-conforming goods is invalid in sales of goods primarily for personal, family or household use unless the manufacturer or seller maintains or provides within this state facilities adequate to provide reasonable and expeditious performance of repair or replacement obligations." | |
| West Virginia | Yes.<br><br>*Gorby v. Bridgeman*, 99 S.E. 88, 90 (W.Va. 1919) ("If they find that there was an express warranty, as contended for by the defendant, then reliance must be had thereon."); *see also Mountaineer Contractors, Inc. v. Mountain State Mack, Inc.*, 268 S.E.2d 886, 892 (W.Va. 1980) ("Where a seller promises to pay for repairs to goods delivered to the buyer in a defective | Notice required; unclear as to whether pre-litigation notice required.<br><br>*See* W. VA. CODE ANN. § 42-2-607; *see also Hill v. Joseph T. Ryerson & Son*, 268 S.E.2d 296, 302-03 (W. Va. 1980) ("We believe that the notice requirement of W.Va.Code, 46-2-607(3)(a), is applicable to the ordinary commercial transaction where the buyer is seeking to avoid the contract price because the goods are not acceptable, | Yes.<br><br>Under W.VA. CODE § 46-2-316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." | 4 Years<br><br>*See* W.VA. CODE § 46-2-725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 45 -

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
|  | condition and the buyer accepts the defective goods in reliance upon the promise to repair, such promises of the seller constitute express warranties.")." | and this Code section should not be extended to the product liability field.")." | W.VA. CODE § 46-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." |  |
| Wisconsin | Yes. *See Selzer v. Brunsell Bros., Ltd.*, 652 N.W.2d 806 (Wis. Ct. App. 2002) (stating that "[t]he elements of an express warranty are: (1) an affirmation of fact; (2) inducement to the buyer; and (3) reliance thereon by the buyer"). | Yes. *See Carl v. Spickler Enterprises, Ltd.*, 165 Wis. 2d 611, 624 (Wis. Ct. App. 1991) (holding that notice must be "sufficient to enable the seller to attempt to repair the defect. Furthermore, the buyer must provide this notice before commencing an action"). | Yes. Under WIS. STAT. § 402.316(1), "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other…." WIS. STAT. § 402.719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | 4 Years *See* WIS. STAT. § 402.725 (However, by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |
| Wyoming | Yes. *Tribe v. Peterson*, 964 P.2d 1238, 1241 (Wyo. 1998) ("In order for an express warranty to exist, there must be some | Notice required; unclear as to whether pre-litigation notice required. *See* WYO. STAT. ANN. § 34.1-2-607; *see also Western Equip. Co. v. Sheridan Iron Works,* | Yes. Under WYO. STAT. ANN. § 34.1-2-316(a), "words or conduct relevant to the creation of an express | 4 Years *See* WYO. STAT. ANN. § 34.1-2-725 (However, by the original |

000220

| Jurisdiction | Is Reliance Required? | Is Pre-Litigation Notice Required? | Can Express Warranty Modify Remedies in Economic Loss Action? | Statute of Limitations on an Express Warranty Claim[1] |
|---|---|---|---|---|
| | positive and unequivocal statement concerning the thing sold which is relied on by the buyer and which is understood to be an assertion concerning the items sold and not an opinion."). | *Inc.*, 605 P.2d 806, 810 (Wyo. 1980) ("we point out that furnishing notice under the statute is an obligation imposed upon one who asserts a right to relief as a buyer"). | warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other...." *See Stauffer Chemical Co. v. Curry* 778 P.2d 1083 (Wyo. 1989) (stating that an "[a]ffirmative act, either by conduct or words, is essential to creation of express warranty.'"). <br><br> WYO. STAT. ANN. § 34.1-2-719(c) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | agreement the parties may reduce the period of limitation to not less than one year but may not extend it.). |

- 47 -

LEGAL02/32547190v1

000221

# EXHIBIT G

## Variations in Implied Warranty of Merchantability Law in the Fifty States, the District of Columbia, and Puerto Rico

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims?<br>Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations<br>Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| Alabama | **Yes**<br><br>*Rampey v. Novartis Consumer Health, Inc.*, 867 So.2d 1079, 1087 (Ala. 2003) ("There is no right of action on an implied warranty theory against a *manufacturer* for property damage without privity of contract.");<br><br>*Copenhagen Reinsurance Co. v. Champion Home Builders Co.*, 872 So.2d 848, 855 (Ala. Civ. App. 2003) (same). | **Yes for third-party beneficiary**<br><br>ALA. CODE § 7-2-318 – "A sellers' warranty, whether express or implied, extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty."<br><br>**But:**<br><br>The rule has been clarified to apply when "the product has been specially manufactured for a particular customer and the manufacturer can reasonably expect the customer to be affected by any problems with the product." *Horton Homes, Inc. v. Brooks*, 832 So.2d 44, 48 (Ala. 2001).<br><br>**No for unsafe products** | **Yes**<br><br>Under ALA. CODE § 7-2-316(2), modification of implied warranty of merchantability must mention merchantability and if written, must be conspicuous.<br><br>Also, ALA. CODE § 7-2-719(3) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. | **Four years**<br><br>Ala. Code § 7-2-275(1).<br><br>**But:**<br><br>By the original agreement, the parties may reduce the period of limitation to not less than one year but may not extend it. | **Yes**<br><br>*See Parker v. Bell Ford, Inc.*, 425 So. 2d 1101, 1102 (Ala. 1983) ("The Alabama Supreme Court has recognized that pre-litigation notice, as required by Alabama Code § 7-2-607(3)(a), is a 'condition precedent to recovery' for a breach of warranty action."); *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1285 (M.D. Al. 2001) (stating that the Alabama Supreme Court's decision in *Parker* stands for the proposition that "in the context of economic harm rather than personal injury, the filing of a lawsuit is not considered to be sufficient notice under Alabama law"). |

[1] Typical methods of modifying an implied warranty of merchantability include limiting the duration of the implied warranty and limiting the remedies available to a party bringing a claim for breach of implied warranty of merchantability.

[2] All states require notice to maintain actions for breach of express warranty and breach of implied warranty of merchantability. State statutes and case law, however do not draw any distinctions between the notice requirements to maintain these actions. *See e.g.*, *US Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194 (Tex. Ct. App. 2003) (stating that "[t]he notice requirement for both breach of express warranty and implied warranty of express warranty springs from the same source – section 2.607(c)(1) of the Texas Business and Commercial Code); *Christian v. Sony Corp. of Am.*, 152 F. Supp. 2d 1184 (D. Minn. 2001) (barring claims for breach of express and implied warranties based on plaintiffs' failure to comply with MINN. STAT. ANN. § 336.2-607).

LEGAL02/32554419v1

000222

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| | | *Rampey v. Novartis Consumer Health, Inc.*, 867 So.2d 1079, 1089-91 (Ala. 2003); *Medley v. U.S*, 480 F.Supp. 1005, 1010 (D. Ala. 1979). | | | Additionally, *Hobbs v. Gen. Motors Corp*, 134 F. Supp. 2d 1277, 1285 (M.D. Al. 2001), provides that "for remote manufacturers to be held liable for an unintentionally created express warranty, as are sellers under the UCC, remote manufacturers should be afforded the same protections as sellers, either by way of notice provided directly to them, or through notice provided to them by the direct seller from the buyer. Therefore, the notice requirement applies to suits against car manufacturers, like Defendant Ford in the instant matter, as it does to sellers. Notably, the court recognized that the Alabama Supreme Court's decision in *Parker* stands for the proposition that "in the context of economic harm rather than personal injury, the filing of a lawsuit is not considered to be sufficient notice under Alabama law." |

- 2 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| Alaska | No<br><br>"There is no longer any requirement that privity exist between the buyer and seller for recovery of property damage or economic loss under a breach of warranty theory." *Shooshanian v. Wagner*, 672 P.2d 455, 462 (Alaska 1983) (citing *Morrow v. New Moon Homes*, 548 P.2d 279, 288-89 (Alaska 1976)). | N/A | Yes<br><br>Under ALASKA STAT. § 45.02.316(c), "to exclude or modify the implied warranty of merchantability....the language must mention merchantability and in case of a writing must be conspicuous...."<br><br>ALASKA STAT. § 45.02.719(c) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. | Three years<br><br>Alaska Stat. § 09.10.053. | No<br><br>*See Shooshanian v. Wagner*, 672 P.2d 455, 462-63 (Alaska 1983) (stating that the filing of a complaint can constitute notice). |
| Arizona | Yes<br><br>Under Arizona law, privity of contract is required to maintain an action for breach of an implied warranty. *Flory v. Silvercrest Indus., Inc.*, 129 Ariz. 574, 579-81, 633 P.2d 383, 388-90 (1981) (holding that economic losses are not recoverable | No case law on this issue | Yes<br><br>Under ARIZ. REV. STAT. ANN. § 47-2316(B), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...."<br><br>ARIZ. REV. STAT. ANN. § 47-2719(C) provides that | Four years<br><br>ARIZ. REV. STAT. ANN. § 47-2725.<br><br>**But:**<br><br>By the original agreement the parties may reduce the period of limitation in not less than one year but may not | Notice required; unclear as to whether pre-litigation notice required<br><br>*See* ARIZ. REV. STAT. ANN. § 47-2607; *see also Mountain-Aire Refrig. & Air Cond. Co. v. Gen. Elec. Co.*, 703 P.2d 577, 579 (Ariz. 1995) (noting that the UCC requires the buyer, within a reasonable time, to notify the seller of the breach of be barred |

- 3 -

LEGAL02/32545491v1

000224

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | for breach of an implied warranty absent privity of contract). | | consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. | extend it. | from any remedy). |
| **Arkansas** | **No**<br><br>Privity is not a bar to implied warranty claims in Arkansas. *Mack Trucks of Ark., Inc. v. Jet Asphalt and Rock Co.*, 437 S.W.2d 459, 462 (Ark. 1969). | N/A | **Yes.**<br><br>Under ARK. CODE ANN. § 4-2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of writing must be conspicuous...."<br><br>ARK. CODE ANN. § 4-2-719(3) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. | **Four years**<br><br>ARK. CODE ANN. § 4-2-725.<br><br>**But:**<br><br>By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Yes**<br><br>*See Williams v. Mozark Fire Extinguisher Co.*, 888 S.W.2d 303, 306 (Ark. 1994) (providing that "[n]otice must be more than a complaint."); *see also Jackson v. Swift-Eckrich*, 830 F. Supp. 486, 491 (W.D. Ark. 1993) (recognizing that although "notice need not be in writing," it nevertheless "must be more than a complaint"). |
| **California** | **Yes**<br><br>*Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005); *All West Electronics, Inc. v. M-B-W, Inc.*, 64 Cal. App. | Yes for third-party beneficiary per Court's Nov. 30, 2010 Order on Toyota's Motion to Dismiss (Dkt. 510 at 66-69)<br><br>No for dangerous instrumentality<br><br>*Peterson v. Lamb Rubber Co.*, 54 Cal. 2d 339, | **Yes**<br><br>Under CAL. COM. CODE § 2316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability | **Four years**<br><br>CAL. COM. CODE § 2725.<br><br>**But:**<br><br>By the original | **No**<br><br>*See In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Practices, and Prod. Liab. Litig.*, 2010 WL 4867562, at *25 (C.D. Cal. 2010) ("Notice may be |

- 4 -

LEGAL02/32545419v1

000225

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | 4th 717, 725 (Cal. App. 5th Dist. 1998). | 346-47 (1960). | and in case of a writing must be conspicuous...." CAL. COM. CODE § 2719(3) explicitly states that "limitation of consequential damages where the loss is commercial is valid unless it is proved that the limitation is unconscionable." | agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | given consistent with *Hampton v. Gebhardt's Chili Powder Co.*, 294 F.2d 172, 174 (9th Cir.1961), which permits post-filing notice if notice is otherwise within a reasonable time, and Plaintiffs are granted leave to amend to allege such notice."). |
| Colorado | No "Implied warranty liability can extend to the manufacturer of component parts." *Shaw v. Gen. Motors Corp*, 727 P.2d 387, 391 (Colo. App. 1986); *Bradford v. Bendix-Westinghouse Auto. Air Brake Co.*, 33 Colo. App. 99, 108, 517 P.2d 406, 411 (1973). | Yes A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section. Colo. Rev. Stat. § 4-2-318. | Yes Under COLO. REV. STAT. ANN. § 4-2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous..." Also, COLO. REV. STAT. ANN. § 4-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | Three Years *See* COLO. REV. STAT. ANN. § 4-2-725 (providing that an action for breach of any contract for sale must be commenced within the time period prescribed in section 13-80-101, C.R.S. This period of limitation may not be varied by agreement of the parties.). | Probably *See Fiberglass Component, Prod., Inc. v. Reichhold Chem., Inc.*, 983 F. Supp. 948 (D. Colo. 1997) (stating that "determination of what is reasonable time for a buyer to give seller notice of breach of express warranty depends on circumstances of each case; purposes of notice requirement are to allow seller to: 1) correct any defect; 2) *prepare for negotiation and litigation*; and 3) protect itself against stale claims asserted after it is too late for seller to investigate them.") (emphasis added). |

- 5 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| Connecticut | Yes<br><br>"In Connecticut, privity of contract is required . . . and is waived only in certain circumstances." *TD Props. v. VP Bldgs., Inc.*, 602 F. Supp. 2d 351, 362 (D. Conn. 2009) (citing *Harmon v. Digliani*, 148 Conn. 710, 712, 174 A.2d 294 (1961) ("[I]n order to sustain an action for breach of express or implied warranty there has to be evidence of a contract between the parties, for without a contract there [can] be no warranty.")). | No for third-party beneficiary, unless Plaintiffs allege an agency relationship between the manufacturer and dealer and Plaintiffs have no other remedies<br><br>"Despite the trend in other jurisdictions to dispense with the privity requirement in contractual breach of implied warranty actions, Connecticut maintains the requirement except under limited circumstances which are not present in this case. There is no allegation in the complaint of an agency relationship between the Dealership and manufacturer nor is it alleged that the plaintiff has no alternative means to obtain a remedy. The no alternative remedies exception also appears particularly inapplicable in light of the plaintiff's claim of breach of express warranty claim set forth in the second count of her complaint." *Kahn v. Volkswagen of Am., Inc.*, No. FSTCV075004090S, 2008 WL 590469, at *9 (Conn. Super. Ct. Feb. 13, 2008). | No<br><br>Implied warranty of merchantability cannot be modified in cases alleging economic losses for sales of consumer goods.<br><br>Consequential damages for breach of implied warranty of merchantability for economic losses may not be modified for sales of consumer goods.<br><br>Under CONN. GEN. STAT. ANN. § 42a-2-316(5), with respect to sales of new or unused consumer goods, "any language, oral or written, used by a seller or manufacturer of consumer goods, which attempts to exclude or modify any implied warranties of merchantability…or to exclude or modify the consumer's remedies for breach of those warranties, shall be unenforceable." | Four Years<br><br>But:<br><br>By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.. *See* CONN. GEN. STAT. ANN. § 42a-2-725. | Notice required; unclear as to whether pre-litigation notice required<br><br>*See* CONN. GEN. STAT. ANN. § 42a-2-607; *see also Zeigler v. Sony Corp. of Am.*, 849 A.2d 19, 24 (Conn. Sup. Ct. 2004) (noting that plaintiffs must give notice in economic injury cases). |

- 6 -

LEGAL02/32545419v1

000227

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| Delaware | **Yes, but third-party beneficiary exception swallows the rule** *Moore v. Douglas Aircraft Co.*, 282 A.2d 625, 626-27 (Del. Sup. Ct. 1971) (holding that privity of contract is required to maintain a breach of warranty claim). | **Yes for third-party beneficiary** "A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section." Del. Code Ann. § 2-318; *see also Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194, 1200 (Del. 1992). **No for dangerous instrumentality** While there is a dangerous instrumentality exception, it only applies in tort, rather than contract, claims. *Fine v. Mayor & Council of Wilmington*, 94 A.2d 393, 395-96 (Del. Sup. Ct. 1953). | **Yes** Under 6 Del. Code § 2-316(2), "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous...." Under 6 Del. Code § 2-719(3), "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is *prima facie* unconscionable but limitation of damages where the loss is commercial is not." | **Four Years** *See* Del. Code Ann. tit. 6 § 2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** *See* Del. Code Ann. tit. 6 § 2-607; *see also Gunzl v. CJ Pony Parts*, 2008 WL 755272, at *2 (Del. Sup. Ct. March 20, 2008) ("Gunzl can only recover damages for a breach of implied or express warranty where there is privity between the parties, notice is established, and the applicable statute of limitations has not run."). |
| D.C. | **No** Privity is not a requirement in an implied warranty action. *Picker X-Ray Corp. v. Gen. Motors* | N/A | **No** Implied warranty of merchantability cannot be modified in cases alleging economic losses for sales of | **Four Years** *See* D.C. Code Ann. § 28:2-725. **But:** | **Notice required; unclear as to whether pre-litigation notice required** *See* D.C. Code Ann. § 28:2-607; *see also Witherspoon v. Phillip* |

- 7 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | *Corp.*, 185 A.2d 919, 923 (D.C. 1962) (holding that "regardless of the lack of contractual privity, the implied warranty of fitness and merchantability runs to the ultimate consumer for whose use the article or personal property had been purchased."). | | consumer goods.\n\nNo, consequential damages for breach of implied warranty of merchantability for economic losses may not be modified for sales of consumer goods.\n\nUnder D.C. CODE ANN. § 28:2-316.01(2), "any oral or written language used by a seller of consumer goods and services, which attempts to exclude or modify any implied warranties of merchantability…or to exclude or modify the consumer's remedies for breach of those warranties, is unenforceable." | By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | *Morris Inc.*, 964 F. Supp. 455, 464-65 (D.D.C. 1997) (Notice required, but constructive notice may occur when seller receives "numerous inquiries"; additionally, notice cannot be raised as a defense where seller "willfully fails to disclose a defect."). |
| Florida | **Yes**\n\n"It is now well-settled that, barring certain exceptions, under Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity." *Smith* | **No for third-party beneficiary, but there are two other exceptions**\n\n**No Alternative Remedy**\n\nAn exception to the privity rule for implied warranty claims was recognized when there is no alternate remedy. *A.R. Moyer, Inc. v. Graham*, 285 So.2d 397 (Fla. 1973) (using | **Yes**\n\nUnder FLA. STAT. ANN. § 672.316(2), "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous.…" *See Hi* | **Five Years**\n\n*See* FLA. STAT. ANN. § 95.011 (stating that a legal or equitable action on a contract, obligation, or liability founded on a written instrument must be commenced within 5 | **Probably**\n\n*See Dunham-Bush, Inc. v. Thermo-Air Service, Inc.* 351 So.2d 351 (Fla. Dist Ct. App. 4th 1977) (stating that to properly plead a cause of action for breach of warranty under the UCC, complaint should at least contain |

- 8 -

LEGAL02/32545419v1

000229

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims?<br>Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations<br>Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | v. *Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1342 (S.D. Fla. 2009) (internal citations and quotations omitted). | exception to allow the claim of a third party to move forward absent privity); *but see Airport Rent-A-Car, Inc. v. Prevost Car, Inc.*, 660 So.2d 628, 630-32 (Fla. 1995) (limiting Moyer and refusing to create an exception to this rule for "sudden calamitous events").<br><br>*Direct Contacts*<br><br>There is an exception to the privity requirement where a buyer relies on "direct contacts" with a manufacturer in purchasing a product. *Am. Coach Lines of Orlando, Inc. v. N. Am. Bus. Indus., Inc.*, 6:09-cv-199-Orl-19GJK, 2010 WL 3958692, at *9 (Oct. 8, 2010). But this exception requires direct contacts with the buyer upon which the buyer relies, which is more of an issue for express warranty claims. *See id.; Cedars of Lebanon Hosp. Corp. v. Euro. X-Ray Distribs. Of Am., Inc.*, 444 So.2d 1068, 1072 (Fla. 3d Dist. Ct. App. 1984). | *Neighbor Enterprises, Inc. v. Burroughs Corp.*, 492 F. Supp. 823, 826 (D.C. Fla. 1980) (observing that warranty exclusions that meet the requirements of § 672.316(2) are enforceable).<br><br>FLA. STAT. ANN. § 672.719(3) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. *See Hi Neighbor Enterprises, Inc. v. Burroughs Corp.*, 492 F. Supp. 823, 827 (D.C. Fla. 1980) (observing that Florida allows recoverable for breach of contract and breach of warranty and that such agreements are enforceable); *see also Action Orthopedics, Inc. v. Techmedica, Inc.*, 759 F. Supp. 1566, 1569 (M.D. Fla. 1991) (explaining that under "applicable case law and the Florida Uniform Commercial | years). | allegations in regard to the facts in respect to sale of the goods, identification of the types of warranties created, facts in respect to creation of the particular warranty, facts in respect to breach of the warranty, *notice to seller of breach*, and the injuries sustained by buyer as a result of the breach of warranty) (emphasis added). |

