| | |
|---|---|
| CARI K. DAWSON (GA SBN 213490)<br>Email: cari.dawson@alston.com<br>**ALSTON + BIRD LLP**<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Telephone: (404) 881-7766<br>Facsimile: (404) 253-8567 | VINCENT GALVIN, JR. (CA SBN 104448)<br>Email: vincent.galvinjr@bowmanandbrooke.com<br>**BOWMAN AND BROOKE**<br>1741 Technology Drive, Suite 200<br>San Jose, CA 95110<br>Telephone: (408) 279-5393<br>Facsimile: (408) 279-5845 |
| LISA GILFORD (CA SBN 171641)<br>Email: lisa.gilford@alston.com<br>**ALSTON + BIRD LLP**<br>333 South Hope Street, 16th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 576-1000<br>Facsimile: (213) 576-1100 | JOEL SMITH (SC SBN 5266)<br>Email: joel.smith@bowmanandbrooke.com<br>**BOWMAN AND BROOKE**<br>1441 Main Street, Suite 1200<br>Columbia, SC 29201<br>Telephone: (803) 726-7420<br>Facsimile: (803) 726-7421 |
| *Lead Defense Counsel for Economic Loss Cases* | *Lead Defense Counsel for Personal Injury/Wrongful Death Cases* |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>**ALL ECONOMIC LOSS CASES** | Case No.: 8:10ML2151 JVS (FMOx)<br><br>**TOYOTA'S RESPONSE TO PLAINTIFFS' OPPOSITION TO APPLICATION TO FILE UNDER SEAL** |

1   On April 1, 2011, the Toyota Defendants ("Toyota") submitted their Application to File and Maintain Under Seal Documents in Support of (1) Toyota's Response to Certain Economic Loss Plaintiffs' Motion for the Application of California Law and (2) Toyota's Cross-Motion for Choice-of-Law Determination as to All Economic Loss Cases and Plaintiffs (the "Application"). Concerned that the blanket sealing of documents could impede the public's ability to review the record in this case relevant to the Court's pending choice-of-law determination, the Court invited Plaintiffs to submit their views on Toyota's Application in an Order dated April 5, 2011 (the "April 5th Order"). (Doc. 1211). Significantly, the April 5th Order did not purport to alter or supersede the provisions of the First Amended Protective Order (the "Protective Order") entered by the Court or the terms and conditions contained therein regarding the designation of "Confidential" or "Highly Confidential" materials or the challenging of such designations. (*See* Doc. 627). Further, since the issuance of the April 5th Order and consistent with the provisions of Paragraph 19 of the Protective Order, Toyota has filed redacted, public versions of all but a handful of documents that are the subject of its Application. (See Docs. 1239-1248). Toyota respectfully submits that these redacted, public filings adequately address the Court's concerns as stated in the April 5th Order regarding the blanket sealing of documents and are consistent with the intent behind, and the express provisions of, the Protective Order.

With their Opposition to Toyota's Application, however, Plaintiffs attempt to circumvent the agreed-upon procedures set forth in the Protective Order regarding the making and challenging confidentiality designations, and they essentially ask the Court to dedesignate and make available to the public all of the sensitive and proprietary business information that Toyota has designated in good faith as "Confidential" or "Highly Confidential." In doing so, Plaintiffs argue generally that the bulk of the documents Toyota seeks to file under seal do not qualify for protection under the Protective Order because they do not consist of "confidential or sensitive

information" or "non-public product design and testing information." (Opp., p. 1:15-2:2.) Notably, Plaintiffs previously have not raised these objections to the designations at issue, despite the fact that many of the designations were made by Toyota several months ago in connection with the Phase I depositions in this litigation. Moreover, even if these objections were warranted – *and they are not* – Plaintiffs have failed to comply with the process set forth in the Protective Order for challenging Toyota's designations, which involves a mandatory meet and confer process as well as a ninety (90) day period to file a motion for protective order if agreement cannot be reached.

Specifically, Paragraph 21 of the Protective Order – which was stipulated to by the parties and entered by the Court on January 19, 2011 – provides the appropriate procedures for challenging the designation of material as "Confidential" or "Highly Confidential." These procedures consist of the following steps:

- First, the party challenging the designation must identify, *in writing*, the particular documents and/or information which are subject to the challenge and describe the legal or factual grounds for the seeking their de-designation. (Protective Order, ¶ 21(a).)
- Second, once a challenge is made, the parties are required to engage in a mandatory meet and confer process in order to resolve their dispute prior to raising the issues with the Court. (Protective Order, ¶ 21(b).)
- Third, the party designating the confidential material then has ninety (90) days following the challenge to file a motion for protective order. (Protective Order, ¶ 21(b).)

