UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-416 JVS (FMOx)<br>8:10ML02151 JVS(FMOx) | Date | May 11, 2011 |
| Title | Frances Hines v. Toyota Motor Sales USA, Inc.<br>**IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Sharon Seffens |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Frances Hines, via telephone | Joel Smith |

**Proceedings:** (IN CHAMBERS) **Order Granting Defendants' Motion to Dismiss**

**Cause called and the parties make their appearances. The Court's tentative ruling is issued. The parties make their arguments. The Court GRANTS the defendants' motion and rules in accordance with the tentative ruling as follows:**

Defendant Toyota Motor Sales USA, Inc. ("Toyota") moves to dismiss the Complaint of Plaintiff Frances Hines ("Ms. Hines") pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that her Complaint is time-barred by the applicable statute of limitations. Ms. Hines has not opposed the motion. The Court deems her failure to oppose the motion as consent to the granting of the motion. Local Rule 7-12. The Court also grants the motion on its merits.

I.      Background

Ms. Hines filed her Complaint in Suffolk County Superior Court in Massachusetts on February 7, 2011. She amended her Complaint on February 9, 2011 to add "Inc." to Toyota's name, but did not include any other allegations in the amended filing. Accordingly, the relevant allegations are presented in the February 7, 2011 Complaint, to which the Court refers for purposes of this motion.

Toyota removed the action to the District Court for the District of Massachusetts on February 25, 2011. (Docket No. 1.) The action was transferred to this Court on March

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-416 JVS (FMOx) <br> 8:10ML02151 JVS(FMOx) | Date | May 11, 2011 |

Title    Frances Hines v. Toyota Motor Sales USA, Inc.
**IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

17, 2011 for coordination with Multidistrict Litigation 8:10-2151. (Docket No. 10.)

     Ms. Hines alleges that on June 4, 2005, she drove her 2005 Camry to the OJ Car Wash. After the car came off the car wash conveyor belt, she put her foot on the brake and shifted the vehicle from neutral to drive. While her foot was still on the brake, her vehicle accelerated into traffic at a high rate of speed, as if the car did not have brakes. The car hit a median strip and then a school building, causing Ms. Hines to sustain severe injuries.

     On December 9, 2010, the Court denied Toyota's motion to dismiss the personal injury and wrongful death claims of Plaintiffs Hae Chang and Tyrene Livingston on statute of limitations grounds because it was not apparent from the face of their pleadings that either plaintiff had actual suspicion or inquiry notice of wrongdoing before 2009. (ML 10-2151, Docket No. 542 at 14.) Toyota argues that unlike those complaints, Ms. Hines' Complaint is time-barred as a matter of law because her completion of a Vehicle Owner Questionnaire conclusively demonstrates that she cannot avail herself of the discovery rule. (Mot. Br. 3.)

II.    Legal Standard

     Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (May 18, 2009).

     In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-416 JVS (FMOx) <br> 8:10ML02151 JVS(FMOx) | Date | May 11, 2011 |

Title    Frances Hines v. Toyota Motor Sales USA, Inc.
**IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

"An affirmative defense, such as the statute of limitations, may be adjudicated on a motion to dismiss only if 'the facts that establish the defense [are] definitely ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." OrbusNeich Med. Co., Ltd., BVI v. Boston Scientific Corp., 694 F. Supp. 2d 106, 110 (D. Mass. 2010) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003)).

III.    Discussion

Toyota argues that Ms. Hines' action is time-barred because the statute of limitations began running by July 2005, when she reported her accident and injuries to the Department of Transportation. (Mot. Br. 3.) In her Complaint, Ms. Hines alleges that her action is not time-barred because she did not know about the Toyota Defect Recall until October 2009.

Under Masschusetts law, the statute of limitations for personal injury actions is three years.[1] G.L. c. 260, §2A ("Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."). "Federal law determines the date on which the claim accrued." Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (citing Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992)). "Under federal law, the limitations period begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis for [her] claim.'" Id. (quoting Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41 n.5 (1st Cir. 1990)).

---

[1] Although Ms. Hines has not asserted particular causes of action against Toyota, she notes in her Complaint that the three year statute of limitations applies to her case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-416 JVS (FMOx)<br>8:10ML02151 JVS(FMOx) | Date | May 11, 2011 |

Title    Frances Hines v. Toyota Motor Sales USA, Inc.
**IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

It is apparent from the Complaint that Ms. Hines had the requisite knowledge to trigger the running of the statute of limitations in July 2005. On July 25, 2005, Ms. Hines reported her accident and injuries to the United States Department of Transportation Auto Safety Hotline, as evidenced by a document entitled Vehicle Owner's Questionnaire to Report Vehicle Safety Defects. Ms. Hines attached the Questionnaire to her Complaint, thus incorporating its contents. In reporting the incident to the Department of Transportation, Ms. Hines provided the same facts that she alleges in the Complaint. Ms. Hines' allegation that she did not know about the recall until 2009 is irrelevant because her completion of the Questionnaire to Report Vehicle Safety Defects conclusively establishes that Ms. Hines suspected in July 2005 that a defect in her Camry caused her accident and injuries. Thus, she cannot invoke the delayed discovery rule. The Court therefore finds that her cause of action accrued by July 25, 2005, more than five years before she filed her Complaint.

Furthermore, Ms. Hines has not alleged facts sufficient to equitably toll the statute of limitations. "Under the doctrine of fraudulent concealment, tolling of the statute of limitations may be warranted where the defendant 'engaged in fraud or deliberate concealment of material facts related to [its] wrongdoing' and the plaintiff consequently 'failed to discover these facts within the normal limitations period despite the exercise of due diligence.'" Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.M.B.H. & Co., 448 F. Supp. 2d 244, 265 (D. Mass. 2006) (quoting Torres Ramirez v. Bermudez Garcia, 898 F.2d 224, 229 (1st Cir. 1990)). Equitable tolling "is a doctrine sparsely applied, and it cannot be used to rescue a plaintiff from his or her lack of diligence." Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir. 2008) (citation omitted). "In the absence of a fiduciary duty of full disclosure, the period of limitations [is] not tolled under G.L. c. 260, § 12 (the Massachusetts fraudulent concealment statute), unless the defendant(s) concealed the existence of a cause of action through some affirmative act done with intent to deceive." White v. Peabody Constr. Co., Inc., 386 Mass. 121, 133 (1982). "Allegations of fraudulent concealment must also conform to the requirements of Fed. R. Civ. P. 9(b)," Miller v. Countrywide Bank, N.A., 571 F. Supp. 2d 251, 264 (D. Mass. 2008), meaning Ms. Hines would have to allege the circumstances constituting the fraud with particularity. Ms. Hines has not provided any facts, let alone facts alleged with particularity, suggesting that Toyota had a fiduciary duty of full disclosure or that Toyota affirmatively concealed her cause of action and intended to deceive her. Thus, the statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-416 JVS (FMOx) <br> 8:10ML02151 JVS(FMOx) | Date | May 11, 2011 |
| Title | Frances Hines v. Toyota Motor Sales USA, Inc. <br> **IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | | |

of limitations is not tolled under the doctrine of fraudulent concealment.

Accordingly, the Court finds that Ms. Hines' claims are time-barred by the three-year statute of limitations.

IV.  Conclusion

For the foregoing reasons, the motion is GRANTED.

|  |  | 00 | : | 20 |
|---|---|---|---|---|
|  | Initials of Preparer | kjt | | |