Vincent Galvin (CA SBN 104448)
vincent.galvin@bowmanandbrooke.com
Anne O. Hanna (CA SBN 120947)
anne.hanna@bowmanandbrooke.com
Ryan A. McCarthy (CA SBN 233093)
ryan.mccarthy@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA  95110
Telephone No.: (408) 279-5393
Fax No.:  (408) 279-5845


Attorneys for Defendants
Toyota Motor Sales, U.S.A., Inc.,
Toyota Motor Corporation,
Toyota Motor North America, Inc. and
Toyota Motor Engineering & Manufacturing
    North America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION – SANTA ANA)

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>CV11-4143 CAS(AGRx) | Case No.  8:10ML02151 JVS (FMOx)<br><br>Assigned to:  Hon. James V. Selna<br>Discovery:  Mag. Fernando M. Olguin<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:  September 12, 2011<br>TIME:   1:30 PM<br>DEPT:  Courtroom 10C |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 12, 2011 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse at 411 W. Fourth Street, Santa Ana, California, defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, Toyota Motor North America, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc. will move this Court for an order dismissing plaintiffs' Complaint for Damages under Federal Rules of Civil Procedure, Rule 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction over this action. Specifically, the amount in controversy under the Magnuson-Moss Consumer Warranty Act is less than $50,000 and would not therefore be a cognizable claim in a district court of the United States. Since plaintiffs do not allege diversity of the parties, there is no diversity, and the plaintiffs' claim under the Magnuson-Moss Consumer Warranty Act is the only federal question presented in their Complaint for Damages, this Court does not have jurisdiction and the matter must be dismissed.

This is motion is made following the conference of counsel pursuant to L.R. 7.3 as set forth fully in the Declaration of Vincent Galvin and filed herewith.

This motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support hereof, the exhibits attached to the Declaration of Vincent Galvin, on such oral and documentary evidence may be introduced at the time of the hearing, and on all papers and pleadings on file with the court herein.

Dated: August 8, 2011                     Respectfully submitted,

                                          By: __/s/ Vincent Galvin_____

                                          VINCENT GALVIN (CA SBN 104448)
                                          E-mail: vgalvin@bowman-brooke.com
                                          BOWMAN AND BROOKE LLP

| | |
|---|---|
| 1 | 1741 Technology Drive, Suite 200 |
| 2 | San Jose, CA  95110 |
|  | Telephone:  (408) 279-5393 |
| 3 | Facsimile:  (408) 279-5845 |
|  | JOEL SMITH (SC SBN 5266) |
| 4 | E-mail:  jsmith@bowman-brooke.com |
|  | BOWMAN AND BROOKE LLP |
| 5 | 1441 Main Street, Suite 1000 |
|  | Columbia, SC 29201 |
| 6 | Telephone:  (803) 726-0020 |
|  | Facsimile:  (803) 726-0021 |

Lead Defense Counsel for Personal Injury/Wrongful Death Cases

NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action concerns an alleged unintended acceleration event involving a 2008 Toyota Camry. Plaintiffs allege that on November 5, 2010, four Utah residents were riding in a vehicle purchased in Utah, from a Utah dealership and later serviced by another Utah dealership (defendant Tony Divino Toyota), when they crashed in Wendover, Utah. Plaintiffs pursue claims for wrongful death and personal injury against Toyota Motor Sales, U.S.A., Toyota Motor Corporation, Toyota Motor North America, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota Defendants") and allege the 2008 Camry was defective because it allegedly accelerated unintentionally and the brakes did not stop it.

This Court does not have diversity jurisdiction; it is not alleged in the Complaint and it is not the case since the plaintiffs and the servicing dealership named as a defendant in this action are all residents of Utah. Instead, the sole basis upon which plaintiffs seek to have this Court exercise subject matter jurisdiction is the "federal question" allegedly raised by plaintiffs' claim for relief under the Magnuson-Moss Consumer Warranty Act ("Magnuson-Moss"). However, the Toyota Defendants submit that plaintiffs' claim fails to satisfy the threshold requirements for subject matter jurisdiction in this Court.

Although plaintiffs allege that the amount in controversy for the Magnuson-Moss claim exceeds $50,000, plaintiffs' verified Fact Sheet response attests otherwise. According to the plaintiffs, they purchased the vehicle new for about $21,000. Further, the MSRP for this vehicle was only $21,983. Under Magnuson-Moss' jurisdiction provision, a claim under the Act is not cognizable in federal court if the amount in controversy is less than $50,000. Since Magnuson-Moss is the only claim based on federal law and since the Act's jurisdictional provisions have not been met, this Court does not have subject matter jurisdiction to entertain

this action. For this reason, the Toyota Defendants respectfully request that the entire action be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1).

