Michael H. Carpenter (Ohio Bar No. 0015733)
Timothy R. Bricker (Ohio Bar No. 0061872)
Karen M. Cadieux (Ohio Bar No. 0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
carpenter@carpenterlipps.com
bricker@carpenterlipps.com
cadieux@carpenterlipps.com

Lawrence C. Mann (Michigan Bar No.  P32223)
Gretchen A. Colter (Michigan Bar No. P51534)
Bowman and Brooke LLP
50 West Big Beaver
Troy, MI  48084
Telephone:  (248) 687-5300
Facsimile: (248) 743-0422
Larry.Mann@bowmanandbrooke.com
Gretchen.Colter@bowmanandbrooke.com

Counsel for Defendants Toyota Motor Sales U.S.A., Inc.,
Toyota Motor Manufacturing, Kentucky, Inc.,
Toyota Motor Engineering & Manufacturing North America, Inc. and
Toyota Motor Corporation

Vincent Galvin (CA SBN 104448)
Vincent.Galvin@bowmanandbrooke.com
Anne O. Hanna (CA SBN 120947)
Anne.Hanna@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA  95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845

Joel Smith (SC SBN 5266)
jsmith@bowman-brooke.com
BOWMAN AND BROOKE LLP
1441 Main Street, Suite 1000
Columbia, SC 29201
Telephone: (803) 726-0020
Facsimile: (803) 726-0021

Lead Defense Counsel for Personal Injury/Wrongful Death Cases

- 1 -

REPLY MEMORANDUM OF DEFENDANTS TOYOTA MOTOR SALES U.S.A., INC.,
TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC., TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC. AND TOYOTA MOTOR CORPORATION
IN SUPPORT OF PARTIAL MOTION TO DISMISS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION – SANTA ANA)

| | | |
|---|---|---|
| In Re:  Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | ) ) ) ) | Case No.  8:10ML02151 JVS (FMOx) Assigned to:  Hon. James V. Selna Discovery:  Mag. Fernando M. Olguin |
| This document relates to: | ) ) | |
| 8:11-cv-00761 JVS (FMOx) | ) ) | REPLY MEMORANDUM OF DEFENDANTS TOYOTA MOTOR SALES U.S.A., INC., TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. AND TOYOTA MOTOR CORPORATION IN SUPPORT OF PARTIAL MOTION TO DISMISS |
| *Cornelia Neely, et al. v. Toyota Motor Sales., U.S.A., Inc., et al.* | ) ) ) ) ) ) ) ) ) | |
| | ) ) ) ) ) ) ) | DATE:  August 22, 2011 TIME:  1:30 DEPT:  10C |

I.      **INTRODUCTION.**

        In their Opposition Memorandum to the Toyota Defendants' Partial Motion to Dismiss, plaintiffs argue their common law fraudulent concealment claim is not abrogated by the Ohio Products Liability Act ("OPLA").  Not only does their argument directly contradict both the express language of the OPLA and the express intention of the Ohio legislature, the primary case on which they rely expressly holds that claims for fraudulent concealment are abrogated by the OPLA:

        The Plaintiffs' allegations of fraudulent omission are

        essentially allegations that GSK failed to properly warn

physicians and consumers of the risk associated with taking Paxil during pregnancy. ***Although the allegations of fraud involving omissions on the part of GSK are sufficiently pled under Rule 9(b), they are preempted by the Ohio Rev. Code § 2307.77 governing the failure to warn***.

Stratford v. SmithKline Beecham Corp., 2008 U.S. Dist. LEXIS 84826, *23 (S.D. Ohio June 17, 2008) (emphasis added) (copy attached as Exhibit A).  In addition, contrary to plaintiffs' representation in their Memorandum, the only other case they cite on this issue, Glassner v. R. J. Reynolds Tobacco Co., 223 F.3d 343 (6th Cir. 2000), did ***not*** hold that a fraudulent concealment claim remains viable despite the OPLA.  In fact, it did not address the issue of abrogation by the OPLA in any way and could not have. Glassner predated Ohio's passage of tort reform which amended the OPLA and confirmed that all common law product liability causes of action, including fraudulent concealment, are abrogated by the OPLA.

