Vincent Galvin (CA SBN 104448)
vincent.galvin@bowmanandbrooke.com
Anne O. Hanna (CA SBN 120947)
anne.hanna@bowmanandbrooke.com
Brooke Baires-Irvin (CA SBN 276290)
brooke.baires-irvin@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA  95110
Telephone No.: (408) 279-5393
Fax No.:  (408) 279-5845


Attorneys for Defendants
Toyota Motor Sales, U.S.A., Inc.,
Toyota Motor Corporation,
Toyota Motor North America, Inc. and
Toyota Motor Engineering & Manufacturing
    North America, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## (SOUTHERN DIVISION – SANTA ANA)

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>CV11-02638 GHK(Ex)<br><br>*Mayton vs. Toyota* | Case No.  8:10ML02151 JVS (FMOx)<br><br>Assigned to:  Hon. James V. Selna<br>Discovery:  Mag. Fernando M. Olguin<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF VINCENT GALVIN; [PROPOSED] ORDER GRANTING MOTION TO DISMISS** |

1

NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DATE:  November 14, 2011
TIME:   1:30 PM
DEPT:  Courtroom 10C

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 14, 2011 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse at 411 W. Fourth Street, Santa Ana, California, defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, Toyota Motor North America, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc. will move this Court for an order dismissing plaintiffs' Complaint for Damages under Federal Rules of Civil Procedure, Rule 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction over this action.  Plaintiffs do not allege diversity of the parties, there is no diversity, and plaintiffs' claim under the Magnuson-Moss Consumer Warranty Act is the only potential federal question presented in their Complaint for Damages.  Since, the amount in controversy under the Magnuson-Moss Consumer Warranty Act is less than $50,000, there is no cognizable claim and this Court does not have jurisdiction and the matter must be dismissed in its entirety.

This motion is made following the conference of counsel pursuant to L.R. 7.3 as set forth fully in the Declaration of Vincent Galvin filed herewith.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support hereof, the Declaration of Vincent Galvin, on the oral

2

1  and documentary evidence as may be introduced at the time of the hearing, and on all

2  papers and pleadings on file with the court herein.

3  Dated:  August 12, 2011                    Respectfully submitted,

4

5                                             By:  ___ /s/ Vincent Galvin _____

6                                             VINCENT GALVIN (CA SBN 104448)
                                              E-mail:  vgalvin@bowman-brooke.com
7                                             BOWMAN AND BROOKE LLP
                                              1741 Technology Drive, Suite 200
8                                             San Jose, CA   95110
                                              Telephone:  (408) 279-5393
9                                             Facsimile:  (408) 279-5845

10

11                                            JOEL SMITH (SC SBN 5266)
                                              E-mail:  jsmith@bowman-brooke.com
12                                            BOWMAN AND BROOKE LLP
                                              1441 Main Street, Suite 1000
13                                            Columbia, SC 29201
                                              Telephone:  (803) 726-0020
14                                            Facsimile:  (803) 726-0021

15                                            Lead Defense Counsel for Personal
                                              Injury/Wrongful Death Cases
16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This action concerns an alleged unintended acceleration event involving a 2009 Toyota Yaris.  Plaintiffs allege that on March 20, 2011 plaintiff Thomas Mayton, a Kentucky resident, was driving in Kentucky a vehicle purchased from a Kentucky dealership, when he crashed in Hopkinsville, Kentucky.  Plaintiffs pursue claims for personal injury against Toyota Motor Sales, U.S.A., Inc. Toyota Motor Corporation, Toyota Motor North America, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota Defendants") and allege the 2009 Yaris was defective because it allegedly accelerated unintentionally and could not be stopped by braking.

Plaintiffs do not allege diversity jurisdiction, and this Court does not have diversity jurisdiction.  Plaintiffs and defendant Toyota Motor Engineering & Manufacturing North America, Inc. are all residents of Kentucky.  The sole basis for plaintiffs' allegation of federal subject matter jurisdiction is the "federal question" allegedly raised by plaintiffs' claim for relief under the Magnuson-Moss Consumer Warranty Act ("Magnuson-Moss").  However, plaintiffs' claim fails to satisfy the threshold requirements for subject matter jurisdiction in this Court.

A claim under Magnuson-Moss is not cognizable in federal court if the amount in controversy is less than $50,000.  15 U.S.C. § 2310 subd. (d)(3).  Although plaintiffs allege without any support that the amount in controversy for the Magnuson-Moss claim exceeds $50,000, the Manufacturer's Suggested Retail Price (MSRP) for this vehicle was $15,025.  Since Magnuson-Moss is plaintiffs' only claim based on federal law and the Act's jurisdictional provisions have not been met, this Court does not have subject

1

NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

matter jurisdiction over this action. For this reason, the Toyota Defendants respectfully request that the entire action be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1).

