1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## CENTRAL DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.:  8:10ML2151 JVS (FMOx) |
| This document relates to: | **ORDER NO. 17: CLASS DISCOVERY PLAN AND SCHEDULE** |
| ALL ECONOMIC LOSS CASES | |

10
11
12
13
14
15

16          The Court thanks the parties for their substantial efforts in presenting this joint

17     submission.

18

19     **I.      SCHEDULE FOR THE FIRST BELLWETHER CLASS ACTION[1]**

20
21

22     [1]     Toyota does not waive its right to have constituent cases remanded to their transfer courts pursuant to 28 U.S.C. § 1407(a)-(b) and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998), or to seek additional discovery and motion practice to prepare the constituent class action cases for remand. Nor does Toyota waive its due process right to conduct additional discovery of any case after remand to the transferor court.  Nor does Toyota consent to the voluntary dismissal and refiling of non-California cases in the Central District of California in an effort to circumvent the requirements of *Lexecon*.  *See In re Norplant Contraceptive Prods. Liab. Litig.*, 950 F. Supp. 779, 781 (E.D. Tex. 1996) (criticizing plaintiffs for "pursu[ing] a strategy of forum-shopping by directly filing cases which have absolutely no underlying connection to this district other than the fact that the cases  have been consolidated here for pretrial management under § 1407").  There are currently 132 economic loss cases originally filed in 38 states other than California, some filed as early as 2009.

1

LEGAL02/32945778v1

The Court hereby adopts the following schedule for the economic loss class actions identified by Plaintiffs in their September 20, 2011 Bellwether Class and Class Representative Identification ("Class Identification Statement") [Dkt. 1797]:

| Event | Deadline |
|---|---|
| **AMENDING PLEADINGS** | |
| | No amendments may be made to the identified complaint(s) in Plaintiffs' Class Identification Statement or the SAMCC (including changes to the class definition or the addition of any party as a plaintiff or defendant), and Plaintiffs shall not file or identify any additional cases on which they intend to base their class certification motion without leave of Court. |
| RULE 12 MOTIONS LIMITED TO NEW YORK, FLORIDA, AND CALIFORNIA | |
| Motion | November 30, 2011 |
| Response | January 15, 2012 |
| Reply | February 15, 2012 |
| Hearing | March 15, 2012 |
| ADDITIONAL MOTIONS PRACTICE (PRE-CLASS CERTIFICATION HEARING) | |
| | Nothing in this Schedule shall preclude any party from filing any motion, not brought under Rule 12, that they believe is appropriate in this litigation, including, but not limited to, motions to strike expert testimony, motions for summary judgment, motions to seek discovery of absent class members, motion for trial plan, and motions for protective order, and nothing herein shall prevent a hearing on any such motion from being decided prior to class certification. |

Order No. 17: Class Discovery Plan and Schedule

| Event | Deadline |
|---|---|
| | Motions to strike class allegations may not be brought with respect to the "First Bellwether Class Action" identified in Plaintiffs' Class Identification Statement, limited to New York, California, and Florida. Nor may motions to strike class allegations be brought in any MDL constituent case during the time period proscribed in the Scheduling Order for the First Bellwether Class Action.[2] <br><br> Hearings and briefing schedules for any motions not specifically set forth herein shall be briefed and noticed pursuant to local rules. |
| **FACT DISCOVERY LIMITED TO THE PROPOSED BELLWETHER CLASS REPRESENTATIVES**[3] | |
| Fact sheet responses for *Danziger* plaintiffs | November 1, 2011 |
| Plaintiffs' responses to First Set of Interrogatories | December 1, 2011 |
| Last day to supplement contention interrogatories | April 16, 2012 |
| Close of Fact Discovery | January 15, 2013 (only with respect to the claims of the Proposed Class Representatives identified in Plaintiffs' Class Identification Statement) |

---

[2]     Toyota reserves the right to file a motion with the Court to modify or amend the Scheduling Order, including but not limited to this specific provision if Plaintiffs amend their class definition to include states other than New York, Florida, and California.

[3]     These dates only apply to the claims brought by the named plaintiffs identified in Plaintiffs' Class Identification Statement (the "Proposed Class Representatives"). Nothing herein shall act as a waiver of Toyota's right to seek additional discovery after the dates set forth herein in order to prepare other constituent cases for remand and trial. Additionally, Toyota may at any time move the Court to allow discovery from named plaintiffs in the other constituent cases in this MDL or from absent class members.

