| | | |
|---|---|---|
| 1 | STEVE W. BERMAN (WA SBN 12536) | CARI K. DAWSON (GA SBN 213490) |
| 2 | Email: steve@hbsslaw.com | Email: cari.dawson@alston.com |
| 3 | HAGENS BERMAN SOBOL SHAPIRO LLP | ALSTON & BIRD LLP 1201 W. Peachtree Street |
| 4 | 1918 Eighth Avenue, Suite 3300 Seattle, WA 98101 | Atlanta, GA 30309 Telephone: (404) 881-7766 |
| 5 | Telephone: (206) 623-7292 Facsimile: (206) 623-0594 | Facsimile: (404) 253-8567 |
| 6 | MARC M. SELTZER | LISA GILFORD (CA SBN 171641) |
| 7 | (CA SBN 054534) Email: mseltzer@susmangodfrey.com | Email: lisa.gilford@alston.com ALSTON & BIRD LLP |
| 8 | SUSMAN GODFREY L.L.P. 1901 Avenue of the Stars, Suite 950 | 333 South Hope Street, 16th Floor Los Angeles, CA 90071 |
| 9 | Los Angeles, CA 90067 Telephone: (310) 789-3100 | Telephone: (213) 576-1000 Facsimile: (213) 576-1100 |
| 10 | Facsimile: (310) 789-3150 | *Lead Defense Counsel for Economic Loss Cases* |
| 11 | | |
| 12 | FRANK M. PITRE (CA SBN 100077) Email: fpitre@cpmlegal.com | VINCENT GALVIN , JR (CA SBN 104448) |
| 13 | COTCHETT, PITRE & MCCARTHY 840 Malcolm Road, Suite 200 | Email: vincent.galvin@bowmanandbrooke.com |
| 14 | Burlingame, CA 94010 Telephone: (650) 697-6000 | BOWMAN & BROOKE 1741 Technology Drive, Suite 200 |
| 15 | Facsimile: (650) 697-0577 | San Jose, CA 95110 Telephone: (408) 279 5393 |
| 16 | *Co-Lead Plaintiffs' Counsel for Economic Loss Cases* | Facsimile: (408) 279 5845 |
| 17 | ELIZABETH J. CABRASER | JOEL SMITH (SC SBN 5266) Email: |
| 18 | (CA SBN 083151) Email: ecabraser@lchb.com | joel.smith@bowmanandbrooke.com BOWMAN AND BROOKE |
| 19 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | 1441 Main Street, Suite 1000 Columbia, SC 29201 |
| 20 | 275 Battery Street, Suite 3000 San Francisco, CA 94111 | Telephone: (803) 726-0020 Facsimile: (803) 726-0021 |
| 21 | Telephone: (415) 956-1000 Facsimile: (415) 956-1008 | *Lead Defense Counsel for Personal Injury/Wrongful Death Cases* |
| 22 | | |
| 23 | MARK P. ROBINSON, JR. (CA SBN 054426) | |
| 24 | Email: mrobinson@rcrlaw.net ROBINSON, CALCAGNIE & ROBINSON INC. | |
| 25 | 620 Newport Center Drive, 7th Floor Newport Beach, CA 92660 | |
| 26 | Telephone: (949) 720-1288 Facsimile: (949) 720-1292 | |
| 27 | | |
| 28 | *Co-Lead Plaintiffs' Counsel for Personal Injury/Wrongful Death Cases* | |

010172-25  485287 V1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | No. 8:10ML2151 JVS (FMOx)<br><br>**STIPULATED SECOND INTERIM PROTECTIVE ORDER RE PERSONALLY IDENTIFIABLE INFORMATION** |

010172-25 485287 V1

The Court has ordered that the Toyota defendants produce certain documents which are discoverable under the Federal Rules of Civil Procedure that have been produced to the United States Congress, the National Highway Safety Administration ("NHTSA") and the State Attorneys General. Such order did not alter the scope of documents that ultimately may be discoverable, nor did it limit objections to production on the basis that a document is not relevant or is shielded by any applicable privilege, including but not limited to the attorney-client privilege and/or the work product doctrine.

