CARI K. DAWSON (GA SBN 213490)
LISA GILFORD (CA SBN 171641)
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
Email:  cari.dawson@alston.com
Email:  lisa.gilford@alston.com

DOUGLAS R. YOUNG
(CA SBN 73248)
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
Email:  dyoung@fbm.com

THOMAS J. NOLAN (CA SBN 66992)
STEPHEN C. ROBINSON
(NY SBN 2150647)
**SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP**
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
Email:  thomas.nolan@skadden.com
Email:  stephen.robinson@skadden.com

*Co-Lead Defense Counsel for Economic
Loss Cases*

VINCENT GALVIN, JR.
(CA SBN 104448)
JOEL SMITH (SC SBN 5266)
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:  (408) 279-5393
Facsimile:  (408) 279-5845
Email:
  vincent.galvinjr@bowmanandbrooke.com
Email:  joel.smith@bowmanandbrooke.com

*Lead Defense Counsel for Personal
Injury/Wrongful Death Cases*

THEODORE J. BOUTROUS JR.
(CA SBN 132099)
THEANE EVANGELIS KAPUR
(CA SBN 243570)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520
Email:  Tboutrous@gibsondunn.com
Email:  Tkapur@gibsondunn.com

*Defense Appellate Counsel*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to: ALL CASES | Case No. 8:10ML02151 JVS (FMOx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF SUPERVISOR HIROSHI KATO IN SUPPORT OF TOYOTA DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF MICHITERU KATO**<br><br>Date:       **March 2, 2012**<br>Time:       **10:00 a.m.**<br>Location:  **JAMS**<br>                **500 N. State College Blvd.**<br>                **14th Floor**<br>                **Orange, CA 92868** |

I, Hiroshi Kato, hereby declare as follows:

1.    I am employed by Toyota Motor Corporation ("TMC") as Project General Manager of Vehicle Dept. No. 3 in the Customer Quality Engineering Division.  I also serve as Group Manager of North America Government Affairs Group, Vehicle Dept. No. 3 in the Customer Quality Engineering Division. I have been employed by TMC for 32 years, since April, 1979.  I submit this Declaration in Support Of Toyota Defendants' Motion For Protective Order Regarding The Deposition Of Michiteru Kato. I make this declaration on personal knowledge and based on review of company documents and business records and consultation with authorized company personnel.

2.    I have reviewed this declaration with the assistance of a translator, fluent in Japanese and English, so that I could confirm its accuracy in my native language before executing it. The translator's declaration, stating that this declaration was translated accurately, adding and omitting nothing, is attached hereto as Exhibit A.

3.    To my knowledge, Michiteru Kato is not a member of my immediate or extended family.

4.    I am familiar with Michiteru Kato's work history and duties over the last two years because I have supervised Mr. Kato since May 2010 in my role as Group Manager of the North America Government Affairs Group (the "Group"), Vehicle Dept. No. 3 in the Customer Quality Engineering Division of Toyota Motor Corporation and have reviewed company documents and business records pertaining to Mr. Kato's work history; Mr. Kato has been a member of the Group since November 2005.   Although the main function of the Group has been the same since 2005, the name of the Group was "Government Affairs Group, Vehicle Dept. No.1 in the Customer Quality Engineering Division" from January 2005 to June 2010, and changed to "North America Government Affairs Group, Vehicle Dept. No. 3" as of July 2010.

SUPERVISOR DECLARATION ISO TOYOTA DEFENDANTS' MOTION FOR PROTECTIVE ORDER

5.     According to our company records, Mr. Kato is a citizen of Japan and currently resides in Aichi, Japan.

6.     Mr. Kato has a chronic medical condition, but under Japanese law I am not at liberty to disclose the contents of his medical files to a third party or discuss in detail his medical condition.

7.     Under Chapter 8, Articles 54 and 58 of the Toyota Employee Work Rules, employees shall make efforts all times to maintain and promote their health, and must obey the instructions of the Occupational Physician and the health administrator.

8.     Under Chapter 8, Articles 60 and 61 of the Toyota Employee Work Rules, people who the Occupational Physician deems unfit to work are not allowed to work, and people acknowledged by the Occupational Physician as requiring protection shall be subject to work restrictions, job transfer, treatment or other necessary protective measures.

9.     A true and correct copy of translated excerpts of the Toyota Employee Work Rules are attached hereto as Exhibit B.

10.     In the past eight years, Mr. Kato has taken three leaves for medical reasons: from July 2004 to September 2004; from May 2005 to August 2005; and from April 2009 to May 2010.

11.     Due to his medical condition, Mr. Kato currently works a reduced schedule that limits the hours he is permitted to work on the recommendation of the occupational physician.

12.     Mr. Kato is not permitted to travel overseas for work, on the recommendation of the occupational physician.

13.     Mr. Kato has not traveled to the U.S. for business-related purposes since at least May, 2010, when the occupational physician recommended he not travel overseas.

2

14.   Mr. Kato is prohibited from working alone, on the recommendation of the occupational physician.

15.   Mr. Kato is prohibited from driving for work, on the recommendation of the occupational physician.

16.   Mr. Kato is not permitted to work at high altitude, engage in heavy lifting, or participate in company sports events, on the recommendation of the occupational physician.

17.   Mr. Kato is not permitted to work in hot or cold environments, on the recommendation of the occupational physician.

18.   Mr. Kato is not permitted to work with organic solvents or lead, on the recommendation of the occupational physician.

19.   Because of his medical condition and based on the recommendation of and/or consultation with the occupational physician, I do not let Mr. Kato attend significant meetings such as IQPRM (Investigated Quality Problem Review Meeting) alone, in which attendees might be asked for their personal opinion with respect to important matters including safety issues, as these meetings might aggravate his condition.  When his condition seems relatively stable, I allow Mr. Kato to attend these types of important meetings with me, but I, not Mr. Kato, speak at those meetings.  I do not expect or even permit Mr. Kato to attend these types of meetings by himself and I do not permit him to speak or to be asked questions directly.

20.   Mr. Kato's job responsibilities and duties as a member of the Group include responding to NHTSA's defects investigation, reporting recalls and foreign recalls to the NHTSA, and answering information requests from NHTSA and other North American agencies, as well as researching other manufacturers' recall information and circulating such information to the concerned divisions in the company.  Due to his medical condition, in performing his daily functions, Mr. Kato interacts with TMC employees and the Vehicle Safety & Compliance Liaison Office of Toyota Motor Engineering and Manufacturing North America, Inc; he does not

SUPERVISOR DECLARATION ISO TOYOTA DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1  directly interact with the NHTSA and currently almost never interacts with anyone
2  else outside Toyota.   In effect, he functions as a liaison within Toyota for
3  transmitting information but has no final say and does not make any decisions
4  without direction from his supervisors.

5       21.   Since his transfer to the Group in January 2005, Mr. Kato has not held
6  any managerial positions or responsibilities at TMC or supervised any TMC
7  employees.

8       22.   Mr. Kato currently is designated a "team leader" within his group.
9  However, a team leader is not a manager and has no supervisory capacity.   TMC
10 expects that each organizational group (such as the North America Government
11 Affairs Group) will form small teams in the group in order to promote human
12 resources development, where, under the direction of a supervisor, the senior
13 member of the small team is appointed "team leader," and is expected to instruct
14 other junior team members in job training.   Thus, while Mr. Kato is the team leader
15 in his group of three employees, all that this means is that he trains his team
16 members under my supervision. He is not the manager or supervisor of his fellow
17 team members.

18      23.   Mr. Kato is not, nor has he ever been, an officer or director of TMC, nor
19 does he have any general corporate authority, discretion, or power to act on TMC's
20 behalf or to make decisions regarding matters pertinent to the operation and
21 management of TMC.

22      24.   The Customer Quality Engineering Division consists of around 200
23 members, including temporary staff. Because Mr. Kato has been working in the
24 Group since 2005, there is no sole person who thoroughly overlaps with Mr. Kato's
25 job responsibilities in the Group; however, Mr. Shinji Miyamoto, who is currently
26 the General Manager of Quality Division, is familiar with many of the issues on
27 which Mr. Kato worked in the Group, since Mr. Miyamoto was the General
28 Manager of the Customer Quality Engineering Division.   Indeed, it is my

4

1 understanding that certain employees, such as Mr. Miyamoto, who were working
2 with Toyota during the time periods in question will be able to answer questions
3 more thoroughly than Mr. Kato, because Mr. Kato was not in the workplace for
4 months at a time during his leaves of absence.

5      25.    I report directly to Mr. Yasuji Arai, General Manager of Vehicle Dept.
6 No. 3 in the Customer Quality Engineering Division, who reports to Mr. Hiroyuki
7 Yokoyama, General Manager of Customer Quality Engineering Division. Decisions
8 regarding the functions of the Group are generally reviewed by these supervisors.

9      Pursuant to 28 USC § 1746, I declare under penalty of perjury under the laws
10 of the United States of America that the foregoing is true and correct.

11      Executed on February _10_, 2012 in ___Aichi___ .

13
14                           Hiroshi Kato

SUPERVISOR DECLARATION ISO TOYOTA DEFENDANTS' MOTION FOR PROTECTIVE ORDER

# EXHIBIT A

CARI K. DAWSON (GA SBN 213490)
LISA GILFORD (CA SBN 171641)
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100
Email:  cari.dawson@alston.com
Email:  lisa.gilford@alston.com

DOUGLAS R. YOUNG
(CA SBN 73248)
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:   (415) 954-4480
Email:  dyoung@fbm.com

THOMAS J. NOLAN (CA SBN 66992)
STEPHEN C. ROBINSON
(NY SBN 2150647)
**SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP**
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
Email:  thomas.nolan@skadden.com
Email:  stephen.robinson@skadden.com

*Co-Lead Defense Counsel for Economic
Loss Cases*

VINCENT GALVIN, JR.
(CA SBN 104448)
JOEL SMITH (SC SBN 5266)
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:  (408) 279-5393
Facsimile:   (408) 279-5845
Email:
   vincent.galvinjr@bowmanandbrooke.com
Email:  joel.smith@bowmanandbrooke.com

*Lead Defense Counsel for Personal
Injury/Wrongful Death Cases*

THEODORE J. BOUTROUS JR.
(CA SBN 132099)
THEANE EVANGELIS KAPUR
(CA SBN 243570)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  (213) 229-7000
Facsimile:   (213) 229-7520
Email:  Tboutrous@gibsondunn.com
Email:  Tkapur@gibsondunn.com

*Defense Appellate Counsel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

|  |  |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br>ALL CASES | Case No. 8:10ML02151 JVS (FMOx)<br><br>**DECLARATION OF SETSUKO TAHARA POLAND IN SUPPORT OF TOYOTA DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF MICHITERU KATO**<br><br>**Date:** **March 2, 2012**<br>**Time:** **10:00 a.m.**<br>**Location:** **JAMS**<br>**500 N. State College Blvd. 14th Floor Orange, CA 92868** |

POLAND DECLARATION ISO TOYOTA DEFENDANTS' MOTION FOR PROTECTIVE ORDER

I, Setsuko Tahara Poland, hereby declare as follows:

1.     From 1985 to present, I have been self-employed at Tahara International. In this capacity, I act as an interpreter/translator from Japanese to English, and from English to Japanese. I am also the owner of Accelerated Language School. I submit this Declaration in support of the Toyota Defendants' Motion for Protective Order Regarding The Deposition Of Michiteru Kato. I make this declaration on personal knowledge and based on review of company documents and business records and consultation with authorized company personnel and, if called as a witness, could and would testify competently to such facts under oath.

2.     I accurately translated the concurrently filed Declaration of Supervisor Hiroshi Kato and read it to the declarant on February 9th, 2012, adding nothing and omitting nothing thereto. The declarant indicated that he understood it and agreed with its contents before signing it.

3.     I was provided what I was told were excerpts of the Basic Work Regulations, Employee Work Rules, Ab103 (68) ("Toyota Employee Work Rules"), which contained excerpts from those rules written in Japanese, along with English translations of those excerpted rules. At the request of counsel for Toyota, I was asked to confirm that the English translations of those rules were fair and accurate. Having reviewed the document, I can attest that the translations for this document, attached to the concurrently filed declaration of Supervisor Hiroshi Kato as Exhibit B, are fair and accurate.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 9th, 2012 in Grass Valley, CA.

Setsuko Tahara Poland

1

# EXHIBIT B

**Basic Work Regulations**

# EMPLOYEE WORK RULES

**Ab103 (68)**

Enacted on September 1, 1948; 68th Revision on September 1, 2008
Labor Relations Department, Labor Relations Division

就業基本規程 社　員　就　業　規　則

Ａｂ１０３　(68)

制　定 1948. 9. 1　改正６８回　　2008. 9. 1
人　事　部　企　画　室

---

## CHAPTER 1  GENERAL PROVISIONS
## 第　1　章　総　　則

### Purpose of Enactment【制定の目的】
**Article 1**

The Employee Work Rules (the **Rules**) set forth matters that the employees shall abide by and/or execute during work.

第1条　この規則は，社員が就業に関し遵守し，履行しなければならない事項を定めたものである。

### Applicable Scope【適用範囲】
**Article 2**

As a general rule, the Rules apply to all employees, provided, however, that part of the provisions under CHAPTER 5 may not apply to the persons listed in each of the following items:

    (1)    persons who are qualified as Senior Grade 3 (*kikanshoku 3kyuu*) or higher;
    (2)    persons who are working under the flextime system;
    (3)    persons who are engaged in special duties;
    (4)    persons who are working under the discretionary labor system; and
    (5)    other persons specifically designated by Toyota Motor Corporation (the **Company**).

第2条　この規則は，原則として，すべての社員に適用する。ただし，次の各号に掲げる者については，
　　　第5章(勤務)の規定の一部につき適用しないことがある。
　　　⑴　基幹職3級以上の資格にある者
　　　⑵　フレックスタイム制により勤務する者
　　　⑶　特殊勤務に従事する者
　　　⑷　裁量労働制により勤務する者
　　　⑸　その他会社が特に指定する者

### Employee【社　員】
**Article 3**

1.    The term "Employee" (*Shain*) as defined in the Rules refers to a person hired as an employee pursuant to the procedures set forth in CHAPTER 2, and does not include the persons listed in each of the following items:
    (1)    Associate Employees (*Jyun-Shain*);
    (2)    Contract Employees (*Shokutaku*);
    (3)    Temporary Employees (*Kikan-Jyugyouin*);
    (4)    Students of the Toyota Technical Skills Academy;
    (5)    Part-Time Employees; and
    (6)    Rehired/Retired Employees/Skilled Partners/Professional Partners.
2.    Employees are classified into Regular Employees (S*ei-Shain*) and Probationary Employees (*Minarai-Shain*).

3.        Matters concerning the employment of persons falling under Paragraph 1, Item (2) above will be subject to the provisions of employment contracts and the Rules will apply to matters that are not set forth in the employment contracts.   Matters concerning the employment of persons falling under the respective Items of Paragraph 1 (excluding Item 2) above shall be pursuant to the provisions of the rules that are set forth separately.

**第3条** この規則において社員とは, 第2章（採用）に定める手続により社員として採用された者をいい, 次の各号に掲げる者は含まない。
　　(1)　準 社 員
　　(2)　嘱 　 託
　　(3)　期間従業員
　　(4)　トヨタ工業学園生徒
　　(5)　パートタイマー
　　(6)　定年後再雇用者（スキルド・パートナー, プロフェッショナル・パートナー）
　**2** 社員を分けて, 正社員と見習社員とする。
　**3** 第1項2号に該当する者の就業に関する事項については, 雇用契約で定めるものの他, この規則を準用する。
　　第1項各号（第2号を除く）に該当する者の就業に関する事項については, 別に定めるところによる。

## Supervisor【所属長】
**Article 4**
        The term "Supervisor" as used in the Rules refers to a person who is authorized to offer direction, supervision and guidance to others.

**第4条** この規則において所属長とは, 他の者を管理・監督・指導する権限を有する者をいう。

**…**

# CHAPTER 8  SAFETY AND HEALTH
# 第 8 章　安全および衛生
## Section 1 Basic Rule
## 第 1 節　基 本 心 得

## Basic Rules【基本心得】
**Article 54**
1.        Employees shall cooperate with the safety and health measures taken by the Company and take heed to their own safety and health.
2.        Employees shall obey the safety administrator's instructions and make efforts at all times to prevent disasters.
3.        Employees shall make efforts all times to maintain and promote their health, by obeying the instructions of the Occupational Physician and the health administrator and by using the medical examination result and the health guidance as the ex post facto measures of the medical information.

**第54条** 社員は, 会社が行う安全衛生施策に協力し, 自ら安全および健康に留意しなければならない。
　**2** 社員は, 安全管理者の指示に従い, 常に災害の防止に努めなければならない。
　**3** 社員は, 産業医および衛生管理者の指示に従い, また, 健康診断結果や健診事後措置としての保健指導を利用して, 常に健康の維持・増進に努めなければならない。

**…**

## CHAPTER 8  SAFETY AND HEALTH
## 第　8　章　　安全および衛生

### Section 3　　　Healthcare
### 第　3　節　　衛　　　生

**Health Discipline【衛生規律】**

**Article 58**

Employees shall observe the matters set forth in each of the following items:

(1)　if an Employee does not work due to sickness or injury, the Employee shall dedicate oneself to medical treatment and make efforts to restore one's health;

(2)　if an Employee does not work for four (4) consecutive work days or longer due to sickness or injury, or does not work due to an infectious disease or an occupational accident, or when otherwise requested by the Company, the Employee shall promptly submit a physician's medical certificate to the Occupational Physician via one's Supervisor;

(3)　when instructed by the Company in connection with sickness or injury, Employees shall be diagnosed by the Occupational Physician or a physician designated by the Occupational Physician;

(4)　if an Employee does not work for two (2) calendar weeks or longer due to sickness or injury and then wishes to return to work, the Employee shall acquire a medical certificate certifying the approval to work issued by the attending physician, thereafter receive the Occupational Physician's work certificate, and submit the same to one's Supervisor; and

(5)　other matters concerning health instructed by the Occupational Physician and the health administrator.

第58条　社員は，次の各号に定める事項を遵守しなければならない。
(1) 傷病のため休務したときは，療養に専念し，健康の回復に努めること
(2) 傷病のため，稼動4日以上連続して休務する場合，感染症・業務災害により休務する場合
　　または会社が請求した場合には，医師の診断書を所属長を経て
　　すみやかに産業医に提出すること
(3) 傷病に関し，会社が指示した場合は，産業医または産業医の指定する医師の診断を受けること
(4) 傷病のため，暦日で2週間以上休務し，再び勤務しようとするときには，
　　必ず主治医の発行する就業許可を証明する診断書を取得した後，
　　産業医の出勤証明書を受け，所属長に提出すること
(5) その他産業医および衛生管理者が衛生に関して指示した事項

**Medical Examination【健康診断】**

**Article 59**

1.　　At the time of hiring and on an annual basis, Employees shall undergo a periodical medical examination conducted by the Occupational Physician.

2.　　In addition to the periodical medical examination of the immediately preceding paragraph, persons designated by the Occupational Physician among the Employees shall also undergo special medical examination, and occasional medical examination such as the medical examination to be conducted upon leaving for one's new assignment overseas or returning to one's assignment in Japan from overseas.

3.　　If an Employee is unable to undergo the medical examination on the designated date, the Employee shall submit a notice indicating the reason thereof to the Occupational Physician via one's Supervisor.

4.　　If it is acknowledged that there is due cause for the notification of the immediately preceding paragraph, the Employee shall submit a physician's medical examination report.

第59条　社員は，採用の際および毎年産業医の行う定期健康診断を受けなければならない。
　　2 社員のうち産業医の指定した者は，前項の定期健康診断のほか，特殊健康診断，
　　海外への赴任時および海外からの帰任時の健康診断等
　　臨時に行われる健康診断を受けなければならない。
　　3 指定された期日に健康診断を受けられない場合には，その理由を付し，

所属長を経て産業医に届出なければならない。

**4** 前項の届出に正当な理由があると認められた場合は，医師の健康
診断書を提出しなければならない。

## Compulsory Leave 【就業禁止】
### Article 60
Employees who fall under any one of the following items will not be allowed to work:

(1)   persons infected with Class I to Class III infectious disease set forth in the Infectious Disease Prevention Standards including plague, Bacillary dysentery, typhoid, paratyphoid, diphtheria and cholera (including persons suspected of the same) or carriers of the pathogen thereof;

(2)   persons infected with a new infectious disease or designated infectious disease, or an infectious disease corresponding thereto;

(3)   persons subject to schizophrenia, manic depression, progressive paralysis, epilepsy or other mental illness unfit for work;

(4)   persons subject to syphilis, mange or dermatitis with fear of infectious transmission;

(5)   persons subject to blennorrheal conjunctivitis, infectious eye disease or other eye disease that involves severe visual impairment;

(6)   persons subject to pleurisy, heart disease, beriberi or other disease in which the condition thereof could aggravate due to work;

(7)   persons who were subject to a disease among each of the preceding items but have not sufficiently recovered their health; and

(8)   Other persons who the Occupational Physician deems unfit to work.

**第60条** 社員のうち，次の各号の一に該当する者は，就業させない。

(1) ペスト，細菌性赤痢，腸チフス，パラチフス，ジフテリア，コレラ等感染症予防規準に
定める1～3類感染症にかかった者（疑似を含む。）またはその病原体保有者

(2) 新感染症や指定感染症，またはこれに準ずる感染症にかかった者

(3) 統合失調症，そううつ病，麻痺性痴呆，てんかんその他の就業に不適当な精神病にかかった者

(4) 病毒伝播のおそれのある梅毒，かいせんまたは皮膚疾病にかかった者

(5) のう漏性結膜炎，感染性眼病その他強度の視力障害を伴う眼病にかかった者

(6) 胸膜炎，心臓病，脚気その他の就業により病勢の悪化するおそれのある疾病にかかった者

(7) 前各号の疾病にかかり健康を十分回復していない者

(8) その他産業医が就業を不適当と認めた者

## Work Restrictions 【就業制限】
### Article 61
Persons who are under eighteen (18) years of age and persons falling under any one of the following items among Employees, when recognized by the Occupational Physician, shall be subject to work restrictions, job transfer, treatment or other necessary protective measures as a person requiring health-related protection or care:

(1)   Persons subject to a disease unfit for heavy muscular work, work in standing position, work involving walking, work in high temperatures, work in cold temperatures, dangerous work, work involving handling of dust and work involving noise;

(2)   Persons subject to mild case of infectious skin disease or occupational skin disease;

(3)   Persons suspected of or subject to mild case of trachoma or mild case of occupational eye disease;

(4)   Persons subject to latent or chronic sexual disease;

(5)   Persons subject to occupational disease;

(6)   Persons subject to tuberculous disease in which the period after recovery is less than one (1) year;

(7)   Persons subject to positive conversion of tuberculin reaction in which the period after such conversion is less than six (6) months;

(8)   Pregnant women; and

(9)   Other persons acknowledged by the Occupational Physician as requiring protection.

**第61条** 社員のうち満 18 才に満たない者および次の各号の一に該当する者は，
産業医の認定により，健康上保護または注意を要する者として，就業制限，

業務転換，治療，その他保護上必要な措置をとることがある。
（1）重筋，立業，歩行，高熱，寒冷，危険，発塵または騒音作業に不適当な疾病にかかった者
（2）軽症の感染性皮膚病または職業性皮膚病にかかった者
（3）疑似もしくは軽症のトラホームまたは軽症の職業性眼病にかかった者
（4）潜伏性または慢性の性病にかかった者
（5）職業性疾病にかかった者
（6）結核性疾病にかかり，回復後1カ年以内の者
（7）ツベルクリン反応陽性転化後6カ月以内の者
（8）妊娠中の女性
（9）その他産業医が保護を必要と認めた者