CARI K. DAWSON (GA SBN 213490)
LISA GILFORD (CA SBN 171641)
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: cari.dawson@alston.com
Email: lisa.gilford@alston.com

DOUGLAS R. YOUNG
(CA SBN 73248)
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Email: dyoung@fbm.com

THOMAS J. NOLAN (CA SBN 66992)
STEPHEN C. ROBINSON
(NY SBN 2150647)
**SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP**
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
Email: thomas.nolan@skadden.com
Email: stephen.robinson@skadden.com

*Co-Lead Defense Counsel for
Economic Loss Cases*

VINCENT GALVIN, JR.
(CA SBN 104448)
JOEL SMITH (SC SBN 5266)
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845
Email:
  vincent.galvinjr@bowmanandbrooke.com
Email: joel.smith@bowmanandbrooke.com

*Lead Defense Counsel for Personal
Injury/Wrongful Death Cases*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | Case No.: 8:10ML2151 JVS (FMOx)<br><br>DISCOVERY MATTER<br><br>TOYOTA DEFENDANTS' **REDACTED** SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES] |

Date:          February 17, 2012
Location:      JAMS
               500 N. State College Blvd.
               14th Floor
               Orange, CA 92868

Special Masters:   Hon. John K. Trotter
                   Hon. Steve J. Stone

TOYOTA DEFENDANTS' REDACTED SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA
ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES]

# **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................... 1

II.     THE BURDEN IS ON THE PLAINTIFFS TO ESTABLISH
        THAT EACH INDIVIDUAL IS A MANAGING AGENT ............................... 3

III.    PLAINTIFFS HAVE NOT COME CLOSE TO ESTABLISHING
        THAT THESE FOUR JAPANESE CITIZENS ARE MANAGING
        AGENTS AND THE EVIDENCE PROVES THAT THEY ARE
        NOT ............................................................................................................... 4

        A.      Hisako Jitsumori ........................................................................... 5

        B.      Makoto Kimijima ........................................................................... 8

        C.      Koji Sakakibara ............................................................................. 9

        D.      Kazutoshi Kunishima ................................................................... 10

IV.     CONCLUSION .............................................................................................. 12

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page(s)**

3
**FEDERAL CASES**

4
*Felman Prod., Inc. v. Indus Risk Insurers,*
5
    No. 3:09-cv-00481, 2010 WL 5110076 (S.D. W.Va. Dec. 9, 2010)........................7

6
*Finley v. Count of Martin,*
7
    No. C-07-5922 EMC, 2009 WL 3320263 (N.D. Cal. Oct. 13, 2009).....................4

8
*Gen'l Tire Inc. v. Broad Elm Auto Ctrs. of Niagara Falls, Inc.,*
    No. 94–CV–960A, 1997 WL 929823 (W.D.N.Y. Apr. 18, 1997)...........................7

9
*Hynix Semiconductor Inc. v. Rambus Inc.,*
10
    CV-00-20905 RMW, 2008 WL 350643 (N.D. Cal. Feb. 2, 2008) ..............4, 10, 11

11
*In re Honda American Motor Co., Inc. Dealership Relations Litigation*
12
    168 F.R.D. 535 (D. Md. 1996) ........................................................................3, 10, 11

13
*Libbey Glass v. Oneida, Ltd.,*
14
    197 F.R.D. 342 (N.D. Oh. 1999) ...........................................................................7

15
*Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,*
16
    242 F.R.D. 470 (N. D. Ill. 2007) ...........................................................................3

17
*Philadelphia Indem. Ins. Co. v. Federal Ins. Co.,*
18
    215 F.R.D. 492 (E.D. Pa. 2003) .............................................................8, 9, 10, 12

19
*Proseus v. Anchor Line, Ltd.,*
20
    26 F.R.D. 165 (S.D.N.Y. 1960)..............................................................................3

21
*Sugarhill Records Ltd. v. Motown Record Corp.,*
    105 F.R.D. 166 (S.D.N.Y. 1985)........................................................................3, 4

22

23
*United States v. Afram Lines (USA), Ltd.,*
    159 F.R.D. 408 (S.D.N.Y. 1994)...................................................................1, 3, 4, 5

24
*Young & Associates Public Relations, L.L.C. v. Delta Air Lines, Inc.,*
25
    216 F.R.D. 521 (D. Utah 2003) ...........................................................................4

26

27

28

ii

## I.    INTRODUCTION

Plaintiffs repeatedly stress how important the four individuals that are in dispute are and submit emails to the Special Masters from these individuals to try and show that they are knowledgeable about a number of topics of interest to Plaintiffs.  But the legal decision before the Special Masters is not whether these witnesses might have relevant or even significant knowledge about topics in this case; the issue is whether their position in the company is that of a managing agent under the law.[1]  *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) (holding that "a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice" and thus cannot be compelled, as a foreign resident, to attend a deposition in the United States).  As discussed below and in Toyota's prior brief, these individuals are not managing agents, and this Court should respect these Japanese citizens' rights to be deposed in the country where they live and do business.

Similarly, the Plaintiffs' argument that they should be relieved from going to Japan because it is too burdensome is not supported in case law or fact.  At the hearing on February 1, 2012, and in their briefing before the Court, the Plaintiffs represented that due to the procedural restrictions on scheduling depositions in Japan, it would be virtually impossible for the Plaintiffs to take these individuals unless the Special Masters ordered Toyota to produce them in California.   After listening to this argument, Justice Trotter stated during the hearing that he felt as if he was being put in a Hobson's choice – if he agreed with Toyota that these were not managing agents then the Plaintiffs would have no ability to depose these individuals.

---

[1] In some cases, the key witness may be the janitor of the company, but just because the janitor may have critical testimony that does not elevate him to a "managing agent" or provide justification for a court to bend the rules of comity and compel the witness to be deposed thousands of miles from his residence.

1

1    After the hearing, Toyota reached out to the U.S. consulate in Osaka to see

2    whether the Parties could reserve space for the depositions prior to the June deadline

3    insisted on by Plaintiffs. *Toyota was able to reserve an entire week in April for these*

4    *depositions and for the deposition of Mr. Meguro* whom the Plaintiffs have agreed

5    will be deposed in Japan because of health concerns for his wife.  Toyota promptly

6    communicated that information to Plaintiffs, and it was that communication that

7    prompted the telephone hearing yesterday.[2]  When Justice Stone asked Plaintiffs'

8    counsel why they could not depose these four individuals when they were over in

9    Japan anyway to take Mr. Meguro's deposition, it was clear from Plaintiffs' lack of

10   response that the real issue is not that the Plaintiffs cannot take the depositions in

11   Japan; *the real issue is they just don't want to*.[3]  In fact, Plaintiffs stated more than

12   once during the call that they intended to notice another 30 or so witnesses and it

13   would be too much trouble for them and the Special Masters to have to decide

14   whether each one was a managing agent, so they argued that the Court should not set

15   such precedent here.

16   Even though Toyota has already bent over backwards and has agreed to bring a

17   large number of Plaintiffs' requested witnesses to the United States for depositions,

18   and likely will for the next batch of names,[4] Plaintiffs' reasoning that it is just too

19

20   [2]  See attached email dated February 7th from Tom Klein to Plaintiffs, attached hereto
     as Exhibit 1.

21   [3]  Attempting to persuade the Special Masters to compel these four individuals to the
22   United States, the Plaintiffs stated during the February 1st hearing that these
     depositions would likely be very short (a couple of hours) and would not require the
23   witnesses to be in the United States very long.  After Toyota told the Plaintiffs that it
     was able to make reservations at the Osaka Consulate for a whole week for these four
24   witnesses and Mr. Meguro, Plaintiffs balked during the call last night, stating that they
     might need several days with each witness.  Although, it is difficult for Toyota to
25   respond to all the shifting positions that Plaintiffs seem to put forth, even if Plaintiffs
     truly needed more time with some of these witnesses, then the Parties can contact the
26   Consulate to seek to get more time.  At a minimum, at least some if not all of the
     depositions can proceed forward on that week in April.  The default response is not to
27   just immediately conclude that the depositions must be moved to the United States.

28   [4]  Of course, Toyota cannot make specific representations as Plaintiffs have not even

1   cumbersome to require them to establish that all of these individuals are managing
2   agents, if accepted, would completely eviscerate the Federal Rule's limitations that
3   explicitly require that each individual be assessed separately.  Indeed, it is precisely
4   because the circumstances are different for some of the names on Plaintiffs' wish list
5   than on others that Toyota is before this Court with respect to these four individuals.

6   ## II.   THE BURDEN IS ON THE PLAINTIFFS TO ESTABLISH THAT
7          EACH INDIVIDUAL IS A MANAGING AGENT

8          Toyota will not repeat all the case law it has previously provided the Special
9   Masters but does want to point out that the Plaintiffs repeatedly conflate terms during
10  the oral arguments in an effort to try and get the Special Masters to reverse the order
11  of proof in this matter.  Using stock phrases such as "tie goes to the plaintiffs", the
12  Plaintiffs ignore the fact that they have to initially provide sufficient proof that, if left
13  unrebutted, would persuade the Court that each of these individuals qualifies
14  separately as a managing agent under the law. Simply put, the party seeking the
15  discovery, in this case Plaintiffs, has the initial burden of establishing that the
16  proposed deponent is a managing agent of the corporate party.  *Afram Lines*, 159
17  F.R.D. at 413 ("[T]he burden is on the discovering party to establish the status of the
18  witness . . . . [T]he examining party has the burden of providing enough evidence to
19  show that it is at least a close question whether the proposed deponent is a managing
20  agent."); *see also Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*,  242 F.R.D. 470, 476 (N. D. Ill.
21  2007); *In re Honda American Motor Co.*, 168 F.R.D. at 540; *Sugarhill Records Ltd. v.
22  Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985); *Proseus v. Anchor
23  Line, Ltd.*, 26 F.R.D. 165, 167 (S.D.N.Y. 1960).  Only in the event that Plaintiffs meet

24

25  sent us the list of names and we do not know who Plaintiffs are seeking to notice for
26  these additional depositions or what their position with the Company is.  However,
    Toyota has repeatedly worked in good faith to compromise and has already
27  voluntarily offered to make Mitchihito Shimada, Shinji Miyamoto, Motoki Shibata,
    Hirohisa Kishi, Takashi Ogawa, Masaaki Murata, Tsutomu Miyazaki and Hiroshi
28  Miyata available for depositions in the United States.

TOYOTA DEFENDANTS' REDACTED SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA
ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES]

their initial burden as to each witness's status do the Special Masters need to consider whether this is a "close case" or whether existing doubt should be resolved in favor of the Plaintiffs. *See Afram Lines*, 159 F.R.D. at 413; *Sugarhill*, 105 F.R.D. at 171. Consequently, the Special Masters should not automatically presume that these witnesses are managing agents based merely upon Plaintiffs' bare assertions and, instead, should first require that Plaintiffs meet their burden of proof.

### III.   PLAINTIFFS HAVE NOT COME CLOSE TO ESTABLISHING THAT THESE FOUR JAPANESE CITIZENS ARE MANAGING AGENTS AND THE EVIDENCE PROVES THAT THEY ARE NOT

Plaintiffs offer two arguments as to why these four individuals are Managing Agents. Neither is sufficient. The first is that some (but not all) have the title "manager". As Justice Stone stated during the February 1, 2012 Hearing, the resolution of whether an individual should be treated as a managing agent is not dependent on their title, but their function and position in the company. *Hynix Semiconductor Inc. v. Rambus Inc.*, CV-00-20905 RMW, 2008 WL 350643 (N.D. Cal. Feb. 2, 2008) ("Courts have interpreted 'managing agent' flexibly, emphasizing 'what the employee actually did, rather than what title or position she held.' " (citing *Young & Associates Public Relations, L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 523-24 (D. Utah 2003)). The specifics of the particular company and culture must be examined in order to assess what duties attach to a particular title as titles can be used quite differently in different organizations, particularly ones in a foreign country. An individual can have the title of "manager," or even "agent," and still not be deemed a "managing agent".[5] *See Finley v. Count of Martin*, No. C-07-5922 EMC, 2009 WL 3320263, at *2 (N.D. Cal. Oct. 13, 2009) (plaintiff failed to meet burden where "the fact that Ms. Grant has the word 'manager' in her title is not enough to establish that

---

[5] Several organizations even bestow upon trainees the title of "manager" or "assistant manager". The law was not intending to elevate such people even with that title to the seniority required to be compelled to attend a deposition wherever noticed.

1  she is a managing agent"); *Afram Lines*, 159 F.R.D. at 415 ("counsel draw an apt

2  analogy: travel agents often have broad responsibilities to arrange a client's

3  transportation, accommodations, entertainment, and even meals, yet it is doubtful that

4  they would be accorded sufficient discretion to be considered the client's managing

5  agent.")  The concept of managing agent under federal law is designed to capture

6  people of similar level as senior officers and directors who have high degrees of

7  authority such that it would be acceptable to require them to defend the company in a

8  deposition some place other than their residence.  These four individuals do not have

9  that seniority or decision making ability.

10  The second "proof" that the Plaintiffs submit is a series of emails to and from

11  these individuals coupled with Plaintiffs speculations as to what these emails mean

12  and what inferences the Special Masters must draw.  Plaintiffs misconstrue the context

13  of these emails.

14  **A.   Hisako Jitsumori**

15  As set forth in Toyota's Response Brief, Ms. Hisako Jitsumori is a staff member

16  in TMC's North America CS Group, North & Latin America Field Operations

17  Department, Overseas Service Field Operations Division ("OSFOD") who has never

18  held any managerial positions or responsibilities at TMC and who has never

19  supervised any TMC employees.  (*See* Declaration of Hisako Jitsumori ("Jitsumori

20  Decl."), Docket #2188-1, at ¶¶ 1, 10, 11.)  Her position is largely ministerial in nature:

21  she facilitates communication between her particular TMC division and certain

22  distributors and Toyota Motor Sales ("TMS").  (*See id.* at ¶ 7.)  Ms. Jitsumori's duties

23  do not provide any general corporate authority, discretion, or power to act on TMC's

24  behalf or to make decisions regarding matters pertinent to the operation and

25  management of TMC.   (*See id.* at ¶ 11).  Such decisions are the responsibility of her

26  superiors. (*See id.* at ¶ 9).

27

28

TOYOTA DEFENDANTS' REDACTED SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA
ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOYOTA DEFENDANTS' REDACTED SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES]

Each of the documents identified by Plaintiffs in support of their request to compel the deposition of Ms. Jitsumori in the U.S. do not in any way support a determination that she is a "managing agent."

Courts routinely find employees are not managing agents where, as here, the employee has no managerial responsibilities or decision-making authority, but instead merely facilitates transactions between divisions of the company. *See Felman Prod., Inc. v. Indus Risk Insurers*, No. 3:09-cv-00481, 2010 WL 5110076, at *7 (S.D. W.Va. Dec. 9, 2010) (examining party failed to demonstrate witness was managing agent where communications showed witness "acting as an intermediary between" company representatives and counsel and concluding he "served as an interpreter/translator, not a decision-maker"); *Libbey Glass*, 197 F.R.D. at 351 (individual who "may well have played an important role" in events giving rise to lawsuit was not managing agent because he "acted as a liaison" and "facilitated, but did not control" those events)); *Gen'l Tire Inc. v. Broad Elm Auto Ctrs. of Niagara Falls, Inc.*, No. 94–CV–960A, 1997 WL 929823, at *3 (W.D.N.Y. Apr. 18, 1997) (defendant failed to show field sales representatives were managing agents where they acted as a "conduit for communications between [the plaintiff] and its dealers, i.e. to provide training and information to the dealers about … products and promotions and to provide [the plaintiff] with feedback concerning its

7

1   dealers and products" and had no other authority to negotiate or bind the company);

2   *see also Philadelphia Indem. Ins. Co. v. Federal Ins. Co.*, 215 F.R.D. 492. 494 (E.D.

3   Pa. 2003) (holding that witness's correspondence did not demonstrate authority to act

4   and make decisions on employer's behalf, only that she was a contact person and thus

5   not a managing agent).

6   **B.   Makoto Kimijima**

7   Like Ms. Jitsumori, Mr. Kimijima does not hold any managerial positions or

8   responsibilities at TMC, serves in a "staff" role, and does not supervise any TMC

9   employees. (*See* Declaration of Makoto Kimijima ("Kimijima Decl."), Docket #2188-

10  2, at ¶ 4, 5, 8.)  Though his title is "Project Manager," the position does not provide

11  any general corporate authority, discretion, or power to act on TMC's behalf or to

12  make decisions regarding matters pertinent to the operation and management of TMC.

13  (*See* Kimijima Decl. at ¶ 8).  He reports to a Group Manager, who in turn reports to a

14  Project General Manager.  (*Id.* at ¶ 4).



TOYOTA DEFENDANTS' REDACTED SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA
ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES]

1

2        ████████████████████ Plaintiffs have again not met their burden that Mr. Kimijima is a

3    managing agent for the purposes of compelling his deposition in the U.S.

4        **C.    Koji Sakakibara**

5        It is uncontroverted that Mr. Sakakibara is not presently a managing agent

6    within TMC. To the contrary, Mr. Sakakibara is currently employed as a manager in

7    Body Design Group, Vehicle Design Department, Research and Development Center

8    for Toyota Motor Kyushu, Inc. (See Declaration of Koji Sakakibara ("Sakakibara

9    Decl."), Docket #2188-6, at ¶ 1.) Plaintiffs do not contend that this position is

10   sufficiently senior that they should be allowed to force him to travel to the U.S. for a

11   deposition. ████████████████████

12   ████████████████████

13   ████████ During that time, he was responsible for receiving and distributing reports

14   containing field information from Toyota Motor Sales, U.S.A, Inc. to engineering

15   divisions at TMC. (Sakakibara Decl. at ¶ 10) However, Mr. Sakakibara did not have

16   any general corporate discretion, authority, or power to act on TMC's behalf during

17   that time, as decisions regarding issues pertinent to the CQE Division were generally

18   reviewed by the General Managers of various departments within that division, and

19   not Mr. Sakakibara. (Id.) Thus, he is not a managing agent for the purposes of this

20   litigation currently, and he was not a managing agent during the period cited by

21   Plaintiffs.

22   ████████████████████

23   ████████████████████

24   ████████████████████

25   ████████████████████

26   ████████████████████

27   ████████████████████

28

Thus, while Toyota would contend that Plaintiffs have not established that Mr. Sakakibara would be classified as a managing agent in his old position, that issue is not really before the Special Masters. *See Hynix Semiconductor Inc. v. Rambus Inc.*, CV-00-20905 RMW, 2008 WL 350643, at *2 (N.D. Cal. Feb. 2, 2008) ("point in time for determining whether a deponent falls within the "managing agent" exception is the time of the deposition."); *In re Honda American Motor Co., Inc. Dealership Relations Litigation, 168 F.R.D. 535, 542 (1996)*168 F.R.D. at 542 (finding that former company president was not a managing agent at the time of the proposed deposition and thus could not be compelled to attend the noticed deposition in the U.S.). At this time, there is nothing to suggest that he is a managing agent for TMC.

**D.    Kazutoshi Kunishima**

As an initial matter, Plaintiffs submission of their translations of several Japanese documents last night does not provide Toyota time to review their accuracy. Notwithstanding this fact, Plaintiffs have nonetheless failed to establish that Mr.

---

[10] In fact, one of Mr. Sakakibara's supervisors during this period, Vice President Mr. Keiichi Fukushima, has been specifically noticed for deposition by Plaintiffs. (*See* Sakakibara Decl. at ¶ 11.) Plaintiffs have other options to explore the issues they seek without forcing Mr. Sakakibara to travel to the U.S.

TOYOTA DEFENDANTS' REDACTED SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES]

1   Kunishima is a managing agent that may be compelled to attend his deposition in the

2   U.S.  Even a cursory reading of these materials shows that the comments attributed to

3   Mr. Kunishima by Plaintiffs at the hearing are not his comments.

13   Plaintiffs have offered no proof to

14   establish that Mr. Kunishima's present responsibilities are in any way related to this

15   litigation.

19   Thus, he

20   should not be compelled to attend a deposition in the U.S.  *See Hynix Semiconductor*

21   *Inc. v. Rambus Inc.*, CV-00-20905 RMW, 2008 WL 350643, at *2; *In re Honda*

22   *American Motor Co.*, 168 F.R.D. at 542.

23   As shown above, these submitted documents do not provide sufficient basis for

24   anyone to conclude that these individuals should be considered as a "managing agent"

25   under the case law previously discussed.

27   The issue before the Court is not the knowledge of a witness on a

28

TOYOTA DEFENDANTS' REDACTED SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA
ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES]

particular topic, or even the authority of the individual in a specific area, but the function of that person within the entire organization.  For example an associate in a law firm is often very knowledgeable about specific issues in a case or an argument and can send emails to the partner about what arguments the partner should make, but that doesn't make the associate a partner.  Indeed, every person in a company is king of a certain domain but that does not make them king of the company or managing agents.

This is not a close case.  There is no need for instant replay, tie goes to the runner, or any other sports euphemism that the Plaintiffs wish to toss out.  The Plaintiffs have clearly not presented evidence beyond mere speculation and their conjecture that any of these people rise to the level to be classified as a managing agent, particularly in face of the clear statements to the contrary by the individuals themselves.  This is simply not the situation where the Court should allow the Plaintiffs to force these people to be deposed in the U.S. just so the Plaintiffs can see if they can prove they are managing agents once they get here.

## IV.   CONCLUSION

Plaintiffs chose to sue a Japanese based company when they joined TMC in this action.  TMC did not initiate this lawsuit or choose this forum.  From the inception of this case Plaintiffs have claimed that they have the skill set and ability to pursue TMC and take all the depositions in Japan that they claim to need.  Now, even though Toyota has repeatedly compromised on the vast number of TMC deponents and has not insisted that they all be done in Japan, Plaintiffs do an about face, ignore efforts of

1 comity, and seek to compel Toyota to produce any individual that Plaintiffs notice in

2 the United States.  With all due respect, the small burden on Plaintiffs to spend a few

3 more days in a hotel in Japan is nothing compared to the impact of trampling on the

4 rights of these citizens of Japan and the burden, inconvenience and expense of forcing

5 these people to travel across the world to be deposed in California.  There is no real

6 dispute that these depositions cannot occur in Japan and Toyota has offered solutions

7 to the Plaintiffs' counsel to try to accommodate their apparent inability to locate

8 consulate space for these depositions that complies with Japanese law.[11]   For all these

9 reasons, and based on the authority and arguments previously provided to the Special

10 Masers, Toyota respectfully requests that the Court deny Plaintiffs' motion to compel

11 the depositions of these four individuals in the United States.

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22

23

24 [11] Plaintiffs spent a lot of time citing the time differential between California and
Japan.  If the time differential was a critical factor in deciding whether an individual
25 should be hauled to California for a deposition then none of the cases would have ever
allowed depositions in Japan, Europe or even on the East Coast of the United States.
26 Federal courts routinely respect the comity of foreign jurisdictions and order
depositions in other parts of the globe and deal with any issues that the time
27 differences may cause.  Similarly, the Parties can deal with any issues that the time
differential may cause in this case.
28

TOYOTA DEFENDANTS' REDACTED SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA
ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES]

Dated: February 9, 2012

By: _____/s/_____
                    Lisa Gilford

CARI K. DAWSON
LISA GILFORD
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: cari.dawson@alston.com
Email: lisa.gilford@alston.com

DOUGLAS R. YOUNG
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Email: dyoung@fbm.com

THOMAS J. NOLAN
STEPHEN C. ROBINSON
**SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP**
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
Email: thomas.nolan@skadden.com
Email: stephen.robinson@skadden.com

***Co-Lead Defense Counsel for Economic Loss Cases***

VINCENT GALVIN, JR.
JOEL SMITH
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845
Email:
   vincent.galvinjr@bowmanandbrooke.com
Email: joel.smith@bowmanandbrooke.com

***Lead Defense Counsel for Personal Injury/Wrongful
Death Cases***

14
TOYOTA DEFENDANTS' REDACTED SUPPLEMENTAL RESPONSE BRIEF RE DEPOSITIONS OF TOYOTA
ENTITIES AND THEIR EMPLOYEES [FRCP 30(b)(6), 30(b)(1) AND SPECIFICALLY NAMED EMPLOYEES]