| | |
|---|---|
| STEVE W. BERMAN (WA SBN 12536) **HAGENS BERMAN SOBOL SHAPIRO LLP** 1918 Eighth Avenue, Suite 3300 Seattle, WA 98101 Telephone: (206) 268-9320 Facsimile: (206) 623-0594 Email: steve@hbsslaw.com | CARI K. DAWSON (GA SBN 213490) LISA GILFORD (CA SBN 171641) **ALSTON + BIRD LLP** 333 South Hope Street, 16th Floor Los Angeles, CA 90071 Telephone: (213) 576-1000 Facsimile: (213) 576-1100 Email: cari.dawson@alston.com Email: lisa.gilford@alston.com |
| MARC M. SELTZER (CA SBN 054534) **SUSMAN GODFREY L.L.P.** 1901 Avenue of the Stars, Suite 950 Los Angeles, CA 90067 Telephone: (310) 789-3102 Facsimile: (310) 789-3006 Email: mseltzer@susmangodfrey.com | DOUGLAS R. YOUNG (CA SBN 73248) C. BRANDON WISOFF (CA SBN 121930) **FARELLA BRAUN + MARTEL LLP** 235 Montgomery Street, 30th Floor San Francisco, CA 94104 Telephone: (415) 954-4400 Facsimile: (415) 954-4480 Email: dyoung@fbm.com Email: bwisoff@fbm.com |
| FRANK M. PITRE (CA SBN 100077) **COTCHETT, PITRE & MCCARTHY** 840 Malcolm Road, Suite 200 Burlingame, CA 94010 Telephone: (650) 697-6000 Facsimile: (650) 697-0577 Email: fpitre@cpmlegal.com *Co-Lead Plaintiffs' Counsel for Economic Loss Cases* | THOMAS J. NOLAN (CA SBN 66992) STEPHEN C. ROBINSON (NY SBN 2150647) **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** 300 South Grand Avenue Los Angeles, CA 90071-3144 Telephone: (213) 687-5000 Facsimile: (213) 687-5600 Email: thomas.nolan@skadden.com Email: stephen.robinson@skadden.com *Co-Lead Defense Counsel for Economic Loss Cases* |
| ELIZABETH J. CABRASER (CA SBN 083151) **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** 275 Battery Street, Suite 3000 San Francisco, CA 94111 Telephone: (415) 956-1000 Facsimile: (415) 956-1008 Email: ecabraser@lchb.com | VINCENT GALVIN, JR. (CA SBN 104448) JOEL SMITH (SC SBN 5266) **BOWMAN AND BROOKE** 1741 Technology Drive, Suite 200 San Jose, CA 95110 Telephone: (408) 279-5393 Facsimile: (408) 279-5845 Email: vincent.galvinjr@bowmanandbrooke.com Email: joel.smith@bowmanandbrooke.com |
| MARK P. ROBINSON, JR. (CA SBN 54426) **ROBINSON, CALCAGNIE & ROBINSON INC.** 19 Corporate Plaza Newport Beach, CA 92660 Telephone: (949) 720-1288 Facsimile: (949) 720-1292 Email: beachlawyer51@hotmail.com *Co-Lead Plaintiffs' Counsel for Personal Injury/Wrongful Death Cases* | *Lead Defense Counsel for Personal Injury/Wrongful Death Cases* |

1
[PROPOSED] STIPULATED ADDENDUM TO FIRST AMENDED
PROTECTIVE ORDER TO FACILITATE NHTSA PRODUCTION

LEGAL02/33291731v2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | Case No.: 8:10ML2151 JVS (FMOx)<br><br>**STIPULATED ADDENDUM TO FIRST AMENDED PROTECTIVE ORDER TO FACILITATE NHTSA PRODUCTION** |

  This is an action in which the Plaintiffs in the putative multi-district, class-action litigation, *In re Toyota Motor Corporation Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation,* Civil Action No. 10-ML-2151-NS (FM0x) (C.D. Cal.) ("the Litigation") have served a subpoena on third-party the National Highway Traffic Safety Administration ("NHTSA"), an operating component of the U.S. Department of Transportation ("DOT") (the "subpoena"). A copy of the subpoena is attached hereto as Exhibit "1."

  Counsel for the Plaintiffs and counsel for NHTSA have been engaging, and continue to engage, in a good faith meet-and-confer process to attempt to narrow the scope of the subpoena and resolve any disagreements between them. It is apparent, however, that the subpoena calls for NHTSA to produce information that should be protected from public disclosures, including, but not limited to, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, trade secrets as contemplated by Federal Rule of Civil Procedure 26(c)(1)(G), 49 U.S.C. § 30167, Exemption Four of the Freedom of Information Act, 5 U.S.C. § 552(b)(4), and/or the Trade Secrets Act, 18 U.S.C. § 1905, and other non-disclosure statutes or common law exemptions that protect from release personal privacy, trade secret, or deliberative information (collectively "Confidential Material").

NHTSA and the Parties wish to facilitate the production by and receipt of information from NHTSA pursuant to Plaintiffs' subpoena by stipulating to this Addendum to the existing First Amended Protective Order for the protection of Confidential and Highly Confidential Materials (as defined therein), dated January 19, 2011 in the Litigation (the "First Amended Protective Order"). By stipulating to this Addendum to the First Amended Protective Order, however, NHTSA in no way accedes to the jurisdiction of the U.S. District Court for the Central District of California for purposes of this subpoena and the Parties agree that the only proper venue for any action related to the subpoena of NHTSA is the issuing Court, namely, the U.S. District Court for the District of Columbia.

In order to permit the parties to have access to and use Confidential Material, as justified, for purposes of the Litigation without undermining or waiving the legitimate privacy concerns and without disclosing Confidential Material (as defined herein), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. "Confidential Material" as used herein means information the disclosure of which to or by the receiving party would, in the good faith belief of NHTSA, result in the disclosure of one or more of the following categories of information: (i) proprietary, financial, technical, trade secret, or commercially sensitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G); (ii) information kept in a United States system of records that is subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; (iii) information entitled to confidentiality protection under Exemption Four of the Freedom of Information Act, 5 U.S.C. § 552(a)(4) or 49 C.F.R. Part 512; (iv) information that NHTSA is otherwise prohibited or restricted from releasing publicly pursuant to applicable statutes, regulations, or directives; (v) information protected under other non-disclosure statutes or common law exemptions that protect from release personal privacy, trade secret, or deliberative information;

1   and (vi) any other personal privacy information that may be protected from disclosure

2   by law. Subject to the provisions of Paragraph 10 below, information produced will be

3   deemed Confidential Material when so designated in the manner described in

4   Paragraph 5 below.

5         2.     Notwithstanding the provisions set forth herein, which are intended to

6   address the specific concerns and statutory requirements relevant to NHTSA regarding

7   production of its Confidential Material, the Parties to the Litigation do not wish to

8   lessen or undermine the existing protections for production and receipt of the

9   confidential and highly confidential information of the Parties as set forth in the

10  existing First Amended Protective Order.  The Parties have therefore agreed that, with

11  respect to information produced and designated as "NHTSA CONFIDENTIAL" or

12  "Subject to NHTSA Protective Order" by NHTSA pursuant to Paragraph 5 below, all

13  such information will be treated and maintained by the Parties as HIGHLY

14  CONFIDENTIAL under all applicable terms of the First Amended Protective Order

15  pending further review and agreement by the Parties and NHTSA.

16        3.     Similarly, notwithstanding the provisions set forth herein, the Parties to

17  the Litigation do not wish to lessen or undermine the existing protections for

18  production and receipt of Toyota's source code and source code related material as

19  defined and as set forth in the existing First Amended Protective Order Governing the

20  Exchange and Handling of Source Code and Source Code Related Material dated

21  November 23, 2011 (the "Source Code Protective Order").  Accordingly, this Order

22  shall not apply to Toyota source code and source code related material, or similar

23  highly sensitive materials requiring special protection, the production and protection

24  of which, to the extent implicated by NHTSA's response to Plaintiffs' subpoena, shall

25  be subject to further review and agreement by NHTSA and the Parties prior to

26  production of any said source code or source code related material.

27

28

4. By this Protective Order, counsel for NHTSA is hereby authorized, pursuant to 5 U.S.C. § 552a (b) (11) and consistent with 28 C.F.R. § 16.23, to release information otherwise protected by the Privacy Act, 5 U.S.C. § 552a, provided that the release of such information is reasonably related to the conduct of this Litigation. Without limiting the generality of the foregoing, counsel for NHTSA may release to counsel for Plaintiffs information covered by the Privacy Act whether such release is pursuant to discovery or otherwise, for use only in the Litigation.

5. The designation of Confidential Material may be made by NHTSA by placing or affixing prominently on produced documents containing Confidential Material the word "NHTSA CONFIDENTIAL," or "Subject to NHTSA Protective Order," indicating the confidential nature of the documents. Stamping the words "NHTSA CONFIDENTIAL," or "Subject to NHTSA Protective Order," on the cover of any multi-page document will designate all pages of the document as Confidential Material, unless otherwise indicated by NHTSA. Any electronically stored information, including electronically stored information produced in native file format, may be designated Confidential Material by affixing a label on the disk or other medium consistent with the above. Any summary, extract, paraphrase, quotation, restatement, compilation, notes, or copy containing Confidential Material, or any electronic image or database containing Confidential Material, will be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, copy, electronic image, or database is derived.

6. When designating information as protected hereunder, NHTSA represents thereby that it has done so in good faith and pursuant to a bona fide belief that such information is deserving of protection. Counsel and parties are referred to U.S. District Court for the District of Columbia Local Civil Rule 5.4(f) and that court's "Notice Regarding Privacy and Public Access to Electronic Civil Case Files,"

dated September 2004 [available at http://www.dcd.uscourts.gov/dcd/civil _privacy notice], for typical examples of material deserving "protected" status.

7. Testimony regarding Confidential Material taken at a deposition,[1] conference, hearing or trial may be designated as Confidential Material by counsel by making a statement to that effect on the record at the deposition or proceeding or in writing no later than 30 days after receipt of the final transcript of the proceeding. Other provisions for the handling of Confidential Material in depositions shall be governed by Paragraph 6(b) of the First Amended Protective Order. Any filing of Confidential Material shall be made in accordance with Paragraph 19 of the First Amended Protective Order. Arrangements must be made with the Court for treatment of any Confidential Material revealed at judicial proceedings taking place in court. Arrangements must also be made with the court reporter taking and transcribing such proceeding to separately bind, or otherwise segregate, such portions of the transcripts containing Confidential Material, and to label such portions appropriately. Persons other than persons authorized to receive access to Confidential Material will be excluded from attendance during portions of depositions in this matter at which such Confidential Material is shown or discussed.[2]

8. All counsel of record receiving copies of documents, transcripts, responses to written questions, or any other material or information designated as Confidential Material must maintain such Confidential Material in their possession in a manner sufficient to protect such material against unauthorized disclosure. This Order applies to all vendors, including without limitation, any copy service or

---

[1] The parties to the Litigation agree to provide notice to NHTSA of any deposition in which Confidential Material might be used or referenced to allow NHTSA the opportunity to designate portions of the transcript "NHTSA Confidential."

[2] This paragraph and its provisions in no way, however, create any assumption, inference, or obligation that any NHTSA employee or former employee has been authorized to provide testimony in the Litigation. *See United States Ex. Rel. Touhy v. Ragen,* 340 U.S. 462 (1950); 49 C.F.R. §§ 9.11, 9.13.

document storage companies. It is the responsibility of counsel of record to take reasonable steps to ensure that all of its vendors comply with this Order.

9. Confidential Material will be used solely for the purpose of conducting the Litigation and not for any business or other purpose whatsoever by any person having access to such material. Further, any disclosure of Confidential Material by NHTSA in the Litigation does not constitute a public disclosure of the information and does not waive or otherwise affect the rights, objections, or defenses of NHTSA and/or of the owners or submitter(s) of the information in any other matter or proceeding, including, but not limited to, 5 U.S.C. § 552, *et seq.*

10. Confidential Material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

    a. Confidential Material may be used only for purposes of the Litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than:

        i. Plaintiffs and counsel for Plaintiffs, such counsel's firm and its employees, and outside consultants and experts retained by Plaintiffs to assist such counsel specifically for purposes of this Litigation;

        ii. Defendant and counsel for Defendant, such counsel's firm and its employees, and outside consultants and experts retained by Defendant to assist such counsel specifically for purposes of this litigation;

        iii. counsel for NHTSA and other employees of the United States government who have a need to know the Confidential Material for purposes of this Litigation;

        iv.    witnesses and potential witnesses in this case whom counsel in good faith determine have a need to know the Confidential Material;

        v.    the person whose privacy interests are meant to be protected with respect to any particular document;

        vi.    court reporters who record and/or transcribe proceedings in this case; and

        vii.    the Court and its Clerk and other support personnel; and

        viii.    "Sharing Attorneys" as defined and set forth in Paragraph 13 of the First Amended Protective Order.

b.    It shall be the responsibility of counsel to bring this Order to the attention of all persons within their respective firms, all outside consultants and experts, and any other persons to whom they disclose protected information pursuant to the terms hereof, and to use their best efforts to insure that all such persons comply with this order.

c.    The filing of materials containing Confidential Material shall conform with the provisions for filing Confidential Material or Highly Confidential Material set forth in Paragraph 19 of the First Amended Protective Order.

d.    All material containing Confidential Material shall be clearly labeled as such and shall be returned to the party who originally produced the information or destroyed at the conclusion of the Litigation (including any and all appeals).

e.    Counsel shall not reveal Confidential Material in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to Confidential Material in any

        oral proceeding, counsel shall notify the Court, NHTSA, and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of Confidential Material as a consequence of such oral proceedings to persons other than those authorized by this Order.

        f.    The use of Confidential Material to contact, solicit, or otherwise communicate, orally or in writing, with a person is prohibited.

11. Counsel shall promptly report any breach of the provisions of this Order to the Court and counsel for NHTSA and, where applicable, the party who originally produced the Confidential Material that was improperly divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any Confidential Material that may have been disclosed to persons not covered by this Order. Counsel shall also cooperate fully in any investigation of such breach. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

12. By providing any document or other information in its possession, NHTSA does not waive any privileges, objections, or protection otherwise afforded to it by law or equity. All counsel shall promptly return to NHTSA any material that NHTSA identifies as privileged material that has inadvertently been produced in this action.

13. By agreeing to this Order, the parties do not waive any argument that a privileged or protected document, as contemplated in Fed. R. Civ. P. 45, should not be produced, in whole or in part. Similarly, the U.S. Government does not waive any claim or argument that the subpoena is unduly burdensome, as contemplated in Fed. R. Civ. P. 45.

14. Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

15. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by written agreement among each of the Parties to the Litigation and NHTSA or by an Order of the Court.

16. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

17. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

18. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

IT IS SO ORDERED.

Dated: May 10, 2012         _____
                             James V. Selna
                             United States District Judge

///
///
///
///
///
///
///
///

Dated: May 9, 2012

Respectfully submitted,

By: _____/s/_____
Steve W. Berman

STEVE W. BERMAN
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

MARC M. SELTZER
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3102
Facsimile: (310) 789-3006
Email: mseltzer@susmangodfrey.com

FRANK M. PITRE
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: fpitre@cpmlegal.com

*Co-Lead Plaintiffs' Counsel for Economic Loss Cases*

ELIZABETH J. CABRASER
**LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP**
275 Battery Street, Suite 3000
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: ecabraser@lchb.com

MARK P. ROBINSON, JR.
**ROBINSON, CALCAGNIE & ROBINSON INC.**
19 Corporate Plaza
Newport Beach, CA 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292
Email: beachlawyer51@hotmail.com

*Co-Lead Plaintiffs' Counsel for Personal Injury/Wrongful Death Cases*

1 | Dated: May 9, 2012

2 | By: _____/s/_____
Cari K. Dawson

CARI K. DAWSON
LISA GILFORD
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: cari.dawson@alston.com
Email: lisa.gilford@alston.com

DOUGLAS R. YOUNG
C. BRANDON WISOFF
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Email: dyoung@fbm.com
Email: bwisoffW@fbm.com

THOMAS J. NOLAN
STEPHEN C. ROBINSON
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
Email: thomas.nolan@skadden.com
Email: stephen.robinson@skadden.com

*Co-Lead Defense Counsel for Economic Loss Cases*

VINCENT GALVIN, JR.
JOEL SMITH
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: (408) 279-5393
Facsimile: (408) 279-5845
Email: vincent.galvinjr@bowmanandbrooke.com
Email: joel.smith@bowmanandbrooke.com

*Lead Defense Counsel for Personal Injury/Wrongful Death Cases*

| | |
|---|---|
| 1 | Dated: May 9, 2012 |
| 2 | By: _____/s/_____<br>Wynne P. Kelly |

RONALD C. MACHEN, JR.
United States Attorney for the District of Columbia
DANIEL F. VAN HORN
Acting Chief, Civil Division
WYNNE P. KELLY
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
Telephone: (202) 307-2332
Email: wynne.kelly@usdoj.gov

**Attorneys for NHTSA**