CARI K. DAWSON (GA SBN 213490)
LISA GILFORD (CA SBN 171641)
**ALSTON + BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100
Email:  cari.dawson@alston.com
Email:  lisa.gilford@alston.com

DOUGLAS R. YOUNG
(CA SBN 73248)
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:   (415) 954-4480
Email:  dyoung@fbm.com

THOMAS J. NOLAN (CA SBN 66992)
STEPHEN C. ROBINSON
(NY SBN 2150647)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
Email:  thomas.nolan@skadden.com
Email:  stephen.robinson@skadden.com

*Co-Lead Defense Counsel for Economic Loss Cases*

VINCENT GALVIN, JR.
(CA SBN 104448)
JOEL SMITH (SC SBN 5266)
**BOWMAN AND BROOKE**
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone:  (408) 279-5393
Facsimile:   (408) 279-5845
Email:
    vincent.galvinjr@bowmanandbrooke.com
Email: joel.smith@bowmanandbrooke.com

*Lead Defense Counsel for Personal Injury/Wrongful Death Cases*

Sean D. Beatty (CA SBN 155328)
John W. Myers IV (CA SBN 179975)
**BEATTY & MYERS, LLP**
100 West Broadway, West Tower, Suite 500
Long Beach, California  90802
Telephone:  (562) 606-1530
Facsimile:  (562) 268-1141
Email:  sbeatty@beattymyers.com
Email:  jmyers@beattymyers.com

*Attorneys for Defendants Toyota Motor Sales, U.S.A., Inc. and Toyota Motor North America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br>ALL CASES | Case No. 8:10ML02151 JVS (FMOx)<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO REMAND**<br><br>Courtroom:  10C<br>Hon. James V. Selna |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ v

PRELIMINARY STATEMENT ............................................................... 1

BACKGROUND ......................................................................................... 1

ARGUMENT ............................................................................................... 5

I.    This Court Has and Should Retain Jurisdiction over Houlf's Claims ............................................................................................... 5

    A.    The Houlf Action was Timely Removed ................................. 6

    B.    Federal Question Jurisdiction is Measured at the Time of Removal ................................................................................... 7

    C.    Federal Question Jurisdiction Clearly Existed  Under The MMWA When The Action Was Removed ............................... 8

        1.    Plaintiff Pled Two Federal Claims Under The MMWA ........................................................................ 8

        2.    The Court Is Not Bound By Plaintiff's Artful Pleading ....................................................................... 9

        3.    Plaintiff's Attempts To Strip This Court Of Jurisdiction Fail ........................................................ 10

II.    This Court Has Supplemental Jurisdiction Over Plaintiff's Claims ... 13

    A.    Plaintiff's Claims Arise from A Common Nucleus of Operative Fact and Should Be Tried in One Proceeding ......... 13

    B.    This Court Can And Should Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims ....................... 14

        1.    This Case Does Not Involve Issues That Are Any More Complex Than Those Currently Under Consideration ............................................................. 15

        2.    The State Law Claims Do Not Substantially Predominate Over Any Federal Claims ......................... 16

        3.    Despite Plaintiff's Apparent Decision to Try To Dismiss His  Federal Claim, Considerations of Economy, Convenience, Fairness and Comity Favor Retaining Jurisdiction ................................................. 17

        4.    This Case Does Not Present "Compelling Reasons" To Decline Supplemental Jurisdiction ......................... 22

CONCLUSION ......................................................................................... 24

# TABLE OF AUTHORITIES

## CASES

PAGE(S):

*Bahrampour v. Lampert*,
356 F.3d 969 (9th Cir. 2004)......................................................................13, 18

*Bavand v. OneWest Bank FSB*,
No. C12–0254JLR, 2012 WL 1884668 (W.D. Wash. May 22, 2012) ........17, 20

*Borough of West Mifflin v. Lancaster*,
45 F.3d 780 (3d Cir. 1995)........................................................................17

*Braswell Wood Co., Inc. v. Waste Away Group*,
No. 2:09–CV–891–WKW [WO], 2011 WL 2292311 (M.D. Ala. June 9,
2011) ............................................................................................................22

*Byrd v. Aetna Life Insurance Co.*,
No. CV-05-2469-PHX-SMM, 2006 WL 2228829 (D. Ariz. Aug. 1, 2006)......19

*California Department of Water Resources v. Powerex Corp.*,
533 F.3d 1087 (9th Cir. 2008) ...................................................................15

*Campbell v. Aerospace Corp.*,
123 F.3d 1308 (9th Cir. 1997) ...................................................................11

*Capoccia v. Boone*,
No. 1:07-CV-12, 2007 WL 1655348 (D. Vt. June 5, 2007) ......................16, 19

*Carlsbad Technologies, Inc. v. HIF Bio, Inc.*,
556 U.S. 635 (2009)..................................................................................18

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987)..................................................................................12

*City of Chicago v. International College of Surgeons*,
522 U.S. 156 (1997)..............................................................................7, 13, 18

*Destfino v. Reiswig*,
630 F.3d 15 (9th Cir. 2011).......................................................................6

*Doddy v. Oxy USA, Inc.*,
101 F.3d 448 (5th Cir. 1996).....................................................................21

*Ethridge v. Harbor House Restaurant*,
861 F.2d 1389 (9th Cir. 1988)...................................................................10

*Executive Software North America, Inc. v. U.S. District Court for Central
District of California*,
24 F.3d 1545 (9th Cir. 1994)...............................................................15, 23

*In re Ford Motor Co. Ignition Switch Products Liability Litigation*,
19 F. Supp. 2d 263 (D.N.J. 1998)............................................................20, 21

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*,
545 U.S. 308 (2005)..................................................................................7

*Gray v. Mazda Motor of America, Inc.*,
   No. SACV 08-279 JVS (ANx), 2008 WL 5553158 (C.D. Cal. Dec. 22, 2008) ..................................................................................15

*Hansen v. California Department of Corrections*,
   920 F. Supp. 1480 (N.D. Cal. 1996)...........................................19

*Harrell v. 20th Century Insurance Co.*,
   934 F.2d 203 (9th Cir. 1991) ....................................................18

*Hovland v. Gardella*,
   No. CV 06-50-M-JCL, 2006 WL 2662165 (D. Mont. Sept. 15, 2006) .............11

*Hunt Skansie Land, LLC v. City of Gig Harbor*,
   No. C10-5027RBL, 2010 WL 2650502 (W.D. Wash. July 1, 2010)................19

*International Union of Operating Engineers v. County of Plumas*,
   559 F.3d 1041 (9th Cir. 2009)....................................................11

*Justo v. Indymac Bancorp*,
   No. SACV 09-1116 JVS (AGRx), 2010 WL 623715 (C.D. Cal. Feb. 19, 2010) ..................................................................................15

*Lew v. U.S. Bank National Ass'n*,
   No. C 11–04546 RS, 2011 WL 5368847 (N.D. Cal. Nov. 7, 2011)...........11, 15

*In re Long Distance Telecommunications Litigation*,
   598 F. Supp. 951 (E.D. Mich. 1984) ........................................16, 21

*Martinez v. Shaw*,
   No. 1:03-cv-05125-OWW-SMS-PC, 2008 WL 345885 (E.D. Cal. Feb. 7, 2008) ..................................................................................10

*Merrell Dow Pharmaceuticals Inc. v. Thompson*,
   478 U.S. 804 (1986).................................................................12

*Mims v. Arrow Financial Services, LLC*,
   132 S. Ct. 740 (2012) ................................................................7

*Nat'l Credit Reporing Ass'n, Inc. v. Experian Info. Solutions, Inc.*,
   2004 WL 1888769 (N.D. Cal. July 21, 2004)...............................11, 12

*Neville v. Western Recreational Vehicles, Inc.*,
   No. C-07-3757 MMC, 2007 WL 4197414 (N.D. Cal. Nov. 21, 2007)...............8

*Paige v. Henry Kaiser Co.*,
   826 F.2d 857 (9th Cir. 1987).......................................................9

*Pantazis v. Fior D'Italia, Inc.*,
   No. C 94–1094–FMS, 1994 WL 519469 (N.D. Cal. Sept. 20, 1994)...............22

*Phillips v. International Union of Operating Engineers, AFL-CIO*,
   No. C–96–0363–VRW, 1996 WL 478689 (N.D. Cal. Aug. 7, 1996)...............11

*In re Portfolio Recovery Associates, LLC, Telegraph Consumer Protection Act Litigation*,
   No. 10cv2658 JAH(BGS), 2012 WL 1899798 (S.D. Cal. May 24, 2012) ........16

*Provincial Government of Marinduque v. Placer Dome, Inc.*,
   582 F.3d 1083 (9th Cir. 2009), *cert. denied,* 131 S. Ct. 65 (2010)...................12

*Richardson v. Advanced Cardiovascular System, Inc.*,
   865 F. Supp. 1210 (E.D. La. 1994) ................................................................19

*Romo v. FFG Insurance Co.*,
   397 F. Supp. 2d 1237 (C.D. Cal. 2005) ...........................................................8

*Russell v. BAC Home Loans Servicing, LP*,
   No. 11–00277 DAE–KSC, 2011 WL 3861526 (D. Haw. Aug. 10, 2011).........16

*S. C. v. Harper-Hutzel Hospital*,
   No. 06-15222, 2007 WL 674924 (E.D. Mich. Mar. 1, 2007)...........................21

*Santiago v. Keyes*,
   No. 11–30248–KPN, 2012 WL 833167 (D. Mass. Mar. 8, 2012)....................17

*Satey v. JPMorgan Chase & Co.*,
   521 F.3d 1087 (9th Cir. 2008)........................................................................15

*Savage v. Glendale Union High School, District No. 205, Maricopa County*,
   343 F.3d 1036 (9th Cir. 2003)........................................................................13

*Schmidt v. County of Nevada*,
   No. 2:10-CV-03022 FCD/EFB, 2011 WL 445836 (E.D. Cal. Feb. 8, 2011).....20

*Sea-Land Services, Inc. v. Atlantic Pacific International, Inc.*,
   61 F. Supp. 2d 1092 (D. Haw. 1999)...............................................................21

*Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*,
   159 F.3d 1209 (9th Cir. 1998)..........................................................................8

*Spencer v. U.S. District Court for Northern District of California*,
   393 F.3d 867 (9th Cir. 2004)............................................................................7

*Strotek Corp. v. Air Transport Association of America*,
   300 F.3d 1129 (9th Cir. 2002)..........................................................................7

*Suter v. University of Texas at San Antonio*,
   No. SA-10-CA-692-OG, 2010 WL 4690717 (W.D. Tex. Nov. 1, 2010) ..........17

*Target Strike, Inc. v. Marston & Marston, Inc.*,
   No. SA–10–CV–0188–OLG (NN), 2011 WL 2618609 (W.D. Tex. June 30, 2011) ............................................................................................................19, 22

*Trustees of the Construction Industrial & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*,
   333 F.3d 923 (9th Cir. 2003).........................................................................13

*United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Services Workers v. Shell Oil Co.,*
    602 F.3d 1087 (9th Cir. 2010)...................................................................7

*Vaden v. Discover Bank,*
    556 U.S. 49 (2009)..................................................................................12

*West Virgina ex rel. McGraw v. Eli Lilly & Co.,*
    No. 06-CV-5826, 2008 WL 4449655 (E.D.N.Y. Sept. 30, 2008) ...................20

*Watison v. Carter,*
    668 F.3d 1108 (9th Cir. 2012)...............................................................14

*Wisconsin Department of Corrections v. Schacht,*
    524 U.S. 381 (1998)..................................................................................8

*Yau v. Duetsche Bank National Trust Co. Americas,*
    No. SACV 11–00006–JVS(RNBx), 2011 WL 5402393 (C.D. Cal. Nov. 8, 2011) .........................................................................................................15

**STATUTES**

28 U.S.C. § 1331....................................................................................................7

28 U.S.C. § 1367.................................................................................13, 14, 18

28 U.S.C. § 1441(a).............................................................................................6

28 U.S.C. § 1446(b)............................................................................................6

Cal. Bus. & Prof. Code §§ 17200 et seq. ..........................................................2

Cal. Civ. Code §§ 1750 et seq...........................................................................2

Cal. Com. Code § 2103 ......................................................................................9

Cal. Com. Code § 2104 ......................................................................................9

Fed. R. Civ. P. 15...............................................................................................10

OPPOSITION TO MOTION TO REMAND

**PRELIMINARY STATEMENT**

Plaintiff's remand motion (ECF No. 2647) does not and cannot show that remand is appropriate here, because this Court plainly has and should retain jurisdiction over this action.  Two of Plaintiff's causes of action are asserted "under" a federal statute  –  the Magnuson-Moss Warranty Act – and Plaintiff's Amended Complaint essentially mirrors the operative class complaint in the MDL, asserting claims that are *identical* to economic loss state law claims already before this Court. Having created federal jurisdiction, Plaintiff now wishes to remove it by offering to strike all "references" to the federal law.  But it is too late, jurisdiction is measured *at the time of removal* and after-the-fact efforts to strip the Court of that jurisdiction fail.

Plaintiff's desire to return to state court is borne of the fact that he is hoping to have his case – with claims that mirror the claims here – tried in advance of any trial in this Court.  Plaintiff ignores that this Court can – and should – exercise its supplemental jurisdiction over this Action. This Court will consider the same evidence and hear from the same witnesses, and is well familiar with the complex legal and factual issues that arise in this matter.  Moreover, retaining jurisdiction over this case will insure that this Court's carefully crafted trial schedule will not be undermined by a potentially competing trial in state court.  Consequently, concerns of economy, convenience, fairness, and comity are best served if this Court retains this Action to be decided with the other economic loss actions.

Plaintiff's motion to remand, therefore, should be denied.

**BACKGROUND**

**Commencement of the Action.**  On June 14, 2010, Plaintiff Michael Houlf commenced a civil action in the Superior Court of the State of California, County of Placer, by filing a complaint against Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS").  (Notice of Removal filed in *Houlf v. Toyota Motor N. Am.*, 2:12-cv-04054-JVS-FMO, ECF No. 1, ("Notice of Removal") Ex. A.)  The case was added to Judicial Council Coordination Proceeding ("JCCP") No. 4621 for unintended

acceleration cases on October 5, 2010. (*Id.*, Ex. B.)  As originally pled, the case was a simple lemon law action, with virtually no overlap with the economic loss claims pending before this Court.

Houlf was later given leave to amend and filed his first amended complaint on January 5, 2012.  (*Id.* at Exs. C-D.)  The first amended complaint includes claims that Houlf has suffered damages under the federal Magnuson-Moss Warranty Act ("MMWA").  Specifically, Houlf alleges that "[a]s a result of Toyota's breach of express warranty under California Commercial Code § 2104 and the Magnuson-Moss Act, Chapter 15 U.S.C.A. §§ 2301, et seq., Mr. Houlf [allegedly] has been damaged in the amount of the cost of repairs or replacement, and other damages in an amount to be proven at the time of trial" and also that "[a]s a result of Toyota's breach of its implied warranty of merchantability under Commercial Code § 2103 and the Magnuson-Moss Act, 15 U.S.C.A. §§ 2308, et seq. and California Civil Code § 1790, Mr. Houlf [allegedly] has suffered damages including but not limited to repair and replacement costs, and other damages in an amount to be determined at trial."  (*See* Houlf's First Amended Complaint ("FAC"), Notice of Removal Ex. D ¶¶ 135, 140.)

When Houlf amended his complaint on January 5, 2012, he added new claims that transformed his case from a comparatively simple warranty/lemon law action to the kind of broadly conceived economic loss case with which this Court is already intimately familiar from the MDL's putative class action asserting claims for economic loss (the "Economic Loss Action").  (*See* FAC *passim*.)  In particular, Houlf added counts under (1) Cal. Bus. & Prof. Code §§ 17200 et seq. (the "Unfair Competition Law" or "UCL"), (2) Cal. Civ. Code §§ 1750 et seq. (the "Consumer Legal Remedies Act" or "CLRA"), and (purportedly) both (3) express and (4)

implied warranty claims under California's version of the Uniform Commercial Code ("UCC").[1]  (*Id.* ¶¶ 105-140.)

Each of these claims in *Houlf* is also asserted in the Second Amended Economic Loss Master Consolidated Complaint ("SAELMCC") and now the Third Amended Economic Loss Master Consolidated Complaint ("TAELMCC") in the Economic Loss Action.  (*See* SAELMCC, ECF No. 580, ¶¶ 417-454, 464-489 and TAELMCC, ECF No. 2654, ¶¶ 444-465, 466-481.)  As Houlf alleges no personal injury or wrongful death, his case asserts purely economic loss based on alleged sudden unintended acceleration ("SUA").  (*See* FAC ¶ 5 ("Mr. Houlf now owns a vehicle with [an allegedly] demonstrated and dangerous propensity for SUA.  As a result of Toyota's conduct, Mr. Houlf has lost money or property.")

Simply put, one year after the filing of the SAELMCC in the Economic Loss Action, Houlf amended his run-of-the-mill lemon law individual action to echo nearly every one of the SAELMCC's California claims, raising identical issues of fact and law.  (*Compare* FAC ¶¶ 92-140 *with* SAELMCC ¶¶ 417-54, 464-89, 502-16, 684-709 (asserting claims under CLRA, UCL, express and implied warranties under the California UCC, Magnuson-Moss Act, and Song-Beverly Consumer Warranty Act).)  Indeed, Plaintiff acknowledged as much to this Court already, when he expressly conceded the legal and factual overlap.  (Plaintiff's Notice of Related Cases, filed in *Houlf v. Toyota Motor N. Am.*, 2:12-cv-04054-JVS-FMO, ECF No. 5.)

**Removal of the Action.**  Houlf's FAC also added Toyota Motor North America, Inc. ("TMA") as a defendant for the first time; TMA was first served on April 9, 2012.  (*Id.* at Exs. C & D.)  The Action was removed to this Court on May 9, 2012 and transferred *at Plaintiff's request* as "related to" the MDL case 8:10ML2151-JVS-FMO on May 31, 2012.  (Order dated May 31, 2012 in *Houlf v.*

---

[1] As addressed below, Plaintiff purports to base his fourth and fifth causes of action on provisions of state law that do *not* create a cause of action, and his claims are thus brought solely under federal law.  (*See* Section I.C.1, *infra*.)

1  *Toyota Motor N. Am.*, 2:12-cv-04054-JVS-FMO, ECF No. 8; *see also* Plaintiff's

2  Notice of Related Cases, *Houlf v. Toyota Motor N. Am.*, 2:12-cv-04054-JVS-FMO,

3  ECF No. 5.)

4      **The State Court's Deference to this Court on the Issue of Remand**.  On

5  May 31, 2012 Judge Mohr held a telephonic conference with counsel for the Toyota

6  defendants, plaintiffs' counsel for bellwether cases *Uno*, *Houlf*, *Al Jamal*, and

7  *Dushane*, as well as representatives of the Plaintiffs' Executive Committee,

8  Plaintiffs' Co-Lead Class Counsel, and the Plaintiffs' Steering Committee to address

9  the implications of the addition of a new party in the *Uno* case, slated as the first

10  bellwether, on the bellwether schedule. (Nolan Decl. ¶¶ 2-4; Ex. A.) [2]

11      During the call, Judge Mohr expressed no discomfiture with the removal of

12  the *Houlf* case to this Court, focusing instead on the possibility that the trial date for

13  the *Uno* case might have to move to the Spring of 2013, if necessary, to allow the

14  new defendant in *Uno* to prepare for trial.  (*Id.* ¶ 5.)  When the discussion turned to

15  whether any case pending before Judge Mohr would be trial ready before the Spring

16  of 2013, all of the plaintiffs' counsel – save that of Mr. Houlf – remarked that they

17  anticipated not being trial ready before that time and that it made more sense to have

18  the first federal trial be heard before the state trials began.  (*Id.*)

19      Everyone save counsel for Mr. Houlf thus agreed that the most workable

20  solution to the additional party being added to the *Uno* case and other matters was to

21  keep the JCCP bellwether order ***intact*** (with *Uno* in the first position), but move the

22  *Uno* trial date until ***after*** the *Van Alfen* trial occurs in the MDL.  (*Id.* ¶¶ 4-6.)  Thus,

23  there is a substantial likelihood that, regardless of the posture of *Houlf*, the *Uno*

24  action will remain the lead bellwether case, with a trial date of Spring 2013.  (*Id.* ¶ 5.)

25

26  _____

27  [2] All internal citations, quotation marks, and original alterations are omitted and emphasis is added unless otherwise noted.  All references to "Nolan Decl." herein are to the Declaration of Thomas J. Nolan ISO Opposition to *Ex Parte* Application

28  filed June 5, 2012. (ECF No. 2657-1.)

1   Counsel for Mr. Houlf was the sole voice of dissent, maintaining that his case

2   should replace *Uno* as the first bellwether action, and suggesting to Judge Mohr that

3   he contact this Court about the proper posture for *Houlf* going forward.  (*Id.* ¶ 6.)

4   Judge Mohr indicated he had no intention of doing so and made clear that he

5   expressed no view on the merits of the remand motion and would express no views

6   as that issue was the sole province of the federal courts.  (*Id.*)   Plaintiff's counsel

7   then proposed that he would seek to resolve whether *Houlf* would be remanded to

8   state court prior to a previously schedule June 11, 2012 status conference – Judge

9   Mohr certainly did not "order" resolution by that date.  (*Id.* ¶ 7.)  Indeed, as noted

10  above, Judge Mohr expressed no concern or view on the timing of the remand

11  motion and rebuffed requests by Houlf's counsel to speak to this Court about the

12  remand motion or express any substantive views on the remand motion.  (*Id.* ¶¶ 5-6.)

13  Furthermore, Plaintiff's contention that Judge Mohr "expressed concern that

14  with this action (the second bellwether) currently removed, new bellwether cases

15  would need to be selected" (ECF No. 2647 at 7) is wholly misleading.  Judge Mohr

16  asked the parties to confirm their selections for the *fourth and fifth* bellwethers so

17  that the state court could be prepared *in the event that this case was **not** remanded.*

18  (Nolan Decl. ¶ 8.)  The first bellwethers are already in order; they are: (1) *Uno*, (2)

19  *Al Jamal*, and (3) *Dushane.*  (*Id.*)  If *Houlf* were remanded, it presumably would

20  return to the number two slot, after *Uno.*  (*Id.*)

21  Plaintiff's misrepresentations aside, there is no reason for this Court to give up

22  jurisdiction and remand this case back to state court in order to allow Plaintiff to try

23  to leapfrog ahead of the Economic Loss Action – particularly when no one in the

24  JCCP action thinks such a move makes sense (except for Houlf).

## ARGUMENT

## I.   This Court Has and Should Retain Jurisdiction over Houlf's Claims

27  Despite having nearly a month to write it, Plaintiff's motion to remand

28  contains only three and a half pages of argument, consisting primarily of conclusory

1   and self-serving characterizations of his claims, sprinkled with misrepresentations of

2   the proceedings before Judge Mohr, and a handful of inapposite authority.   None of

3   this facile treatment challenges the obvious: that two of Plaintiff's claims are brought

4   under federal law, and as a result this Court has jurisdiction over his action.

5   **A.   The Houlf Action was Timely Removed**

6   As a preliminary matter, Plaintiff criticizes TMA for the timing of the removal

7   of this Action, suggesting that "it was not until Judge Mohr compelled Toyota to

8   produce critical witnesses and documents . . . that Toyota removed this case[.]"

9   (ECF No. 2647 at 4-5.)  Plaintiff's aspersions are belied by the facts and the law.

10  *First*, the law provides that a party has thirty days from service to remove an

11  action to federal court.  *See* 28 U.S.C. § 1446(b); *Destfino v. Reiswig*, 630 F.3d 15

12  952, 956 (9th Cir. 2011) ("each defendant is entitled to thirty days to exercise his

13  removal rights after being served").  As Plaintiff grudgingly admits, despite first

14  bringing suit in June 2010, Plaintiff didn't serve TMA with the summons and first

15  amended complaint until ***April 9, 2012***, and, after obtaining the consent of its co-

16  defendant TMS, TMA filed its notice of removal on May 9, 2012, within thirty days

17  after being served.  (*See generally* Notice of Removal; ECF No. 2647 at 5-6.)  Thus,

18  the timing of removal is in compliance with the law and not suspect because TMA

19  can hardly be criticized for waiting until it was served to remove an action.

20  *Second*, as Plaintiff well knows yet neglects to mention, virtually all the

21  information he is seeking in discovery has *already* been produced in this MDL action

22  – a factor strongly mitigating *against* remand.

23  *Third*, the documents of Toyota employee Grady Bonds to which Plaintiff

24  refers (the only documents not already produced) will be provided as required by

25  Judge Mohr's orders – orders that are *not* implicated by removal of the *Houlf* case

26  since the information will be produced to *all* state court plaintiffs.  Thus,  contrary to

27  Plaintiff's suggestion, the timely removal of this action was not affected by – and did

28

OPPOSITION TO MOTION TO REMAND

1   not affect – the status of the discovery process before Judge Mohr and imposes no

2   prejudice on Plaintiff's ability to obtain relevant discovery.

3   **B.   Federal Question Jurisdiction is Measured at the Time of Removal**

4   A federal district court has removal jurisdiction over any civil action brought

5   in a state court for which the district court would have had original federal question

6   jurisdiction.   28 U.S.C. § 1441(a).   Federal courts have original federal question

7   jurisdiction over actions "arising under the Constitution, laws, or treaties of the

8   United States."   28 U.S.C. § 1331.   An action "arises under" federal law within the

9   meaning of § 1331 if federal law creates the cause of action and/or grants federal

10  jurisdiction to hear the case.   *See Mims v. Arrow Fin. Svcs., LLC*,  132 S. Ct. 740,

11  748 (2012) ("[T]here is no serious debate that a federally created claim for relief is

12  generally a sufficient condition for federal-question jurisdiction") (citing *Grable &*

13  *Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 317 (2005));

14  *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997) ("By raising several

15  claims that arise under federal law, ICS subjected itself to the possibility that the City

16  would remove the case to the federal courts") (cited by Plaintiff, ECF No. 2647 at

17  10); *California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 838-39 (9th Cir. 2004).

18  "Challenges to removal jurisdiction require an inquiry into the circumstances

19  *at the time the notice of removal is filed*."   *Spencer v. U.S. Dist. Ct. for N. Dist. of*

20  *Cal.*, 393 F.3d 867, 871 (9th Cir. 2004).   "When removal is proper at that time,

21  subsequent events, at least those that do not destroy original subject-matter

22  jurisdiction, do not require remand."   *Id.; see also United Steel, Paper & Forestry,*

23  *Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*,

24  602 F.3d 1087, 1091-92 (9th Cir. 2010) ("the usual and long-standing" rule is that

25  "post-filing developments do not defeat jurisdiction if jurisdiction was properly

26  invoked as of the time of filing"); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300

27  F.3d 1129, 1131-32 (9th Cir. 2002) ("[W]e start with the core principle of federal

28  removal jurisdiction on the basis of diversity-namely, that it is determined (and must

7

exist) as of the time the complaint is filed and removal is effected….   Once jurisdiction attaches, a party cannot thereafter, by its own change of citizenship, destroy diversity."); *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments….   Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."); *accord Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 390 (1998) ("for purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court-prior to the time the defendants filed their answer in federal court").

Here, at the time of removal on May 9th, the Amended Complaint alleged two separate causes of action created by federal statute – the MMWA – and thus jurisdiction properly resides in this Court.   (FAC ¶¶ 135, 140.)   Houlf has not dismissed those claims.  Furthermore, this Court can and should retain jurisdiction of this Action even if Houlf dismisses his MMWA claims because of its similarities to and overlap with the actions already proceeding before this Court in the MDL.

## C.   Federal Question Jurisdiction Clearly Existed Under The MMWA When The Action Was Removed

### 1.   Plaintiff Pled Two Federal Claims Under The MMWA

The MMWA, a federal statute, provides federal question jurisdiction if a claim is asserted under it. (*See* Notice of Removal; ECF No. 2647 at 3.)   Plaintiff can hardly dispute that the MMWA is a federal statute, and that Plaintiff has sufficiently pled a claim under it.[3]   Plaintiff knowingly stated claims under federal law and vested this Court with federal question jurisdiction. Thus, removal was proper.

---

[3]   Plaintiff seeks to recover triple his $37,568.60 purchase price, which satisfies the MMWA's $50,000 amount-in-controversy requirement. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005); *Neville v. W. Recreational Vehicles, Inc.*, 2007 WL 4197414, at *1-2 (N.D. Cal. Nov. 21, 2007); Notice of Removal Ex. A. ¶ 4 & Ex. D at 34.

1 Plaintiff disingenuously argues that he "does not assert any claims under

2 federal law" because he "merely references the Magnuson-Moss Act with regard to

3 damages." (ECF No. 2647 at 4, 9.) Yet, Plaintiff's self-serving account is belied by

4 even a cursory review of counts four or five of the FAC, which make clear that

5 Plaintiff alleged two claims under MMWA (even if he now regrets it). (FAC ¶ 135

6 ("As a result of Toyota's breach of express warranty **under** California Commercial

7 Code § 2104 **and the Magnuson-Moss Act**, Chapter 15 U.S.C.A. §§ 2301, *et*

8 *seq*. . . ."); *id*. ¶ 140 ("As a result of Toyota's breach of its implied warranty of

9 merchantability **under** Commercial Code § 2103 **and the Magnuson-Moss Act**, 15

10 U.S.C.A. §§ 2308, et seq. . . .").)

11 Indeed, while Plaintiff purports to base his warranty claims on Sections 2103

12 and 2104 of the California Commercial Code as well (FAC ¶¶ 135, 140), those

13 provisions do *not* create a cause of action. To the contrary, they merely define

14 certain terms and hardly impose or regulate warranty obligations. In fact, the word

15 "warranty" does not even appear in either section. *See* Cal. Com. Code §§ 2103

16 (defining, among other things, "buyer" and "seller"), 2104 (defining "merchant",

17 "financing agency", and "between merchants").

18 *Thus, it appears that the <u>only</u> claim asserted in the fourth or fifth causes of*

19 *action arises under the MMWA, i.e., solely a federal claim.*

20 ## 2. <u>The Court Is Not Bound By Plaintiff's Artful Pleading</u>

21 Implicitly conceding his unintentional creation of federal question jurisdiction,

22 Plaintiff readily admits he "intentionally amended his breach of express and implied

23 warranty claims in the FAC" so as to downplay his reliance on the MMWA. (ECF

24 No. 2647 at 9). In fact, all he has done is remove the reference to the MMWA from

25 the claims' headings. (*Compare* Notice of Removal Ex. A ¶¶ 19-36 *with* FAC ¶¶

26 131-40.) Although Plaintiff's artful drafting may have been calculated to avoid

27 removal or in anticipation of a motion to remand, his intentions fell short of

28

9

1  accomplishing his goal because simply re-heading his causes of action in the

2  amended complaint does *not* eliminate his claims for relief under the MMWA.

3       Federal courts are not bound by artful pleading and are free to look at the

4  substance of the claims that have been pled to assess whether federal question

5  jurisdiction exists. *See, e.g.*, *Paige v. Henry J. Kaiser Co.*, 826 F. 2d 857, 860-61

6  (9th Cir. 1987). Thus, assuming *arguendo* that Sections 2103 and 2104 of the

7  Commercial Code created a cause of action at all, and despite the fact that Plaintiff

8  artfully chose to plead his claims under the MMWA in causes of action conjoined

9  with his "claims" under inapplicable sections of the California Commercial Code, it

10  is clear that he asserts two *independent* claims in each cause of action: one under the

11  MMWA *and* one under Sections 2103 and 2104 of the California Commercial Code

12  (assuming these provisions created a claim).  (FAC ¶ 135 ("As a result of Toyota's

13  breach of express warranty *under* California Commercial Code § 2104 *and* the

14  Magnuson-Moss Act, Chapter 15 U.S.C.A. §§ 2301, *et seq.*"); *id*. ¶ 140 ("As a result

15  of Toyota's breach of its implied warranty of merchantability *under* Commercial

16  Code § 2103 *and* the Magnuson-Moss Act, 15 U.S.C.A. §§ 2308, *et seq.*").)

17       **3.**    **Plaintiff's Attempts To Strip This Court Of Jurisdiction Fail**

18       With studied nonchalance, Plaintiff underscores his own gamesmanship by

19  "expressly request[ing] to strike any references" to the MMWA in the FAC, via the

20  novel method of attaching a purported "Plaintiff's Notice of Striking References

21  From the First Amended Complaint" to his declaration in support of his *ex parte*

22  motion. (ECF No. 2647 at 9, ECF No. 2648 Ex. 7.)  The unprecedented procedural

23  step of offering to stipulate to strike any so-called "references" to his federal claims

24  does not solve Plaintiff's problem, however.  Having already amended his complaint,

25  the proper (and *only*) procedure for dismissing his federal claims is to file a motion

26  for leave to amend and obtain leave of this Court.  Fed. R. Civ. P. 15; *see also*

27  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) ("a plaintiff

28  may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-

claim complaint"); *Martinez v. Shaw*, 2008 WL 345885, at *1 (E.D. Cal. Feb. 7, 2008) ("Where plaintiff wants to drop certain claims but not to dismiss any defendant, the proper procedure is to amend the complaint."). Until Plaintiff receives leave to amend, the FAC asserting federal claims is the operative pleading. *Ethridge*, 861 F.2d at 1392 ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism [w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.").

Alternatively, Plaintiff relies – wrongly – on *International Union of Operating Engineers v. County of Plumas*, 559 F.3d 1041 (9th Cir. 2009), to argue that 1) his FAC "merely references" federal law, and 2) an alternative theory of relief exists for his fourth and fifth causes of action, so federal question jurisdiction is absent. (ECF No. 2647 at 8-9.) Plaintiff misreads *International Union,* which stands for nothing more than the unremarkable proposition that where "it is not necessary to construe federal law in order to resolve plaintiff's … cause of action, that cause of action does not support removal[.]" *Phillips v. Int'l Union of Operating Eng'rs, AFL-CIO*, 1996 WL 478689, at *2 (N.D. Cal. Aug. 7, 1996); *see also Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 n.1 (9th Cir. 1997) (where plaintiff "did not allege a specific state or federal theory," then removal would have been improper because "an alternative state-law theory exists").

This doctrine is obviously inapposite where, as here, plaintiff's complaint "expressly states a cause of action and seeks damages under a federal statute." *Hovland v. Gardella*, 2006 WL 2662165, at *1 (D. Mont. Sept. 15, 2006); *see also Lew v. U.S. Bank Nat. Ass'n*, 2011 WL 5368847, at *2 (N.D. Cal. Nov. 7, 2011) (even though plaintiff included state law claim as well as TILA claim in title of cause of action, the "claim, squarely based on federal law, suffices to create a federal question for removal purposes"). Indeed, the court in *Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Solutions, Inc.*, 2004 WL 1888769, at *5 (N.D. Cal. July 21, 2004), *rejected* a plaintiff's argument that its "reference to federal antitrust laws was

merely an incidental reference which is unnecessary" to its state law claim and **denied** its motion to remand because the plaintiff "specifically alleged that defendants committed unlawful business practices by violating federal antitrust laws **in addition to** any state antitrust laws," noting that "Plaintiff has made a Sherman Act bed and must now lie in it." *Id*. at *4-5.  Similarly, here Plaintiff alleges claims **under** the MMWA **in addition** to his claims under irrelevant sections of the California Commercial Code.  Because Plaintiff's FAC asserts claims under the MMWA and Plaintiff has not yet dismissed those claims, like the plaintiff in *National Credit*, Plaintiff made an MMWA bed "and must now lie in it."  This Court has jurisdiction here.

The handful of other cases relied on by Plaintiff are equally inapposite. Plaintiff acknowledges that he is the master of his complaint and could have avoided federal jurisdiction by exclusively relying on state law.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[T]he plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").  But he did not avoid federal law; rather, he affirmatively asserted claims solely "under" it. (FAC ¶¶ 135, 140.)

Likewise, Plaintiff claims that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced," *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 n.6 (1986), but admits that he *did* advance federal claims here.  (ECF No. 2647 at 5, 9.)   (Of course, to deny it in the face of his own complaint would rob him of all credibility.)   Indeed, his own caselaw dooms his argument: it holds that a suit "arises under" federal law where, as here, "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009), *cert. denied*, 131 S. Ct. 65 (2010) ("federal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint") (cited by Plaintiff at ECF No. 2647 at 8-9).  In short, Plaintiff's cases prove that remand should be ***denied***.

## II.   This Court Has Supplemental Jurisdiction Over Plaintiff's Claims

Even if Plaintiff managed to comply with procedure and successfully dismiss his federal claims, this Court would still have supplemental jurisdiction over Plaintiff's state law claims.

### A.   Plaintiff's Claims Arise from A Common Nucleus of Operative Fact and Should Be Tried in One Proceeding

Federal law provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Thus, a district court's exercise of supplemental jurisdiction over state law claims is appropriate where the nonfederal claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.,* 333 F.3d 923, 925 (9th Cir. 2003) (reversing district court's refusal to exercise supplemental jurisdiction over state law claims); *see also City of Chi.*, 522 U.S. at 164-65 ("[T]his Court has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that derive from a common nucleus of operative fact, such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"); *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1051 (9th Cir. 2003) (supplemental jurisdiction was proper where "the same facts and circumstances that form the basis for Savage's claims under the ADA and RA support her [state law] claim"); *accord Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

13

1    Here, Plaintiff's federal claims substantially overlap with the state claims in

2  that they are both economic loss cases arising from the same alleged breaches of

3  warranty.  (FAC ¶¶ 135, 140.)  Indeed, the claims are so intertwined that Plaintiff did

4  not even separately allege the federal claims, instead alleging that TMA's conduct

5  violated *both* state and federal law for the same reasons.  (*Id.* (alleging damages "[a]s

6  a result of Toyota's breach of express warranty **under California  Commercial Code**

7  **§ 2104 and the Magnuson-Moss Act**, Chapter 15 U.S.C.A. §§ 2301, et seq." and

8  "[a]s a result of Toyota's breach of its implied warranty of merchantability **under**

9  **Commercial Code § 2103 and the Magnuson-Moss Act**, 15 U.S.C.A. §§ 2308, et

10  seq.").  Thus, this Court has supplemental jurisdiction over the state law claims.

11  **B.    This Court Can And Should Exercise Supplemental**
       **Jurisdiction Over Plaintiff's State Law Claims**
12

13    Having established that this Court has original and supplemental jurisdiction,

14  the  Court  can  and  should  exercise  its  discretion  to  continue  to  exercise  its

15  supplemental jurisdiction over the state law claims.  District courts *may*, but are not

16  required to, decline to exercise jurisdiction over supplemental state-law claims if:

17  "(1)  the  claim  raises  a  novel  or  complex  issue  of  State  law,  (2)  the  claim

18  substantially predominates over the claim or claims over which the district court has

19  original jurisdiction, (3) the district court has dismissed all claims over which it has

20  original jurisdiction, or (4) in exceptional circumstances, there are other compelling

21  reasons for declining jurisdiction."  28 U.S.C. § 1367(c); *see also Watison v. Carter*,

22  668 F.3d 1108, 1117-18 (9th Cir. 2012) (explaining that under 28 U.S.C. § 1367(c),

23  the court "may, in its discretion, decline to exercise supplemental jurisdiction" or

24  "may decide that it should retain supplemental jurisdiction").    Plaintiff does not

25  dispute that this is the standard.  (ECF No. 2647 at 10.)

26    In the absence of one of these conditions, a court *must* retain supplemental

27  jurisdiction.  *See Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for C.D. Cal.*, 24 F.3d

28  1545, 1561 (9th Cir. 1994) ("the district court clearly erred by articulating a basis for

declining jurisdiction that is unauthorized by statute"), *overruled on other grounds by Cal. Dept. of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1095-96 (9th Cir. 2008); *Lew*, 2011 WL 5368847, at *2 ("courts may *only* decline to exercise supplemental jurisdiction" if one of the four conditions in 28 U.S.C. § 1367 is met) (emphasis in original).  Even then, remand is discretionary, not mandatory.  *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("dismissal of the remaining state law claims is not mandatory").  Here, none of these factors favor remand.

### 1.      This Case Does Not Involve Issues That Are Any More Complex Than Those Currently Under Consideration

Plaintiff does not even attempt to argue that this case involves novel issues of state law, but instead insists that it involves "complex issues" under "unique" California statutes, including the Song-Beverly Consumer Warranty Act, Unfair Competition Law, and Consumers Legal Remedies Act.  (ECF No. 2647 at 10.)  Plaintiff simply ignores that this Court frequently handles cases involving such claims.  *See, e.g.*, *Gray v. Mazda Motor of Am., Inc.*, 2008 WL 5553158, at *1 (C.D. Cal. Dec. 22, 2008) (Selna, J.) (California's Song-Beverly Act and federal Magnuson-Moss Warranty Act); *Yau v. Duetsche Bank Nat'l Trust Co. Ams.*, 2011 WL 5402393, at *1 (C.D. Cal. Nov. 8, 2011) (Selna, J.) (UCL); *Justo v. Indymac Bancorp*, 2010 WL 623715, at *4 (C.D. Cal. Feb. 19, 2010) (CLRA).

In fact, as noted above, Plaintiff's FAC purports to state causes of action *identical* to those asserted in the SAELMCC and TAELMCC.  (*Compare* FAC ¶¶ 92-140  *with* SAELMCC ¶¶ 417-54, 464-89, 502-16, 684-709 and TAELMCC ¶¶ 444-81, 517-31, 693-718 (asserting claims under CLRA, UCL, express and implied warranties under the California UCC, Magnuson-Moss Act, and Song-Beverly Consumer Warranty Act); *accord* Plaintiff's Notice of Related Cases, filed in *Houlf v. Toyota Motor N. Am.*, 2:12-cv-04054-JVS-FMO, ECF No. 5.)  Thus, this Court is *already* presiding over these very claims, on substantially the same facts.

15

1       Indeed, the complexity of this Action makes it more suited, not less suited, to

2 this Court's jurisdiction because hearing it with other nearly identical economic loss

3 cases will preserve judicial resources and avoid inconsistent rulings. *See In re*

4 *Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 2012 WL 1899798,

5 at *3 (S.D. Cal. May 24, 2012) (denying motion to remand because inclusion in

6 MDL proceedings "will preserve judicial and party resources and avoid the chance

7 of inconsistent rulings"); *Capoccia v. Boone*, 2007 WL 1655348, at *5 (D. Vt. June 5,

8 2007) ("The procedural history of the case, even at this early stage, is complex, and

9 remand to state court would only increase that complexity."); *In re Long Distance*

10 *Telecommc'ns Litig.*, 598 F. Supp. 951, 954 (E.D. Mich. 1984) ("[T]o permit

11 plaintiff to take his case back to the California state court now would provoke a

12 multitude of state class actions on this very issue, each materially indistinguishable

13 from the consolidated actions now before this court, in innumerable state fora against

14 the same defendants," and "[i]nconsistent rulings and impossibility of compliance

15 would soon follow."); *Russell v. BAC Home Loans Serv., LP*, 2011 WL 3861526, at

16 *2 (D. Haw. Aug. 10, 2011) ("remanding the state law claims would result in

17 duplicative litigation, would tax judicial resources, would significantly increase

18 litigation costs, and may lead to inconsistent results").  Thus, Plaintiff did not – and

19 cannot – show that the complexity of this case requires remand here.

20      **2.**    **The State Law Claims Do Not Substantially**

21              **Predominate Over Any Federal Claims**

22       Plaintiff next offers the conclusory assertion that no MMWA claim is asserted

23 so state law claims substantially predominate over any federal claims.  (ECF No.

24 2647 at 10.)   But as discussed above, Plaintiff's attempt to dodge removal by

25 downplaying his federal claims does not alter the immutable fact that he seeks relief

26 under a federal statute, and thus his premise is faulty.  (*Supra* at I.C.)  Moreover,

27 "[t]he substantially predominate standard … is not satisfied simply by a numerical

28 count of the state and federal claims the plaintiff has chosen to assert on the basis of

1   the same set of facts." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir.

2   1995).  Where "**state causes of action require consideration of similar facts and**

3   **issues as [the] federal claim, … state law claims cannot be said to substantially**

4   **predominate over [the] federal claim**." *Bavand v. OneWest Bank FSB*, 2012 WL

5   1884668, at *4 (W.D. Wash. May 22, 2012); *see also Santiago v. Keyes*, _ F. Supp. _,

6   2012 WL 833167, at *4 (D. Mass. Mar. 8, 2012) (denying remand where "the

7   essence of Plaintiff's case is the violation of his civil rights by all defendants which

8   he alleges occurred under both state and federal law, claims which remain"); *Suter v.*

9   *Univ. of Tex. San Antonio*, 2010 WL 4690717, at *2 (W.D. Tex. Nov. 1, 2010)

10  (denying remand where "plaintiff's EPA claim arises out of the same set of facts as

11  her state-law claims and will involve many of the same witnesses and overlapping

12  evidence," and "thus so closely connected to and factually intertwined with her state-

13  law claims that none of the various causes of action substantially predominates over

14  the others").

15  　　　　Here, it cannot be credibly disputed that this Court will be considering the

16  same evidence, hearing from the same witnesses, and considering virtually identical

17  facts because, as Plaintiff admits, the pending MDL litigation "concerns claims of

18  sudden acceleration against Toyota, and involves substantially similar questions of

19  fact and law as the action herein."  (Plaintiff's Notice of Related Cases, filed in *Houlf*

20  *v. Toyota Motor N. Am.*, 2:12-cv-04054-JVS-FMO, ECF No. 5.)  Thus, it cannot be

21  said that Plaintiff's state law claims substantially predominate over his federal claims.

22  　　　　　　　**3.**　　**Despite Plaintiff's Apparent Decision to Try To Dismiss His**

23  　　　　　　　　　　**Federal Claim, Considerations of Economy, Convenience,**
　　　　　　　　　　　　**Fairness and Comity Favor Retaining Jurisdiction**

24  　　　　Plaintiff insists that because he has offered to stipulate to strike any reference

25  to the MMWA, any claims on which original jurisdiction are based will no longer

26  exist.  (ECF No. 2647 at 10-11.)  Plaintiff's offer to stipulate, which Defendants have

27  not agreed to accept, would not (even if accepted) change the fact that Plaintiff

28  admittedly filed Magnuson-Moss claims, (ECF No. 2647 at 5, 9), or that his current

1   complaint alleges breach of the express and implied warranty "**under** … the

2   Magnuson-Moss Act …." (FAC ¶¶ 135, 140.)  Neither does it change the fact that

3   Plaintiff has taken no effective action to eliminate his federal claims.  Thus, 28

4   U.S.C. § 1367(c)(3) is not an appropriate basis upon which to decline to exercise

5   supplemental jurisdiction.

6        Regardless, a court is not required to decline to exercise supplemental

7   jurisdiction upon dismissal of federal claims.  "A district court's decision whether to

8   exercise that jurisdiction after dismissing every claim over which it had original

9   jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S.

10  635, 639 (2009).  Courts consider "the circumstances of the particular case, the

11  nature of the state law claims, the character of the governing state law, and the

12  relationship between the state and federal claims." *City of Chi.*, 522 U.S. at 173.

13  Although "in the usual case" the balance of factors weigh in favor of remand subject

14  to the Court's discretion, which "depend[s] upon what will best accommodate the

15  values of economy, convenience, fairness, and comity," *Harrell v. 20th Century Ins.*

16  *Co.*, 934 F.2d 203, 205 (9th Cir. 1991) [4] –  this is far from the usual case.  Here,

17  Plaintiff's action will proceed to trial in one of two consolidated proceedings – either

18  in the federal MDL together with the nearly identical claims of the Economic Loss

19  Action, or in the JCCP.  The balance of factors here strongly favors exercising

20  supplemental jurisdiction over *Houlf* because the overwhelming similarities to the

21  Economic Loss Action make doing so the most economical choice.  The same

22  considerations render federal court the most convenient, fair, and comitous choice.

23        *First*, judicial economy strongly favors the exercise of supplemental

24  jurisdiction.  "Judicial economy has frequently been privileged over the other

25  _____

26  [4] *See also Bahrampour*, 356 F.3d at 978 ("In exercising its discretion to decline

27  supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction comports with the underlying

28  objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity.").

1  factors."  *Hunt Skansie Land, LLC v. City of Gig Harbor*, 2010 WL 2650502, at *3

2  (W.D. Wash. July 1, 2010); *see also Richardson v. Advanced Cardiovascular Sys.,*

3  *Inc.*, 865 F. Supp. 1210, 1216 (E.D. La. 1994) ("this Court refuses to emasculate the

4  spirit of judicial economy").  Among other things, the Court should consider the

5  effort involved in familiarizing itself with the issues of fact and law raised in the

6  Economic Loss Action, and the resources a state court would have to invest in

7  gaining the same understanding.  *See Hansen v. Cal. Dept. of Corr.*, 920 F. Supp.

8  1480, 1500 (N.D. Cal. 1996) ("it would be wasteful to force California courts to

9  expend resources on a case which this court can move toward final resolution much

10 more efficiently"); *Target Strike, Inc. v. Marston & Marston, Inc.*, 2011 WL

11 2618609, at *6 (W.D. Tex. June 30, 2011) ("Remanding this case to state court

12 would require a state court judge to reach the district court's level of familiarity with

13 this case—a level that must be reached without the assistance of law clerks—before

14 resolving pending matters ….  No court is more familiar with this case than the

15 federal district court."); *Hunt Skansie Land*, 2010 WL 2650502, at *3 (where federal

16 case had not been pending long, court still found judicial economy favored

17 exercising jurisdiction where the court spent "significant time … familiarizing itself

18 with the facts of this case," and state court "would have to invest to gain the

19 understanding of the issues that this Court already has"); *Byrd v. Aetna Life Ins. Co.*,

20 2006 WL 2228829, at *2 (D. Ariz. Aug. 1, 2006) ("the Court is quite familiar with

21 the facts of this case and the legal issues involved," so retaining jurisdiction

22 promotes "conservation of judicial energy and the avoidance of multiplicity of

23 litigation"); *Capoccia*, 2007 WL 1655348, at *5 ("The procedural history of the case,

24 even at this early stage, is complex, and remand to state court would only increase

25 that complexity.").[5]

26 _____

27 [5] In fact, Plaintiff himself recognizes that this case is properly heard along with the
   pending MDL actions.  (*See* Plaintiff's Notice of Related Cases, filed in *Houlf v.*
28 *Toyota Motor N. Am.*, 2:12-cv-04054-JVS-FMO, ECF No. 5.)  Given the similarity

*(cont'd)*

1    *Second*, convenience strongly favors exercising supplemental jurisdiction.  "It

2  is a tautology that it is more economical and convenient for the parties to conduct

3  pretrial proceedings before one court, in which discovery can be coordinated, and

4  issues common to each case can be resolved in a consolidated fashion."  *In re Ford*

5  *Motor Co. Ignition Switch Prods. Liab. Litig.*, 19 F. Supp. 2d 263, 270 (D.N.J. 1998).

6  *See also W. Va. ex rel. McGraw v. Eli Lilly & Co.*, 2008 WL 4449655, at *2-3

7  (E.D.N.Y. Sept. 30, 2008) ("uniformity in treating claims brought in this multi-

8  district litigation matter is desirable" and judge is "well positioned to oversee the

9  remaining discovery, ensuring that there is adequate consistency and fairness through

10  the discovery process").

11    Indeed, the purpose of allowing a court to retain supplemental jurisdiction is to

12  ensure that one court – rather than several – resolves all claims arising out of a

13  common nucleus of operative facts.  *See id.*; *see also Schmidt v. Cty. of Nevada*,

14  2011 WL 445836, at *4 (E.D. Cal. Feb. 8, 2011) (purpose of Section 1367 is "to

15  promote economy by ensuring that one forum resolves all claims arising out of a

16  common nucleus of operative facts"); *Bavand*, 2012 WL 1884668, at *5 ("if the

17  court were to decline to exercise supplemental jurisdiction, the result would be two

18  concurrent actions arising from the same sets of facts – one in state court addressing

19  the state law claims and one in this court addressing her [Federal Debt Collection

20  Practices Act] claim," which is "contrary to the concerns of efficiency, convenience,

21  and fairness underlying supplemental jurisdiction").

22    Retaining supplemental jurisdiction is also more convenient because it

23  prevents the same issues from being litigated in two separate fora.  *See Sea-Land*

24  *Serv., Inc. v. Atl. Pac. Int'l, Inc.*, 61 F. Supp. 2d 1092, 1101-02 (D. Haw. 1999)

25  ("considerations of judicial economy and convenience of the parties and witnesses

26  persuade[d] the court to retain jurisdiction" where it had to "proceed with [an]

27  _____
*(cont'd from previous page)*

28  of Plaintiff's case – which Plaintiff acknowledges – and the pending multidistrict
litigation, remanding this case would waste, rather than conserve, judicial resources.

1   identical tying claim" anyway); *S.C. v. Harper-Hutzel Hosp.*, 2007 WL 674924, at

2   *7-8 (E.D. Mich. Mar. 1, 2007) (factors "strongly militate[d]" in favor of jurisdiction

3   where the "entirety of this action stems from the same body of essential facts," the

4   "same evidence will be presented," the "same expert witnesses will be employed,"

5   and the "[p]reparation by counsel for a single trial … will clearly be more convenient

6   to the lawyers, and less expensive for the parties"). Here, the identical claims

7   brought in the Economic Loss Action and this case underscore the efficiencies to be

8   gained by having discovery, evidentiary, and other issues heard in the same court.

9       *Third*, considerations of fairness favor exercising supplemental jurisdiction.

10  Simply put, it would be unfair to remand this case to state court, only to require

11  Defendants to litigate the same issues twice and face the risk of inconsistent rulings.

12  *See Ford Motor*, 19 F. Supp. 2d at 270 ("It would … be quite unfair to defendants to

13  scatter these [MDL] cases back to their courts of origin prior to the completion of

14  general common discovery, where the current indications show that defendants are

15  being responsive to all plaintiffs' reasonable discovery needs in this forum."); *Long

16  Distance Telecommc'ns*, 598 F. Supp. at 954 ("to permit plaintiff to take his case

17  back to the California state court now would provoke a multitude of state class

18  actions on this very issue, each materially indistinguishable from the consolidated

19  actions now before this court," and "[i]nconsistent rulings and impossibility of

20  compliance would soon follow.").

21      *Finally*, comity supports retaining jurisdiction, because the identical claims

22  have already been before this federal court for more than a year. *See Doddy v. Oxy

23  USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (affirming denial of remand where "the

24  Doddys' remaining causes of action did not raise any novel or unsettled issues of

25  state law; their claims could be readily decided in federal court under established

26  Texas tort principles"); *Pantazis v. Fior D'Italia, Inc.*, 1994 WL 519469, at *3-4

27  (N.D. Cal. Sept. 20, 1994) (court retained jurisdiction where "plaintiff does not assert,

28  nor does the Court find, that any of the claims raises a novel or complex issue of

1   State law"); *Braswell Wood Co., Inc. v. Waste Away Grp.*, 2011 WL 2292311, at *3

2   (M.D. Ala. June 9, 2011) ("Plaintiff's remaining breach of contract claim is not

3   novel or complex, and this factor militates in favor of an exercise of supplemental

4   jurisdiction."); *Target Strike*, 2011 WL 2618609, at *7 (comity favored retaining

5   jurisdiction where state law issues were not complex or novel).

6       As noted above, Plaintiff purports to bring claims under the CLRA, UCL,

7   express and implied warranties under the California UCC, Magnuson-Moss Act, and

8   Song-Beverly Consumer Warranty Act – all of which are before this Court already.

9   (*Compare* FAC ¶¶ 92-140 *with* SAELMCC ¶¶ 417-54, 464-89, 502-16, 684-709 and

10  TAELMCC ¶¶ 444-81, 517-31, 693-718 (asserting claims under CLRA, UCL,

11  express and implied warranties under the California UCC, Magnuson-Moss Act, and

12  Song-Beverly Consumer Warranty Act).)   It only makes sense for this Court to

13  evaluate Plaintiff's claims along with the Economic Loss plaintiffs'.

14      For all these reasons, even if Plaintiff succeeds in dismissing his MMWA

15  claim, this Court should retain supplemental jurisdiction.

16          **4.     This Case Does Not Present "Compelling Reasons"
                     To Decline Supplemental Jurisdiction**

17

18      Plaintiff states, without explanation, that "compelling reasons" exist for

19  declining supplemental jurisdiction because this is a bellwether case "selected by

20  Judge Mohr." (ECF No. 2647 at 11.)   This statement, however, is both factually

21  misleading and legally wrong.  Contrary to the implication of Plaintiff's brief, Judge

22  Mohr did not "cho[o]se" or "select[]" *Houlf* for bellwether status from among the

23  cases before him in the JCCP.  (*Id.* at 6, 11.)  Rather, Judge Mohr ordered the parties

24  in the JCCP to "rank in order of preference their respective proposed bellwether

25  cases …."   (ECF No. 2648 Ex. 3 at 94.)   In response, the JCCP plaintiffs'

26  committees, which include Houlf's counsel, chose *Houlf* as one of four bellwethers

27  (after switching out two proposed bellwethers plaintiffs had identified previously).

28  (*Id.*)   Thus, Houlf's implication that this Court should defer to Judge Mohr's

    "select[ion]" of *Houlf* is wrong.

                                      22

1    Moreover, the JCCP plaintiffs' committees designated *Houlf* as a proposed
2  bellwether in January 2012 – *the same month that Houlf amended his complaint to*
3  *echo nearly all of the surviving California claims in the SAELMCC*, including the
4  federal Magnuson-Moss Warranty Act.  Toyota does not dispute Houlf's right to
5  amend his complaint, or the JCCP plaintiffs' committees' right to designate *Houlf* as
6  a proposed bellwether action in the JCCP.  However, the fact that Houlf's counsel
7  and the rest of the JCCP plaintiffs' committee members selected a bellwether case
8  based on a newly amended complaint that established federal question jurisdiction in
9  no way constitutes a "compelling reason" for this Court to decline jurisdiction.  To
10  the contrary, "'compelling reasons' for the purposes of subsection (c)(4) … should
11  be those that lead a court to conclude that declining jurisdiction 'best accommodate[s]
12  the values of economy, convenience, fairness, and comity.'"  *Executive Software*, 24
13  F.3d at 1557.  Nothing in Plaintiff's tactical gambit in amending *Houlf* and proposing
14  it for bellwether status supports these values.[6]  As explained above, economy,
15  convenience, fairness, and comity are served by keeping *Houlf* together with the
16  Economic Loss Action on which it is modeled.  In short, no factor exists that would
17  allow the court to decline supplemental jurisdiction.

18
19
20
21
22
23
24
25  _____

26  [6] While Plaintiff and his counsel may be happy to have their economic loss claims
27  heard in state court before the Economic Loss Action can proceed to trial in the
   MDL, as explained above, neither Judge Mohr nor other plaintiffs' counsel appear to
   share that priority.  All appear amenable to keeping *Uno*, a wrongful death action, as
28  the first bellwether, and continuing its trial date until Spring 2013.

1

2                                   **CONCLUSION**

3          For the foregoing reasons, the Court should deny Plaintiff's motion to remand.

4   DATED: June 8, 2012                     Respectfully submitted,

5

6                                    By: _____/s/_____

7                                            Thomas J. Nolan
                                          Attorney for Defendants
8
                                    **SKADDEN, ARPS, SLATE,**
9                                   **MEAGHER & FLOM LLP**
                                    300 South Grand Avenue
10                                  Los Angeles, CA 90071-3144
                                    Telephone: (213) 687-5000
11                                  Facsimile: (213) 687-5600

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28