1  ROBERT A. KRAUSE (*Pro Hac Vice*)
   THE SPENCE LAW FIRM
2  15 South Jackson Street
   Jackson, Wyoming 83001
3  Tel.: (307) 733-7290; Fax: (307) 733-5248
   krause@spencelawyers.com
4
   MARK P. ROBINSON, JR. (State Bar No. 054426)
5  KEVIN F. CALCAGNIE (State Bar No. 108994)
   SCOT D. WILSON (State Bar No. 223367)
6  ROBINSON CALCAGNIE ROBINSON
          SHAPIRO DAVIS, INC.
7  19 Corporate Plaza Drive
   Newport Beach, California   92660
8  Tel.: (949) 720-1288;Fax:  (949) 720-1292
   mrobinson@rcrlaw.net
9  kcalcagnie@rcrlaw.net
   swilson@rcrlaw.net
10
   Attorneys for Plaintiffs
11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| 14 IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | 8:10ML2151 JVS (FMOx) |
| | MDL 2151 |
| | Honorable James V. Selna |
| 17 ********************************* This document relates to: | ********************************* Case No.  11-cv-08120 JVS (FMOx) |
| 19 SHIRLENE VAN ALFEN, et al. | |
| 20           Plaintiffs,      vs. | **PLAINTIFFS' RESPONSE TO TOYOTA'S OBJECTIONS TO SPECIAL MASTERS' JUNE 26, 2012 ORDER COMPELLING THE FED. R. CIV. P. 30(b)(6) DEPOSITION OF TOYOTA RE FIELD TECHNICAL REPORTS AND "GO AND SEE" INVESTIGATIONS** |
| 21 TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, et al. | |
| 23           Defendants. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Plaintiffs respectfully request that the Court issue an order overruling Toyota's objections to Special Masters' June 26, 2012 Order compelling the deposition of Toyota's Fed. R. Civ. P. 30(b)(6) regarding the Field Technical Report ("FTR") and "Go and See" investigation categories.  Toyota's objections to the Special Masters' Order are meritless and have been strategically asserted for the sole purpose of preventing Plaintiffs from being able to take and complete this crucial deposition in advance of the July 18, 2012 expert report deadline.  Such repeated tactics are highly prejudicial to Plaintiffs.

Following extensive meet and confer discussions, Plaintiffs served a notice of deposition on May 23, 2012, setting forth the following seventeen (17) categories of examination relating to FTRs and "Go and See" investigations involving reported, claimed or alleged incidents of unintended acceleration ("UA"):

- Category No. 1: The *total number of FTRs that Toyota has received from 2000 to the present involving claims or reports of UA* in vehicles with an ETCS (worldwide, nationwide, and California);

- Category No. 2: *Toyota's policies and practices pertaining to the investigation of FTRs* that it has received from 2000 to the present involving claims or reports of UA in vehicles with an ETCS (world, nationwide and California);

- Category No. 3: *What Toyota does with information in FTRs*, including monitoring of trends, defect investigations, quality improvements, and other analysis;

- Category No. 4: *The reporting of events documented in FTRs* that Toyota has received from 2000 to the present involving claims or reports of UA involving vehicles with an ETCS (worldwide, nationwide, and California) *to any governmental agencies*, and Toyota's policies and practices regarding the same;

- Category No. 5: **Toyota's policies, practices and procedures for receiving and keeping FTRs** and related documents and records relating to reports or claims of UA involving vehicles with an ETCS (worldwide, nationwide and California) from 2000 to the present;

- Category No. 6: The **total number** of FTRs involving vehicles with an ETCS involving a claim or report of UA that has been **attributed to** a problem with **floor mats** since 2000;

- Category No. 7: The **total number** of FTRs involving vehicles with an ETCS involving a claim or report of UA that has been **attributed to** a problem with **the accelerator pedal** since 2000;

- Category No. 8: The **total number** of FTRs involving vehicles with an ETCS involving a claim or report of UA that has been **attributed to** a problem with the **throttle body** since 2000;

- Category No. 9: The **total number** of FTRs involving vehicles with an ETCS involving a claim or report of UA that has been **attributed to** a problem with the **ECM or ECU** since 2000;

- Category No. 11: The **total number** of FTRs involving vehicles with an ETCS involving a claim or report of UA that has been **attributed to** a problem with the **cruise control system** since 2000;

- Category No. 10: The **total number** of FTRs involving vehicles with an ETCS involving a claim or report of UA that has been **duplicated** by dealer or Toyota technician since 2000;

- Category No. 12: The **date that Toyota first received an FTR** relating to a claim or report of UA in a vehicle equipped with an ETCS **involving a reported problem with a floor mat** (worldwide, nationwide in California);

- Category No. 13: The **date that Toyota first received an FTR** relating to a claim or report of UA in a vehicle equipped with an ETCS **involving a reported problem with the accelerator pedal** (worldwide, nationwide in California);

- Category No. 14: The **date that Toyota first received an FTR** relating to a claim or report of UA in a vehicle equipped with an ETCS **involving a reported problem with the ECU or ECM** (worldwide, nationwide in California);

- Category No. 15: The **date that Toyota first received an FTR** relating to a claim or report of UA in a vehicle equipped with an ETCS **involving a reported problem with the throttle body** (worldwide, nationwide in California);

- Category No. 16: The total number of "Go and See" investigations involving claims or reports of UA that Toyota has conducted since 2000;

- Category No. 17: Toyota's "Go and See" investigations involving claims or reports of UA from 2000 to the present, including the results, the purpose of such investigations, and what they involve.

(Exh. 1 to Wilson Decl. (Document 2712-1).

The deposition was scheduled to be taken on June 7-8, 2012. Toyota's counsel stated that the deposition would not go forward on those dates. On June 7, 2012, Plaintiffs and Toyota met and conferred regarding a schedule for taking the deposition. (*See* Wilson Decl., ¶ 3 (Document 2712-1). On June 12, 2012, Toyota's counsel sent a letter to Plaintiffs stating that Toyota would not produce a witness for deposition to testify regarding the categories set forth in the notice of deposition. (Exh. 2 to Wilson Decl. (Document 2712-1).

In its June 12, 2012 letter, Toyota's counsel stated: (1) there was an upcoming deposition of an individual employee witness (Mr. Tsuji) who had some knowledge regarding Category Nos. 2-5 (but would not be testifying in a Rule 30(b)(6) capacity); and (2) Toyota would not be producing any Rule 30(b)(6) witness to testify regarding Category Nos. 1, 6-17 because they were just "counting topics" from which Plaintiffs could count the total number of FTRs from documents previously produced in discovery by Toyota.

Plaintiffs filed a motion to compel the Fed. R. Civ. P. 30(b)(6) deposition of Toyota regarding the FTR and "Go and See" categories on June 18, 2012 (Docket No. 2712). Plaintiffs' motion discussed and provided ample evidence demonstrating that the categories were relevant and that the rules obligated Toyota to designate and produce a Rule 30(b)(6) witness to testify on behalf of the company regarding the categories.  (*See id.*).  The motion also emphasized that it was imperative that this crucial deposition be completed with enough time in advance of the July 18, 2012 expert report deadline so that the testimony could be analyzed and incorporated into the expert reports.  (*See id.*).

Toyota filed its papers in opposition to the motion on June 21, 2012.  (*See* Docket No. 2724).  On the same day, while sitting across from Plaintiffs' counsel in the deposition of DENSO's Rule 30(b)(6) in Los Angeles that Plaintiffs were taking and knowing that Plaintiffs' counsel could not possibly take two depositions at the same time, Toyota's counsel (Tom Klein) said that Mr. Tsuji (whose deposition was being taken at the same time on June 21 at JAMS in Orange County) was being made available as the Rule 30(b)(6) witness regarding Category Nos. 2-5.

Plaintiffs filed their reply papers on June 22, 2012 (*See* Docket No. 2730).  The motion was heard by the Special Masters on June 25, 2012.  The Special Masters' tentative ruling was to grant the motion and order that the deposition be completed by Friday, July 6, 2012.  Toyota's counsel (Mr. Klein) tried to avoid the tentative ruling from being adopted at the conclusion of the hearing by asserting that the parties should be able to enter into a stipulation that would obviate the need for any deposition.  The Special Masters directed the parties to meet and confer about the possibility of any such stipulation and to report back for a continued telephonic hearing on June 26, 2012.

Following the June 25 hearing, counsel for the parties met and conferred, but were unable to agree on any kind of binding factual stipulation that could be a substitute for Rule 30(b)(6) testimony regarding the categories.  Following continued oral argument during the hearing on June 26, 2012, the Special Masters issued an order granting Plaintiffs' motion.  (*See* Docket No. 2745).

As an accommodation to Toyota (and underscoring the need to complete the deposition in advance of the July 18 expert report deadline), Plaintiffs agreed: (1) that the deposition could be taken at Bowman and Brooke LLP in Gardena which is next to Toyota Motor Sales, USA, Inc.'s headquarters; and (2) the deposition would be completed in half of the time usually allowed (i.e., 6 hours instead of 12 for Japanese speaking witness).  In response to arguments by Toyota that the Rule 30(b)(6) deposition could not possibly be taken during the first week of July, Plaintiffs also agreed that the deposition could be completed by Friday, July 13.  All of these concessions were aimed at one objective: making sure that this critical deposition could be completed before the July 18 deadline so that the binding Rule 30(b)(6) testimony could be incorporated into the expert reports.  The Special Masters' Order reflected this and provided:

> **RULING**
> Plaintiffs' motion to compel defendants to designate and produce a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) for deposition regarding the Field Technical Report ("FTR") and "Go and See" investigation categories set forth in the notice of deposition is GRANTED.  Toyota shall designate and produce a Rule 30(b)(6) witness(es) to testify regarding the categories set forth in the notice of deposition for deposition which is to be completed on or before July 13, 2012.  The deposition shall be limited to a total of 6 hours for a Japanese speaking witness and 4 hours for an English speaking witness.

(Docket No. 2745-1).  Following correspondence regarding the scheduling of the deposition which went unanswered, Toyota filed its objections to the Special Masters' June 26 Order on July 5, 2012.  Toyota's objections assert the same arguments that have already been briefed, argued, addressed, considered and decided by the Special Masters.  The prior briefing (Docket Nos. 2712, 2724, and 2730) makes clear that Toyota's objections to the Special Masters' Order should be overruled and that Toyota should be ordered to immediately comply with the Order.  Plaintiffs further request that the Court issue such an order before the July 30 date that Toyota has set for its motion challenging the Special Masters' Order.

5

## II.   TOYOTA'S THREE OBJECTIONS TO THE ORDER ARE MERITLESS, DESIGNED ONLY TO DELAY AND SHOULD BE OVERRULED

### A.   Toyota's Suggestion That It Has Already Produced A Rule 30(b)(6) Witness On Category Nos. 2-5 Is Misleading

*First*, it would be unfair to permit Toyota to evade designating a Rule 30(b)(6) witness to testify regarding Category Nos. 2-5.  On June 12, 2012, Toyota stated that it was not producing a Rule 30(b)(6) witness regarding any of the categories in the deposition notice.  Instead, Mr. Klein stated that an individual witness (Mr. Tsuji) had some knowledge and could answer some questions (not in the capacity of a Rule 30(b)(6) witness).  Then, on June 21, 2012, while Plaintiffs' counsel was taking the deposition of DENSO in Los Angeles, Mr. Klein (sitting across the table from Plaintiffs' counsel who was taking the deposition and who he knew had served the Rule 30(b)(6) notice and had all of the meet and confer discussions with Toyota regarding the deposition), said that Mr. Tsuji – whose deposition had already started the same day in Orange County – was now being designated as a Rule 30(b)(6) witness regarding Category Nos. 2-5.

Plaintiffs' counsel stated at the time that such tactics were unfair[1] and explained during the hearing on June 25 and 26 that such maneuvering did not afford Plaintiffs a fair or realistic opportunity to conduct a Rule 30(b)(6) deposition on these categories.  The Special Masters agreed and ordered Toyota to produce a Rule 30(b)(6) witness regarding each of the 17 categories, *including* Category Nos. 2-5 (despite Mr. Klein's protestations), by or before July 13.

---

[1] The notice of deposition was served by RCRSD and Mr. Robinson's firm was involved in the meet and confer discussions regarding this Rule 30(b)(6) deposition, including the meeting at JAMS on June 8.  Toyota's counsel knew that this Rule 30(b)(6) deposition was going to be taken by an RCRSD attorney.  Toyota's counsel also knew that the RCRSD attorney who would take the deposition of Toyota's Rule 30(b)(6) deposition regarding the FTR/"Go and See" categories would also be taking the deposition of DENSO's Rule 30(b)(6) witness.  The lawyer who took the deposition of Mr. Tsuji on June 21-22 was not from RCRSD, had not been part of the preparation of the deposition categories, and had not been part of the prior meet and confer discussions.

6

**B.**   **Toyota's Attempts To Avoid Binding Rule 30(b)(6) Deposition Testimony In Lieu Of Some Type Of Watered Down Stipulation Is Not Appropriate And Has Been Correctly Rejected By The Special Masters**

*Second*, as explained during the hearing on June 26, Toyota's objection regarding the "stipulation" fails.  The parties met and conferred and Toyota refused to agree to any type of stipulation that was a reasonable substitute in lieu of binding Rule 30(b)(6) testimony.  Toyota wanted a stipulation in the form of some interrogatory responses, with caveats, objections, and prefatory language.  Plaintiffs do not really want an attorney drafted response.  Plaintiffs need and are entitled to testimony from a Rule 30(b)(6) witness – even if the answer is "I or we don't know."  In *QBE Investments Corp. v. Jorda Enterprises*, 2012 WL 266431 (S.D. Fla. Jan. 30, 2012), the court specifically noted that: "a corporation cannot point to interrogatory answers in lieu of producing a live, in-person corporate representative designee." *Id*. The same reasoning applies to a stipulation and the Special Masters agreed that a stipulation was not a fair substitute for a Rule 30(b)(6) oral deposition.  In *Kelly v. Provide Life Insurance*, 2011 WL 2448276 (S.D. Cal. 2011), quoted at page 17 of Plaintiffs' motion, the court held:

> "In order to meet the purpose of the Rule , if a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and more importantly, stand subject to cross-examination."

*Id*.  With a stipulation, there could be no cross-examination, no live witness speaking on behalf of the company.  Plaintiffs explained during the hearing on June 26, that even if Toyota has no way to answer our questions, does not know the answer to questions, etc. because, for example, the company did not track the information in a way that relates to the categories, then that needs to be explained in deposition.  Plaintiffs also noted that, the deposition was likely to be very short, but that Plaintiffs may still need to follow up with cross-examination even if the answers are "I or we don't know."  Plaintiffs may need to know what is known and inquire why what is supposedly not known is unknown.

## C.   That It May "Not Be Easy" For Toyota To Gather Information Responsive To The Categories Is Not An Excuse

*Third* and finally, without explaining why, Toyota argues that it would "not be easy" to prepare a Rule 30(b)(6) witness to testify regarding the noticed categories. Given Toyota's claimed lack of knowledge regarding the categories, it is unclear what, if any, real burden would be associated with simply confirming such a lack of knowledge and confirming as much in deposition.  But, the reality is that Toyota – as a company – does have information responsive to the categories.  It may not be easy for a company to comply with all of its obligations under Rule 30(b)(6), but the process of doing so is necessary to effectuate the purpose of the Rule.  Difficulty is not synonymous with burden.  As explained in *Murphy v. Kmart Corp.*, 255 F.R.D. 497 (D. S.D. Jan. 29, 2009):

> The court recognizes that the burden on [the company] to prepare a knowledgeable Rule 30(b)(6) deponent 'may be onerous,' but the court 'is not aware of any less onerous means of assuring that the position of a corporation ... can be fully and fairly explored.' Simply put, '[i]t is not up to [the defendant] to determine what discovery [the plaintiff] needs.'

*Id*. at 506-07 (internal citations and quotations omitted).

Rule 30(b)(6) testimony regarding the subjects in the notice will be the most effective way to present evidence regarding the issues at trial.  With just 52.5 hours to put on their case, Plaintiffs will not have time to string together all of the information from different documents, different witnesses, etc., in the same way as a simple and straightforward Rule 30(b)(6) examination.  Toyota's efforts to prevent and delay this crucial deposition are highly prejudicial to Plaintiffs.  As addressed in the prior briefing, individual witnesses have answered "I don't know" to many questions.  Plaintiffs are entitled to testimony that reflects the position of Toyota as a company.  "'Without having a witness or witnesses who can testify and bind the corporation, the deposing party is left at an unfair disadvantage, having no understanding of what the corporation's position is as to many areas of inquiry.'" *Kelly,* 2011 WL 2448276, at *4. "Such as is the case here." *Id*.

**III.   IF THE OBJECTIONS ARE NOT PROMPLY OVERRULED, TOYOTA WILL HAVE PREVENTED THIS IMPORTANT DEPOSITION FROM BEING TAKEN BEFORE THE JULY 18 EXPERT REPORT DEADLINE**

All of the same arguments set forth in Toyota's objections have already been thoroughly briefed, argued, considered, and decided by the Special Masters.  A review of the prior briefing (See Docket Nos. 2712, 2724, and 2730) demonstrates that Toyota's objections to the Special Masters' Order should be overruled.

The Federal Rules of Civil Procedure do not allow a corporate entity to avoid designating and producing a witness to testify on behalf of the corporation simply because it: (1) does not like the categories of examination; (2) does not want to answer questions relating to such categories; (3) does not have information responsive to the categories; (4) has produced documents which it says provide information which is responsive to the categories; (5) has already had individual employees who have answered some questions relating to some of the topics in deposition; or (6) may be burdensome for the corporation to trying in good faith to provide a witness to testify on behalf of the entity regarding the categories.  *See QBE Investments Corp. v. Jorda Enterps.*, 2012 WL 266431, *8-14 (S.D. Fla. Jan. 30, 2012).   Yet, these are the arguments that Toyota made in opposition to Plaintiffs' motion to compel the deposition of Toyota's Fed. R. Civ. P. 30(b)(6) witness regarding the FTR and "Go and See" categories, and these are the same arguments that Toyota continues to make.

The Special Masters carefully considered the parties' papers and arguments, and ordered that this deposition be completed by July 13 so that the testimony could be incorporated into the July 18 expert reports.  The Special Masters specifically found that Toyota's concept of a stipulation was not an appropriate substitute for Rule 30(b)(6) testimony.  If the Court does not promptly overrule Toyota's objections and order Toyota to comply with the June 26 Order, Toyota will have successfully prevented Plaintiffs from being able to complete this crucial deposition in advance of the July 18 deadline and prevented Plaintiffs from incorporating the testimony into their expert reports.

9

## IV.   CONCLUSION

Under the circumstances, the Court should not wait until July 30 to address the Special Masters' Order.  The Special Masters' June 26 Order required the deposition of Toyota's Rule 30(b)(6) witness regarding the FTR and "Go and See" investigation categories to be completed by or before Friday, July 13, 2012.  The reason why the deposition was sought and ordered to be taken by this date was to ensure that Plaintiffs could be able to complete this crucial deposition and allow the testimony to be analyzed by Plaintiffs' experts and incorporated into their expert reports with sufficient time in advance of the July 18, 2012 expert report deadline.

Toyota is making every effort to avoid designating a Rule 30(b)(6) witness regarding these and other key categories.[2]  If this Court does not immediately issue an order overruling Toyota's objections and compelling Toyota to comply with the June 26 Order (and to produce the Rule 30(b)(6) witness for deposition by or before July 13), Plaintiffs will not be able to secure this critical Rule 30(b)(6) deposition testimony before the deadline to exchange expert reports.  Based on the foregoing and the prior briefing in connection with the motion to compel, Plaintiffs respectfully request that the Court issue an order: (a) overruling Toyota's objections to the Special Masters' June 26 Order; and (b) compelling Toyota to comply with the Special Masters' Order.

Dated: July 11, 2012             ROBINSON CALCAGNIE  ROBINSON SHAPIRO
                                 DAVIS, INC.


                          By:    /s/ Mark P. Robinson, Jr.
                                 MARK P. ROBINSON, JR.
                                 Attorneys for Plaintiffs

---

[2] For example, regarding the Rule 30(b)(6) depositions of Toyota regarding braking and cruise control related categories, Toyota has stated that the very first available dates for those Rule 30(b)(6) depositions is August 30-31, 2012 – which not so coincidentally just so happens to be the very day after the deadline for rebuttal expert reports.