UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ECONOMIC LOSS CASES | No. 8:10ML2151 JVS (FMOx)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO THE CLASS AND SCHEDULING FAIRNESS HEARING.** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS**

WHEREAS, this matter has come before the Court pursuant to *Plaintiffs' Ex Parte Application for Entry of an Order Granting Preliminary Approval of the Class Settlement and Approving the Form and Method of Notice to the Class* (the "Application");

WHEREAS, the Court finds that it has jurisdiction over the Actions and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members for purposes of effectuating this settlement and releasing their claims (all capitalized terms as defined in the Settlement Agreement attached hereto as Exhibit 1); and

WHEREAS, this Court has considered all of the submissions related to the Application and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

**I.  PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The terms of the Settlement Agreement dated December 26, 2012, including all exhibits thereto (the "Agreement"), which is attached to the Application as Exhibit 1, are preliminarily approved as fair, reasonable and adequate, are sufficient to warrant sending notice to the Class, and are subject to further consideration thereof at the Fairness Hearing referenced below. This Order incorporates herein the Agreement, and all of its exhibits and related documents. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings in this Order. The Agreement was entered into only after extensive arm's length negotiations by experienced counsel and with the assistance and oversight of Settlement Special Master Patrick A. Juneau. The Court finds that the settlement embodied in the Agreement ("the Settlement") is sufficiently within the

range of reasonableness so that notice of the Settlement should be given as provided in the Agreement and this Order.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

## II.   THE CLASS, CLASS REPRESENTATIVES AND CLASS COUNSEL

2. The Court provisionally certifies the following Class for settlement purposes only (the "Class"): all persons, entities or organizations who, at any time as of or before the entry of this Order, own or owned, purchase(d), lease(d) and/or insure(d) the residual value, as a Residual Value Insurer, of all Toyota, Lexus and Scion Subject Vehicles equipped or installed with an Electronic Throttle Control System ("ETCS") distributed for sale or lease in any of the fifty States, the District of Columbia, Puerto Rico and all other United States territories and/or possessions. Excluded from the Class are:  (a) Toyota, their officers, directors and employees; their affiliates and affiliates' officers, directors and employees; their distributors and distributors' officers, directors and employees; and Toyota Dealers and Toyota Dealers' officers and directors; (b) Plaintiffs' Class Counsel, Allocation Counsel and their employees; (c) judicial officers and their immediate family members and associated court staff assigned to this case, and all persons within the third degree of relationship to any such persons; and (d) persons or entities who or which timely and properly exclude themselves from the Class as provided in this Order.

3. The "Subject Vehicles" are listed in Exhibit 10 to the Agreement, which is expressly incorporated in this Order.

4. The Court preliminarily finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Final Judgment, the

terms of the Settlement Agreement, and the occurrence of the Final Effective Date, that the Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby provisionally certifies the Class for settlement purposes only.  The Court preliminarily finds, in the specific context of this Settlement, that: (a) the number of Class Members is so numerous that their joinder in one lawsuit would be impractical; (b) there are some questions of law or fact common to the Class that are sufficient for settlement purposes; (c) the claims of Class Representatives are typical of the claims of the Class Members they seek to represent for purposes of settlement; (d) the Class Representatives have fairly and adequately represented the interests of the Class for settlement purposes and the Class Representatives have retained experienced counsel to represent them and the Class – Steve W. Berman of Hagens Berman Sobol Shapiro LLP, Marc M. Seltzer of Susman Godfrey L.L.P., and Frank M. Pitre of Cotchett, Pitre & McCarthy LLP – whom the Court finds have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g); (e) the questions of law or fact common to the Class, as pertains to consideration of the Settlement, predominate over any questions affecting any individual Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy through settlement.

5.      The Court designates the following plaintiffs as Class Representatives: Karina Brazdys, John Moscicki, Dale Baldisseri, Peggie Perkin, Kathleen Atwater, Georgann Whelan, Ann Fleming-Weaver, Nancy Seamons, Linda Savoy, Donald Graham, Shirley Ward, John and Mary Ann Laidlaw, Judy Veitz, Victoria and Barry Karlin, Elizabeth Van Zyl, Green Spot Motors Co., Deluxe Holdings Inc. and Auto Lenders Liquidation Center, Inc.

6. The Court further preliminarily finds that the following counsel, which the Court previously appointed interim Co-Lead Counsel, fairly and adequately represent the interests of the Class for settlement purposes and hereby appoints them as counsel for the Class pursuant to FED. R. CIV. P. 23(g):

> Steve W. Berman
> Hagens Berman Sobol Shapiro LLP
> 1918 Eighth Avenue, Suite 3300
> Seattle, WA  98101
>
> Marc M. Seltzer
> Susman Godfrey L.L.P.
> 1901 Avenue of the Stars, Suite 950
> Los Angeles, CA  90067
>
> Frank M. Pitre
> Cotchett, Pitre & McCarthy, LLP
> 840 Malcolm Road, Suite 200
> Burlingame, CA  94010

7. If the Agreement is not finally approved by the Court, or for any reason the Final Order and Final Judgment are not entered as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Final Effective Date does not occur for any reason, then:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no force or effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The provisional certification of the Class pursuant to this Order shall be vacated automatically and the Actions shall proceed as though the Class had never been certified;

  (c) Nothing contained in this Order is to be construed as a presumption, concession or admission by or against Toyota or Plaintiffs of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Actions, or in any action or proceeding, including but not limited to, factual or legal matters relating to any effort to certify the Actions or any Action as a class action;

  (d) Nothing in this Order pertaining to the Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in the Actions, including, but not limited to, motions or proceedings seeking treatment of the Actions or any Action as a class action;

  (e) All of the Court's prior Orders having nothing whatsoever to do with class certification or the Agreement shall, subject to this Order, remain in force and effect; and

  (f) The terms in Section IX.D of the Settlement Agreement shall survive.

### III. NOTICE TO CLASS MEMBERS

  8. The Court has considered the Class Notice in the Agreement and finds that the Class Notice and methodology as described in the Settlement Agreement and in the Declaration of the Settlement Notice Administrator: (a) meet the requirements of due process and FED. R. CIV. P. 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the Constitutional requirements regarding notice.  In addition, the forms of notice (a) apprise Class Members of the pendency of the Action, the terms of the proposed settlement, their rights and deadlines under the Settlement; (b) are written in simple

- 5 -

terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves the Class Notice and methodology as described in the Settlement Agreement and in the Declaration of the Settlement Notice Administrator in all respects, and it hereby orders that notice be commenced no later than **March 1, 2013**. The Court understands, however, that the Parties must obtain Toyota customer data from a third-party (as provided below) before distribution of the Short Form Notices, and that the time within which that data can be obtained is not certain. All reasonable effort shall be made to accomplish the notice process as expeditiously as possible.

The Class Action Settlement Administrator shall send the Short Form Notices, substantially in forms attached to the Agreement as Exhibits 12 and 13, by U.S. Mail, proper postage prepaid: (i) to current registered owners of Subject Vehicles; and (ii) registered owners of Subject Vehicles during the period September 1, 2009 through December 31, 2010, as identified by data to be forwarded to the Class Action Settlement Administrator by R.L. Polk & Co. The mailing of Exhibit 13 will be done as part of efforts to notify Class Members who may be eligible for payment from the Alleged Diminished Value Fund pursuant to Section II(A)(2) of the Agreement. The mailings of the Short Form Notices to the persons and entities identified by R.L. Polk & Co. shall be substantially completed by **March 29, 2013**. The Parties are hereby ordered to obtain such vehicle registration information through R.L. Polk & Co., which specializes in obtaining such information from, *inter alia*, the applicable Departments of Motor Vehicles.

The Court further approves, as to form and content, the Short Form Notices, the Long Form Notice, and the Summary Settlement Notice. The Court further

approves the establishment of an internet website for the Settlement. The website shall include documents relating to the Settlement, Orders of the Court relating to the Settlement and such other information as Toyota and Class Counsel mutually agree would be beneficial to potential Class Members. Toyota shall pay the costs of the Class Notice in accordance with the Agreement, with the potential for partial or complete reimbursement as set forth in the Agreement. The Parties are hereby authorized to establish the means necessary to implement the notice and/or other terms of the Agreement.

9. The Class Action Settlement Administrator is Gilardi & Company, LLC. Responsibilities of the Class Action Settlement Administrator are found in the Agreement. Not later than **10 days** before the date of the Fairness Hearing, the Class Action Settlement Administrator shall file with the Court (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details outlining the scope, methods and results of the Class Notice.

10. The Settlement Notice Administrator is Katherine Kinsella of Kinsella Media, LLC. Responsibilities of the Settlement Notice Administrator are found in the Agreement. Not later than **10 days** before the date of the Fairness Hearing, the Settlement Notice Administrator shall file with the Court the details outlining the scope, methods and results of the parts of the Class Notice for which she is responsible under the Agreement.

### IV.  REQUEST FOR EXCLUSION FROM THE CLASS

11. Class Members who wish to be excluded from the Class must mail a written request for exclusion to the Class Action Settlement Administrator postmarked no later than **May 13, 2013**. Any request for exclusion must be signed by

the potential Class Member and contain the following information: name, address, and telephone number of the Class Member; the model year, make, model, and vehicle identification number ("VIN number") of the Class Member's Subject Vehicle(s), the Class Member's signature and statement that the Class Member wants to be excluded from the Class or Settlement in *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation* and mention the case number (No. 8:10ML2151 JVS (FMOx)).

12. Potential Class Members who timely and validly exclude themselves from the Class shall not be bound by the Agreement, the Settlement, or the Final Order and Final Judgment. If a potential Class Member files a request for exclusion, he/she/it may not assert an objection to the Settlement. The Class Action Settlement Administrator shall provide copies of any requests for exclusion to Class Counsel and Toyota's Counsel as provided in the Agreement.

13. Any potential Class Member that does not properly and timely exclude himself/herself/itself from the Class shall remain a Class Member and shall be bound by all the terms and provisions of the Agreement and the Settlement and the Final Order and Final Judgment, whether or not such Class Member objected to the Settlement or submits a Claim Form(s).

### V. OBJECTIONS

14. Any Class Member who has not requested exclusion and who wishes to object to the Settlement or Fee Request or incentive payments to the Plaintiffs/Class Representatives must deliver to Class Counsel and Toyota's Counsel identified below so that it is received by **May 13, 2013** and on file with the Clerk of Court on or before **May 13, 2013** a written statement of his/her/its objection. To be

- 8 -

considered by the Court, any objection must be in writing and include the following information: a statement of objection to the settlement in *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, Case No. 8:10ML2151 JVS (FMOx); the name, address, and telephone number of the objecting Class member; the make, model year, and VIN number of the objecting Class member's Subject Vehicle(s); the specific reasons why the Class member objects to the settlement (including any legal support); any evidence or other information the objecting Class Member intends to rely on; a statement whether the objecting Class Member intends to appear at the Fairness Hearing; a list of the Subject Vehicles to which the objection applies; and the Class Member's signature and proof of purchase, ownership, lessee status or status as a Residual Value Insurer of a Subject Vehicle. Objections that fail to satisfy these requirements or to satisfy any other requirements found in the Long Form Notice shall not be considered by the Court.

| Clerk of Court | Class Counsel | Toyota's Counsel |
|---|---|---|
| United States District Court<br>Central District of California<br>411 West Fourth Street, Room 1053<br>Santa Ana, CA 92701-4516 | Steve W. Berman<br>Hagens Berman Sobol & Shapiro LLP<br>1918 Eighth Ave., Suite 3300<br>Seattle, WA 98101 | John P. Hooper<br>Reed Smith LLP<br>599 Lexington Avenue<br>22nd Floor<br>New York, NY 10022<br><br>J. Gordon Cooney, Jr.<br>Morgan Lewis & Bockius LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921 |

- 9 -

## VI. FAIRNESS HEARING

15. The Fairness Hearing will be held on **Friday, June 14, 2013 at 9:00 a.m. (Pacific Daylight Time)** before this Court, at the United States District Court, Central District of California, 411 West Fourth Street, Santa Ana, California 92701, to consider, *inter alia*, the following: (a) whether the Class should be finally certified for settlement purposes; and (b) whether the Settlement Agreement should be finally approved as fair, reasonable and adequate. The Court will rule on Class Counsel's application for attorneys' fees and expenses ("Fee Request") and the Plaintiffs/Class Representatives' requests for incentive awards at or after that time.

16. On or before **April 23, 2013**, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the Settlement and also on or before **April 23, 2013**, Class Counsel shall file any Fee Request with the Court. Any reply briefs relating to final approval of the Settlement or Class Counsel's Fee Request or responses to objections to the Settlement shall be filed on or before **June 3, 2013**.

17. Any Class Member who has not excluded himself/herself/itself from the Class may appear at the Fairness Hearing in person or by counsel (at his/her/its own expense) and may be heard, to the extent allowed by the Court, either in support of or in opposition to the Settlement and/or the Fee Request. However, no Class Member shall be heard at the Fairness Hearing unless such person/entity files a "Notice of Intent to Appear in *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*" with the Clerk of Court on or before **May 13, 2013**, and delivers the same to Class Counsel and Toyota's Counsel so that it is received by **May 13, 2013**. In the notice, the Class

Member must include his/her/its name, address, telephone number, the make, model year, and VIN number of his/her/its Subject Vehicle(s), and a signature.

| Clerk of Court | Class Counsel | Toyota's Counsel |
|---|---|---|
| United States District Court<br>Central District of California<br>411 West Fourth Street, Room 1053<br>Santa Ana, CA 92701-4516 | Steve W. Berman<br>Hagens Berman Sobol & Shapiro LLP<br>1918 Eighth Ave., Suite 3300<br>Seattle, WA 98101 | John P. Hooper<br>Reed Smith LLP<br>599 Lexington Avenue<br>22nd Floor<br>New York, NY 10022<br><br>J. Gordon Cooney, Jr.<br>Morgan Lewis & Bockius LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921 |

Class Members who intend to object at the Fairness Hearing must also have followed the procedures for objecting in writing as set forth in Paragraph 14.

18. The date and time of the Fairness Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court, on the Court's website, and/or the settlement website at www.toyotaelsettlement.com.

19. Any Class Member may hire an attorney at his/her/its own expense to appear in the Action. Such attorney shall serve a Notice of Appearance on Class Counsel and Toyota's Counsel listed in Paragraph 17 above so that it is received on or before **May 13, 2013** and file it with the Court on or before **May 13, 2013**.

### VII. STAY OF LITIGATION

20. Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement, all proceedings in the Actions, other than proceedings

- 11 -

necessary to carry out or enforce the Agreement or this Order, are stayed and suspended, until further order from this Court

21. Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Class), shall commence, continue or prosecute against any of the Released Parties (as that term is defined in the Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Agreement. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Actions. Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

## VIII. CLASS SETTLEMENT FUND

22. The Court finds that the Escrow Account is to be a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Escrow Account is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

(b)   The Escrow Account is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c)   The assets of the Escrow Account are to be segregated from other assets of Defendants, the transferor of the payment to the Settlement Funds and controlled by an Escrow Agreement.

23.   Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Defendants and the Class Action Settlement Administrator may jointly elect to treat the Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Escrow Account meets the requirements of Paragraphs 22(b) and 22(c) of this Order or January 1 of the calendar year in which all of the requirements of Paragraph 22 of this Order are met.  If such a relation-back election is made, the assets held by the Settlement Funds on such date shall be treated as having been transferred to the Escrow Account on that date.

### IX.   CONFIDENTIALITY

24.   Any information received by the Class Action Settlement Administrator, the Settlement Notice Administrator, or any other person in connection with the Settlement that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Class Counsel, Toyota, Toyota's Counsel, the Court and as otherwise provided in the Agreement.

### X.   OTHER PROVISIONS

25.   The Parties are authorized to take all necessary and appropriate steps to

1 | establish the means necessary to implement the Agreement.

26. The deadlines set forth in this Order, including, but not limited to, adjourning the Fairness Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members – except that notice of any such extensions shall be included on the Settlement website www.toyotaelsettlement.com. Class Members should check the Settlement website regularly for updates and further details regarding extensions of these deadlines.

27. Class Counsel and Toyota's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the Agreement, to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

28. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

**IT IS SO ORDERED.**

Dated: December 28, 2012

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE