# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** This Document Relates to: ALL ECONOMIC LOSS ACTIONS | **Case No. 8:10ML2151 JVS (FMOx)** **APPENDIX A:  TABLE OF OBJECTORS** |

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 1 | Abrazado, Charmain Fremont, CA | 2007 Scion TC Current owner[2] | Cash-in-lieu-of-BOS and CSP | No specific reason for objection given.  Was involved in an accident with another Toyota vehicle, and states that UA was involved, but it is unclear which vehicle accelerated.  Is concerned about driving a Toyota. Note:  **non-conforming objection** because proof of ownership not provided.[3] |

[1] The benefits identified herein are in addition to the Automobile Safety Research and Education Fund, which provides a benefit to all Class Members.

[2] "Current owner" or "former owner" also reference current and former lessees where relevant.

[3] Plaintiffs' Class Counsel provide short responses in red to many of the objections.  These responses are not intended to be comprehensive rebuttals, which are instead presented in Plaintiffs' reply brief.

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 2 | Anderson, Randy<br>Los Angeles, CA | 2007 FJ Cruiser<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Concerned about depreciation to his car due to "this widely publicized problem." He "loves" his car just wants to buy a new Toyota so his girlfriend won't be afraid to drive in his current one. Wants Toyota to help him get "priority financing," as his credit is not as good as it used to be. Doesn't care about a "$125 settlement check." Objection is without merit because he cannot show an economic loss.<br><br>Note: **non-conforming objection** because proof of ownership and VIN not provided. |
| 3 | Ashcom, Timothy<br>Enterprise, AL | 2009 Scion xB<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Believes that $125 based recovery is unreasonable. No support that providing him cost of BOS is outside realm of reasonable settlement.<br><br>Note: **non-conforming objection** because sent by e-mail and not provided to court, and because proof of ownership and VIN not provided. |
| 4 | Baker, Carolyn A.<br>Johnston, RI | 2007 Sequoia<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Her sole reason for objecting is that she has "never had any problems with my SUV." |
| 5 | Bandas, Robert[4]<br>McKinney, TX | 2007 FJ Cruiser<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Represented by attorney Timothy Hanigan. Objections:<br>1. There should be no *cy pres*. The *cy pres* is appropriately tailored to the issues.<br>2. BOS installation is not a benefit because Toyota was already offering the benefit before the settlement, it cannot be valued for purposes of awarding attorneys' fees, and is not an effective remedy. BOS is an obvious benefit – millions have had it installed and NHTSA wants to make it mandatory.<br>3. Subclasses should have been used because the relief is divided by seven "separate, uncertified and unrepresented subgroups." Subclasses were not needed – allocation can differ without subclasses. |

---

[4] Objectors highlighted in yellow are represented by counsel.

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| | | | | 4. The requested fees are excessive. *See* Fee Brief. |
| 6 | Boles, Angela Cold Spring, KY  Harris, Wayne Aspen, CO  Rainwater, Julie Little Rock, AR | 2010 Camry Current owner  2005 Tacoma Former owner  2008 Tundra Current owner | BOS and CSP  Payment from DV Fund  BOS and CSP | Represented by attorney Ben Barnow.  Objections: 1. Settlement fails to compensate for defective floor mats and related cost of replacing the mats.  His clients were in fact compensated, Toyota has been replacing mats and these claims were dismissed without his objection. 2. The Automobile Safety and Education Research Fund diverts funds away from Class Members.  The Fund is not a diversion from other settlement funds – it was separately negotiated. 3. Any funds remaining in the two cash settlement funds should be distributed to Class Members rather than contributed to the Automobile Safety and Education Research Fund.  The funds are being redistributed to Class Members. |
| 7 | Barretta, Lucy Rome, NY | 2009 Corolla Former owner  2010 Corolla Current owner | BOS and CSP on current 2010 Corolla, but not for 2009 Corolla that she sold | Traded in car prior to September 2009 and objects to the damage period beginning after her trade in.  No economic evidence for UA caused diminution before 9/2009.  Wants Toyota to pay her $640 for out-of-pocket expenses associated with an accident allegedly caused by UA.  Such damages were not capable of class-wide proof and the objection assumes the UA was caused by a defect. |
| 8 | Berkely, Joy Moroz, Lisa | 2010 RAV4 Current owner | BOS and CSP | Believes that the settlement should compensate for expected future loss in value when car sold or traded in.  There is no evidence of current or future economic loss.  Note:  **non-conforming objection** because proof of ownership not provided. |

| No. | Objector | Model/Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 9 | Bernstein, Jerome (Estate of) New York, NY | 2010 Corolla Former owner | Payment from DV Fund | Represented by attorney Joshua Bernstein.  Objections 1. Amounts in the DV Matrix are too low, and the matrix itself does not represent a measure of damages actually incurred.  A 42% recovery is not low. 2. Matrix does not consider damages to Class Members who experienced UA and sustained out-of-pocket damages.  Out-of-pocket damages were not sought as they could not be modeled on a class-wide basis. 3. No information is provided regarding the projected number of claims.  Information has been provided and checks will be mailed to all Class Members. 4. Class Members should be able to make individual showings of damage.  Allowing for individualized damages would defeat the purpose of a class. 5. Cash funds should be distributed in their entirety to the class and not spill-over into the Automobile Safety Research and Education Fund.  As noted by Plaintiffs' Class Counsel in the Opening Brief, we have been monitoring claim rates on a weekly basis, and now propose a supplemental distribution plan to pay as much cash out as possible. 6. It is unlikely that the BOS and CSP benefits will be realized by the class.  No expert support for this proposition, which ignores relevant case law. 7. BOS fund is insufficient.  BOS payments are calculated to meet the average cost of BOS. 8. The $30 million initial contribution to the Automobile Safety Research and Education Fund does not benefit the class.  This fund benefits all Class Members. 9. Any fee award in excess of 50% of lodestar should not be made until claims process is complete.  Virtually all of the monies will be distributed, thus, there is no basis to hold 50% of the fee. 10. Cost reimbursement request should be carefully reviewed. There is no legal or factual basis to question any of the costs. |

10172.25  611116v1

| No. | Objector | Model/Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 10 | Blake, Cindy<br>Riverton, UT | 2002 4Runner<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Wants BOS.  Toyota would not agree to BOS in older vehicles due to (1) these vehicles were not involved in the NHTSA floor mat recalls; (2) state of the art defense that BOS was not used in 2002; and (3) cost due to fact that older cars cannot be reflashed.<br><br>Note:  **non-conforming objection** because proof of ownership not provided. |
| 11 | Blake, Donna<br>Taylorsville, UT | 2002 Camry<br><br>Former owner | Nothing in addition to Automobile Safety Research and Education Fund | Insufficient compensation for her total loss.<br><br>Note:  **non-conforming objection** because proof of ownership and VIN not provided. |
| 12 | Bouganim, Hara Ann<br>Washington, D.C. | 2002 Prius<br><br>Current owner | CSP for current vehicle but not former. | Believes should be compensated for alleged loss incurred upon trading in vehicle after the damage period.  No economic evidence supports post-damage period economic loss. |
| 13 | Cakarcan-Sbabo, Gamze<br>Los Angeles, CA | 2005 Corolla<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Is dissatisfied with settlement payment and appears to want Toyota to reimburse him for costs of repossessing vehicle.  As a current owner, has no economic loss from UA. |
| 14 | Campos, Manuel & Yenisei<br>Orlando, FL | 2006 Camry<br><br>Former owner | Nothing in addition to Automobile Safety Research and Education Fund | Object to December 31, 2010 damage period cutoff.  Cutoff is supported by expert testimony. |
| 15 | Falls Auto Gallery and Tracy Sivillo<br>Pepper Pike, OH | 15 vehicles | Cannot determine because unknown whether currently owned or sold vehicles | Represented by attorney Sam Cannata.  Objections<br>1. Notice did not state express amount of attorneys' fees that would be requested.  Notice adequately notified fees would be $200 million.<br>2. Notice of details contained in the fee petition filed on April 23, 2013 was not sent to all Class Members as required by Rule 23(H).  Notice was adequate.<br>3. Should be permitted to review all time records.  No purpose would be served by time record review, and this would undermine |

10172.25  611116v1

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| | | | | the Ninth Circuit's percentage-of-the-recovery approach. 4. Any reduction in fees awarded should go to class and not Automobile Safety Research and Education Fund.  All efforts are being used to pay cash to the class.  Any reduction in fees that goes to the Fund benefits the class. 5. Believes it is untrue to say that attorneys' fees awarded separately do not reduce the value of settlement benefits available to the class.  No basis for this assertion. 6. Fees should be no more than 15% of the cash portion of the settlement and 3% for additional injunctive relief.  Responded to in the Fee Brief. 7. Incorporates, without citing, all other objections made to the settlement.  Blanket objection joinder is improper and should be stricken.<br><br>Note:  **non-conforming objection** because proof of ownership not provided. |
| 16 | Carpenter, Darrel L. Mount Perry, OH | 2005 Tacoma<br><br>Current owner | BOS and CSP | Objects that notice does not include a sufficient "outreach" to the disabled and handicapped.  Concerned that notice printing was not legible for the elderly.  Also wants funding for "research of automotive safety and awareness for the disabled or handicapped driver."  Other than this one objection no other disabled person has complained about notice.  The suggested research is not tied to the issues in the case.<br><br>Note:  **non-conforming objection** because proof of ownership not provided. |
| 17 | Clinch, Peter Duxbury, MA | 2007 FJ Cruiser<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Appears to object to class actions.<br><br>Note:  **non**-conforming objection because proof of ownership not provided. |
| 18 | Ranieri, Ameila Brigantine, NY | 2007 Lexus ES350 Former owner | Nothing in addition to Automobile Safety | Represented by attorney George Cochran.  Objections 1. Experienced UA and sold outside of damage period but will be uncompensated by the settlement.  This owner has a lawyer who |

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
|  | Huang, Housan Columbus, OH | 2005 Camry Former owner | Research and Education Fund | can represent her interests in seeking additional amounts.  She will in fact be compensated with an allowed loss of $395.  She wants $2,668. <br> 2. Any amounts remaining after payment to qualified claimants should be distributed pro rata to claimants with documented losses outside of damage period.  The damage period is supported by an economist and does not require proof of a defect.  For losses outside the period, Toyota would contest liability because the damage alleged in such claims is dependent on a UA, rather than market reaction to UA on a broad basis, which was the basis for the Diminished Value Fund. <br> 3. No compensation for those experiencing a UA, tried to terminate lease early, but were refused.  Her UA incident occurred on April 13, 2010.  By her own calculation she is entitled to $395. <br> 4. Should not be required to provide VIN# when objecting. <br> 5. Objectors should receive $100 per hour for work objecting. Why should objectors be paid for time that produces nothing of value? <br> 6. Release fails to make clear that Class Members can appeal any final order of the Court.  Unintelligible. <br> 7. "Class Members are expected to waive rights about which they have no current knowledge."  Unintelligible. <br> 8. 25,000 opt-out threshold is unfair.  Moot point given that there are not 25,000 opt outs (there are approximately 1,900). <br> 9. Fee percentage requested is too high for a megafund case. Addressed in Fee Brief. <br> 10. An independent auditor should review all time and expense records.  Cites not a single case or reason for an auditor; would also undermine Ninth Circuit's percentage-of-the-recovery approach. |
| 19 | Colburn, Deborah Trussville, AL | 2009 Tacoma <br><br> Current owner | BOS and CSP | Believes attorneys' fees are excessive.  Addressed in Fee Brief. |

10172.25  611116v1

**69**

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 20 | Compton, Louis Robert Stuart, FL | 2006 Camry<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Seems to suggest that settlement amount is insufficient. |
| 21 | Cooper, Robert Tulsa, OK | 2009 Corolla<br><br>Current owner | BOS and CSP | 1. Counsel have designed the proposed settlement in order to maximize fees while minimizing payout to the class.  Counsel has worked hard and will accomplish a payout to the class.<br>2. Class Members should not have to read the notice in order to determine that they must file a claim to receive compensation.  The notice complies with Rule 23.<br>3. The Automobile Safety Research and Education Fund provides no value.  The notion that research by five esteemed institutions is of no value to safety is far-fetched.<br>4. BOS provides no value.  If BOS was of no value why is NHTSA proposing it for all vehicles?<br>5. Fee should be reduced and based on only the $250,000,000 cash payout.  No factual basis to not value BOS and parts program. |
| 22 | Copeland, Christi Hoover, AL | 2004 4Runner<br><br>Current owner | BOS and CSP | Attorneys' fees are too high.  Addressed in Fee Brief. |
| 23 | Daniel, James Cotulla, TX | 2009 Prius<br><br>Current owner | CSP | Represented by attorney Joseph Dunn.  Objection is to release being overbroad, which would extinguish claims in the *Prius Hybrid Brake Class Action*.<br>(Note:  copies Gelber objection)<br>The release was not intended to and does not release these claims.<br><br>Note:  **non-conforming objection** because proof of ownership not provided. |

10172.25  611116v1

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 24 | Dannemiller, Barbara Shelby, OH | 2006 Tundra<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Cash component of settlement should be eliminated. Every class vehicle should receive BOS and a CSP for the usable life of the vehicle. Eliminating cash is unfair to those who sold at a loss.<br><br>Note: **non-conforming objection** because proof of ownership not provided. |
| 25 | Davis, Sidney Delray Beach, FL | 2002 Camry<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Cars not eligible for BOS should receive BOS.<br><br>Cars with pedal entrapment problems identified by NHTSA were subject to the BOS relief. Toyota would not BOS older cars due to cost and liability defenses as to the state-of-the-art for BOS in 2002. |
| 26 | Ducote, Dan Beaumont, TX | 2010 Sequoia<br><br>Current owner | Cash-in-lieu-of-BOS and CSP. | Attorneys' fees should be lower.<br><br>Addressed in Fee Brief. |
| 27 | Egge, Brian Ridgefield, CT | 2008 Prius<br><br>Current owner | CSP | Objects to settlement on the basis that it "will eventually be paid by future purchasers of Toyota vehicles." |
| 28 | Evans, John Woodinville, WA | 2000 Tundra<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | "[P]roposed monetary award does not remedy the damages and financial cost associated with attempting to repair my vehicle." Old vehicle, not a strong case that Toyota had knowledge of UA issues in 2000. |
| 29 | Everitt, Deborah Williamsburg, VA | 2005 Prius<br><br>Current owner | CSP | Believes she should be reimbursed $1400 for the full cost of recently replacing throttle body assembly. No proof that any class member is entitled to replacement of the throttle body.<br><br>Note: **non-conforming objection** because proof of ownership not provided. |

| No. | Objector | Model/Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 30 | Ezenwa, Austin | 2006 4Runner<br><br>Current owner | BOS and CSP | Settlement amount is inadequate.  A current owner has no recognized economic loss.<br><br>Note:  **non-conforming objection** because proof of ownership not provided. |
| 31 | Gelber, David | 2006 Prius<br><br>Current owner | CSP | Represented by attorney Paul Paradis.  Objection is to release being overbroad, which would extinguish claims in the *Prius Hybrid Brake Class Action*.  Release does not attempt to release these claims. |
| 32 | Gerwer, Alex<br>California | 2005 Prius<br><br>Current owner | CSP | Objects to the CSP.  "[I]f the Toyota folks have not addressed the problems with my Prius for the last seven years, how do you think I benefit from having an extension of the service they offer?"  Mr. Gerwer has an ongoing history with Toyota.  There is no reason to believe company will not provide CSP.<br><br>Note:  **non-conforming objection** because sent by e-mail and not provided to Court, and because proof of ownership and VIN not provided. |
| 33 | Gibson, Dennis<br>Dallas, TX<br><br>Cozby, Laura<br>Dallas, TX | 2006 Lexus GX; 2010 Lexus RX;<br><br>2007 Lexus RX<br>Current owner | Unclear whether he still owns them<br><br>Cash-in-lieu-of-BOS and CSP | 1. Recovery should be permitted outside of damage period.  Damage period is supported by economist.<br>2. All Class Members should be compensated before any *cy pres* distribution is made.  Plan of distribution provides that.<br>3. Settlement class does not satisfy Rule 23 criteria.  Court has addressed in preliminary approval order. |

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 34 | Gikas, Olga Jacksonville, FL | 2007 Camry Hybrid<br><br>Former owner | Nothing in addition to Automobile Safety Research and Education Fund | Traded in 2007 Camry for a Lexus in March of 2011 and thinks it is unfair that she missed the damage period by only three months. Damage period is supported by economic evidence.<br><br>Note:  **non-conforming objection** because sent by e-mail and not provided to Court and because proof of ownership and VIN not provided. |
| 35 | Goodrow, Rita Linn Creek, MO | 2010 Prius<br><br>Cannot determine whether current or former owner | Cannot determine from the letter. | Not specified. |
| 36 | Green Taxi Missoula, MT | 2006 Prius<br><br>Current owner | CSP | Represented by attorney Michael Luppi.  Objections:<br>1. Automobile Safety Research and Education Fund is not a benefit to the class but is to the public as a whole.  Fund benefits all Class Members even if it also indirectly benefits others.<br>2. The $30 million should be distributed directly to Class Members.  The $30 million benefits former owners who have no other remedies.<br>3. Attorneys' fees should be reduced as a result of diverting $30 million into cy pres.  There is no diversion.<br>4. Attempts to incorporate all other filed objections.  Blanket objection joinder is improper and should be stricken. |
| 37 | Howard, Nantawan Hinesville, GA | 2009 Lexus IS250C<br><br>Current owner | BOS (if not a Hybrid) and CSP | Attorneys' fees should be reduced and payouts to the class increased.  Addressed in the Fee Brief.<br><br>Note:  **non-conforming objection** because proof of ownership and VIN not provided. |

- 11 -

**73**

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 38 | Jackson, Donald & Debra Orange, CA | 2004 Camry Solara; 2007 Camry Solara Current and former owner | Cash-in-lieu-of-BOS CSP for current 2007 vehicle but not for former vehicle | Alleges that 2004 Camry was in a UA accident and was "totaled" on 8/17/09 and objects that the damage period does not begin until 9/1/09.  Objects that 2007 Solara is not eligible for BOS.  The damage period was calculated by analyzing market prices and the reaction of such prior to UA publicity. <br><br> Note:  **non-conforming objection** because proof of ownership not provided. |
| 39 | Joseph, Joy Karotukunl New York, NY | 2009 Camry Current owner | BOS (if not hybrid) and CSP | Appears to believe that settlement is insufficient and demands replacement of her vehicle and $50,000 in compensation.  No legal or factual basis for such relief exists. |
| 40 | Juan, Victorino Anaheim, CA | 2010 Camry Former owner | Unclear because date of disposition not provided | Objects because believes that his increased maintenance costs in the amount of $475.02 should be paid.  No legal or factual basis for such relief exists. |
| 41 | Ledbetter, Kennon & Kim Trinity, AL | Not identified | Cannot determine from letter | Objects to the case as being frivolous. <br><br> Note:  **non-conforming objection** because proof ownership, model, and VIN not provided. |
| 42 | Lombardi, Anthony | Un-named Lexus Current owner | Cash-in-lieu-of-BOS (if not a Hybrid) and CSP | Paid $1,300 to replace throttle body and idle air control after "vehicle ran very roughly and then suddenly failed to start." (Note: issues not invoked in the lawsuit.)  Believes the "proposed amount of coverage is grossly inadequate considering the very high charges levied by Toyota in effecting the repair" and that the compensation "should reflect my actual loss."  No basis that the repairs were caused by UA. <br><br> Note:  **non-conforming objection** because sent by e-mail and not provided to Court, and because proof of ownership, model, and VIN not provided. |

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 43 | Lowe, Janette R. Raleigh, NC | 2010 Yaris<br><br>Current owner | Cash-in-lieu-of-BOS (if not a Hybrid) and CSP | Believes that BOS should be available for 2010 Yaris. 2010 Yaris was not involved in the floor mat recall.<br><br>Note: **non-conforming objection** because proof of ownership and VIN not provided. |
| 44 | Mehdiratta, Sharda Sugar Land, TX | Lexus ES-300<br><br>Former owner | Nothing in addition to Automobile Safety Research and Education Fund | Objects to ending damage period on December 31, 2010. Had a UA and traded in vehicle in February 2011 at a loss. There is no class-wide evidence of diminution in 2/2011 due to UA. If he presented his UA to NHTSA or Toyota, he is entitled to compensation.<br><br>Note: **non-conforming objection** because proof of ownership not provided. |
| 45 | Murray, Donna St. Clairsville, OH | 2005 Camry<br><br>Current owner | Cash-in-lieu-of-BOS (if not a Hybrid) and CSP | Does not believe that the CSP "adequately protects low mileage owners." Asks that the CSP "contain a minimum mileage that must be achieved [regardless of how many years it takes] before a car can be excluded from ETCS repair and replacement services." "75,000 miles would be fair." CSP terms were subject of vigorous negotiation. Toyota would not agree to unlimited time period – no auto company has agreed to such. |
| 46 | Neumann, Erich Miami Beach, FL | 2008 FJ Cruiser<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Attorney representing self. Objections:<br>1. Objects to any residuals in the fund going to pay Toyota's advancement of admin and notice costs. No legal basis for such an objection.<br>2. Notice contains no estimates of participation rates and, therefore, Class Members cannot make a reasonable determination of whether to request exclusion. A class member need only to look at what he or she may receive. What others do is irrelevant.<br>3. Toyota should actively identify BOS. When these vehicles are brought in for service they will receive BOS installation.<br>4. Time to elect BOS should not be capped at two years. No basis for extending more than two years.<br>5. Believes BOS is essentially a coupon settlement because Class Members are forced to accept BOS and are not afforded a cash |

- 13 -

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| | | | | option.  It is not a coupon because one does not have to spend money to obtain the benefit.  Further, a principle of the settlement is that safety is more important than cash so if a safety measure is available it's mandatory. <br> 6. Does not believe CSP provides value.  Plaintiffs' expert states otherwise. <br> 7. Automobile Safety Research and Education Fund provides no benefit to Class Members.  Already addressed. <br> 8. Short-form notice was not provided to Class Members eligible only for cash-in-lieu-of-BOS payments.  Notice was mailed to such. <br> 9. Settlement Agreement's provision for notice to relevant state and federal officials is vague and does not specify Attorneys General.  Settlement complies with CAFA. <br> 10. Objects to use of claim forms when Class Members can be identified in Polk data.  Because Polk data is incomplete the first effort was claims made. <br> 11. Release is overbroad and includes claims unrelated to UA; also objects to California statutory waiver.  Release is tailored to the UA case. <br> 12. Notice does not specify the precise amounts that class reps will receive.  The notice provided a range of amounts.  A class member need only then log on to the website to determine the exact base amount. <br> 13. Fee request is excessive and any reduction in fees should go to the class and not the Automobile Safety Research and Education Fund.  Addressed in Fee Brief. <br> 14. Class rep incentive awards should not be based on an hourly amount.  This hourly procedure has been followed by several courts.  It is a method of tailoring awards to time spent on the matter. |
| 47 | Parnell, Carolyn Greenville, SC <br><br> Current owner | 2002 Camry | Cash-in-lieu-of-BOS and CSP | Unclear but appears to object to settlement amount. |

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 48 | Carpenter, David<br>Las Vegas, NV | 2002 Camry;<br>2006 Avalon<br>Current owner | Cash-in-lieu-of-BOS and CSP;<br>BOS and CSP | Represented by attorneys John Pentz and Edward Cochran.<br>Objections:<br>1. States that would preclude recovery for non-manifested defects are included in the allocation.  There is no state where one can say with 100% certainty that the highest court of the state would not allow any recovery. |
|  | Tyler, Vondell<br>Port Neches, TX | 2010 Lexus ES 350; 2002 Lexus ES300<br>Current and former owner | BOS and CSP; unclear for 2002 car b/c do not know when sold or returned | 2. OH and PA were incorrectly assigned to non-manifestation category.  Our legal analysis is to the contrary.<br>3. Unclear states should receive no more than 50% of their claims instead of 70%.  A disagreement with the allocation decision is not a basis for an objection. |
|  | Piazza, Jill<br>Lumberton, TX | 2003 Corolla<br>Current owner | Cash-in-lieu-of-BOS and CSP | 4. Plan of Allocation is ambiguous and does not explain how Class Members who move are treated.  The Plan of Allocation has been administered to give a class member the highest payment. |
|  | Piazza, Betty<br>Beaumont, TX | 2010 Corolla<br>Current owner | BOS and CSP | 5. Attorneys' fees excessive and should not be more than 20% of the cash funds.  Addressed in Fee Brief. |
|  | Piazza, Stephen<br>Lumberton, TX | 2002 Tundra<br>Current or former owner | Unclear |  |
| 49 | Pepski, Jeffrey<br>Plymouth, MN | Lexus ES350<br><br>Former owner | Nothing in addition to Automobile Safety Research and Education Fund | Incurred UA and sold vehicle outside of the damage period and objects to recovery being limited to the damage period.  He is eligible under the Plan of Allocation to make a claim because he did report UA to a Toyota dealer.  Note:  says he is a class representative but is not; is an "OSI" who had deposition taken. |
| 50 | Rodman, Scott<br>Shoreline, WA | 2003 Lexus ES 300<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Checked with Lexus dealerships to determine costs to repair defective Accelerator Assembly ($1,468.51), Engine Control Module ($1,575.20) and Cruise Control Switch ($446.85).  Believes "these repair costs should also be included in the Settlement Court Consideration."  A 2003 owner would face a huge challenge winning liability given the number of UA claims in 2003.  Unlikely Court would order this relief. |

10172.25  611116v1

| No. | Objector | Model/Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 51 | Rollins, David<br>Baton Rouge, LA | 2009 Prius and prior 2005 Prius<br><br>Former and current owner | CSP for current 2009 Prius. Uncertain for prior 2005 Prius – no info given for when that car was sold or traded-in. | Has not had any problems related to SUA and objects to the lawsuit.<br><br>Note:  **non-conforming objection** because sent by email and not provided to Court, and because proof of ownership not provided. |
| 52 | Saba, Robyn & Charles<br>Methuen, MA | 2008 Avalon<br><br>Unclear whether current or former owner | BOS and CSP (if currently own vehicle; unclear) | Represented by attorney Andrew Garcia.  The consideration is insufficient to compensate those who actually had UA events. Was a plaintiff if one of the cases consolidated by the MDL panel. They had a SUA event (but no accident) and subsequently asked for and apparently received from their Toyota dealer a gas pedal recall and a "smart" brake that was supposed to put their transmission into neutral when it sensed simultaneous braking and accelerating (sounds like something different than BOS). |
| 53 | Senatore, Henry & Eileen<br>Hanover, PA | Unstated | Unclear | If there is a defect in the ETCS it should be fixed instead of offering a brake override.  Attorneys' fees too high compared to recovery for the class.  Whether there is a defect in ETCS on a class-wide basis is hotly contested.  Those who sold at a loss are compensated.  For those who own, obtaining an ETCS fix was a risky proposition on many levels.  The BOS compromise enhances safety.<br><br>Note:  **non-conforming objection** because proof of ownership, model year, and VIN not provided. |
| 54 | Smith, Ruby<br>Hampton, VA | 2005 Avalon<br><br>Current owner | BOS and CSP | Believes that unsafe cars should be pulled from the road and that she deserves compensation.<br><br>Note:  **non-conforming objection** because posted after the objection deadline. |

10172.25  611116v1

**78**

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|-----|----------|-------------|----------------------|----------------------|
| 55 | Snyder, Roger Bethesda, MD<br><br>Weeks, Linton Stone North Bethesda, MD | 2006 Prius; 2007 Avalon Current owner<br><br>2007 Prius; 2010 Prius Current and former owner | BOS for Avalon and CSP for both<br><br>CSP for both | Represented by attorney Mark Chavez.  The $15 million driver education and information portion of the Automobile Safety Research and Education Fund does not conform with Ninth Circuit standards for *cy pres* because they related to driver behavior and not to the purposes of consumer protection and warranty statutes, which are to protect consumers from defective products.  Addressed at length in Reply Brief. |
| 56 | Thomas, Ann Schaumburg, IL | 2002 Lexus LS<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Objects that BOS is not available for her car.  It should be made available for all cars covered by the settlement.  BOS was provided to vehicles associated with the floor mat recall.  For a 2002 vehicle, Toyota could mount a considerable state-of-the-art defense and no knowledge in 2002 of any UA defect trend defense. |
| 57 | Trump, Stephen Hurst, TX | 2008 Tacoma<br><br>Former owner | Nothing in addition to Automobile Safety Research and Education Fund | Traded vehicle in just after damage period and objects to ending the damage period on December 31, 2010.  Ending period is supported by economic evidence. |
| 58 | Walter, Andrew Bloomington, IL | 2009 RAV4<br><br>Current owner | BOS and CSP | Objects to attorneys' fees being excessive compared to recovery to class.  Addressed in Fee Brief. |
| 59 | Waltman, Lora Louise El Cajon, CA | 2009 RAV4<br><br>Current owner | BOS and CSP | Had an SUA accident in 2011, resulting in almost $2,200 in damage repairs and rental car cost, as well as "some bruises."  She wants "justice."  Does not state what she means by that but appears to want to be fully compensated for her expenses.  Her injuries are not released and she can join the personal injury side of the case. |

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 60 | Wenzel, Donald & Mary Ann Falmouth, KY | 2005 Camry  Former owner | Nothing in addition to Automobile Safety Research and Education Fund | Traded vehicle in just after damage period and objects to ending the damage period on December 31, 2010.  <span style="color:red">Economic evidence supports the damage period.</span> |
| 61 | Williams, Pamela Marrero, LA | Lexus ES350  Former owner | Nothing in addition to Automobile Safety Research and Education Fund | Traded vehicle in after damage period and objects to ending the damage period on December 31, 2010.  <span style="color:red">Economic evidence supports the damage period.</span>  <span style="color:red">Note:  **non-conforming objection** because proof of ownership not provided.</span> |
| 62 | Nelson, Isaiah Dallas, TX | 2008 Camry  Current owner | BOS and CSP | Paid out-of-pocket for a repair related to UA and believes it should be reimbursed as part of the settlement. |
| 63 | Tuzzo, Michael Middle Village, NY | 2006 Avalon  Former owner | Payment from DV Fund | Believes that his estimated base recovery of $981 for trade-in of car during the damage period should be higher.  <span style="color:red">Recovery amounts are based on expert analysis.</span> |

- 18 -

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 64 | Roberts, Eileen Athens, TX

Patel, Jagubhai Athens, TX

Collins, Candice Pulaski, VA | 2008 Solara Current owner

2006 Sienna Current owner

2005 Scion TC Current owner | BOS in lieu of cash and CSP

BOS in lieu of cash and CSP

BOS in lieu of cash and CSP | Represented by attorney Jeffrey Weinstein.  Objections: 1. Settlement class cannot be certified because plaintiffs Baldiserri, Seamons, Graham and all Class Members who retained their vehicle after December 31, 2010 and did not experience a UA defect do not have Article III standing to bring claims.  Such plaintiffs have standing to pursue existing defect case. 2. Class reps and class counsel are not adequate because they agreed to a *cy pres* component of the settlement.  The existence of *cy pres* does not render counsel inadequate. 3. Money otherwise earmarked for the Automobile Safety Research and Education Fund should be distributed directly to Class Members.  The education fund is not *cy pres* and is a distinct fund benefitting the class. 4. *Cy pres* component is defective because it does not identify the recipients of the money; fails to address the objectives of the underlying statutes; and does not provide reasonable certainty that any member will be benefitted.  The recipients are identified and the purpose tailored to the issues in the case. 5. Fee request should be denied in its entirety because class counsel breached fiduciary duties owed to the class by agreeing to a *cy pres* component of the settlement.  No "breach" has occurred. |

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|-----|----------|-------------|---------------------|---------------------|
| 65 | Guerriero, Gary & Rebecca<br>Louisville, CO | 2008 Scion XB<br><br>Current owner | Cash-in-lieu-of-BOS and CSP | Represented by attorneys Steve Miller, John Kress, and Jonathan Fortman. Objections:<br>1. Division of jurisdictions into three allocation categories not sufficiently explained. The division is explained in the Plan of Allocation.<br>2. Allocation Plan does not apply to DV Fund. It does apply to DV.<br>3. Unclaimed funds in both funds should not be used to help Toyota defray notice costs and should not go to cy pres. Such payment was part of the give and take of the negotiation.<br>4. Checks should be sent to those claimants to the DV Fund who previously complained to Toyota. Those who did complain of UA can make a claim.<br>5. The proposed Automobile Safety Research and Education Fund does not comply with Ninth Circuit cy pres standards. The Fund is not cy pres. If cy pres flows into the Fund, the cy pres was tailored to the issues in the case.<br>6. The CSP has no value to those who will not need it, and most will not, given that Toyota cars are dependable. No expert analysis supports this claim of no value.<br>7. Class Members should not be required to complete claim forms to receive money, and checks should be sent them using data in Toyota's possession. Due to imprecision of the data, the first step was to send notice.<br>8. BOS installation is akin to disfavored coupon settlement in Toyota's favor, and Class Members should be able to have BOS installed at any auto shop that is certified to work on Toyota vehicles. Court should refrain from establishing a value for the BOS program until it is determined how many Class Members utilize it. There was a high participation rate in the non-court ordered BOS. Here when cars are brought in to a dealer they will receive BOS, so participation will be high.<br>9. Attorneys' fees amount is the result of a collusive agreement; CSP and BOS installation program should not be considered in awarding fees; and fees should only be awarded based on the $500 million cash funds and at an amount less than $200 million. There is not a drop of evidence of collusion. |

- 20 -

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 66 | Howell, Brenda Tustin, CA  Morrison, Clarence Bryson, TX | 2005 Camry Current owner  2005 Prius purchased Nov. 24, 2012 Current owner | Cash-in-lieu-of-BOS and CSP  CSP | Represented by attorney Mathew Kurilich.  Objection: Attorneys' fees requested are excessive and should only be in the range of 5-10% of the settlement fund.  Addressed in the Fee Brief. |
| 67 | Serafino, Victor Dallas, TX | 2008 Lexus ES350  Current owner | BOS and CSP | Represented by Timothy Hanigan.  Objections: 1. No monies should go to *cy pres*.  There is nothing improper as a matter of law with *cy pres*. 2. BOS program should not be considered in valuing the settlement because it was already offered by Toyota.  Toyota was not providing BOS to the 2.9 million that will now receive it. 3. BOS program should not be considered in awarding attorneys' fees because there is no evidence that the class values the BOS and BOS does not fix the defect.  Any reasonable consumer would value BOS. 4. Settlement divides relief into seven separate groups that should have been subclasses with separate representation.  No need for separate representation for an allocation issue. 5. The fee request is excessive at 29% of the $500 million value of the settlement.  Addressed in Fee Brief. |
| 68 | Leonard, Lorraine Salem, MA | 2004 Camry  Unclear whether current or former owner | Unclear because not stated whether vehicle is currently owned | Had an accident allegedly caused by UA and believes the settlement payouts should be higher.  Note:  **non-conforming objection** because proof of ownership not provided. |
| 69 | Richter, Susan White Plains, NY | 2005 Camry  Current owner | Cash-in-lieu-of-BOS and CSP | Believes that "the settlement is a green light for Toyota to continue putting cars on the market before adequately testing for safety . . . ." |

10172.25  611116v1

**83**

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 70 | Pattaniak, Ladukesh Laguna Niguel, CA | 2008 Lexus LS  Current owner | Cash-in-lieu-of-BOS and CSP | Alleges was in an accident caused by UA and believes he should receive more money. Class member is free to file a personal injury or property damage claim. |
| 71 | Murrell, Sheila Lebanon, KY | 2005 Camry  Former owner | Nothing in addition to Automobile Safety Research and Education Fund | Sold vehicle in November 2011 and wants a refund of full purchase price. No economic or legal basis for such relief exists. |
| 72 | Cirillo, Patricia Groton, CT | 2003 Camry  Current owner | Cash-in-lieu-of-BOS and CSP | Believes should be compensated for full cost of repairs stemming from accident allegedly caused by UA. Economic damages are diminution in value. If she presented her UA to Toyota, she can receive compensation. |
| 73 | Gilland Roby, Erin Columbia, Maryland | 2005 Prius | CSP | Objects because her name is listed incorrectly in settlement database and because she believes attorneys' fees are too high.  Note:  **non-conforming objection** because proof of ownership not provided. |
| 74 | Ray, Chaitali Kirkland, WA | 2005 Corolla | Cash-in-lieu-of-BOS and CSP | Believes settlement payment should be higher and include repair costs that he allegedly incurred as a result of an accident stemming from UA.  Note:  **non-conforming objection** because postmarked (May 20, 2013), after the objection deadline. |

| No. | Objector | Model/ Year | Eligible Benefits[1] | Reason For Objection |
|---|---|---|---|---|
| 75 | Lin T. Ly Oceanside, CA<br><br>Margaret Strohlein San Diego, CA | 2007 Scion Current owner<br><br>2005 Camry Former owner | Cash-in-lieu-of-BOS and CSP<br><br>Unclear because no information provided as to timing of disposition | Represented by Joseph Darrell Palmer.  Objections:<br>1. Settlement does not treat Class Members fairly because it "affords less benefit to the economic loss Class Members and is not equitable."  The settlement is equitable.<br>2. The notice does not adequately explain benefits to Class Members because it does not provide the number of Class Members who are (i) economic loss Class Members, (ii) entitled to cash-in-lieu-of-BOS payments, and (iii) reside in non-manifestation states, manifestation states, and unclear states and, consequently, Class Members cannot realistically determine the amount of payment they can expect if they make a claim.  The notice provides a range of potential outcomes, Class Members can obtain the actual base amount on the website.<br>3. The attorneys' fee request is excessive.  Addressed in Fee Brief.<br>4. The Automobile Safety Research and Education Fund violates Ninth Circuit *cy pres* law.  The fund is not *cy pres*, and if it were, it complies with the law.<br>5. Attempts to incorporate all other objections generally and Ben Barnow's objections in particular.  Blanket objection joinder is improper and should be stricken.<br><br>Note:  **non-conforming objection** because model and year of Subject Vehicle not identified. |
| 76 | Mingduan Lin Lilburn, GA | 2009 Corolla Current owner | BOS and CSP | Appears to object to the car not being safe and wants "to get away from this car." |

- 23 -