# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| In Re: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>All Personal Injury, Wrongful Death and Property Damage Cases | Case No. 08:10-ML-2151 JVS (FMOx)<br><br>**ORDER ESTABLISHING INTENSIVE SETTLEMENT PROCESS AND <u>SETTING HEARING</u>** |

Presently before the Court is a Joint *Ex Parte* Motion and supporting Memorandum of Points and Authorities filed by Plaintiffs' Co-Lead Counsel for the Personal Injury/Wrongful Death Cases, members of Plaintiffs' Liaison Counsel Committee for the Personal Injury/Wrongful Death Cases, and counsel for Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively, the "Parties") for an order approving the establishment of an intensive settlement conference and mediation protocol (the "Intensive Settlement Process" or "ISP").  The Parties agree, and the Court grants, initial approval to the Intensive Settlement Process, as described below.  The Court hereby sets a hearing for any comment, prior to the formal initiation of the Intensive Settlement Process, for January 14, 2014 at 9:00 a.m. in the courtroom of the undersigned.  Any comment from plaintiffs shall be filed no later than January 8, 2014 with any reply by the Parties to be filed no later than January 11, 2014.  The previously-appointed Settlement Special Master, Patrick A. Juneau, shall send an initial informational package on the ISP to all counsel of record for cases subject to this order by December 23, 2013.

Participation in the Intensive Settlement Process is open to all plaintiffs and is subject to the provisions of Amended Order No. 25: Common Benefit Order (Dkt. 3754).  Under the Intensive Settlement Process, all parties, including, but not limited to plaintiffs, Toyota Motor Corporation and Toyota Motor Sales, U.S.A.,

Inc., in each of the respective personal injury/wrongful death and property damage cases in these proceedings in which Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. is/are defendants shall be required to participate in the two-stage Intensive Settlement Process as ordered herein. The participants shall use their best efforts and participate in good faith to resolve the cases during this Intensive Settlement Process, which is described below as follows:

## I.     First Stage: Settlement Conference

The first stage of the Intensive Settlement Process is attendance at an informal settlement conference among all parties and their counsel in each respective personal injury, wrongful death and property damage case. Plaintiffs' counsel and counsel for Toyota shall timely meet and confer to discuss a list of cases to participate in the settlement conference and a mutually convenient time, date, and location. The Parties shall schedule settlement conferences, commencing in February 2014 and regularly thereafter. Cases set for trial as bellwethers and cases included in the bellwether discovery pool shall have priority in the Intensive Settlement Process.

Counsel for each plaintiff shall be present in-person and must have full authority from their client who shall be readily available by telephone. Counsel for Toyota and other defendants shall also attend in-person. A representative from Toyota and other defendants shall not be required to attend, provided that counsel

for Toyota and other defendants have full authority to resolve the plaintiff's case. In addition, Toyota's and other defendants' representative(s) shall be readily available by telephone, if circumstances for that particular settlement conference require assistance.

**II.   Second Stage: Mediation**

Cases that do not resolve during the initial settlement conference shall be set for a formal mediation.  Counsel for Toyota shall seek to schedule mediations, subject to meeting and conferring with the Settlement Special Master, Plaintiffs' counsel and other defendants' counsel for mutually convenient times and dates on a recurring basis.

Plaintiff(s) shall be present in-person (subject to Settlement Special Master-approved accommodations) along with counsel.  Counsel for Toyota and other defendants shall also attend in-person.  A representative from Toyota and other defendants shall not be required to attend, provided that counsel for that defendant has full authority to resolve the plaintiff's case.  In addition, Toyota's and other defendants' representative(s) shall be readily available by telephone, if circumstances for that particular mediation require assistance.  The Settlement Special Master or his designee shall mediate these cases.

For this streamlined mediation process, counsel for the attendees shall each submit confidential statements solely to the Settlement Special Master on a date to be determined by the Settlement Special Master.  The Settlement Special Master shall determine, after conferring with the Parties, the length of the confidential mediation statements and the permissible number of exhibits attached thereto.  As part of this streamlined mediation process, the attendees may each make opening presentations, but there shall be no live witness testimony.

Cases that are not resolved during this process shall be placed on an active calendar and/or remanded back to their originating court for trial under the appropriate Rules of Court, after a proper motion has been made and a decision rendered.

**III.    Stay of Proceedings**

During the entirety of this Intensive Settlement Process, up to and including decisions on any motions to remand or entry of case management orders for a particular case, all pretrial, discovery and related activity shall be stayed for the cases subject to this Order unless and until the Settlement Special Master certifies that the parties for a specific case have complied with the requirements of this Intensive Settlement Process.

In addition, the bellwether trial process shall be suspended, including, but not limited to discovery and motion practice, during this Intensive Settlement Process, unless and until the Settlement Special Master certifies that the parties for that case have complied with the requirements of this Intensive Settlement Process.  The Parties will meet and confer with the Settlement Special Master in an effort to reach agreement on a joint case management order.  However, with respect to a case that is not previously set for trial and is not resolved pursuant to this Intensive Settlement Process, a case management order shall be issued allowing at least nine (9) months between the ending of the Intensive Settlement Process for that case and the trial of that case.  If a case was previously set for trial, the case shall be set for trial no sooner than the period of time that exists from the date of the stay to when it was previously set, but in no event shall this period of time be less than four (4) months from the ending of the Intensive Settlement Process for that case and the beginning of trial in that case(s).

The ISP described in this Order is subject to amendment on good cause shown, if necessary, to address exigent circumstances in a particular case.

**IT IS SO ORDERED.**

DATED:  December 12, 2013

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

-5-
[PROPOSED] ORDER ESTABLISHING SETTLEMENT CONFERENCE AND MEDIATION PROTOCOL