THOMAS J. NOLAN (CA SBN 66992)
Thomas.Nolan@skadden.com
LISA GILFORD (CA SBN 171641)
Lisa.Gilford@skadden.com
KEVIN J. MINNICK (CA SBN 269620)
Kevin.Minnick@skadden.com
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

*Lead Defense Counsel for Economic Loss Cases*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | CASE NO.:  8:10ML02151 JVS (FMOx)<br><br>**ORDER TO SHOW CAUSE WHY CIVIL SANCTIONS SHOULD NOT ISSUE AGAINST BETSY BENJAMINSON**<br><br>Date: October 27, 2014:<br>Time: 3:00 p.m.<br>Courtroom:   10C |

**ORDER TO SHOW CAUSE**

Before the Court is the Toyota Defendants' *Ex Parte* Application For An Order To Show Cause Why Civil Sanctions Should Not Issue Against Betsy Benjaminson (the "Application"). Having considered the papers, the Court GRANTS the Toyota Defendants' Application.

IT IS ORDERED that Betsy Benjaminson shall show cause, unless she waives the right to do so, before the Honorable James V. Selna of the United States District Court for the Central District of California, located in Courtroom 10C of the Ronald Regan Federal Building and United States Courthouse, 411 West Fourth Street, Room 1053, Santa Ana, California on October 27, 2014 at 3:00 p.m. why Ms. Benjaminson should not be held in civil contempt for her failure to comply with the Court's First Amended Protective Order entered January 19, 2011 (ECF No. 627).

Toyota shall make service upon Benjaminson of this Order to Show Cause and all supporting papers forthwith. Benjaminson shall file and serve any response to the Order to Show Cause on or before October 2, 2014. Toyota may file and serve a reply on or before October 16, 2014.

Should Benjaminson be found in contempt, the Court will consider appropriate remedies, including monetary sanctions. Such remedies will provide Benjaminson an opportunity to cure her contempt and avoid further sanction by complying with the First Amended Protective Order in the future by (1) ceasing and desisting from any further dissemination of Toyota's Confidential and Highly Confidential and privileged material; (2) returning and destroying all documents and electronically stored information in her possession, custody, or control that relate or refer to Toyota which she obtained from Linguistic Services, Inc., or Technovate, Inc., as well as such material obtained from anyone else who has worked on a Toyota-related litigation to the extent that information contains material protected by the Court's protective orders or by any other law or agreement; (3) allowing Toyota

to have a forensic mechanism to verify that all electronic copies of protected materials on her computers or devices have been fully removed.

The Court further orders:

1. The Court will promptly appoint a member of the Criminal Justice Act panel to represent Benjaminson.  Counsel shall be bound by all protective orders of this Court with respect to any material counsel receives, and shall sign and file a written acknowledgement prior to receipt of any such material.

2. Until the Court has resolved the Order to Show Cause, Benjaminson shall preserve from alteration or destruction any and all documents, electronically stored information, data, records, or files of any kind, including metadata, that relate to the subpoena Toyota served on Benjaminson, nor shall she publish or disseminate said material. The Court adopts this measure to preserve the status quo and without prejudice to any party's position on the Order to Show Cause.

IT IS SO ORDERED.

DATED:  September 02, 2014

_____
James V. Selna
United States District Court Judge

Respectfully submitted,

DATED:  August 27, 2014       **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By:  _____/s/ Lisa Gilford_____
Lisa Gilford
*Lead Defense Counsel for Economic Loss Cases*