David L. Ayers (1670)
dayers@watkinseager.com
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street, Suite 300
Jackson, MS 39201
601- 965-1981; 601-965-1901 (fax)

Tracy H. Fowler (1106)
Alexandra Sandvik (16154)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:   (801) 257-1800
tfowler@swlaw.com
asandvik@swlaw.com

*Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Engineering and Manufacturing North America, Inc., Toyota Motor Sales, U.S.A., Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## (SOUTHERN DIVISION – SANTA ANA)

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>Dolores Petersen and Thomas Petersen v. Toyota Motor Corporation, et al. Case No. 8:18-cv-00364-JVS-E | Case No. 8:10ML 02151 JVS (FMOx)<br><br>Assigned to:  Hon. James V. Selna<br><br>**SEPARATE ANSWER OF DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC. TO PLAINTIFFS DOLORES PETERSEN AND THOMAS PETERSEN'S COMPLAINT AND JURY DEMAND** |

Toyota Motor North America, Inc. ("TMNA"), Defendant in the above-styled action, and for its Separate Answer and Affirmative Defenses to Plaintiffs' Complaint and Jury Demand ("Complaint"), denies each matter alleged against TMNA except those matters specifically admitted or qualifiedly answered below, and hereby answers Plaintiffs' Complaint as follows:

## PREFATORY STATEMENT

TMNA objects to Plaintiffs' use of the terms "Defendants" or "Toyota" to include entities other than TMNA. TMNA responds to Plaintiffs' Complaint on its behalf only and not on the behalf of any other Toyota entity to which allegations are improperly directed.

## PARTIES, JURISDICTION & VENUE

1.      TMNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      In response to paragraph 2 of the Plaintiffs' Complaint, TMNA admits that Toyota Motor Corporation ("TMC") is a Japanese corporation. TMNA denies the remaining allegations in paragraph 2 of the Complaint.

3.      TMNA admits that TMNA currently is a California corporation. TMNA admits that TMNA is a subsidiary of TMC, and that Toyota Motor Sales, U.S.A., Inc. ("TMS") and Toyota Motor Engineering and Manufacturing North America, Inc. ("TEMA") currently are subsidiaries of TMNA.  TMNA admits that TMNA is the holding company for Toyota's U.S. sales and certain North American engineering and manufacturing companies. TMNA denies all remaining allegations in paragraph 3 of the Complaint.

4.      TMNA admits, on present information and belief, that TEMA is headquartered in Erlanger, Kentucky and from its Erlanger offices, TEMA supports Toyota's manufacturing operations throughout North America, and the planning and administration functions of Toyota's North American manufacturing, research and development operations. TMNA denies all remaining allegations in paragraph 4 of the Complaint.

5.      TMNA admits, on present information and belief, that TMS currently is a California corporation with its principal place of business in Plano, Texas; and admits that TMC manufactures and/or assembles certain models of Toyota and Lexus vehicles which TMS imports and distributes in certain geographic areas of

SEPARATE ANSWER OF DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC. TO PLAINTIFFS DOLORES PETERSEN AND THOMAS PETERSEN'S COMPLAINT & JURY DEMAND

the continental United States. TMNA denies all remaining allegations in paragraph 5 of the Complaint.

6.      TMNA denies that TMS, TEMA, TMC and/or TMNA can be referred to "collectively" for any purpose in the Complaint.

7.      Paragraph 7 does not appear to contain any allegations against TMNA.  In the event that paragraph 7 contains any allegations against TMNA, they are denied.

8.      In response to paragraph 8, TMNA admits, on present information and belief, that the United States District Court for the District of Utah currently has jurisdiction over the subject matter of this action. However, TMNA reserves all defenses to and right to challenge this Court's subject matter jurisdiction if it discovers any information that would deprive or divest this Court of subject matter jurisdiction.

9.      In response to paragraph 9, TMNA admits, on present information and belief, that venue is proper in the United States District Court for the District of Utah but reserves all defenses that venue is improper and/or inconvenient in this Court.

## **GENERAL ALLEGATIONS**

10.      TMNA admits, on present information and belief, that Plaintiffs owned the 2006 Toyota 4Runner, VIN JTEZU14R568051946, ("subject vehicle") at the time of the subject incident that occurred on December 2, 2015, in West Jordan, Utah ("subject incident").

11.      TMNA admits, on present information and belief, that Plaintiff Dolores Petersen was the driver of the subject vehicle at the time of the subject incident. TMNA denies those matters which paragraph 11 inaccurately, incompletely, or out-of-context quotes, infers, characterizes, summarizes, or concludes from or about the subject incident. TMNA denies all remaining allegations in paragraph 11 of the Complaint.

SEPARATE ANSWER OF DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC. TO PLAINTIFFS DOLORES PETERSEN AND THOMAS PETERSEN'S COMPLAINT & JURY DEMAND

12.     TMNA admits, on present information and belief, that Plaintiff Thomas Petersen was seated in the front passenger seat of the subject vehicle at the time of the subject incident.

13.     TMNA admits, on present information and belief, that Plaintiffs were involved in the subject incident on December 2, 2015. TMNA denies those matters which paragraph 13 inaccurately, incompletely, or out-of-context quotes, infers, characterizes, summarizes, or concludes from or about the subject incident. TMNA denies all remaining allegations in paragraph 13 of the Complaint.

14.     TMNA denies the allegations in paragraph 14 of the Complaint.

15.     TMNA admits, on present information and belief, that Plaintiffs were involved in the subject incident on December 2, 2015. TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' alleged injuries in paragraph 15 of the Complaint. TMNA denies liability for the matters alleged in paragraph 15 of the Complaint. TMNA denies those matters which paragraph 15 inaccurately, incompletely, or out-of-context quotes, infers, characterizes, summarizes, or concludes from or about the subject incident and/or Plaintiffs' alleged injuries. TMNA denies all remaining allegations in paragraph 15 of the Complaint.

16.     TMNA denies the allegations in paragraph 16 of the Complaint.

17.     TMNA denies the allegations in paragraph 17 of the Complaint.

18.     TMNA denies the allegations in paragraph 18 of the Complaint.

19.     TMNA admits, on present information and belief, that TMC is one of the world's largest manufacturers of motor vehicles; and admits that TMC manufactures and/or assembles certain models of Toyota and Lexus vehicles. Previously, TMC also manufactured and/or assembled Scion motor vehicles. TMNA denies the remaining allegations in paragraph 19 of the Complaint.

20.     TMNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 because it fails to identify the alleged

SEPARATE ANSWER OF DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC. TO PLAINTIFFS DOLORES PETERSEN AND THOMAS PETERSEN'S COMPLAINT & JURY DEMAND

recalls, but admits that voluntary recalls have been issued for potential floor mat interference with accelerator pedals and for potential slow-to-return accelerator pedals of certain Toyota vehicles; TMNA also admits, on present information and belief, that certain Toyota entities have received customer reports alleging unintended acceleration, surging, and/or speed control incidents in certain Toyota vehicles. TMNA denies those matters which paragraph 20 inaccurately, incompletely, or out-of-context quotes, infers, characterizes, summarizes, or concludes from or about the alleged recalls and/or customer reports; and denies all remaining allegations in paragraph 20 of the Complaint.

21.    TMNA admits that certain Toyota and Lexus vehicles were recalled pursuant to NHTSA Campaign Numbers 09V338000 (90H), 09V388000 (90L), and 10V017000 (A0A). TMNA denies those matters which paragraph 21, including subparts (a) through (c), inaccurately, incompletely, or out-of-context quotes, infers, characterizes, summarizes, or concludes from or about these NHTSA Campaigns; and denies all remaining allegations in paragraph 21, including subparts (a) through (c), of the Complaint.

22.    TMNA admits that voluntary recalls have been issued for potential floor mat interference with accelerator pedals and for potential slow-to-return accelerator pedals of certain Toyota vehicles. TMNA denies those matters inaccurately, incompletely, or out-of-context quotes, infers, characterizes, summarizes, or concludes from or about these recalls; and denies all remaining allegations in paragraph 22 of the Complaint.

23.    TMNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 because paragraph 23 is vague and ambiguous and fails to provide a time frame and other necessary information to respond to the allegations. TMNA denies that "unsafe electronic defects in Toyota vehicles" cause unintended acceleration. TMNA denies all remaining allegations in paragraph 23 of the Complaint.

24.    TMNA denies the allegations in paragraph 24 of the Complaint.

25.    TMNA admits, on present information and belief, that, since the late 1990s, certain Toyota vehicles sold in the United States had a throttle control system with a mechanical linkage between the accelerator pedal and the engine throttle control, and that certain Toyota vehicles subsequently sold in the United States did not have a mechanical linkage between the accelerator pedal and the engine throttle control. TMNA denies all remaining allegations in paragraph 25 of the Complaint.

26.    TMNA denies the allegations in paragraph 26 of the Complaint.

27.    TMNA denies the allegations in paragraph 27 of the Complaint.

28.    TMNA admits that a Consumer Safety Advisory regarding potential floor mat interference with the accelerator pedals of certain Toyota vehicles was issued on September 29, 2009. TMNA denies those matters inaccurately, incompletely, or out-of-context quotes, infers, characterizes, summarizes, or concludes from or about the Consumer Safety Advisory; and denies all remaining allegations in paragraph 28 of the Complaint.

29.    TMNA admits that certain Toyota entities have received customer reports alleging unintended acceleration, surging, and/or speed control incidents in certain Toyota vehicles after September 29, 2009. TMNA lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph 29 of the Complaint relating to the quoted statement because paragraph 29 fails to identify the source of the alleged quoted statement. TMNA denies those matters inaccurately, incompletely, or out-of-context quotes, infers, characterizes, summarizes, or concludes from or about the customer reports and/or the alleged quoted statement; and denies all remaining allegations in paragraph 29 of the Complaint.

30.    TMNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 pertaining to the alleged "false and

SEPARATE ANSWER OF DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC. TO PLAINTIFFS DOLORES PETERSEN AND THOMAS PETERSEN'S COMPLAINT & JURY DEMAND

misleading reports" because paragraph 30 fails to identify the alleged "false and misleading reports." TMNA admits that TMS issued a press release entitled "Toyota Begins Interim Notification to Owners Regarding Future Voluntary Safety Recall Related to Floor Mats" on November 2, 2009, and that NHTSA issued a statement about the press release on November 4, 2009. However, TMNA denies those matters which paragraph 30 inaccurately, incompletely, or out-of-context quotes, infers, summarizes, characterizes, or concludes from or about the alleged "false and misleading reports," press release and/or NHTSA's statement; and denies all remaining allegations in paragraph 30 of the Complaint.

31.     TMNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 pertaining to Toyota's alleged announcement and "false statement" because paragraph 31 fails to identify the alleged announcement and "false statement." TMNA denies those matters which paragraph 31 inaccurately, incompletely, or out-of-context quotes, infers, summarizes, characterizes, or concludes from or about Toyota's alleged announcement and "false statement." TMNA denies the remaining matters alleged in paragraph 31 of the Complaint.

32.     TMNA admits, on present information and belief, that TMS's former in-house attorney, Dimitrios Biller, filed a lawsuit against TMC and TMS. TMNA denies those matters which paragraph 32 inaccurately, incompletely, or out-of-context quotes, infers, summarizes, characterizes, or concludes from or about Mr. Biller's lawsuit; and denies all remaining allegations in paragraph 32 of the Complaint.

33.     TMNA lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph 33 of the Complaint pertaining to the alleged "massive recall" because paragraph 33 fails to identify the recall. TMNA denies those matters which paragraph 33 inaccurately, incompletely, or out-of-context quotes, infers, summarizes, characterizes, or concludes from or

SEPARATE ANSWER OF DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC. TO PLAINTIFFS DOLORES PETERSEN AND THOMAS PETERSEN'S COMPLAINT & JURY DEMAND

about the alleged "massive recall"; and denies all remaining matters alleged in paragraph 33 of the Complaint.

34.   Paragraph 34 does not appear to contain any allegations against TMNA.  In the event that paragraph 34 contains any allegations against TMNA, they are denied.

35.   TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 pertaining to Plaintiffs' alleged injuries but denies liability for the matters alleged in paragraph 35 of the Complaint. TMNA denies all remaining allegations in paragraph 35 of the Complaint.

36.   TMNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 pertaining to Plaintiffs' alleged injuries but denies liability for the matters alleged in paragraph 36 of the Complaint. TMNA denies all remaining allegations in paragraph 36 of the Complaint.

37.   TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Strict Product Liability)**

38.   TMNA incorporates by reference all of its responses to paragraphs 1 through 37 as if fully restated in this paragraph 38 of the Complaint.

39.   TMNA admits that TMC manufactures and/or assembles certain models of Toyota and Lexus vehicles which TMS imports and distributes in certain geographic areas of the continental United States, including the subject vehicle. Previously, TMC also manufactured and/or assembled Scion motor vehicles which TMS imported and distributed in certain geographic areas of the continental United States. TMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiffs' allegation that "the vehicle reached

1    the end user without substantial modification or alteration." TMNA denies the

2    remaining allegations in paragraph 39 of the Complaint.

3        40.    TMNA denies the allegations in paragraph 40, including subparts (a)

4    through (d).

5        41.    TMNA denies the allegations in paragraph 41 of the Complaint.

6                        **SECOND CAUSE OF ACTION**
                              **(Negligence)**
7

8        42.    TMNA incorporates by reference all of its responses to paragraphs 1

9    through 41 as if fully restated in this paragraph 42 of the Complaint.

10       43.    TMNA denies any duty to Plaintiffs except those duties imposed by

11   law and denies any liability to Plaintiffs for the breach of any duty alleged or

12   implied in paragraph 43 of the Complaint. TMNA denies all remaining allegations

13   in paragraph 43 of the Complaint.

14       44.    TMNA denies the allegations in paragraph 44 of the Complaint.

15                       **THIRD CAUSE OF ACTION**
                      **(Breach of Express Warranty)**
16

17       45.    TMNA incorporates by reference all of its responses to paragraphs 1

18   through 44 as if fully restated in this paragraph 45 of the Complaint.

19       46.    TMNA denies the allegations in paragraph 46 of the Complaint.

20       47.    TMNA denies the allegations in paragraph 47 of the Complaint.

21                       **FOURTH CAUSE OF ACTION**
                      **(Breach of Implied Warranties)**
22

23       48.    TMNA incorporates by reference all of its responses to paragraphs 1

24   through 47 as if fully restated in this paragraph 48 of the Complaint.

25       49.    TMNA denies the allegations in paragraph 49 of the Complaint.

26       50.    TMNA denies the allegations in paragraph 50 of the Complaint.

27       51.    TMNA denies the allegations in paragraph 51 of the Complaint.

28       52.    TMNA denies the allegations in paragraph 52 of the Complaint.

SEPARATE ANSWER OF DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC. TO PLAINTIFFS DOLORES
PETERSEN AND THOMAS PETERSEN'S COMPLAINT & JURY DEMAND

## FIFTH CAUSE OF ACTION
### (Loss of Consortium, U.C.A. Section 30-2-11)

53.   TMNA incorporates by reference all of its responses to paragraphs 1 through 52 as if fully restated in this paragraph 53 of the Complaint.

54.   TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55.   TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 pertaining to Plaintiffs' alleged injuries but denies liability for the matters alleged in paragraph 55 of the Complaint. TMNA denies all remaining allegations in paragraph 55 of the Complaint.

56.   TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 pertaining to Plaintiffs' alleged injuries but denies liability for the matters alleged in paragraph 56 of the Complaint. TMNA denies all remaining allegations in paragraph 56 of the Complaint.

57.   TMNA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 pertaining to Plaintiffs' alleged injuries but denies liability for the matters alleged in paragraph 57 of the Complaint. TMNA denies all remaining allegations in paragraph 57 of the Complaint and denies Plaintiffs' Prayer For Relief following paragraph 57 of the Complaint.

## DEFENSES

## FIRST DEFENSE

Because of the vagueness and generality of the allegations in the Complaint, TMNA reserves the right to amend its answer and affirmative defenses if investigation, discovery and further information should warrant such amendment,

and further, to assert any applicable matters of law during the pendency of this action.

## **SECOND DEFENSE**

Plaintiffs' claims may be barred to the extent Plaintiffs were negligent or at fault, which negligence or fault proximately caused or proximately contributed to the alleged injuries and damages of which Plaintiffs' Complaint.

## **THIRD DEFENSE**

Plaintiffs' claims may be barred to the extent Plaintiffs' own negligence or fault exceeds the negligence or fault, if any, of TMNA or any of the other defendants herein.

## **FOURTH DEFENSE**

Plaintiffs' claims may be barred to the extent Plaintiffs, and/or other parties or non-parties, proximately caused or contributed to the alleged injuries and damages complained of in the Complaint by mishandling, altering, and/or misusing the subject vehicle.

## **FIFTH DEFENSE**

The accident and alleged injuries of Plaintiffs were not proximately caused or contributed to by any act or omission of TMNA. To the extent that Plaintiffs sustained any alleged injuries or damages, they were caused by the acts or omissions on the part of parties, individuals and entities other than TMNA, which negligence or fault supersedes the negligence, if any, of TMNA.

## **SIXTH DEFENSE**

The percentage or proportion of fault attributable to Plaintiffs or others, whether or not joined as parties herein, should be determined by separate special verdicts pursuant to UTAH CODE ANN. § 78B-5-819 or any other applicable similar statute, thereby barring or diminishing any recovery against TMNA.

SEPARATE ANSWER OF DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC. TO PLAINTIFFS DOLORES PETERSEN AND THOMAS PETERSEN'S COMPLAINT & JURY DEMAND

## SEVENTH DEFENSE

Plaintiffs' claims may be barred to the extent Plaintiffs have failed to state a claim for relief.

## EIGHTH DEFENSE

Plaintiffs are not entitled to recover from TMNA because Plaintiffs, their agents or intervening third parties, had virtually the same, if not the same, notice and knowledge as TMNA with respect to the alleged hazard.

## NINTH DEFENSE

If Plaintiffs have received, or are now or subsequently become entitled to recover, any compensation or benefits from any source in connection with the harm alleged in the Complaint, the amount of damages, if any, which may be recoverable from this suit shall be diminished by the amount of said recovery, compensation or benefits.

## TENTH DEFENSE

If Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised Plaintiffs' claims herein, then, accordingly, said claims are barred by payment, accord and satisfaction, arbitration and award, release, and res judicata; alternatively, if Plaintiffs have accepted compensation in partial settlement of Plaintiffs' claims, then TMNA is entitled to a setoff in said amount.

## ELEVENTH DEFENSE

TMNA's liability may be barred or limited by the provisions of UTAH CODE ANN. § 78B-6-706 or any other applicable similar statute.

## TWELFTH DEFENSE

Plaintiffs' claims may be barred as a result of alteration, modification, improper servicing, and/or improper repair of the subject vehicle.

## THIRTEENTH DEFENSE

Any warranty claims being made by Plaintiffs may be barred because of Plaintiffs' lack privity of contract with TMNA.

## FOURTEENTH DEFENSE

Any warranty claims being made by Plaintiffs may be barred for failure to provide reasonable and adequate notice of any breach of such alleged warranties.

## FIFTEENTH DEFENSE

Any warranty claims being made by Plaintiffs may be barred by UTAH CODE ANN. § 70A-2-607 or any other applicable similar statute.

## SIXTEENTH DEFENSE

Any warranty claims being made by Plaintiffs may be barred by a disclaimer of warranties.

## SEVENTEENTH DEFENSE

Any warranty claims being made by Plaintiffs may be barred because Plaintiffs did not rely on any warranties, if any existed.

## EIGHTEENTH DEFENSE

Any warranty claims being made by Plaintiffs may be barred because all warranties, if any, had expired and/or the vehicle was sold to Plaintiffs "As Is."

## NINETEENTH DEFENSE

Plaintiffs' claims may be barred because the subject 2006 Toyota 4Runner is presumed to not be defective as a result of compliance of the subject product with any applicable industry and government standards.

## TWENTIETH DEFENSE

Plaintiffs' claims may be barred because the plans or designs for the subject 2006 Toyota 4Runner, and the method and techniques of designing, manufacturing, inspecting, testing and labeling the product, conformed to the state-of-the-art at the time the product was first sold.

## TWENTY-FIRST DEFENSE

Some or all of Plaintiffs' claims may be barred by the doctrines of express or implied pre-emption as a result of compliance of the subject 2006 Toyota 4Runner with any applicable industry and government standards.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims may be barred to the extent Plaintiffs have failed to join indispensable parties necessary to this action.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims may be barred because the allegedly defective product Plaintiffs contend TMNA designed, manufactured, and placed in the stream of commerce was free from any defects or defective condition and was not unreasonably dangerous at the time it left TMNA's custody and control.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of assumption of the risk and/or unreasonable use of a product.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the allegedly defective product Plaintiffs claim was designed, manufactured and placed in the stream of commerce by TMNA was not in the same condition at the time of the events, injuries, and damages alleged in the Complaint as when it left the custody and control of TMNA.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions, if any, alleged against TMNA in the Complaint were not substantial factors in bringing about the alleged injuries and damages to Plaintiffs and therefore were not contributing causes thereof, but were superseded by the acts and omissions of others, which were the independent, intervening and proximate cause of any damages alleged by Plaintiffs.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the injuries and damages claimed by Plaintiffs, if any, were legally and proximately caused by the intentional and willful misconduct of other persons and/or entities, and this

14

intentional and willful misconduct by others was an unforeseeable intervening act for which TMNA is not responsible or liable.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims may be barred by the doctrines of laches, failure to mitigate, waiver, and/or estoppel.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims may be barred by a lack of jurisdiction over TMNA.

## THIRTIETH DEFENSE

Plaintiffs' claims may be barred by a lack of proper or convenient venue.

## THIRTY-FIRST DEFENSE

The prayer for punitive damages must not be awarded because it seeks to impose an excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States and Article 1, Section 9 of the Constitution of the State of Utah.

## THIRTY-SECOND DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the procedural and/or substantive safeguards provided to the Defendant under the Constitution of the United States and the Constitution of the State of Utah in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural and/or substantive safeguards accorded to criminal defendants.

## THIRTY-THIRD DEFENSE

Plaintiffs is not entitled to punitive damages because he failed to allege sufficient facts to show any conscious disregard for the safety of Plaintiffs or any willful, wanton or malicious act or omission on the part of Defendant.

SEPARATE ANSWER OF DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC. TO PLAINTIFFS DOLORES PETERSEN AND THOMAS PETERSEN'S COMPLAINT & JURY DEMAND

## THIRTY-FOURTH DEFENSE

The imposition of punitive damages in this action violates Defendant's statutory protection set forth in UTAH CODE ANN. § 78B-8-201 or any other applicable similar statute.

## JURY DEMAND

TMNA demands a trial by jury for all issues triable by a jury and relies on the fee previously paid to the Court by Plaintiffs.

## NOTICE OF ALLOCATION OF FAULT

Pursuant to DUCivR 9-1 or any other applicable similar statute, TMNA hereby provides notice that it intends to allocate fault to non-parties. In support of its notice of allocation, TMNA incorporates its answer and affirmative defenses, and further states as follows:

1.   The Utah Liability Reform Act, UTAH CODE ANN. §§ 78B-5-817 through 78B-5-823 provides for allocation of fault to parties and non-parties.

2.   Plaintiffs allege in their Complaint that TMNA is responsible, at least in part, for their injuries.

3.   Although TMNA does not seek any affirmative relief from others, it is entitled to a determination of the potential fault of other named parties and non-parties pursuant to UTAH CODE ANN. §§ 78B-5-817 through 78B-5-823 and DUCivR 9-1. Accordingly, TMNA hereby provides notice that it may seek to allocate fault to third-parties involved in the use, maintenance, inspection, repair, supply, and/or sale of the subject vehicle (including its component parts). These parties and non-parties should be added to the special verdict form for purposes of determining their percentage of fault for the alleged injuries and damages at issue.

4.   TMNA reserves the right to provide notice of additional persons and/or entities that caused or contributed to Plaintiffs' alleged injuries or damages, and reserves the right to add other persons or entities to the special verdict form.

WHEREFORE, having answered Plaintiffs' Complaint, TMNA prays that it be dismissed with prejudice, that Plaintiffs take nothing thereby, and that TMNA be awarded its costs and for such other relief as the Court deems.

Dated:  March 23, 2018                    Respectfully submitted,

*s/David L. Ayers*

David L. Ayers (1670)
dayers@watkinseager.com
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street, Suite 300
Jackson, MS 39201
601-965-1981; 601-965-1901 (fax)

Tracy H. Fowler (1106)
Alexandra Sandvik (16154)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:   (801) 257-1800
tfowler@swlaw.com
asandvik@swlaw.com

*Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Engineering and Manufacturing North America, Inc., Toyota Motor Sales, U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all counsel of record.

*s/David L. Ayers*

David L. Ayers