STEVE W. BERMAN (*pro hac vice*)
(WA SBN 12536)
Email:  steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594

MARC M. SELTZER
(CA SBN 054534)
Email:  mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067
Telephone:  (310) 789-3100
Facsimile:   (310) 789-3150

FRANK M. PITRE (CA SBN 100077)
Email:  fpitre@cpmlegal.com
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577

*Co-Lead Plaintiffs' Counsel for Economic Loss Cases*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ECONOMIC LOSS CASES | Case No. 8:10ML2151 JVS (FMOx)<br><br>**NOTICE OF FILING OF ADMINISTRATIVE DECLARATION AND PLAINTIFFS' MOTION TO APPROVE PAYMENT OF SUPPLEMENTAL ADMINISTRATIVE EXPENSES RELATED TO ESCHEATMENT** |

NOTICE OF FILING OF ADMINISTRATIVE DECLARATION & MOTION TO APPROVE PAYMENT OF SUPPLEMENTAL EXPENSES RE ESCHEATMENT

10172.25 545002 V1

The Economic Loss Plaintiffs hereby give notice of filing of the following document: Declaration of Lara Jarjoura Regarding Status of Distribution, June 6, 2019 (attached hereto as Exhibit A) and Plaintiffs' Motion for an Order Approving the Payment of Supplemental Administrative Expenses Relating to Escheatment.

## 1. Summary of Administrative Declaration

By way of summary, and as is explained in more detail in the Jarjoura Declaration, pursuant to the Court-approved Settlement Agreement in this matter, the Cash-in-Lieu-of-BOS Fund and the Diminished Value Fund each provided $250,000,000 in available funds to eligible Class Members for a total of $500,000,000. A tiered approach has been applied in the processing of Distribution Payments from each Fund. In March of 2014, Gilardi commenced the initial tranche of Distribution Payments to individual claimants who filed approved claims in both the Cash-in-Lieu-of-BOS Fund and the Diminished Value Fund ("Tier 1 Distribution").

In July of 2014, Gilardi commenced the second tranche of Distribution Payments to fleet owners as well as to individual claimants whose deficient claims have since been cured ("Tier 2 Distribution").

In September of 2014, Gilardi commenced the third and final tranche of Distribution Payments of the residual funds in both the Cash-in-Lieu-of-BOS Fund and the Diminished Value Fund ("Tier 3 Distribution"). This third tranche of distribution is related to the pro-rata distributions made to eligible Class Members who did not file claims but were identified as having been eligible to file claims, as contemplated in the Court's July 24, 2013 Order Granting Motion for Final Approval of Proposed Class Action Settlement, and Granting Motion for Attorneys' Fees, Reimbursement of Expenses, and Compensation to Named Plaintiffs.

After Toyota reimbursements per Amendment No. 2 to the Settlement

- 1 -

1  Agreement and administrative contingencies, and combining all three Tiers of
2  Distribution Payments together, Gilardi has distributed a total of $238,473,177 in
3  Distribution Payments from the Cash-in-Lieu-of-BOS Fund, and $235,849,342 in
4  Distribution Payments from the Diminished Value Fund.
5  　　　As of June 4, 2019, a total of $210,703,101 in Distribution Payments from the
6  Cash-in-Lieu-of-BOS Fund have been negotiated and a total of $224,901,803 in
7  Distribution Payments from the Diminished Value Fund have been negotiated.  The
8  checks that have been negotiated represent 88.36 percent of the funds that have been
9  sent to Class Members from the Cash-in-Lieu-of-BOS Fund and 95.36 percent of the
10 funds that have been sent to Class Members from the Diminished Value Fund.
11 　　　Upon the completion of all steps outlined in Amendment No. 2 to the
12 Settlement Agreement and by the statutory rules for each US state and territory,
13 Gilardi will perform all necessary compliance for the commencement of escheatment
14 of un-cashed funds to the correct authority.  During the state-specific dormancy
15 periods and before remitting the funds, Gilardi will continue to honor check reissue
16 requests from Class Members throughout the dormancy periods.
17 　　　To date, Gilardi has remitted the following funds in accordance with each
18 state's specific dormancy periods based on the most recent date of check issuance
19 (for a total of $14,072,512 remitted to 37 states, with almost $8 million additional
20 funds scheduled to be escheated to the state of California by the end of June, 2019):

| **Funds Escheated to Date** | | | | | | |
|---|---|---|---|---|---|---|
| **Date Escheated** | **State** | **DV-Count** | **DV-Amount** | **CIL-Count** | **CIL-Amount** | **Total Count** | **Total Amount** |
| 11/27/2017 | OR | 2,542 | 157,328.70 | 9,622 | 291,087.83 | 12,164 | 448,416.53 |
| 5/1/2018 | DE | 43 | 2,925.82 | 151 | 3,645.12 | 194 | 6,570.94 |
| 5/2/2018 | NY | 653 | 51,311.10 | 3,392 | 52,339.41 | 4,045 | 103,650.51 |
| 5/1/2018 | PA | 480 | 80,753.44 | 1,568 | 54,963.45 | 2,048 | 135,716.89 |
| 5/1/2018 | TN | 280 | 20,828.51 | 1,156 | 36,762.04 | 1,436 | 57,590.55 |

010172-25/1133698 V1

| Date | State | | | | | | |
|---|---|---:|---:|---:|---:|---:|---:|
| 5/1/2018 | VT | 36 | 4,822.33 | 109 | 3,564.17 | 145 | 8,386.50 |
| 6/8/2018 | CA | 1 | 125.00 | 4 | 500 | 5 | 625.00 |
| 7/2/2018 | MI | 168 | 10,731.94 | 620 | 20,854.14 | 788 | 31,586.08 |
| 7/2/2018 | TX | 1,524 | 117,156.53 | 6,614 | 219,526.99 | 8,138 | 336,683.52 |
| 10/30/2018 | AK | 472 | 23,460.79 | 2,665 | 79,187.68 | 3,137 | 102,648.47 |
| 10/30/2018 | AL | 4,256 | 147,068.70 | 17,540 | 371,852.76 | 21,796 | 518,921.46 |
| 10/30/2018 | AR | 2,822 | 41,224.17 | 11,834 | 110,912.14 | 14,656 | 152,136.31 |
| 10/30/2018 | AZ | 3,298 | 188,592.36 | 20,045 | 609,686.87 | 23,343 | 798,279.23 |
| 10/30/2018 | CO | 3,348 | 140,973.11 | 15,579 | 331,831.09 | 18,927 | 472,804.20 |
| 10/30/2018 | DC | 491 | 9,746.00 | 3,144 | 32,530.33 | 3,635 | 42,276.33 |
| 10/30/2018 | IA | 839 | 46,376.87 | 3,550 | 105,957.73 | 4,389 | 152,334.60 |
| 10/30/2018 | IL | 5,352 | 278,569.32 | 28,698 | 969,322.55 | 34,050 | 1,247,891.87 |
| 10/30/2018 | IN | 2,522 | 43,021.35 | 14,093 | 134,755.46 | 16,615 | 177,776.81 |
| 10/30/2018 | KY | 1,726 | 86,284.07 | 8,979 | 267,914.73 | 10,705 | 354,198.80 |
| 10/30/2018 | MA | 4,333 | 203,624.19 | 26,243 | 780,707.89 | 30,576 | 984,332.08 |
| 10/30/2018 | MD | 4,747 | 243,917.59 | 24,854 | 739,762.35 | 29,601 | 983,679.94 |
| 10/30/2018 | ME | 534 | 25,434.13 | 3,171 | 93,237.46 | 3,705 | 118,671.59 |
| 10/30/2018 | MN | 1,438 | 70,943.51 | 9,679 | 288,621.32 | 11,117 | 359,564.83 |
| 10/30/2018 | ND | 277 | 4,653.26 | 1,344 | 14,005.73 | 1,621 | 18,658.99 |
| 10/30/2018 | NJ | 6,218 | 435,067.82 | 29,483 | 915,100.04 | 35,701 | 1,350,167.86 |
| 10/30/2018 | NV | 2,853 | 160,036.94 | 11,047 | 329,928.37 | 13,900 | 489,965.31 |
| 10/30/2018 | OH | 4,118 | 238,311.01 | 19,098 | 570,925.95 | 23,216 | 809,236.96 |
| 10/30/2018 | OR | 38 | 4,000.14 | 123 | 10,394.16 | 161 | 14,394.30 |
| 10/30/2018 | RI | 584 | 26,341.70 | 3,160 | 94,436.88 | 3,744 | 120,778.58 |
| 10/30/2018 | SD | 243 | 13,763.88 | 921 | 27,531.26 | 1,164 | 41,295.14 |
| 10/30/2018 | UT | 2,699 | 40,677.08 | 14,403 | 136,355.74 | 17,102 | 177,032.82 |
| 10/30/2018 | WA | 3,870 | 202,937.94 | 20,667 | 614,336.02 | 24,537 | 817,273.96 |
| 1/31/2019 | GU | 26 | 884.02 | 72 | 1,643.11 | 98 | 2,527.13 |
| 3/1/2019 | DE | 460 | 15,514.01 | 2,616 | 55,338.28 | 3,076 | 70,852.29 |
| 3/10/2019 | NY | 9,775 | 442,128.35 | 56,405 | 1,108,413.22 | 66,180 | 1,550,541.57 |
| 4/10/2019 | PA | 4,875 | 285,818.62 | 22,573 | 678,316.73 | 27,448 | 964,135.35 |
| 5/1/2019 | VT | 278 | 15,125.89 | 1,232 | 35,782.99 | 1,510 | 50,908.88 |

## 2. Plaintiffs' Motion to Approve Payment of Supplemental Administrative Expenses Related to Escheatment

As is also explained in the attached Jarjoura Declaration, since the initial distribution in March of 2014, Gilardi has continued to honor reissue requests and provide quality escheatment services. The escheatment process has proven to be more complex and more involved than originally anticipated, given the high volume of uncashed Tier 3 checks and their demographic span across the US state and territories, some of which have changed their escheatment procedures and timelines

- 3 -

since the initial distribution in March of 2014, extending the duration of the escheatment process here.  The escheatment research and preparation in this settlement began in earnest in 2015 and the process will continue for several more years until at least 2025.  Given the additional work effort and length of time for the escheatment process, Gilardi has discussed with Counsel the use of remaining and residual funds, to pay supplemental administration fees and expenses relating to the reissuing processes, claimant support, due diligence mailings and ultimately, the escheatment of funds to the individual states and territories.

To date, Gilardi has incurred additional expenses in the amount of $400,000 relating to the escheatment process, and anticipates an additional cost of approximately $25,000 annually as escheatment continues. These annual expenses will cover the costs necessary to provide continued bank account maintenance, phone/email support to claimants, reissue processing, escheatment processing, and case management support and reporting services. Payments would only be made from excess residual funds and invoiced annually in June until all funds are escheated.

Gilardi and Counsel for the Parties have discussed and have planned for these supplemental administrative expenses and sufficient residual funds exists to pay these expenses through the end of the escheatment process.

Plaintiffs therefore respectfully request an Order from the Court approving the payment at this time of $400,000 in supplemental administrative expenses related to

- 4 -

the escheatment processing in this settlement.  A proposed form or Order is attached hereto as Exhibit B.

Economic Loss Plaintiffs will provide the Court with another update on the status of the distribution and escheatment process on December 10, 2019.

DATED:  June 6, 2019                HAGENS BERMAN SOBOL SHAPIRO LLP


By:  */s/ Steve W. Berman*
       Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com

Marc M. Seltzer, Bar No. 054534
SUSMAN GODREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3100
Facsimile:   (310) 789-3150
Email:  mseltzer@susmangodfrey.com

*Co-Lead Counsel for Economic Loss Plaintiffs*

Frank M. Pitre, Bar No. 100077
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Facsimile:   (650) 697-0577
Email:  fpitre@cpmlegal.com

*Lead Counsel for Non-Consumer Economic Loss Plaintiffs*

- 5 -

010172-25/1133698 V1

**PROOF OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on June 6, 2019.

          */s/ Steve W. Berman*
          Steve W. Berman

010172-25/1133698 V1