**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

**HONORABLE JAMES V. SELNA, JUDGE PRESIDING**

**CERTIFIED TRANSCRIPT**

```
                                      )
IN RE:  TOYOTA MOTOR CORPORATION      )
UNINTENDED ACCELERATION MARKETING,    )
SALES PRACTICES, and PRODUCTS         )
LIABILITY LITIGATION                  ) ML 10-2151-JVS(FMOx)
                                      ) TELEPHONIC HEARING
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

TUESDAY, OCTOBER 10, 2017

8:00 A.M.

**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(657) 229-4305**
**transcripts@ddparker.com**

*DEBORAH D. PARKER, U.S. COURT REPORTER*

APPEARANCES OF COUNSEL:

    FOR THE PLAINTIFFS:

        ELIZABETH JOAN CABRASER
        LIEFF CABRASER HEIMANN & BERNSTEIN LLP
        EMBARCADERO CENTER WEST
        275 BATTERY STREET
        29TH FLOOR
        SAN FRANCISCO, CALIFORNIA 94111
        (415) 956-1008
        ecabraser@lchb.com

        DONALD H. SLAVIK
        ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS
        2834 BLACKHAWK COURT
        STEAMBOAT SPRINGS, COLORADO 80487
        (970) 871-4849
        dslavik@rcrlaw.net

    FOR THE DEFENDANTS, TOYOTA MOTOR SALES U.S.A., INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR NORTH AMERICA, INC.:

        JOHN P. HOOPER
        REED SMITH LLP
        599 LEXINGTON AVENUE
        NEW YORK, NEW YORK 10022
        (212) 205-6125
        jhooper@reedsmith.com

        ERIC F. GLADBACH
        REED SMITH-LLP NY
        599 LEXINGTON AVENUE
        NEW YORK, NEW YORK 10022
        (212) 205-6130
        egladbach@reedsmith.com

APPEARANCES OF COUNSEL:

    FOR THE DEFENDANTS, TOYOTA MOTOR SALES U.S.A.,
    INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING
    NORTH AMERICA, INC.; TOYOTA MOTOR NORTH AMERICA,
    INC.:
               VINCENT GALVIN
               BOWMAN AND BROOKE LLP-SAN JOSE
               1741 TECHNOLOGY DRIVE
               SUITE 200
               SAN JOSE, CALIFORNIA 95110
               (408) 961-4501
               VincentGalvin@bowmanandbrooke.com

```
 1    SANTA ANA, CALIFORNIA; TUESDAYY, OCTOBER 10, 2017; 8:00 A.M.
 2              THE CLERK:  Calling 10-ML-02151-JVS, In re:
 3    Toyota Motor Corporation Unintended Acceleration Marketing,
 4    Sales Practices and Products Liability Litigation.
 5              Counsel, please, state your appearances.
 6              MS. CABRASER:  Good morning, Your Honor.
 7              Elizabeth Cabraser for plaintiffs.
 8              MR. SLAVIK:  Good morning, Your Honor.
 9              Don Slavik for the plaintiffs.
10              MR. HOOPER:  Good morning, Your Honor.
11         (Court Reporter requests clarification for the
12         record.)
13              MR. HOOPER:  Good morning, Your Honor.
14              It's John Hooper and Eric Gladbach for Toyota.
15              THE COURT:  Good morning.  This is Judge Selna.
16    We're in the courtroom and on the record with the
17    court reporter.
18              So that we get a clear record, could I ask you to
19    identify yourself each time you speak.
20              Let's review the cases that have gone through the
21    ISP, first:  *Na versus Toyota*, SACV 11-1073.
22              Is Mr. Na on the line?
23              MR. GALVIN:  He's not on the line, Your Honor.
24    Not that we know of.
25              THE COURT:  Okay.  Does someone want to give me an
```

1  update, then?
2              We've got a case --
3              MR. GALVIN:  Yes, Your Honor.
4              THE COURT:  Go ahead.
5              MR. GALVIN:  This is Vince Galvin, Your Honor.
6              We have been going through the process with him
7  that will come through a motion to compel that -- we'll set
8  it up before Your Honor.  Mr. Na doesn't seem to under --
9  he's still in pro per, and he doesn't seem, at least in my
10 view, to have an understanding of his obligations.  And he's
11 not responding to discovery or letting us inspect his
12 vehicle and so we're going to bring it to a motion.
13             THE COURT:  Okay.  Has any discovery taken place?
14             MR. GALVIN:  No, because he just simply -- he
15 keeps saying to us that -- *Well, I already gave you*
16 *everything.*
17             Well, he just doesn't understand the process.
18             THE COURT:  Okay.  Well, we'll look for your
19 motion then.
20             MR. GALVIN:  Okay.
21             THE COURT:  Then, the most recent case to go
22 through the ISP, *Ifergan,* SACV 10-1543.  We're going to need
23 a case management order there.
24             Do we have counsel for plaintiff on the line?
25             MR. GALVIN:  Prior counsel is not on the call,

```
 1  Your Honor.
 2           I'm sorry.  Is Mr. Slavik involved in the case?
 3           MR. SLAVIK:  No, I'm not aware of that one.
 4  What's the name of the plaintiff?
 5       (Court Reporter requests clarification for the
 6       record.)
 7           THE COURT:  You got to identify -- if you want a
 8  clear record, you got to identify yourself each time,
 9  please.
10           MR. SLAVIK:  I apologize.  This is Mr. Slavik.
11           No, I'm not aware of the -- that particular case,
12  Your Honor.
13           THE COURT:  Okay.  Well, I --
14           MR. HOOPER:  Your Honor, this is John Hooper.
15           We just mediated that case about two weeks ago.
16           THE COURT:  Right.
17           MR. HOOPER:  And I think counsel was setting up an
18  opportunity to meet and confer that included the
19  Special Master.  I don't think he believed nor did we direct
20  him to be on this call today; but I will do so, if we have
21  an issue with the --
22           THE COURT:  Okay.  Now, *Labar* completed the ISP
23  process, but -- that's SACV 10-1375.  And that was returned
24  to the process.
25           What's the status of *Labar*?
```

1         MR. HOOPER: I hate to be a little optimistic,
2 Your Honor, but we had a very good -- I think it was the
3 third mediation of that case, a couple months ago. There
4 were some housekeeping issues on the plaintiff's side that
5 needed to be addressed before we could close it, but I'm
6 very hopeful that we'll come back together and resolve that
7 case.
8         I think the parties are optimistic. We're trying
9 to work out some details. There doesn't seem to be any
10 significant disagreements right now, except housekeeping
11 issues that could in fact affect the resolution, of course.
12         THE COURT: Okay. Mr. Hooper, thank you for your
13 report on *Richards*, SACV 16-1059.
14         Anything further to report there?
15         MR. HOOPER: The only thing, Your Honor, is --
16 I'll just highlight that, you know, not only did we try two
17 more phone calls, two more e-mails, with no response to my
18 partner, Gladbach, who's here, if you'd like to talk with
19 him.
20         But I should also point out that we don't even
21 have a demand, so I would continue trying to make phone
22 calls. And rather than schedule an ISP, at least see if we
23 get some communication going on with the demand and see if
24 we can try to resolve it. We've been trying to schedule an
25 ISP. Frankly, my understanding, the plaintiff is unwilling

1  to travel.  It's really pretty expensive, financially, to
2  send people out to Indianapolis for one ISP when we don't
3  even have a demand.  So I would ask the Court to indulge us.
4  We'll continue to try, continue to provide the Court with
5  updates of our efforts.  And I think what we'll also do is,
6  perhaps, the Special Master will make some phone calls or
7  e-mails.  Just maybe it's an issue -- contacting her and if
8  she intends to do that, she might be more successful.
9          MS. CABRASER:  Your Honor, Elizabeth Cabraser.
10         I've had several contacts from Ms. Richards, and
11 it is a repetitive issue of -- which I believe your Court is
12 aware -- regarding Ms. Richards' distrust for the legitimacy
13 of the process.
14         I do -- I do agree that having the Special Master
15 contact her would be -- likely to be the most useful at this
16 point, because she does have a recurring concern about
17 whether defense counsel getting in contact with her are
18 legitimate representatives.  I've had a conversation with
19 her on numerous instances about the way the process works
20 and the authority of the Court and the lawyers and always
21 seem to be understood and effective, but then the issue
22 recurs.
23         So I'm thinking and hoping, knowing his tremendous
24 ability, that the settlement master, the Special Master,
25 himself, could be effective in reaching her in that respect.

| | |
|---|---|
| 1 | THE COURT:  Well, Toyota has provided her a list |
| 2 | of counsel, so there shouldn't be any doubt as to who the |
| 3 | authorized representatives are. |
| 4 | Well, let's see if the Special Master can make |
| 5 | some progress with her. |
| 6 | Are there any other cases we ought to be |
| 7 | discussing? |
| 8 | MR. HOOPER:  A case that we just mediated, |
| 9 | Your Honor, but hasn't requested to come out, the |
| 10 | *Terry Shuaib* case, that also is a pro se plaintiff.  We |
| 11 | mediated that on September 24th.  And while it has yet to |
| 12 | resolve, it seemed like we made a lot of progress.  I'm |
| 13 | hoping that we can come up with a resolution, but that's the |
| 14 | only other case that has been sort of recent activity where |
| 15 | we've had mediation that's not been successful. |
| 16 | We continue -- continuing to move that case within |
| 17 | the process and see if we can resolve it without it coming |
| 18 | out. |
| 19 | *(Court Reporter requests clarification for the* |
| 20 | *record.)* |
| 21 | MR. HOOPER:  That was John Hooper.  I apologize. |
| 22 | I'll try to remember. |
| 23 | THE COURT:  Okay.  It looks like the remaining |
| 24 | cases that are in the process are proceeding appropriately, |
| 25 | and the Court doesn't need to do anything. |

*DEBORAH D. PARKER, U.S. COURT REPORTER*

1      Is that fair?
2      MR. HOOPER: That's -- probably every meeting
3  proportionally. We don't have a single no contact case in
4  the MDL, Your Honor, which are the ones that we've had to
5  request orders to show cause. Everything seems to be
6  proceeding pretty quickly, and I think we're down to 14
7  cases. And if we were to resolve *Labar* and that Terry
8  Shuaiv, we would be down to 12 cases.
9      It's moving very well, Your Honor.
10     THE COURT: Okay.
11     MR. HOOPER: And, Your Honor, I know we all, sort
12 of, congratulate each other. In this case, it tends to
13 really be true. But I will make a note that Mr. Slavik has
14 been incredibly helpful on some of the more difficult cases
15 in helping his clients or other lawyers, which is -- the
16 mediation cases. And, frankly, I don't think they would
17 have resolved if Mr. Slavik didn't get involved.
18     THE COURT: Well, that's encouraging.
19     MR. SLAVIK: This is Slavik.
20     Thank you very much, Mr. Hooper.
21     And I'd have to say that Mr. Hooper has been very
22 easy and well to work with and very professional in handling
23 these matters with us.
24     THE COURT: Well, taking a step back, this whole
25 process wouldn't have worked without the extensive

```
 1   cooperation and professionalism on both sides.  It's just
 2   been amazing.
 3             Are there any other issues we ought to take up
 4   today?
 5             MR. HOOPER:  Not for Toyota, Your Honor.
 6             MS. CABRASER:  And, Elizabeth Cabraser,
 7   Your Honor.  Nothing for plaintiffs this morning.
 8             THE COURT:  Okay.  Then I think we ought to set
 9   another status conference.
10             Would it make sense to put that over until
11   January?
12             MR. HOOPER:  I think so, Your Honor.
13             We'll have a couple more months.  And with only 12
14   cases or 14 cases, we'll probably only get a couple, two or
15   three cases per month through the process, so I think
16   January would give us enough time to have some opportunity
17   to see how many more we can move.
18             THE COURT:  How about the week of the 15th?
19             Do you want to suggest a date?  The 15th, itself,
20   is a holiday:  Martin Luther King Day.
21             MR. HOOPER:  Why not the 16th, Your Honor, if that
22   works?
23             THE COURT:  That's fine.
24             16th, at 8:00 a.m.  We'll do it telephonic, unless
25   there's reason to do it otherwise.
```

```
 1                MS. CABRASER:  That would work with me --
 2                Oh, actually, Your Honor, I already have something
 3    set on the 16th -- for hearings, in Oakland, in federal
 4    court.
 5                Is it possible to do the 17th?
 6                THE COURT:  Mr. Hooper?
 7                MR. HOOPER:  That's fine with us, Your Honor.
 8                THE COURT:  Okay.
 9                MR. HOOPER:  John Hooper.
10                THE COURT:  Then, we'll continue this discussion
11    until January 17th, at 8:00 a.m.  We'll do it
12    telephonically.
13                Thank you very much.
14                MR. HOOPER:  Thank you, Your Honor.
15                MS. CABRASER:  Thank you, Your Honor.
16         (At 8:12 a.m., proceedings were adjourned.)
17
18                            -oOo-
19
20
21
22
23
24
25
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*

```
 1                            CERTIFICATE
 2            I hereby certify that pursuant to Section 753,
 3   Title 28, United States Code, the foregoing is a true and
 4   correct transcript of the stenographically reported
 5   proceedings held in the above-entitled matter and that the
 6   transcript page format is in conformance with the
 7   regulations of the Judicial Conference of the United States.
 8
 9   Date:  June 16, 2019
10
11
12                          _____/s/DEBORAH D. PARKER____
                            DEBORAH D. PARKER, OFFICIAL REPORTER
13
14
15
16
17
18
19
20
21
22
23
24
25
```