UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:15-cv-01088-JVS-E<br>8:10-ml-02151-JVS-FMO | Date | November 20, 2025 |
| Title | Patricia Scott v. Toyota Motor Corporation et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Alter Judgment [93] and Motion for Attorneys' Fees [90]**

Before the Court are two motions. First, Plaintiff Patricia Scott ("Scott") moves to alter the Court's grant of summary judgment on September 26, 2025 in favor of Defendant Toyota Motor Corporation ("Toyota"). (Mot. ("Alter Mot."), Dkt. No. 93.) Toyota opposed. (Opp'n, Dkt. No. 97.)

Second, Toyota moves for attorneys' fees pursuant to the Court's finding of spoliation in its September 26, 2025, Order. (Mot. ("Fees Mot."), Dkt. No. 90.

For the following reasons, the Court **DENIES** Scott's motion to alter judgment and **DENIES** Toyota's motion for attorneys' fees.

The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the November 24, 2025, hearing.

## I. Background

The parties are familiar with the background of this case. (See Order, Dkt. No. 88.) The Court recites them here only as necessary to resolve the instant motions.

On December 13, 2013, Scott filed a complaint alleging products liability against Toyota in the Northern District of Illinois. (Dkt. No. 1.) On July 9, 2015, the Judicial Panel on Multi-district Litigation ordered that the case be transferred to this Court. (Dkt.

No. 30.) The Court then entered an order establishing the intensive settlement process ("ISP") for all participants in the MDL. (Dkt. Nos. 4490, 4939, Case No. 8:10-ml-02151-JVS-FMO.) The parties had been in mediation since 2015, but in July 2024, the settlement special master informed the Court that the case could not be resolved by settlement. (Dkt. No. 53.)

On September 26, 2025, the Court granted Toyota's motion for summary judgment and motion for sanctions. (See Order, Dkt. No. 88.) The Court found that Scott committed willful spoliation of a critical piece of evidence by disposing of her vehicle outside of the settlement process. (Order at 12–14.)

Scott now moves to alter or amend the Court's September 26 Order, (Alter Mot.), and Toyota moves for attorneys' fees accrued in bringing the motion for sanctions, (Fees Mot.).

## II. ALTER JUDGMENT

### *A. Legal Standard*

Motions for altering or amending a judgment are governed by Federal Rule of Civil Procedure 59(e). A motion for reconsideration "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" America Unites for Kids v. Lyon, No. 15-2124, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015) (citation omitted). Thus, "a motion for reconsideration should not be granted absent highly unusual circumstances," such as where a district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Motions for reconsideration cannot "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakutani, 342 F.3d 934, 945 (9th Cir. 2003).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." Tawfilis v. Allergan, Inc., No. 15-307, 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.[1] The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). Additionally, "[u]nder L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

*B. Discussion*

As an initial matter, the Court rejects Scott's assertion that its finding of spoliation was a predicate for its grant of summary judgment. (Alter Mot. ¶ 19.) Not so. The Court's grant of summary judgment was entirely independent of its finding of spoliation. (Order at 9–10.) Even without the spoliation of her vehicle, Scott failed to provide evidence to create a genuine dispute of material fact. (Id.) The Court declines to reconsider its grant of summary judgment.

With regard to the Court's finding of spoliation, Scott does not identify any change of law, newly discovered evidence, or material difference of fact since the Court's decision. (Alter Mot.) Instead, Scott appears to argue that the Court failed to consider material facts with respect to the hardship imposed on Scott by having to

---

[1] See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

preserve her vehicle during the ISP process, or perhaps that a manifest injustice would result if the Court's decision stands. Specifically, Scott highlights that discovery in her case was not permitted for nine years during the ISP. (Id. ¶¶ 12–13.) During that time she experienced serious illness and financial instability. (Id. ¶¶ 14–17.) Scott argues that the Court failed to consider how the delays of the ISP process and the stay of discovery contributed to Scott's spoliation of evidence. (Id. ¶ 20.)

In its prior Order, the Court found that Scott had a duty to preserve her vehicle once litigation became reasonably foreseeable. (Order at 12.) When the parties failed to reach a settlement, "Scott should have reasonably foreseen that the case would continue to trial and discovery was inevitable." (Id. at 13.) If Scott was experiencing severe hardship by retaining her vehicle throughout the ISP process, she should have petitioned the Court or at least notified Toyota of her intent to dispose of the vehicle. Scott did neither, despite disposing of her vehicle after her litigation was well under way. (Order at 13 ("Scott provides no evidence that she gave notice to Toyota prior to disposing of her vehicle.") Scott's claim that enforcing her duty to preserve her vehicle throughout the ISP process results in a manifest injustice fails in light of her ample opportunity to raise any concerns during litigation. Thus, the Court did not err in its finding of spoliation. See Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018) (equating "manifest injustice" to "clear error").

Additionally, any delay in the ISP process was well known when the initial motion for sanctions was briefed, and a motion under 59(b) is not meant to provide parties an opportunity to bring arguments they could have brought previously. Carroll, 342 F.3d at 945.

Accordingly, the Court DENIES Scott's motion to alter or amend judgment.

## III. Attorneys' Fees

### *A. Legal Standard*

Upon a finding of spoliation, the court has discretion to employ a variety of sanctions, including "awarding reasonable expenses, attorney fees, barring evidence or arguments, permitting adverse inferences, and dismissing claims or entering default

judgment." Bryant v. Gardner, 587 F. Supp. 2d 951, 967–68 (N.D. Ill. Nov. 21, 2008) (citation omitted); Cyntegra, Inc. v. Idexx Laboratories, Inc., 2007 WL 5193736, at *2 (C.D. Cal. Sept. 21, 2007) (citing Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.3d 363, 367 (9th Cir. 1992); see In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006); see also Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC, 685 F. Supp. 2d 456, 469 (S.D.N.Y. 2010) ("The choices include—from least harsh to most harsh—further discovery, cost-shifting, fines, special jury instructions, preclusion, and the entry of default judgment or dismissal (terminating sanctions).").

*B. Discussion*

In its previous Order, the Court considered what sanction to apply in light of its spoliation finding and found that "dismissal is [] appropriate." (Order at 14.) The Court acknowledged that this was a "harsh sanction." (Id.) The Court did not award Toyota its attorneys' fees incurred in bringing the spoliation motion, which Toyota now seeks. (Fees Mot.) Toyota acknowledges that courts are "permitted" to award attorneys' fees but are not required to do so. (Id. at 3.); see Cyntegra, 2007 WL 5193736, at *2 ("The court has broad discretion to fashion, on a case-by-case basis, an appropriate sanction for spoliation."). In her motion to alter judgment, Scott identified her financial difficulties and poor health as contributing factors to why she didn't retain the subject vehicle during the 9-year ISP process. (Alter Mot. ¶¶ 15–17.) While this does not excuse her spoliation, the Court finds that the Court's already "harsh sanction" of dismissal of Scott's case is a sufficient sanction in this case.

Accordingly, the Court DENIES Toyota's motion for attorneys' fees.

## IV. CONCLUSION

For the following reasons, the Court **DENIES** Scott's motion to alter judgment and **DENIES** Toyota's motion for attorneys' fees.

**IT IS SO ORDERED.**