- 9 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | | Code, contracts may limit damages recoverable for breach of contract, and if such provisions are made, greater compensatory damages may not be awarded"). | | |
| Georgia | No "While ordinarily ... there is no implied warranty existing between a manufacturer and an ultimate consumer, this is due to the fact that no privity of contract exists between the two. However, where an automobile manufacturer, through its authorized dealer issues to a purchaser of one of its automobiles from such dealer admittedly as part of the sale a warranty [sic] by the manufacturer running to the purchaser, privity exists ...." *Chrysler Corp. v. Wilson Plumbing Co.*, | N/A | Yes Under GA. CODE ANN. § 11-2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." GA. CODE ANN. § 11-2-719(3) provides that consequential damages in economic loss cases may be limited or excluded unless such exclusion is unconscionable. *See Lee v. Mercedes-Benz USA, LLC*, 622 S.E.2d 361, 362, 276 Ga. App. 28 (2005) (finding limitation on consequential damages valid and not unconscionable). | **Four Years** See GA. CODE ANN. § 11-2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | No *See Hudson v. Gaines*, 403 S.E.2d 852, 854 (Ga. Ct. App. 1991) (holding that service of a suit was reasonable notice). |

- 10 -

000231

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | 132 Ga. App. 435, 437, 208 S.E. 2d 321, 323-24 (1974); *see also Lauria v. Ford Motor Co.*, 169 Ga. App. 203, 205, 312 S.E. 2d 190, 192 (1983). | | | This chart does not outline when a claim accrues in each state. | |
| Hawaii | **Yes, but may be completely consumed by the third-party beneficiary rule** See *Larsen v. Pacesetter Systs., Inc.*, 74 Haw. 1, 837 P.2d 1273 (Haw. 1992); *Ontai v. Straub Clinic and Hosp. Inc.*, 66 Haw. 237, 659 P.2d 734 (Haw. 1983). | **Unclear, caselaw on this issue limited to personal injury claims, not economic loss claims** "A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends." Haw. Rev. Stat. §490.2-318; *see also Ontai v. Straub Clinic and Hosp. Inc.*, 66 Haw. 237, 249, 659 P.2d 734, 743 (Haw. 1983) (holding that patient could sue manufacturer of X-ray machine despite of lack of privity because he was a third-party beneficiary). "[P]rivity is not required when the goods sold constitute a dangerous instrumentality...." *Brown v. Chapman*, 304 F.2d 149, 151 (9th | **Yes** Under Haw. Rev. Stat. § 490.2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." Haw. Rev. Stat. § 490.2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | **Four Years** *See* Haw. Rev. Stat.§ 490.2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** *See* Haw. Rev. Stat. § 490.2-607(3)(a). |

- 11 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | Cir. 1962) (applying Hawaii law and holding that a hula skirt with flammable fabric was a "dangerous instrumentality," thus circumventing the privity requirement."). | | | |
| Idaho | **Yes** "The requirement of privity of contract in a contract action to recover economic loss for breach of implied warranty is consistent with previous decisions of this court in products liability actions to recover economic loss." *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 351-55, 544 P.2d 306, 309-13 (1975); *see also Ramerth v. Hart*, 133 Idaho 194, 198, 983 P.2d 848, 852 (1999) (reaffirming *Salmon Rivers* after several cases questioned its holding). | **No for third-party beneficiary** "UCC warranties apply only to those in privity of contract with the manufacturer and those who qualify as third-party beneficiaries of the underlying sales contract as defined by I.C. § 28-2-318." *Puckett v. Oakfabco, Inc.*, 132 Idaho 816, 825, 979 P.2d 1174, 1183 (Idaho 1999). Because Idaho Code Ann. § 28-2-318 only removes privity for family or household members (and their guests), there is no third-party beneficiary exception for end consumers. | **Yes** Under ID. CODE § 28-2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." ID. CODE § 28-2-719 provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | **Four Years** *See* ID. CODE § 28-2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** *See* ID. CODE ANN. § 28-2-607; *see also Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 544 P.2d 306, 313 (Idaho 1975) ("Cessna was a remote manufacturer rather than the seller to Salmon Rivers, and consequently the notice requirement of I.C. s 64-309 was inapplicable to Salmon Rivers in its action against Cessna."). |

- 12 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| Illinois | **Yes, but very weak** <br><br> There is a privity requirement for implied warranty of merchantability claims, but this requirement is "relaxed" when (1) the manufacturer extended a written warranty with the product, and (2) a consumer brought an action under Magnuson-Moss. *Shoop v. DaimlerChrysler Corp.,* 371 Ill. App. 3d 1058, 1066, 864 N.E. 2d 785, 792 (2007) (holding that buyer was in privity with car manufacturer because the manufacturer issued a written warranty and the buyer brought a Magnuson-Moss claim). | **Yes for third-party beneficiary, but does not apply here** <br><br> The privity rule is not a bar to a claim "where there is a direct relationship between the manufacturer and the seller, or where, as here, the manufacturer knew the identity, purpose and requirements of the dealer's customer and manufactured or delivered the good specifically to meet those requirements." *Frank's Maint. & Eng'g, Inc. v. C. A. Roberts Co.,* 86 Ill. App. 3d 980, 992-93, 408 N.E.2d 403, 412 (1980). <br><br> "*Frank's Maintenance* and its progeny all require that the manufacturer know the identity of the buyer's customer." *Outboard Marine Corp. v. Babcock Indus., Inc.,* 1995 WL 296963, at *5 (N.D. Ill. 1995) (holding that lack of privity barred a claim when the manufacturer did know the actual identity of the ultimate buyer). <br><br> **No for unsafe products** <br><br> Plaintiffs can obviate the privity requirement when they allege personal injury, but not if they claim economic loss under the warranty of merchantability. *Jensen v. Bayer AG,* 371 Ill. | **Yes** <br><br> Under 810 ILCS 5/2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." <br><br> 810 ILCS 5/2-719(3) provides that consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *But see Razor v. Hyundai Motor America,* 222 Ill.2d 75, 854 N.E.2d 607 (2006) (finding consequential damages limitation in warranty unconscionable because of inequality of bargaining power, recipient of warranty had no hand in its drafting, warranty was preprinted, and clause was intended to limit the drafter's liability). | **Four Years** <br><br> *See* 810 ILCS § 5/2-725. <br><br> **But:** <br><br> By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Yes** <br><br> *See Connick v. Suzuki Motor Co.,* 675 N.E.2d 584 (Ill. 1996) (Under Illinois' version of Uniform Commercial Code (UCC), buyers must in general notify seller of troublesome nature of transaction or be barred from recovery for breach of warranty). |

- 13 -

LEGAL02/32454419v1

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims?<br>Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations<br>Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | App. 3d 682,691, 862 N.E.2d 1091, 1099, 1100 (2007). | | | |
| Indiana | No<br><br>"'[A] consumer may sue a manufacturer for economic loss based on breach of the implied warranty of merchantability even if the consumer purchased the product from an intermediary in the distribution chain." *Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947, 959 (Ind. 2005). | N/A | Yes<br><br>Under IND. CODE ANN. § 26-1-2-316(2), "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous…." *See Hahn v. Ford Motor Co., Inc.*, 434 N.E.2d 943, 948 (Ind. App. 1982) (finding warranty limitation sufficiently conspicuous when printed in bold face type on the front page of the booklet).<br><br>IND. CODE ANN. § 26-1-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Hahn*, 434 N.E.2d at 948 (observing that "modifications of warranties and limitations of | Four Years<br><br>*See* IND. CODE ANN. § 26-1-2-725; *see also B&B Paint Corp. v. Shrock Mfg. Inc.*, 568 N.E.2d 1017 (Ind. App. 1991).<br><br>**But:**<br><br>By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Probably**<br><br>*See Thompson Farms, Inc. v. Corno Feed Prods.*, 366 N.E.2d 3 (Ind. App. 1977) (holding that notice of breach of warranties, as required under Uniform Commercial Code provision, is a substantive condition precedent recovery and party claiming breach of warranty must allege that notice was given in accordance with such provision.). |

- 14 -

LEGAL02/32545419v1

000235

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| | | | remedy are not per se unconscionable"). | | |
| Iowa | **Yes** Iowa courts do not allow purchasers to maintain a suit for breach of implied warranties by a remote manufacturer where the only damages sought are for economic loss. *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103, 108 (Iowa 1995). | **Yes for third-party beneficiary, but this does not apply here because it does not extend to purely economic loss claims** "A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends." IOWA CODE ANN. § 554.2318. *Tomka*, 528 N.W.2d at 108 (holding that purchasers cannot maintain implied warranty claims where only damages sought are for economic loss). **No for unsafe products/dangerous instrumentality for economic loss** While there is some case law in Iowa stating that "sudden and dangerous occurrences" sound in tort, thereby circumventing the privity requirement, this is related only to when there | **Yes** Under IOWA CODE § 554.2316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." *See Bruce v. ICI Americas, Inc.*, 933 F. Supp. 781, 790 (S.D. Iowa 1996) (explaining that "implied or express warranties may be modified or excluded pursuant to Iowa Code § 554.2316"). IOWA CODE § 554.2719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Bruce v. ICI Americas, Inc.*, 933 F. Supp. 781, 790 (S.D. Iowa 1996) (finding that "parties to a contract can agree to exclude consequential | **Ten Years** *See* IOWA CODE § 614.1; *see also* IOWA CODE § 554.2725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Yes** *See Wright v. Brooke Group Ltd.*, 114 F. Supp. 2d 797, 828 (N.D. Iowa 2000) (noting that notice is a condition precedent to recovery, and under Iowa law, the notice ordinarily must be more than "a mere complaint"). |

- 15 -

LEGAL02/32545419v1

000236

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? [1] Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| | | is actual damage to person or property, as opposed to traditional contract remedies. *See Richards v. Midland Brick Sales Co.*, 551 N.W. 2d 649, 651 (Iowa App. 1996). | damages from one party's possible recovery upon a breach of that contract" pursuant to Iowa Code § 554.2719 and *Boone Valley Coop. Proc. Ass'n v. French Mill Mach. Co.*, 383 F. Supp. 606, 612 (N.D. Iowa 1974)). | | |
| Kansas | **Yes** "[U]nder K.S.A. 84-2-314 and K.S.A. 84-2-315 only a seller may be held liable for the breach of the implied warranties of merchantability and fitness for a particular purpose." *Serv. Foundry, Inc. v. M.A. Bell Co.*, 2 Kan. App. 2d 662, 671, 588 P.2d 463, 472 (1978). | **Yes for third-party beneficiary, but does not apply here** "A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section." KAN. STAT. ANN. § 84-2-318. This rule only applies when the buyer has suffered personal injuries, as opposed to economic loss (benefit of the bargain damages). *Owens-Corning Fiberglas Corp. v. Sonic Dev. Corp.*, 546 F. Supp. 533, 541 (D. Kan. 1982). **Yes for inherently dangerous products, but does not apply here** | **Yes.** Under KAN. STAT. ANN. § 84-2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous..." KAN. STAT. ANN. § 84-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | **Four Years** *See* KAN. STAT. ANN. § 84-2-725 **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Probably** *See Smith v. Stewart* 667 P.2d 358 (Kan. 1983) (giving notice of defect within reasonable time is condition precedent to filing action by buyer against seller based on breach of express or implied warranty). *See also Carson v. Chevron Chem. Co.*, 635 P.2d 1248, 1256 (Kan. 1981) (finding that in the ordinary buyer-seller relationship, notice is only required to the immediate sell, but where "other parties to the manufacture, distribution and sale of the product are closely related, or where the other parties actively |

- 16 -

LEGAL02/32545419v1

000237

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | Kansas law extends implied warranties to "non-privity manufacturers whose inherently dangerous products cause physical injuries to buyers." *Prof'l Lens Plan, Inc. v. Polaris Leasing Corp.*, 234 Kan. 742, 754, 675 P.2d 887, 898 (1984). This rule is limited, however, to cases where the defective product causes physical injury. *Koss Constr. v. Caterpillar, Inc.*, 25 Kan. App. 2d 200, 208, 960 P.2d 255, 260 (1998). | | | participate in the consummation of the actual sale of the product, the reason for the exclusion of such other parties from the ... notice provision cease to exist [and they must be provided notice as well]"). |
| Kentucky | Yes "[A] plaintiff-buyer asserting a claim based upon an implied warranty must establish that it enjoyed privity of contract with the defendant-seller against whom the implied warranty claim is asserted." *Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237, 240 (Ky. Ct. App. 2007). | No The only exception to the privity requirement (*Brown Sprinkler*, 265 S.W.3d at 240) requires the injured party to be part of the family or household of a buyer who was in privity with the manufacturer. *Compex Intern. Co., Ltd. v. Taylor*, 209 S.W.3d 462, 264-5 (Ky. 2006). | Yes Under KY. REV. STAT. ANN. § 355.2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous." *See Peacock v. Damon Corp.*, 458 F. Supp. 2d 411, 418 (W.D. Ky. 2006) (finding limitation on duration of implied warranty of merchantability valid). KY. REV. STAT. ANN. § 355.2-719 provides that | Four Years See KY. REV. STAT. ANN. § 355.2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | No *See Mullins v. Wyatt*, 887 S.W.2d 356, 358 (Ky. 1994) (noting that failure to give pre-litigation notice is not fatal to a civil action for breach of warranty); *see also Overstreet v. Norden Labs., Inc.*, 669 F.2d 1286, 1288 (6th Cir. 1982) (noting that failure to give pre-litigation notice is not fatal to a civil action for breach of warranty). |

- 17 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | | "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Moore v. Mack Trucks, Inc.*, 40 S.W.3d 888, 891 (Ky. App. 2001) (finding limitation on remedy to repair and replacement was valid limitation on consequential damages). | | |
| Louisiana | No "A buyer may bring an action against all sellers in the chain of sales back to the primary manufacturer to rescind the sale for breach of implied warranty." *Walton Const. Co. v. G.M. Horne & Co.*, 984 So.2d 827, 834 (La. App. 2008). | N/A | Yes Under LSCA-C.C. Art. 2520, "the seller warrants the buyer against redhibitory defects, or vices, in the thing sold." A defect is redhibitory "when it renders the thing useless" or "diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it for a lesser price." LSA-C.C. Art. 2548 provides that "the parties may agree to an exclusion or limitation of the warranty against redhibitory defects. The terms of the exclusion or | Ten Years *See* LA. CIV. CODE ANN. Art. 3499 (stating that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." | Notice required; unclear as to whether pre-litigation notice required *See David v Thibodeaux*, 916 So. 2d 214, 219 (La. App. 2005) (noting that under Louisiana law, the buyer must give the seller notice of the existence of a redhibitory defect within sufficient time to allow the seller the opportunity to make the required repairs, but notice not required if the seller has knowledge of the defect). |

- 18 -

LEGAL02/32545419v1

000239

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims?  Note: This chart does not outline a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations  Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | | limitation must be clear and unambiguous and must be brought to the attention of the buyer." *See Anthony's Auto Sales, Inc. v. Shepard*, 600 So.2d 125 (La. App. 1992) (observing that while in "Louisiana, the seller is bound by an implied warranty that the thing he sold is free of hidden defects and is reasonably fit for the product's intended use....The parties are free to limit or diminish, by express agreement, the warranty imposed by law.  In order for a waiver of warranty to be effective, three elements must be present:  (1) the waiver must be clear and unambiguous; (2) the waiver must be contained in the sale and mortgage document; and (3) the waiver must either be brought to the attention of the buyer or explained to him"). | | |

- 19 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | **No**  "Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller or supplier of goods for breach of warranty, express or implied, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods." ME. REV. STAT. ANN. Tit. 11, §2-318. | **N/A** | **No**  Implied warranty of merchantability cannot be modified in cases alleging economic losses for sales of consumer goods.  Consequential damages for breach of implied warranty of merchantability for economic losses may not be modified for sales of consumer goods.  Under 11 ME. REV. STAT. ANN. § 2-316(5), "any language, oral or written used by a seller or manufacturer of consumer goods and services that attempts to exclude or modify any implied warranties of merchantability…or to exclude or modify the consumer's remedies for breach of those warranties is unenforceable." Consumer goods and services are, in turn, defined as 'those new or used goods and services, including mobile homes, that | **Four Years**  *See* ME. REV. STAT. ANN. tit. 11 § 2-725.  **But:**  By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required**  *See* ME. REV. STAT. ANN. tit. 11 § 2-607; *see also Sullivan v. Young Bros. & Co.*, 893 F. Supp. 1148 (D. Me. 1995) (interpreting Maine law as not requiring notice to remote sellers) (reversed on other grounds). |

- 20 -

LEGAL02/32545419v1

000241

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| | | | are used or bought primarily for personal, family, or household purposes." | | |
| Maryland | No "Any previous requirement of privity is abolished as between the buyer and the seller in any action brought by the buyer." Md. Code Ann. §2-314(1)(b); see also Sheeskin v. Giant Food, Inc., 20 Md. App. 611, 632, 318 A.2d 874, 886–87 (Md. Ct. Spec. App. 1974) (acknowledging that the amendments to §2-314 extend manufacturer liability to the ultimate consumer). | N/A for third-party beneficiary  Yes for dangerous instrumentality as an exception to economic loss rule in tort  "[I]n order to assert a cognizable products liability theory of recovery, an action sounding in tort, but one premised on economic loss alone, the plaintiff must allege facts that demonstrate that the product at issue creates a dangerous condition, one that gives rise to a clear danger of death or personal injury." Lloyd v. Gen. Motors Corp., 397 Md. 108, 124, 916 A.2d 257 (2007); see also Council of Co-Owners Atlantis Condo., Inc. v. Whiting-Turner Contracting Co., 308 Md. 18, 30–31, 517 A.2d 336, 342–43 (1986). | No  Implied warranty of merchantability cannot be modified in cases alleging economic losses for sales of consumer goods.  Consequential damages for breach of implied warranty of merchantability for economic losses may not be modified for sales of consumer goods.  Under Md. Code Ann. Comm. Law § 2-316.1(2), "any oral or written language used by a seller of consumer goods and services, which attempts to exclude or modify any implied warranties of merchantability…or to exclude or modify the consumer's remedies for breach of those warranties, is unenforceable." | Four Years  See Md. Code Ann. Comm. Law § 2-725.  But:  By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | Notice required; unclear as to whether pre-litigation notice required.  See Md. Code Ann. Comm. Law. § 2-607(3)(a). |

- 21 -

LEGAL02/32545419v1

000242

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| **Massachusetts** | **No** | N/A | **No** | **Three Years** | **Notice required, but failure to give notice will not bar recovery unless defendant proves prejudice** |
| | "Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller, lessor or supplier of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant if the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods. The manufacturer, seller, lessor or supplier may not exclude or limit the operation of this section. Failure to give notice shall not bar recovery under this section unless the defendant proves that he | | Implied warranty of merchantability cannot be modified in cases alleging economic losses for sales of consumer goods. No consequential damages for breach of implied warranty of merchantability for economic losses may not be modified for sales of consumer goods. Under MASS. GEN. LAWS ANN. ch. 106, § 2-316A(2), "any language, oral or written, used by a seller or manufacturer of consumer goods and services; which attempts to include or modify any implied warranties of merchantability…or to exclude or modify the consumer's remedies for breach of those warranties, shall be unenforceable." | MASS. GEN. LAWS ANN. ch. 106 §2-318. | *See* MASS. GEN. LAWS ANN. ch. 106 § 2-318; MASS. GEN. LAWS ANN. ch. 106 § 2-607; *see also Sacramona v. Bridgestone/Firestone, Inc.*, 106 F.3d 444, 448-49 (1st Cir. 1997) (acknowledging that notice is required under Massachusetts law). |

- 22 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| | was prejudiced thereby." Mass. Gen. Laws Ann. ch. 106 §2-318. | | | | |
| **Michigan** | **No** The Michigan Supreme Court has held that for some remote purchasers it is unnecessary in actions for breach of implied warranty to establish privity of contract with the manufacturer. *Piercefield v. Remington Arts Co.*, 375 Mich. 85, 98, 133 N.W.2d 129 (1965); *Cova v. Harley Davidson Motor Co.*, 26 Mich. App. 602, 609, 182 N.W.2d 800, 804 (1970) (recognizing that privity is no longer required even in cases where plaintiffs purely allege economic loss). **But:** "A remote purchaser is | N/A | **Yes** Under MICH. COMP. LAWS § 440.2316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...". *See DeValerio v. Vic Tanny Intern*, 140 Mich. App. 176, 181, 363 N.W.2d 447, 449 (1984) (observing that "because liability for breach of warranty is liability without fault, we see nothing unconscionable about such a disclaimer [of implied or express warranties]"). MICH. COMP. LAWS § 440.2719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | **Four Years** *See* MICH. COMP. LAWS § 440.2725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** *See* MICH. COMP. LAWS ANN. § 440.2607(3)(a); *see also Am. Bumper & Mfg. Co. v. Transtechnology Corp*, 652 N.W.2d 252 (Mich. Ct. App. 2002) (The purposes of the Uniform Commercial Code's (UCC) notice requirementsare: (1) to prevent surprise and allow the seller the opportunity to make recommendations how to cure the nonconformance; (2) to allow the seller the fair opportunity to investigate and prepare for litigation; (3) to open the way for settlement of claims through negotiation; and (4) to protect the seller from stale claims and provide certainty in contractual arrangements.). |

- 23 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | subject to the manufacturer's disclaimer of implied warranties in the same manner as is the original purchaser, and can acquire no greater implied-warranty rights from the manufacturer than the original purchaser can." *Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*, 284 Mich. App. 617, 641, 774 N.W.2d 332, 345 (2009). | | | | |
| Minnesota | **No** The Minnesota legislature abrogated its privity requirement in 1969. *Church of the Nativity of Our Lord v. WatPro, Inc.*, 474 N.W.2d 605, 609 (Minn. Ct. App. 1991). "A seller's warranty whether express or implied extends to any person who may reasonably be | **N/A** | **Yes** Under MINN. STAT. § 336.2-316(2), "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous…." Under MINN. STAT. § 336.2-719(3), "consequential damages may be limited or excluded unless the limitation or | **Four Years** *See* MINN. STAT. § 336.2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** *See* MINN. STAT. § 336.2-607; *see also Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 401 F.3d 901, 906 (8th Cir. 2005) (determining there was sufficient evidence from which a jury could have found compliance with the notice requirement). |

- 24 -

LEGAL02/32546419v1

000245

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section." Minn. Stat. Ann. §336.2-318. | | exclusion is unconscionable." | | |
| Mississippi | No<br><br>"In all causes of action for personal injury or property damage or economic loss brought on account of negligence, strict liability or breach of warranty, including actions brought under the provisions of the Uniform Commercial Code, privity shall not be a requirement to maintain said action." Miss. Code Ann. § 11-7-20; see also Watson Quality Ford, Inc. v. Casanova, 999 So.2d 830, 834 (Miss. 2008) (acknowledging that privity is not required to | N/A | No<br><br>MISS. CODE ANN. § 75-2-315.1(1) provides "[a]ny oral or written language used by a seller of consumer goods and services, which attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose or to exclude or modify the consumer's remedies for breach of those warranties, is unenforceable. However, the seller may recover from the manufacturer any damages resulting from breach of the implied warranty of merchantability or fitness for a particular purpose." | Six Years<br><br>See MISS. CODE ANN. § 75-2-725. | Notice required; unclear as to whether pre-litigation notice required<br><br>See MISS. CODE ANN. § 75-2-607; see also Miss. Chem. Corp. v. Dressler-Rand Co., 287 F.3d 359, 368 (5th Cir. 2002) (noting that the MS statute requires that the buyer provide the seller notice, but that it need not be a specific claim for damages or an assertion of legal rights). |

- 25 -

000246

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | state a claim for breach of implied warranty of merchantability). | | Additionally, MISS. CODE ANN. § 75-2-719(4) provides that "[a]ny limitation of remedies which would deprive the buyer of a remedy to which he may be entitled for breach of an implied warranty of merchantability or fitness for a particular purpose shall be prohibited." | | |
| Missouri | **No** Under Missouri law, a remote purchaser may bring suit against the manufacturer for breach of implied warranties. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 129 (Mo. 2010). | N/A | **Yes** Under MO. REV. STAT. § 400.2-316(2) "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." Also, MO. REV. STAT. § 400.2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | **Four Years** MO. REV. STAT. § 400.2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** *See* MO. REV. STAT. § 400.2-607; *see also Ragland Mills, Inc. v. Gen. Motors Corp.*, 763 S.W.2d 357, 361 (Ct. App. Miss. 1989) (notice generally only required to immediate seller). |

LEGAL02/32545419v1

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| Montana | No "The privity requirement was abolished in Montana and a remote manufacturer may be liable for breach of implied warranties." *Streich v. Hilton Davis*, 214 Mont. 44, 60, 692 P.2d 440, 448 (1984). | N/A | Yes. Under MONT. CODE ANN. § 30-2-316(2) "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." MONT. CODE ANN. § 30-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | Four Years *See* MONT. CODE ANN. § 30-2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** *See* MONT. CODE ANN. § 30-2-607; *see also Fire Supply & Service, Inc. v. Chico Hot Springs*, 639 P.2d 1160 (Mont. 1982) ("To recover damages for breach of warranty, the buyer must plead and prove that he gave the seller notice of the breach within a reasonable time after it was discovered or be barred from any remedy."). |
| Nebraska | No *Peterson v. N. Am. Plant Breeders*, 218 Neb. 258, 354 N.W.2d 625 (Neb. 1984) (holding that a product placed in the chain of distribution carries an implied warranty of merchantability which protects the ultimate purchaser, and privity is | N/A | Yes Under NEB. REV. STAT. U.C.C. § 2-316(2) "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." NEB. REV. STAT. U.C.C. § 2-719(3) provides that | Four Years *See* NEB. REV. STAT. U.C.C. § 2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not | **Notice required; unclear as to whether pre-litigation notice required** *See* NEB. REV. STAT. U.C.C. § 2-607; *see also Fitl v. Strek*, 690 N.W.2d 605, 608 (Neb. 2005) (noting that the buyer must give the seller notice); *Moore v. Puget Sound Plywood, Inc.*, 332 N.W.2d 212 (Neb. 1983) ("A purchaser must plead and prove that she gave |

- 27 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | not required for recovery on a claim for breach of an implied warranty of merchantability). | | "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Koperski v. Husker Dodge, Inc.*, 302 N.W.2d 655 (Neb. 1981) (stating that language of a warranty limiting buyer's remedies to repair and replacement of defective parts is not, on its face, unconscionable.). | extend it. | timely notice of a breach of warranty."). |
| Nevada | No  Nevada does not require privity in implied warranty claims, even if the claim is just for economic loss. *Hiles Co. v. Johnston Pump Co. of Pasadena, Cal.*, 93 Nev. 73, 78-79, 560 P.2d 154, 157 (1977). | N/A | Yes  Under NEV. REV. STAT. § 104.2316(2) "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous…."  Also, NEV. REV. STAT. § 104.2719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | Four Years  *See* NEV. REV. STAT. § 104.2725.  But:  By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | Notice required; unclear as to whether pre-litigation notice required  *See* NEV. REV. STAT. § 104.2607. |

- 28 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| **New Hampshire** | **No** "With the enactment of RSA 382-A:2-318 (Supp.1992), the New Hampshire Legislature removed both horizontal and vertical privity as defenses to implied warranty claims." *Dalton v. Stanley Solar & Stove, Inc.*, 137 N.H. 467, 470, 629 A.2d 794, 797 (1993). | N/A | **Yes** Under N.H. STAT. ANN. § 382-A:2-316(2) "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous..." However, N.H. REV. STAT. ANN. § 382-A:2-316(4) provides in any case in which goods are purchased primarily for personal, family or household use and not for commercial or business use (a consumer sale), disclaimers of the warranty of merchantability or fitness for a particular purpose shall not be effective to limit the liability of merchant sellers, unless the seller provides the buyer with a conspicuous writing which must be signed by the buyer and which clearly informs the buyer, prior to or at the time of the sale, in simple and concise | **Four Years** *See* N.H. REV. STAT. ANN. § 382-A:2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Yes** *See ACE Am. Ins. Co. v. Fountain Powerboats, Inc.*, 2007 WL 2438338, at *3 (D.N.H. 2007) ("If that notice requirement is to have any meaning at all, a civil complaint cannot serve the dual purpose of providing the defendant(s) with notice of potential warranty claims and actually initiate legal action based on those warranty claims"). |

- 29 -

LEGAL02/32545419v1

000250

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| | | | language of each of the following: (a) The goods are being sold on an "as is" or "with all faults" basis; (b) The entire risk as to quality and performance of the goods is with the buyer; and (c) If the goods prove defective after purchase, the buyer, not the manufacturer, distributor or retailer, shall assume the entire cost of all necessary servicing or repair.  N.H. REV. STAT. ANN. § 382-A:2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | | |

- 30 -

LEGAL02/32545419v1

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| New Jersey | No "Under the U.C.C. as construed by this Court, moreover, the absence of privity no longer bars a buyer from reaching through the chain of distribution to the manufacturer." *Alloway v. Gen. Marine Indus., L.P.,* 149 N.J. 620, 642-23, 695 A.2d 264, 275 (1997). | N/A | Yes Under N.J. STAT. ANN. § 12A:2-316(2) "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." Also, N.J. STAT. ANN. § 12A:2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | Four Years, but may be extended to six years for claims based on tortuous injury to property *See* N.J. STAT. ANN. § 12A:2-725; *DiIorio v. Structural Stone & Brick Co., Inc.,* 368 N.J. Super 134 (2004). **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | No *See Taylor v. JVC Americas Corp.,* 2008 WL 2242451, at *6 (D.N.J. May 30, 2008) (noting that under New Jersey law, a defendant does not need to provide pre-litigation notice and that the filing of a complaint can satisfy the notice requirement). |
| New Mexico | No In New Mexico, though the case law on the subject is scarce, a manufacturer can be held liable to the buyer without regard to privity. *Perfetti v.* | N/A | Yes Under N.M. STAT. ANN. § 55-2-316(2) "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be | Four Years *See* N.M. STAT. ANN. § 55-2-725. **But:** By the original | Notice required; unclear as to whether pre-litigation notice required *See* N.M. STAT. ANN. § 55-2-607; *see also State ex rel. Concrete Sales & Equip. Rental Co., Inc. v. Kent Nowlin Constr., Inc.,* 746 |

- 31 -

LEGAL02/32545419v1

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims?[1] Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | *McGhan Med.*, 99 N.M. 645, 654, 662 P.2d 646, 655 (N.M. Ct. App. 1983). | | conspicuous…." Also, N.M. STAT. ANN. § 55-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | P.2d 645, 649 (N.M. 1987) ("For a buyer to recover for breach of warranty, he must prove the existence of a defect caused by the seller, that the buyer notified the seller and sought repairs, and that the seller failed or refused to make repairs.") (citing *Deaton, Inc. v. Aeroglide Corp.*, 99 N.M. 253, 256 (1982)). |
| New York | **Yes** "Under New York law, privity is generally required to recover economic losses pursuant to a cause of action for breach of implied warranty." *Westport Marina, Inc. v. Boulay*, No. 06-CV-5569, 2010 WL 1223238, at *9 (E.D.N.Y. Mar. 24, 2010); *Adirondack Combustion Techs., Inc. v. Unicontrol, Inc.*, 17 A.D.3d 825, 827, 793 N.Y.S.2d 576, 579 (N.Y. App. Div. 2005) ("A | **No for third-party beneficiary** "The question thus presented is whether the implied warranties of merchantability and fitness run from a manufacturer to a remote purchaser, not in privity with the manufacturer, who has sustained no personal injury but only economic loss. Our interpretation of the [UCC § 2-318] leads us to conclude that it does not permit a plaintiff, not in privity, to recover upon the breach of an implied warranty of merchantability unless the claim of the remote user is for personal injuries." *Hole v. Gen. Motors Corp*, 83 A.D.2d 715, 716, 442 N.Y.S.2d 638, 640 (N.Y. App. Div. 1981). **Maybe for inherently dangerous products** | **Yes** Under N.Y. U.C.C. § 2-316(2) "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous.…" N.Y. U.C.C. § 2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | **Four Years** *See* N.Y. U.C.C. § 2-725 **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** *See* N.Y. Law U.C.C. § 2-607; *see also Clifstar Corp. v. Elmar Indus. Inc.*, 678 N.Y.S.2d 222, 223 (Super. Ct. NY 1998) ("The right of plaintiff to recover damages is preserved as long as it notified defendant 'within a reasonable time after [it] discover[ed] or should have discovered any breach.'"). |

- 32 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| | claim based upon a breach of an implied warranty requires a showing of privity between the manufacturer and the plaintiff when there is no claim for personal injuries."). | In *MacPherson v. Buick Motor Co.*, the court held that there was a privity exception for inherently dangerous products. 217 N.Y. 382, 111 N.E. 1050 (1916). But the landscape of privity law has been greatly altered since the amendments leading to the current versions of UCC § 2-314 and § 2-318. *See Heller v. U.S. Suzuki Motor Corp.*, 64 N.Y.2d 407, 477 N.E.2d 434 (N.Y. 1985). The exception has not been relied upon after the amendments. | | | |
| North Carolina | Yes, when only economic loss alleged "[P]rivity of contract is generally required to assert an implied warranty claim." *Kelly v. Georgia-Pacific LLC*, 671 F.Supp.2d 785, 796 (E.D.N.C. 2009); *accord Terry v. Double Cola Bottling Co.*, 263 N.C. 1, 3, 138 S.E.2d 753, 754 (1964); *Sharrard, McGee & Co., P.A. v. Suz's Software, Inc.*, 100 N.C.App. 428, 432, 396 S.E.2d 815, 817-18 (1990) | No for third-party beneficiary A North Carolina statute circumvents the privity rule only for those third-party beneficiaries who are members of the household of the buyer. And the plain wording of the statute requires "injury." N.C. Gen. Stat. Ann. § 25-2-318. For dangerous instrumentality, only when there is injury in tort. *Jones v. Otis Elevator Co.*, 231 N.C. 285, 56 S.E.2d 684 (N.C. 1949) ("Ordinarily an action in tort, founded upon a breach of contract, cannot be maintained by one who is not a party or privy to the contract. 12 Am.Jur. 818. But the general rule is subject to certain well | Yes Under N.C. Gen. Stat. § 25-2-316(2) "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous.…" N.C. Gen. Stat. § 25-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | Four Years *See* N.C. Gen. Stat. § 25-2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | Notice required; unclear as to whether pre-litigation notice required *See Maybank v. S.S. Kresge Co.*, 273 S.E.2d 681 (1981) ("When the plaintiff is a lay consumer and the notification is given to the defendant by the filing of an action within the period of the statute of limitations, and where the applicable policies behind the notice have been fulfilled, we hold that the plaintiff is entitled to go to the jury on the issue of seasonable notice."). |

- 33 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| | ("[O]utside the exceptions created by [N.C. Gen. Stat. § 99B], the general rule is that privity is required to assert a claim for breach of an implied warranty involving only economic loss."). | recognized exceptions. And among the exceptions is where a dangerous instrumentality is involved, or where the act complained of is imminently dangerous to the lives and property of others. In such case the injured party, whether a party or privy to the contract or not, may maintain an action against the party whose breach of the contract resulted in his injury."); see also Byrd v. Star Rubber Co., 11 N.C.App. 297, 299 (1971). | | | |
| North Dakota | No When a manufacturer puts a new product into the stream of trade and promotes sale to the public, an implied warranty that it is reasonably fit and suitable for use accompanies the new product into hands of ultimate buyer and absence of privity between manufacturer and buyer is immaterial. Long v. General Motors Corp., 136 N.W.2d 805, 810 (N.D. 1965). | N/A | Yes Under N.D. CENT. CODE § 41-02-33(2) "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous.…" Also, N.D. CENT. CODE § 41-02-98(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | Four Years See N.D. CENT. CODE § 41-02-104. But: By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | Probably See Stamper Black Hills Gold Jewelry, Inc. v. Souther, 414 N.W.2d 601, 604 (N.D. 1987) ("Failure to provide notice of a breach under this section is not an affirmative defense which must be raised by the seller. Rather, notice is a condition precedent to the buyer's cause of action which must be pleaded and proved by the buyer in order to recover."). |

- 34 -

LEGAL02/32545419v1

000255

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| **Ohio** | **Yes** *Curl v. Volkswagen of Am., Inc.*, 114 Ohio St.3d 266, 871 N.E.2d 1141, 1147 (Ohio 2007) ("[L]ongstanding Ohio jurisprudence provides that purchasers of automobiles may assert a contract claim for breach of implied warranty only against parties with whom they are in privity. Having reviewed the authority in Ohio, as well as that of other jurisdictions, we see no compelling reason to stray from precedent. A claim for breach of implied warranty, though similar to a tort action, arises pursuant to the law of sales codified in Ohio's Uniform Commercial Code. The privity requirement, which remains absent in strict liability tort actions, allows sellers of goods to define | **No for third-party beneficiary** While there is a third-party beneficiary exception in Ohio, it only applies in cases with personal injuries. *See Lonzrick v. Republic Steel Corp*, 6 Ohio St.2d 227, 229-30 (Ohio 1966) (privity not required in tort action founded upon implied warranty when personal injures occurs). **Yes for dangerous instrumentality, but appears to require personal injury.** *Gilbride v. James Leffel & Co*, 47 N.E.2d 1015, 1017 (Ohio App. 1942) (holding that because product was a dangerous instrumentality, privity was not required). | **Yes** Under OHIO REV. CODE ANN. § 1302.29(B), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." Also, OHIO REV. CODE ANN. § 1302.93 provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Zarembha v. Marvin Lumber and Cedar Co.*, 458 F.Supp.2d 545 (N.D. Ohio 2006) (Under Ohio law, where there is no great disparity of bargaining power between the parties, a contractual provision which excludes seller's liability for consequential damages and limits the buyer's remedy to repair or replacement of the defective product is not unconscionable.). | **Four Years** *See* OHIO REV. CODE ANN. § 1302.98. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Yes** *See Lincoln Elec. Co. v. Technitrol, Inc.* 718 F.Supp.2d 876, 883 (N.D. Ohio 2010) (stating that "Ohio courts and federal courts applying Ohio law have continued to hold that a plaintiff must notify a defendant of the alleged breach prior to the complaint."). |

- 35 -

LEGAL02/32544549v1

000256

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | their scope of responsibility and provides a greater degree of foreseeability regarding potential claimants."). | | | | |
| Oklahoma | **No** _See Old Albany Estates, Ltd. v. Highland Carpet Mills, Inc._, 604 P.2d 849, 852 (Okla. 1979) (holding that manufacturer may be held liable for breach of an implied warranty of merchantability under the UCC without regard to privity of contract between manufacturer and ultimate buyer; ultimate buyer who was in the chain of distribution may maintain a direct action against the manufacturer to recover the benefit of his bargain). | N/A | **Yes** Under OKLA. STAT. ANN. tit. 12A, § 2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." _See Murray v. D & J Motor Co., Inc._, 958 P.2d 823 (Okla. Ct. App. 4th 1998) (A warranty may be express or implied, and either type of warranty may be modified or excluded.). OKLA. STAT. ANN. tit. 12A, § 2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." _See Collins Radio Co. of Dallas, Tex. v._ | **Five Years** _See_ OKLA. STAT. ANN. tit. 12A, § 2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** _See_ OKLA. STAT. ANN. tit. 12A § 2-607; _see also Am. Fertilizer Specialists, Inc. v. Wood_, 635 P.2d 592, 596 (Okla. 1981) ("In order for the buyer to avoid liability for the payment of goods accepted, he must notify the seller within a reasonable time after he discovers or should have discovered the breach of warranty."). |

- 36 -

LEGAL02/32545419v1

000257

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | | *Bell*, 623 P.2d 1039 (Okl. Ct. App. 1980) (providing that the section of Uniform Commercial Code governing exclusion or modification of warranties allows contracting parties to limit their remedies and that it is *prima facie* unconscionable to limit damages for injury to person in case of consumer goods, but where loss is commercial it is not *prima facie* unconscionable to limit damages.). | | |
| Oregon | **Yes** *Davis v. Homasote Co.*, 281 Or. 383, 386 (Or. 1978) (holding that privity of contract is essential before a purchaser can recover economic loss from a manufacturer for breach of implied warranty). | **No for third-party beneficiary** The relevant Oregon statute only extends the third-party exception to the privity rule to family or household members in personal injury cases. Or. Rev. Stat. § 72.3180 ("A seller's warranty whether express or implied extends to any natural person who is in the family or household of the buyer or who is a guest in the home of the buyer if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty."). | **Yes** Under Ore. Rev. Stat. § 72.3160(2), "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous…" Also, Ore. Rev. Stat. § 72.190(3) provides that "consequential damages may be limited or excluded unless the | **Four Years** *See* Ore. Rev. Stat. § 72.7250. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Yes** *See Allen v. G.D. Searle & Co.*, 708 F. Supp. 1142, 1160 (D. Or. 1989) ("in the absence of any evidence that Allen gave notice of her express or implied warranty claims, this court must rule that Allen has not established an essential element of her warranty claims"). |

- 37 -

LEGAL02/32454419v1

000258

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims? [1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required? [2] |
|---|---|---|---|---|---|
| | | | limitation or exclusion is unconscionable." *See Starr v. Dow Agrosciences LLC*, 339 F.Supp.2d 1097 (D. Or. 2004) (as a general matter, the UCC, as adopted by the Oregon legislature, allows sellers to disclaim liability for consequential damages, as long as any disclaimer is limited to economic losses). | | |
| Pennsylvania | No "For cases involving a breach of the implied warranty of merchantability, any party injured by the defective product may sue any party in the distributive chain." *French v. Commonwealth Assocs., Inc.*, 980 A.2d 623, 633 (Pa. Super. Ct. 2009). | N/A | Yes Under PA. STAT. ANN. tit. 13 § 2316(b), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." PA. STAT. ANN. tit. 13 § 2719(c) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | Four Years *See* PA. STAT. ANN. tit. 13 § 2725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | No *See Bednarski v. Hideout Homes & Realty, Inc.*, 709 F. Supp. 90, 94 (M.D. Pa. 1988) ("this court concludes that the filing of a civil complaint satisfies the requirement of providing breach of warranty notice under section 2607"). |

- 38 -

LEGAL02/32545419v1

000259

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| Puerto Rico | Probably not  Although not yet addressed by the Puerto Rican Supreme Court, the district court of Puerto Rico predicted it would not dismiss a breach of implied warranty claim based solely on economic losses because of a lack of privity.  *Simonet v. SmithKline Beecham Corp.*, 506 F. Supp. 2d 77 (D. P.R. 2007). | N/A | Unclear  *See* P.R. LAWS ANN. tit. 31 § 3831 (stating that "[b]y virtue of the warranty referred to in § 3801 of this title the vendor shall warrant to the vendee: (1) The legal and peaceful possession of the thing sold; (2) That there are no hidden faults or defects therein."). | Six months  P.R. LAWS ANN. tit. 31 § 3847; *see also Ramos Santiago v. Wellcraft Marine Corp.*, 93 F. Supp. 2d 112, 115 (D. P. R. 2000). | Notice required; unclear as to whether pre-litigation notice required  *See* P.R. LAWS ANN. tit. 31 § 3838. |
| Rhode Island | Yes  In Rhode Island, where the plaintiff claims only economic loss, there generally can be "no recovery based upon a breach of implied warranty ... without first alleging and establishing privity of contract." *Lombardi v. Ca.* | No for third-party beneficiary  Rhode Island has not extended warranty liability to third parties for the warranty of merchantability, though it has for the warranty of fitness for a particular purpose. *See* R.I. Gen. Laws § 6A-2-318 (specifically excluding the warranty of merchantability from a third-party beneficiary exception); *see also Ace Am. Ins. Co. v. Grand Banks Yachts, Ltd.*, 587 F. Supp. 2d 697, 708 n.11 (D. Md. 2008) | Yes  Under R.I. GEN. LAWS § 6A-2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...."  R.I. GEN. LAWS § 6A-2-719(3) | Four Years  *See* R.I. GEN. LAWS § 6A-2-725.  **But:**  By the original agreement the parties may reduce the period of limitation to not less than | Notice required; unclear as to whether pre-litigation notice required  *See* R.I. GEN. LAWS § 6A-2-607; *see also Lariviere v. Dayton Safety Ladder Co.*, 525 A.2d 892, 898 (R.I. 1987) ("the questions of sufficiency and reasonableness of time of plaintiff's notice ordinarily are questions of fact for |

- 39 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | *Packing Sales Co.*, 83 R.I. 51, 112 A.2d 701, 702 (1955); *see also Klimas v. Int'l Tel. & Tel. Corp.*, 297 F. Supp. 937, 939-40 (D. R.I.1969) (recognizing that the statutory implied warranty of merchantability requires contractual privity between plaintiff and manufacturer); *Henry v. John W. Eshelman & Sons*, 99 R.I. 518, 209 A.2d 46, 49-50 (1965) (holding that plaintiff farmer could not sue chicken feed manufacturer for breach of implied warranties without alleging privity). | (recognizing that there is no third-party beneficiary exception to the privity requirement under Rhode Island law). No for dangerous instrumentality In *McCaffrey v. Mossville & Granville Mfg. Co.*, 23 R.I. 381, 50 A.2d 651 (1901), the court held that there was an "imminently dangerous" exception to privity for negligence actions. But this has never been explicitly extended to warranty claims. | provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | one year but may not extend it. | the jury"). |
| **South Carolina** | **Yes, but it is consumed by the third-party exception** "The general rule is that privity of contract is required in an action for breach of an implied | **Yes** "A seller's warranty whether express or implied extends to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty. A seller may not exclude or limit the operation of this | **Yes** Under S.C. CODE ANN. § 36-2-316(2), "to exclude or modify the implied warranty...the language must mention merchantability and in case of a writing must be | **Six Years** *See* S.C. CODE ANN. § 36-2-725. | **Notice required; unclear as to whether pre-litigation notice required** *See* S.C. CODE ANN. § 36-2-607; *see also Cox House Moving, Inc. v. Ford Motor Co.*, 2006 WL 2303I982 (D.S.C. Aug. 8, 2006) |

- 40 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | warranty and that there is no such privity between a manufacturer and one who has purchased the manufactured article from a dealer or is otherwise a remote vendee." *Odom v. Ford Motor Co.*, 230 S.C. 320, 325-26, 95 S.E.2d 601, 603-04 (1956). | section." S.C. Code Ann. § 36-2-318; *see also Gasque v. Eagle Mach. Co.*, 270 S.C. 499, 243 S.E.2d 831 (1978) (holding that the third-party beneficiary exception for implied warranties extends to economic loss claims). | conspicuous...." S.C. CODE ANN. § 36-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | | ("any good faith communication that reasonably notifies the seller that the buyer is troubled by the transaction should suffice to preserve the buyer's right to pursue UCC remedies in the event it suffers damages from the defect"). |
| South Dakota | No Privity is no defense in South Dakota in a breach of implied warranty action by a remote buyer against a manufacturer even though the buyer is only seeking economic losses. *Candy v. Int'l Trencher Serv., Inc.*, 358 N.W.2d 233, 239-40 (S.D. 1984). | Yes "A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section." S.D. Codified Laws § 57A-2-318. | Yes Under S.D. CODIFIED LAWS § 57A-2-316(2) "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." Also, S.D. CODIFIED LAWS § 57A-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | Four Years *See* S.D. CODIFIED LAWS § 57A-2-725. | Notice required; unclear as to whether pre-litigation notice required *See* S.D. Codified Laws § 57A-2-607; *see also Hepper v. Triple U Enter't Inc.*, 388 N.W.2d 525, 527 (S.D. 1986) ("Notice is an element that must be specifically proven; it is not an affirmative defense."). |

- 41 -

LEGAL02/32545419v1

000262

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| Tennessee | **Yes** "[T]he rule requiring privity of contract between the parties as an essential element of implied warranty still exists in Tennessee, except in cases where the product involved is in a defective condition unreasonably dangerous to the user or to his property." *Leach v. Wiles*, 58 Tenn. App. 286, 303, 429 S.W.2d 823, 831 (1968). | **No for third-party beneficiary** TENN. CODE ANN. § 47-2-318, the provision concerning third-party beneficiaries and implied warranties, only applies to personal injury cases. *Leach*, 58 Tenn. App. at 299. **Yes for dangerous instrumentality** "[T]he rule requiring privity of contract between the parties as an essential element of implied warranty still exists in Tennessee, except in cases where the product involved is in a defective condition unreasonably dangerous to the user or to his property." *Leach* 58 Tenn. App. at 303. | **Yes** Under TENN. CODE ANN. § 47-2-316(2) "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." TENN. CODE ANN. § 47-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | **Four Years** *See* TENN. CODE ANN. § 47-2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **No** *See Smith v. Pfizer Inc.* 688 F.Supp.2d 735, 750 (M.D. Tenn. 2010) (although a personal injury case, the district court provided that "section 47-2-607(3)(a) simply requires that a plaintiff 'notify the seller of breach within a reasonable time.' Nothing in the plain text of the statute indicates that a lawsuit cannot serve as this notification."). |
| Texas | **No** "Privity is not required to enforce the implied warranty of merchantability." *Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77, 80-81 (Tex. 1977). | N/A | **Yes** Under TEX. BUS. & C. CODE ANN. § 2.316(b), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." TEX. BUS. & C. CODE ANN. § 2.719(c) provides that | **Four Years** *See* TEX. BUS. & C. CODE ANN. § 2.725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not | **Yes** *See Ibarra v. Nat'l Constr. Rentals, Inc.*, 199 S.W.3d 32, 37 (Tex. Ct. App. 2006) (Plaintiff was required to prove that she provided presuit notice to fencing rental company about breach of warranty and implied warranty claims). |

- 42 -

LEGAL02/32545419v1

000263

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | | "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | extend it. | |
| Utah | **Probably**<br><br>*See Leininger v. Stearns-Roger Mfg. Co.*, 17 Utah 2d 37, 42 (Utah 1965) (holding that contractor was not liable for breach of implied warranty of merchantability). | **Yes for third-party beneficiary**<br><br>Utah Code Ann. § 70A-2-318 (1953) ("A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty."). | **Yes**<br><br>Under UTAH CODE § 70A-2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...."<br><br>UTAH CODE § 70A-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." *See Shurtz v. BMW of North Am.*, 814 P.2d 1108 (Utah. 1991) (requiring trial court to determine whether facts of automobile buyer's suit warranted finding that limitation of incidental and consequential damages was unconscionable under Utah Uniform | **Four Years**<br><br>*See* UTAH CODE § 70A-2-725.<br><br>**But:**<br><br>By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required**<br><br>*See* UTAH CODE ANN. 70A-2-607; *see also Salt Lake City Corp. v. Kaster Corp.*, 855 F. Supp. 1560, 1567 (D. Utah 1994) (granting motion to dismiss because notice of breach of express warranty six years after acceptance was, as a matter of law, unreasonable). |

- 43 -

LEGAL02/32545419v1

000264

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | | Commercial Code and, if so, to make findings of fact to support that result). | | |
| Vermont | **Probably** In *O'Brien v. Comstock Foods, Inc.*, 125 Vt. 158, 212 A.2d 69 (1965), the court held that there was no privity requirement for implied warranty claims in personal injury cases. But the question is still open as to whether privity is required for consumers alleging purely economic losses. *See Vt. Plastics, Inc. v. Brine, Inc.*, 824 F. Supp. 444, 449 (D. Vt. 1993) (refusing to decide this question, but holding that the Vermont Supreme Court would require privity in economic loss cases where the plaintiff is a commercial buyer). But while Vermont courts | **No case law on this issue** **But:** "A seller's warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section." Vt. Stat. Ann. tit. 9A § 2-318. This statutory exception only applies to those "injured in person," which is consistent with *O'Brien*. | **Yes, but cannot limit remedies** Under Vt. Stat. Ann. tit. 9A § 2-316(2), "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous…." *But see* Vt. Stat. Ann. tit. 9A § 2-316(5) providing that "[t]he provisions of subdivisions (2), (3) and (4) of this subsection shall not apply to sales of new or unused consumer goods or services. Any language, oral or written, used by a seller or manufacturer of consumer goods and services, which attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose or to exclude or modify the consumer's | **Four Years** *See* Vt. Stat. Ann. tit. 9A § 2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required** *See* Vt. Stat. Ann. tit. 9A § 2-607; *see also Agway, Inc. Teitscheid*, 472 A.2d 1250, 1252 (Vt. 1984) (affirming trial court's dismissal of breach of warranty claims where buyer failed to provide seller timely notice of breach). |

- 44 -

LEGAL02/32545419v1

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims?<br>Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations<br>Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | have not directly addressed the issue of whether privity is required for an implied warranty claim, federal courts applying Vermont law have interpreted Vermont's version of the UCC to require privity unless a consumer has suffered personal injury or property damage. *See Moffit v. Icynene, Inc.*, 407 F.Supp.2d 591 (D. Vt. 2005); *Mainline Tractor & Equipment v. Nutrite Corp.*, 937 F. Supp. 1095, 1105-1106 (D. Vt. 1996). | | remedies for breach of those warranties, shall be unenforceable." | | |
| Virginia | **Yes, but only applies to consequential damages claims**<br><br>There is a requirement of privity in Virginia to claim consequential, as opposed to direct, economic loss damages. *Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc.*, | **Yes for third-party beneficiary**<br><br>"Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or | **Yes**<br><br>Under VA. CODE ANN. § 8.2-316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...."<br><br>VA. CODE ANN. § 8.2-719(3) | **Four Years**<br><br>*See* VA. CODE ANN. § 8.2-725(1).<br><br>**But:**<br><br>By the original agreement the parties may reduce the period of limitation to not less than | **Probably**<br><br>*See Aqualon Co. v. Mac Equip., Inc.* 149 F.3d 262, 269 (4th Cir. 1998) (applying Virginia law) (stating that "the notice requirement is intended to give the seller a fair chance to prepare for litigation ...."). |

- 45 -

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims?  Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations  Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | 254 Va. 240, 246, 491 S.E.2d 731, 734 (1997). | be affected by the goods; however, this section shall not be construed to affect any litigation pending on June 29, 1962." Va. Code Ann. § 8.2-318. | provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | one year but may not extend it. | |
| Washington | **Yes**  Vertical privity is required to bring an implied warranty claim. *Chance v. Richards Mfg. Co.*, 499 F. Supp. 102, 105 (D. Wash. 1980). | **Yes for third-party beneficiary**  *Tex Enters., Inc. v. Brockway Standard, Inc.*, 149 Wash.2d 204, 210, 66 P.3d 625, 628 (Wash. 2003).  **Yes for dangerous instrumentality**  *Freeman v. Navarre*, 47 Wash.2d 760, 766, 289 P.2d 1015, 1018 (Wash. 1955). | **Probably not**  Under WASH. REV. CODE § 62A.2-316(2), "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous…." *But see* WASH. REV. CODE § 62A.2-316(4) stating that in any case where goods are purchased primarily for personal, family or household use and not for commercial or business use, disclaimers of the warranty of merchantability or fitness for particular purpose shall not be effective to limit the liability of merchant sellers except insofar as the disclaimer sets forth with particularity the qualities and characteristics which are not being warranted. | **Four Years**  *See* WASH. REV. CODE § 62A.2-725.  **But:**  By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Notice required; unclear as to whether pre-litigation notice required**  *See* WASH. REV. CODE § 62A.2-607. |

- 46 -

LEGAL02/32545419v1

000267

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | | | However, under WASH. REV. CODE § 62A.2-719(3), "[l]imitation of consequential damages for injury to the person in the case of goods purchased primarily for personal, family or household use or of any services related thereto is invalid unless it is proved that the limitation is not unconscionable. Limitation of remedy to repair or replacement of defective parts or non-conforming goods is invalid in sales of goods primarily for personal, family or household use unless the manufacturer or seller maintains or provides within this state facilities adequate to provide reasonable and expeditious performance of repair or replacement obligations." | | |
| West Virginia | No A lack of privity is no longer a defense to an implied warranty claim in | N/A | Yes Under W.VA. CODE § 46-2-316(2), "to exclude or modify the implied warranty of | Four Years See W.VA. CODE § 46-2-725. | Notice required; unclear as to whether pre-litigation notice required See W. VA. CODE ANN. § 42-2- |

- 47 -

LEGAL02/32545419v1

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| | West Virginia. *Louk v. Isuzu Motors, Inc.*, 198 W. Va. 250, 259, 479 S.E.2d 911, 920 (1996). | | merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." W.VA. CODE § 46-2-719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | 607; *see also Hill v. Joseph T. Ryerson & Son*, 268 S.E.2d 296, 302-03 (W. Va. 1980) ("We believe that the notice requirement of W.Va. Code, 46-2-607(3)(a), is applicable to the ordinary commercial transaction where the buyer is seeking to avoid the contract price because the goods are not acceptable, and this Code section should not be extended to the product liability field."). |
| Wisconsin | **Yes** Wisconsin has retained the privity requirement in implied warranty cases. *Ball v. Sony Elecs. Inc.*, No. 05-C-307-S, 2005 WL 2406145, at *4 (W.D. Wis. Sept. 28, 2005); *see also Paulson v. Olson Implement Co.*, 107 Wis.2d 510, 319 N.W.2d 855 (1982). | **No case law directly on point on either exception** **But:** The Wisconsin Supreme Court has held that there is an imminently dangerous exception to privity in the strict liability context, though it has not addressed it in the warranty context. *Dippel v. Sciano*, 37 Wis.2d 443, 459, 155 N.W.2d 55, 63 (1967). | **Yes** Under Wis. STAT. § 402.316(2), "to exclude or modify the implied warranty of merchantability...the language must mention merchantability and in case of a writing must be conspicuous...." Wis. STAT. § 402.719(3) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | **Four Years** *See* Wis. STAT. § 402.725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | **Yes** *See Carl v. Spickler Enters., Ltd.*, 165 Wis. 2d 611, 624 (Ct. App. Wis. 1991) (holding that notice must be "sufficient to enable the seller to attempt to repair the defect. Furthermore, the buyer must provide this notice before commencing an action"). |

- 48 -

000269

| Jurisdiction | Privity Required for Claims Alleging Economic Loss? | Third-Party Beneficiary and Unsafe Products/Dangerous Instrumentality Exceptions to Privity Rule for Economic Loss Claims? Note: This chart does not outline what constitutes a "third-party beneficiary" in each state. | Can Implied Warranty Be Modified in Relation to Economic Loss Claims?[1] | Statute of Limitations Note: This chart does not outline when a claim accrues in each state. | Is Pre-Litigation Notice Required?[2] |
|---|---|---|---|---|---|
| Wyoming | No "We therefore hold that a remote purchaser such as Western is not foreclosed from bringing an action to recover an economic loss, as heretofore defined, from a manufacturer such as Sheridan because of lack of privity." *W. Equip. Co. v. Sheridan Iron Works, Inc.*, 605 P.2d 806, 810 (Wyo. 1980); Wyo. Stat. Ann. § 34.1-2-318 ("A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section."). | N/A | Yes Under WYO. STAT. ANN. § 34.1-2-316(b), "to exclude or modify the implied warranty of merchantability…the language must mention merchantability and in case of a writing must be conspicuous…." Wyo. STAT. ANN. § 34.1-2-719(c) provides that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." | Four Years *See* WYO. STAT. ANN. § 34.1-2-725. **But:** By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. | Notice required; unclear as to whether pre-litigation notice required *See* WYO. STAT. ANN. § 34.1-2-607; *see also Western Equip. Co. v. Sheridan Iron Works, Inc.*, 605 P.2d 806, 810 (Wyo. 1980) ("we point out that furnishing notice under the statute is an obligation imposed upon one who asserts a right to relief as a buyer"). |

- 49 -

# EXHIBIT H

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Alabama | "To establish the elements of fraudulent misrepresentation [plaintiff] has to show: (1) that the . . . representation was false, (2) that it concerned a material fact, (3) that [the plaintiff] relied on the false representation, and (4) that actual injury resulted from that reliance." *AstraZeneca LP v. State*, 41 So. 3d 15, 26 (Ala. 2009). "[A] party alleging *any form* of fraud must present evidence of 'reasonable reliance' on the purported fraud." *Id.* at 27. | "The elements of a fraudulent-suppression claim are (1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury." *AstraZeneca LP v. State*, 41 So. 3d 15, 26 (Ala. 2009). | Maybe, if fraud relates to the contractual claim—"A plaintiff cannot convert the mere failure to perform or to fulfill a contractual promise into a fraud claim." *Hunt Petroleum Corp. v. State*, 901 So.2d 1, 12 (Ala. 2004) (J. Houston concurring) ("a fraud claim cannot be maintained simply because a party—even mistakenly, intentionally, or maliciously—did not properly perform a contractual obligation."). | "[W]hether one has a duty to speak depends upon a fiduciary, or other, relationship of the parties, the value of the particular fact, the relative knowledge of the parties, and other circumstances of the case. When the parties to a transaction deal with each other at arm's length, with no confidential relationship, no obligation to disclose information arises when the information is not requested." *Mason v. Chrysler Corp.*, 653 So.2d 951, 954-55 (Ala. 1995) (internal citations omitted). | "In order for [tort claim] of fraudulent-suppression to go to a jury, [plaintiff] must demonstrate by clear and convincing evidence each of the following elements . . ." *ITT Specialty Risk Servs., Inc. v. Barr*, 842 So.2d 638 (Ala. 2002). | "Fraud actions are governed by two-year statute of limitations under Alabama law." *Jarzen v. Wright*, 679 So.2d 1086, 1088 (Ala. Civ. App. 1996); Ala. Code § 6-2-38. |

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Alaska | "The elements of fraud . . . are (1) misrepresentation, (2) made fraudulently, (3) for the purpose of inducing another to act in reliance on it; and (4) justifiable reliance by the recipient, (5) causing loss." *Asher v. Alkan Shelter, LLC*, 212 P.3d 772, 780 (Alaska 2009). | Undetermined | Not likely – Recognizes claim for economic loss as a result of fraud. *Law Offices of Steven D. Smith, P.C. v. Borg-Warner Sec. Corp*, 993 P.2d 436 (Alaska 1999). | "Duty to disclose arises when facts are concealed or unlikely to be discovered because of special relationship between the parties, course of their dealings, or nature of fact itself." *Hagans, Brown & Gibbs v. First Nat. Bank of Anchorage*, 810 P.2d 1015, 1019 (Alaska 1991). | "The plaintiff in a misrepresentation case bears the burden of establishing by a preponderance of the evidence that the misrepresentation was material." *Diblik v. Marcy*, 166 P.3d 23, 28 (Alaska 2007). | "Claims for fraud and misrepresentations are tort claims, and thus, are subject to two-year statute of limitations." *Bauman v. Day*, 892 P.2d 817, 825 (Alaska 1995). |

- 2 -

LEGAL02\32545464v1

000272

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Arizona | "A claim for fraud requires proof of nine elements by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; (9) the hearer's consequent and proximate injury." *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033-34 (Ariz. Ct. App. 2010). | Undetermined | Unclear – "Under certain circumstances, the economic loss doctrine prevents plaintiffs from recovering economic damages in tort . . . Economic loss 'refers to pecuniary or commercial damage, including any decreased value or repair costs for a product or property that is itself the subject of a contract between the plaintiff and defendant[.]' . . . The doctrine limits a contracting party to purely contractual remedies for economic losses, unless otherwise accompanied by physical injury or injury to other property . . . In Arizona, this doctrine has been applied only to product liability and construction defect cases . . . Here, Plaintiffs sought only 'economic' losses, as there was no physical injury or injury to property other than Lot C. Thus, the Opies have presented a plausible argument that the doctrine should be applied in this case, which would prevent Plaintiffs from pursuing any tort claims against the Opies. We decline to apply the doctrine, however, because even if it applies to bar a common law fraud claim that relates to a contract involving the sale of land, we are not persuaded, under existing Arizona case law, that the doctrine applies to a consumer fraud claim." *Pena v. Opic*, No. 1 CA-CV 09-0401, 2010 WL 1981152, at *6 (Ariz. Ct. App. May 18, 2010) (internal citations omitted). | "Unlike simple nondisclosure, a party may be liable [for intentional concealment] for acts taken to conceal, mislead, or otherwise deceive, even in the absence of a fiduciary, statutory, or other legal duty to disclose." *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local 395 Pension Trust Fund*, 38 P.3d 12, 21 (Ariz. 2002).<br><br>"'[Vendors and purchaser] have duties to each other to disclose facts that are material to the transaction." *Lombardo v. Albu*, 14 P.3d 288, 290 (Ariz. 2000). | "A claim for fraud requires proof of nine elements by clear and convincing evidence. . . ." *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033 (Ariz. Ct. App. 2010). | Three years after discovery. Ariz. Rev. Stat. Ann. § 12-543. |

- 3 -

LEGAL02/32545464v1

000273

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Arkansas | "There are five elements to the tort of fraud, misrepresentation, or deceit: (1) a false representation of material fact; (2) knowledge that the representation is false, or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." *Rosser v. Columbia Mut. Ins. Co.*, 928 S.W.2d 813, 815 (Ark. Ct. App. 1996). | "The elements of fraud are (1) a false representation of a material fact, (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation, (3) intent to induce action or inaction in reliance upon the representation, (4) justifiable reliance on the representation, and (5) damage suffered as a result of the reliance. . . . Generally, however, liability for a nondisclosure may be found only in special circumstances, where there is a duty to communicate the purportedly concealed material fact." *Wachos v. Woolverton*, No. CA10-249, 2010 WL 4870095, at *1 (Ark. Ct. App. Dec. 1, 2010) (internal citations omitted). | **Yes** – "According to our well-settled case law, common-law fraud claims not resulting in injury are not actionable. Accordingly, we hold that Wallis's common-law fraud claim for an allegedly defective vehicle is insufficient to survive a Rule 12(b)(6) motion to dismiss where the only injury alleged is a diminution in value of the vehicle." *Wallis v. Ford Motor Co.*, 208 S.W.3d 153, 159 (Ark. 2005) (internal citations omitted). | "[Rule that] failure to speak is equivalent of fraudulent concealment . . . is based on special circumstances . . . such as a confidential relationship, so that a duty to speak arises where one party knows another is relying on misinformation to his detriment." *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 653 S.W.2d 128, 134 (Ark. 1983). | "To prove fraud, the plaintiff must establish by a preponderance of the evidence . . . ." *Collins v. St. Vincent Doctors*, 253 S.W.3d 26, 29 (Ark. Ct. App. 2007). | "The applicable statute of limitations on fraud and deceit is three years." *Tyson Foods, Inc. v. Davis*, 66 S.W.3d 568, 579 (Ark. 2002). |

- 4 -

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| California | "The elements of a claim for fraudulent misrepresentation are: (1) a false representation of a material fact, (2) knowledge of the falsity, (3) intent to induce another into relying on the representation, (4) reliance on the representation, and (5) resulting damages." *Salameh v. Tarsadia Hotels*, No. 09CV2739, 2011 WL 1044129, at * 10 (S.D. Cal. Mar. 22, 2011) (internal citations omitted). | "The elements of a claim for fraudulent concealment are: (1) concealment or suppression of a material fact, (2) which the defendant had a duty to disclose to plaintiff, (3) defendant intentionally concealed the fact with the intent to defraud the plaintiff, (4) plaintiff was unaware of the fact and would not have acted as he did if had known of the fact, and (5) resulting damages." *Salameh v. Tarsadia Hotels*, No. 09CV2739, 2011 WL 1044129, at * 10 (S.D. Cal. Mar. 22, 2011) (internal citations omitted). | **Maybe, if fraud relates to the contractual claim** – "We hold the economic loss rule does not bar Robinson's fraud and intentional misrepresentation claims because they were independent of Dana's breach of contract." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004). | "A duty to disclose can arise from the making of affirmative representations with knowledge of undisclosed facts that 'materially qualify the facts disclosed, or ... render [the disclosed facts] likely to mislead....'" *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 76 Cal. Rptr. 3d 325, 340 (Cal. Ct. App. 2008). | In California, fraud need be proved by a "preponderance of the evidence" rather than "clear and convincing evidence." *Rosener v. Sears, Roebuck & Co.*, 168 Cal. Rptr. 237, 246 (Cal. Ct. App. 1980). | Three years after discovery. Cal. Civ. Proc. Code § 338 (d). |

- 5 -

LEGAL02/32545464v1

000275

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Colorado | "To establish fraud, a plaintiff has to prove that (1) a fraudulent misrepresentation of material fact was made by the defendant; (2) at the time the representation was made, the defendant knew the representation was false or was aware that he did not know whether the representation was true or false; (3) the plaintiff relied on the misrepresentation; (4) the plaintiff had the right to rely on, or was justified in relying on, the misrepresentation; and (5) the reliance resulted in damages." *Barfield v. Hall Realty, Inc.*, 232 P.3d 286, 290 (Colo. Ct. 2010). | "The elements of the tort of fraudulent concealment are (1) the defendant's concealment of a material existing fact that in equity or good conscience should be disclosed; (2) the defendant's knowledge that the fact is being concealed; (3) the plaintiff's ignorance of the fact; (4) the defendant's intent that the concealed fact; and (5) the concealment resulting in damage. *Barfield v. Hall Realty, Inc.*, 232 P.3d 286, 292 (Colo. Ct. 2010). "In order to prevail on a claim of fraudulent concealment, a plaintiff must show that a defendant *actually knew* of a material fact that was not disclosed and that the defendant's intent was to cause the plaintiff to act differently than he might otherwise have done if the information had been disclosed." *Id.* | **Yes** – "Though Hamon urges that fraud is so pernicious that it necessarily arises from a duty independent of a contract, we perceive no such principle in our case law. Courts in other jurisdictions have effectively rejected this contention, holding that claims of fraud relating to the performance of a contract are barred by the economic loss rule." *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 292 (Col. App. 2009). "As a result, I agree with Defendants that the economic loss rule bars the fraud/negligent misrepresentation claim in this case as a matter of law." *W. Convenience Stores, Inc. v. Thielen*, No. 09-cv-02626, 2011 WL 866755, *6 (D. Colo. Mar. 14, 2011). | "A defendant has a duty to disclose to a plaintiff with whom he or she deals material facts that 'in equity or good conscience' should be disclosed." *Mallon Oil Co. v. Bowen/Edwards Assocs., Inc.*, 965 P.2d 105, 111 (Colo. 1998) (internal citation omitted). | Defendants "failed to carry . . . burden of proving by clear and convincing evidence misrepresentation, nondisclosure and fraud necessary to support counterclaim." *Ficor, Inc. v. McHugh*, 639 P.2d 385, 396 (Colo. 1982). | Three years. Col. Rev. Stat. Ann. § 13-80-101. |

- 6 -

LEGAL02/32545464v1

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Connecticut | "The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. ... Under a fraud claim of this type, the party to whom the false representation was made claims to have relied on that representation and to have suffered harm as a result of the reliance." *Sturm v. Harb Dev., LLC,* 2 A.3d 859, 872 (Conn. 2010). | "Usually, mere nondisclosure does not amount to fraud.... Nondisclosure may, however, amount to fraud when there is a failure to disclose known facts under circumstances that impose a duty to speak...." *Dockter v. Slowik,* 881 A.2d 479, 486 (Conn. App. Ct. 2005). *See also Kenney v. Healey Ford-Lincoln-Mercury, Inc.,* 730 A.2d 115, 118 (Conn. App. Ct. 1999) ("For a nondisclosure to amount to fraud, there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak.") (internal citation omitted). | Maybe, if fraud relates to the contractual claim– "Nevertheless, even if *Flagg* and *Connecticut Mutual* do stand for the general adoption of the economic loss doctrine, the Connecticut Supreme Court has indicated that where the tort alleged is an intentional tort, the doctrine would not apply to bar the cause of action." *Greenwich Interiors, Inc. v. DCM Sys., LLC,* No. FSTCV085009200S, 2009 WL 765529, at *3 (Conn. Super. Ct. Feb. 25, 2009). <br><br> "In the present case, the plaintiff alleges in count seven that 'Moran made his representations to [the plaintiff] with the specific intent to deceive [the defendant] and induce it to agree to the Proposal and provide [the defendant] with the Deposit.' Similar to *Heibeck,* at least some of the plaintiff's fraud allegations are distinct from its breach of contract allegations in the first counts. Furthermore, whether Moran fraudulently induced the plaintiff to agree to a proposal, and whether the defendant breached the contract, are independent and distinct claims." *Greenwich Interiors, Inc. v. DCM Sys., LLC,* No. FSTCV085009200S, 2009 WL 765529, at *4 (Conn. Super. Ct. Feb. 25, 2009). | "We have held that '[a] failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose' . . . Regarding the duty to disclose, the general rule is that ... silence ... cannot give rise to an action ... to set aside the transaction as fraudulent. Certainly this is true as to all facts which are open to discovery upon reasonable inquiry.' . . . A duty to disclose will be imposed, however, on a party insofar as he voluntarily makes disclosure. A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak.'" *Macomber v. Travelers Prop. and Cas. Corp.,* 804 A.2d 180, 191 (Conn. 2002). | "[A]t common law, fraud must be proven by clear and convincing evidence." *Stuart v. Stuart,* 297 Conn. 26, 996 A.2d 259, 268 (2010). | Three years from the date of the act. Conn. Gen. Stat. Ann. § 52-577; *Giulietti v. Giulietti,* 784 A.2d 905, 925 n.19 (Conn. App. Ct. 2001). |

- 7 -

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Delaware | "Delaware's fraud jurisprudence requires that a plaintiff allege: (1) a false representation, usually one of fact, that was made by the defendant; (2) with knowledge or belief of its falsity or with reckless indifference to the truth; (3) with an intent to induce action or inaction; (4) plaintiff's response is taken in justifiable reliance on the representation; and (5) an injury results from such reliance. Relatedly, these elements also comprise a claim of fraudulent concealment, except that a plaintiff must allege a deliberate concealment by the defendant." *Anderson v. Airco, Inc.*, No. 02C-12-091HDR, 2004 WL 1551484, at *7 (Del. Super. Ct. June 30, 2004). | Same as fraudulent misrepresentation. | Not likely – In *dicta*, the court indicated that the economic loss doctrine would not prevent claims for such "intentional torts as: defamation, fraudulent inducement to contract, fraudulent misrepresentation, intentional misrepresentation, tortious interference with prospective economic advantage, and intentional interference with contractual relations." *Commonwealth Const. Co. v. Endecon, Inc.*, No. 08C-01-266 RRC, 2009 WL 609426, at *5 (Del. Super. Ct. Mar. 9, 2009). | "There is normally no duty to speak absent a fiduciary or contractual relationship." *S & R Assocs., L.P. v. Shell Oil Co.*, 725 A.2d 431, 440 (Del. Super. Ct. 1998). | Under Delaware law, standard of proof for fraud is preponderance of the evidence. *In re IBP Shareholders Litig.*, 789 A.2d 14, 54 (Del. Ch. 2001). | Three years from time of act. *Krahmer v. Christie's, Inc.*, 903 A.2d 773 (Del. Ch. 2006). |

- 8 -

000278

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| District of Columbia | "In order to prove fraudulent misrepresentation, [plaintiffs] must prove (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken by [plaintiffs] in reliance upon the representation, (6) which consequently resulted in provable damages." *Railan v. Katyal*, 766 A.2d 998, 1009 (D.C. 2001) (internal citations omitted). | "In order to prevail on a claim of fraud in D.C., a plaintiff must establish (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken by plaintiffs in reliance upon the representation. The first element may be satisfied by nondisclosure or silence." *Smith v. Brown & Williamson Tobacco Corp.*, 108 F. Supp. 2d 12, 15 -16 (D.D.C. 2000) (internal citations omitted). | Undetermined | "When a person undertakes to make a statement in a business transaction, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells, but also not to suppress or conceal any facts within his knowledge which would materially qualify those stated." *Ehrlich v. Real Estate Comm'n*, 118 A.2d 801, 802 (D.C. Ct. App. 1995). | "The elements must be proved by clear and convincing evidence." *Railan v. Katyal*, 766 A.2d 998, 1009 (D.C. 2001) (internal citations omitted). | "[A]ction [for fraud] must be brought within three years from the time the fraud was discovered or reasonably should have been discovered. D.C. Code § 12-301." *Interdonato v. Interdonato*, 521 A.2d 1124, 1136 (D.C. 1987) (internal citations omitted). |

- 9 -

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Florida | "[T]here are four elements of fraudulent misrepresentation: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in *reliance* on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010). . Interestingly, "[j]ustifiable reliance is not a necessary element of fraudulent misrepresentation" in Florida. *Id.* | "Fraud is generally defined as (1) a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment; and (2) a misrepresentation made recklessly without belief in its truth to induce another person to act." *Kish v. A.W. Chesterton Co.*, 930 So. 2d 704, 707 (Fla. Dist. Ct. App. 2006). | Not likely – A "cause of action for fraud in the inducement is an independent tort and is not barred by the economic loss rule." *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238, 1239-40 (Fla. 1997).<br><br>In the context of the economic loss doctrine, "when fraud occurs in . . . connection with misrepresentations, statements, or omissions which cause the complaining party to enter into a transaction, then such fraud is fraud in the inducement and survives as an independent tort," outside of contractual claims. *Ladner v. AmSouth Bank*, 32 So. 3d 99, 105 (Fla. Dist. Ct. App. 2009). | "Duty [to disclose material information] arises when one party has information which the other party has a right to know because there is a fiduciary or other relation of trust or confidence between the two parties." *Friedman v. Am. Guardian Warranty Servs., Inc.*, 837 So.2d 1165, 1166 (Fla. Dist. Ct. App. 2003). | "When fraud is alleged, proof of it must be of the clearest, strongest, and most convincing character." *Verneret v. Foreclosure Advisors, LLC*, 45 So.3d 889, 890 (Fla. Dist. Ct. App. 2010). | Actions for fraud, conversion, misrepresentation, and forgery must be commenced "within four years from the date of their accrual." *Sands v. Blando*, 575 So.2d 1306, 1306 (Fla. Dist. Ct. App. 1991). |

- 10 -

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Georgia | "To assert a claim for fraud in Georgia, a plaintiff must show (i) a false representation or omission of a material fact; (ii) scienter; (iii) intention to induce the party claiming fraud to act or refrain from acting; (iv) justifiable reliance; and (v) damages." *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 380 (Ga. Ct. App. 2009) | Same as fraudulent misrepresentation. | Not likely – "The purpose of the economic loss rule is to distinguish between those actions cognizable in tort and those that may be brought only in contract.... The economic loss rule generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort. . . . The economic loss rule, however, is subject to an exception in certain cases of [intentional] misrepresentation." *ASC Const. Equip. USA, Inc. v. City Commercial Real Estate, Inc.*, 693 S.E.2d 559, 566 (Ga. Ct. App. 2010) (rejecting appellant's argument that the economic loss rule barred appellee's fraud claim). | "Georgia law is abundantly clear that '[a]n obligation to disclose must exist before a party may be held liable for fraud based upon the concealment of material facts.'. . . In the absence of a confidential relationship, no duty to disclose exists when parties are engaged in arm's-length business negotiations; in fact, an arm's-length relationship by its nature excludes a confidential relationship." *Infrasource, Inc. v. Hahn Yalena Corp.*, 613 S.E.2d 144, 146 (Ga. 2005). | Tort of fraudulent misrepresentation requires proof of elements by a preponderance of evidence. *Bloodworth v. Bloodworth*, 626 S.E.2d 589 (Ga. Ct. App. 2006) (internal citations omitted). | "A suit alleging fraudulent inducement in the purchase of property is an action for injury to property, a claim for which must be brought within four years after the right of action accrues. *City of McCaysville v. Cardinal Robotics, LLC*, 589 S.E.2d 614 (Ga. Ct. App. 2003) (internal citations omitted). |

LEGAL02/32545464v1

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Hawaii | "The elements of fraud are: (1) false representations made by the defendant; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon them; and (4) plaintiff's detrimental reliance." *Miyashiro v. Roehrig, Roehrig, Wilson & Hara,* 228 P.3d 341, 362-63 (Haw. Ct. App. 2010). | Undetermined | Not likely – "For the foregoing reasons, we hold that: (1) the economic loss rule applies to bar recovery of pure economic loss in actions based on products liability; (2) the economic loss rule does not bar actions based on negligent misrepresentation or fraud; and (3) the circuit court therefore erred in dismissing the state's negligent misrepresentation claim against USX based on the economic loss rule." *State by Bronster v. U.S. Steel Corp.,* 919 P.2d 294, 307 (Haw. 1996). | Undetermined | The party claiming fraud must establish the elements of fraud by clear and convincing evidence. *Shoppe v. Gucci Am., Inc.,* 14 P.3d 1049, 1067 (Haw. 2000). | Six years. *Eastman v. McGowan,* 946 P.2d 1317 (Haw. 1997). |

- 12 -

LEGAL02/32545464v1

000282

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Idaho | "The elements of an action for fraudulent misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Deutz-Allis Credit Corp. v. Bakie Logging*, 824 P.2d 178, 182 (Idaho Ct. App. 1992). | "To establish fraud [plaintiff] was required to prove, by clear and convincing evidence, that there was nondisclosure, that [plaintiff] relied upon [defendant's] nondisclosure, that [plaintiff's] reliance was material to the transaction, and that [plaintiff] was damaged as a proximate result of the nondisclosure." *Watts v. Krebs*, 962 P.2d 387, 390 (Idaho 1998). | Unclear – The "[e]conomic loss might also be recovered in tort where the occurrence of a unique circumstance requires a different allocation of the risk." *Duffin v. Idaho Crop Imp. Ass'n*, 895 P.2d 1195, 1200-1201 (Idaho 1995). | "A party may be under a duty to disclose: (1) if there is a fiduciary or other similar relation of trust and confidence between the two parties; (2) in order to prevent a partial statement of the facts from being misleading; or (3) if a fact known by one party and not the other is so vital that if the mistake were mutual the contract would be voidable, and the party knowing the fact also knows that the other does not know it." *Sowards v. Rathbun*, 8 P.3d 1245, 1250 (Idaho, 2000). | The burden is on the claimant to prove each element of fraud by clear and convincing evidence. *Kuhn v. Coldwell Banker Landmark, Inc.*, Case 245 P.3d 992, 1002 (Idaho 2010). | Three years from discovery. Idaho Code Ann. § 5-218. |

- 13 -

LEGAL02\32545464v1

000283

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Illinois | "The elements of a claim for fraudulent misrepresentation, also referred to as common law fraud, are: (1) a false statement or omission of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance." *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010). | "To state a cause of action for fraudulent concealment, the plaintiff was required to plead: (1) the concealment of a material fact; (2) the concealment was intended to induce a false belief, under circumstances creating a duty to speak; (3) the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury." *Doe v. Brouillette*, 906 N.E.2d 105, 123 (Ill. App. Ct. 2009). | Not likely – There are "three exceptions to the application of the economic loss rule: "(1) where the plaintiff sustained damage, i.e., personal injury or property damage, resulting from a sudden or dangerous occurrence; (2) where the *plaintiff's damages are proximately caused by a defendant's intentional, false misrepresentation, i.e., fraud*; and (3) where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions." *In re Chicago Flood Litig.*, 680 N.E.2d 265, 275 (Ill. 1997) (emphasis added) (internal citations omitted). | Under Illinois law, "duty to disclose material fact, breach of which may give rise to claim for fraudulent concealment, may arise if plaintiff and defendant are in fiduciary or confidential relationship, which creates duty on part of defendant to disclose all material facts, or where plaintiff places trust and confidence in defendant and thereby places defendant in position of influence and superiority, which may arise by reason of friendship, agency, or experience." *Connick v. Suzuki Motor Co., Ltd*, 675 N.E.2d 584 (Ill. 1996). | A plaintiff must prove the elements of fraudulent misrepresentation by clear and convincing evidence. *Johnson v. Waterfront Servs. Co.*, 909 N.E.2d 342 (Ill. App. Ct. 2009). | Action in fraud and deceit must be commenced within five years after the cause of action accrued. *Fulton v. Barrington Realty Co., Inc*, 653 N.E.2d 1276 (Ill. App. Ct. 1995). |

- 14 -

000284

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Indiana | "To establish a cause of action for fraudulent misrepresentation, [plaintiff] must demonstrate that (1) [defendant] made false statements of past or existing material facts; (2) [defendant] made such statements knowing them to be false or recklessly without knowledge as to their truth or falsity; (3) [defendant] made the statements to induce [plaintiff] to act upon them; 4) [plaintiff] justifiably relied and acted upon the statements; and 5) [the plaintiff] suffered injury." *Hizer v. Holt*, 937 N.E.2d 1, 5 (Ind. Ct. App. 2010). | "The party asserting fraudulent concealment must establish by a preponderance of the evidence, (1) the wrongdoer had a duty to disclose certain facts to another, (2) it knowingly failed to do so, and (3) the other justifiably relied upon such non-disclosure to his detriment." *DeVoe Chevrolet-Cadillac, Inc. v. Cartwright*, 526 N.E.2d 1237, 1240 (Ind. Ct. App. 1988). | Unclear – Nearly all cases deal with negligence claims. No holding related to fraud. In *dicta*, the economic loss rule is described as a rule "that prevents tort recovery when a *product defect* has resulted in the loss of value or use of the thing sold or has caused the buyer to incur the cost of repair." *Runde v. Vigus Realty, Inc.*, 617 N.E.2d 572, 575 (Ind. Ct. App. 1993). | For purposes of fraudulent nondisclosure claim, "duty to disclose may arise when (1) the material fact is known or accessible only to the defendant, and (2) the defendant knows that the plaintiff is unaware of the fact or cannot reasonably discover the undisclosed fact." *Northrop Corp. v. Gen. Motors Corp.*, 807 N.E.2d 70, 87 (Ind. App. 2004). | "When fraud is relied on as a basis for recovery, alleging party must prove all of essential elements of fraud by a preponderance of the evidence." *Grissom v. Moran*, 290 N.E.2d 119, 123 (Ind. Ct. App. 1972). | Six-year statute of limitations for actions seeking relief against fraud applies to constructive fraud as well as actual fraud. *Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 870 n.7 (Ind. Ct. App. 1999). |

- 15 -

LEGAL02/32546464v1

000285

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Iowa | "To establish a claim for fraudulent misrepresentation, Van Sickle has the burden of proving each of the following elements: "(1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, and (7) resulting injury and damage." *Van Sickle Const. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684, 687 (Iowa 2010). | "Fraud requires clear-and-convincing evidence of (1) materiality, (2) falsity, (3) representation, (4) scienter, (5) intent to deceive, (6) justifiable reliance, and (7) resulting injury and damage. . . . A representation need not be an affirmative misstatement; the concealment of or failure to disclose a material fact can constitute fraud. However, for concealment to be actionable, the representation must 'relate to a material matter known to the party . . . which it is his legal duty to communicate to the other contracting party whether the duty arises from a relation of trust, from confidence, from inequality of condition and knowledge, or other attendant circumstances.'" *Clark v. McDaniel*, 546 N.W.2d 590, 592 (Iowa 1996) (internal citations and quotations omitted). | Undetermined | "A manufacturer's failure to warn or to disclose material information does not give rise to a fraud claim when the relationship between a plaintiff and a defendant is solely that of a customer/buyer and manufacturer with two exceptions that are limited to instances where the manufacturer: (1) has made misleading statements of fact intended to influence consumers, or (2) has made true statements of fact designed to influence consumers and subsequently acquires information rendering the prior statements untrue or misleading." *Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 177 (Iowa 2002). | Fraud must be proven by a preponderance of clear, satisfactory, and convincing evidence. *Stewart v. Sisson*, 766 N.W.2d 800 (Iowa App. 2009). | In general, actions for injuries to property and for relief on ground of fraud must be brought within five years. *Bob McKinness Excavating & Grading, Inc. v. Morton Bldgs., Inc.*, 507 N.W.2d 405 (Iowa 1993). |

- 16 -

LEGAL02/32545464v1

000286

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Kansas | "[T]he elements of an action for fraud include (1) an untrue statement of fact, (2) known to be untrue by the party making it, (3) made with the intent to deceive or with reckless disregard for the truth, (4) upon which another party justifiably relies and (5) acts to his or her detriment." *Bomhoff v. Nelnet Loan Servs., Inc.*, 109 P.3d 1241, 1246 (Kan. 2005) (*quoting Allred v. McGehee*, 85 P.3d 1191 (2004). | "In a fraud by silence action, the plaintiff must prove the following elements by clear and convincing evidence: (1) that defendant had knowledge of material facts which plaintiff did not have and which plaintiff could not have discovered by the exercise of reasonable diligence; (2) that defendant was under an obligation to communicate the material facts to the plaintiff; (3) that defendant intentionally failed to communicate to plaintiff the material facts; (4) that plaintiff justifiably relied on defendant to communicate the material facts to plaintiff; and (5) that plaintiff sustained damages as a result of defendant's failure to communicate the material facts to plaintiff." *Raynor Mfg. Co. v. Raynor Door Co.*, No. 101,383, 2010 WL 744801, at *13(Kan. Ct. App. Feb. 26, 2010). | **Yes** – "Recovery for an economic loss is not available in a tort action," and this rule applies to consumer as well as commercial transactions. *Prendiville v. Contemporary Homes, Inc.*, 83 P.3d 1257, 1260 (Kan. Ct. App. 2004). | Where one party to a contract or transaction has superior knowledge or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak, and his silence constitutes fraud. *Brennan v. Kunzle*, 154 P.3d 1094, 1108 (Kan. Ct. App. 2007). | "Fraud is never presumed, but must be established by clear and convincing evidence. *Chism v. Protective Life Ins. Co.*, 234 P.3d 780, 783 (Kan. 2010). | A fraud claim must be "brought within two years of discovery of alleged fraud." *Richards v. Bryan*, 879 P.2d 638, 646 (Kan. Ct. App. 1994). |

- 17 -

LEGAL02/32545464v1

000287

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Kentucky | "In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). | "To prevail on a claim of fraud by omission, or fraud based on failure to disclose a material fact, a plaintiff must prove: a) that the defendants had a duty to disclose that fact; b) that defendants failed to disclose the material fact c) that the defendants' failure to disclose the material fact induced the plaintiff to act; and (d) that the plaintiff suffered actual damages." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. Ct. App. 2003). "A duty to disclose facts is created only where a confidential or fiduciary relationship between the parties exists, or when a statute imposes such a duty, or when a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure." *Id.* | **Not likely** – In *dicta*, the court agreed with Colorado law, which "also recognized that certain common law claims that sound in tort and are expressly designed to remedy economic loss may exist independent of a breach of contract claim . . . and gave as examples common law fraud and negligent misrepresentation." *Presnell Const. Managers, Inc. v. E.H. Const., LLC*, 134 S.W.3d 575, 590 (Ky. 2004). | A duty of disclosure may arise from a fiduciary relationship, partial disclosure of material facts, or by statute. *Bear Inc. v. Smith*, 303 S.W.3d 137 (Ky. Ct. App. 2010). | Fraud claim requires proof, by clear and convincing evidence, of six elements . . . . *Flegles, Inc. v. Truserv Corp.*, 289 S.W.3d 544 (Ky. 2009). | Five years. Ky. Rev. St. Ann. § 413.120. |

- 18 -

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Louisiana | "To succeed in a claim for intentional/fraudulent misrepresentations, the petition must contain allegations of: (1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury." *Sys. Eng'g and Sec., Inc. v. Sci. & Eng's Ass'ns, Inc.*, 962 So. 2d 1089, 1091 (La. Ct. App. 2007). | "[T]he elements of an action for fraud include: (1) a misrepresentation, suppression, or omission of true information; (2) an intent to either obtain an unjust advantage or cause damage or inconvenience to the other party; and (3) the error induced by fraud must relate to a circumstance substantially influencing consent to the contract." *Taylor v. Dowling Gosslee & Assocs, Inc.*, 22 So. 3d 246, 255 (La. Ct. App. 2009). | Undetermined | "We have noted Louisiana law imposes a duty on a manufacturer to provide warning of any danger inherent in the normal use of its product which is not within the knowledge of an ordinary user. R.S. 9:2800.57(C). The rule is that there is "no question that a manufacturer with ... knowledge [that a machine he built could malfunction] has a duty to warn users of its product of the danger." *Bunge Corp. v. GATX Corp.*, 557 So.2d 1376, 1384 (La. 1990) (internal citation omitted). | Fraud need only be proven by preponderance of evidence and may be established by circumstantial evidence. *Van Meter v. Gutierrez*, 897 So.2d 781, 787 (La. Ct. App. 2005). | An action for fraud is in tort and prescribes in one year. *Winn Fuel Serv., Inc. v. Booth*, 34 So.3d 515, 519 (La. Ct. App. 2010). |

- 19 -

000289

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Maine | "To summarize, a defendant is liable for fraud or deceit if the (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage." *Letellier v. Small*, 400 A.2d 371, 376 (Me. 1979). "A plaintiff may justifiably rely on the fraudulent misrepresentation of a defendant, whether made intentionally or recklessly, without investigating the truth or falsity of the representation. Reliance is unjustified only if the plaintiff knows the representation is false or its falsity is obvious to him." *Id.* | "The elements of a claim of fraudulent concealment are: (1) a failure to disclose; (2) a material fact; (3) where a legal or equitable duty to disclose exists; (4) with the intention of inducing another to act or to refrain from acting in reliance on the non-disclosure; and (5) which is in fact relied upon to the aggrieved party's detriment." *Picher v. Roman Catholic Bishop of Portland*, 974 A.2d 286, 295 (Me. 2009). | Yes – "Construing any disputed facts in the light most favorable to Worrey, Maine-ly Marine is nevertheless entitled to summary judgment on Worrey's fraud and misrepresentation claims. Because the only damage Worrey suffered was damage to his engine, the economic loss doctrine set forth by the Law Court in *Oceanside at Pine Point Condominium Owners Assoc. v. Peachtree Doors, Inc.*, 659 A.2d 267, 270 (Me.1995), is applicable here. . . . Under the economic loss doctrine, where a claimant is complaining about a defective product and the sole damage is to the product itself, the claimant is limited to his remedies for breach of contract and breach of warranty and is not entitled to assert tort claims in addition to contractual claims. In this instance, Worrey has asserted claims for breach of contract, breach of express or implied warranty, and unfair trade practice violations. His fraud and negligent misrepresentation claims should therefore be dismissed." *Maine-ly Marine Sales & Serv., Inc. v. Worrey*, No. Civ.A. CV-04-369, 2006 WL 1668039, at *2 (Me. Super. Ct. Apr. 10, 2006). | There is no duty to disclose information, such as might support fraud claim, absent existence of fiduciary or confidential relationship between parties. *Brae Asset Fund, L.P., v. Adam*, 661 A.2d 1137, 1140 (Me. 1995). | Elements of fraudulent misrepresentation must be proved by clear and convincing evidence. *Maine Eye Care Assocs. P.A. v. Gorman*, 890 A.2d 707, 711 (Me. 2006). | Six years after discovery. 14 Me. Rev. Stat. Ann. § 859. |

- 20 -

LEGAL02/32545464v1

000290

**State Variations in Common Law Fraud Claims.**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Maryland | "To prevail on a claim for fraud, the plaintiff must prove: (1) that the defendant made a false representation to the plaintiff; (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *Goldstein v. Miles*, 859 A.2d 313, 331 (Md. 2004). | "[T]he essential elements of a claim of fraudulent concealment include: (1) *the defendant owed a duty to the plaintiff to disclose a material fact*; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment." *Blondell v. Littlepage*, 991 A.2d 80, 94 (Md. 2010) (internal citations omitted). | **Not likely** – Ordinarily, "damages for economic loss are not available in a tort action and are recoverable, if at all, in contract causes of action and, in the case of fraud in actions for deceit." *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 265 (Md. 2007) (internal citations omitted). | "Absent a fiduciary relationship ... a plaintiff seeking to establish fraudulent concealment must prove that the defendant took affirmative action to conceal the cause of action and that the plaintiff could not have discovered the cause of action despite the exercise of reasonable diligence and that ... *the affirmative act on the part of the defendant must ... be some act intended to exclude suspicion and prevent injury, or there must be a duty on the part of the defendant to disclose such facts, if known.*" *Rhee v. Highland Dev. Corp.*, 958 A.2d 385 (Md. Ct. Spec. App. 2008) (internal citations omitted). | To prevail on a fraud-based claim, a party must prove each element of the fraud by clear and convincing evidence. *Cent. Truck Ctr., Inc. v. Cent. GMC, Inc.*, 4 A.3d 515, 520 (Md. Ct. Spec. App. 2010). | Three years after discovery. Md. Code Ann., Cts & Jud. Proc., § 5-501. |

- 21 -

LEGAL02/32545464v1

000291

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Massachusetts | "In a common-law action for fraud, a plaintiff must prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [her] damage." *Sahin v. Sahin*, 758 N.E.2d 132, 138 n.9 (Mass. 2001). "Fraud by omission requires both concealment of material information and a duty requiring disclosure." *Id.* | Same as fraudulent misrepresentation. | Not likely — "The economic loss doctrine was developed in negligence cases . . . It has been applied to tort-based, but not contract-based, warranty cases . . . It has never been applied to misrepresentation cases, even where only negligent misrepresentation is alleged." *Galipeault v. USRV, Inc.*, No. 0600343, 2006 WL 4114303, at *2 (Mass. Supp. Ct. Dec. 20, 2006) (internal citation omitted). | "The tort of nondisclosure arises in a limited number of circumstances where there is a duty to disclose, [which] exists where (1) there is a fiduciary or other similar relation of trust and confidence, (2) there are matters known to the speaker that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading, or (3) the nondisclosed fact is basic to, or goes to the essence of, the transaction." *Knapp v. Neptune Towers Assocs.*, 892 N.E.2d 820, 824 (Mass. Ct. App. 2008). | Undetermined | "Under Massachusetts law, the statute of limitations for fraud claims is three years after the plaintiff learns or reasonably should have learned of the alleged misrepresentations." *Young v. Deloitte & Touche, LLP*, No. 040807BLS, 2004 WL 2341344, at *10 (Mass. Sup. Ct. Sept. 20, 2004). |

- 22 -

000292

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Michigan | "To prove a claim of fraudulent misrepresentation, or common-law fraud, a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury." *Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008). | "Silent fraud or fraudulent concealment has also long been recognized in Michigan. . . . [b]ut for the suppression of information to constitute silent fraud there must exist a legal or equitable duty of disclosure." *Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008). | Yes, if fraud relates to the contractual claim – if the fraud claim is "interwoven" with a contract claim, then economic loss rule bars fraud claims: "To that end, we must look to the four corners of plaintiff's complaint, accept all factual allegations as true, and determine whether the fraud claim falls outside the ambit of the economic loss doctrine. We hold that it does not. The fraudulent representations alleged by plaintiff concern the quality and characteristics of the software system sold by defendants. These representations are indistinguishable from the terms of the contract and warranty that plaintiff alleges were breached. Plaintiff fails to allege any wrongdoing by defendants independent of defendants' breach of contract and warranty. Because plaintiff's allegations of fraud are not extraneous to the contractual dispute, plaintiff is restricted to its contractual remedies under the UCC. The circuit court's dismissal of plaintiff's fraud claim was proper." *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541, 546 (Mich. Ct. App. 1995). | "Thus, Supreme Court precedent clearly indicates that, in order to prove a claim of silent fraud, a plaintiff must show that some type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure . . . . We believe that to the extent that *Shimmons* held that a claim of fraudulent concealment can be established by showing only that the seller knew there was a hidden defect and that the purchaser had no knowledge of it, the holding was overly broad and in conflict with Supreme Court precedent." *M&D, Inc. v. W.B. McConkey*, 585 N.W.2d 33, 38 (Mich. Ct. App. 1998) (internal citations omitted). | Fraud must be established by clear and convincing evidence and must never be presumed. *Foodland Distrib. v. Al-Naimi*, 559 N.W.2d 379, 381 (Mich. App. 1996). | Six years after accrual. Mich. Comp. Laws. Ann. § 600.5813. |

- 23 -

LEGAL02/32545464v1

000293

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Minnesota | "In Minnesota, a plaintiff must prove five elements to succeed on a claim for fraudulent representation: (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer pecuniary damage as a result of the reliance." *Flynn v. Am. Home Prods Corp.*, 627 N.W.2d 342, 349 (Minn. Ct. App. 2001). | "Under Minnesota law, fraudulent misrepresentation based on the concealment of a material fact occurs when one party knowingly conceals a material fact that is 'peculiarly within his own knowledge,' and the other party relies on the presumption that the fact does not exist." *Flynn v. Am. Home Prods Corp.*, 350 (Minn. Ct. App. 2001) (internal citations omitted). | Maybe, if fraud relates to the contractual claim – "We think the Minnesota Supreme Court would resolve the legal issue in this case by holding that, in a suit between merchants, a fraud claim to recover economic losses must be independent of the Article 2 contract or it is precluded by the economic loss doctrine." *AKA Distrib. Co. v. Whirlpool Corp.*, 137 F.3d 1083, 1087 (8th Cir. 1998) (applying Minnesota law). | "'A duty to disclose facts may exist under certain circumstances, such as when a confidential or fiduciary relationship exists between the parties or when disclosure would be necessary to clarify information already disclosed, which would otherwise be misleading.'" *Jane Doe 43C v. Diocese of New Ulm*, 787 N.W.2d 680 (Minn. Ct. App. 2010) (internal citation omitted).<br><br>"A duty to disclose [in a business transaction] may arise if the parties stand in a fiduciary relationship or if one party has special knowledge of material facts to which the other party does not have access, [and,] if a party conceals these facts, knowing that the other party acts on the presumption that no such fact[s] exist, nondisclosure may constitute fraud." *Driscoll v. Standard Hardware, Inc.*, 785 N.W.2d 805, 812 (Minn. App. 2010) | Fraud must be proven by clear and convincing evidence. *Beazley v. Medin*, 479 N.W.2d 95, 99 (Minn. App. 1992) (internal citation omitted). | Six years after discovery. Minn. Stat. Ann. § 541.05. |

- 24 -

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Mississippi | "[I]n order to establish fraud, the following elements must be proven: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *Poe v. Summers*, 11 So.3d 129, 133 (Miss. Ct. App. 2009) (internal citations omitted). | "An omission constitutes fraud only if the speaker owed the hearer a duty of disclosure.... The duty to disclose arises when one party has information that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them." *Mooneyham v. Progressive Gulf Ins. Co.*, 910 So.2d 1223, 1227 (Miss. Ct. App. 2005). | Maybe, if fraud relates to the contractual claim – "*Seely* and its progeny enumerate three basic reasons for not allowing recovery in tort when only economic damages are sought to be recovered. *Id.* 'First, tort law would subsume contract law, secondly the manufacturer's exposure would be too greatly expanded, and thirdly the increased costs to the ultimate consumer would be too great.' *Id.* Allowing recovery in tort under circumstances essentially commercial in nature would not further the purpose of strict liability, a doctrine developed to ensure that the costs of injuries resulting from defective products are borne by the manufacturers who produce such products as opposed to the ultimate consumer. Although the economic loss doctrine prohibits recovery in tort for damage to the product itself that does not mean that consumers who suffer loss or damage to only the product itself are without recourse. Contract law and the law of warranty are well suited to handle controversies in which commercial purchases do not live up to the expectations of the consumer." *State Farm Mut. Auto Ins. Co. v. Ford Motor Co.*, 736 So.2d 384, 387 (Miss. Ct. App. 1999) (internal citations omitted). | In Mississippi, the duty to disclose material facts only arises where there is a fiduciary relationship between the parties. *Taylor v. S. Farm Bureau Cas. Co.*, 954 So.2d 1045, 1048 (Miss. Ct. App. 2007). | The elements of fraud, which must be proven by clear and convincing evidence. *O.W.O. Invs. v. Stone Inv. Co., Inc.*, 32 So.3d 439, 446 (Miss. 2010). | Three years after accrual. Miss. Code Ann. § 15-1-49; *Sanderson Farms, Inc. v. Ballard*, 917 So.2d 783, 789 (Miss. 2005). |

- 25 -

LEGAL02/32545464v1

000295

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Missouri | "To make a submissible case of fraudulent misrepresentation, a plaintiff is required to prove nine essential elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Richards v. ABN AMRO Mortg. Group, Inc.*, 261 S.W.3d 603, 607 (Mo. Ct. App. 2008) (internal citations omitted). | "Missouri courts have not recognized a separate tort of fraudulent nondisclosure. Instead, in such cases, a party's silence in the face of a legal duty to speak replaces the first element [of the fraud claim]: the existence of a representation." *Richards v. ABN AMRO Mortg. Group, Inc.*, 261 S.W.3d 603, 607 (Mo. Ct. App. 2008). | Maybe, if fraud relates to the contractual claim – Fraud claim not outside of the contractual agreement is barred by the economic loss doctrine. *Zoltek Corp. v. Structural Polymer Grp., Ltd.*, No. 4:08-CV-460, 2008 WL 4921611, at *4 (E.D. Mo. Nov. 13, 2008). | Silence or nondisclosure becomes misrepresentation only where a duty to disclose exists . . . A duty to disclose exists where there is a relationship of trust and confidence between the parties or where one of the parties has superior knowledge not within the fair and reasonable reach of the other party . . . Whether a duty to disclose exists and whether the circumstances constitute fraud must be determined on the facts of the particular case. *Zubres Radiology v. Providers Ins. Consultants*, 276 S.W.3d 335, 340 (Mo.App. 2009) (internal citation omitted). | "The party alleging fraud bears the burden of proving each element and must satisfy that burden with clear and convincing evidence. *Kempton v. Dugan*, 224 S.W.3d 83, 87 (Mo. App. 2007). | Statute of limitations for fraud and misrepresentation is five years from when the fraud was discoverable by the aggrieved party, and it is the aggrieved party's duty to inquire so as to discover the facts surrounding the fraud. *Corley v. Jacobs*, 820 S.W.2d 668, 672 (Mo. Ct. App. 1991). |

- 26 -

LEGAL02/32545846v1

000296

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Montana | "[T]he nine elements of actual fraud: (1) a representation; (2) falsity of the representation; (3) materiality of the representation; (4) speaker's knowledge of the falsity of the representation or ignorance of its truth; (5) speaker's intent it should be relied upon; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation; (8) the hearer's right to rely on the representation; and (9) consequent and proximate injury caused by the reliance on the representation." *Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996). | Undetermined | Undetermined | Undetermined | "A mere suspicion of fraud is not sufficient, fraud must be proven by a preponderance of the evidence." *In re Estate of Kindsfather*, 108 P.3d 487, 490 (Mont. 2005). | "Fraud claims are subject to a two-year statute of limitations." *Osterman v. Sears, Roebuck & Co.*, 80 P.3d 435, 440 (Mont. 2003). |

- 27 -

000297

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Nebraska | "In order to maintain an action for fraudulent misrepresentation, a plaintiff must allege and prove the following elements: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that he or she suffered damage as a result." *Schuelke v. Wilson*, 549 N.W.2d 176, 181-82 (Neb. 1996). | "[W]e hold that to prove fraudulent concealment, a plaintiff must prove these elements: (1) The defendant had a duty to disclose a material fact; (2) the defendant, with knowledge of the material fact, concealed the fact; (3) the material fact was not within the plaintiff's reasonably diligent attention, observation, and judgment; (4) the defendant concealed the fact with the intention that the plaintiff act or refrain from acting in response to the concealment or suppression; (5) the plaintiff, reasonably relying on the fact or facts as the plaintiff believed them to be as the result of the concealment, acted or withheld action; and (6) the plaintiff was damaged by the plaintiff's action or inaction in response to the concealment. *Knights of Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317, 334 (Neb. 2010). | Undetermined | It is true that mere silence cannot constitute a misrepresentation absent a duty to disclose information. But we need not consider whether Kirkpatrick Pettis owed fiduciary duties to the appellants. When a party makes a partial or fragmentary statement that is materially misleading because of the party's failure to state additional or qualifying facts, the statement is fraudulent. "Fraudulent misrepresentations may consist of half-truths calculated to deceive, and a representation literally true if used to create an impression substantially false." "To reveal some information on a subject triggers the duty to reveal all known material facts." *Knights of Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317, 331 (Neb. 2010) (internal quotations omitted). | Courts of law require proof of fraud by a preponderance of the evidence, while courts of equity require clear and convincing evidence. *Huffman v. Poore*, 569 N.W.2d 549, 559 (Neb. Ct. App. 1997). | When the specific cause of action in the petition is one for fraud, the statute which applies in this instance is the four-year statute of limitations. *McGinley v. McGinley*, 583 N.W.2d 77, 80 (Neb. Ct. App. 1998). |

- 28 -

LEGAL02/32545464v1

000298

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Nevada | "Under Nevada law, [plaintiff] has the burden of proving each and every element of his fraudulent misrepresentation claim by clear and convincing evidence: (1) A false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). | "To establish a prima facie case of fraudulent concealment, a plaintiff must offer proof that satisfies five elements: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, that is, the defendant concealed or suppressed the fact for the purpose of inducing the plaintiff to act or to refrain from acting differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbit*, 21 P.3d 11 (Nev. 2001). | Maybe, if fraud relates to the contractual claim – "Broadly speaking, Nevada applies the economic loss doctrine to bar recovery in tort for purely monetary harm in product liability and in negligence cases unrelated to product liability. Nevada law may also bar recovery for other tort claims where the plaintiff's only complaint is that the defendant failed to perform what was promised in the contract. But it does not bar recovery in tort where the defendant had a duty imposed by law rather than by contract and where the defendant's intentional breach of that duty caused purely monetary harm to the plaintiff." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880 (9th Cir. 2007) (interpreting Nevada law and finding that the economic loss rule did not bar plaintiffs' fraud claim because "the claim is based on behavior outside the contractual obligations and in violation of the duty imposed under Nevada law not to commit fraud."). | "With respect to fraudulent concealment, a duty to disclose arises from the relationship of the parties. A fiduciary relationship, for instance, gives rise to a duty of disclosure. . . . A duty to disclose may also arise where the parties enjoy a 'special relationship,' that is, where a party reasonably imparts special confidence in the defendant and the defendant would reasonably know of this confidence . . . A party's superior knowledge thus imposes a duty to speak in certain transactions, depending on the parties' relationship. 'Nondisclosure will become the equivalent of fraudulent concealment when it becomes the duty of a person to speak in order that the party with whom he is dealing may be placed on an equal footing with him. . . . Even when the parties are dealing at arm's length, a duty to disclose may arise from the 'existence of material facts peculiarly within the knowledge of the party sought to be charged and not within the fair and reasonable reach of the other party.'" *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (1998), *overruled in part on other grounds by GES, Inc. v. Corbit*, 21 P.3d 11 (2001) (internal citations omitted). | "[B]urden is on plaintiff to establish fraud by clear and convincing evidence." *Hindmen v. Whitney by Vogelheim*, 697 P.2d 932, 933-34 (Nev. 1985). | Three years after discovery. Nev. Rev. Stat. 11.202 (3)(d). |

-29-

000299

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| **New Hampshire** | "In order to prove deceit, the plaintiff must prove that the defendant intentionally made material false statements to the plaintiff, which the defendant knew to be false or which he had no knowledge or belief were true, for the purpose of causing, and which does cause, the plaintiff reasonably to rely to his detriment." *Caledonia, Inc. v. Trainor*, 459 A.2d 613, 617-18 (N.H. 1983). | Undetermined | **Maybe, if fraud relates to the contract claim**—When "the plaintiff's expectations are rooted in its contract" and when the "economic loss the plaintiff suffered arose 'solely from disappointed commercial expectations . . . [I]mposing a tort duty upon the defendant . . . would disrupt the contractual relationships between and among the various parties." In such a case, there is "no 'special relationship' between the plaintiff and the defendant such that the defendant owed to the plaintiff an independent duty in tort to prevent economic loss." *Plourde Sand & Gravel Co. v. JGI E., Inc.*, 917 A.2d 1250, 1256-57 (N.H. 2007). | "One who makes a representation that is true when made is under duty to correct that statement if it becomes erroneous or is discovered to have been false before transaction is consummated." *Bursey v. Clement*, 387 A.2d 346, 348 (N.H. 1978). Partial disclosure may give rise to a duty to fully disclose when partial disclosure, standing alone, is deceptive. *Id.* | "Fraud must be proved by clear and convincing evidence, but such proof may be founded upon circumstantial evidence." *Snow v. Am. Morgan Horse Ass'n, Inc.*, 686 A.2d 1168, 1170 (N.H. 1996) (internal citations omitted). | Three years after discovery. N.H. Rev. Stat. Ann. § 508:4 |

- 30 -

LEGAL02/32545464v1

000300

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| New Jersey | "In order to establish a cause of action under common law fraud, plaintiffs must demonstrate that: (1) defendant made a material misrepresentation or omission of fact; (2) knowing the misrepresentation to be false or the omission to be material, and intending the other party to rely on it; and (3) the other party did in fact rely on the misrepresentation or omission to its detriment." *Varacallo v. Mass. Mut. Life Ins. Co.*, 752 A.2d 807, 813 (N.J. Super. Ct. App. Div. 2000). | Same as fraudulent misrepresentation. | Undetermined | "A duty to disclose may arise where good faith and common decency require it." *City Check Cashing, Inc. v. Mfrs. Hanover Trust Co.*, 764 A.2d 411, 417 (N.J. 2001). "The question of whether a duty exists is a matter of law. . . . The question is one of fairness and policy that 'involves identifying, weighing, and balancing several factors—the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution. . . . There are three general classes of transactions in which a duty to disclose arises . . . The first involves fiduciary relationships such as principal and agent or attorney and client . . . . The second embraces situations in which 'either one or each of the parties, in entering . . . [the] transaction, expressly reposes . . . a trust and confidence in the other . . . or [because of the] circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence . . . is necessarily implied.' . . . The third includes contracts or transactions which in their essential nature, are 'intrinsically fiduciary,' and 'necessarily call[] for perfect good faith and full disclosure, without regard to any particular intention of the parties.'" *United Jersey Bank v. Kensey*, 704 A.2d 38, 43 (N.J. Super. Ct. App. Div. 1997). | "Fraud is not presumed; it must be proven through clear and convincing evidence." *Stoecker v. Echevarria*, 975 A.2d 975 (N.J. Super. Ct. App. Div. 2009) (internal citations omitted). | Six-year statute of limitations applied to yacht buyer's claims against seller based on common-law fraud and the Consumer Fraud Act. *D'Angelo v. Miller Yacht Sales*, 619 A.2d 689, 691 (N.J. Super. Ct. App. Div. 1993). |

- 31 -

LEGAL02/32545464v1

000301

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| New Mexico | "In order to prevail on a fraud claim, a plaintiff must prove the existence of (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Papakeofanis v. Allen*, 242 P.3d 358, 361 (N.M. Ct. App. 2010). | "[A] person may be held liable for damages caused by a failure to disclose material facts to the same extent that a person may be liable for damages caused by fraudulent or negligent misrepresentation." *Azar v. Prudential Ins. Co.*, 68 P.3d 909, 928 (N.M. Ct. App. 2003) (internal citation omitted). | Not likely — "New Mexico's economic loss rule holds that 'in commercial transactions, where there is no great disparity in bargaining power of the parties, economic losses from injury of a product to itself are not recoverable in tort actions; damages for such economic losses in commercial setting in New Mexico may only be recovered in contract actions." *AIG Aviation Ins. v. Avco Corp.*, 709 F. Supp. 2d 1124, 1127 (D.N.M. 2010) (internal citations omitted). | "In an arm's-length transaction, duty to disclose arises only when defendant has actual knowledge of both undisclosed information and fact that plaintiff is proceeding in ignorance of facts basic to transaction; it is not enough to show that defendant should have known information or its importance to plaintiff." *McElhannon v. Ford*, 73 P.3d 827, 831 (N.M. Ct. App. 2003). | Clear and convincing standard of proof is applicable to cases concerning undue influence; this standard requires fact finder to reach abiding conviction as to truth of facts found. *Montoya v. Torres*, 823 P.2d 905, 909 (N.M. 1991) (internal citations omitted). | Four years. N.M. Stat. Ann. §37-1-4. |

- 32 -

LEGAL02/32545464v1

000302

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| New York | "The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Chung v. Wang*, 912 N.Y.S. 2d 647, 648 (N.Y. App. Div. 2010) (internal citations omitted). | Same as elements for fraudulent misrepresentation. | Not likely – "Based on the foregoing, the Court concludes that the economic loss rule presents no bar to the assertion of [plaintiff's] fraud claim." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 278 (S.D.N.Y. 2004) (applying New York law and allowing fraud claim to go forward because New York law permits recovery of economic loss on claims of fraud and fraud in the inducement even "in tandem" with contract claims). <br><br> "In the absence of any articulation to the contrary by the New York courts, the economic loss doctrine will not be presumed to extend to fraud claims." *Computech Int'l Inc. v. Compaq Computer Corp.*, No. 02 Civ. 2628(RWS), 2004 WL 1126320, at *10 (S.D.N.Y. May 21, 2004) (observing that "[t]he parties have not cited to any case in the New York courts applying the economic loss doctrine to an intentional tort, nor has it been found by the Court."). | "A duty to disclose may arise where there is a fiduciary or confidential relationship, or one party's superior knowledge of essential facts renders nondisclosure inherently unfair." *Barrett v. Freifeld*, 908 N.Y.S. 2d 736, 737-38 (N.Y. App. Div. 2010) (internal citations omitted). | "The elements of fraud are narrowly defined, requiring proof by clear and convincing evidence." *Gaidon v. Guardian Life Ins. Co. of Am.*, 725 N.E.2d 598, 607 (N.Y. 1999). | Six years. *Monaghan v. Ford Motor Co.*, 897 N.Y.S.2d 482 (N.Y. App. Div. 2010). |

- 33 -

LEGAL02/32545464v1

000303

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| North Carolina | "Fraud requires a (1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Hudgins v. Wagoner*, 694 S.E.2d 436, 442 (N.C. Ct. App. 2010) (internal citation and quotation omitted). | Same as elements for fraudulent misrepresentation. | Yes – "North Carolina bars recovery for economic loss in tort [including common law fraud] and adjudicates such claims under contract law." *Coker v. DaimlerChrysler Corp.*, No. 01 CVS 1264, 2004 WL 32676, at *3 (N.C. Super. Ct. Jan. 5, 2004). | "Where material facts are accessible to the vendor only, and he knows them to not be within the reach of the diligent attention, observation and judgment of the purchaser, the vendor is bound to disclose such facts, and make them known to the purchaser." *Latta v. Rainey*, 689 S.E.2d 898, 890 (N.C. Ct. App. 2010) (internal citation and quotation omitted). | [I]t is possible for a jury to find someone liable for fraud by preponderance of the evidence, but not find an aggravating factor of fraud, [as required for punitive damages,] by clear and convincing evidence. *Hudgins v. Wagoner*, 694 S.E.2d 436, 450 n.8 (N.C. Ct. App. 2010). | Three years after discovery. N.C. Gen. Stat. § 1-52. |
| North Dakota | "Under North Dakota law, [f]raud and deceit require misrepresentation of facts, suppression of facts, misleading another, or promising without intending to perform." *WFND, LLC v. Fargo Marc, LLC*, 730 N.W.2d 841, 853 (N.D. 2007) (internal citation and quotation omitted). | Same as elements for fraudulent misrepresentation. | Undetermined | Undetermined | "Fraud and deceit must be proved by clear and convincing evidence." *WFND, LLC v. Fargo Marc, LLC*, 730 N.W.2d 841, 843 (N.D. 2007). | Six years after discovery. N.D. Cent. Code § 28-01-16. |

- 34 -

LEGAL02/32545464v1

000304

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Ohio | "Fraud consists of (a) a representation or, where there is a duty to disclose, a concealment of fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Wagner v. Ohio State Univ. Med. Ctr.*, 934 N.E.2d 394, 402 (Ohio Ct. App. 2010) (internal citations and quotations omitted). | Same as elements for fraudulent misrepresentation. | Not likely — "[W]e find that because Ferro may bring a contract action against Blaw Knox, it may not recover economic losses through a negligence action. It is the character of the loss, here the economic losses incurred as a result of the failure of the product, that determines that the cause of action lies in contract. . . . However, pursuant to the holding of *Chemtrol*, it cannot be said that Ferro must be precluded from bringing its separate and distinct tort claims of fraud and negligent misrepresentation against Blaw Knox." *Ferro Corp. v. Blaw Knox Food & Chem. Equip. Co.*, 700 N.E.2d 94, 98 (Ohio Ct. App. 1997) (internal citations omitted). | "The duty to disclose arises when one party has information that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them." *Steinfels v. Ohio Dept. of Commerce*, 719 N.E.2d 76, 82 (Ohio Ct. App. 1998). | "The elements of fraud must be established by clear and convincing evidence." *Rapport v. Kochovski*, 923 N.E.2d 1212, 1215 (Ohio Ct. App. 2009). | Four years after discovery. *Burr v. Board of Cnty Comm'rs of Stark Cnty*, 491 N.E.2d 1101 (Ohio 1986). |

- 35 -

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Oklahoma | The elements for fraud are "material, false representations, made with knowledge of their falsity, or recklessly made without knowledge of their truth and as a positive assertion, with intention they be acted upon by another, and reliance thereon by another party to his injury." *Gibson v. Mendenhall*, 224 P.2d 251, 253 (Okla. 1950). | "Constructive fraud is 'the concealment of material facts which one is bound under the circumstances to disclose.'" *Bankers Trust Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2004) (internal citation omitted). | Not likely – "Defendants correctly note that the alleged fraud and fraudulent concealment here occurred during the performance of the contract, not in its formation, and ask the Court to follow the holding in *Natural Wealth*. However, because the Tenth Circuit clearly stated that Colorado law prohibits the application of the economic loss rule to intentional torts, the Court declines to follow the court in *Natural Wealth*. Accordingly, the economic loss rule does not preclude plaintiff's fraud and fraudulent concealment claims, and each will be discussed in turn." *Williams Field Serv. Grp. LLLC v. Gen. Elec. Intern. Inc.*, No. 06-CV-0530-CVEFHM, 2009 WL 151723, at *5 (N.D.Okla. Jan. 22, 2009). | "A latent defect known to the [vendor] creates a duty of disclosure in the [vendor, and a] [f]ailure to disclose amounts to fraudulent concealment of the defect." *Mamoodjanloo v. Wolf*, 190 P.3d 1170, 1173 (Okla. Civ. App. 2008). | "Fraud is never presumed and each of its elements must be proved by clear and convincing evidence." *Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009). | "[C]ivil actions based on fraud [must be] brought within two years." *Bennett v. McKibben*, 915 P.2d 400 (Okla. Civ. App. 1996). |

- 36 -

LEGAL02/32345464v1

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Oregon | "Under Oregon law, proof of fraud generally requires a showing that (1) the accused had falsely represented a material fact; (2) the accused knew that the representation was false; (3) the misrepresentation was made with the intent to induce the recipient to act or refrain from acting; (4) the recipient justifiably relied on the misrepresentation; and (5) the recipient was damaged by that reliance." *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1131 (Or. Ct. App. 2003) (internal citations omitted). | "[S]ilence or concealment of facts, particularly when there is a duty to speak, can serve as the basis for a fraud claim, . . . and . . . when one party has a fiduciary relationship to the other a simple failure to make a full and fair disclosure of the facts may constitute fraud." *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1132 (Or. Ct. App. 2003) (internal citations omitted). | Undetermined | "A failure to disclose facts can be fraud; however, such a failure amounts to fraud only where there is a duty to disclose. The Comment to Restatement, Restitution s 8, p. 33, states: 'Except in a few special types of transactions, such as insurance contracts and transactions between a fiduciary and his beneficiary, there is no general duty upon a party to a transaction to disclose facts to the other party. * * * (However), a person who, before the transaction is completed, knows or suspects that the other is acting under a misapprehension which, if the mistake were mutual, would cause the transaction to be voidable, is under a duty to disclose the facts to the others.'" *State Constr. Corp. v. Scoggins*, 485 P.2d 391, 393 (Or. 1971) (internal citations and quotations omitted). | "Clear and convincing proof is required in civil cases involving allegations of fraud." *Gallant v. Board of Med. Exam'rs*, 974 P.2d 814, 820 (Or. Ct. App. 1999) (internal citations omitted). | Two years after discovery. *Murray v. Lamb*, 148 P.2d 797, 801 (Or. 1944). |

- 37 -

LEGAL02/32545464v1

000307

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Pennsylvania | "To recover on a claim of fraud a plaintiff must prove by clear and convincing evidence six elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002) (internal citations omitted). | "Concealment of a material fact can amount to actionable fraud if the seller intentionally concealed a material fact to deceive the purchaser. Active concealment of defects known to be material to the purchaser is legally equivalent to an affirmative misrepresentation. However, mere silence without a duty to speak will not constitute fraud." *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002) (internal citation and quotation omitted). | Yes, if fraud relates to the contractual claim – "In general, courts are cautious about permitting tort recovery based on contractual breaches. In keeping with this principle, this Court has recognized the 'gist of the action' doctrine, which operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims. Where fraud claims are intertwined with breach of contract claims and the duties allegedly breached are created and grounded in the contract itself, the gist of the action is breach of contract. Thus, claims of fraud in the performance of a contract are generally barred under the gist of the action doctrine." *Hart v. Arnold*, 884 A.2d 316, 339-40 (Pa. Super. Ct. 2005). | "A misrepresentation need not be an actual statement; it can be manifest in the form of silence or failure to disclose relevant information when good faith requires disclosure." *Glover v. Severino*, 946 A.2d 710, 714 (Pa. Super. Ct. 2008). | "Fraud must be averred with particularity . . . and it must be proven by clear and convincing evidence." *Ellison v. Lopez*, 959 A.2d 395, 398 (Pa. Super. Ct. 2008) (internal citation omitted). | Two years. 42 Pa. Cons. Stat. Ann. § 5524. |

- 38 -

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| **Puerto Rico** | "In order to prove fraud under Puerto Rico law, a plaintiff must establish: (1) that a false representation was made; (2) that the plaintiff reasonably and foreseeably relied thereon; (3) that the plaintiff was injured by his reliance; and (4) that the defendant intended to defraud the plaintiff." *Microsoft Corp. v. Computer Warehouse*, 83 F. Supp. 2d 256, 262 (D.P.R. 2000). | Fraudulent concealment referred to as "dolo" does not require proof of detrimental reliance on false misrepresentations. *Prado Alvarez v. R.J. Reynolds Tobacco Co., Inc.*, 405 F.3d 36, 44 (1st Cir. 2005). | Undetermined | "Fraud, synonymous with deception, consists of false representations made either orally or by conduct, material acts by which a person of reasonable discretion and confidence is induced to act at their peril; and in the omission of material facts by a person who is legally obligated to reveal to the other person." *Pueblo v. Chevas*, No. 7327, 1939 WL 8585, at *3 (P.R. Feb. 15, 1939). | "A party alleging fraud must prove its existence with uncontroverted and unchallengeable evidence." *Wadsworth, Inc. v. Schwarz-Nin*, 951 F.Supp. 314, 323 (D.P.R. 1996); *Monclova v. Fin. Credit Corp.*, 83 D.P.R. 770, 776 (P.R. 1961) (mere conclusions, conjecture, supposition or suspicion are insufficient). | One year from discovery. P.R. Law Ann. tit. 31, § 5298(2).<br><br>May be tolled. P.R. Law Ann. tit. 31, § 5303. |

- 39 -

LEGAL02/32545464v1

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Rhode Island | "To establish a *prima facie* fraud claim, the plaintiff must prove that the defendant made a false representation intending thereby to induce plaintiff to rely thereon and that the plaintiff justifiably relied thereon to his or her damage." *Parker v. Byrne*, 996 A.2d 627, 634 (R.I. 2010) (internal quotation omitted). | Undetermined | No – "We conclude, therefore, that the economic loss doctrine is not applicable to consumer transactions." *Rousseau v. K.N. Const., Inc.*, 727 A.2d 190, 193 (R.I. 1999). | "[I]n the absence of a duty to speak, [mere silence] is not fraudulent. . . . and even mediated silence may not be fraudulent." *McGinn v. McGinn*, 146 A. 636, 638 (R.I. 1929). | "[F]raud in a civil suit need only be proven by a fair preponderance of the evidence." *Ostalkiewicz v. Guardian Alarm, Div. of Colbert's Sec. Servs., Inc.*, 520 A.2d 563, 569 (R.I. 1987). | Ten years. R.I. Gen. Laws § 9-1-13(a). |

- 40 -

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| **South Carolina** | "To establish fraud, the following nine elements must be shown: (1) a representation or nondisclosure of a material fact, (2) its falsity, (3) its materiality, (4) either knowledge of its falsity or a reckless disregard of its truth or falsity, (5) intent that the representation be acted upon, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury." *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 527 S.E.2d 371, 378 (S.C. Ct. App. 2000). | "Non-disclosure becomes fraudulent concealment only when it is the duty of the party having knowledge of the facts to make them known to the other party to the transaction." *Ellie, Inc. v. Micciechi*, 594 S.E.2d 485, 497 (S.C. Ct. App. 2004) (internal quotation omitted). | Maybe, if fraud relates to the contractual claim – "[Plaintiff] alleges that Defendant knew, at the time it promised that the ballast had been 'tested for a year with good results,' that such ballasts had never been tested. Plaintiff relied up then this allegedly untrue statement in continuing contractual relations with Defendant. Thus, contrary to Defendant's assertion, it is not the case that 'Plaintiff is attempting to take a simple contract and warranty claim and blow it out of proportion by alleging that the shipment of defective goods was somehow fraudulent.' "The case at bar does not involve any such claim in a fraud suit of clothes.' In this case, Plaintiff has alleged that Defendant violated a duty imposed by tort law, *i.e.*, the duty not to commit fraud. Accordingly, Defendant is not entitled to the protection of the economic loss rule, which protects only those defendants who have breached only contractual duties." *Enhance-It, L.L.C. v. Am. Access Techs. Inc.*, 413 F. Supp. 2d 626, 631 (D.S.C. 2006) (internal citations omitted) (applying S.C. law). | A duty to disclose may be reduced to three distinct classes: (1) where it arises from a preexisting definite fiduciary relation between the parties; (2) where one party expressly reposes a trust and confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied; and (3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties. *Wright v. Craft*, 640 S.E.2d 486, 499 (S.C. Ct. App. 2006). | "To prevail on a cause of action for fraud, a Plaintiff must prove by clear, cogent and convincing evidence . . ." *Moseley v. All Things Possible, Inc.*, 694 S.E.2d 43, 45 (S.C. Ct. App. 2010). | Three years after discovery. S.C. Code Ann. § 15-3-530 (1976). |

- 41 -

000311

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| South Dakota | The common-law fraud claim requires that "a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with the intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage." *Delka v. Cont'l Cas. Co.*, 748 N.W.2d 140, 151-52 (S.D. 2008). | "To successfully prove fraudulent concealment, [plaintiff] must show: (1) the suppression of a fact by one who is bound to disclose it, or (2) the suppression of a fact by one who gives information of other facts which are likely to mislead for want of communication of that fact." *Milligan v. Waldo*, 620 N.W.2d 377, 380 (S.D. 2001). | Undetermined | "Fiduciary duties, which often produce the duty to disclose, are not inherent in normal arm's-length business relationship, and arise only when one undertakes to act primarily for another's benefit." *Schwaiger v. Mitchell Radiology Assocs.*, 652 N.W.2d 372, 380 (S.D. 2002) (internal quotations omitted). | It is plaintiff's burden to prove each element of a fraud claim by a preponderance of the evidence. *Sejnoha v. City of Yankton*, 622 N.W.2d 735, 739 (S.D. 2001). | Six years after discovery. S.D. Codified Laws §§ 15-2-3, 13. |

LEGAL02/32545464v1

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Tennessee | "[Plaintiff] must prove six elements to establish [a] claim of intentional misrepresentation: (1) that [the defendant] made a representation of an existing or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that [the defendant] made the representation recklessly, with knowledge that it was false, or without belief that the representation was true; (5) that [the plaintiff] reasonably relied on the representation; and (6) that [the plaintiff was] damaged by relying on the representation." *Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. 2010). | "This Court recognizes two actionable types of concealment: where the concealment constitutes a trick or contrivance and when there is a duty to disclose. . . . A party commits fraudulent concealment for failing to disclose a known fact or condition where he had a duty to disclose and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury. . . . For the nondisclosure to constitute fraud, the charged party must have knowledge of an existing fact or condition and a duty to disclose that fact or condition. . . . The fact or condition must be a material fact affecting the essence of the subject matter of the contract." *Odom v. Oliver*, 310 S.W.3d 344, 349 (Tenn. Ct. App. 2009) (internal citations omitted). | Undetermined | "Generally, a duty to disclose information arises in three situations: (1) where there is a previous definite fiduciary relation between the parties; (2) where it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other; and (3) where the contract or transaction is intrinsically fiduciary and calls for perfect good faith." *Guesthouse Int'l, LLC v. Shoney's N. Am. Corp.*, 330 S.W.3d 166, 195 (Tenn. Ct. App. 2009) (internal citation omitted). | "[T]he preponderance [of evidence] standard [of proof] applies in a [fraud] case where the plaintiff does not seek rescission or reformation of a written instrument due to fraud. . . ." *Elchepp v. Hatfield*, 294 S.W.3d 146, 150 (Tenn. Ct. App. 2008). | Three years. *Vance v. Schulder*, 547 S.W.2d 927 (Tenn. 1977). |

- 43 -

LEGAL02/32454544v1

000313

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| **Texas** | "The elements of fraud are (1) a material representation was made, (2) the representation was false, (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party should act upon it, (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury." *Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 849-50 (Tex. Ct. App. 2010) (internal citation omitted). | "The elements of fraud by nondisclosure are (1) the defendant failed to disclose facts to the plaintiff, (2) the defendant had a duty to disclose those facts, (3) the facts were material, (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result of acting without that knowledge." *Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. Ct. App. 2010). | Not likely – tort law "has long imposed a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations." As this duty is "separate and independent from the duties established by the contract itself," the economic loss rule does not apply to fraud claims regardless of whether the duties were subsumed later into the contract, or the losses were purely economic." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). | "The failure to disclose information is not actionable as [fraud by omission] unless there is a duty to speak, [which] duty arises in four circumstances: (1) a fiduciary or other special relationship between the parties gives rise to a duty to disclose, (2) new information makes a defendant's earlier representation misleading or untrue, (3) a defendant conveys a false impression by making a partial disclosure, and (4) a defendant who voluntarily discloses information has a duty to disclose the whole truth." *Holland v. Thompson*, No. 08-08-00311-cv, 2010 WL 3157148, at *9 (Tex. Ct. App. 2010) (internal citations omitted). | Undetermined | "Texas law prescribes a four-year statute of limitations for fraud actions, including claims for fraudulent concealment." *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. Ct. App. 2008). |

- 44 -

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Utah | "To successfully establish a fraud claim, the party asserting fraud must show by clear and convincing evidence (1) [t]hat a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage." *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002) (internal citations omitted). | "[I]n order to establish fraudulent concealment, a plaintiff must prove the following three elements: (1) the nondisclosed information is material, (2) the nondisclosed information is known to the party failing to disclose, and (3) there is a legal duty to communicate." *Smith v. Frandsen*, 94 P.3d 919, 923 (Utah 2004) (internal citations omitted). | **Not likely.** — "Under the Utah economic loss rule, otherwise barring tort claims seeking economic damages between parties to a contract absent an independent duty, there is a narrow exception for certain common law tort claims, such as fraudulent inducement, that aim to redress fraudulent pre-contractual conduct." *Gulfstream Aerospace Servs. Corp. v. U.S. Aviation Underwriters, Inc.*, 635 S.E.2d 38, 45 (Ga. Ct. App. 2006) (applying Utah law). | "Age, knowledge, influence, bargaining power, sophistication, and cognitive ability are but the more prominent among a multitude of life circumstances that a court may consider in analyzing whether a legal duty to disclose is owed by one party to another, for purposes of a fraudulent nondisclosure claim. *Moore v. Smith*, 158 P.3d 562, 567 (Utah Ct. App. 2007) (internal citations omitted). | "To prevail on a claim of fraudulent inducement, a plaintiff must present clear and convincing evidence." *Daines v. Vincent*, 190 P.3d 1269, 1279 (Utah 2008). | Three years. *Jensen v. IHC Hosps., Inc.*, 944 P.2d 327 (Utah 1997). |

- 45 -

LEGAL02/32545464v1

000315

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Vermont | "An action for fraud and deceit will lie upon an intentional misrepresentation of existing fact, affecting the essence of the transaction, so long as the misrepresentation was false when made and known to be false by the maker, was not open to the defrauded party's knowledge, and was relied on by the defrauded party to his damage." *Bennington Hous. Auth. v. Bush*, 933 A.2d 207, 210-11 (Vt. 2007) (internal citations omitted). | "In order to state a claim for fraud based on fraudulent concealment, a plaintiff must demonstrate: (1) concealment of facts, (2) affecting the essence of the transaction, (3) not open to the defrauded party's knowledge, (4) by one with knowledge and a *duty to disclose*, (5) with the intent to mislead, and (6) detrimental reliance by the defrauded party." *Fuller v. Banknorth Mortg. Co.*, 788 A.2d 14, 16 (Vt. 2001). | Undetermined | In presence of legal or equitable duty "arising from relations of parties such as that of trust, confidence, or superior knowledge or means of knowledge . . . failure to disclose material fact coupled with intention to mislead or defraud rises to level of material misrepresentation." *White v. Pepin*, 561 A.2d 94, 96 (Vt. 1989) | "To succeed on a [fraud in the inducement claim,] a plaintiff must prove the elements of fraud by clear and convincing evidence. *Bennington Housing Auth. v. Bush*, 933 A.2d 207, 210 (Vt. 2007). | Three years after accrual. 12 Vt. Stat. Ann. tit. 12. § 512. |

- 46 -

LEGAL02/32545464v1

000316

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| **Virginia** | "An action for fraud requires a showing that there was a false representation of a material fact, made intentionally and knowingly with the intent to mislead, and relied upon by the party misled to his detriment." *Beck v. Smith*, 538 S.E.2d 312, 315 (Va. 2000). "Concealment of a material fact may constitute the element of misrepresentation." *Id.* | Same as elements for fraudulent misrepresentation. | Not likely – "The fraud alleged by the Purchasers was perpetrated by Concord *before* a contract between the two parties came into existence, therefore it cannot logically follow that the duty Concord allegedly breached was one that finds its source in the Contracts. Based on the plain language of the Complaints, we hold that the Purchasers have alleged an actionable claim for fraud in the inducement." *Abi-Najm v. Concord Condo, LLC*, 699 S.E.2d 483, 490 (Va. 2010). | Undetermined | "Fraud, whether actual or constructive, must be proved by clear and convincing evidence." *Economopoulos v. Kolaitis*, 528 S.E.2d 714, 719 (Va. 2000). | Two years after claim accrues. Va. Code Ann. § 8.01-243. |

- 47 -

LEGAL02/32545464v1

000317

State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Washington | "To establish fraud, a litigant must show: (1) a representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) [the speaker's] intent that [the fact] should be acted upon by the person to whom it is made, (6) ignorance of [the fact's] falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) [the right of the person] to rely on it, and (9) [the person's] consequent damage." *Cedell v. Farmers Ins. Co.,* 237 P.3d 309, 314-15 (Wash. Ct. App. 2010) (internal citation omitted). | "A party may establish fraudulent concealment either by proving the elements of fraud or by showing that the defendant breached a duty to disclose a material fact." *Bud Clary Chevrolet v. Jeffries,* No. 25734-3-II, 2001 WL 567698, at *1 (Wash. Ct. App. May 25, 2001). *See also, CPL (Delaware) LLC v. Conley,* 40 P.3d 679, 684 (Wash. Ct. App. 2002) ("a party acts fraudulently or inequitably when it conceals a material fact from another party to whom it has a duty to disclose that information."). | **Yes** – "Parties should be limited to contract remedies when a loss potentially implicates contract and tort relief. . . . Thus, the economic loss rule bars [plaintiff's] intentional misrepresentation claim because contract remedies exist." *Poulsbo Group, LLC v. Talon Dev., LLC,* 229 P.3d 906, 910 (Wash. Ct. App. 2010). | "Ordinarily, duty to disclose material fact exists only where there is fiduciary relationship and not where parties are dealing at arm's length." *Tokarz v. Fed. Sav. & Loan Ass'n,* 656 P.2d 1089, 1094 (Wash. Ct. App. 1982). | Each element of fraudulent concealment must be established by clear, cogent, and convincing evidence. *Stieneke v. Russi,* 190 P.3d 60, 61 (Wash. Ct. App. 2008). | Three years after discovery. Wash. Rev. Code Ann. § 4.16.080. |

- 48 -

LEGAL02/32545464v1

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| West Virginia | "The essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him, (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Trafalgar House Constr., Inc. v. ZMM, Inc.*, 567 S.E.2d 294, 300 (W. Va. 2002). | "Fraudulent concealment involves the concealment of facts by one with knowledge or the means of knowledge, and a duty to disclose, coupled with an intention to mislead or defraud." *Trafalgar House Constr., Inc. v. ZMM, Inc.*, 567 S.E.2d 294, 300 (W.Va. 2002). | Undetermined | Undetermined | Elements of fraud claim must be proved by clear and convincing evidence. *Bowling v. Ansted Chrysler–Plymouth–Dodge, Inc.*, 425 S.E.2d 144, 148 (W. Va. 1992). | Claims in tort for negligence, professional negligence, and misrepresentation are governed by a two-year statute of limitation. *Trafalgar House Constr., Inc. v. ZMM Inc.*, 567 S.E.2d 294, 299 (W. Va. 2002). |

- 49 -

000319

## State Variations in Common Law Fraud Claims

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| **Wisconsin** | Fraudulent or intentional misrepresentation involves the following elements: "(1) the defendant must have made a representation of fact to the plaintiff; (2) the representation of fact must be false; and (3) the plaintiff must have believed and relied on the misrepresentation to his detriment or damage . . . (4) the defendant must have made the misrepresentation with knowledge that it was false or recklessly without caring whether it was true or false; and (5) the defendant must have made the misrepresentation with intent to deceive and to induce the plaintiff to act on it to his detriment or damage. *Id. Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004). | "An intentional misrepresentation claim may arise either from a failure to disclose a material fact or from a statement of material fact which is untrue." *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, 211 (Wis. 2005) (internal citations omitted); *see also Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004) (stating that nondisclosure is actionable "only when there is a duty to disclose."). | **Yes, if fraud relates to the contractual claim**—"Accordingly, we hold that a fraud in the inducement claim is not barred by the economic loss doctrine 'where the fraud is extraneous to, rather than interwoven with, the contract.' . . . To invoke this narrow fraud in the inducement exception where, as here, the failure of a party to a business transaction to disclose a fact serves as the basis for a fraudulent inducement to contract claim, a plaintiff must show that: (1) there was an intentional misrepresentation, the five elements of which are set out above; (2) the misrepresentation occurred before the contract was formed . . . and (3) 'the fraud [was] extraneous to, rather than interwoven with, the contract.' . . . Or stated another way, the fraud concerns matters whose risk and responsibility did not relate to the quality or the characteristics of the goods for which the parties contracted or otherwise involved performance of the contract . . ." *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, 219 (2005) (internal citations omitted). | "A party to a business transaction has a duty to disclose a fact where: (1) the fact is material to the transaction; (2) the party with knowledge of that fact knows that the other party is about to enter into the transaction under a mistake as to the fact; (3) the fact is peculiarly and exclusively within the knowledge of one party, and the mistaken party could not reasonably be expected to discover it; and (4) on account of the objective circumstances, the mistaken party would reasonably expect disclosure of the fact." *Kaloti Enters. Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, 213 (Wis. 2005) (internal citations omitted). | Under common law regarding burdens of proof, "intentional fraud cases are subject to intermediate burden of 'clear, satisfactory, and convincing evidence.'" *Tri-Tech Corp. of Am. v. Americorp Servs., Inc.*, 646 N.W.2d 822, 827 (Wis. 2002) (internal citations omitted). | Statute of limitations for an action based on fraud is six years. *John Doe I v. Archdiocese of Milwaukee*, 734 N.W.2d 827, 829 (Wis. 2007). |

- 50 -

LEGAL02/32545664v1

000320

**State Variations in Common Law Fraud Claims**

| Jurisdiction | Fraudulent Misrepresentation Elements | Fraudulent Concealment Elements | Does the Economic Loss Rule Bar a Fraud Claim? | When Does Duty to Disclose Arise? | Standard of Proof for Fraud Claims | Statute of Limitations |
|---|---|---|---|---|---|---|
| Wyoming | "The elements of intentional misrepresentation or fraud are as follows: (1) the defendant made a false representation intended to induce action by the plaintiff, (2) the plaintiff reasonably believed the representation to be true, and (3) the plaintiff relied on the false representation and suffered damages. In order to prove intentional misrepresentation, the plaintiff must show that the misrepresentation was made intentionally, with knowledge of its falsity, or that the maker of the misrepresentation was at least aware that he did not have a basis for making the statement." *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 48-49 (Wyo. 2010). | "Constructive fraud has been defined as consisting of all acts, omissions, and concealments involving breaches of a legal or equitable duty resulting in damage to another, and exists where such conduct, although not actually fraudulent, ought to be so treated when it has the same consequences and legal effects." *Johnson v. Reiger*, 93 P.3d 992, 998 (Wyo. 2004). *See also*, *Meeker v. Lanham*, 604 P.2d 556, 559 (Wyo. 1979) ("If in addition to the party's silence there is any statement, even any word or act on his part, which tends affirmatively to a suppression of the truth, to a covering up or disguising the truth, or to a withdrawal or distraction of the other party's attention or observation from the real facts, then the line is overstepped, and the concealment becomes fraudulent."). | Maybe, if fraud relates to the contractual claim – "A claim for intentional misrepresentation is not necessarily barred by the economic loss rule. Such a claim could be predicated on an independent duty. Of course, a claimant may not use a fraud claim as an artifice to sidestep contractual duties or the economic loss rule." *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 47 (Wyo. 2010) (stating, in dicta, that some claims of intentional misrepresentation may be barred by the economic loss rule). | Undetermined | "Fraud must be proven by clear and convincing evidence, as opposed to by a preponderance of the evidence for negligent misrepresentation claims." *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 43 (Wyo. 2010). | Four years. Wyo. Stat. Ann. § 1-3-105(a)(iv). |

- 51 -

LEGAL02/32545466v1

000321

**State Variations in Common Law Fraud Claims**

- 52 -

LEGAL02/32545464v1

000322