Significantly, the Protective Order provides that until the Court rules on the designating party's motion for protective order, the documents and information at issue are to continue to be treated consistent with their "Confidential" or "Highly Confidential" designations. (Protective Order, ¶ 21(c).)

Plaintiffs' Opposition challenging Toyota's designations ignores this process in its entirety. Moreover, Plaintiffs' Opposition provides no explanation as to why certain documents and information should be stripped of their confidentiality. (Protective Order, ¶ 21(a) (requiring that the challenging party "describe the basic legal or factual grounds for the challenge").) Rather, Plaintiffs' Opposition contains only generalized and conclusory statements as to why they believe the materials do not warrant confidential treatment. These contentions, without any legal or factual support, are insufficient.

As set forth in Toyota's Application, the designated documents consist of exhibits, discovery responses, deposition testimony and declarations, all of which were properly designated as "Confidential" or "Highly Confidential" under the Protective Order. Any challenge to Toyota's designations therefore must be resolved pursuant to the procedures set forth in the Protective Order. As it appears that Plaintiffs now are challenging the propriety of Toyota's designations, Toyota will abide by its obligations under the Protective Order and contact Plaintiffs' counsel to initiate the mandatory meet and confer process in an effort to resolve these issues. If the parties are not able to resolve the dispute after working together in good faith, Toyota will – within ninety (90) days – file a motion for a protective order asking that the subject documents retain their confidentiality designations.[1] Until resolution of this process, Toyota respectfully requests that the materials submitted in connection with its Application remain designated as "Confidential" or "Highly Confidential" and be kept under seal.[2]

---

[1] If the Court believes that the ninety (90) day meet and confer/protective order process provided for in the Protective Order is unworkable given the approaching choice-of-law hearing, Toyota respectfully suggests that the Court set an abbreviated schedule for this process.

[2] Alternatively, if the Court prefers an expedited process for resolving Plaintiffs' challenges to these designations, Toyota respectfully requests that the Court set an appropriate briefing schedule to allow the parties to fully address the merits of Plaintiffs' challenge.

1  Dated: April 13, 2011           Respectfully submitted,
2
3                                  By: _____/s/_____
                                              Lisa Gilford
4
5                                  CARI K. DAWSON (GA SBN 213490)
                                   Email: cari.dawson@alston.com
                                   **ALSTON + BIRD LLP**
6                                  1201 West Peachtree Street
                                   Atlanta, GA 30309
7                                  Telephone: (404) 881-7766
                                   Facsimile: (404) 253-8567
8
9                                  LISA GILFORD (CA SBN 171641)
                                   Email: lisa.gilford@alston.com
                                   **ALSTON + BIRD LLP**
10                                 333 South Hope Street, 16th Floor
                                   Los Angeles, CA 90071
11                                 Telephone: (213) 576-1000
                                   Facsimile: (213) 576-1100
12
                                   ***Co-Lead Defense Counsel for Economic Loss Cases***
13
14                                 VINCENT GALVIN, JR. (CA SBN 104448)
                                   E-mail: vincent.galvinjr@bowmanandbrooke.com
15                                 **BOWMAN AND BROOKE**
                                   1741 Technology Drive, Suite 200
16                                 San Jose, CA 95110
                                   Telephone: (408) 279-5393
17                                 Facsimile: (408) 279-5845

18                                 JOEL SMITH (SC SBN 5266)
                                   E-mail: joel.smith@bowmanandbrooke.com
19                                 **BOWMAN AND BROOKE**
                                   1441 Main Street, Suite 1200
20                                 Columbia, SC 29201
                                   Telephone: (803) 726-7420
21                                 Facsimile: (803) 726-7421

22                                 ***Lead Defense Counsel for Personal Injury/Wrongful Death Cases***
23
24
25
26
27
28

5
TOYOTA'S RESPONSE TO PLAINTIFFS' OPPOSITION TO APPLICATION TO FILE UNDER SEAL
LEGAL02/32570601v1