## II. PLAINTIFFS' ALLEGATIONS AND FACTS

Plaintiffs allege they are residents of Utah. *Complaint for Damages* ("Complaint"), Attached to the Declaration of Vincent Galvin ("Galvin Decl.") as Exhibit A, ¶¶ 21-28. The subject vehicle is a 2008 Toyota Camry that was purchased by decedent Paul Van Alfen for approximately $21,000 from Menlove Toyota, a dealership located in Bountiful, Utah. *Plaintiff Shirlene Van Alfen's Verified Supplemental Fact Sheet Responses*, Attached to Galvin Decl. as Exhibit B, Nos. 38 & 39. Service on the subject vehicle is alleged to have been performed by Tony Devino Toyota, which is also located in Utah. Complaint ¶ 32.

On November 5, 2010, decedent Paul Van Alfen was driving the subject vehicle on Interstate 80 near Wendover, Utah. Complaint ¶ 36. Also in the vehicle were Mr. Van Alfen's wife, Shirlene (front passenger seat), son, Cameron (right rear passenger seat) and Cameron's fiancé, decedent Charlene Lloyd (left rear passenger seat). Id. Decedent Mr. Van Alfen is alleged to have driven the subject vehicle onto a freeway exit ramp when the vehicle is alleged to have suddenly and unexpectedly begun to accelerate and could not be slowed or stopped by application of the brake pedal. Complaint ¶ 38. As a consequence of not being able to control the subject vehicle, plaintiffs allege that Mr. Van Alfen traveled through a stop sign and crashed into a wall. Id. Both Mr. Van Alfen and Ms. Lloyd sustained fatal injuries. Complaint ¶¶ 39-40. Plaintiffs Shirlene and Cameron Van Alfen were also injured. Complaint ¶ 41.

In this strict liability product defect case, plaintiffs also allege a claim for relief under Magnuson-Moss and it is this claim that provides the sole basis for the Court's jurisdiction over this matter. The claim under this cause of action is that the subject vehicle is alleged to have not been of merchantable quality due to alleged design defects. Complaint ¶¶ 253-261; 269.

For purposes of this Motion, the only allegation that is at issue is plaintiffs' assertion that the amount in controversy for plaintiff's Magnuson-Moss claim is greater than $50,000, exclusive of interest and costs. Complaint ¶ 272. Based on plaintiffs' own verified discovery responses, that allegation is wrong; the subject vehicle was sold new to the Van Alfens for "Approximately $21,000." Galvin Decl., Exhibit B, No. 39. Furthermore, according to TMS's records, the Manufacturer's Suggested Retail Price (MSRP) was only $21,983 and the vehicle was invoiced to the selling dealer at $20,144. Galvin Decl., Exhibit C. Therefore, plaintiffs have not met the threshold requirement of a minimum of $50,000 in controversy for federal jurisdiction.

### III.  THIS COURT DOES NOT HAVE JURISDICTION OVER THIS MATTER AND MUST ACCORDINGLY DISMISS THE COMPLAINT

#### A.  Dismissal of the Complaint Is Appropriate Under Federal Rules of Civil Procedure 12(b)(1)

The federal courts are courts of limited jurisdiction. They can therefore only adjudicate those cases which the Constitution and Congress has authorized them to adjudicate. Thus, the federal courts are limited in their adjudicatory authority to those cases involving diversity of citizenship, federal question, or the United States as a party. Kokkonen v. Guardian Life Ins. Co. (1994) 511 U.S. 375, 377. Under 28 U.S.C. §1331, federal judicial power has been granted to the District Courts, which have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." Federal courts presumptively do not have jurisdiction over civil actions and the burden of establishing the court's power to adjudicate lies with the party asserting jurisdiction. Kokkonen, 511 U.S. at 377.

The lack of federal subject matter jurisdiction may be challenged by a motion to dismiss under Rule 12(b)(1). As noted, the plaintiff bears the burden of establishing federal subject matter jurisdiction. Kokkonen, 511 U.S. at 377. A dismissal for lack of subject matter jurisdiction may rely solely on the allegations in the complaint, i.e., a "facial attack." Warren v.

Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Or, the jurisdictional challenge may rely on extrinsic and even disputed facts, i.e., a "factual attack." Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). When presented with a "factual attack" to the plaintiffs' attestation of jurisdiction, the court may weigh the extrinsic evidence presented and determine the facts for itself in order to determine whether the court has jurisdiction to hear the matter. Id. Moreover, unlike a challenge to the pleading under Rule 12(b)(6), a plaintiff's allegations are not presumed to be true once extrinsic evidence challenging the Court's subject matter jurisdiction has been presented. Commodity Trend Service, Inc. v. Commodity Futures Trading Commission, 149 F.3d 679, 685 (7th Cir. 1998).

**B.      As There Is No Complete Diversity Among the Parties, Jurisdiction Must be Based on the "Federal Question" Arising Under Magnuson-Moss; But Plaintiffs Have Not Met the Strict Jurisdiction Provision Required by the Statute and Therefore There This Court Lacks Subject Matter Jurisdiction**

Here, plaintiffs do not allege diversity as a basis of subject matter jurisdiction because there is no complete diversity among the parties. Namely, plaintiffs all and codefendant Tony Divino Toyota are all residents of Utah. Consequently, the sole basis for plaintiffs' request that this Court exercise subject matter jurisdiction is their claim under the Magnuson-Moss Act, but this case still fails to meet the threshold requirements of the Statute to justify this Court's continued involvement. Magnuson-Moss provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310 subd. (d)(1). Suit may be filed in state or federal court. Id. It should be noted, however, that the statute was drafted with the intent that few such cases would actually be litigated in federal, as opposed to state, court. "Congress has sought to limit plaintiffs' access to Federal courts. It established strict

jurisdictional requirements in an attempt to channel most of the Act's litigation into State courts." Welsh v. Ford Motor Corporation, 588 F.Supp. 1513, 1519 (D.C. D.C. 1984).

One of these jurisdictional requirements is that the amount in controversy under a Magnuson-Moss Act claim must exceed $50,000. Personal injury claims are not included in the calculation of the $50,000.00 threshold. Kelly v. Fleetwood Enterprises, Inc., 377 F.3d 1034, 1038-1039 (9th.Cir. 2004). Attorney's fees should also not be considered in the calculation to reach the $50,000 threshold. Although this issue is not known to have been determined in the Ninth Circuit, "numerous other circuits have concluded that attorney's fees cannot be considered as part of this calculation because [Magnuson-Moss] excludes 'interest and costs' from the amount in controversy, and attorney's fees are 'costs' for the purposes of this analysis." Romo v. FFG Ins. Co., 387 F.Supp.2d 1237, 1239 (C.D.Cal. 2005) (citing authority from four other circuits). In other words, the amount in controversy is properly calculated by the "sum or the value" of the claim, exclusive of interests and costs such as attorney's fees. 15 U.S.C. 2310, subd. (d)(3)(B). Based on the plaintiffs' verified responses to the Fact Sheets and the MSRP, the Toyota Defendants assert that the "sum or value" of the claim, exclusive of interests and costs, is significantly less than $50,000. Plaintiffs have therefore not met the amount in controversy threshold under Magnuson-Moss and this matter should be dismissed.

### C.  Remedies Under Magnuson-Moss Are Supplied Under Substantive State Warranty Law

Plaintiffs allege as part of their Magnuson-Moss claim that the subject vehicle "was not of merchantable quality." Complaint ¶ 269. Under a Magnuson-Moss Act claim for breach of an implied warranty, the courts are to look to the relevant state law to determine the meaning and creation of any implied warranty. 15 U.S.C. § 2301, subd. (7) ("The term 'implied warranty' means an implied warranty arising under State law ... in connection with the sale by

a supplier of a consumer product."). The Fifth Cause of Action (sic) alleges a common law claim for breach of implied warranty. Complaint ¶¶ 253-261.

The Fifth Cause of Action (sic) also alleges a common law claim for breach of express warranty. Plaintiffs do not provide any detail about the alleged applicable express warranties and it is therefore impossible to determine whether plaintiffs claim they are entitled to a full warranty or a limited warranty. Nonetheless, under Magnuson-Moss, the remedy for a full warranty is either <u>replacement</u> of the subject vehicle or <u>refund</u> of the purchase price of the vehicle. 15 U.S.C. § 2304, subd. (a)(4). As has been demonstrated, the subject vehicle is claimed by the plaintiffs to have been purchased new for $21,000. The remedies listed in 15 U.S.C. § 2304 apply only to full warranties. <u>Milicevic v. Fletcher Jones Imports, Ltd.</u>, 402 F.3d 912, 919 n. 4 (9th Cir. 2005). If the applicable express warranty is a limited warranty, then "the courts must look to state substantive law to determine the remedies for breach of an express limited warranty." <u>Gusse v. Damon Corporation</u>, 470 F.Supp.2d 1110, 1117 (C.D. Cal. 2007).

The subject vehicle was purchased in Utah from a dealer located in Bountiful, UT. Galvin Decl., Exhibit B, No. 38. The subject vehicle was serviced in Utah by a Utah dealership, codefendant Tony Divino Toyota. Complaint ¶ 32. The Van Alfens were the registered owners of the subject vehicle. Complaint ¶¶ 37; 255. Decedent Mr. Van Alfen was a resident of Utah. Complaint ¶ 21. Decedent Lloyd was a resident of Utah. Complaint ¶ 24. All of the plaintiffs, including those claiming personal injury, are residents of Utah. Complaint ¶¶ 22-23. The accident which gives rise to this lawsuit occurred in Utah. Complaint ¶¶ 36; 38. Thus, the remedies for breaches of implied warranty and express limited warranty available under Utah law should determine the "sum or the value" of plaintiffs' Magnuson-Moss claim. See <u>Plagens v. National RV Holdings</u>, 328 F.Supp.2d 1068, 1073, fn. 2 (D. Ariz. 2004) (holding that Arizona law applied in a Magnuson-Moss claim where motorhome was

purchased in California, but delivered to purchasers in Arizona where they resided and where the injuries ultimately occurred).

### D. The Remedies Available to Plaintiffs Under Utah's Applicable Consumer Protection Laws Will Not Amount to $50,000

Under Utah's New Motor Vehicle Warranties Act:

> If the manufacturer . . . is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition that substantially impairs the use, market value, or safety of the motor vehicle after a reasonable number of attempts, **the manufacturer shall replace the motor vehicle with a comparable new motor vehicle or accept return of the vehicle from the consumer and refund to the consumer the full purchase price including all collateral charges, less a reasonable allowance for the consumer's use of the vehicle**. Refunds shall be made to the consumer, and any lienholders or lessors as their interests may appear.

U.C.A. § 13-20-4, subd. (1) (emphasis added). Collateral charges for purposes of section 13-20-4 would include sales taxes, document preparation fees and the cost of any additional warranties that were included in the purchase prices. U.A.C. R152-20-2, subd. (B)(1-3). Utah's New Motor Vehicle Warranties Act does not have a civil penalties provision. See Joly v. National R.V. Inc., No 2:07-CV-522, 2007 WL 435361, at *2 (D.Utah 2007). The Joly case moreover makes it clear that there is no civil penalties provision in Utah for an alleged breach of implied warranty. Id.

As demonstrated in the exhibits that are attached to this 12(b)(1) motion to dismiss, the subject vehicle, by the plaintiffs' admission, retailed for $21,000. Under Utah law, if plaintiffs were to demand the full purchase price of the vehicle, plus all collateral charges, the $21,000 would be reduced a reasonable amount for the consumer's use. In this case, there was 45,730 miles on the vehicle at the time of the accident. Galvin Decl., Exhibit B, No. 46. Whether the remedy is to refund the purchase price or replace this used vehicle with another comparable vehicle, the sum or value of plaintiffs' damages will not reach the $50,000 threshold that must be met in order to bring this Magnuson-Moss claim to federal court.

## IV. CONCLUSION

For these and the foregoing reasons, the Toyota Defendants respectfully request that the Court grant this Motion to Dismiss and dismiss plaintiffs' claims. Further, the Toyota Defendants request that the Court not grant leave to amend for there are no additional allegations that will cure the deficiency in plaintiffs' Complaint and give rise to this Court's jurisdiction.

Dated: August 8, 2011                     Respectfully submitted,

                                          By:   /s/ Vincent Galvin

                                          VINCENT GALVIN (CA SBN 104448)
                                          E-mail: vgalvin@bowman-brooke.com
                                          BOWMAN AND BROOKE LLP
                                          1741 Technology Drive, Suite 200
                                          San Jose, CA   95110
                                          Telephone: (408) 279-5393
                                          Facsimile: (408) 279-5845
                                          JOEL SMITH (SC SBN 5266)
                                          E-mail: jsmith@bowman-brooke.com
                                          BOWMAN AND BROOKE LLP
                                          1441 Main Street, Suite 1000
                                          Columbia, SC 29201
                                          Telephone: (803) 726-0020
                                          Facsimile: (803) 726-0021

                                          Lead Defense Counsel for Personal
                                          Injury/Wrongful Death Cases