Plaintiffs also argue that by virtue of recalls they allege related to ***design defects***, they have properly pled a manufacturing defect claim.  This argument does not alter that the ***only*** allegations they make related to a purported manufacturing defect state the subject ES 350 "was defective in its [m]anufacture and construction" and the Toyota defendants failed to exercise ordinary care in the manufacture of its electronic throttle control system and other electronic components.  Amended Complaint at ¶¶ 121(a), 122(a).  These conclusory claims and unsupported inferences are not sufficient to overcome a motion to dismiss.  See Bell Atlantic Corporation v. Twombly, 550 U.S.

REPLY MEMORANDUM OF DEFENDANTS TOYOTA MOTOR SALES U.S.A., INC.,
TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC., TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC. AND TOYOTA MOTOR CORPORATION
IN SUPPORT OF PARTIAL MOTION TO DISMISS

544, 555 (2007).

**II.**   <u>**LAW AND ARGUMENT**</u>.

    **A.**   **Plaintiffs' Fraudulent Concealment Claim Is Abrogated By The** <u>**OPLA**</u>.

Plaintiffs have brought a common law fraudulent concealment product liability claim alleging the Toyota Defendants "concealed and suppressed" material facts related to purported product defects.   Opposition Memorandum at 3-4, Case No. 8:11-CV-00761-JVS-FMO, Doc. #23, <u>citing</u>, Amended Complaint at ¶ 135, 139, 141 Case No. 8:11-CV-00761-JVS-FMO, Doc. #14.   They expressly plead as part of said claim they suffered personal injuries as a "direct and proximate result of *defects* in the Lexus ES 350."   Amended Complaint, ¶ 142 (emphasis added).   Now, they argue in their Opposition Memorandum that the OPLA does not abrogate their common law fraudulent concealment product liability cause of action.   Not only is their argument contradicted by the language of the OPLA and the express intent of the Ohio legislature, it also is directly contradicted by the holding of the primary case on which plaintiffs rely.

Initially, the OPLA *expressly* states it abrogates all common law product liability claims:

        Sections 2307.71 to 2307.80 of the Revised Code are

        intended to abrogate *all* common law product liability claims

        or causes of action.

Ohio Rev. Code § 2307.71(B) (emphasis added).   In enacting this provision in 2004, the Ohio legislature *expressly* confirmed its intent that the OPLA abrogates all common law claims:

REPLY MEMORANDUM OF DEFENDANTS TOYOTA MOTOR SALES U.S.A., INC.,
TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC., TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC. AND TOYOTA MOTOR CORPORATION
IN SUPPORT OF PARTIAL MOTION TO DISMISS

> The General Assembly declares its intent that the amendment made by this act to section 2307.71 of the Revised Code is intended to supersede the holding of the Ohio Supreme Court in <u>Carrel v. Allied Products Corp.</u> (1997), 78 Ohio St.3d 284, that the common law product liability cause of action of negligent design survives the enactment of the Ohio Product Liability Act, sections 2307.71 to 2307.80 of the Revised Code, and ***to abrogate all common law product liability causes of action***.

Ohio Rev. Code § 2307.71 at Legislative Findings and Intent (emphasis added) (attached as Exhibit B); <u>see also</u> Am. S.B. 80, § 3 (enacted 2004, effective April 7, 2005) (excerpts attached as Exhibit C).   The Ohio legislature reaffirmed its intent in 2006:

> The General Assembly declares its intent that the amendments made by this act to sections 2307.71 and 2307.73 of the Revised Code are not intended to be substantive but are intended to clarify the General Assembly's original intent in enacting the Ohio Product Liability Act, sections 2307.71 to 2307.80 of the Revised Code, as initially expressed in Section 3 of Am. Sub. S.B. 80 of the 125th General Assembly, ***to abrogate all common law product liability causes of action*** including common

- 5 -

> law public nuisance causes of action, ***regardless of how the claim is described, styled, captioned, characterized, or designated***, including claims against a manufacturer or supplier for a public nuisance allegedly caused by a manufacturer's or supplier's product.

Ohio Rev. Code § 2307.71 at Legislative Findings and Intent (emphasis added); see also Am. S.B. 117, § 3 (enacted 2006, effective October 31, 2007) (excerpts attached as Exhibit D).

Consistent with the above, the primary case cited by plaintiff, Stratford v. SmithKline Beecham Corp., 2008 U.S. Dist. LEXIS 84826 (S.D. Ohio June 17, 2008), ***expressly*** holds that claims for fraudulent concealment have been abrogated by the OPLA:

> The Plaintiffs' allegations of fraudulent omission are essentially allegations that GSK failed to properly warn physicians and consumers of the risk associated with taking Paxil during pregnancy. ***Although the allegations of fraud involving omissions on the part of GSK are sufficiently pled under Rule 9(b), they are preempted by the Ohio Rev. Code § 2307.77 governing the failure to warn***.

Stratford, 2008 U.S. Dist. LEXIS 84826 at *23.

Plaintiffs represented in their Opposition Memorandum that Glassner v. R. J. Reynolds Tobacco Co., 223 F.3d 343 (6th Cir. 2000) holds that fraudulent concealment

- 6 -

claims are not abrogated by the OPLA and remain viable.  Opposition Memorandum at 5, Case No. 8:11-CV-00761-JVS-FMO, Doc. #23.  Glassner makes no such holding and did not analyze in any manner what claims are abrogated by the OPLA.  See Glassner, 223 F.3d generally.  Nor could it.  Glassner, which was decided in 2000, predated Ohio's passage of tort reform which expressly confirmed all common law product liability causes of action have been abrogated by the OPLA.  See Ohio Rev. Code § 2307.71(B) and related Staff Notes.

Plaintiff did not attempt to distinguish or rebut the case law cited by the Toyota Defendants.  That case law establishes all common law fraud claims arising out of a claimed product defect, not just claims alleging fraudulent concealment, have been abrogated by the OPLA.  See Ohio Rev. Code § 2307.71(B); Crisp v. Stryker Corp., 2010 U.S. Dist. LEXIS 51390, at *6, 10-11, 13 (N.D. Ohio May 21, 2010) (claims for fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation, and fraud and deceit dismissed, without prejudice, because all are abrogated by the OPLA) (attached as Exhibit B to Motion to Dismiss); Deacon v. Apotex, Corp., 2008 U.S. Dist. LEXIS 113203, *5, 8-9, 13 (S.D. Ohio July 3, 2008), adopted by Deacon v. Apotex, Corp., 2008 U.S. Dist. LEXIS 55584 (S.D. Ohio July 22, 2008) (claim for fraud dismissed, without prejudice, because it is abrogated by the OPLA) (attached as Exhibit C to Motion to Dismiss).  Plaintiffs' claim for fraudulent concealment is abrogated by the OPLA and should be dismissed for failure to state a claim for which relief can be granted.

### B.  <u>Plaintiffs' Manufacturing Defect Claims Has No Factual Support</u>.

Plaintiffs argue they have sufficiently pled a manufacturing defect claim because they allege certain Toyota vehicles, including 2008 Lexus ES 350s, were the subject of recalls.  <u>See</u> Opposition Memorandum at 6-7, Case No. 8:11-CV-00761-JVS-FMO, Doc. #23.  The only specific allegation they identify in this regard is found on page 3 of their Opposition Memorandum and refers to paragraph 22 of the Amended Complaint.  <u>Id.</u> at 3.  Paragraph 22 of the Amended Complaint alleges the Toyota Defendants failed to disclose an available alternative feasible ***design***.  Amended Complaint, ¶ 22, Case No. 8:11-CV-00761-JVS-FMO, Doc. #14.  Stated another way, paragraph 22 relates to allegations of a ***design defect***, not a manufacturing defect.  <u>Id.</u>  Similarly, although no other paragraphs are identified with specificity by plaintiffs in their Opposition Memorandum, other paragraphs in the Amended Complaint discussing recalls appear to relate to alleged design defects as well and make no mention of a manufacturing defect.  <u>See</u>, <u>e.g.</u>, <u>id.</u> at ¶¶ 40, 45-47, 49.  Fact allegations related to alleged design defects and related recalls cannot form the basis for a manufacturing defect claim.

Plaintiffs cite to <u>Redinger v. Stryker Corp.</u>, 2010 U.S. Dist. LEXIS 49465, at *1-2 (N.D. Ohio May 19, 2010) (attached as Exhibit E), and argue it supports their position they have sufficiently pled a manufacturing defect claim.  <u>See</u> Opposition Memorandum at 7, Case No. 8:11-CV-00761-JVS-FMO, Doc. #23.  In so arguing, plaintiffs ignore that the plaintiff in <u>Redinger</u> alleged specific fact allegations related to a manufacturing defect claim, including, that the medical device at issue snapped into two pieces fourteen months after it was implanted in the plaintiff, with no discernable cause.

REPLY MEMORANDUM OF DEFENDANTS TOYOTA MOTOR SALES U.S.A., INC.,
TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC., TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC. AND TOYOTA MOTOR CORPORATION
IN SUPPORT OF PARTIAL MOTION TO DISMISS

Redinger, 2010 U.S. Dist. LEXIS 49465, at *1-2.  Here, plaintiffs fail to state in any manner how the subject ES 350 deviated from design specifications, formula, or performance standards or to set forth a single fact in support of their manufacturing defect claim.  See Amended Complaint generally, Case No. 8:11-CV-00761-JVS-FMO, Doc. #14.  Courts have held that where a manufacturing defect claim contains no factual support, it should be dismissed.  See Durkin v. Paccar, 2010 U.S. Dist. LEXIS 110999 (D.N.J. Oct. 19, 2010) (holding the plaintiff's claim for manufacturing defect failed to state claim because the complaint contained no factual support for how the product deviated from the defendant's standard) (attached as Exhibit F); Gelber v. Stryker Corp., 752 F. Supp. 2d 328, 335 (S.D.N.Y. 2010) (dismissing a manufacturing defect claim because the plaintiffs failed to allege any facts surrounding the defectiveness of the product or how the product was manufactured improperly).  As set forth in the Motion to Dismiss, plaintiffs' sole allegations related to a manufacturing defect state the subject ES 350 "was defective in its [m]anufacture and construction" and the Toyota defendants failed to exercise ordinary care in the manufacture of its electronic throttle control system and other electronic components.  Id. at ¶¶ 121(a), 122(a).  Their allegations are nothing more than a "formulaic recitation of the elements" of an OPLA manufacturing defect claim, which "will not do."  Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiffs' manufacturing defect claim should be dismissed.

## IV.   CONCLUSION.

Plaintiffs' common law claim for fraudulent concealment is abrogated by the

OPLA and plaintiffs' claim for defective manufacture does not state a plausible claim for relief.  The claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: August 8, 2011                    Respectfully submitted,

/s/Timothy R. Bricker
Michael H. Carpenter  (Ohio Bar No. 0015733)
Timothy R. Bricker  (Ohio Bar No. 0061872)
Karen M. Cadieux (Ohio Bar No. 0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
carpenter@carpenterlipps.com
bricker@carpenterlipps.com
cadieux@carpenterlipps.com


Lawrence C. Mann (Michigan Bar No. P32223)
Gretchen A. Colter (Michigan Bar No. P51534)
Bowman and Brooke LLP
50 West Big Beaver
Troy, MI  48084
Telephone:  (248) 687-5300
Facsimile: (248) 743-0422
Larry.Mann@bowmanandbrooke.com
Gretchen.Colter@bowmanandbrooke.com


Counsel for Defendants Toyota Motor Sales U.S.A., Inc., Toyota Motor Manufacturing, Kentucky, Inc., Toyota Motor Engineering & Manufacturing North America, Inc. and Toyota Motor Corporation

- 10 -

Vincent Galvin (CA SBN 104448)
Vincent.Galvin@bowmanandbrooke.com
Anne O. Hanna (CA SBN 120947)
Anne.Hanna@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA  95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845

Joel Smith (SC SBN 5266)
jsmith@bowman-brooke.com
BOWMAN AND BROOKE LLP
1441 Main Street, Suite 1000
Columbia, SC 29201
San Jose, CA  95110
Telephone: (803) 726-0020
Facsimile: (803) 726-0021

Lead Defense Counsel for Personal
Injury/Wrongful Death Cases

REPLY MEMORANDUM OF DEFENDANTS TOYOTA MOTOR SALES U.S.A., INC.,
TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC., TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC. AND TOYOTA MOTOR CORPORATION
IN SUPPORT OF PARTIAL MOTION TO DISMISS