## II.   PLAINTIFFS' ALLEGATIONS AND FACTS

Plaintiffs allege they are residents of Kentucky. *Complaint for Damages* ("Complaint"), attached to the Declaration of Vincent Galvin ("Galvin Decl.") as Exhibit A, ¶ 26. The subject vehicle is a 2009 Toyota Yaris that was purchased jointly by plaintiffs Thomas and Deborah Mayton from Toyota of Hopkinsville, located in Hopkinsville, Kentucky. Complaint, ¶ 27.

On March 30, 2010 plaintiff Thomas Mayton was driving the subject vehicle on U.S. 68 in Hopkinsville, Kentucky. *Kentucky Uniform Police Traffic Collision Report*, attached to Galvin Decl. as Exhibit B. Plaintiff Mayton alleges he was stopped in the left-hand turning lane to help another motorist put gas into his vehicle. Once finished, Mr. Mayton began backing up and his vehicle allegedly suddenly and unexpectedly accelerated and could not be stopped by application of the brake pedal. Complaint ¶ 29. As a consequence of not being able to control the subject vehicle, plaintiffs allege that the vehicle uncontrollably exited the roadway, overturned, and flipped onto its side. Mr. Mayton sustained personal injuries as a result of the crash. Complaint ¶¶ 29-30. Plaintiff Deborah Mayton is alleged to have suffered the loss of services and companionship of her husband, Mr. Mayton. Complaint ¶ 31.

In this product liability case, plaintiffs assert a claim for relief under Magnuson-Moss alleging that the subject vehicle was not of merchantable quality due to alleged design defects. Complaint ¶¶ 174-181, 189. Plaintiffs allege the amount in controversy

2

NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

under their Magnuson-Moss claim is greater than $50,000, exclusive of interest and costs. Complaint ¶ 193.  For purposes of this Motion, this is the only allegation that is at issue.  Based on the MSRP of the subject vehicle, that allegation is wrong.  According to Toyota Motor Sales, U.S.A., Inc.'s records, the MSRP was $15,745.  *Toyota Memorandum Invoice*, attached to Galvin Decl., Exhibit C.  Plaintiffs have not met the threshold requirement of a minimum of $50,000 in controversy to obtain federal subject matter jurisdiction and this action must be dismissed.

## III.   THIS COURT DOES NOT HAVE JURISDICTION OVER THIS MATTER AND IT MUST BE DISMISSED

### A.   Dismissal of the Action Is Appropriate Under Federal Rules of Civil Procedure, Rule 12(b)(1)

The federal courts are courts of limited jurisdiction.  They have authority to adjudicate only those matters authorized by the Constitution and Congress.  The federal courts' jurisdiction is limited to those cases involving diversity of citizenship, federal question, or the United States as a party.  Kokkonen v. Guardian Life Ins. Co. (1994) 511 U.S. 375, 377.  Under 28 U.S.C. §1331, federal judicial power has been granted to the District Courts, which have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States."  Federal courts presumptively do not have jurisdiction over civil actions and the burden of establishing the court's power to adjudicate lies with the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377.

The lack of federal subject matter jurisdiction may be challenged by a motion to dismiss under Rule 12(b)(1).  A dismissal for lack of subject matter jurisdiction may rely solely on the allegations in the complaint, i.e., a "facial attack."  Warren v. Fox Family

3

NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  Or, the jurisdictional challenge

2   may rely on extrinsic and even disputed facts, i.e., a "factual attack."  Roberts v.

3   Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).  When presented with a "factual

4   attack" to the plaintiffs' attestation of jurisdiction, the court may weigh the extrinsic

5   evidence presented and determine the facts for itself in order to determine whether the

6   evidence presented and determine the facts for itself in order to determine whether the

7   court has jurisdiction to hear the matter.  Id.  Moreover, unlike a challenge to the

8   pleading under Rule 12(b)(6), a plaintiff's allegations are not presumed to be true once

9   extrinsic evidence challenging the Court's subject matter jurisdiction has been

10  presented.  Commodity Trend Service, Inc. v. Commodity Futures Trading Commission,

11  149 F.3d 679, 685 (7th Cir. 1998).

12  

13          The sole basis for plaintiffs' request that this Court exercise subject matter

14  jurisdiction is their alleged Magnuson-Moss claim.  Magnuson-Moss provides that "a

15  consumer who is damaged by the failure of a supplier, warrantor, or service contractor

16  to comply with any obligation under this chapter, or under a written warranty, implied

17  warranty, or service contract may bring suit for damages and other legal and equitable

18  relief."  15 U.S.C. § 2310 subd. (d)(1).  Suit may be filed in state or federal court.  Id.

19  The statute was drafted with the intent that few such cases would actually be litigated in

20  federal, as opposed to state, court.  "Congress has sought to limit plaintiffs' access to

21  Federal courts.  It established strict jurisdictional requirements in an attempt to channel

22  most of the Act's litigation into State courts."  Welsh v. Ford Motor Corporation, 588

23  F.Supp. 1513, 1519 (D.C. D.C. 1984).

24  

25          One jurisdictional requirement is that the amount in controversy under a

26  Magnuson-Moss claim must exceed $50,000.  Personal injury claims are not included in

27  

28                                                          4

the calculation of the $50,000 threshold.  Kelly v. Fleetwood Enterprises, Inc., 377 F.3d 1034, 1038-1039 (9th.Cir. 2004).  Attorney's fees should also not be considered in the calculation to reach the $50,000 threshold.  As one  court noted, "numerous other circuits have concluded that attorney's fees cannot be considered as part of this calculation because [Magnuson-Moss] excludes 'interest and costs' from the amount in controversy, and attorney's fees are 'costs' for the purposes of this analysis."  Romo v. FFG Ins. Co., 387 F.Supp.2d 1237, 1239 (C.D.Cal. 2005) (citing authority from four other circuits).  In other words, the amount in controversy is properly calculated by the "sum or the value" of the claim, exclusive of interests and costs such as attorney's fees. 15 U.S.C. 2310, subd. (d)(3)(B).  Based on the $15,745 MSRP of the subject vehicle, the "sum or value" of the claim, exclusive of interests and costs, is significantly less than $50,000.  Plaintiffs have not met the amount in controversy threshold under Magnuson-Moss and this matter should be dismissed.

**C.     Remedies Under Magnuson-Moss Are Supplied By Substantive State Warranty Law**

Plaintiffs allege as part of their Magnuson-Moss claim that the subject vehicle "was not of merchantable quality."  Complaint ¶ 189.  Under a Magnuson-Moss claim for breach of an implied warranty, the courts are to look to the relevant state law to determine the meaning and creation of any implied warranty.  15 U.S.C. § 2301, subd. (7) ("The term 'implied warranty' means an implied warranty arising under State law . . . in connection with the sale by a supplier of a consumer product.").  The Fourth Cause of Action alleges a common law claim for breach of implied warranty.  Complaint ¶¶ 174-181.

5

NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Under Magnuson-Moss, the remedy for a full warranty is either <u>replacement</u> of

2    the subject vehicle or <u>refund</u> of the purchase price of the vehicle.  15 U.S.C. § 2304,

3    subd. (a)(4).  As has been demonstrated, the subject vehicle had an MSRP of $15,745.

4
     The remedies listed in 15 U.S.C. § 2304 apply only to full warranties.  <u>Milicevic v.</u>
5
     <u>Fletcher Jones Imports, Ltd.</u>, 402 F.3d 912, 919 n. 4 (9th Cir. 2005).  If the applicable
6

7    express warranty is a limited warranty, then "the courts must look to state substantive

8    law to determine the remedies for breach of an express limited warranty."  <u>Gusse v.</u>

9    <u>Damon Corporation</u>, 470 F.Supp.2d 1110, 1117 (C.D. Cal. 2007).

10
     The Maytons purchased the subject vehicle in Kentucky from a dealer located in
11
     Hopkinsville, Kentucky.  Complaint ¶ 27.  Mr. and Mrs. Mayton are residents of
12

13   Kentucky.  Complaint ¶ 26.  The accident giving rise to this lawsuit occurred in

14   Kentucky.  Kentucky Uniform Police Traffic Collision Report, p.1.  Thus, the remedies

15   for breaches of implied warranty available under Kentucky law should determine the

16
     "sum or the value" of plaintiffs' Magnuson-Moss claim.  <u>See Plagens v. National RV</u>
17
     <u>Holdings</u>, 328 F.Supp.2d 1068, 1073, fn. 2 (D. Ariz. 2004) (holding that Arizona law
18

19   applied in a Magnuson-Moss claim where motorhome was purchased in California, but

20   delivered to purchasers in Arizona where they resided and where the injuries ultimately

21   occurred).

22
     **D.    The Remedies Available to Plaintiffs Under Kentucky's**
23   **       Applicable Consumer Protection Laws Do Not Amount to**
     **       $50,000**
24

25   Under Kentucky's Revised Statute 367.842:

26
          If… the manufacturer or its agents, are unable to repair or correct
27        any nonconformity or defect that substantially impairs the use,

28                                            6

NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR
CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING
NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER
JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

value or safety of the motor vehicle, after a reasonable number of attempts, the manufacturer, at the option of the buyer, shall replace the motor vehicle with a comparable motor vehicle, or accept return of the vehicle from the buyer and refund to the buyer the full purchase price. **The full purchase price shall include the amount paid for the motor vehicle, finance charge, all sales tax, license fee, registration fee, and any similar governmental charges plus all collateral charges, less a reasonable allowance for the buyer's use of the vehicle**. Refunds shall be made to the buyer and lienholder, if any, as their interests may appear on the records of ownership kept by the Department of Vehicle Regulation.

K.R.S. 367.842, subd. (2) (emphasis added). Collateral charges for purposes of K.R.S. 367.842 are not defined in the statute. See K.R.S. 367.842. However, no amount of taxes, fees and/or collateral charges paid by plaintiffs would bring the sum of plaintiffs' damages to the $50,000 jurisdictional requirement.

As demonstrated in the exhibits that are attached to this 12(b)(1) motion to dismiss, the subject vehicle retailed for $15,745. Under Kentucky law, if plaintiffs were to demand the full purchase price of the vehicle, plus all collateral charges, the $15,745 would be reduced a reasonable amount for the consumer's use. In this case, there were approximately 16,000 miles on the vehicle at the time of the accident. *Progressive Insurance Repair Estimate*, attached to Galvin Decl., Exhibit D. Whether the remedy is to refund the purchase price or replace this used vehicle with another comparable vehicle, the sum or value of plaintiffs' damages do not reach the $50,000 threshold that must be met in order to use this Magnuson-Moss claim as a basis for plaintiffs' subject matter jurisdiction.

/ / / / /

/ / / / /

7

NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**IV.    CONCLUSION**

For these and the foregoing reasons, the Toyota Defendants respectfully request that the Court grant this motion and dismiss the entire action.  The Toyota Defendants additionally request that the Court not grant leave to amend because plaintiffs cannot create  subject matter jurisdiction where none exists.

Dated:  August 12, 2011                    Respectfully submitted,

                                           By:    /s/ Vincent Galvin

                                           VINCENT GALVIN (CA SBN 104448)
                                           E-mail:  vgalvin@bowman-brooke.com
                                           BOWMAN AND BROOKE LLP
                                           1741 Technology Drive, Suite 200
                                           San Jose, CA   95110
                                           Telephone:  (408) 279-5393
                                           Facsimile:  (408) 279-5845
                                           JOEL SMITH (SC SBN 5266)
                                           E-mail:  jsmith@bowman-brooke.com
                                           BOWMAN AND BROOKE LLP
                                           1441 Main Street, Suite 1000
                                           Columbia, SC 29201
                                           Telephone:  (803) 726-0020
                                           Facsimile:  (803) 726-0021

                                           Lead Defense Counsel for Personal
                                           Injury/Wrongful Death Cases

Mayton vs. Toyota Motor North America, Inc.
CV11-02638      MDL 10-2151

**PROOF OF SERVICE**
**CCP 1013A(3)**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT, SOUTHERN DIVISION

I am employed in the County of Santa Clara, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1741 Technology Drive, Suite 200, San Jose, CA  95110.

On August 12, 2011, I served the foregoing document entitled:

- NOTICE OF MOTION AND MOTION OF DEFENDANTS TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF VINCENT GALVIN; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

<u>Attorney for Plaintiff:</u>

Todd A. Walburg
Lieff Cabraser Heimann & Bernstein
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
twalburg@lchb.com

☑      **By Mail:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than 1 day after date of deposit for mailing in affidavit.

☐      **By Facsimile:**  The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and without error.  The facsimile machine I used complied with the California Rules of Court, Rule 1006(d) and I printed a record of the transmission(s), a copy of which is attached to the original of this declaration.

☐      **By Personal Service:**  I delivered such envelope by hand to the addressee.

☐      **Via Overnight Delivery:**  The documents were enveloped, properly labeled, and caused to be deposited into an overnight delivery (Federal Express, United Parcel Service, etc.) receptacle or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or a package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the case and served on that person; otherwise, at that person's place of residence.

**Mayton vs. Toyota Motor North America, Inc.**
**CV11-02638      MDL 10-2151**

1      I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct, and that this declaration was executed on August 12, 2011, at San Jose,
2   California.

3

4                                                          *Tamara Kolanski*
                                                          Tamara Kolanski

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28