| Event | Deadline |
|---|---|
| **TUTORIAL** | |
| Technical Tutorial | December 9, 2011 |
| **CLASS EXPERTS AND RULE 702 MOTIONS** | |
| Initial disclosures of identity of experts and general subject matter of opinions | May 15, 2012 |
| Expert reports | June 18, 2012 |
| Depositions of class experts | June 18, 2012 – August 1, 2012 |
| Designation of identity of rebuttal experts and general subject matter of opinions | July 16, 2012 |
| Rebuttal reports | August 17, 2012 |
| Depositions of rebuttal experts | August 17, 2012 – September 1, 2012 |
| R. 702 Motions | October 12, 2012 |
| Response | November 12, 2012 |
| Reply | December 10, 2012 |
| Hearing | January 16, 2013 |
| **CLASS CERTIFICATION BRIEFING** | |
| Motion | September 14, 2012 |
| Response | November 15, 2012 |
| Reply | December 21, 2012 |
| Hearing | January 16, 2013 |
| **POST-CERTIFICATION DECISION SCHEDULE[4]** | |
| Petition for permission to appeal (FRCP 23(f)) | 14 days after order on class certification entered |

[4] The post-certification decision deadlines set forth in the sections below are tentative deadlines to be utilized if no stay is entered following the class certification decision.

Order No. 17: Class Discovery Plan and Schedule
LEGAL02/32945778v1

| Event | Deadline |
|---|---|
| Status Conference to discuss, *inter alia*, the propriety of staying proceedings pending an appeal and discovery and pre-trial deadlines in additional economic loss class actions in the MDL | 21 days after order on class certification entered |
| **ADDITIONAL EXPERTS NEEDED FOR TRIAL OF THE ECONOMIC LOSS CASES (IF ANY)[5]** | |
| Commencement of expert discovery | February 1, 2013 |
| Initial disclosures and reports | February 1, 2013 |
| Depositions of experts | February 1, 2013 – February 22, 2013 |
| Rebuttal reports | March 1, 2013 |
| Depositions of rebuttal experts | March 1, 2013 – March 15, 2013 |
| Close of expert discovery | March 15, 2013 |

---

[5]   Post-certification decision, additional expert discovery on the merits may be needed by both sides to the economic loss cases, and therefore, this proposed schedule has allotted time for that discovery to proceed in an organized and efficient manner.

Order No. 17: Class Discovery Plan and Schedule

LEGAL02/32945778v1

| Event | Deadline |
|---|---|
| PRE-TRIAL *DAUBERT* MOTIONS[6] | |
| Motion | April 1, 2013 |
| Response | May 1, 2013 |
| Reply | May 15, 2013 |
| Hearing | May 31, 2013 |
| SUMMARY JUDGMENT AND DISPOSITIVE MOTIONS[7] | |
| Motion | April 1, 2013 |
| Response | May 1, 2013 |
| Reply | May 15, 2013 |
| Hearing | May 31, 2013 |
| MOTIONS *IN LIMINE* | |
| Motion | June 14, 2013 |
| Response | June 28, 2013 |
| Reply | July 5, 2013 |
| Hearing | July 17, 2013 at 11:00 a.m. |
| PRETRIAL CONFERENCE | |
| Pretrial Conference Filings | July 10, 2013 |
| Pretrial Conference | July 17, 2013 at 11:00 a.m. |
| TRIAL | July 31, 2013 at 8:30 a.m. |

## II.   DISCOVERY IN THE CLASS ACTIONS

### A.   Application Of The Federal Rules

All discovery shall be conducted pursuant to the Federal Rules of Civil Procedure ("FRCP"), as modified herein. Nothing in this Order shall prevent any

---

[6]   As discussed in footnote 5, *supra*, additional expert discovery may be needed in the economic loss cases after the class certification decision. This proposed schedule has therefore allotted time for Rule 702 Motions practice to the extent necessary to address additional expert opinions.

[7]   Post-certification decision, there may be summary judgment or other dispositive motions directed to a class, if any. This proposed schedule has therefore allotted time for additional dispositive motions practice to the extent necessary after the Court issues a certification decision.

Order No. 17: Class Discovery Plan and Schedule

party from moving pursuant to FRCP 26(c) for an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

**B.      Prioritizing Discovery Needed For Class Certification**

Counsel in the economic loss cases shall prioritize discovery needed to create an evidentiary record upon which Plaintiffs' class certification motion(s) can be briefed and decided consistent with the briefing schedule set forth above.

**C.      Scope Of Phase III Fact Discovery In The Class Actions**

Until the Court enters an order on Plaintiffs' class certification motion, the Parties shall focus their discovery efforts on the claims of the Proposed Class Representatives.   However, Toyota may at any time move the Court to allow discovery from named plaintiffs in the other constituent cases in this MDL or from absent class members.

Nothing in this (Proposed) Order shall act as a waiver of Toyota's right to have constituent cases remanded to their transferor courts pursuant to 28 U.S.C. § 1407(a)-(b) and  *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998), or to seek additional discovery and motion practice to prepare the constituent class action cases for remand.  Nor does Toyota waive its due process right to conduct additional discovery and motion practice of any case after remand to the transferor court.

**D.      Requests For Production**

Requests for production of documents shall be governed by the FRCP.

7

Plaintiffs may serve a reasonable number of requests for production on each Defendant.  Defendants may serve a reasonable number of requests for production on each Proposed Class Representative.  Toyota may at any time move the Court to allow discovery from named plaintiffs in the other constituent cases in this MDL or from absent class members.

### E.   Requests For Admission

Plaintiffs may serve a reasonable number of requests for admission on each Defendant.  Defendants may serve a reasonable number of requests for admission on each Proposed Class Representative.  Toyota may at any time move the Court to allow discovery from named plaintiffs in the other constituent cases in this MDL or from absent class members.

### F.   Interrogatories

The parties shall not be limited by the twenty-five interrogatory limit set forth in FRCP 33.  Plaintiffs may serve a reasonable number of interrogatories, including contention interrogatories, on each Defendant.  Defendants may serve a reasonable number of interrogatories, including contention interrogatories, on each Proposed Class Representative.  Toyota may at any time move the Court to allow discovery from named plaintiffs in the other constituent cases in this MDL or from absent class members.

The Special Masters previously denied Toyota's request to compel responses to Toyota's First Set of Interrogatories on the ground that Phase II was limited to Choice of Law issues, among other grounds.  Proposed Class Representatives shall be required to provide responses to Toyota's First Set of Interrogatories by December 1,

2011, subject to the right of the Proposed Class Representatives to object to the interrogatories.

### G.    Plaintiff Fact Sheets

On or before November 1, 2011, Plaintiffs shall serve Plaintiff Fact Sheet Responses for all plaintiffs named in the newly filed complaint: *Danziger, et al. v. Toyota Motor Corp., et al.*, No. 11-cv-7778-VBF (PJWx).

Named Plaintiffs from the underlying cases have not provided Plaintiff Fact Sheet Responses.  Toyota may at any time move the Court to request Plaintiff Fact Sheets from named plaintiffs in the underlying cases.

### H.    Depositions

The parties to the Economic Loss cases shall utilize the procedure for disclosure of documents intended to be used in depositions that is set out in Order No. 16. Depositions shall be governed by FRCP 30 and the Court's prior orders.

Plaintiffs are permitted to depose TMC, TMS, and employees, agents, or other persons under the control of TMC or TMS without any presumptive limits on the number of depositions (except that, to the extent possible, no witness will be deposed more than once on the same subject matter).   Depositions of any Proposed Class Representative may be taken in this proceeding at any time without any presumptive limits on the number of depositions (except that it is presumed each class representative will only be deposed once).  Toyota may at any time move the Court to allow depositions of named plaintiffs in the other constituent cases in this MDL or from absent class members.

## I.   **Third-Party Discovery**

Third-Party discovery shall be governed by the Federal Rules of Civil Procedure.  There shall be no presumptive limits on third-party discovery, including depositions and document subpoenas.

## J.   **Vehicle Inspections**

Vehicle inspections may commence immediately upon the completion of a protocol. The parties to the Economic Loss cases shall utilize the same protocol agreed to in the PI/WD cases.

In the event that any named plaintiff in the SAMCC or in the constituent economic loss cases wishes to sell his/her vehicle, Plaintiffs must first notify Toyota and give Toyota a reasonable opportunity to conduct a vehicle inspection.

Toyota shall be permitted to conduct vehicle inspections of the Proposed Class Representatives' vehicles, irrespective of whether they claim to have experienced a

10

1    UA event.  Toyota may at any time move the Court to allow inspections of vehicles
2    belonging to named plaintiffs in the other constituent cases in this MDL.

4    **K.     Class Expert Disclosures And Discovery, And Rule 702 Motions**

6            In their class certification briefing, the parties shall be precluded from relying
7    on any experts that are not identified pursuant to the schedule set forth above without
8    prior leave of Court for good cause shown.

10           To the extent that Plaintiffs, in their class certification brief or reply brief, rely
11   upon expert opinions not previously disclosed or move on behalf of class definition(s)
12   not identified on September 20, 2011, Defendants shall be permitted to supplement
13   their expert reports and briefing to address Plaintiffs' newly raised theories and
14   arguments.

16   **L.     Document Translations**

18           The parties to the Economic Loss cases shall utilize the same translation
19   protocol(s) agreed to in the PI/WD cases.

21   **M.     OSI Identification**

23           The dates for disclosure of OSI set forth in Order No. 16 shall also apply in the
24   Economic Loss cases.

26   **III.   APPLICABILITY OF OTHER ORDERS**

28           To the extent that any deadline or requirement herein conflicts with the

LEGAL02/32945778v1

provisions of Order No. 14 (Amended) [Dkt. No. 1511], Order No. 15 [Dkt. No. 1655], or Order No. 16 [Dkt. No. 1726], this Order controls.

## IV.   **MODIFICATION**

Modification of this Order may be necessary based on experience operating under it.  Any party is therefore free to seek modification of this Discovery Plan and Schedule.

IT IS SO ORDERED.

Dated: November 09, 2011.

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Order No. 17: Class Discovery Plan and Schedule

LEGAL02/32945778v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order No. 17: Class Discovery Plan and Schedule

LEGAL02/32945778v1