There was no detailed discussion about the redaction of personally identifiable information at the Court's May 28, 2010 hearing, and it was not specifically addressed in the Court's Order No. 3. Certain documents containing personally identifiable information were produced to the United States Congress and the State Attorneys General with such information redacted. The documents produced to the NHTSA were not redacted. By statute, the NHTSA must not disclose such personally identifiable information. See 5 U.S.C. § 552A.

The redacted documents produced to the United States Congress and the State Attorneys General will be produced pursuant to the Court's order as they were produced to those entities. Production to plaintiffs of documents containing personally identifiable information which were produced to the United States Congress, the State Attorneys General, and the NHTSA without the personally identifiable information being redacted may be a violation of the individuals' rights of privacy and a violation of domestic and foreign law with respect to any U.S. and foreign personally identifiable information, including but not limited to, Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C.

- 1 -

2000, c. 5 (Can.) and The Personal Information Protection Act (Law No. 57 of 2003) (Japan).

IT IS HEREBY STIPULATED that documents produced pursuant to the Court's Order No. 3 by the Toyota defendants containing personally identifiable information shall only be produced to Plaintiffs' co-lead counsel *and employees and experts currently on the case* and members of the Personal Injury/Wrongful Death and Economic Loss Class Action committees identified as follows: Mark P. Robinson, Jr., Elizabeth J. Cabraser, Lewis S. Eidson, W. Mark Lanier, Richard D. McCune, W. Daniel "Dee" Miles, Brian Panish, Hunter J. Shkolnik, Donald H. Slavik, Steve W. Berman, Frank M. Pitre, Marc M. Seltzer, Richard J. Arsenault, Benjamin L. Bailey, Stanley M. Chesley, Jayne Conroy, and Michael Louis Kelly, (hereafter "Plaintiffs' Counsel");

IT IS FURTHER STIPULATED that the documents produced pursuant to the Court's Order No. 3 containing personally identifiable information, or any of the information contained therein, shall not be shared or provided to any other persons outside of the above listed individuals, and attorneys and staff working for said individuals, and such documents will be identified by the legend, "PII Restricted Access" or other equivalent legend indicating the document(s) contains personally identifiable information;

IT IS FURTHER STIPULATED that the documents produced pursuant to the Court's Order No. 3 containing personally identifiable information, or any of the information contained therein, shall not be used or disclosed by Plaintiffs' Counsel for any purpose other than this action and the limited purposes set forth in this Stipulated Second Interim Protective Order. Further, Plaintiffs' Counsel are ordered to either return produced documents to the Toyota Defendants or to destroy the produced documents immediately upon the conclusion of this action, including all appeals.

IT IS FURTHER STIPULATED that the documents produced pursuant to the Court's Order No. 3 containing personally identifiable information, or any of

the information contained therein, shall be handled by Plaintiffs' Counsel with the highest care, including but not limited to the procedures that they would employ to protect their own personally identifiable information; and the documents produced shall be stored and secured in a manner designed to prevent access to persons other than the above listed individuals, and that all such information stored in electronic form shall be password protected.

IT IS FURTHER STIPULATED that neither the above listed Plaintiffs' Counsel nor counsel for Toyota defendants shall intentionally initiate any communication with any individual or entity that is identified by personally identifiable information in the Toyota defendants' production documents pending the issuance of a further Order of the Court dealing with communications with absent class members and implementation of data privacy protections;

IT IS FURTHER STIPULATED that to the extent that any individual who is identified in the Toyota defendants' production documents by personally identifiable information is represented by counsel or is a party to this action entitled *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, Case No. 8:10ML 02151 JVS (FMOx), Plaintiffs' co-lead counsel and members of the Personal Injury/Wrongful Death and Economic Loss Class Action committees, listed above, may communicate with such individuals through his/her counsel;

IT IS FURTHER STIPULATED that this provision is intended to prevent Plaintiffs' Counsel and co-lead counsel for the Toyota defendants from intentionally initiating contact with individuals whose name appears in the Toyota defendants' production documents, which this Court has ordered to be produced on July 2, subject to the provisions of the Court's June 1, 2010 Order subject to the exceptions provided below. This provision is not intended to prevent the Toyota defendants from acting in the normal course of their continuing business operations (*except as provided below*), and the prohibition against contact is expressly limited to Toyota counsel;

    IT IS FURTHER STIPULATED that if a putative class member brings a vehicle with a UA event to a dealership, Toyota and/or its dealers shall not communicate with the putative class member about the UA without first providing the putative class member with the following: (1) a statement that there is litigation pending concerning UA and he or she may be a member of the proposed class, (2) Toyota is opposing the claims of the proposed class and any claim by the putative class member regarding UA, (3) Toyota seeks to test the vehicle and may use the results of the testing and statements made by the class member against that putative class member's potential claim, (4) Toyota will provide the class member with contact information of class counsel and an 800 number manned by class counsel, (5) Toyota shall notify class counsel of the name and contact information of the class member, (6) schedule an inspection if one is sought by Toyota of the vehicle before at least 5 business days after providing the potential class member with class counsel's contact information so that he/she has sufficient time to contact class counsel; (7) segregate and retain all information obtained as a result of any inspection by Toyota and provide all information concerning any contacts, plus all information obtained as a result of any inspection, to plaintiffs' counsel within 5 business days of initial contact or any inspection carried out by Toyota.

    IT IS FURTHER STIPULATED that Plaintiffs' Counsel may contact persons identified in the documents produced by Toyota for the purpose of ascertaining if they might be a witness to a UA event and have other relevant information to the litigation. Counsel initiating such contact shall clearly (1) identify who they are and that class counsel obtained their name through a court order and that Toyota did not provide their name and would not have absent a court order, (2) shall state their purpose in contacting the witness, (3) shall indicate that the witness has the right to refuse to speak with counsel or counsel's investigators. If counsel determines that the individual might be a witness and that class counsel might seek their testimony in the litigation, counsel will notify Toyota of that determination. Toyota may then seek to depose that individual.

IT IS FURTHER STIPULATED that this Stipulated Second Interim Protective Order Re Personally Identifiable Information is not intended to proscribe inadvertent contact made without knowledge of the fact that the individual is among those whose personally identifiable information is included with the Toyota defendants' production documents, such as where the individual contacts Plaintiffs' Counsel or Toyota counsel or requests contact with Plaintiffs' Counsel or Toyota counsel, or where the participation of Toyota counsel is necessary as part of Toyota's continuing business operations;

IT IS FURTHER STIPULATED that to the extent that any individual who is identified in the Toyota defendants' production documents by personally identifiable information is a *pro se* party or a witness in a legal proceeding in which a Toyota-related entity is a party, Plaintiffs' Counsel or counsel for the Toyota defendants may communicate with such individuals;

IT IS FURTHER STIPULATED that this Stipulated Second Interim Protective Order Re Personally Identifiable Information does not in any way limit counsel for Toyota defendants' ability to communicate with authorized Toyota dealers, or Toyota employees and similar persons who are not exclusively customers of Toyota, even if any of their personally identifiable information is identified in the Toyota defendants' production documents; and,

IT IS FURTHER STIPULATED that this Stipulated Second Interim Protective Order Re Personally Identifiable Information is entered into at this time to facilitate the production of the Toyota defendants' documents as ordered by this Court in Order No. 3.

IT IS FURTHER STIPULATED that this Stipulated Second Interim Protective Order Re Personally Identifiable Information is entered without prejudice to the Toyota Defendants to argue for redaction and other data privacy protections in the MDL going forward, and will remain in effect until such time as (a) it is replaced by another Protective Order of this Court implementing data privacy protections, including but not limited to protections for personally identifiable information, or (b)

1  as otherwise agreed upon in writing between the parties through their counsel.
2  Nothing in this Stipulation shall alter the deadlines for production set by the Court,
3  and any documents that are confidential but otherwise discoverable and contain
4  personally identifiable information, shall be produced, subject to this Stipulated
5  Second Interim Protective Order Re Personally Identifiable Information, only after
6  entry of a final protective order in accordance with Order No. 3.
7  **ORDER**
8  IT IS SO ORDERED.
9
10 Dated:  December 13, 2011
11                                              _____
                                                James V. Selna, United States
12                                              District Judge

| | | |
|---|---|---|
| 1 | Dated: November __, 2011 | Respectfully submitted, |
| 2 | | |
| 3 | | By:_____ |
| 4 | |       Frank M. Pitre |
| 5 | | FRANK M. PITRE (CA SBN 100077)<br>**COTCHETT, PITRE & MCCARTHY** |
| 6 | | 840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 |
| 7 | | Telephone: (650) 697-6000<br>Facsimile: (650) 697-0577<br>Email: fpitre@cpmlegal.com |
| 8 | | |
| 9 | | STEVE W. BERMAN (WA SBN 12536)<br>**HAGENS BERMAN SOBOL SHAPIRO LLP** |
| 10 | | 1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101 |
| 11 | | Telephone: (206) 268-9320<br>Facsimile: (206) 623-0594<br>Email: steve@hbsslaw.com |
| 12 | | |
| 13 | | MARC M. SELTZER (CA SBN 054534)<br>**SUSMAN GODFREY L.L.P.** |
| 14 | | 1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067 |
| 15 | | Telephone: (310) 789-3102<br>Facsimile: (310) 789-3006<br>Email: mseltzer@susmangodfrey.com |
| 16 | | |
| 17 | | *Co-Lead Plaintiffs' Counsel for Economic Loss Cases* |
| 18 | | ELIZABETH J. CABRASER (CA SBN 083151)<br>**LIEFF CABRASER HEIMANN** |
| 19 | | **& BERNSTEIN, LLP** |
| 20 | | 275 Battery Street, Suite 3000<br>San Francisco, CA 94111 |
| 21 | | Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br>Email: ecabraser@lchb.com |
| 22 | | |
| 23 | | MARK P. ROBINSON, JR. (CA SBN 54426)<br>**ROBINSON, CALCAGNIE & ROBINSON INC.** |
| 24 | | 620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660 |
| 25 | | Telephone: (949) 720-1288<br>Facsimile: (949) 720-1292<br>Email: mrobinson@rcrlaw.net |
| 26 | | |
| 27 | | *Co-Lead Plaintiffs' Counsel for Personal Injury/Wrongful Death Cases* |
| 28 | | |

010172-25 485287 V1

- 7 -

| | |
|---|---|
| 1 | |
| 2 | By: _____<br>Lisa Gilford |
| 3 | |
| 4 | CARI K. DAWSON (GA SBN 213490)<br>**ALSTON + BIRD LLP** |
| 5 | 1201 West Peachtree Street<br>Atlanta, GA 30309 |
| 6 | Telephone: (404) 881-7766<br>Facsimile: (404) 253-8567 |
| 7 | Email: cari.dawson@alston.com |
| 8 | LISA GILFORD (CA SBN 171641)<br>**ALSTON + BIRD LLP**<br>333 South Hope Street, 16th Floor |
| 9 | Los Angeles, CA 90071<br>Telephone: (213) 576-1000 |
| 10 | Facsimile: (213) 576-1100<br>Email: lisa.gilford@alston.com |
| 11 | *Lead Defense Counsel for Economic Loss Cases* |
| 12 | |
| 13 | VINCENT GALVIN, JR. (CA SBN 104448)<br>**BOWMAN AND BROOKE** |
| 14 | 1741 Technology Drive, Suite 200<br>San Jose, CA 95110 |
| 15 | E-mail: vincent.galvin@bowmanandbrooke.com |
| 16 | |
| 17 | JOEL SMITH (SC SBN 5266)<br>**BOWMAN AND BROOKE** |
| 18 | 1441 Main Street, Suite 1000<br>Columbia, SC 29201 |
| 19 | E-mail: joel.smith@bowmanandbrooke.com<br>*Lead Defense Counsel for Personal Injury/Wrongful Death Cases* |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |